1  Seyfarth Shaw LLP
   Aaron R. Lubeley (SBN 199837)
2  alubeley@seyfarth.com
   Simon L. Yang (SBN 260286)
3  syang@seyfarth.com
   Meagan Sue O'Dell (SBN 280086)
4  modell@seyfarth.com
   601 South Figueroa Street, Suite 3300
5  Los Angeles, California 90017-5793
   Telephone:   (213) 270-9600
6  Facsimile:   (213) 270-9601

7  Attorneys for Defendants
   AIRPORT TERMINAL SERVICES, INC. and
8  EDGAR TRUJILLO

9

10                 UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12

13  JAYME TIPTON,                        | Case No.   2:18-cv-9503

14          Plaintiff,                   | **NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441**

15       v.

16  AIRPORT TERMINAL SERVICES, INC., EDGAR TRUJILLO, MELISSA DOE, and DOES 1 to 100, inclusive, | [Los Angeles Superior Court Case No. BC724260]

17

18          Defendants.                  | *[Filed concurrently with Notice of Interested Parties, Declarations, Notice of Compliance, Corporate Disclosure Statement, and Civil Cover Sheet]*

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

BACKGROUND AND PROCEEDINGS IN STATE COURT ........................................ 1

TIMELINESS OF REMOVAL ................................................................................. 2

DIVERSITY JURISDICTION ................................................................................. 3

I.    DIVERSE CITIZENSHIP OF THE PARTIES ............................................... 3

    A.    Plaintiff Is a Citizen of California. .................................................... 3

    B.    Defendant Airport Terminal Services, Inc. Is a Citizen of Missouri. ............. 4

    C.    The Citizenship of "Sham" Defendant Trujillo Is to Be Disregarded. .......... 5

        1.    Trujillo Is a "Sham" Defendant as Plaintiff's Harassment and IIED Claims Against Him Are Based Solely on Non-Actionable Personnel Decisions Made By People Other Than Trujillo. ............... 6

        2.    Trujillo Is a "Sham" Defendant as Plaintiff's Harassment and Emotional Distress Claims Are Precluded by the Managerial Privilege, Which Precludes Individual Liability for Managers for Tort Claims Arising from the Course and Scope of Employment. ...................................................................... 7

        3.    Trujillo Also Is a "Sham" Defendant Because Emotional Distress Claims in the Employment Context Are Preempted by the Exclusive Remedies of the California Workers' Compensation Act. .................................................................. 9

    D.    The Citizenship of Doe Defendants Is Irrelevant .................................. 11

II.   AMOUNT IN CONTROVERSY ............................................................... 11

    A.    Lost Wages ............................................................................. 12

    B.    Emotional Distress Damages ........................................................ 12

    C.    Punitive Damages ..................................................................... 13

    D.    Attorneys' Fees and Costs ........................................................... 13

    E.    Total Jury Awards .................................................................... 15

VENUE ............................................................................................................. 16

NOTICE OF REMOVAL ...................................................................................... 16

PRAYER FOR REMOVAL ................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Armstrong v. Church of Scientology Int'l,*
243 F.3d 546 (9th Cir. 2000) ........................................................................... 3

*Brady v. Mercedes-Benz USA, Inc.,*
243 F. Supp. 2d 1004 (N.D. Cal. 2002) .......................................................... 14

*Crangle v. Stanford Univ.,*
2000 WL 33800199 (N.D. Cal., Mar. 30, 2000) ............................................ 13

*Dodson v. Spillada Maritime Corp.,*
951 F.2d 40 (5th Cir. 1992) .............................................................................. 5

*Emrich v. Touche Ross & Co.,*
846 F.2d 1190 (9th Cir. 1988) ........................................................................ 11

*Fristoe v. Reynolds Metals Co.,*
615 F.2d 1209 (9th Cir. 1980) ........................................................................ 11

*Galt G/S v. JSS Scandinavia,*
142 F.3d 1150 (9th Cir. 1998) ........................................................................ 13

*Gasnik v. State Farm Ins. Co.,*
825 F. Supp. 245 (E.D. Cal. 1992) ................................................................... 5

*Hamilton Mat. Inc. v. Dow Chem. Corp.,*
494 F.3d 1203 (9th Cir. 2007) .......................................................................... 8

*The Hertz Corp. v. Friend,*
559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010) .......................... 4, 5

*Kanter v. Warner-Lambert Co.,*
265 F.3d 853 (9th Cir. 2001) ............................................................................ 3

*Kantor v. Wellesley Galleries, Ltd.,*
704 F.2d 1088 (9th Cir. 1983) .......................................................................... 3

*Kroske v. US Bank Corp.,*
432 F.3d 976 (9th Cir. 2005) .......................................................................... 14

*Landau v. County of Riverside,*
2010 WL 1648442 (C.D. Cal. 2010) .............................................................. 15

*Lew v. Moss,*
797 F.2d 747 (9th Cir. 1986) ............................................................................ 3

*Lewis v. Time, Inc.,*
83 F.R.D. 455 ..................................................................................................... 5

ii

*Malone v. Potter,*
    2010 WL 330252 (C.D. Cal. 2010) .................................................................. 15

