# EXHIBIT "A"

 CT Corporation

**Service of Process Transmittal**
10/09/2018
CT Log Number 534196089

TO: Christina M Green, VP, Chief Financial Officer & Treasurer
Airport Terminal Services, Inc.
111 W Port Plz Ste 400
Saint Louis, MO 63146-3014

RE: **Process Served in California**

FOR: Airport Terminal Services, Inc.  (Domestic State: MO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JAYME TIPTON, Pltf. vs. Airport Terminal Services, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint(s), Cover Sheet, Instruction(s), Attachment(s), Notice(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Hill Street, CA<br>Case # BC724260 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 05/08/2017 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/09/2018 at 13:38 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Carney R. Shegerian<br>SHEGERITAN & ASSOCIATES, INC.<br>225 Santa Monica Boulcvard, Suite 700<br>Santa Monica, CA 90401<br>310-860-0770 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780113374790<br><br>Email Notification,  Peggy Hohl  peggyhohl@atsstl.com<br><br>Email Notification,  Christina M Green  cgreen@atsstl.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / SC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*(handwritten)* 10/9/18 12:20

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Airport Terminal Services, Inc., Edgar Trujillo, Melissa Doe, and DOES 1 to 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jayme Tipton

<table>
<tr><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</td></tr>
<tr><td>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>OCT - 4 2018<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By Nancy Alvarez, Deputy</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Stanley Mosk Courthouse, Central District<br>111 North Hill Street<br>Los Angeles, California 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>BC 7 2 4 2 6 0 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Carney R. Shegerian, Esq. (SBN 150461)                    (310)860-0770
Shegerian & Associates, Inc.
225 Santa Monica, Suite 700, Santa Monica, CA 90401

| DATE:<br>*(Fecha)* October 4, 2018   OCT 0 4 2018 | Clerk, by<br>SHERRI R. CARTER *(Secretario)*   NANCY ALVAREZ | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* AIRPORT TERMINAL SERVICES, INC.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com

Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Anthony Nguyen, Esq., State Bar No. 259154
ANguyen@Shegerianlaw.com
Aaron Gbewonyo, Esq, State Bar No. 315889
AGbewonyo@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
225 Santa Monica Boulevard, Suite 700
Santa Monica, California 90401
Telephone Number: (310) 860-0770
Facsimile Number: (310) 860-0771

Attorneys for Plaintiff,
JAYME TIPTON

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT - 4 2018

Sherri R. Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

JAYME TIPTON,

    Plaintiff,

vs.

AIRPORT TERMINAL SERVICES,
INC., EDGAR TRUJILLO,
MELISSA DOE, and DOES 1 to 100,
inclusive,

    Defendants.

Case No.: BC 7 2 4 2 6 0

PLAINTIFF JAYME TIPTON'S
COMPLAINT FOR DAMAGES FOR:

(1) VIOLATION OF FEHA;

(2) BREACH OF EXPRESS ORAL
CONTRACT NOT TO TERMINATE
EMPLOYMENT WITHOUT GOOD
CAUSE;

(3) BREACH OF IMPLIED-IN-FACT
CONTRACT NOT TO TERMINATE
EMPLOYMENT WITHOUT GOOD
CAUSE;

(4) NEGLIGENT HIRING,
SUPERVISION, AND RETENTION;

(5) WRONGFUL TERMINATION OF
EMPLOYMENT IN VIOLATION
OF PUBLIC POLICY;

(6) INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS;

DEMAND FOR JURY TRIAL

Plaintiff, Jayme Tipton, alleges, on the basis of personal knowledge and/or information and belief:

## SUMMARY

This is an action by plaintiff, Jayme Tipton ("Plaintiff" or "Tipton"), whose employment with defendant Airport Terminal Services, Inc. was wrongfully terminated. Plaintiff brings this action against defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b) and Code of Civil Procedure section 1021.5.

## PARTIES

1. *Plaintiff:* Plaintiff Tipton is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, California.

2. *Defendants:* Defendant Airport Terminal Services ("Airport Services" or "Entity Defendant") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles. Entity Defendant's place of business, where the following causes of action took place, was and is in the County of Los Angeles, at 1 World Way, Los Angeles, California 90045. Defendant Edgar Trujillo ("Defendant" or "Trujillo") is, and at all times mentioned in this Complaint was, a supervisor with Entity Defendant. Defendant Trujillo is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California. Defendant Melissa Doe ("Defendant" or "Melissa") is, and at all times mentioned in this Complaint was, a supervisor with Entity Defendant. Defendant Melissa is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California.

3. *Doe defendants:* Defendants Does 1 to 100, inclusive, are sued under fictitious

names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and be-
lieves, and on that basis alleges, that each of the defendants sued under fictitious names is
in some manner responsible for the wrongs and damages alleged below, in so acting was
functioning as the agent, servant, partner, and employee of the co-defendants, and in tak-
ing the actions mentioned below was acting within the course and scope of his or her auth-
ority as such agent, servant, partner, and employee, with the permission and consent of the
co-defendants. The named defendants and Doe defendants are sometimes hereafter re-
ferred to, collectively and/or individually, as "Defendants."

4. *Relationship of defendants:* All Defendants compelled, coerced, aided, and/or
abetted the discrimination, retaliation, and harassment alleged in this Complaint, which
conduct is prohibited under California Government Code section 12940(i). All Defen-
dants were responsible for the events and damages alleged herein, including on the fol-
lowing bases: (a) Defendants committed the acts alleged; (b) at all relevant times, one or
more of the Defendants was the agent or employee, and/or acted under the control or
supervision, of one or more of the remaining Defendants and, in committing the acts
alleged, acted within the course and scope of such agency and employment and/or is or
are otherwise liable for Plaintiff's damages; (c) at all relevant times, there existed a unity
of ownership and interest between or among two or more of the Defendants such that
any individuality and separateness between or among those Defendants has ceased, and
Defendants are the alter egos of one another. Defendants exercised domination and
control over one another to such an extent that any individuality or separateness of
defendants does not, and at all times herein mentioned did not, exist. Adherence to the
fiction of the separate existence of Defendants would permit abuse of the corporate
privilege and would sanction fraud and promote injustice. All actions of all Defendants
were taken by employees, supervisors, executives, officers, and directors during
employment with all Defendants, were taken on behalf of all Defendants, and were
engaged in, authorized, ratified, and approved of by all other Defendants.

5. Entity Defendant, Airport Terminal Services both directly and indirectly

-3-

employed Plaintiff Tipton, as defined in the Fair Employment and Housing Act
("FEHA") at Government Code section 12926(d).

6.  In addition, Entity Defendant, Airport Terminal Services compelled, coerced,
aided, and abetted the discrimination, which is prohibited under California Government
Code section 12940(i).

7.  Finally, at all relevant times mentioned herein, all Defendants acted as agents of
all other Defendants in committing the acts alleged herein.

## FACTS COMMON TO ALL CAUSES OF ACTION

8.  *Plaintiff's hiring:*  Plaintiff, a 31-year-old mother of two, worked at Airport
Terminal Services for approximately seven months as a Groomer, beginning in October
2016.

9.  *Plaintiff's job performance:*  At all times, Plaintiff performed her job duties in
an exemplary manner.

10.  *Plaintiff's protected status and activity:*

a.  Plaintiff took a protected CFRA/FMLA leave and was terminated while on
leave.

b.  Plaintiff suffered from a disabling medical condition during her
employment.

11.  *Defendants' adverse employment actions and behavior:*

a.  In March 2017, Plaintiff suffered an injury while engaged in housekeeping
duties on a plane.

b.  Over the next several days Plaintiff's pain continued to worsen. On or
around April 6, 2017, Plaintiff informed her supervisor, Damian Neri ("Neri") of her
injury and her intent to seek medical treatment.

c.  On or around April 11, 2017, Plaintiff went to see a doctor, and was
diagnosed with a tear in her rotator cuff and placed on a medical leave until April 19,
2017. Plaintiff immediately provided her doctor's note to her supervisor, Edgar Trujillo

-4-
PLAINTIFF'S COMPLAINT FOR DAMAGES

and verbally informed Neri the same day.

    d.  On or around April 18, 2017, Plaintiff's doctor extended her leave until May 1, 2017, and Plaintiff immediately informed her employer.

    e.  On or around May 1, 2017, Plaintiff visited her doctor for a follow-up appointment. Again, Plaintiff's doctor extended her leave, placing her off until May 15, 2017. That same day, Plaintiff provided Airport Terminal Services Crew Chief, Ora Doe ("Ora") with her doctor's note. Plaintiff asked Ora whether further documentation was required, and Ora confirmed that the documents provided by Plaintiff were sufficient.

12.  *Defendants' termination of plaintiff's employment:*  On or around May 8, 2017, Plaintiff received a call from Shonta Henderson ("Henderson"), a Human Resources representative at Airport Terminal Services. Henderson informed Plaintiff that Airport Terminal Services needed to fill her position, and requested that she voluntarily resign from her position. Plaintiff informed Henderson that she would not resign, as she fully anticipated returning to work soon, once her shoulder healed. In response, Henderson informed Plaintiff that if she refused to resign, then Airport Terminal Services would proceed to terminate her employment. Several days later, Plaintiff received a letter in the mail with her final paycheck, confirming her termination.

13.  *Economic damages:*  As a consequence of Entity Defendant's conduct, Plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to her career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

14.  *Non-economic damages:*  As a consequence of all Defendants' conduct, Plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

15.  *Punitive damages:*  Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles Plaintiff to an award of exemplary and/or punitive damages.

-5-
PLAINTIFF'S COMPLAINT FOR DAMAGES

a. *Malice:* All Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) all Defendants acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of her age, disability, medical leave, race, national origin, ancestry, pregnancy, gender, sexual orientation, and/or good faith complaints, and/or (b) all Defendants' conduct was despicable and committed in willful and conscious disregard of Plaintiff's rights, health, and safety, including Plaintiff's right to be free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

b. *Oppression:* In addition, and/or alternatively, all Defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that all Defendants' actions against Plaintiff because of her age, disability, medical leave, race, national origin, ancestry, pregnancy, gender, sexual orientation, and/or good faith complaints were "despicable" and subjected Plaintiff to cruel and unjust hardship, in knowing disregard of Plaintiff's rights to a work place free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

c. *Fraud:* In addition, and/or alternatively, Entity Defendant's conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that Entity Defendant's asserted false (pretextual) grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby to cause Plaintiff hardship and deprive her of legal rights.

16. *Attorneys' fees:* Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

17. *Exhaustion of administrative remedies:* Prior to filing this action, Plaintiff exhausted her administrative remedies by filing a timely administrative complaint with the

Department of Fair Employment and Housing ("DFEH") and receiving a DFEH right-to-sue letter.

