SEYFARTH SHAW LLP
Aaron R. Lubeley (SBN 199837)
alubeley@seyfarth.com
Simon L. Yang (SBN 260286)
syang@seyfarth.com
Meagan Sue O'Dell (SBN 280086)
modell@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:  (213) 270-9600
Facsimile:  (213) 270-9601

Attorneys for Defendants
AIRPORT TERMINAL SERVICES, INC.
and EDGAR TRUJILLO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JAYME TIPTON,<br><br>    Plaintiff,<br><br>    v.<br><br>AIRPORT TERMINAL SERVICES, INC., EDGAR TRUJILLO, MELISSA DOE, and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No.  2:18-cv-9503 AB (JEMx)<br><br>*Assigned to Hon. Andre Birotte Jr.*<br><br>**DECLARATION OF MEAGAN SUE O'DELL IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>[*Filed concurrently with Notice of Motion to Dismiss; Memorandum of Points and Authorities; and [Proposed] Order*]<br><br>Date:          December 21, 2018<br>Time:                    10:00 a.m.<br>Courtroom:                     7B |
|---|---|

# DECLARATION OF MEAGAN SUE O'DELL

I, Meagan Sue O'Dell, hereby declare:

1. I am an attorney at law and am licensed to practice in this Court and before all courts of the State of California. I am an associate with the law firm of Seyfarth Shaw LLP, attorneys of record for Defendants Airport Terminal Services, Inc. ("ATS") and Edgar Trujillo (collectively "Defendants") in the above-captioned action. I have personal knowledge of the matters set forth herein, and if called upon to testify, I could and would do so competently.

2. On November 13, 2018, my office sent meet and confer correspondence to Plaintiff's counsel via e-mail. This correspondence outlined the deficiencies of Plaintiff's Complaint, and offered to file a stipulation permitting Plaintiff time to file an amended complaint. A true and correct copy of this e-mail correspondence is attached hereto as **Exhibit A.**

3. On November 13, 2018, I called Plaintiff's counsel to discuss Defendants' meet and confer correspondence in greater detail. Plaintiff's counsel informed me that he needed time to review the case, and we set a time to speak on November 14, 2018.

4. On November 14, 2018, I called Plaintiff's counsel to continue our discussion regarding the deficiencies of Plaintiff's Complaint. During that call, Plaintiff's counsel acknowledged that Plaintiff's claims for violation of the Family and Medical Leave Act ("FMLA") and California Family Rights Act ("CFRA") should be dismissed, and that Plaintiff was willing to dismiss Melissa Doe as well. Plaintiff declined Defendants' request to dismiss Edgar Trujillo, or to amend her compound first cause of action or breach of contract claims. Plaintiff indicated an intent to amend the Complaint to add an additional Defendant.

5. I informed Plaintiff's counsel that I would need to speak with my client to determine whether we would stipulate to allow Plaintiff to add an additional party. In light of the need for ongoing discussions, I asked Plaintiff's counsel for a one week

extension for Defendants to respond to Plaintiff's Complaint. Plaintiff's counsel advised that a one week extension was agreeable to permit the Parties time to finalize a stipulation to allow Plaintiff to amend the Complaint.

6. That same day, on November 14, 2018, I e-mailed to Plaintiff's counsel a draft Stipulation to Extend the Time for Defendants to Respond to Plaintiff's Complaint. In response, Plaintiff's counsel contended for the first time that Plaintiff would no longer agree to dismiss the CFRA/FMLA claims (which Plaintiff contended were the grounds for this Court's subject matter jurisdiction) or address any other issues Defendants raised regarding the Complaint unless Defendants agreed to stipulate to remand the case to state court upon Plaintiff's filing of a First Amended Complaint.

7. I found Plaintiff's counsel's new position confusing, since at no time was the issue of remand discussed as a condition precedent to the stipulation or Plaintiff's offer to amend the Complaint. I responded via e-mail notifying him of this fact and also informed him that dismissal of the CFRA and FMLA claims would not address Defendants' removal on diversity grounds. I advised Plaintiff's counsel that Defendants were willing to consider Plaintiff's proposal to remove the CFRA/FMLA claims, dismiss Melissa Doe, and add an additional defendant, but that such consideration appeared futile based on Plaintiff's new stance. Plaintiff's counsel refused to budge regarding insistence on a stipulated remand as a requirement of any agreement to correct flaws in the pleadings. A true and correct copy of my e-mail exchange with Plaintiff's counsel is attached hereto as **Exhibit B.**

8. Plaintiff's counsel has not waivered on his demand; thus, making Defendants' Motion essential to address the deficiencies of the Complaint.

I declare under penalty of perjury under the laws of the United States and the laws of the State of California that the foregoing is true and correct.

Executed this 15th day of November 2018, at Los Angeles, California.

*/s/ Meagan Sue O'Dell*
MEAGAN SUE O'DELL