SEYFARTH SHAW LLP
Aaron R. Lubeley (SBN 199837)
alubeley@seyfarth.com
Simon L. Yang (SBN 260286)
syang@seyfarth.com
Meagan Sue O'Dell (SBN 280086)
modell@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   (213) 270-9600
Facsimile:    (213) 270-9601

Attorneys for Defendants
AIRPORT TERMINAL SERVICES, INC.
and EDGAR TRUJILLO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYME TIPTON,<br><br>    Plaintiff,<br><br>    v.<br><br>AIRPORT TERMINAL SERVICES, INC., EDGAR TRUJILLO, MELISSA DOE, and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No.  2:18-cv-9503 AB (JEMx)<br><br>*Assigned to Hon. Andre Birotte, Jr.*<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>[FED. R. CIV. P. 12(b)(6)]<br><br>[*Filed concurrently with Notice of Motion to Dismiss; Declaration of Meagan Sue O'Dell; and [Proposed] Order*]<br><br>Date:                      December 21, 2018<br>Time:                             10:00 a.m.<br>Courtroom:                              7B |

# **TABLE OF CONTENTS**

I.      SUMMARY OF ARGUMENT.................................................................................1

II.     SUMMARY OF LAWSUIT..................................................................................2

III.    LEGAL STANDARD.........................................................................................3

IV.     THE COMPOUND "FIRST CAUSE OF ACTION" MUST BE DISMISSED BECAUSE IT FAILS TO MEET PLEADING STANDARDS ......................................................................................4

      A.      Any CFRA or FMLA-Based Causes of Action Must Be Dismissed Because the Complaint Alleges that Plaintiff Was Not Eligible for CFRA or FMLA Benefits...............................5

      B.      Any Harassment Cause of Action Must Be Dismissed Because There Is No Factual Allegation of Unlawful Conduct....................................6

           1.      Plaintiff's Claim for Harassment Against ATS and Trujillo Must Be Dismissed Because No Severe or Pervasive Conduct is Alleged. ...............................6

           2.      Plaintiff's Claim for Harassment Against ATS and Trujillo Must Be Dismissed Because the Conduct Alleged Constitutes Nonactionable Personnel Management Decisions...............................7

                a.      Trujillo Cannot Be Individually Liable for Personnel Management Decisions...............................7

                b.      No Actionable Harassment Has Been Alleged Against ATS...............................8

V.      THE SECOND AND THIRD CAUSES OF ACTION MUST BE DISMISSED BECAUSE THE COMPLAINT FAILS TO ALLEGE FACTS TO SHOW THE EXISTENCE OF AN ORAL OR IMPLIED CONTRACT...............................10

      A.      There Is a Presumption of At-Will Employment. ........................................10

      B.      The Complaint Fails to Allege Facts Showing the Plausible Existence of an Oral Contract to Terminate Only for Good Cause. .............11

      C.      The Complaint Fails to Allege Facts Showing the Plausible Existence of an Implied Contract to Terminate Only for Good Cause. ...............................13

VI.     PLAINTIFF'S CLAIM FOR NEGLIGENT HIRING, SUPERVISION, AND RETENTION MUST BE DISMISSED BECAUSE WORKERS' COMPENSATION LAW BARS NEGLIGENCE ACTIONS AGAINST EMPLOYERS...............................15

VII.    PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS MUST BE DISMISSED BECAUSE THERE IS NO INTENTIONAL OUTRAGEOUS CONDUCT ........................................15

i

A.     Plaintiff's Claim for IIED Against Trujillo and ATS Must Be Dismissed Because Plaintiff Has Not and Cannot Plead Intentional Outrageous Conduct. ..................................................... 16

B.     Plaintiff's Claim for IIED Against Trujillo Must Be Dismissed Due to the Doctrine of Managerial Immunity. ..................................... 17

VIII.   CONCLUSION .................................................................. 19

ii

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937 (2009)..................................................................4, 5

*Associated General Contractors of California, Inc. v. California State*
    *Counsel of Carpenters*,
    459 U.S. 519, 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983) ...................................3

*Balistreri v. Pacifica Police Dept.*,
    901 F.2d 696 (9th Cir. 1990) ...............................................................................3

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ........................4, 5

*U.S. ex rel. Chunie v. Ringrose*,
    788 F.2d 638 (9th Cir. 1986) ...............................................................................3

*Erhart v. BofI Holding, Inc.*,
    269 F. Supp. 3d 1059 (S.D. Cal. 2017)............................................................14

*Estrada v. Gate Gourmet, Inc.*,
    2017 WL 2468773 (C.D. Cal. June 6, 2017) .........................................14, 15

*In re Gilead Sciences Securities Litig.*,
    536 F.3d 1049 (9th Cir. 2008) .............................................................................3

*King v. AC & R Adver.*,
    65 F.3d 764 (9th Cir. 1994) ...............................................................................18

*Landucci v. State Farm Ins. Co.*,
    65 F. Supp. 3d 694 (N.D. Cal. 2014)................................................................14

*McCabe v. Gen. Foods Corp.*,
    811 F.2d 1336 (9th Cir. 1987) ..........................................................................18

*Ramirez v. Little Caesars Enters., Inc.*,
    2018 WL 5816107 (C.D. Cal. Nov. 2, 2018) .........................................*passim*