*McCabe v. General Foods Corp.,*
    811 F.2d 1336 (9th Cir. 1987) ...................................................................... 5, 7

*Morris v. Princess Cruises, Inc.,*
    236 F.3d 1061 (9th Cir. 2001) ........................................................................ 5

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,*
    526 U.S. 344 (1999) ........................................................................................ 2

*Richmond v. Allstate Ins. Co.,*
    897 F. Supp. 447 (S.D. Cal. 1995) ............................................................... 13

*Ritchey v. Upjohn Drug Co.,*
    139 F.3d 1313 (9th Cir. 1998) ........................................................................ 5

*Simmons v. PCR Tech,*
    209 F. Supp. 2d 1029 (N.D. Cal. 2002) ........................................................ 14

*State Farm Mut. Auto Ins. Co. v. Dyer,*
    29 F.3d 514 (10th Cir. 1994) .......................................................................... 3

*TPS Utilicom Serv., Inc. v. AT & T Corp.,*
    223 F. Supp. 2d 1089 (C.D. Cal. 2002) .......................................................... 5

*Valdez v. Allstate Ins. Co.,*
    372 F.3d 1115 (9th Cir. 2004) ...................................................................... 12

*Vaughn v. CNA Casualty of California,*
    2008 WL 4056256 (C.D. Cal. 2008) ............................................................. 15

**California Cases**

*Aalgaard v. Merchants Nat'l Bank, Inc.,*
    224 Cal. App. 3d 674 (1990), cert. denied, 502 U.S. 901 (1991) .................... 7

*Becket v. Welton Becket & Assocs.,*
    39 Cal. App. 3d 815 (1974) ............................................................................ 8

*Cole v. Fair Oaks Fire Prot. Dist.,*
    43 Cal. 3d 148 (1987) ............................................................................... 9, 10

*Horn v. Bradco Int'l, Ltd.,*
    232 Cal. App. 3d 653 (1991) ........................................................................ 10

*Jenkins v. Family Health Program,*
    214 Cal. App. 3d 440 (1989) ........................................................................ 10

*Jones v. Dep't of Corrs. and Rehabilitation,*
    152 Cal. App. 4th 1367 (2007) ..................................................................... 10

*Livitsanos v. Sup. Ct.,*
    2 Cal. 4th 744 (1992) ..................................................................................... 9

NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT PURSUANT TO DIVERSITY JURISDICTION

*Marin v. Jacuzzi*,
  224 Cal. App. 2d 549 (1964) .................................................................... 8

*Miklosy v. Regents of University of California*,
  44 Cal. 4th 876 (2008) ........................................................................... 9

*Mueller v. County of Los Angeles*,
  176 Cal. App. 4th 809 (2009) ................................................................ 10

*Pichon v. Pacific Gas & Elec. Co.*,
  212 Cal. App. 3d 488, modified, reh'g denied, 212 Cal. App. 3d 1369
  (1989) ...................................................................................................... 11

*Robomatic, Inc. v. Vetco Offshore*,
  225 Cal. App. 3d 270 (1990) ................................................................. 10

*Sheppard v. Freeman*,
  67 Cal. App. 4th 339 (1998) ............................................................... 7, 8

*Shoemaker v. Myers*,
  52 Cal. 3d 1 (1990) ............................................................................ 9, 10

**Other State Cases**

*Behar et al. v. Union Bank et al.*
  Los Angeles Superior Court Case No. BC427993, VerdictSearch
  California Reporter, Vol. 12, (April 9, 2013 verdict) ............................. 14

*Carter v. CB Richard Ellis*,
  2001 WL 34109371 (Orange County Superior Court, Oct. 7, 2001) .......... 13

*Comey v. County of Los Angeles*,
  2007 WL 3022474 (Los Angeles County Superior Court, Aug. 15, 2007) ...... 13

*Conney v. University of California Regents*,
  2004 WL 1969934 (Los Angeles County Superior Court, July 27, 2004) ........ 13

*Dodd v. Haight Brown & Bonesteel LLP*,
  2010 WL 4845808 (L.A. County Superior Ct. 2010) ............................. 15

*Duffy v. City of Los Angeles*,
  Los Angeles Superior Court Case No. BC454369, 2013 Jury Verdicts
  LEXIS 9447 (August 12, 2013 verdict) ................................................ 14

*Elliott v. City of Gardena*,
  2001 WL 1255712 (Los Angeles County Superior Court, July 23, 2001) ....... 12

*Ismen v. Beverly Hosp.*,
  2008 WL 4056258 (L.A. County Sup. Ct.) ........................................... 15

*Kolas v. Alticor Inc.*,
  2008 WL 6040410 (L.A. County Superior Ct. 2008) ............................. 15

*Morales v. Los Angeles County Metro. Transp. Auth.*,
  2008 WL 4488427 (L.A. County Superior Ct. 2008) ............................. 15

*Orue v. Sears, Roebuck & Co.*,
  2007 WL 2456108 (L.A. County Superior Ct. 2007)....................................15