FIRST CAUSE OF ACTION

(Violation of FEHA (Government Code §§ 12900, *et seq.*;

12945.2) (Discrimination and Retaliation on the Basis of

Disability; Failure to Accommodate a Disability; Failure to

Engage in the Interactive Process; Failure to Prevent

Discrimination, Harassment, and Retaliation; Violation of

the California Family Rights Act—Against Entity

Defendant and Does 1 to 100, Inclusive), (Harassment on

the Bases of Disability)—Against All Defendants and Does 1

to 100, Inclusive)

18.   The allegations set forth in paragraphs 1 through 17 are re-alleged and incorporated herein by reference.

19.   At all times herein mentioned, FEHA, Government Code section 12940, *et seq.*, was in full force and effect and was binding on Entity Defendant.  This statute requires Entity Defendant to refrain from discriminating against any employee because the employee has an actual, perceived, and/or history of disability, because the employee takes protected leave under the California Family Rights Act ("CFRA") or Family Medical Leave Act ("FMLA"), and/or because of any other protected status as provided under FEHA. Prior to filing the instant Complaint, Plaintiff filed a timely administrative charge with the DFEH and received a right-to-sue letter.

20.   Government Code sections 12940(a), (i), (m), and (n) require Entity Defendant to provide reasonable accommodations to known disabled employees and to engage in a timely, good faith interactive process to accommodate known disabled employees.

21.   Government Code section 12940(k) states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to

-7-

1   prevent discrimination and harassment from occurring."

2       22.   Plaintiff's actual, perceived, and/or history of disability and/or requested

3   protected leave under the CFRA and/or FMLA and/or other protected status, protected

4   by FEHA were motivating factors in Entity Defendant's decision to terminate Plaintiff's

5   employment; not to retain, hire, or otherwise employ Plaintiff in any position; to harass

6   Plaintiff; to retaliate against Plaintiff: to refuse to accommodate Plaintiff; to refuse to

7   engage in the interactive process; and/or to take other adverse job actions against

8   Plaintiff, including fail to prevent discrimination, harassment, and retaliation.

9       23.   During the course of Plaintiff's employment, Entity Defendant failed to prevent

10  their employees from engaging in intentional actions that resulted in Plaintiff being

11  treated less favorably because of her protected status (*i.e.,* disability; or other protected

12  status).  During the course of Plaintiff's employment, Entity Defendant failed to prevent

13  their employees from engaging in unjustified employment practices against employees in

14  such protected classes.  During the course of Plaintiff's employment, Entity Defendant

15  failed to prevent a pattern and practice by their employees of intentional discrimination

16  and harassment on the bases of disability, and/or other protected statuses or protected

17  activities.

18      24.   Entity Defendant, through their managers and supervisors, made a number of

19  comments to and about Plaintiff that exhibited discriminatory motivations, intentions,

20  and consciousness on the bases of disability.  Plaintiff believes, and on that basis alleges,

21  that Entity Defendant's real motivation was to discharge her because of her disability,

22  and/or other protected statuses or protected activities.

23      25.   Entity Defendant wholly failed to attempt any reasonable accommodation of

24  Plaintiff's known disability and/or to engage in a timely, good faith interactive process

25  with Plaintiff to accommodate her known disabilities.   Instead, Entity Defendant

26  terminated Plaintiff's employment in whole or in part because of her disability, and/or

27  other protected statuses.

28      26.   Entity Defendant's conduct, as alleged, violated FEHA, and all Defendants

-8-

committed unlawful employment practices, including by the following, separate bases for liability:

a. Taking adverse employment actions against Plaintiff, such as discharging; barring; refusing to transfer, retain, hire, select, and/or employ; and/or, otherwise discriminating against Plaintiff—in whole or in part—on the bases of Plaintiff's disability, taking a protected leave, and/or other protected statuses or protected activities, in violation of Government Code section 12940(a);

b. Harassing Plaintiff and/or creating a hostile work environment, in whole or in part on the bases of Plaintiff's actual, perceived, and/or history of disability; and/or, other protected statuses and/or protected activities, in violation of Government Code section 12940(j);

c. Failing to accommodate Plaintiff's actual, perceived, and/or history of disability; and/or, other protected statuses, in violation of Government Code section 12940(m);

d. Failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n);

e. Failing to provide Plaintiff with requisite statutory leave, violating notice and/or other procedural requisites of leave, and/or retaliating against Plaintiff for taking leave, in violation of Government Code section 12945.2.

f. Retaliating against Plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing Entity Defendant's failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, and/or the right to be free of discrimination and harassment, in violation of Government Code section 12940(h);

g. Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on actual, perceived, and/or history of disability; taking a protected leave; and/or, other protected statuses and/or protected activities, in violation of Government Code section 12940(k);

-9-

27.  On the basis of the above, Plaintiff believes and alleges that her actual, perceived, and/or history of disability; and/or, other protected statuses and/or protected activities were substantial motivating factors in Entity Defendant's termination of her employment.

28.  As a proximate result of Defendant's willful, knowing, and intentional discrimination against, harassment of, and retaliation against Plaintiff, their failure to accommodate Plaintiff's known disability and to engage in a timely, good faith interactive process, and their failure to prevent discrimination, harassment, and retaliation, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

29.  As a proximate result of Entity Defendants' willful, knowing, and intentional discrimination against, harassment of, and retaliation against Plaintiff, their failure to accommodate Plaintiff's known disability and to engage in a timely, good faith interactive process, and their failure to prevent discrimination, harassment, and retaliation, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

30.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

31.  Entity Defendant's misconduct was committed intentionally, in a malicious, despicable, fraudulent, and oppressive manner, entitling Plaintiff to punitive damages against Entity Defendant.

///
///
///
///
///
///

-10-

## SECOND CAUSE OF ACTION

### (Breach of Express Oral Contract Not to Terminate Employment Without Good Cause)—Against Entity Defendant Only, and Does 1 to 100, Inclusive)

32.  The allegations set forth in paragraphs 1 through 31 are re-alleged and incorporated herein by reference.

33.  Entity Defendant, through their agents, entered an oral agreement not to terminate Plaintiff's employment except for good cause. Plaintiff and Entity Defendant, through their supervisors, made mutual promises of consideration pursuant to this oral agreement. Plaintiff performed all duties required of her under the agreement by performing her job in an exemplary manner.

34.  Entity Defendant and their managers and supervisors terminated Plaintiff's employment without good cause, violating the express oral contract they had with her.

35.  As a proximate result of Entity Defendant's willful breach of the express oral contract not to terminate employment without good cause, Plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

## THIRD CAUSE OF ACTION

### (Breach of Implied-in-Fact Contract Not to Terminate Employment Without Good Cause (*Marketing West, Inc. v. Sanyo Fisher* (1992) 6 Cal.App.4th 603; Civil Code § 1622)—Against Entity Defendant Only, and Does 1 to 100, Inclusive)

36.  The allegations set forth in paragraphs 1 through 35 are re-alleged and incorporated herein by reference.

37.  On the basis of oral assurances of continued employment given to Plaintiff by Entity Defendant's supervisors, the length of Plaintiff's employment with Entity

-11-

Defendant, Entity Defendant's actual practice of terminating employment only for cause, and the industry standard for the business Entity Defendant engaged in of terminating employment only for cause, Plaintiff and Entity Defendant shared the actual understanding that Plaintiff's employment could and would be terminated only for cause. This shared understanding resulted in an implied contract requiring that Entity Defendant have good cause to terminate Plaintiff's employment.

38.  Entity Defendant and their managers and supervisors terminated Plaintiff's employment without good cause, violating the implied-in-fact contract they had with her.

39.  As a proximate result of Entity Defendant's willful breach of the implied-in-fact contract not to terminate employment without good cause, Plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

40.  Plaintiff seeks attorneys' fees for lost wages under this cause of action under Labor Code section 218.6.

## FOURTH CAUSE OF ACTION

### (Negligent Hiring, Supervision, and Retention—Against Entity Defendant Only, and Does 1 to 100, Inclusive)

41.  The allegations set forth in paragraphs 1 through 40 are re-alleged and incorporated herein by reference.

42.  Entity Defendant owed a duty of care to Plaintiff to appoint, hire, retain, and supervise persons who would not engage in retaliatory, harassing, or discriminatory conduct.  Entity Defendant owed a duty of care to Plaintiff not to retain managers or employees who would discriminate against, harass, or retaliate against employees for engaging in protected activities.  Entity Defendant owed a duty of care to Plaintiff to supervise their managers and employees closely to ensure that they would refrain from harassing and retaliating against Plaintiff.

43.  Entity Defendant breached these duties.  As a result, Entity Defendant caused

-12-

damages to Plaintiff.  As a proximate result of Entity Defendant's negligent hiring, retention, and supervision of their managers and employees, Plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, according to proof.

**FIFTH CAUSE OF ACTION**

**(Wrongful Termination of Employment in Violation of**

**Public Policy (FEHA and Labor Code)—Against Entity**

**Defendant Only, and Does 1 to 100, Inclusive)**

44.  The allegations set forth in paragraphs 1 through 43 are re-alleged and incorporated herein by reference.

45.  Entity Defendant terminated Plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws.  Specifically, Plaintiff's employment was terminated in part because of her protected status (*i.e.,* age, disability/medical condition, medical leave, need for accommodations, and/or good faith complaints, as well as her having filing a claim worker's compensation claim and/or receiving a rating, award, or settlement).  These actions were in violation of FEHA and the California Labor Code (including section 132a).

46.  As a proximate result of Entity Defendant's willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

47.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

48.  Entity Defendant's misconduct was committed intentionally, in a malicious, fraudulent, despicable, oppressive manner, entitling Plaintiff to punitive damages against Entity Defendant.

PLAINTIFF'S COMPLAINT FOR DAMAGES

# SIXTH CAUSE OF ACTION

## (Intentional Infliction of Emotional Distress—Against All

## Defendants and Does 1 to 100, Inclusive)

49. The allegations set forth in paragraphs 1 through 48 are re-alleged and incorporated herein by reference.

50. Entity Defendant's discriminatory, harassing, and retaliatory actions, and Defendants' harassing actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

51. All Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of her livelihood while she was suffering from an actual, perceived, and/or history of disability, would devastate Plaintiff and cause her extreme hardship.

52. As a proximate result of all Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

53. As a proximate result of all Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

54. All Defendants' misconduct was committed intentionally, in a malicious, oppressive manner, entitling Plaintiff to punitive damages.

///
///
///
///
///
///
///

-14-

PLAINTIFF'S COMPLAINT FOR DAMAGES

**PRAYER**

WHEREFORE, Plaintiff, Jayme Tipton, prays for judgment against defendants as follows:

1. For general and special damages according to proof;

2. For exemplary damages, according to proof;

3. For pre-judgment and post-judgment interest on all damages awarded;

4. For reasonable attorneys' fees;

5. For costs of suit incurred;

6. For declaratory relief;

7. For such other and further relief as the Court may deem just and proper.

ADDITIONALLY, Plaintiff, Jayme Tipton, demands trial of this matter by jury. The amount demanded exceeds $25,000.00 (Government Code § 72055).