*Shue v. Optimer Pharm., Inc.*,
    2017 WL 3316259 (S.D. Cal. Aug. 1, 2017)...................................................11

*Shue v. Optimer Pharm., Inc.*,
    2018 WL 1116567 (S.D. Cal. Feb. 27, 2018).........................................12, 14

*Tam v. Qualcomm, Inc.*,
    300 F. Supp. 3d 1130 (S.D. Cal. 2018).............................................................11

iii

**State Cases**

*Aalgaard v. Merchants Nat. Bank, Inc.*,
224 Cal. App. 3d 674 (1990), cert. denied, 502 U.S. 901 (1991)..................................18

*Aguilar v. Avis Rent A Car Sys., Inc.*,
21 Cal. 4th 121 (1999) ........................................................................................................6

*Becket v. Welton Becket & Assocs.*,
39 Cal. App. 3d 815 (1974) ..............................................................................................18

*Christensen v. Superior Court*,
54 Cal. 3d 868 (1991) ........................................................................................................16

*Drzewiecki v. H&R Block, Inc.*,
24 Cal. App. 3d 695 (1972) ..............................................................................................12

*Eisenberg v. Alameda Newspapers, Inc.*,
74 Cal. App. 4th 1359 (1999) .....................................................................................10, 15

*Foley v. Interactive Data Corp.*,
47 Cal. 3d 654 (1988) ........................................................................................................10

*Guz v. Bechtel Nat'l Inc.*,
24 Cal. 4th 317 (2000) ......................................................................................................13

*Halvorsen v. Aramark Uniform Services, Inc.*,
65 Cal. App. 4th 1383 (1998) ...........................................................................................12

*Janken v. GM Hughes Elecs.*
46 Cal. App. 4th 55 ................................................................................................16, 17, 18

*Marin v. Jacuzzi*,
224 Cal. App. 2d 549 (1964) .............................................................................................19

*Newfield v. Insurance Co. of the West*,
156 Cal. App. 3d 440 (1984) .............................................................................................12

*Reno v. Baird*,
18 Cal. 4th 640 (1998) .....................................................................................................7, 8

*Roby v. McKesson Corp.*,
47 Cal. 4th 686 (2009) .....................................................................................................8, 9

*Sheppard v. Freeman*,
67 Cal. App. 4th 339 (1998) ..............................................................................................18

*Singh v. Southland Stone, U.S.A., Inc.*,
186 Cal. App. 4th 338 (2010) ............................................................................................10

*Smith v. Int'l Bhd. Of Elec. Workers*,
109 Cal. App. 4th 1637 (2003) ..........................................................................................17

*Yurick v. Superior Court*,
209 Cal. App. 3d 1116 (1989) ...........................................................................................18

iv

**Federal Statutes**

29 U.S.C.A. § 2611(2) ...................................................................................... 5

Family and Medical Leave Act ................................................................ 1, 5, 6

**State Statutes**

Cal. Gov't Code § 12940(j) ............................................................................ 7

Cal. Lab. Code § 2922 ............................................................................ 10, 13

California Family Rights Act ................................................................... *passim*

**Rules**

Federal Rules of Civil Procedure 12(b)(6) ...................................................... 3

**Regulations**

29 C.F.R. § 825.110 ........................................................................................ 5

California Code of Regulations, Title 2, § 7287.6, subd. (b)(1)(A) ................... 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I.    SUMMARY OF ARGUMENT

The Complaint filed by Plaintiff, Jayme Tipton, alleges the termination of her employment was somehow wrongful. The few factual allegations in the Complaint fail to meet federal pleading standards that require "more than labels and conclusions." But not only does the Complaint fail to allege facts sufficient to state plausible claims, it also fails to provide even the labels for what causes of action Plaintiff is attempting to pursue and against whom.

Defendants Airport Terminal Services, Inc. ("ATS") and Edgar Trujillo thus move to dismiss the Complaint in its entirety, including the first cause of action for "Violation of FEHA," which seemingly seeks to litigate at least seven distinct causes of action against Defendants. The Complaint alleges and admits Plaintiff worked for only about a half a year (7 months) for ATS. Thus, to the extent the Complaint is pursuing causes of action for violations of the California Family Rights Act ("CFRA") or Family and Medical Leave Act ("FMLA") as a "Violation of FEHA," Plaintiff cannot assert these claims because she was not eligible for protection under these statues. To the extent Plaintiff is pursuing a cause of action for harassment, the Complaint simply fails to allege any outrageous conduct and, at best, alleges non-actionable personnel management actions only. Regardless of the claims actually being alleged, the first cause of action, like the fifth cause of action for wrongful termination, are unsupported by factual allegations showing plausible claims.

As for the Complaint's other causes of action, they also fail to state plausible claims. The second and third causes of action suggest the termination was an unlawful breach of contract, but Plaintiff fails to allege facts showing that she had an oral or implied contract that altered the presumption of at-will employment in California. The fourth cause of action alleges a tort claim for "Negligent Hiring, Supervision, and Retention," which fails as a matter of law due to workers' compensation exclusivity. The remaining cause of action for "Intentional Infliction of Emotional Distress" ("IIED") fails

since the Complaint is devoid of any allegations of outrageous conduct, and the single action attributed to Trujillo—receipt of a doctor's note—is a nonactionable personnel management action.