*Salinda v. DIRECTV Inc.*,
  Los Angeles County Superior Court, Case No. BC475999, 45 Trials
  Digest 16th 9 (August 23, 2013)....................................................................14

*Ybarra v. Dacor Holding Inc.*,
  2010 WL 2404221 (L.A. County Superior Ct. 2010)....................................15

**Federal Statutes**

28 U.S.C.
  § 84(c)(2).......................................................................................................16
  § 1332...........................................................................................................11
  § 1332(a)....................................................................................................1, 15
  § 1332(a)(1)...................................................................................................3
  § 1332(c).........................................................................................................4
  § 1332(c)(1)...................................................................................................4
  § 1441......................................................................................................1, 3, 16
  § 1441(a)......................................................................................................11
  § 1446........................................................................................................1, 3
  § 1446(a)......................................................................................................16
  § 1446(b).........................................................................................................2
  § 1446(d)......................................................................................................16

**California Statutes**

Cal. Gov't Code
  § 12965.........................................................................................................12
  § 12970.........................................................................................................12

California Family Rights Act..............................................................................1

California Government Code
  § 12965(b)......................................................................................................13

California Labor Code
  § 218.6.....................................................................................................12, 13
  § 3600(a).........................................................................................................9
  § 3600 et seq..................................................................................................6
  § 3602(a).........................................................................................................9

California Workers' Compensation Act ............................................................11

**Other Authorities**

Fed. R. Civ. P. 21 ...............................................................................................5

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Airport Terminal Services, Inc. and Edgar Trujillo hereby file this Notice of Removal pursuant to 28 U.S.C. sections 1441 and 1446, based on diversity of citizenship jurisdiction under 28 U.S.C. section 1332(a), in order to effectuate the removal of the above-captioned action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. Removal is proper for the following reasons:

**BACKGROUND AND PROCEEDINGS IN STATE COURT**

1.       On October 4, 2018, Plaintiff Jayme Tipton ("Plaintiff") filed a complaint in the Superior Court of California for the County of Los Angeles, titled *Jayme Tipton v. Airport Terminal Services, Inc.; Edgar Trujillo; Melissa Doe; and Does 1 to 100, Inclusive,* Case No. BC 724260 (the "Complaint").

2.       The Complaint asserts causes of action against Defendants for: (1) Violation of FEHA (Discrimination and Retaliation on the Basis of Disability; Failure to Accommodate; Failure to Engage in the Interactive Process; Failure to Prevent Discrimination, Harassment, and Retaliation; Violation of the California Family Rights Act ("CFRA"); and Harassment on the Basis of Disability); (2) Breach of Express Oral Contract not to Terminate Employment Without Good Cause; (3) Breach of Implied-In-Fact Contract not to Terminate Employment without Good Cause; (4) Negligent Hiring, Supervision, and Retention; (5) Wrongful Termination of Employment in Violation of Public Policy; and (6) Intentional Infliction of Emotional Distress. Plaintiff asserts only two causes of action against the individual defendants, Edgar Trujillo ("Trujillo") and Melissa Doe ("Melissa"): her First Cause of Action for Harassment and her Sixth Cause of Action for Intentional Infliction of Emotional Distress.

3.       On October 9, 2018, Airport Terminal Services, Inc.'s ("ATS") registered agent for service of process in California received, via process server, the Summons; the

Complaint; the Civil Case Cover Sheet; and ADR packet. A copy of these documents is **Exhibit A** to the concurrently filed Declaration of Aaron Lubeley ("Lubeley Dec.").

4.      On October 23, 2018, Plaintiff sent, via mail, the Summons; the Complaint; the Civil Case Cover Sheet; and ADR packet to Trujillo. On October 25, 2018, Plaintiff sent, via first class mail, the Summons; the Complaint; the Civil Case Cover Sheet; and ADR packet to Trujillo. A copy of these documents is **Exhibit B** to the concurrently filed Declaration of Aaron Lubeley.

5.      Defendants ATS and Trujillo (collectively, "Defendants") are unaware of any attempts by Plaintiff to serve Defendant Melissa Doe.

6.      Defendant ATS also received a copy of Plaintiff's December 22, 2017 Department of Fair Employment and Housing charge via mail and facsimile on January 30, 2018. A copy of this document is **Exhibit C** to the concurrently filed Declaration of Aaron Lubeley.

7.      Defendants deny that they owe anything by the Complaint, but treat the Complaint's allegations as true for purposes of this Notice of Removal.

8.      Defendants have not filed any paper in this matter before this Notice of Removal. The exhibits listed above constitute all prior pleadings, process, and orders filed with any court in this matter. (Lubeley Dec. ¶ 2.)

## TIMELINESS OF REMOVAL

9.      Plaintiff personally served Defendant ATS's registered agent for service of process on October 9, 2018. (*See* Exhibit A to Lubeley Dec.) Plaintiff served Defendant Trujillo via mail on October 23, 2018, and via first class mail on October 25, 2018. (*See* Exhibit B to Lubeley Dec.) This Notice of Removal is timely because it is being filed within 30 days of any defendant's receipt of the Summons and Complaint on October 9, 2018, and within one year of the commencement of this action. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining the time for filing a notice of removal does not run until a party has been formally served with the summons and complaint under the applicable state law).

NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT PURSUANT TO DIVERSITY JURISDICTION

**DIVERSITY JURISDICTION**

10.    This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable under 28 U.S.C. sections 1441 and 1446 as the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different states.

**I.    DIVERSE CITIZENSHIP OF THE PARTIES**

**A.    Plaintiff Is a Citizen of California.**

11.    Plaintiff is a resident and citizen of the State of California. Specifically, the Complaint alleges that "Plaintiff Tipton is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, California." (Complaint ("Compl.") ¶ 1.)

12.    For diversity purposes, a natural person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 29 F.3d 514, 520 (10th Cir. 1994).

13.    Moreover, based on information from Plaintiff's personnel file and information submitted to Defendants throughout the course of Plaintiff's employment and thereafter, Plaintiff has, without exception, listed a California address as her current address, which demonstrates "an intent to remain" in California and establishes domicile in California. (Declaration of Peggy Hohl ("Hohl Dec.") ¶ 8.) Neither Plaintiff nor Plaintiff's counsel has provided a different address or indicated that Plaintiff does not intend to remain domiciled in California. (*Id.*)

14.    Defendants' review of Plaintiff's public records reveal that Plaintiff resides in California. (*See* Lubeley Dec. ¶ 3, Ex. D.)

15.     Plaintiff, therefore, is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

**B.      Defendant Airport Terminal Services, Inc. Is a Citizen of Missouri.**

16.     ATS is now, and was at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. section 1332(c)(1). 28 U.S.C. § 1332(c)(1).

17.     Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." ATS is now, and was at all relevant times, incorporated under the laws of the State of Missouri. (Hohl Dec. ¶ 9.)

18.     With respect to ATS's principal place of business, the Supreme Court's recent decision in *The Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010), has held that a corporation's "principal place of business" for determining its citizenship is the corporation's "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." **And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center"** … .

*The Hertz Corp.*, 130 S. Ct. at 1192 (emphasis added).

19.     Here, ATS's headquarters is located at 940 Westport Plaza Drive, Suite 101, St. Louis, Missouri 63146. (Hohl Dec. ¶ 10.) ATS's corporate officers, including the Chief Executive Office, President, and Vice President of Employee Services, for example, work from this headquarters in St. Louis, Missouri. (*Id.*) These individuals comprise ATS's senior management and are responsible for the direction, control, and coordination of ATS's corporate planning and strategy. (*Id.*) **None** of ATS's senior management works out of California. (*Id.*)

20.     As ATS is incorporated in Missouri and its "actual center of direction, control, and coordination" or "nerve center" is in St. Louis, Missouri, ATS is not a citizen

4

of the State of California. Rather, ATS is a citizen of the State of Missouri. *The Hertz Corp.*, 130 S. Ct. at 1192.

21.    As a result, ATS is not now, and was not at the time of the filing of the Complaint, a citizen of the State of California.

### C.    The Citizenship of "Sham" Defendant Trujillo Is to Be Disregarded.

22.    Defendant Trujillo must be disregarded for purposes of diversity because he is a "sham" defendant, i.e., he cannot be found liable as a matter of law. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

23.    It is well-settled that a party cannot attempt to defeat diversity of citizenship jurisdiction by adding "sham" defendants. *See, e.g., Morris*, 236 F.3d at 1067; *Dodson v. Spillada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992); *TPS Utilicom Serv., Inc. v. AT & T Corp.*, 223 F. Supp. 2d 1089, 1100-1101 (C.D. Cal. 2002) (same).

24.    Joinder of a defendant is a "sham" and is fraudulent if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint. *See, e.g., Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

25.    When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Lewis v. Time, Inc.*, 83 F.R.D. at 455 ("[I]t is well settled that upon allegations of fraudulent joinder . . . federal courts may look beyond the pleadings to determine if the joinder . . . is a sham or fraudulent device to prevent removal."); *McCabe*, 811 F.2d at 1339 (a defendant "is entitled to present the facts showing the joinder to be fraudulent").

26.    If the facts reveal that joinder is fraudulent, the defendant may be dismissed from the action pursuant to Rule 21 of the Federal Rules of Civil Procedure, which provides that "[p]arties may be dropped or added by order of the court on motion of any party ... at any stage of the action and on such terms as are just." *Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245, 248-249 (E.D. Cal. 1992).

27.    Plaintiff's Complaint arises from an employment dispute with her employer, ATS. However, Plaintiff has also asserted claims against individual defendant Trujillo for "Harassment" and "Intentional Infliction of Emotional Distress" ("IIED").

28.    The individual defendant, Trujillo, is not liable for the claims alleged against him in the Complaint, as a matter of law, because (1) Plaintiff's harassment claim is solely based on non-actionable personnel decisions made by people other than the individual defendant, (2) the managerial privilege precludes individual liability for managers for tort claims arising from the course and scope of employment, such as Plaintiff's claim for intentional infliction of emotional distress; and (3) the Workers' Compensation Act, Cal. Lab. Code § 3600 et seq. (the "WCA"), provides Plaintiff's exclusive remedy for injuries arising out of and in the course of employment and preempts separate causes of action for emotional distress.