Dated: October 4, 2018                    SHEGERIAN & ASSOCIATES, INC.

By: _Carney R. Shegerian_
Carney R. Shegerian, Esq.

Attorneys for Plaintiff,
JAYME TIPTON

-15-

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Carney R. Shegerian, Esq. (SBN 150461)<br>Shegerian & Associates, Inc.<br>225 Santa Monica Boulevard, Suite 700, Santa Monica, CA 90401<br>TELEPHONE NO.: (310)860-0770    FAX NO.: (310)860-0771<br>ATTORNEY FOR (Name): Plaintiff, Jayme Tipton | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>OCT -4 2018<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By Nancy Alvarez, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Tipton v. Airport Terminal Services, Inc., et., al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BC 7 2 4 2 6 0 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [X] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[X] monetary  b.[X] nonmonetary; declaratory or injunctive relief  c.[X] punitive
4. Number of causes of action *(specify)*: Six (6) causes of actions
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 4, 2018

Carney R. Shegerian, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Tipton v. Airport Terminal Services, Inc., et, al. | |

BC 7 2 4 2 6 0

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 15   ☐ HOURS/ ☒ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked.  For any exception to the court location, see Local Rule 2.0.

> ### Applicable Reasons for Choosing Courthouse Location (see Column C below)
>
> 1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
> 2. May be filed in central (other county, or no bodily injury/property damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Tipton v. Airport Terminal Services, Inc., et. al. | |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons (See Step 3 Above) |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1., ②, 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Tipton v. Airport Terminal Services, Inc., et. al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)

LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Tipton v. Airport Terminal Services, Inc., et, al. | |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>1 World Way |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA . | ZIP CODE:<br>90045 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanley Mosk_____ courthouse in the _Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: _October 4, 2018_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE - IC**

Reserved for Clerk's File Stamp

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT - 4 2018

Sherri R. Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

CASE NUMBER:
BC 724260

Your case is assigned for all purposes to the judicial officer indicated below.

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| Hon. Debre K. Weintraub | 1 | 534 | | Hon. Randolph Hammock | 47 | 507 |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Terry A. Green | 14 | 300 | | Hon. Deirdre Hill | 49 | 509 |
| Hon. Richard Fruin | 15 | 307 | | Hon. Teresa A. Beaudet | 50 | 508 |
| Hon. Lia Martin | 16 | 306 | | Hon. Dennis J. Landin | 51 | 511 |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Stephanie Bowick | 19 | 311 | | Hon. Robert Broadbelt | 53 | 513 |
| Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Patricia Nieto | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Holly J. Fujie | 56 | 514 |
| Hon. Barbara Scheper | 30 | 400 | | Hon. Steven J. Kleifield | 57 | 517 |
| Hon. Samantha Jessner | 31 | 407 | | Hon. John P. Doyle | 58 | 516 |
| Hon. Daniel S. Murphy | 32 | 406 | | Hon. Gregory Keosian | 61 | 732 |
| Hon. Michael P. Linfield | 34 | 408 | | Hon. Michael L. Stern | 62 | 600 |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Mark Mooney | 68 | 617 |
| Hon. David S. Cunningham | 37 | 413 | | Hon. William F. Fahey | 69 | 621 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Monica Bachner | 71 | 729 |
| Hon. Elizabeth Feffer | 39 | 415 | | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. David Sotelo | 40 | 414 | | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Holly E. Kendig | 42 | 416 | | Hon. Michelle Williams Court | 74 | 735 |
| Hon. Mel Red Recana | 45 | 529 | | Hon. Robert S. Draper | 78 | 730 |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _____ OCT 0 4 2018 _____
(Date)

SHERRI R. CARTER, Executive Officer/Clerk of Court

By _____, Deputy Clerk

LACIV 190 (Rev 12/17)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

## APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

## COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

## CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

## STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

## SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

## Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

## *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

❖Los Angeles County Bar Association Litigation Section❖

❖ Los Angeles County Bar Association Labor and Employment Law Section❖

❖Consumer Attorneys Association of Los Angeles❖

❖Southern California Defense Counsel❖

❖Association of Business Trial Lawyers❖

❖California Employment Lawyers Association❖

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

       i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

       ii. Include a brief summary of the dispute and specify the relief requested; and

       iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

       i. Also be filed on the approved form (copy attached);

       ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ (ATTORNEY FOR _____)

➤ (ATTORNEY FOR _____)

➤ (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary?  If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise?  If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve.  Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable?  Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation.  (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core."  In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case.  Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:           FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤
_____
(ATTORNEY FOR PLAINTIFF)

➤
_____
(ATTORNEY FOR DEFENDANT)

➤
_____
(ATTORNEY FOR DEFENDANT)

➤
_____
(ATTORNEY FOR DEFENDANT)

➤
_____
(ATTORNEY FOR _____)

➤
_____
(ATTORNEY FOR _____)

➤
_____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR - ADR may not be suitable for every dispute.**
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- Mediation

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - Mediation may not be effective when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

 **Arbitration**

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Mandatory Settlement Conference (MSC)**

**Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

# EXHIBIT "B"

Edgar Trujillo
c/o JetBlue Airways Terminal 5
1 World Way
Los Angeles, CA 90045



UNITED STATES POSTAGE
PITNEY BOWES
$ 002.26
0004726041 OCT 23 20
MAILED FROM ZIP CODE 920
02 1P

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Airport Terminal Services, Inc., Edgar Trujillo, Melissa Doe, and DOES 1 to 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jayme Tipton

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT - 4 2018

Sherri R. Carter, Executive Officer/Clerk

By Nancy Alvarez, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Stanley Mosk Courthouse, Central District<br>111 North Hill Street<br>Los Angeles, California 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>BC 7 2 4 2 6 0 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Carney R. Shegerian, Esq. (SBN 150461)          (310)860-0770
Shegerian & Associates, Inc.
225 Santa Monica, Suite 700, Santa Monica, CA 90401

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* October 4, 2018   OCT   0 4 2018 | SHERRI R. CARTER | Clerk, by<br>*(Secretario)*   NANCY ALVAREZ | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

1  Carney R. Shegerian, Esq., State Bar No. 150461
   CShegerian@Shegerianlaw.com
2  Anthony Nguyen, Esq., State Bar No. 259154
   ANguyen@Shegerianlaw.com
3  Aaron Gbewonyo, Esq, State Bar No. 315889
   AGbewonyo@Shegerianlaw.com
4  SHEGERIAN & ASSOCIATES, INC.
   225 Santa Monica Boulevard, Suite 700
5  Santa Monica, California 90401
   Telephone Number:  (310) 860-0770
6  Facsimile Number:  (310) 860-0771

7  Attorneys for Plaintiff,
   JAYME TIPTON

8

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT -4 2018

Sherri R. Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10         FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

11

12  JAYME TIPTON,                    )  Case No.:  BC724260
                                     )
13         Plaintiff,                )  PLAINTIFF JAYME TIPTON'S
                                     )  COMPLAINT FOR DAMAGES FOR:
14  vs.                              )
                                     )  (1)  VIOLATION OF FEHA;
15  AIRPORT TERMINAL SERVICES,       )
    INC., EDGAR TRUJILLO,            )  (2)  BREACH OF EXPRESS ORAL
16  MELISSA DOE, and DOES 1 to 100,  )       CONTRACT NOT TO TERMINATE
    inclusive,                       )       EMPLOYMENT WITHOUT GOOD
17                                   )       CAUSE;
           Defendants.               )
18                                   )  (3)  BREACH OF IMPLIED-IN-FACT
                                     )       CONTRACT NOT TO TERMINATE
19                                   )       EMPLOYMENT WITHOUT GOOD
                                     )       CAUSE;
20                                   )
                                     )  (4)  NEGLIGENT HIRING,
21                                   )       SUPERVISION, AND RETENTION;
                                     )
22                                   )  (5)  WRONGFUL TERMINATION OF
                                     )       EMPLOYMENT IN VIOLATION
23                                   )       OF PUBLIC POLICY;
                                     )
24                                   )  (6)  INTENTIONAL INFLICTION OF
                                     )       EMOTIONAL DISTRESS;
25                                   )
                                        DEMAND FOR JURY TRIAL
26

27

28

─────────────────────────────────────────────
           PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff, Jayme Tipton, alleges, on the basis of personal knowledge and/or information and belief:

## SUMMARY

This is an action by plaintiff, Jayme Tipton ("Plaintiff" or "Tipton"), whose employment with defendant Airport Terminal Services, Inc. was wrongfully terminated. Plaintiff brings this action against defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b) and Code of Civil Procedure section 1021.5.

## PARTIES

1. *Plaintiff:* Plaintiff Tipton is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, California.

2. *Defendants:* Defendant Airport Terminal Services ("Airport Services" or "Entity Defendant") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles. Entity Defendant's place of business, where the following causes of action took place, was and is in the County of Los Angeles, at 1 World Way, Los Angeles, California 90045. Defendant Edgar Trujillo ("Defendant" or "Trujillo") is, and at all times mentioned in this Complaint was, a supervisor with Entity Defendant. Defendant Trujillo is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California. Defendant Melissa Doe ("Defendant" or "Melissa") is, and at all times mentioned in this Complaint was, a supervisor with Entity Defendant. Defendant Melissa is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California.

3. *Doe defendants:* Defendants Does 1 to 100, inclusive, are sued under fictitious

-2-

PLAINTIFF'S COMPLAINT FOR DAMAGES

names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants. The named defendants and Doe defendants are sometimes hereafter referred to, collectively and/or individually, as "Defendants."

4. *Relationship of defendants:* All Defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i). All Defendants were responsible for the events and damages alleged herein, including on the following bases: (a) Defendants committed the acts alleged; (b) at all relevant times, one or more of the Defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining Defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for Plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the Defendants such that any individuality and separateness between or among those Defendants has ceased, and Defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of Defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all Defendants were taken by employees, supervisors, executives, officers, and directors during employment with all Defendants, were taken on behalf of all Defendants, and were engaged in, authorized, ratified, and approved of by all other Defendants.

5. Entity Defendant, Airport Terminal Services both directly and indirectly

-3-
PLAINTIFF'S COMPLAINT FOR DAMAGES

employed Plaintiff Tipton, as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

6. In addition, Entity Defendant, Airport Terminal Services compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

7. Finally, at all relevant times mentioned herein, all Defendants acted as agents of all other Defendants in committing the acts alleged herein.

### FACTS COMMON TO ALL CAUSES OF ACTION

8. *Plaintiff's hiring:* Plaintiff, a 31-year-old mother of two, worked at Airport Terminal Services for approximately seven months as a Groomer, beginning in October 2016.

9. *Plaintiff's job performance:* At all times, Plaintiff performed her job duties in an exemplary manner.