## II.    SUMMARY OF LAWSUIT

In October 2016 Plaintiff was hired by ATS to work as a Groomer to perform housekeeping duties on planes. Compl. ¶¶ 8, 11(a). Approximately half a year later, her employment ended in May 2017. *Id.* ¶ 12. In this lawsuit, Plaintiff claims that her employment was wrongfully terminated.

The Complaint alleges that in March 2017 Plaintiff suffered an injury at work. *Id.* ¶ 11(a). It alleges that on April 6, 2017, Plaintiff informed her supervisor, Damian Neri, of the injury, then on April 11 went to see a doctor who placed her on medical leave until April 19. *Id.* ¶ 11(b). It also alleges Plaintiff provided a doctor's note to Neri, as well as another supervisor, Trujillo. *Id.* ¶ 11(c). It then alleges that on April 18 Plaintiff's doctor extended her medical leave, which was to end on April 19, to instead end on May 1. *Id.* ¶ 11(d). The Complaint does not say who Plaintiff informed, but it does say "Plaintiff immediately informed her employer." *Id.* ¶ 11(e). Next, it alleges that on May 1 Plaintiff's doctor again extended her medical leave, which was to end that day, to instead end on May 15. *Id.* ¶ 11(e). For this extension, the Complaint alleges that Plaintiff provided a doctor's note to Ora Doe, the Crew Chief. *Id.* The Complaint claims that on May 8 Plaintiff received a call from Shonta Henderson, a human resources representative, who explained that ATS needed to fill her position. *Id.* ¶ 12. It says that several days later Plaintiff received a final paycheck and letter terminating her employment. *Id.*

Based on these allegations (that Defendants dispute and deny), Plaintiff enumerates six causes of action against ATS in the Complaint.[1] Specifically, Plaintiff lists causes of action for: (1) "Violation of FEHA"; (2) "Breach of Express Oral Contract Not to Terminate Employment Without Good Cause"; (3) "Breach of Implied-In-Fact Contract Not to Terminate Employment Without Good Cause"; (4) "Negligent Hiring,

---

[1] The Complaint names Trujillo as a defendant to the first and sixth causes of action only.

Supervision, and Retention"; (5) "Wrongful Termination of Employment in Violation of Public Policy"; and (6) "Intentional Infliction of Emotional Distress."

Plaintiff actually pursues at least 12 causes of action. In addition to the second through sixth causes of action enumerate in the Complaint, the "first cause of action" for "Violation of FEHA" actually contains at least seven separate causes of action for: (1) Discrimination on the Basis of Disability; (2) Retaliation on the Basis of Disability; (3) Failure to Accommodate; (4) Failure to Engage in the Interactive Process; (5) Failure to Prevent Discrimination, Harassment, and Retaliation; (6) Violation of CFRA; and (7) Harassment on the Basis of Disability. *Id.*

## III.    LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed when the allegations fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A party may move to dismiss for failure to state a claim upon which relief can be granted and a complaint may be dismissed on this basis for two reasons: (1) lack of a cognizable legal theory; or (2) the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

When deciding a motion to dismiss, a court is **not** required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986), and must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated … laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Counsel of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983).

Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of a claim that would

3

entitle him or her to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-63, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ("*Twombly*"). However, a complaint must provide "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The "mere plausibility of misconduct" is not enough to state a viable claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) ("*Iqbal*"). Likewise, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949-50.

Following the decisions of the Supreme Court in *Twombly* and *Iqbal*, a two-pronged analysis must be used to determine the sufficiency of the factual allegations of a complaint: (1) the Court first identifies and disregards conclusory allegations which are not entitled to a presumption of truth; and (2) the Court then determines whether the remaining allegations, if taken as true, present a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1950.

## IV. THE COMPOUND "FIRST CAUSE OF ACTION" MUST BE DISMISSED BECAUSE IT FAILS TO MEET PLEADING STANDARDS

The Complaint's first cause of action for "Violation of FEHA" fails to meet pleading standards. While it is well established that a complaint must plead "more than labels and conclusions," the first cause of action does not even label the myriad claims potentially alleged in the first cause of action.

As explained above, the first cause of action alleges at least seven distinct causes of action for: (1) Discrimination; (2) Retaliation; (3) Failure to Accommodate; (4) Failure to Engage in the Interactive Process; (5) Failure to Prevent Discrimination, Harassment, and Retaliation; (6) Violation of CFRA; and (7) Harassment. Each of these seven causes of action have separate elements that must be proven to establish a viable claim. Plaintiff must be required to separately plead each of these claims, as each confers a separate primary right. For example, it is well established that individuals may not be liable for discrimination under FEHA. The pleading in the Complaint, however, seeks to allege

4

improper claims, remains uncertain, and prevents Defendants from being able to answer the Complaint.

Moreover, each of the individual claims lacks the requisite facts to make them viable causes of action. For example, and as discussed below, while the Complaint alleges a harassment cause of action, the Complaint entirely fails to identify any harassing conduct. Instead, the first cause of action simply contains statements of the law and conclusions that Plaintiff's disability and medical leave were motivating factors for allegedly wrongful conduct. Compl. ¶¶ 19-21. A complaint, however, must provide "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Mere conclusory statements, like those provided by Plaintiff, are insufficient. *See Iqbal*, 129 S. Ct. 1937, 1949-50.