        1.    **Trujillo Is a "Sham" Defendant as Plaintiff's Harassment and IIED Claims Against Him Are Based Solely on Non-Actionable Personnel Decisions Made By People Other Than Trujillo.**

29.    Plaintiff's first cause of action for harassment and sixth cause of action for IIED against Trujillo, her former supervisor, fail as a matter of law because the only action attributed to Trujillo was receipt of a doctor's note. Trujillo is mentioned only one time in Plaintiff's fifteen page Complaint. Plaintiff alleges that she provided her doctor's note to Trujillo in April 2017. (Compl. ¶ 11(c).) The receipt of a doctor's note is hardly evidence of harassment or IIED.

30.    Instead, Plaintiff attributes the non-actionable, personnel decision to terminate her employment to ATS. Plaintiff further alleges that a different individual informed her that ATS needed to fill her position and requested that she voluntarily resign. (*Id.* at ¶ 12.)

31.    ATS needed to place someone in Plaintiff's position, and made the legitimate, personnel decision to let Plaintiff go. According to the Complaint's allegations, this decision was not made by Trujillo.

32.    As such, there is no factual basis to support a claim of harassment or IIED against Trujillo.

>    **2.    Trujillo Is a "Sham" Defendant as Plaintiff's Harassment and Emotional Distress Claims Are Precluded by the Managerial Privilege, Which Precludes Individual Liability for Managers for Tort Claims Arising from the Course and Scope of Employment.**

33.    Plaintiff's first cause of action for harassment and sixth cause of action for IIED against Trujillo, her former supervisor, fail as a matter of law because the only action attributed to Trujillo was receipt of a doctor's note, and such alleged conduct occurred within the course and scope of his employment and is thereby protected by the managerial privilege. In her fifteen page Complaint, Plaintiff references Trujillo only one time. Plaintiff alleges that she provided her doctor's note to Trujillo in April 2017. (Compl. ¶ 11(c).)

34.    Plaintiff's allegations do not indicate that Trujillo ever caused her harm. To the extent that Trujillo's receipt of a doctor's note did cause Plaintiff harm (which Defendants deny), such action was within the course and scope of Trujillo's employment.

35.    Under the doctrine of managerial privilege, individual managers cannot be held personally liable for tort claims brought by other employees arising from actions taken within the course and scope of their managerial capacity. *McCabe*, 811 F.2d at 1339 (applying California law, Court held that plaintiff's tort claims against two individual managers failed as a matter of law because "[the managers'] actions, according to the complaint, had been in their managerial capacity . . . [and] ratified by [their employer]. . . .  [I]t is clear that 'if an agent is motivated in part by a desire to benefit his principle,' his conduct is, under California law, privileged.") (citation omitted) (emphasis added); *accord Sheppard v. Freeman*, 67 Cal. App. 4th 339, 346-47 (1998) ("Personnel actions are made for the benefit of the enterprise-the employer, and it is the employer, and not the individual employees, that must bear the risks and responsibilities attendant to these actions," and "an employee or former employee cannot sue individual employees based on their conduct, including acts or words relating to personnel actions."); *Aalgaard*

*v. Merchants Nat'l Bank, Inc.*, 224 Cal. App. 3d 674, 684-86 (1990) (individual defendant employee's conduct was protected from liability by the manager's privilege), cert. denied, 502 U.S. 901 (1991); *Becket v. Welton Becket & Assocs.*, 39 Cal. App. 3d 815, 823-24 (1974) (claims against officer dismissed on managerial immunity grounds because the officer's acts occurred within course and scope of employment); *Marin v. Jacuzzi*, 224 Cal. App. 2d 549 (1964) (claims against another employee dismissed on managerial immunity grounds).

36.    Furthermore, there can be no individual liability for supervisors and managers arising from personnel actions, regardless of their personal motives. *Sheppard*, 67 Cal. App. 4th at 343 ("Disposition of this appeal turns on our resolution of . . . whether an employee or former employee can sue other co-employees individually based on their conduct relating to personnel actions, e.g., termination, demotion, discipline, transfers, compensation setting, work assignments, and/or performance appraisals. We conclude that . . . such actions are barred, whether or not the employers are determined to have been acting within their scope of employment and regardless of their personal motives."). Thus, even if Plaintiff pled that Trujillo harassed her and/or intended to cause her severe emotional distress and/or acted with reckless disregard of the probability that Plaintiff would suffer severe emotional distress by engaging in outrageous conduct, it is not actionable.

37.    Based on the authorities cited above, Plaintiff cannot pursue her causes of action against Trujillo because the allegations in the Complaint concede that he was acting solely within the scope and course of his employment as a manager/supervisor, and that his singular action of receiving a doctor's note is not actionable. Thus, Trujillo is a sham defendant with respect to all of Plaintiff's claims against him; his joinder was fraudulent and should not be rewarded. *Hamilton Mat. Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("if plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to settled rules of the state, the joinder of the resident defendant is fraudulent").