10. *Plaintiff's protected status and activity:*

   a. Plaintiff took a protected CFRA/FMLA leave and was terminated while on leave.

   b. Plaintiff suffered from a disabling medical condition during her employment.

11. *Defendants' adverse employment actions and behavior:*

   a. In March 2017, Plaintiff suffered an injury while engaged in housekeeping duties on a plane.

   b. Over the next several days Plaintiff's pain continued to worsen. On or around April 6, 2017, Plaintiff informed her supervisor, Damian Neri ("Neri") of her injury and her intent to seek medical treatment.

   c. On or around April 11, 2017, Plaintiff went to see a doctor, and was diagnosed with a tear in her rotator cuff and placed on a medical leave until April 19, 2017. Plaintiff immediately provided her doctor's note to her supervisor, Edgar Trujillo

-4-

PLAINTIFF'S COMPLAINT FOR DAMAGES

and verbally informed Neri the same day.

    d.  On or around April 18, 2017, Plaintiff's doctor extended her leave until May 1, 2017, and Plaintiff immediately informed her employer.

    e.  On or around May 1, 2017, Plaintiff visited her doctor for a follow-up appointment. Again, Plaintiff's doctor extended her leave, placing her off until May 15, 2017. That same day, Plaintiff provided Airport Terminal Services Crew Chief, Ora Doe ("Ora") with her doctor's note. Plaintiff asked Ora whether further documentation was required, and Ora confirmed that the documents provided by Plaintiff were sufficient.

    12.  *Defendants' termination of plaintiff's employment:*  On or around May 8, 2017, Plaintiff received a call from Shonta Henderson ("Henderson"), a Human Resources representative at Airport Terminal Services. Henderson informed Plaintiff that Airport Terminal Services needed to fill her position, and requested that she voluntarily resign from her position. Plaintiff informed Henderson that she would not resign, as she fully anticipated returning to work soon, once her shoulder healed. In response, Henderson informed Plaintiff that if she refused to resign, then Airport Terminal Services would proceed to terminate her employment. Several days later, Plaintiff received a letter in the mail with her final paycheck, confirming her termination.

    13.  *Economic damages:*  As a consequence of Entity Defendant's conduct, Plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to her career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

    14.  *Non-economic damages:*  As a consequence of all Defendants' conduct, Plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

    15.  *Punitive damages:*  Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles Plaintiff to an award of exemplary and/or punitive damages.

PLAINTIFF'S COMPLAINT FOR DAMAGES

a. *Malice:*  All Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) all Defendants acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of her age, disability, medical leave, race, national origin, ancestry, pregnancy, gender, sexual orientation, and/or good faith complaints, and/or (b) all Defendants' conduct was despicable and committed in willful and conscious disregard of Plaintiff's rights, health, and safety, including Plaintiff's right to be free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

b. *Oppression:*  In addition, and/or alternatively, all Defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that all Defendants' actions against Plaintiff because of her age, disability, medical leave, race, national origin, ancestry, pregnancy, gender, sexual orientation, and/or good faith complaints were "despicable" and subjected Plaintiff to cruel and unjust hardship, in knowing disregard of Plaintiff's rights to a work place free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

c. *Fraud:*  In addition, and/or alternatively, Entity Defendant's conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that Entity Defendant's asserted false (pretextual) grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby to cause Plaintiff hardship and deprive her of legal rights.

16. *Attorneys' fees:*  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

17. *Exhaustion of administrative remedies:*  Prior to filing this action, Plaintiff exhausted her administrative remedies by filing a timely administrative complaint with the

-6-
PLAINTIFF'S COMPLAINT FOR DAMAGES

Department of Fair Employment and Housing ("DFEH") and receiving a DFEH right-to-sue letter.

**FIRST CAUSE OF ACTION**

**(Violation of FEHA (Government Code §§ 12900, *et seq.*;**

**12945.2) (Discrimination and Retaliation on the Basis of**

**Disability; Failure to Accommodate a Disability; Failure to**

**Engage in the Interactive Process; Failure to Prevent**

**Discrimination, Harassment, and Retaliation; Violation of**

**the California Family Rights Act—Against Entity**

**Defendant and Does 1 to 100, Inclusive), (Harassment on**

**the Bases of Disability)—Against All Defendants and Does 1**

**to 100, Inclusive)**

18.   The allegations set forth in paragraphs 1 through 17 are re-alleged and incorporated herein by reference.

19.   At all times herein mentioned, FEHA, Government Code section 12940, *et seq.*, was in full force and effect and was binding on Entity Defendant.  This statute requires Entity Defendant to refrain from discriminating against any employee because the employee has an actual, perceived, and/or history of disability, because the employee takes protected leave under the California Family Rights Act ("CFRA") or Family Medical Leave Act ("FMLA"), and/or because of any other protected status as provided under FEHA. Prior to filing the instant Complaint, Plaintiff filed a timely administrative charge with the DFEH and received a right-to-sue letter.

20.   Government Code sections 12940(a), (i), (m), and (n) require Entity Defendant to provide reasonable accommodations to known disabled employees and to engage in a timely, good faith interactive process to accommodate known disabled employees.

21.   Government Code section 12940(k) states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to

prevent discrimination and harassment from occurring."

22. Plaintiff's actual, perceived, and/or history of disability and/or requested protected leave under the CFRA and/or FMLA and/or other protected status, protected by FEHA were motivating factors in Entity Defendant's decision to terminate Plaintiff's employment; not to retain, hire, or otherwise employ Plaintiff in any position; to harass Plaintiff; to retaliate against Plaintiff; to refuse to accommodate Plaintiff; to refuse to engage in the interactive process; and/or to take other adverse job actions against Plaintiff, including fail to prevent discrimination, harassment, and retaliation.

23. During the course of Plaintiff's employment, Entity Defendant failed to prevent their employees from engaging in intentional actions that resulted in Plaintiff being treated less favorably because of her protected status (*i.e.*, disability; or other protected status). During the course of Plaintiff's employment, Entity Defendant failed to prevent their employees from engaging in unjustified employment practices against employees in such protected classes. During the course of Plaintiff's employment, Entity Defendant failed to prevent a pattern and practice by their employees of intentional discrimination and harassment on the bases of disability, and/or other protected statuses or protected activities.

24. Entity Defendant, through their managers and supervisors, made a number of comments to and about Plaintiff that exhibited discriminatory motivations, intentions, and consciousness on the bases of disability. Plaintiff believes, and on that basis alleges, that Entity Defendant's real motivation was to discharge her because of her disability, and/or other protected statuses or protected activities.

25. Entity Defendant wholly failed to attempt any reasonable accommodation of Plaintiff's known disability and/or to engage in a timely, good faith interactive process with Plaintiff to accommodate her known disabilities. Instead, Entity Defendant terminated Plaintiff's employment in whole or in part because of her disability, and/or other protected statuses.

26. Entity Defendant's conduct, as alleged, violated FEHA, and all Defendants

-8-

PLAINTIFF'S COMPLAINT FOR DAMAGES

committed unlawful employment practices, including by the following, separate bases for liability:

a. Taking adverse employment actions against Plaintiff, such as discharging; barring; refusing to transfer, retain, hire, select, and/or employ; and/or, otherwise discriminating against Plaintiff—in whole or in part—on the bases of Plaintiff's disability, taking a protected leave, and/or other protected statuses or protected activities, in violation of Government Code section 12940(a);

b. Harassing Plaintiff and/or creating a hostile work environment, in whole or in part on the bases of Plaintiff's actual, perceived, and/or history of disability; and/or, other protected statuses and/or protected activities, in violation of Government Code section 12940(j);

c. Failing to accommodate Plaintiff's actual, perceived, and/or history of disability; and/or, other protected statuses, in violation of Government Code section 12940(m);

d. Failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n);

e. Failing to provide Plaintiff with requisite statutory leave, violating notice and/or other procedural requisites of leave, and/or retaliating against Plaintiff for taking leave, in violation of Government Code section 12945.2.

f. Retaliating against Plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing Entity Defendant's failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, and/or the right to be free of discrimination and harassment, in violation of Government Code section 12940(h);

g. Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on actual, perceived, and/or history of disability; taking a protected leave; and/or, other protected statuses and/or protected activities, in violation of Government Code section 12940(k);

PLAINTIFF'S COMPLAINT FOR DAMAGES

27.  On the basis of the above, Plaintiff believes and alleges that her actual, perceived, and/or history of disability; and/or, other protected statuses and/or protected activities were substantial motivating factors in Entity Defendant's termination of her employment.

28.  As a proximate result of Defendant's willful, knowing, and intentional discrimination against, harassment of, and retaliation against Plaintiff, their failure to accommodate Plaintiff's known disability and to engage in a timely, good faith interactive process, and their failure to prevent discrimination, harassment, and retaliation, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

29.  As a proximate result of Entity Defendants' willful, knowing, and intentional discrimination against, harassment of, and retaliation against Plaintiff, their failure to accommodate Plaintiff's known disability and to engage in a timely, good faith interactive process, and their failure to prevent discrimination, harassment, and retaliation, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

30.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

31.  Entity Defendant's misconduct was committed intentionally, in a malicious, despicable, fraudulent, and oppressive manner, entitling Plaintiff to punitive damages against Entity Defendant.

///
///
///
///
///
///

PLAINTIFF'S COMPLAINT FOR DAMAGES

SECOND CAUSE OF ACTION

(Breach of Express Oral Contract Not to Terminate
Employment Without Good Cause)---Against Entity
Defendant Only, and Does 1 to 100, Inclusive)

32.  The allegations set forth in paragraphs 1 through 31 are re-alleged and incorpo-rated herein by reference.

33.  Entity Defendant, through their agents, entered an oral agreement not to terminate Plaintiff's employment except for good cause.  Plaintiff and Entity Defendant, through their supervisors, made mutual promises of consideration pursuant to this oral agreement.  Plaintiff performed all duties required of her under the agreement by performing her job in an exemplary manner.

34.  Entity Defendant and their managers and supervisors terminated Plaintiff's employment without good cause, violating the express oral contract they had with her.

35.  As a proximate result of Entity Defendant's willful breach of the express oral contract not to terminate employment without good cause, Plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

THIRD CAUSE OF ACTION

(Breach of Implied-in-Fact Contract Not to Terminate
Employment Without Good Cause (*Marketing West, Inc. v.*
*Sanyo Fisher* (1992) 6 Cal.App.4th 603; Civil Code
§ 1622)---Against Entity Defendant Only, and Does 1 to 100,
Inclusive)

36.  The allegations set forth in paragraphs 1 through 35 are re-alleged and incorpo-rated herein by reference.

37.  On the basis of oral assurances of continued employment given to Plaintiff by Entity Defendant's supervisors, the length of Plaintiff's employment with Entity

-11-

Defendant, Entity Defendant's actual practice of terminating employment only for cause, and the industry standard for the business Entity Defendant engaged in of terminating employment only for cause, Plaintiff and Entity Defendant shared the actual understanding that Plaintiff's employment could and would be terminated only for cause. This shared understanding resulted in an implied contract requiring that Entity Defendant have good cause to terminate Plaintiff's employment.