Plaintiff cannot state claims lacking both labels and supporting factual allegations. The first failure to even identify causes of action precludes Defendants from being able to respond to the claims, and the second failure to rely entirely on conclusory statements further frustrates Defendants from determining what claims the Complaint actually intends to pursue. As currently pled, the first cause of action for "Violation of FEHA" does not satisfy the *Twombly* and *Iqbal* standards and should be dismissed in its entirety.

### A. Any CFRA or FMLA-Based Causes of Action Must Be Dismissed Because the Complaint Alleges that Plaintiff Was Not Eligible for CFRA or FMLA Benefits.

To the extent that Plaintiff is attempting to bring a cause of action for violation of CFRA or FMLA under the first cause of action, any CFRA or FMLA-based causes of action must be dismissed as a matter of law. The Complaint admits that Plaintiff began her employment in October 2016 and ended her employment in May 2017—a period of approximately seven months. Compl. ¶¶ 8, 12. In order to be eligible for CFRA or FMLA benefits, Plaintiff had to be employed by ATS for a period of twelve months and have worked 1,250 hours. 29 C.F.R. § 825.110; 29 U.S.C.A. § 2611(2). Plaintiff did not meet

5

these requirements, and thus, ATS cannot be found liable for a violation of CFRA or FMLA.

Furthermore, to the extent any of Plaintiff's claims for discrimination, harassment, retaliation, or the like are predicated on a violation of CFRA or FMLA, these claims also fail based on the allegations in the Complaint and should be dismissed.

### B. Any Harassment Cause of Action Must Be Dismissed Because There Is No Factual Allegation of Unlawful Conduct.

To the extent that Plaintiff is attempting to bring a harassment cause of action under the first cause of action, the claim for harassment against Trujillo and ATS fails. Even when read in the light most favorable to Plaintiff, the Complaint fails to allege a single fact of conduct that could qualify as harassment. Plaintiff merely alleges that she provided doctor's notes to individuals at ATS and informed some individuals that she was being treated for an injury. *See generally* Compl. ¶¶ 8-11. These allegations hardly rise to the level of harassment.

### 1. Plaintiff's Claim for Harassment Against ATS and Trujillo Must Be Dismissed Because No Severe or Pervasive Conduct is Alleged.

To prevail on a hostile workplace claim premised on disability, irrespective of whether the defendant is a supervisory employee, coworker or an entity, a plaintiff must demonstrate that a defendant engaged in conduct that is sufficiently severe or pervasive to alter the conditions of a plaintiff's working environment. *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 130 (1999) (quoting *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 608 (1989)). California Code of Regulations, title 2, section 7287.6, subd. (b)(1)(A), defines harassment to include "[v]erbal harassment, e.g., epithets, derogatory comments or slurs on a basis enumerated in the Act." However, "[h]arassment cannot be occasional, isolated, sporadic, or trivial; rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature." *Aguilar*, 21 Cal. 4th at 131 (quoting *Fisher*, 214 Cal. App. 3d at 610). The actions alleged by Plaintiff do not rise to this level.

Plaintiff does not contend that Defendants' alleged actions altered the conditions of her working environment, nor does she allege a single instance of derogatory comments. Plaintiff merely states that she provided doctor's notes to ATS and verbally informed ATS of her injury, and that ATS advised her that they needed to fill her position and ultimately terminated her employment. Compl. ¶¶ 8-12. Even read in the light most favorable to Plaintiff, these alleged actions were not facts establishing harassing conduct nor sufficiently severe or pervasive to support a claim for harassment.

### 2. Plaintiff's Claim for Harassment Against ATS and Trujillo Must Be Dismissed Because the Conduct Alleged Constitutes Nonactionable Personnel Management Decisions.

#### a. Trujillo Cannot Be Individually Liable for Personnel Management Decisions.

California Government Code section 12940(j) provides that it is an unlawful employment practice for "an employer . . . or any other person, because of disability…to harass an employee." As the California Supreme Court held in *Reno v. Baird*, 18 Cal. 4th 640, 647 (1998), only employers are liable for the personnel management actions of their supervisors:

> By the inclusion of the "agent" language the Legislature intended only to ensure that employers will be held liable if their supervisory employees take actions later found discriminatory, and that employers cannot avoid the liability by arguing that a supervisor failed to follow instructions or deviated from the employer's policy.

*Id.* (internal citation and quotation omitted). Moreover, the court in *Baird* defined harassment, and specifically excluded from that definition conduct which is part and parcel of a supervisory employee's job performance. *Id.* at 645-46 ("Harassment consists of a type of conduct not necessary for performance of a supervisory job. Instead, harassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives. Harassment is not conduct of a type necessary for management of

7

the employer's business or performance of the supervisory employee's job.") (quoting *Janken v. GM Hughes Elecs.* 46 Cal. App. 4th 55, 62-63(1996)).

In the instant case, Plaintiff has only made a single allegation against Trujillo - receipt of a doctor's note. (Compl. ¶ 11(c).) This passive act that was clearly conduct necessary for the performance of his job is not actionable as a claim of harassment against individual defendants in a supervisory capacity. *See Baird*, 18 Cal. 4th at 646.[2]

"[M]anagers may be individually liable for harassment where their personnel or management decisions 'have a secondary effect of communicating a hostile message. This occurs when the actions establish a widespread pattern of bias.'" *Roby v. McKesson Corp.,* 47 Cal. 4th 686, 709 (2009). It is evident that the single action alleged in the Complaint as to Trujillo (receipt of a doctor's note) does not plausibly have "a secondary effect of communicating a hostile message." *Id.* As such, Plaintiff's claim for harassment should be dismissed as to Trujillo.