1
2
3

**3.    Trujillo Also Is a "Sham" Defendant Because Emotional Distress Claims in the Employment Context Are Preempted by the Exclusive Remedies of the California Workers' Compensation Act.**

4    38.    Given the fact that the alleged actionable conduct of ATS was Plaintiff's

5    termination, Plaintiff's cause of action for IIED fails as a matter of law for an additional

6    reason - Plaintiff seeks recovery for alleged emotional distress arising out of purported

7    conduct that occurred entirely within the course of her employment. Plaintiff specifically

8    alleges that " . . .at all relevant times, one or more of the Defendants was the agent or

9    employee, and/or acted under the control or supervision, of one or more of the remaining

10    Defendants and, in committing the acts alleged, acted within the course and scope of such

11    agency and employment . . ." and that ". . . Defendants are the alter egos of one another . .

12    ." (Compl. ¶ 4.)

13    39.    The California Workers' Compensation Act provides that it is the exclusive

14    remedy for injuries "arising out of and in the course of employment." Cal. Lab. Code

15    section 3600(a). *See also* Cal. Lab. Code § 3602(a) ("Where the conditions of

16    compensation set forth in Section 3600 concur, the right to recover such compensation is

17    . . . the sole and exclusive remedy of the employee or his or her dependents against the

18    employer."); *Miklosy v. Regents of University of California*, 44 Cal. 4th 876, 902 (2008)

19    (holding that an employee could not pursue claim for IIED because "[t]he alleged

20    wrongful conduct . . . occurred at the worksite, in the normal course of the employer-

21    employee relationship, and therefore workers' compensation is plaintiffs' exclusive

22    remedy for any injury that may have resulted"); *Livitsanos v. Sup. Ct.*, 2 Cal. 4th 744, 747

23    (1992) ("[C]laims for emotional distress are preempted by the exclusivity provisions of

24    the workers' compensation law."); *Shoemaker v. Myers*, 52 Cal. 3d 1, 7 (1990)

25    ("[D]isabling injuries, whether physical or mental, arising from termination of

26    employment are generally within the coverage of workers' compensation and subject to

27    the exclusive remedy provisions."); *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148,

28    160 (1987) ("[A]n employee suffering emotional distress causing disability may not

9

avoid the exclusive remedy provisions of the [Workers' Compensation Act]."); *Mueller v. County of Los Angeles*, 176 Cal. App. 4th 809, 823-24 (2009) (holding that *Cole* and *Shoemaker* preclude a claim of intentional infliction of emotional distress in the employment context); *Robomatic, Inc. v. Vetco Offshore*, 225 Cal. App. 3d 270, 274 (1990) ("Since dismissal from employment inheres in the employment relationship, [plaintiff] is limited to recovery under Workers' Compensation.").

40.    The motive for the alleged conduct is irrelevant, as courts have held that recovery for emotional distress claims arising from personnel actions is limited to workers' compensation, even when intentional harassing conduct is alleged. *See, e.g., Shoemaker*, 52 Cal. 3d at 15-16 ("The kinds of conduct at issue (e.g., discipline or criticism) are a normal part of the employment relationship. Even if such conduct may be characterized as intentional, unfair or outrageous, it is nevertheless covered by the workers' compensation exclusivity provisions."); *Cole*, 43 Cal. 3d at 160 ("[A]n employee suffering emotional distress causing disability may not avoid the exclusive remedy provisions of the [Workers' Compensation Act] by characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance resulting in disability."); *Jones v. Dep't of Corrs. and Rehabilitation*, 152 Cal. App. 4th 1367 (2007) (holding that a claim of infliction of emotional distress based on alleged discrimination and harassment was void because "[e]ven if the discriminatory conduct [the plaintiff] complained about may be characterized as intentional, unfair or outrageous, it is nevertheless covered by the workers' compensation exclusivity provisions") (internal quotations and citations omitted); *Horn v. Bradco Int'l, Ltd.*, 232 Cal. App. 3d 653, 665 (1991) ("injuries sustained and arising out of the course of employment are governed by the exclusive remedy provisions of workers' compensation, . . . even though the employer's conduct might be characterized as egregious and ulteriorly motivated."); *Jenkins v. Family Health Program*, 214 Cal. App. 3d 440, 450 (1989) ("[T]ermination is no less a normal risk of employment because it is alleged to be wrongful . . . .  When an employee claims injuries as a result of termination of his or her

employment, those injuries also necessarily occur in the course of employment.") (internal quotations and citations omitted); *Pichon v. Pacific Gas & Elec. Co.*, 212 Cal. App. 3d 488, 496, modified, reh'g denied, 212 Cal. App. 3d 1369 (1989) (emotional distress injuries caused by termination of employment are compensable under the Workers' Compensation Act, and thus claims for intentional infliction of emotional distress are preempted).

41.      Based on the authorities cited above, Plaintiff's cause of action for IIED is preempted by the California Workers' Compensation Act because it is based entirely on conduct that occurred within the scope of the employment relationship. Given that Plaintiff's claims for harassment and emotional distress are not viable, there can be no viable claim against Trujillo - evidence he is a fraudulently joined sham defendant.