38.  Entity Defendant and their managers and supervisors terminated Plaintiff's employment without good cause, violating the implied-in-fact contract they had with her.

39.  As a proximate result of Entity Defendant's willful breach of the implied-in-fact contract not to terminate employment without good cause, Plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

40.  Plaintiff seeks attorneys' fees for lost wages under this cause of action under Labor Code section 218.6.

## FOURTH CAUSE OF ACTION

### (Negligent Hiring, Supervision, and Retention—Against
### Entity Defendant Only, and Does 1 to 100, Inclusive)

41.  The allegations set forth in paragraphs 1 through 40 are re-alleged and incorporated herein by reference.

42.  Entity Defendant owed a duty of care to Plaintiff to appoint, hire, retain, and supervise persons who would not engage in retaliatory, harassing, or discriminatory conduct.  Entity Defendant owed a duty of care to Plaintiff not to retain managers or employees who would discriminate against, harass, or retaliate against employees for engaging in protected activities.  Entity Defendant owed a duty of care to Plaintiff to supervise their managers and employees closely to ensure that they would refrain from harassing and retaliating against Plaintiff.

43.  Entity Defendant breached these duties.  As a result, Entity Defendant caused

-12-

PLAINTIFF'S COMPLAINT FOR DAMAGES

1    damages to Plaintiff.  As a proximate result of Entity Defendant's negligent hiring,
2    retention, and supervision of their managers and employees, Plaintiff has suffered and
3    continues to suffer damages, including losses of earnings and benefits, according to
4    proof.

FIFTH CAUSE OF ACTION

(Wrongful Termination of Employment in Violation of

Public Policy (FEHA and Labor Code)—Against Entity

Defendant Only, and Does 1 to 100, Inclusive)

9    44.  The allegations set forth in paragraphs 1 through 43 are re-alleged and
10    incorporated herein by reference.

11    45.  Entity Defendant terminated Plaintiff's employment in violation of various
12    fundamental public policies underlying both state and federal laws.   Specifically,
13    Plaintiff's employment was terminated in part because of her protected status (*i.e.*, age,
14    disability/medical condition, medical leave, need for accommodations, and/or good faith
15    complaints, as well as her having filing a claim worker's compensation claim and/or
16    receiving a rating, award, or settlement).  These actions were in violation of FEHA and
17    the California Labor Code (including section 132a).

18    46.  As a proximate result of Entity Defendant's willful, knowing, and intentional
19    discrimination against Plaintiff, Plaintiff has suffered and continues to suffer
20    humiliation, emotional distress, and mental and physical pain and anguish, all to her
21    damage in a sum according to proof.

22    47.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.
23    Plaintiff is at present unaware of the precise amounts of these expenses and fees and will
24    seek leave of court to amend this Complaint when the amounts are fully known.

25    48.  Entity Defendant's misconduct was committed intentionally, in a malicious,
26    fraudulent, despicable, oppressive manner, entitling Plaintiff to punitive damages against
27    Entity Defendant.

28

-13-

PLAINTIFF'S COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress—Against All Defendants and Does 1 to 100, Inclusive)

49.  The allegations set forth in paragraphs 1 through 48 are re-alleged and incorporated herein by reference.

50.  Entity Defendant's discriminatory, harassing, and retaliatory actions, and Defendants' harassing actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

51.  All Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of her livelihood while she was suffering from an actual, perceived, and/or history of disability, would devastate Plaintiff and cause her extreme hardship.

52.  As a proximate result of all Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress.  Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

53.  As a proximate result of all Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

54.  All Defendants' misconduct was committed intentionally, in a malicious, oppressive manner, entitling Plaintiff to punitive damages.

///
///
///
///
///
///
///

PLAINTIFF'S COMPLAINT FOR DAMAGES

## PRAYER

WHEREFORE, Plaintiff, Jayme Tipton, prays for judgment against defendants as follows:

1. For general and special damages according to proof;

2. For exemplary damages, according to proof;

3. For pre-judgment and post-judgment interest on all damages awarded;

4. For reasonable attorneys' fees;

5. For costs of suit incurred;

6. For declaratory relief;

7. For such other and further relief as the Court may deem just and proper.


ADDITIONALLY, Plaintiff, Jayme Tipton, demands trial of this matter by jury. The amount demanded exceeds $25,000.00 (Government Code § 72055).

Dated: October 4, 2018          SHEGERIAN & ASSOCIATES, INC.


By: _____
    Carney R. Shegerian, Esq.

    Attorneys for Plaintiff,
    JAYME TIPTON

-15-

PLAINTIFF'S COMPLAINT FOR DAMAGES

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Carney R. Shegerian, Esq. (SBN 150461)
Shegerian & Associates, Inc.
225 Santa Monica Boulevard, Suite 700, Santa Monica, CA 90401
TELEPHONE NO.: (310)860-0770      FAX NO.: (310)860-0771
ATTORNEY FOR *(Name):* Plaintiff, Jayme Tipton

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT – 4 2018

Sherri R. Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Tipton v. Airport Terminal Services, Inc., et, al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) / [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC724260 |
| | | JUDGE: / DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary  b.[X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* Six (6) causes of actions
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 4, 2018
Carney R. Shegerian, Esq.
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

| SHORT TITLE: | | CASE NUMBER | |
|---|---|---|---|
| Tipton v. Airport Terminal Services, Inc., et. al. | | | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

BC 724260

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES   CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 15  ☐ HOURS/ ☒ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps -- If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Tipton v. Airport Terminal Services, Inc., et. al. | |

| | A. Civil Case Cover Sheet Category No. | B. Type of Action (Check only one) | C. Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1.②3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Tipton v. Airport Terminal Services, Inc., et. al. | |

| | A. Civil Case Cover Sheet Category No. | B. Type of Action (Check only one) | C. Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Tipton v. Airport Terminal Services, Inc., et, al. | |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>1 World Way |
|---|---|

| CITY:<br>Los Angeles | STATE:<br>CA . | ZIP CODE:<br>90045 |
|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___October 4, 2018___

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

Reserved for Clerk's File Stamp

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT - 4 2018

Sherri R. Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE - IC**

CASE NUMBER:
BC 7 2 4 2 6 0

Your case is assigned for all purposes to the judicial officer indicated below.

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| Hon. Debre K. Weintraub | 1 | 534 | | Hon. Randolph Hammock | 47 | 507 |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Terry A. Green | 14 | 300 | | Hon. Deirdre Hill | 49 | 509 |
| Hon. Richard Fruin | 15 | 307 | | Hon. Teresa A. Beaudet | 50 | 508 |
| Hon. Lia Martin | 16 | 306 | | Hon. Dennis J. Landin | 51 | 511 |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Stephanie Bowick | 19 | 311 | | Hon. Robert Broadbelt | 53 | 513 |
| Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Patricia Nieto | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Holly J. Fujie | 56 | 514 |
| Hon. Barbara Scheper | 30 | 400 | | Hon. Steven J. Kleifield | 57 | 517 |
| Hon. Samantha Jessner | 31 | 407 | | Hon. John P. Doyle | 58 | 516 |
| Hon. Daniel S. Murphy | 32 | 406 | | Hon. Gregory Keosian | 61 | 732 |
| Hon. Michael P. Linfield | 34 | 408 | | Hon. Michael L. Stern | 62 | 600 |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Mark Mooney | 68 | 617 |
| Hon. David S. Cunningham | 37 | 413 | | Hon. William F. Fahey | 69 | 621 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Monica Bachner | 71 | 729 |
| Hon. Elizabeth Feffer | 39 | 415 | | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. David Sotelo | 40 | 414 | | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Holly E. Kendig | 42 | 416 | | Hon. Michelle Williams Court | 74 | 735 |
| Hon. Mel Red Recana | 45 | 529 | | Hon. Robert S. Draper | 78 | 730 |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _____    OCT 0 4 2018
        (Date)

SHERRI R. CARTER, Executive Officer/Clerk of Court

By _____, Deputy Clerk

LACIV 190 (Rev 12/17)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**

**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◈**Los Angeles County Bar Association Litigation Section**◈

◈ **Los Angeles County Bar Association Labor and Employment Law Section**◈

◈**Consumer Attorneys Association of Los Angeles**◈

◈**Southern California Defense Counsel**◈

◈**Association of Business Trial Lawyers**◈

◈**California Employment Lawyers Association**◈

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;



| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

   iii.   Be filed within two (2) court days of receipt of the Request; and

   iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.   If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:

_____          ➤  (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:

_____          ➤  (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:             FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11       **STIPULATION – EARLY ORGANIZATIONAL MEETING**
For Optional Use

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

    h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

    i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
                    (INSERT DATE)                                  (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____          ➤  _____
    (TYPE OR PRINT NAME)                     (ATTORNEY FOR PLAINTIFF)

Date: _____

_____          ➤  _____
    (TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➤  _____
    (TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➤  _____
    (TYPE OR PRINT NAME)                     (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➤  _____
    (TYPE OR PRINT NAME)                     (ATTORNEY FOR _____)

Date: _____

_____          ➤  _____
    (TYPE OR PRINT NAME)                     (ATTORNEY FOR _____)

Date: _____

_____          ➤  _____
    (TYPE OR PRINT NAME)                     (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): | | |

E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER -- MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11           STIPULATION AND ORDER -- MOTIONS IN LIMINE
For Optional Use                                                                        Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____       _____
                                                        JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

Advantages of ADR
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

Disadvantages of ADR - ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

The Most Common Types of ADR

- Mediation

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - Mediation may not be effective when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

□ Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

□ Mandatory Settlement Conference (MSC)

Settlement Conferences are appropriate in any case where settlement is an option. Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

Page 4 of 4

Edgal Trujillo
c/o Jet Blue - Terminal #5
1 WUKLD Way
Los Angeles. Ca 90045

FIRST CLASS



SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Airport Terminal Services, Inc., Edgar Trujillo, Melissa Doe, and DOES
1 to 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jayme Tipton

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT - 4 2018

Sherri R. Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Stanley Mosk Courthouse, Central District
111 North Hill Street
Los Angeles, California 90012

CASE NUMBER:
*(Número del Caso):*
BC 7 2 4 2 6 0

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Carney R. Shegerian, Esq. (SBN 150461)                    (310)860-0770
Shegerian & Associates, Inc.
225 Santa Monica, Suite 700, Santa Monica, CA 90401

DATE:                                                    Clerk, by                                        , Deputy
*(Fecha)* October 4, 2018, OCT 0 4 2018  SHERRI R. CARTER *(Secretario)*    NANCY ALVAREZ   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