**b.    No Actionable Harassment Has Been Alleged Against ATS.**

While employers can be liable for the harassing actions of their employees, personnel management decisions cannot be the basis for liability.

This case is similar to the *Ramirez v. Little Caesars Enters., Inc.*, 2018 WL 5816107 (C.D. Cal. Nov. 2, 2018) matter that this Court faced recently. In *Ramirez*, this Court held that:

> . . . all of the actions that Plaintiff alleges the Individual Defendants engaged
>
> in or failed to engage in are properly categorized as management actions,
>
> including responding to employee complaints, determining whether to
>
> conduct investigations into complaints, calling employees into their office

---

[2] It should be noted that the only actions attributed to any individuals were clearly conduct that was part and parcel to their job duties. For example, Damien Neri was merely informed that Plaintiff intended to seek medical treatment and that she was placed off work. Compl. ¶ 11(b)-(c). Ora Doe was provided with a doctor's note. *Id.* at ¶ 11(e). Shonta Henderson simply informed Plaintiff that ATS needed to fill her position. *Id.* at ¶ 12. None of these alleged acts, even if true, could support a claim for harassment against any individual defendants.

8

and asking why an employee has overtime, requesting that employees sign documents, declining evaluation and accommodation for disabilities, and making decisions on whether to terminate an employee's employment. These are the kinds of "commonly necessary personnel management actions" that may give rise to a claim against an employer for employment discrimination, but that do not ordinarily give rise to a claim against another employee for harassment.

*Id.* at *6.

Here, the only purported actions that are alleged in the Complaint include: (1) receipt of a doctor's note; (2) being informed that medical treatment would be sought; (3) informing Plaintiff that ATS needed to fill her position; and (4) terminating Plaintiff's employment. None of these alleged actions, even if true, could possibly constitute harassment based on disability. They clearly fall within the realm of management actions, which are not actionable for harassment. Plaintiff utterly fails to plead sufficient facts to eke out a claim for hostile work environment against the Defendants.

Just as this Court found in *Ramirez*, the employment actions "appear to be precisely the routine personnel management activities attributable to the employer." *Ramirez*, 2018 WL 5816107, at *7. All of the alleged actions are "official employment actions that [allegedly] were motivated by improper bias," and thus present claims for discrimination, if anything. *See Roby*, 47 Cal. 4th at 708.

Since Plaintiff has failed, as a matter of law, to plead allegations sufficient that, if taken as true, could establish a cause of action for disability-based harassment, Plaintiff's cause of action must be dismissed. Moreover, as this Court found in *Ramirez*, since Plaintiff is unable to turn these employment actions into a viable claim, she is unable to cure the deficiency and leave to amend should not be granted.

9

## V. THE SECOND AND THIRD CAUSES OF ACTION MUST BE DISMISSED BECAUSE THE COMPLAINT FAILS TO ALLEGE FACTS TO SHOW THE EXISTENCE OF AN ORAL OR IMPLIED CONTRACT

### A. There Is a Presumption of At-Will Employment.

The Complaint's second and third causes of action assume that Plaintiff worked for ATS pursuant to an employment contract to terminate only for good cause. But employment in California is presumed to be "at will." Cal. Lab. Code § 2922. *Accord Singh v. Southland Stone, U.S.A., Inc.*, 186 Cal. App. 4th 338, 356 (2010) ("Labor Code section 2922 creates a presumption that employment is at will."); *Eisenberg v. Alameda Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1386 (1999) ("[T]here is a statutory presumption that employment is terminable at will, and a contract of employment may be ended at any time at the option of either party.").

In order to overcome the presumption of at-will employment, Plaintiff has the burden of proof to show an express or implied employment agreement to terminate only for good cause. *E.g., Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 682 (1988) (explaining an employee has the burden of proof to show an agreement not to terminate without good cause and thus to rebut the statutory presumption of at-will employment). The Complaint fails to meet Plaintiff's burden to at least allege facts making such contract-based claims plausible.

Plaintiff does not attempt to argue that she was subject to an express written contract specifying that she would be terminated only for good cause.[3] Instead, the Complaint first tries to bring a claim based on an oral contract under the second cause of action. It next attempts to preserve a backup contract-based claim based on an implied contract under the third cause of action. Neither purported cause of action is supported by any factual allegations. Both fail to state a plausible claim.

---

[3] Nor could she. Although outside the scope of the Complaint, any written documents related to Plaintiff's employment would confirm the presumption of at-will employment.

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.    The Complaint Fails to Allege Facts Showing the Plausible Existence of an Oral Contract to Terminate Only for Good Cause.**

The second cause of action for breach of an oral contract is based entirely on a conclusory assertion that someone "entered an oral agreement not to terminate Plaintiff's employment except for good cause." (Compl. ¶ 33.) The Complaint, however, lacks factual allegations to make plausible the existence of an oral contract. *E.g., Tam v. Qualcomm, Inc.*, 300 F. Supp. 3d 1130, 1145–46 (S.D. Cal. 2018) ("Plaintiff's statement that there was 'a contract of employment' is a legal conclusion. There are no facts, for example, that the parties agreed to an express contract, i.e., if there were terms when Plaintiff was hired or what those terms might have been. The Court finds that, as pled, there was no express contract and that the statutory presumption of an at-will contract applies.").