### D.      The Citizenship of Doe Defendants Is Irrelevant.

42.      Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1191 n.1 (9th Cir. 1988) (doe defendants need not join in removal). Thus, Defendants Melissa Doe and Does 1 through 100 do not deprive this Court of jurisdiction.

## II.      AMOUNT IN CONTROVERSY

43.      Although the amount in controversy does not appear on the face of the Complaint, the amount-in-controversy requirement is satisfied because the Complaint puts into controversy an amount of potential liability for Defendants that easily exceeds $75,000. As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

44.     Based on the nature of the allegations and the damages sought, Plaintiff has placed in controversy an amount exceeding $75,000, exclusive of costs and interest. Specifically, Plaintiff seeks to recover past and future lost wages, emotional distress damages, punitive damages and unpaid wages and penalties. (Compl. ¶¶ 13-15, 16, 28-31, 35, 39-40, 43, 46-48, 52-54; *see also* pp. 15:4-10.) Plaintiff also seeks attorneys' fees in connection with her claims under FEHA and Labor Code section 218.6. (*Id.* at ¶ 16, 30, 40, 47; pp. 15:7.)

### A.    Lost Wages

45.     As for Plaintiff's lost wages, during her entire period of employment, her regular hourly rate of pay was $16.73, and her overtime rate of pay was $25.095. (Hohl Dec. ¶ 5.) Plaintiff worked part-time, averaging 31.55 regular hours and 1.25 overtime hours per week. Plaintiff's alleged lost wages from the date she alleges she was terminated, May 8, 2017, through the date of judgment (assuming judgment is entered one year from the date of the filing of this lawsuit), based on her hourly rate of pay totals approximately $70,460. *See* Cal. Gov't Code §§ 12965, 12970 (lost wages are calculated through the date of judgment). (Hohl Dec. ¶¶ 6-7.)

46.     Thus, based on Plaintiff's alleged lost wages alone, Plaintiff's potential recovery is $70,460. Adding Plaintiff's alleged emotional distress, punitive damages, and attorney's fees, there is no question that this amount exceeds the $75,000 jurisdictional threshold for diversity jurisdiction.

### B.    Emotional Distress Damages

47.     In addition to lost wages, Plaintiff claims emotional distress damages. (Compl. ¶¶ 14, 29, 46, 52-53.) While the details of Plaintiff's alleged emotional distress damages are not pled in the Complaint, in cases alleging discrimination, the emotional distress damages award alone often exceeds the $75,000 amount-in-controversy requirement. *See, e.g.*, *Elliott v. City of Gardena*, 2001 WL 1255712 (Los Angeles County Superior Court, July 23, 2001) (awarding the plaintiff in a discrimination case $1,650,000 where the plaintiff's only claimed injury was emotional distress damages);

*Comey v. County of Los Angeles*, 2007 WL 3022474 (Los Angeles County Superior Court, Aug. 15, 2007) (awarding a plaintiff in a discrimination case $768,286, of which $100,000 was for non-economic damages). *See also, Conney v. University of California Regents*, 2004 WL 1969934 (Los Angeles County Superior Court, July 27, 2004) ($300,000 in past non-economic damages and $600,000 in future non-economic damages awarded to plaintiff claiming discrimination and retaliation). These awards demonstrate that, for diversity purposes, the value of Plaintiff's claimed emotional distress damages exceeds the $75,000 amount in controversy requirement on its own.

### C.    Punitive Damages

48.    Plaintiff also seeks to recover punitive damages in a sum to be determined at trial. (Compl. ¶¶ 15, 31,48, 54.) For amount in controversy purposes, the Court must conclude that Plaintiff will prevail on her claim for punitive damages. *See Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy includes potential recovery of punitive damages award). An examination of jury awards shows that punitive damages awards alone in discrimination cases often exceed the $75,000 amount in controversy requirement. *See Carter v. CB Richard Ellis*, 2001 WL 34109371 (Orange County Superior Court, Oct. 7, 2001) ($600,000 award of punitive damages in discrimination case); *Crangle v. Stanford Univ.*, 2000 WL 33800199 (N.D. Cal., Mar. 30, 2000) (punitive damages award of $200,000 where sole remaining claim was for retaliation based on making complaint of discrimination).

### D.    Attorneys' Fees and Costs

49.    The Complaint also seeks attorneys' fees under California Government Code section 12965(b) and California Labor Code section 218.6. (Compl. ¶¶ 16, 30, 40, 47.)

50.    In determining whether a complaint meets the $75,000 threshold, a court may consider attorneys' fees. *See*, *e.g.*, *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). Where the underlying statutes entitle a prevailing plaintiff to an award of reasonable attorneys'

fees, such fees must be included in the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy."); *Simmons v. PCR Tech*, 209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002) ("While attorneys' fees alone would not necessarily exceed $75,000, when viewed in combination with alleged compensatory, punitive, and emotional distress damages, the jurisdictional minimum is clearly satisfied.").