American LegalNet, Inc.
*www.FormsWorkflow.com*

1   Carney R. Shegerian, Esq., State Bar No. 150461
    CShegerian@Shegerianlaw.com
2   Anthony Nguyen, Esq., State Bar No. 259154
    ANguyen@Shegerianlaw.com
3   Aaron Gbewonyo, Esq, State Bar No. 315889
    AGbewonyo@Shegerianlaw.com
4   SHEGERIAN & ASSOCIATES, INC.
    225 Santa Monica Boulevard, Suite 700
5   Santa Monica, California 90401
    Telephone Number:   (310) 860-0770
6   Facsimile Number:   (310) 860-0771
7   Attorneys for Plaintiff,
    JAYME TIPTON
8

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT – 4 2018

Sherri R. Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10         FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

11                                                   BC 7 2 4 2 6 0

12  JAYME TIPTON,                    )   Case No.:
                                     )
13          Plaintiff,               )   PLAINTIFF JAYME TIPTON'S
                                     )   COMPLAINT FOR DAMAGES FOR:
14  vs.                              )
                                     )   (1) VIOLATION OF FEHA;
15  AIRPORT TERMINAL SERVICES,       )
    INC., EDGAR TRUJILLO,            )   (2) BREACH OF EXPRESS ORAL
16  MELISSA DOE, and DOES 1 to 100,  )       CONTRACT NOT TO TERMINATE
    inclusive,                       )       EMPLOYMENT WITHOUT GOOD
17                                   )       CAUSE;
            Defendants.              )
18                                   )   (3) BREACH OF IMPLIED-IN-FACT
                                     )       CONTRACT NOT TO TERMINATE
19                                   )       EMPLOYMENT WITHOUT GOOD
                                     )       CAUSE;
20                                   )
                                     )   (4) NEGLIGENT HIRING,
21                                   )       SUPERVISION, AND RETENTION;
                                     )
22                                   )   (5) WRONGFUL TERMINATION OF
                                     )       EMPLOYMENT IN VIOLATION
23                                   )       OF PUBLIC POLICY;
                                     )
24                                   )   (6) INTENTIONAL INFLICTION OF
                                     )       EMOTIONAL DISTRESS;
25                                   )
                                     )   DEMAND FOR JURY TRIAL
26

27

28

---

PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff, Jayme Tipton, alleges, on the basis of personal knowledge and/or information and belief:

## SUMMARY

This is an action by plaintiff, Jayme Tipton ("Plaintiff" or "Tipton"), whose employment with defendant Airport Terminal Services, Inc. was wrongfully terminated. Plaintiff brings this action against defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b) and Code of Civil Procedure section 1021.5.

## PARTIES

1. *Plaintiff:* Plaintiff Tipton is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, California.

2. *Defendants:* Defendant Airport Terminal Services ("Airport Services" or "Entity Defendant") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles. Entity Defendant's place of business, where the following causes of action took place, was and is in the County of Los Angeles, at 1 World Way, Los Angeles, California 90045. Defendant Edgar Trujillo ("Defendant" or "Trujillo") is, and at all times mentioned in this Complaint was, a supervisor with Entity Defendant. Defendant Trujillo is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California. Defendant Melissa Doe ("Defendant" or "Melissa") is, and at all times mentioned in this Complaint was, a supervisor with Entity Defendant. Defendant Melissa is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California.

3. *Doe defendants:* Defendants Does 1 to 100, inclusive, are sued under fictitious

names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and be-
lieves, and on that basis alleges, that each of the defendants sued under fictitious names is
in some manner responsible for the wrongs and damages alleged below, in so acting was
functioning as the agent, servant, partner, and employee of the co-defendants, and in tak-
ing the actions mentioned below was acting within the course and scope of his or her auth-
ority as such agent, servant, partner, and employee, with the permission and consent of the
co-defendants. The named defendants and Doe defendants are sometimes hereafter re-
ferred to, collectively and/or individually, as "Defendants."

4. *Relationship of defendants:* All Defendants compelled, coerced, aided, and/or
abetted the discrimination, retaliation, and harassment alleged in this Complaint, which
conduct is prohibited under California Government Code section 12940(i). All Defen-
dants were responsible for the events and damages alleged herein, including on the fol-
lowing bases: (a) Defendants committed the acts alleged; (b) at all relevant times, one or
more of the Defendants was the agent or employee, and/or acted under the control or
supervision, of one or more of the remaining Defendants and, in committing the acts
alleged, acted within the course and scope of such agency and employment and/or is or
are otherwise liable for Plaintiff's damages; (c) at all relevant times, there existed a unity
of ownership and interest between or among two or more of the Defendants such that
any individuality and separateness between or among those Defendants has ceased, and
Defendants are the alter egos of one another. Defendants exercised domination and
control over one another to such an extent that any individuality or separateness of
defendants does not, and at all times herein mentioned did not, exist. Adherence to the
fiction of the separate existence of Defendants would permit abuse of the corporate
privilege and would sanction fraud and promote injustice. All actions of all Defendants
were taken by employees, supervisors, executives, officers, and directors during
employment with all Defendants, were taken on behalf of all Defendants, and were
engaged in, authorized, ratified, and approved of by all other Defendants.

5. Entity Defendant, Airport Terminal Services both directly and indirectly

employed Plaintiff Tipton, as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

6. In addition, Entity Defendant, Airport Terminal Services compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

7. Finally, at all relevant times mentioned herein, all Defendants acted as agents of all other Defendants in committing the acts alleged herein.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. *Plaintiff's hiring:* Plaintiff, a 31-year-old mother of two, worked at Airport Terminal Services for approximately seven months as a Groomer, beginning in October 2016.

9. *Plaintiff's job performance:* At all times, Plaintiff performed her job duties in an exemplary manner.

10. *Plaintiff's protected status and activity:*

   a. Plaintiff took a protected CFRA/FMLA leave and was terminated while on leave.

   b. Plaintiff suffered from a disabling medical condition during her employment.

11. *Defendants' adverse employment actions and behavior:*

   a. In March 2017, Plaintiff suffered an injury while engaged in housekeeping duties on a plane.

   b. Over the next several days Plaintiff's pain continued to worsen. On or around April 6, 2017, Plaintiff informed her supervisor, Damian Neri ("Neri") of her injury and her intent to seek medical treatment.

   c. On or around April 11, 2017, Plaintiff went to see a doctor, and was diagnosed with a tear in her rotator cuff and placed on a medical leave until April 19, 2017. Plaintiff immediately provided her doctor's note to her supervisor, Edgar Trujillo

-4-

1   and verbally informed Neri the same day.

2        d.   On or around April 18, 2017, Plaintiff's doctor extended her leave until May

3   1, 2017, and Plaintiff immediately informed her employer.

4        e.   On or around May 1, 2017, Plaintiff visited her doctor for a follow-up

5   appointment. Again, Plaintiff's doctor extended her leave, placing her off until May 15,

6   2017. That same day, Plaintiff provided Airport Terminal Services Crew Chief, Ora Doe

7   ("Ora") with her doctor's note. Plaintiff asked Ora whether further documentation was

8   required, and Ora confirmed that the documents provided by Plaintiff were sufficient.

9        12.  *Defendants' termination of plaintiff's employment:*  On or around May 8, 2017,

10  Plaintiff received a call from Shonta Henderson ("Henderson"), a Human Resources

11  representative at Airport Terminal Services. Henderson informed Plaintiff that Airport

12  Terminal Services needed to fill her position, and requested that she voluntarily resign

13  from her position. Plaintiff informed Henderson that she would not resign, as she fully

14  anticipated returning to work soon, once her shoulder healed. In response, Henderson

15  informed Plaintiff that if she refused to resign, then Airport Terminal Services would

16  proceed to terminate her employment. Several days later, Plaintiff received a letter in the

17  mail with her final paycheck, confirming her termination.

18       13.  *Economic damages:*  As a consequence of Entity Defendant's conduct, Plaintiff

19  has suffered and will suffer harm, including lost past and future income and employment

20  benefits, damage to her career, and lost wages, overtime, unpaid expenses, and penalties,

21  as well as interest on unpaid wages at the legal rate from and after each payday on which

22  those wages should have been paid, in a sum to be proven at trial.

23       14.  *Non-economic damages:*   As a consequence of all Defendants' conduct,

24  Plaintiff has suffered and will suffer psychological and emotional distress, humiliation,

25  and mental and physical pain and anguish, in a sum to be proven at trial.

26       15.  *Punitive damages:*  Defendants' conduct constitutes oppression, fraud, and/or

27  malice under California Civil Code section 3294 and, thus, entitles Plaintiff to an award

28  of exemplary and/or punitive damages.

a. *Malice:* All Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) all Defendants acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of her age, disability, medical leave, race, national origin, ancestry, pregnancy, gender, sexual orientation, and/or good faith complaints, and/or (b) all Defendants' conduct was despicable and committed in willful and conscious disregard of Plaintiff's rights, health, and safety, including Plaintiff's right to be free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

b. *Oppression:* In addition, and/or alternatively, all Defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that all Defendants' actions against Plaintiff because of her age, disability, medical leave, race, national origin, ancestry, pregnancy, gender, sexual orientation, and/or good faith complaints were "despicable" and subjected Plaintiff to cruel and unjust hardship, in knowing disregard of Plaintiff's rights to a work place free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

c. *Fraud:* In addition, and/or alternatively, Entity Defendant's conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that Entity Defendant's asserted false (pretextual) grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby to cause Plaintiff hardship and deprive her of legal rights.

16. *Attorneys' fees:* Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

17. *Exhaustion of administrative remedies:* Prior to filing this action, Plaintiff exhausted her administrative remedies by filing a timely administrative complaint with the

PLAINTIFF'S COMPLAINT FOR DAMAGES

Department of Fair Employment and Housing ("DFEH") and receiving a DFEH right-to-sue letter.

**FIRST CAUSE OF ACTION**

**(Violation of FEHA (Government Code §§ 12900, *et seq.*;**

**12945.2) (Discrimination and Retaliation on the Basis of**

**Disability; Failure to Accommodate a Disability; Failure to**

**Engage in the Interactive Process; Failure to Prevent**

**Discrimination, Harassment, and Retaliation; Violation of**

**the California Family Rights Act—Against Entity**

**Defendant and Does 1 to 100, Inclusive), (Harassment on**

**the Bases of Disability)—Against All Defendants and Does 1**

**to 100, Inclusive)**

18.   The allegations set forth in paragraphs 1 through 17 are re-alleged and incorporated herein by reference.

19.   At all times herein mentioned, FEHA, Government Code section 12940, *et seq.*, was in full force and effect and was binding on Entity Defendant.  This statute requires Entity Defendant to refrain from discriminating against any employee because the employee has an actual, perceived, and/or history of disability, because the employee takes protected leave under the California Family Rights Act ("CFRA") or Family Medical Leave Act ("FMLA"), and/or because of any other protected status as provided under FEHA. Prior to filing the instant Complaint, Plaintiff filed a timely administrative charge with the DFEH and received a right-to-sue letter.