Here, the Complaint does not allege who Plaintiff spoke to, what she was told, when any conversation occurred, or what supposed meeting of the minds occurred. Of course, the Complaint also fails to allege whether the unnamed individual who purportedly entered into an oral contract with Plaintiff had the authority to do so. Simply put, the Complaint fails to provide any factual context whatsoever about the context or substance of any communications purportedly creating an oral contract. Since "Plaintiff does not identify the time, place, or give any other context from which the Court may draw a reasonable inference that [some individual], on behalf of [the employer], intended this statement to convey a promise to Plaintiff that [s]he would only be terminated for cause," the oral contract claim must be dismissed. *E.g., Shue v. Optimer Pharm., Inc.*, 2017 WL 3316259, at *7 (S.D. Cal. Aug. 1, 2017) (granting motion to dismiss; "Plaintiff did not offer any context for [his employer's] statement, nor did Plaintiff allege any facts regarding the implicit assurances he claimed to have received. [While] Plaintiff asserts he 'had a personal understanding that he would be permitted to remain in his position with [his employer] as long as he did not engage in any misconduct that would justify

DEFENDANTS' 12(B)(6) MOTION TO DISMISS

1  termination for cause.' But he does not include any facts to support his personal

2  understanding.").

3      At best, what the Complaint alleges would be "oral assurances of continued

4  employment," (Compl. ¶ 37), which are insufficient to establish the plausible existence of

5  an oral contract to terminate only for good cause. Such "assurances of continued

6  employment" and other agreements for employment to continue for an indefinite period

7  of time are nothing more than an at-will employment contract, as a matter of law. *E.g.,*

8  *Halvorsen v. Aramark Uniform Services, Inc.*, 65 Cal. App. 4th 1383, 1389 (1998)

9  (affirming that plaintiff did not overcome the presumption of at-will employment with

10  vague assurances of continued employment; "an alleged oral contract with vague and

11  uncertain terms is not binding"); *Newfield v. Insurance Co. of the West*, 156 Cal. App. 3d

12  440, 443 (1984) (explaining a plaintiff could not show an implied contract based on a

13  promise that he would have "a permanent career;" "this type of promise has been

14  considered by the courts in California and has been found to create only a contract

15  terminable at will"); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 702, 704-705

16  (1972) ("Contracts which purport to give a person permanent employment through the

17  use of such phrases as 'for life,' or 'for so long as the employee chooses,' or 'so long as

18  the employee's work is satisfactory,' without nothing more, are for an indefinite period

19  and are terminable at the will of either party.).

20      Without any factual allegation to support the conclusory assertion of an oral

21  contract to terminate only for good cause (and in light of the statutory presumption of at-

22  will employment), Plaintiff has not alleged the facts necessary to state a plausible claim.

23  For example, even when a plaintiff alleges that he was told by his employer's founders

24  that he and the company would be "partners to the end" and "would share in the success

25  of the business and reap the benefits of its success," courts dismiss breach of oral contract

26  claims for failing to state plausible allegations overcoming the presumption of at-will

27  employment. *E.g., Shue v. Optimer Pharm., Inc.*, 2018 WL 1116567, at *3 (S.D. Cal.

28  Feb. 27, 2018) ("It is not uncommon for employers to be concerned that their talent may

be poached by other companies. … But Plaintiff's allegations do not come close to establishing [his employer's] conveyance of such a promise. Simply put, the Court is not able to draw a reasonable inference that [the individual], on behalf of [the employer], intended to convey a promise to Plaintiff that he would only be terminated for cause … .").

Accordingly, because the Complaint fails to allege facts showing the plausible existence of an oral contract to terminate only for good cause, the second cause of action must be dismissed.

### C. The Complaint Fails to Allege Facts Showing the Plausible Existence of an Implied Contract to Terminate Only for Good Cause.

The third cause of action for breach of an implied contract to terminate only for good cause also relies on unspecified "oral assurances." (Compl. ¶ 37.) While the Complaint also lists additional conclusory assertions, they are wholly unsupported by any factual allegations. Specifically, the Complaint alludes to "the length of Plaintiff's employment," "Defendant's actual practice," and "the industry standard" without providing any factual allegation to explain how the assertions would support the plausible existence of an implied contract to terminate only for good cause. (*Id.*)

To the extent Plaintiff claims the Complaint plausibly alleges an implied contract based on her longevity of employment, she is wrong as a matter of law. Cal. Lab. Code § 2922; *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 341-42 (2000) ("[A]n employee's mere passage of time in the employer's service, even where marked with tangible indicia that the employer approves the employee's work, cannot alone form an implied-in-fact contract that the employee is no longer at will. Absent other evidence of the employer's intent, longevity, raises and promotions are their own rewards for the employee's continuing valued service; they do not, in and of themselves, additionally constitute a contractual guarantee of future employment security.").