51. The reasonable amount of attorneys' fees in a case may be based upon fee awards in similar cases, plaintiff's counsel's hourly rate, and the number of hours counsel expects to spend on this case. *See Brady*, 243 F. Supp. 2d at 1011.

52. In addition, to establish the amount in controversy, a defendant may also rely on jury verdicts in cases involving similar facts. S*immons v. PCR Tech*., 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002); *Kroske v. US Bank Corp*., 432 F.3d 976, 980 (9th Cir. 2005). California jury verdicts in similar cases often exceed $75,000. *See, e.g., Salinda v. DIRECTV Inc*., Los Angeles County Superior Court, Case No. BC475999, 45 Trials Digest 16th 9 (August 23, 2013) (jury attributed $214,171 of damages to plaintiff's disability discrimination claim, $750,000 of damages to plaintiff's failure to prevent discrimination and/or retaliation claim, and $214,170 of damages to plaintiff's interactive process claim); *Duffy v. City of Los Angeles*, Los Angeles Superior Court Case No. BC454369, 2013 Jury Verdicts LEXIS 9447 (August 12, 2013 verdict) (verdict for $500,000 future economic loss, $74,000 past economic loss and $2,375,000 in emotional distress damages in age and race harassment and discrimination case with plaintiff represented by Carney Shegerian, counsel for Plaintiff in the instant case); *Behar et al. v. Union Bank et al.* Los Angeles Superior Court Case No. BC427993, VerdictSearch California Reporter, Vol. 12, (April 9, 2013 verdict) (verdict for between $186,000 and $800,000 for each plaintiff in economic damages and over $700,000 in non-economic

damages for each plaintiff in two-plaintiff age/national origin discrimination and harassment case with Plaintiffs represented by Carney Shegerian).

53.    Here, Plaintiff already propounded extensive written discovery. Defendant ATS also anticipates propounding written discovery, and taking depositions of Plaintiff and relevant witnesses. ATS anticipates filing a motion to dismiss and a motion for summary judgment. As a result, even with a conservative estimate of reasonable attorneys' fees, the total amount in controversy for purposes of removal under 28 U.S.C. § 1332(a) easily exceeds the jurisdiction prerequisite of $75,000.

## E.    Total Jury Awards

54.    Moreover, in the unlikely event that Plaintiff should prevail at trial, numerous recent jury awards to plaintiffs in disability discrimination cases have exceeded $75,000. *See Landau v. County of Riverside*, 2010 WL 1648442 (C.D. Cal. 2010) (award of $1,033,500 to employee who brought action against employer based on disability discrimination and failure to accommodate); *Dodd v. Haight Brown & Bonesteel LLP*, 2010 WL 4845808 (L.A. County Superior Ct. 2010) (award of $410,520 to employee wrongfully terminated based on disability and medical condition); *Ybarra v. Dacor Holding Inc.*, 2010 WL 2404221 (L.A. County Superior Ct. 2010) (award of $615,236 to employee in disability discrimination and wrongful termination action); *Malone v. Potter*, 2010 WL 330252 (C.D. Cal. 2010) (award of $300,000 to employee in disability discrimination and retaliation action); *Morales v. Los Angeles County Metro. Transp. Auth.*, 2008 WL 4488427 (L.A. County Superior Ct. 2008) (award of $2,247,137 to employee terminated due to disability); *Ismen v. Beverly Hosp.*, 2008 WL 4056258 (L.A. County Sup. Ct.) (award of $1,180,164 in disability discrimination and failure to accommodate action); *Kolas v. Alticor Inc.*, 2008 WL 6040410 (L.A. County Superior Ct. 2008) (award of $600,000 to employee claiming disability discrimination); *Vaughn v. CNA Casualty of California*, 2008 WL 4056256 (C.D. Cal. 2008) (award of $850,000 to employee in disability discrimination action); *Orue v. Sears, Roebuck & Co.*, 2007 WL

2456108 (L.A. County Superior Ct. 2007) (award of $173,056 to employee who brought action based on disability discrimination).

55.    Thus, it is more likely than not that Plaintiff's alleged damages consisting of lost wages, emotional distress, and punitive damages, as well as her claim for penalties and attorneys' fees meet the $75,000 jurisdictional threshold.

**VENUE**

56.    Venue lies in the Central District of California, Western Division, pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(c)(2). This action originally was brought in the Superior Court of the State of California for the County of Los Angeles, which is located within the Central District of California, Western Division.

**NOTICE OF REMOVAL**

57.    Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles. This Notice of Removal also will be served on counsel for Plaintiff, and a copy of the Proof of Service will be filed shortly after these papers are filed and served.

**PRAYER FOR REMOVAL**

58.    WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

DATED: November 8, 2018              Respectfully submitted,

SEYFARTH SHAW LLP

By:  _/s/  Aaron R. Lubeley_

Aaron R. Lubeley
Simon L. Yang
Meagan Sue O'Dell
Attorneys for Defendants
AIRPORT TERMINAL SERVICES, INC.
and EDGAR TRUJILLO

NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT PURSUANT TO DIVERSITY JURISDICTION