20.   Government Code sections 12940(a), (i), (m), and (n) require Entity Defendant to provide reasonable accommodations to known disabled employees and to engage in a timely, good faith interactive process to accommodate known disabled employees.

21.   Government Code section 12940(k) states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to

-7-

1   prevent discrimination and harassment from occurring."

2       22.   Plaintiff's actual, perceived, and/or history of disability and/or requested

3   protected leave under the CFRA and/or FMLA and/or other protected status, protected

4   by FEHA were motivating factors in Entity Defendant's decision to terminate Plaintiff's

5   employment; not to retain, hire, or otherwise employ Plaintiff in any position; to harass

6   Plaintiff; to retaliate against Plaintiff; to refuse to accommodate Plaintiff; to refuse to

7   engage in the interactive process; and/or to take other adverse job actions against

8   Plaintiff, including fail to prevent discrimination, harassment, and retaliation.

9       23.   During the course of Plaintiff's employment, Entity Defendant failed to prevent

10  their employees from engaging in intentional actions that resulted in Plaintiff being

11  treated less favorably because of her protected status (*i.e.*, disability; or other protected

12  status). During the course of Plaintiff's employment, Entity Defendant failed to prevent

13  their employees from engaging in unjustified employment practices against employees in

14  such protected classes. During the course of Plaintiff's employment, Entity Defendant

15  failed to prevent a pattern and practice by their employees of intentional discrimination

16  and harassment on the bases of disability, and/or other protected statuses or protected

17  activities.

18      24.   Entity Defendant, through their managers and supervisors, made a number of

19  comments to and about Plaintiff that exhibited discriminatory motivations, intentions,

20  and consciousness on the bases of disability. Plaintiff believes, and on that basis alleges,

21  that Entity Defendant's real motivation was to discharge her because of her disability,

22  and/or other protected statuses or protected activities.

23      25.   Entity Defendant wholly failed to attempt any reasonable accommodation of

24  Plaintiff's known disability and/or to engage in a timely, good faith interactive process

25  with Plaintiff to accommodate her known disabilities.   Instead, Entity Defendant

26  terminated Plaintiff's employment in whole or in part because of her disability, and/or

27  other protected statuses.

28      26.   Entity Defendant's conduct, as alleged, violated FEHA, and all Defendants

-8-

committed unlawful employment practices, including by the following, separate bases for liability:

a.  Taking adverse employment actions against Plaintiff, such as discharging; barring; refusing to transfer, retain, hire, select, and/or employ; and/or, otherwise discriminating against Plaintiff—in whole or in part—on the bases of Plaintiff's disability, taking a protected leave, and/or other protected statuses or protected activities, in violation of Government Code section 12940(a);

b.  Harassing Plaintiff and/or creating a hostile work environment, in whole or in part on the bases of Plaintiff's actual, perceived, and/or history of disability; and/or, other protected statuses and/or protected activities, in violation of Government Code section 12940(j);

c.  Failing to accommodate Plaintiff's actual, perceived, and/or history of disability; and/or, other protected statuses, in violation of Government Code section 12940(m);

d.  Failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n);

e.  Failing to provide Plaintiff with requisite statutory leave, violating notice and/or other procedural requisites of leave, and/or retaliating against Plaintiff for taking leave, in violation of Government Code section 12945.2.

f.  Retaliating against Plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing Entity Defendant's failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, and/or the right to be free of discrimination and harassment, in violation of Government Code section 12940(h);

g.  Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on actual, perceived, and/or history of disability; taking a protected leave; and/or, other protected statuses and/or protected activities, in violation of Government Code section 12940(k);

PLAINTIFF'S COMPLAINT FOR DAMAGES

27. On the basis of the above, Plaintiff believes and alleges that her actual, perceived, and/or history of disability; and/or, other protected statuses and/or protected activities were substantial motivating factors in Entity Defendant's termination of her employment.

28. As a proximate result of Defendant's willful, knowing, and intentional discrimination against, harassment of, and retaliation against Plaintiff, their failure to accommodate Plaintiff's known disability and to engage in a timely, good faith interactive process, and their failure to prevent discrimination, harassment, and retaliation, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

29. As a proximate result of Entity Defendants' willful, knowing, and intentional discrimination against, harassment of, and retaliation against Plaintiff, their failure to accommodate Plaintiff's known disability and to engage in a timely, good faith interactive process, and their failure to prevent discrimination, harassment, and retaliation, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

30. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

31. Entity Defendant's misconduct was committed intentionally, in a malicious, despicable, fraudulent, and oppressive manner, entitling Plaintiff to punitive damages against Entity Defendant.

///
///
///
///
///
///

-10-

PLAINTIFF'S COMPLAINT FOR DAMAGES

SECOND CAUSE OF ACTION

(Breach of Express Oral Contract Not to Terminate

Employment Without Good Cause)—Against Entity

Defendant Only, and Does 1 to 100, Inclusive)

32.  The allegations set forth in paragraphs 1 through 31 are re-alleged and incorpo-rated herein by reference.

33.  Entity Defendant, through their agents, entered an oral agreement not to terminate Plaintiff's employment except for good cause.  Plaintiff and Entity Defendant, through their supervisors, made mutual promises of consideration pursuant to this oral agreement.   Plaintiff performed all duties required of her under the agreement by performing her job in an exemplary manner.

34.  Entity Defendant and their managers and supervisors terminated Plaintiff's employment without good cause, violating the express oral contract they had with her.

35.  As a proximate result of Entity Defendant's willful breach of the express oral contract not to terminate employment without good cause, Plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

THIRD CAUSE OF ACTION

(Breach of Implied-in-Fact Contract Not to Terminate

Employment Without Good Cause (*Marketing West, Inc. v.*

*Sanyo Fisher* (1992) 6 Cal.App.4th 603; Civil Code

§ 1622)—Against Entity Defendant Only, and Does 1 to 100,

Inclusive)

36.  The allegations set forth in paragraphs 1 through 35 are re-alleged and incorpo-rated herein by reference.

37.  On the basis of oral assurances of continued employment given to Plaintiff by Entity Defendant's supervisors, the length of Plaintiff's employment with Entity

Defendant, Entity Defendant's actual practice of terminating employment only for cause, and the industry standard for the business Entity Defendant engaged in of terminating employment only for cause, Plaintiff and Entity Defendant shared the actual understanding that Plaintiff's employment could and would be terminated only for cause. This shared understanding resulted in an implied contract requiring that Entity Defendant have good cause to terminate Plaintiff's employment.

38. Entity Defendant and their managers and supervisors terminated Plaintiff's employment without good cause, violating the implied-in-fact contract they had with her.

39. As a proximate result of Entity Defendant's willful breach of the implied-in-fact contract not to terminate employment without good cause, Plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

40. Plaintiff seeks attorneys' fees for lost wages under this cause of action under Labor Code section 218.6.

## FOURTH CAUSE OF ACTION

### (Negligent Hiring, Supervision, and Retention—Against
### Entity Defendant Only, and Does 1 to 100, Inclusive)

41. The allegations set forth in paragraphs 1 through 40 are re-alleged and incorporated herein by reference.

42. Entity Defendant owed a duty of care to Plaintiff to appoint, hire, retain, and supervise persons who would not engage in retaliatory, harassing, or discriminatory conduct. Entity Defendant owed a duty of care to Plaintiff not to retain managers or employees who would discriminate against, harass, or retaliate against employees for engaging in protected activities. Entity Defendant owed a duty of care to Plaintiff to supervise their managers and employees closely to ensure that they would refrain from harassing and retaliating against Plaintiff.

43. Entity Defendant breached these duties. As a result, Entity Defendant caused

-12-
PLAINTIFF'S COMPLAINT FOR DAMAGES

damages to Plaintiff. As a proximate result of Entity Defendant's negligent hiring, retention, and supervision of their managers and employees, Plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, according to proof.

FIFTH CAUSE OF ACTION

(Wrongful Termination of Employment in Violation of

Public Policy (FEHA and Labor Code)—Against Entity

Defendant Only, and Does 1 to 100, Inclusive)

44. The allegations set forth in paragraphs 1 through 43 are re-alleged and incorporated herein by reference.

45. Entity Defendant terminated Plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws. Specifically, Plaintiff's employment was terminated in part because of her protected status (*i.e.,* age, disability/medical condition, medical leave, need for accommodations, and/or good faith complaints, as well as her having filing a claim worker's compensation claim and/or receiving a rating, award, or settlement). These actions were in violation of FEHA and the California Labor Code (including section 132a).

46. As a proximate result of Entity Defendant's willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

47. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

48. Entity Defendant's misconduct was committed intentionally, in a malicious, fraudulent, despicable, oppressive manner, entitling Plaintiff to punitive damages against Entity Defendant.

## SIXTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress—Against All
### Defendants and Does 1 to 100, Inclusive)

49.  The allegations set forth in paragraphs 1 through 48 are re-alleged and incorporated herein by reference.

50.  Entity Defendant's discriminatory, harassing, and retaliatory actions, and Defendants' harassing actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

51.  All Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of her livelihood while she was suffering from an actual, perceived, and/or history of disability, would devastate Plaintiff and cause her extreme hardship.

52.  As a proximate result of all Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress.  Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

53.  As a proximate result of all Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

54.  All Defendants' misconduct was committed intentionally, in a malicious, oppressive manner, entitling Plaintiff to punitive damages.

///
///
///
///
///
///
///

-14-

## PRAYER

WHEREFORE, Plaintiff, Jayme Tipton, prays for judgment against defendants as follows:

1. For general and special damages according to proof;

2. For exemplary damages, according to proof;

3. For pre-judgment and post-judgment interest on all damages awarded;

4. For reasonable attorneys' fees;

5. For costs of suit incurred;

6. For declaratory relief;

7. For such other and further relief as the Court may deem just and proper.

ADDITIONALLY, Plaintiff, Jayme Tipton, demands trial of this matter by jury. The amount demanded exceeds $25,000.00 (Government Code § 72055).

Dated: October 4, 2018            SHEGERIAN & ASSOCIATES, INC.

By: _____
    Carney R. Shegerian, Esq.

    Attorneys for Plaintiff,
    JAYME TIPTON

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Carney R. Shegerian, Esq. (SBN 150461)
Shegerian & Associates, Inc.
225 Santa Monica Boulevard, Suite 700, Santa Monica, CA 90401
TELEPHONE NO.: (310)860-0770    FAX NO.: (310)860-0771
ATTORNEY FOR (Name): Plaintiff, Jayme Tipton

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Tipton v. Airport Terminal Services, Inc., et, al.