Moreover, even if "the length of Plaintiff's employment" generally could support the existence of an implied contract, the Complaint alleges that Plaintiff worked for ATS

13

for approximately half a year only. Compl. ¶¶ 8, 12. The few factual allegations in the Complaint thus make implausible an implied contract based on Plaintiff's longevity of service. *E.g., Estrada v. Gate Gourmet, Inc.*, 2017 WL 2468773, at \*7 (C.D. Cal. June 6, 2017) ("Plaintiff worked for Defendant for less than one year, so longevity of service weighs against a finding overcoming the presumption."); *see also Landucci v. State Farm Ins. Co.*, 65 F. Supp. 3d 694, 713-14 (N.D. Cal. 2014) (dismissing implied contract claim for 20-year employee since "longevity of service and good performance reviews alone are not enough to prove the existence of an implied contract").

Similarly, conclusory assertions about "Defendant's actual practice" or "the industry standard" are also non-starters. They fail to state a plausible claim when the Complaint lacks any factual allegations either to identify what the actual practice or industry standard would be or to show how that practice or standard could make plausible the existence of an implied contract. *E.g., Erhart v. BofI Holding, Inc.*, 269 F. Supp. 3d 1059, 1082 (S.D. Cal. 2017) (granting motion to dismiss; explaining that when plaintiff "does not detail any factual allegations about [the employer's] employment policies or procedures or the norms within the financial industry that support an inference that [the employer's] termination rights were limited by an implied contract … . [The plaintiff] cannot rely on an implied contract theory to support his claim.").

Even when plaintiffs allege that a specific practice or specific standard exists in a specific industry as to specific types of workers, courts routinely dismiss implied contract claims when such allegations are untethered to any basis for a reasonable inference that such practice or standard manifested an intent to alter the plaintiff's presumed at-will employment status. *E.g., Shue*, 2018 WL 1116567, at \*3 ("[T]he mere fact that the pharmaceutical industry may have an industry practice of not terminating researchers and management without cause does not, in it of itself, plausibly describe [the employer's] intention to change Plaintiff's admittedly at-will employment status.").[4]

---

[4] Indeed, other courts addressing claims against employers in the airline service industry have not been precluded by any industry standard in dismissing implied contract claims.

14

Here, the Complaint lacks any factual allegations to make plausible the existence of an implied contract based on "Defendant's actual practice" or "the industry standard," and the scant factual allegations regarding Plaintiff's employment for half a year rebut any notion that an implied contract could exist based on "the length of Plaintiff's employment." *Eisenberg v. Alameda Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1386 (1999) (explaining "the issue of the existence of an implied-in-fact contract not to terminate except for good cause may appropriately be resolved as a matter of law").

Accordingly, because the Complaint fails to allege facts showing the plausible existence of an implied contract to terminate only for good cause, the third cause of action also must be dismissed.

## VI. PLAINTIFF'S CLAIM FOR NEGLIGENT HIRING, SUPERVISION, AND RETENTION MUST BE DISMISSED BECAUSE WORKERS' COMPENSATION LAW BARS NEGLIGENCE ACTIONS AGAINST EMPLOYERS

As this Court aptly noted in *Ramirez*, "Workers' compensation law bars negligence claims by employees against their employers." 2018 WL 5816107, at *8. According to Plaintiff's Complaint, she filed a Workers' Compensation claim. *See* Compl. ¶ 45. Therefore, she had the opportunity to address claims of negligence in that forum. Thus, Plaintiff's claim against ATS for its alleged negligent hiring, supervision, and retention fails and cannot be remedied by amendment.

## VII. PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS MUST BE DISMISSED BECAUSE THERE IS NO INTENTIONAL OUTRAGEOUS CONDUCT

Plaintiff's claim for IIED against Trujillo and ATS fails because Plaintiff has not and cannot state a viable claim.

---

*E.g., Estrada v. Gate Gourmet, Inc.*, 2017 WL 2468773, at *7 (C.D. Cal. June 6, 2017) (dismissing implied employment agreement claims against employer in airline service industry).

### A.    Plaintiff's Claim for IIED Against Trujillo and ATS Must Be Dismissed Because Plaintiff Has Not and Cannot Plead Intentional Outrageous Conduct.

To state a viable claim for IIED, Plaintiff must offer factual allegations demonstrating that: (1) Defendants engaged in extreme and outrageous conduct with the intent to cause (or reckless disregard for the probability of causing) severe emotional distress; (2) Plaintiff suffered extreme or severe emotional distress; and (3) Defendants' outrageous conduct was the actual and proximate cause of Plaintiff's distress. *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991). To constitute "outrageous," conduct the Defendants' conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (quoting *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982)). Additionally, Defendants must have engaged in such conduct "with the realization that injury [would] result." *Id.* (quoting *Davidson*, 32 Cal.3d at 210.)

Plaintiff's Complaint is entirely devoid of any allegations of intentional, outrageous conduct. The only actions alleged include receipt of a doctor's note, an intent to seek medical treatment, a phone call in which Plaintiff was advised that ATS needed to fill her position, and termination of employment. (*See generally*, Compl. ¶¶ 8-12.) These actions hardly rise to the level of extreme and outrageous conduct required to establish an IIED claim.

As this Court noted in *Ramirez*:

> Just as management conduct does not constitute harassment, 'a simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged.' 'If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination.'

2018 WL 5816107 *8; *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 80.

Just as in *Ramirez*, the personnel management actions upon which Plaintiff's Complaint is premised do not support a claim for IIED, as the actions are not of "the

quality or quantity to support a claim for harassment, they are also not outrageous or so extreme as to exceed all bounds of that usually tolerated in a civilized community." 2018 WL 5816107 *8.