**FOR COURT USE ONLY**
CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT - 4 2018

Sherri R. Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC 7 2 4 2 6 0 |
| | | JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☒ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief  c. ☒ punitive
4. Number of causes of action (specify): Six (6) causes of actions
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 4, 2018
Carney R. Shegerian, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the *primary* cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Tipton v. Airport Terminal Services, Inc., et. al. | |

BC 724260

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 15 ☐ HOURS/ ☒ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Tipton v. Airport Terminal Services, Inc., et. al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1., ②, 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Tipton v. Airport Terminal Services, Inc., et. al. | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Tipton v. Airport Terminal Services, Inc., et, al. | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>1 World Way |
|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| Los Angeles | CA | 90045 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: <u>October 4, 2018</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE - IC**

Your case is assigned for all purposes to the judicial officer indicated below.

Reserved for Clerk's File Stamp

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT -4 2018

Sherri R. Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

CASE NUMBER: BC 724260

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| Hon. Debre K. Weintraub | 1 | 534 | | Hon. Randolph Hammock | 47 | 507 |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Terry A. Green | 14 | 300 | | Hon. Deirdre Hill | 49 | 509 |
| Hon. Richard Fruin | 15 | 307 | | Hon. Teresa A. Beaudet | 50 | 508 |
| Hon. Lia Martin | 16 | 306 | | Hon. Dennis J. Landin | 51 | 511 |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Stephanie Bowick | 19 | 311 | | Hon. Robert Broadbelt | 53 | 513 |
| Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Patricia Nieto | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Holly J. Fujie | 56 | 514 |
| Hon. Barbara Scheper | 30 | 400 | | Hon. Steven J. Kleifield | 57 | 517 |
| Hon. Samantha Jessner | 31 | 407 | | Hon. John P. Doyle | 58 | 516 |
| Hon. Daniel S. Murphy | 32 | 406 | | Hon. Gregory Keosian | 61 | 732 |
| Hon. Michael P. Linfield | 34 | 408 | | Hon. Michael L. Stern | 62 | 600 |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Mark Mooney | 68 | 617 |
| Hon. David S. Cunningham | 37 | 413 | | Hon. William F. Fahey | 69 | 621 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Monica Bachner | 71 | 729 |
| Hon. Elizabeth Feffer | 39 | 415 | | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. David Sotelo | 40 | 414 | | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Holly E. Kendig | 42 | 416 | | Hon. Michelle Williams Court | 74 | 735 |
| Hon. Mel Red Recana | 45 | 529 | | Hon. Robert S. Draper | 78 | 730 |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _____ OCT 0 4 2018 _____
(Date)

SHERRI R. CARTER, Executive Officer/Clerk of Court

By _____, Deputy Clerk

LACIV 190 (Rev 12/17)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◈**Los Angeles County Bar Association Litigation Section**◈

◈ **Los Angeles County Bar Association Labor and Employment Law Section**◈

◈**Consumer Attorneys Association of Los Angeles**◈

◈**Southern California Defense Counsel**◈

◈**Association of Business Trial Lawyers**◈

◈**California Employment Lawyers Association**◈

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                         FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

STIPULATION – DISCOVERY RESOLUTION

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

     iii.  Be filed within two (2) court days of receipt of the Request; and

     iv.  Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

⊳ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

⊳ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

⊳ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

⊳ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

⊳ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

⊳ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

⊳ (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    <span>(INSERT DATE)</span>        <span>(INSERT DATE)</span>
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____     ⮞     _____
      (TYPE OR PRINT NAME)                                   (ATTORNEY FOR PLAINTIFF)

Date:

_____     ⮞     _____
      (TYPE OR PRINT NAME)                                 (ATTORNEY FOR DEFENDANT)

Date:

_____     ⮞     _____
      (TYPE OR PRINT NAME)                                 (ATTORNEY FOR DEFENDANT)

Date:

_____     ⮞     _____
      (TYPE OR PRINT NAME)                                 (ATTORNEY FOR DEFENDANT)

Date:

_____     ⮞     _____
      (TYPE OR PRINT NAME)                                 (ATTORNEY FOR _____)

Date:

_____     ⮞     _____
      (TYPE OR PRINT NAME)                                 (ATTORNEY FOR _____)

Date:

_____     ⮞     _____
      (TYPE OR PRINT NAME)                                 (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐   Request for Informal Discovery Conference
   - ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                     FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

---

LACIV 075 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

_____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

Advantages of ADR
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

Disadvantages of ADR - ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

The Most Common Types of ADR

- Mediation

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - Mediation may not be effective when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

▫ **Arbitration**

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

▫ **Mandatory Settlement Conference (MSC)**

Settlement Conferences are appropriate in any case where settlement is an option. Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

# EXHIBIT "C"

# SHEGERIAN & ASSOCIATES, INC.

January 30, 2018

**SENT BY U.S. MAIL AND FACSIMILE**

Airport Terminal Services, Inc.
Attention: Shonta Henderson
5777 Century Blvd.
Los Angeles, California 90045

Airport Terminal Services, Inc.
Attention: Human Resources
111 Westport Plaza Drive, Suite 400
Saint Louis, MO 63146
Facsimile: (314) 739-7070

> **Re:  *Wrongful Termination of Jayme Tipton's Employment***

To Whom It May Concern:

   You will find enclosed the right-to-sue letter that Ms. Tipton obtained from the Department of Fair Employment and Housing on December 22, 2017. As you know, Ms. Tipton will be filing her complaint in court if mediation is not scheduled or her demands are not otherwise resolved.

   You may reach me at (310) 860-0770. If you have questions, please do not hesitate to contact me. It is my sincere hope that this matter can be amicably and expeditiously resolved. I look forward to hearing from you.

> Very truly yours,
>
> **SHEGERIAN & ASSOCIATES**
>
> Carney R. Shegerian

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency _____    GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 I TDD (800) 700-2320
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

December 22, 2017

Carney Shegerian
225 Santa Monica Boulevard, Ste. 700
Santa Monica, California 90401

RE:    **Notice to Complainant or Complainant's Attorney (Amended)**
       DFEH Matter Number: 908509-321022
       Right to Sue: Tipton / Airport Terminal Services, Inc. et al.

Dear Complainant or Complainant's Attorney:

Attached is a copy of your amended complaint of discrimination filed with the
Department of Fair Employment and Housing (DFEH) pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer. You or your attorney must serve the complaint. If you do not have an
attorney, you must serve the complaint yourself.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
2
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
3
**(Gov. Code, § 12900 et seq.)**

4

**In the Matter of the Complaint of**
5
Jayme Tipton                                        DFEH No. 908509-321022
C/o 225 Santa Monica Boulevard, Suite 700
6
Santa Monica, California 90401

7
vs.

8

Airport Terminal Services, Inc.
9
1 World Way
Los Angeles, California 90045
10

11
Edgar Trujillo, As an individual, Co-Respondent
12

13
Melisa Doe, As an individual, Co-Respondent

14

15
1. Respondent **Airport Terminal Services, Inc.** is a **Private Employer** subject to
16
suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, §
12900 et seq.).
17

18
2. Complainant alleges that on or about **May 9, 2017**, respondent took the following
adverse actions:
19
**Complainant was harrassed** because of complainant's Family Care or Medical
Leave (CFRA), Disability (physical or mental)
20
**Complainant was discriminated** because of complainant's Family Care or Medical
Leave (CFRA), Disability (physical or mental) and as a result of discrimination was
21
Terminated, Asked impermissible non-job-related questions, Denied a work
environment free of discrimination and/or retaliation, Denied reasonable
22
accommodation for a disability, Other
**Complainant experienced retaliation** because complainant Requested or used
23
California Family Rights Act or FMLA, Requested or used a disability-related
accommodation and as a result was Terminated, Asked impermissible non-job-
24
related questions, Denied a work environment free of discrimination and/or
retaliation, Denied reasonable accommodation for a disability.
25

26
-1-
27
*Complaint – DFEH No. 908509-321022*
28
Date Filed: December 22, 2017
Date Amended: December 22, 2017

1
2    3. Complainant **Jayme Tipton**, resides in the City of **Santa Monica** State of **California.**
3
4    **Additional Complaint Details:** Denied a work environment free of harassment;
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-2-
*Complaint -- DFEH No. 908509-321022*

Date Filed: December 22, 2017
Date Amended: December 22, 2017

VERIFICATION

I, **Jacquelyne N. Mosley-Pastrana**, am the **Authorized Representative** in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On December 22, 2017, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**San Diego, California**

-3-
*Complaint – DFEH No. 908509-321022*

Date Filed: December 22, 2017
Date Amended: December 22, 2017

# EXHIBIT "D"

11/8/2018



**LexisNexis** | Accurint® for Legal Professionals

## Person Search Results

Records: 1 to 9 of 9

**Search Terms Used - SSN:** ▮

| | All | Full Name | SSN | Address | Phone | Next Steps |
|---|---|---|---|---|---|---|
| **1.** | | JAYME D TIPTON<br>DOB:<br>Age: ▮<br>⏰ Setup Alert | ▮ | PALMDALE CA 93550-4216<br>Oct 2015 - Oct 2018 | | |

| We Also Found: | | ▣ **Phones Plus** | | ▣ **Email Address** | |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| **2.** | JAYME D TIPTON<br>DOB:<br>Age: ▮<br>⏰ Setup Alert | | PALMDALE CA 93550-4216<br>Oct 2015 - Oct 2018 | | |
| **3.** | JAYME D DANIELLE<br>DOB:<br>Age: ▮<br>⏰ Setup Alert | | PALMDALE CA 93550-4216<br>Oct 2015 - Jan 2017 | | |
| **4.** | JAYME D TIPTON<br>DOB:<br>Age: ▮<br>⏰ Setup Alert | | COMPTON CA 90220-3692<br>Sep 2009 - Apr 2016 | | |
| **5.** | JAYME D TIPTON<br>DOB:<br>Age: ▮<br>⏰ Setup Alert | | HAWTHORNE CA 90250-8913<br>Mar 2005 - Jan 2016 | ▮ | |
| **6.** | JAYME D DANIELLE<br>DOB:<br>Age: ▮<br>⏰ Setup Alert | | HOUSTON TX 77091-2503<br>May 2015 | | |
| **7.** | JAYME D TIPTON<br>DOB:<br>Age: ▮<br>⏰ Setup Alert | | HOUSTON TX 77091-2503<br>May 2015 | | |
| **8.** | JAYME D DANIELLE<br>DOB:<br>Age: ▮<br>⏰ Setup Alert | | COMPTON CA 90220-3692<br>Oct 2009 - May 2015 | | |

1/2

11/8/2018

**9.**  JAYME D DANIELLE
DOB: ▮▮▮
Age: ▮▮▮
  HAWTHORNE CA 90250-8913
Mar 2005 - Apr 2008

⏰ Setup Alert

Records: 1 to 9 of 9

Your DPPA Permissible Use: Civil, Criminal, Administrative or Arbitral Proceedings

Your GLBA Permissible Use: Legal Compliance

Your DMF Permissible Use: Legitimate Business Purpose Pursuant to a Law, Government Rule, Regulation, or Fiduciary Duty

Copyright © 20182018 LexisNexis. All rights Reserved.  Terms & Conditions | Privacy & Security