Moreover, because these alleged employment decisions occurred within the context of an employment relationship, any IIED claim based on these actions is barred by the California Workers' Compensation Act's exclusive remedies provision. *Id.* Plaintiff indicates that she filed a workers compensation claim. (Compl. ¶ 45.) Any claim for emotional distress would have been, and can only be, adjudicated in the workers compensation context. Thus, her claim cannot survive in this civil action.

### B.   Plaintiff's Claim for IIED Against Trujillo Must Be Dismissed Due to the Doctrine of Managerial Immunity.

Further, there can be no individual liability of Trujillo under the doctrine of managerial immunity, as a matter of law.

An employee cannot be sued for emotional distress for alleged managerial conduct. *See, e.g., Smith v. Int'l Bhd. Of Elec. Workers*, 109 Cal. App. 4th 1637, 1658 (2003) (holding that claim for emotional distress against manager failed, as a matter of law, because it was based on managerial conduct; "because the emotional distress claims arise out of conduct for which [the individual employee] cannot be held personally liable it follows he cannot be held liable for the emotional distress claims either"); *Janken*, 46 Cal. App. 4th at 79-80 (reiterating that an individual managerial employee cannot be liable for intentional infliction of emotional distress for conduct committed within the employment relationship). Here, the single alleged act attributed to Trujillo - receipt of a doctor's note - was in the context of the employment relationship.

The California Court of Appeal's decision in *Janken*, 46 Cal. App. 4th at 79-80, is directly on-point. In *Janken*, as here, the employee attempted to state a claim for intentional infliction of emotional distress based on allegations against supervisory employees that consisted only of personnel decisions. The Court held that these allegations failed to support an intentional infliction of emotional distress claim:

17

1    Managing personnel is not outrageous conduct beyond the bounds of human

2    decency, but rather conduct essential to the welfare and prosperity of

3    society. A simple pleading of personnel management activity is insufficient

4    to support a claim of intentional infliction of emotional distress, even if

5    improper motivation is alleged.

6  *Id.* at 80 (emphasis added); *see also Yurick v. Superior Court*, 209 Cal. App. 3d 1116,

7  1127-1129 (1989) (holding that the plaintiff's supervisor's "campaign" of discrimination

8  and harassment were not sufficiently outrageous and extreme to support intentional

9  infliction of emotional distress claim); *King v. AC & R Adver.*, 65 F.3d 764, 769-770 (9th

10  Cir. 1994) (holding that discriminatory comments do not amount to extreme and

11  outrageous conduct necessary to support intentional infliction of emotional distress

12  claim).

13    Under the doctrine of managerial privilege, individual managers cannot be held

14  personally liable for tort claims brought by other employees arising from actions taken

15  within the course and scope of their managerial capacity. *See, e.g., McCabe v. Gen.*

16  *Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (applying California law, court held

17  that plaintiff's tort claims against two individual managers failed, as a matter of law,

18  because "[the managers'] actions, according to the complaint, had been in their

19  managerial capacity ... [and] ratified by [their employer] .... [I]t is clear that 'if an agent is

20  motivated in part by a desire to benefit his principle,' his conduct is, under California

21  law, privileged") (emphasis added); *see also Sheppard v. Freeman*, 67 Cal. App. 4th 339,

22  346-347 (1998) ("it is the employer, and not the individual employees, that must bear the

23  risks and responsibilities," and a "former employee cannot sue individual employees

24  based on their conduct, including acts or words relating to personnel actions"); *Aalgaard*

25  *v. Merchants Nat. Bank, Inc.*, 224 Cal. App. 3d 674, 684-686 (1990) (individual

26  defendant employee's conduct was protected from liability by the manager's privilege),

27  cert. denied, 502 U.S. 901 (1991); *Becket v. Welton Becket & Assocs.*, 39 Cal. App. 3d

28  815, 823-24 (1974) (claims against officer dismissed on managerial immunity grounds

18

because the officer's acts occurred within course and scope of employment); *Marin v. Jacuzzi*, 224 Cal. App. 2d 549 (1964) (claims against another employee dismissed on managerial immunity grounds).

Plaintiff's own allegations make clear that Trujillo's only alleged action - receipt of a doctor's note - is personnel management activity and cannot give rise to a claim for IIED against Trujillo. Thus, this claim cannot proceed against Trujillo and amendment cannot cure the deficiency.

Again, because Defendants' alleged conduct is limited to alleged managerial actions, Plaintiff's independent claim for intentional infliction of emotional distress fails, as a matter of law, as to all Defendants. If Plaintiff's alleged emotional distress is the result of unlawful discrimination, her recovery of emotional distress damages will be available in connection with her myriad FEHA discrimination claims.

## VIII.  CONCLUSION

For the reasons stated, Defendants respectfully request the Court grant their Motion to Dismiss, without leave to amend.

DATED: November 15, 2018                Respectfully submitted,

SEYFARTH SHAW LLP


By:_____*/s/ Meagan S. O'Dell*_____
Aaron R. Lubeley
Simon L. Yang
Meagan Sue O'Dell
Attorneys for Defendants
AIRPORT TERMINAL SERVICES,
INC. and EDGAR TRUJILLO

19