Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Anthony Nguyen, Esq., State Bar No. 259154
ANguyen@Shegerianlaw.com
Aaron Gbewonyo, Esq., State Bar No. 315889
AGbewonyo@Shegerianlaw.com
SHEGERIAN & ASSOCIATES
225 Santa Monica Boulevard, Suite 700
Santa Monica, California 90401
Telephone Number:   (310) 860-0770
Facsimile Number:   (310) 860-0771

Attorneys for Plaintiff,
JAYME TIPTON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JAYME TIPTON,<br><br>Plaintiff,<br><br>vs.<br><br>AIRPORT TERMINAL SERVICES, INC., EDGAR TRUJILLO, MELISSA DOE, and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.:  2:18-cv-09503-AB- JEM<br><br>**The Honorable Andre Birotte, Jr.**<br><br>**PLAINTIFF JAYME TIPTON'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT (F.R.C.P. RULE 12(b)(6)); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>(Filed concurrently with Declaration of Carney Shegerian and Exhibits; [Proposed] Order)<br><br>Date:   December 21, 2018<br>Time:   10:00 a.m.<br>Ctrm.:  7B<br><br>Action Filed:  October 4. 2018 |

# TABLE OF CONTENTS

**Page**

1.   INTRODUCTION ................................................................................ 1

2.   ARGUMENT ..................................................................................... 2

A.   Defendants' F.R.C.P. Rule 12(b)(6) Motion Is Disfavored, Defendants
Fail to Show That This is an "Extraordinary" Case, and a Dismissal
Without Leave to Amend is Improper. ............................................ 2

B.   Plaintiff's Complaint Alleges more than a "Short Plaint Statement of her
Claims," and Consequently Satisfies the Low Threshold of the "Notice
Pleading." ................................................................................... 4

C.   In Deciding a 12(b)(6) Motion, the Court Must Construe the Complaint in
the Light Most Favorable to the Plaintiff, and May Consider Extrinsic
Documents When the Plaintiff's Claims Depend on the Contents of those
Documents. ................................................................................. 4

(1)   Plaintiff's Complaint Contains Specific Allegations Against Each of
The Named Defendants. ...................................................... 5

(2)   Plaintiff's DFEH Charge Provides Further Evidence of Sufficient
Factual Allegations to Support Plaintiff's Claims. .................... 6

A.   The Actions Taken by Defendants ATS and Trujillo are Outside the
Scope of a Management Activity, and thus Actionable ...................... 8

B.   Plaintiff Has Properly Pled Her Claims of Intentional Infliction of
Emotional Distress. ...................................................................... 10

C.   Alternatively, If This Court Finds that Plaintiff Has Not Provided Specific
Allegations as to Each of the Named Defendants, Plaintiff Requests Leave
to Amend Is Requested to Add Further Facts Supporting Her Causes of
Action ....................................................................................... 12

3.   CONCLUSION ................................................................................. 13

# TABLE OF AUTHORITIES

**Page**

## Cases

*Accardi v. Sup. Crt.* (1993) 17 Cal.App.4th 341 .............................................................. 10

*AmerisourceBergen Corp. v. Dialysist W., Inc.,* 465 F.3d 946 (9th Cir. 2006) .............. 13

*Barker v. Riverside Cnty. Office of Ed.,* 584 F.3d 821 (9th Cir. 2009) ............................ 5

*Barsell, supra,* 2009 U.S. Dist. LEXIS 123475 at *11 ...................................................... 10

*Bejarano v. Int'l Paper Co.*, 2015 U.S. Dist. LEXIS 8021, *29-34 (E.D. Cal. 2015) ................................................................................................................................. 12

*Bonin v. Calderon,* 59 F.3d 815 (9th Cir. 1995) ................................................................ 13

*Brennan v. Townsend & O'Leary Enterprises, Inc.* (2011) 199 Cal.App.4th 1336 ............................................................................................................................... 2, 9

*Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336 (9th Cir. 1996) ............................................ 5

*Cauchi v. Brown,* 51 F.Supp.2d 1014 (E.D. Cal. 1999) ................................................ 1, 2

*Colaprico v. Sun Microsystems, Inc.,* 758 F.Supp. 1335 (N.D. Cal. 1991) ...................... 3

*Conley v. Gibson,* 355 U.S. 41 (1957) ............................................................................... 3

*Cordova v. Target Corp.*, 2016 U.S. Dist. LEXIS 114995, *5-6 (C.D. Cal. 2016) ................................................................................................................................. 12

*Corona v. Quad Graphics Printing Corp.*, 218 F.Supp.3d 1068 (C.D. Cal. 2016) ................................................................................................................................. 9

*Dagley v. Target Corp., Inc.*, 2009 U.S. Dist. LEXIS 33749, *8-9 (C.D. Cal. 2009) ................................................................................................................................. 11

*DCD Programs, Ltd. v. Leighton,* 833 F.2d 183 (9th Cir. 1987) ..................................... 13

*Dee v. Vintage Petroleum, Inc.* (2003) 106 Cal.App.4th 30 ............................................. 9

*Fernandez v. PSC Indus. Outsourcing LP*, 2017 U.S. Dist. LEXIS 115273, *8-10 (N.D. Cal. 2017) ............................................................................................................ 10

*Foster v. Bank of Am.*, N.A., 2014 U.S. Dist. LEXIS 113278, *9 (E.D. Cal. 2014) ................................................................................................................................. 7

*Gilligan v. Jamco Develop. Corp.,* 108 F.3d 246 (9th Cir. 1997) ................................. 1, 2

*Harris v. Forklift Systems, Inc.* (1993) 510 U.S. 17 ......................................................... 9

*Hobson v. Raychem Corp.*, 73 Cal.App.4th 614, 630 (1999) ............................................ 7

*Jackson v. Bank of Hawaii,* 902 F.2d 1385 (9th Cir. 1990) ............................................. 13

*Jenkens v. GM Hughes Electronics,* 46 Cal.App.4th 55 (1996) ...................................... 11

*Knievel v. ESPN,* 393 F.3d 1068 (9th Cir. 2005) ............................................................. 4

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,*
   507 U.S. 163 (1993) ..................................................................................................... 2, 3

*Lone Star Ladies Inv. Club v. Schlotzky's Inc.,* 238 F.3d 363 (5th Cir. 2001) ............... 12

*Lyle v. Warner Bros. Television Production* (2006) 38 Cal.4th 264 .................................. 9

*Macias v. Levy Premium Foodservices Ltd. P'ship,* 2015 U.S. Dist. LEXIS
   183118, *9 (C.D. Cal. 2015) ................................................................................. 10, 11

*Meythaler v. Wal-Mart Stores Inc.,* 2012 U.S. Dist. LEXIS 71958, *9-12
   (C.D. Cal. 2012) ............................................................................................................ 12

*Myers v. Trendwest Resorts* (2007) 148 Cal.App.4th 1403 ............................................... 9

*Nazir v. United Airlines, Inc.,* 178 Cal.App.4th 243, 267 (2009) .................................... 7

*Neitzke v. Williams,* 490 U.S. 319 (1989) ..................................................................... 2, 3

*Nordstrom v. U.S. Bank, N.A., Inc.,* 2012 U.S. Dist. LEXIS 102267, *14-15
   (C.D. Cal. 2012) ............................................................................................................ 10

*Okoli v. Lockheed Technical Operations Co.,* 36 Cal.App.4th 1607, 1613
   (1995) ............................................................................................................................ 6, 7

*Olguin, supra,* 2016 U.S. Dist. LEXIS 55687 at *10-14 (C.D. Cal. 2016) ..................... 11

*Pareto v. F.D.I.C.,* 139 F.3d 696 (9th Cir. 1998) ............................................................. 5

*Pareto v. FDIC,* 139 F.3d 696 (9th Cir. 1998) .............................................................. 2, 3

*Peloza v. Capistrano United School Dist.,* 37 F.3d 517 (9th Cir. 1994) ................... 1, 2, 3

*Roby v. McKesson Corp.* (2009) 47 Cal.4th 686 ............................................................ 2, 9

*Scheuer v. Rhodes,* 416 U.S. 232 (1974) ......................................................................... 3

*Smith v. Int. Broth. of Elect. Workers* (2003) 109 Cal.App.4th 1637, 1658-59 .............. 10

*Stanbury Law Firm v. I.R.S.,* 221 F.3d 1059 (8th Cir. 2000) ........................................... 3

*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002) ...................................................... 1, 4

*United States v. Redwood City,* 640 F.2d 963 (9th Cir. 1981) ...................................... 1, 2

*Vanderhule v. Amerisource Bergen Drug Corp.,* 2017 U.S. Dist. LEXIS
   6401, *7 (C.D. Cal. 2017) ............................................................................................ 11

*Yurick v. Superior Court, supra,* 209 Cal. App. 3d at p. 1123 ......................................... 7

PLAINTIFF'S OPPOSITION TO F.R.C.P. RULE 12(b)(6) MOTION TO DISMISS

## Statutes

Government Code §§ 12900-12996................................................................5, 6, 7

## Rules

Federal Rules of Civil Procedure, Rule 12(b)(6).........................................2, 3, 4, 13

Federal Rules of Civil Procedure, Rule 15(a).............................................12, 13

Federal Rules of Civil Procedure, Rule 8(a)(2) ................................................4

## Treatises

5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* ....................3

Scharzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* (The Rutter Group, 2007)......................................................................3

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION

*First,* "*The motion to dismiss for failure to state a claim is viewed with disfavor, and is rarely granted.*" *Gilligan v. Jamco Develop. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997). *Rule 12(b)(6) dismissals are proper only in "extraordinary" cases.* *United States v. Redwood City,* 640 F.2d 963, 966 (9th Cir. 1981); *Cauchi v. Brown,* 51 F.Supp.2d 1014, 1016 (E.D. Cal. 1999). This case presents no "extraordinary" reasons for such a ruling on the claims at issue. The pleadings in the operative complaint "embrace[s] whatever specific facts might be necessary to support them." *Peloza v. Capistrano United School Dist.,* 37 F.3d 517, 521 (9th Cir. 1994)

*Second,* Plaintiff sufficiently satisfied the notice pleading standard to be applied by the court when "assessing the sufficiency of a complaint, which provides, in part, that "*A court may dismiss only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.*" *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002)

*Third,* In deciding a 12(b)(6) motion, the court must construe the complaint in light most favorable to the plaintiff, and may consider extrinsic documents when plaintiff's claims depend on the contents of the documents, such as plaintiff's timely filed DFEH charge and subsequent amendments. This evidence, when viewed in conjunction with plaintiff's operative Complaint, refutes defendants' assertion that plaintiff's claims of discrimination and retaliation against entity defendant, and harassment and IIED against all defendants, fail to present any factual basis upon which relief may be granted.

*Fourth*, Plaintiff's antagonistic and hostile non-job-related comments, and subsequent termination as a result of plaintiff's disability, and their refusal to address discrimination and harassment sent a discriminatory message to plaintiff that she was not wanted in the work force, were outside the scope of normal "managerial" duties, and therefore constitute actionable harassment. *Roby v. McKesson Corp.* (2009) 47 Cal.4th

686 ("management" activity could be actionable as harassment if it sent the employee a discriminatory message; *e.g.,* that his race was unwelcome in the work place); *see also Brennan v. Townsend & O'Leary Enterprises, Inc.* (2011) 199 Cal.App.4th 1336, 1352.

*Fifth*, Defendants sufficiently harassed, discriminated against, and subsequently terminated plaintiff as on the basis of her disability, as illustrated in plaintiff's Complaint and DFEH charge. All of these actions, when viewed collectively, were sufficient to result in plaintiff experiencing severe emotional distress.

As such, plaintiff respectfully request that the Court find that defendants have not met their burden of establishing that plaintiff's complaint has failed to provide sufficient factual bases for plaintiff's claims, such that they should not be presented to a jury.

## 2.  ARGUMENT

### A.  Defendants' F.R.C.P. Rule 12(b)(6) Motion Is Disfavored, Defendants Fail to Show That This is an "Extraordinary" Case, and a Dismissal Without Leave to Amend is Improper.

"The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Gilligan v. Jamco Develop. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) dismissals are proper only in "extraordinary" cases. *United States v. Redwood City,* 640 F.2d 963, 966 (9th Cir. 1981); *Cauchi v. Brown,* 51 F.Supp.2d 1014, 1016 (E.D. Cal. 1999).  This case presents no "extraordinary" reasons for a ruling on the claims at issue.  The pleadings in the operative complaint "embrace[s] whatever specific facts might be necessary to support them." *Peloza v. Capistrano United School Dist.,* 37 F.3d 517, 521 (9th Cir. 1994).[1]  Likewise, "motions to strike are regarded with disfavor because [they are] often used as delaying tactics, and because of the limited importance

---

[1]  All material allegations in the Complaint must be accepted as true.  *Pareto v. FDIC,* 139 F.3d 696, 699 (9th Cir. 1998); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164 (1993).  The sole issue raised by a Rule 12(b)(6) motion is whether the ultimate facts pled would, if established, support a valid claim for relief.  *Neitzke v. Williams,* 490 U.S. 319, 328-329 (1989).

of pleadings in federal practice." Scharzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial,* § 9:375 (The Rutter Group, 2007), *citing Stanbury Law Firm v. I.R.S.,* 221 F.3d 1059, 1063 (8th Cir. 2000); *Colaprico v. Sun Microsystems, Inc.,* 758 F.Supp. 1335, 1339 (N.D. Cal. 1991).

The United States Supreme Court has stated: ***"The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims. Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely, but that is not the test."*** *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). Rather, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

***"Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment*."** *quoting* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure,* 1357, 598.

This case presents no "extraordinary" reasons for a ruling on plaintiff's claims at issue, as the facts plead in the operative complaint "embrace[s] whatever specific facts might be necessary to support them." (*Peloza v. Capistrano United School Dist.,* 37 F.3d 517, 521 (9th Cir. 1994).)[2] The same, motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. (*See Stanbury Law Firm v. I.R.S.,* 221 F.3d 1059, 1063 (8th Cir. 2000); *Colaprico v. Sun Microsystems, Inc.,* 758 F.Supp. 1335, 1339 (N.D. Cal. 1991).)

///

---

[2] All material allegations in the Complaint must be accepted as true. (*Pareto v. FDIC,* 139 F.3d 696, 699 (9th Cir. 1998); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164 (1993).) The sole issue raised by a 12(b)(6) motion is whether the ultimate facts pleaded would, if established, support a valid claim for relief. (*Neitzke v. Williams,* 490 U.S. 319, 328-329 (1989).)

**B. Plaintiff's Complaint Alleges more than a "Short Plaint Statement of her Claims," and Consequently Satisfies the Low Threshold of the "Notice Pleading."**

A plaintiff in federal court is required to give only ***"a short and plain statement of the claim showing that the pleader is entitled to relief."*** F.R.C.P. 8(a)(2). Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. In *Swierkiewicz, supra,* 534 U.S. 506, the court held that the notice pleading that was the standard "for assessing the sufficiency of a complaint appl[ies]" to discrimination claims. Further, *Swierkiewicz* held that, "***given the Federal Rules' simplified standard for pleading, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations***." *Id.* at 522.

Here, plaintiff has alleged claims against specific individuals and a specific entity, alleging claims of discrimination and retaliation against entity defendant, and harassment and IIED against all defendants. As such, defendants will be unable to overcome their burden of showing that plaintiff failed to meet the low threshold of providing fair notice of her claims against them, analyzed in greater detail under section C. (1) below.

**C. In Deciding a 12(b)(6) Motion, the Court Must Construe the Complaint in the Light Most Favorable to the Plaintiff, and May Consider Extrinsic Documents When the Plaintiff's Claims Depend on the Contents of those Documents.**

In deciding a 12(b)(6) motion, ***the court may consider*** the complaint (including documents attached thereto), matters that are properly judicially noticeable, and ***other extrinsic documents when "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."*** *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005). ***The court must construe the complaint in the***

*light most favorable to the plaintiff and must accept all properly pled factual allegations as true.* Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-338 (9th Cir. 1996). The court must also accept as true all reasonable inferences to be drawn from the material allegations in the complaint. *See Barker v. Riverside Cnty. Office of Ed.,* 584 F.3d 821, 824 (9th Cir. 2009); *Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir. 1998).

### (1) Plaintiff's Complaint Contains Specific Allegations Against Each of The Named Defendants.

First, plaintiff's Complaint specifically alleges that "Entity defendant, Airport Terminal Services both directly and indirectly employed plaintiff …" (Complaint, ¶ 5.)

Moreover, the Complaint specifically alleges in its first cause of action that entity defendant, Airport Terminal Services, violated FEHA by discriminating and retaliating against plaintiff on the basis of disability; and that entity defendant failed to prevent discrimination, harassment, and retaliation. In her second cause of action, plaintiff claims breach of express oral contract not to terminate employment without good cause against entity defendant only. In her third cause of action, plaintiff claims breach of implied-in-fact contract not to terminate plaintiff without good cause against entity defendant only. In her fourth cause of action, plaintiff claims negligent hiring, supervision, and retention against entity defendant only. In her fifth cause of action, plaintiff claims wrongful termination of employment in violation of public policy against entity defendant only. Finally, in her sixth cause of action, plaintiff claims intentional infliction of emotional distress against all defendants. *(See Exh. 1, Compl.)*

Additionally, plaintiff's Complaint asserts that "During the course of plaintiff's employment, entity defendant failed to prevent their employees from engaging in intentional actions that resulted in plaintiff being treated less favorably because of her protected status (*i.e.,* disability; or other protected status). During the course of plaintiff's employment, entity defendant failed to prevent their employees from engaging in unjustified employment practices against employees in such protected classes. During the course of plaintiff's employment, entity defendant failed to prevent a pattern and

practice by their employees of intentional discrimination and harassment on the bases of disability, and/or other protected statuses or protected activities." (Complaint, ¶ 23.)

Further, plaintiff asserts in her complaint that "Entity defendant, through their managers and supervisors, made a number of comments to and about plaintiff that exhibited discriminatory motivations, intentions, and consciousness on the bases of disability.  Plaintiff believes, and on that basis alleges, that entity defendant's real motivation was to discharge her because of her disability, and/or other protected statuses or protected activities. (Complaint, ¶ 24.)

Finally, plaintiff's complaint asserts that defendants "Harassing Plaintiff and/or creating a hostile work environment, in whole or in part on the bases of Plaintiff's actual, perceived, and/or history of disability; and/or, other protected statuses and/or protected activities, in violation of Government Code section 12940(j)." (Complaint, ¶ 26(b).)

Accordingly, on its face, plaintiff's operative Complaint provides sufficient fair-notice to defendants of the claims against them. Moreover, plaintiff's timely filed DFEH charge may be considered in extrinsic evidence to substantiate the fact that plaintiff has satisfied the low pleading requirement of a short plain statement entitling her to relief.

### (2)  Plaintiff's DFEH Charge Provides Further Evidence of Sufficient Factual Allegations to Support Plaintiff's Claims.

Before bringing a lawsuit under FEHA, "an employee must exhaust . . . the administrative remedy provided by the [FEHA], by filing an administrative complaint with the [DFEH] . . . and obtaining the DFEH's notice of right to sue." (*Okoli v. Lockheed Technical Operations Co.*, 36 Cal.App.4th 1607, 1613 (1995) (*Okoli*).) "Although California courts describe exhaustion as a jurisdictional prerequisite to suit under FEHA, this label does not implicate the trial court's fundamental subject matter jurisdiction." (*Rodriguez v. Airborne Express,* 265 F.3d 890, 900 (2001) (*Rodriguez*).) "These procedural requirements, as with all provisions of FEHA, are to 'be construed liberally for the accomplishment of the purposes [of FEHA].'" (*Rodriguez* at 897, citing Cal. Gov.t Code § 12993(a).)

"***The purpose of the charge is to supply fair notice of the facts sufficient to permit investigation***." (*Foster v. Bank of Am.*, N.A., 2014 U.S. Dist. LEXIS 113278, *9 (E.D. Cal. 2014) (*Foster*), emphasis added.)" Accordingly, a DFEH complaint should set forth the particulars of the allegedly unlawful conduct, including the naming of the perpetrators of the allegedly unlawful conduct. (*Ibid*.) A FEHA claim must also 'identify with specificity the discrimination alleged and the facts supporting it' because '[t]he purpose of the charge is to supply fair notice of the facts, sufficient to permit investigation.'" (*Ibid*, citing *Hobson v. Raychem Corp.*, 73 Cal.App.4th 614, 630 (1999) and Cal.Gov. Code § 12963 ["After the filing of any complaint alleging facts sufficient to constitute a violation of any of the provisions of this part, the department shall make prompt investigation in connection therewith."];[3].) "***It is sufficient that the [DFEH] be apprised***, ***in general terms, of the alleged discriminatory parties and the alleged discriminatory acts***." (*Id.* at 10, citing *Nazir v. United Airlines, Inc.,* 178 Cal.App.4th 243, 267 (2009), emphasis added.) Here, Plaintiff alleged the following in each of her DFEH Charges:

"Complainant was discriminated against because of complainant's disability (physical or mental) and as a result of the discrimination was terminated, asked impermissible non-job-related questions, denied a work environment free of discrimination and/or retaliation, denied reasonable accommodation for disability, other.

Complainant experienced retaliation because complainant requested or used a disability related accommodation and as a result was terminated, asked impermissible non-job-related questions, [and] denied reasonable accommodation for a disability."

---

[3] "*[T]he scope of the complaint is limited not by the EEOC charge, but rather by 'the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination*.' (*Id*. at p. 466.) The purpose of a charge of discrimination, the Sanchez court explained, is to "trigger the investigatory and conciliatory procedures of the EEOC.' (*Ibid.*) *Essentially, if an investigation of what was charged in the EEOC would necessarily uncover other incidents that were not charged, the latter incidents could be included in a subsequent action*. This is because the policy interests embodied in title VII, i.e., 'the resolution of disputes and elimination of unlawful employment practices by conciliation' (cf. *Yurick v. Superior Court, supra*, 209 Cal. App. 3d at p. 1123 [discussing the FEHA]) would have been met in that case." (*Okoli, supra*, 36 Cal.App.4th at 1615, emphasis added.)

Moreover, plaintiff's DFEH charge names both the named entity and individual defendants as parties to her cause of action, alleging that Trujillio and Doe are individually liable, and entity defendant is vicariously liable under the theory of respondeat superior. Further, plaintiff puts defendants on notice of the bases of her suit, and the facts in support thereof. This meets the requirement of apprising defendants "in general terms, of the alleged *discriminatory parties and the **alleged** discriminatory acts*." (Shegerian Dec., Exh. 5.)

Although defendant attempts to assert that plaintiff has failed to assert sufficient facts to substantiate her claims, or otherwise failed to distinguish facts supporting each claim, plaintiff cures any such deficiencies in her timely filed Amended DFEH charge, which states, in part, that plaintiff "Was terminated, asked impermissible non-job-relates questions, denied a work environment free of discrimination and retaliation, and denied reasonable accommodation for disability." Moreover, plaintiff was terminated as a result of defendants' animus. Plaintiff alleges that the referenced facts are applicable to all causes of action. Accordingly, plaintiff's DFEH charge provides sufficient facts to put defendants, such that it should be considered as extrinsic evidence that plaintiff has provided sufficient factual basis upon which relief can be granted for her claims of discrimination, harassment, and retaliation that gave rise to her IIED claims, all of which are based upon the same underlying set of facts.

Thus, defendants will be unable to meet their burden of showing that plaintiff failed to allege sufficient factual allegations to support her causes of action.

## A. The Actions Taken by Defendants ATS and Trujillo are Outside the Scope of a Management Activity, and thus Actionable

Defendants' antagonistic and hostile non-job-related comments, subsequent termination of plaintiff's employment on the basis plaintiff's disability, and their refusal to address discrimination and harassment sent a discriminatory message to plaintiff that she was unwelcome in the work place. This exact conduct has been found by the Supreme Court to be outside normal "managerial" duties and to constitute actionable

harassment. *Roby v. McKesson Corp.* (2009) 47 Cal.4th 686 ("management" activity could be actionable as harassment if it sent the employee a discriminatory message; *e.g.,* that his race was unwelcome in the work place); *see also Brennan v. Townsend & O'Leary Enterprises, Inc.* (2011) 199 Cal.App.4th 1336, 1352 (hostile work environment is established upon showing of work place atmosphere permeated with discriminatory insult and ridicule).

Moreover, ***whether conduct is harassing is "usually a question of fact" for the jury***. *Harris v. Forklift Systems, Inc.* (1993) 510 U.S. 17, 23. An employer is strictly liable for its supervisors' actions. *Myers v. Trendwest Resorts* (2007) 148 Cal.App.4th 1403, 1421. ***The law provides that even a single offensive act or comment by a supervisor is sufficient for liability***. *Dee v. Vintage Petroleum, Inc.* (2003) 106 Cal.App.4th 30, 36. ***Harassing conduct is conduct that is sufficiently severe or pervasive to alter the conditions of employment***. *Lyle v. Warner Bros. Television Production* (2006) 38 Cal.4th 264, 279. A hostile work environment is established upon a showing of a work place atmosphere permeated with discriminatory insult and ridicule. *Brennan, supra,* 199 Cal.App.4th at 1352. The Supreme Court in *Roby, supra,* 47 Cal.4th 686, clarified that ***"management" activity could be actionable as harassment if it sent the employee a discriminatory message (e.g., that his disability, sex, or sexual orientation status was unwelcome in the work place).***

Plaintiff alleges that entity defendant engaged in discriminatory and retaliatory actions, while all defendants harassed plaintiff on the basis of her disability. (Exh. 1, Complaint, ¶ 3,12,52.) With full knowledge that plaintiff was severely injured on the job, defendants continued to contact and harass plaintiff, utilizing her recently suffered health issue to their advantage, and as a weapon to further intimidate her by asking her non-job-related questions, and subsequently terminating her because of her disability. (Shegerian Dec., Exh. 5.) Accordingly, even if not rising to level of pervasive, which they do, such actions are sufficiently severe to rise to the level of harassment. (*Corona v. Quad Graphics Printing Corp*., 218 F.Supp.3d 1068, 1073-74 (C.D. Cal. 2016) [allegations of

deception and intimidation enough to defeat personnel management exception for removal purposes].) Such acts as alleged can only be described as despicable, are outrageous, and *should not be tolerated in a "civilized" society.*

As such, defendants have failed to meet their burden of proving that plaintiff's claim for harassment constitutes nonactionable personnel management decisions.

## B.  Plaintiff Has Properly Pled Her Claims of Intentional Infliction of Emotional Distress.

Where, as here, plaintiff's intentional emotional distress ("IIED") claim is based on defendant's violation of fundamental public policy – *i.e.*, discrimination, harassment, and retaliation under the FEHA – such misconduct cannot be considered a normal part of the employment relationship and the plaintiff's remedy is not confined to worker's compensation. (*Nordstrom v. U.S. Bank, N.A., Inc*., 2012 U.S. Dist. LEXIS 102267, *14-15 2012 U.S. Dist. LEXIS 102267, *14-15 (C.D. Cal. 2012) (*Nordstrom*), citing *Smith v. Int. Broth. of Elect. Workers* (2003) 109 Cal.App.4th 1637, 1658-59; *Accardi v. Sup. Crt.* (1993) 17 Cal.App.4th 341, 352;[4].) This is especially true when a Plaintiff incorporates by reference into his emotional distress all facts and allegations in previous FEHA causes of action. (*Nordstrom, supra,* 2012 U.S. Dist. LEXIS 102267 at *14-15.)

A corresponding FEHA claim is not required. "*[A] plaintiff may bring an IIED claim against a supervisor for such conduct even though she cannot assert a FEHA claim against him*." (*Macias v. Levy Premium Foodservices Ltd. P'ship*, 2015 U.S. Dist. LEXIS 183118, *9 (C.D. Cal. 2015) (Wilson, J.).) Moreover, *even if not based on the FEHA,* "*an IIED claim is possible if the supervisor's behavior goes beyond termination, such as violating an employee's "fundamental interest … in a deceptive manner that results in the plaintiff being denied rights granted to other employees*." (*Ibid*, citing *Barsell, supra,* 2009 U.S. Dist. LEXIS 123475 at *11 ["Because [the IIED] claim is based on allegations of disability discrimination, there is a non-fanciful

---

[4] *Fernandez v. PSC Indus. Outsourcing LP*, 2017 U.S. Dist. LEXIS 115273, *8-10 (N.D. Cal. 2017) (*Fernandez*)

possibility that the workers' compensation exclusivity provisions do not bar [plaintiff's] claim against [her manager]."].) *Jenkens v. GM Hughes Electronics*, 46 Cal.App.4th 55 (1996), and its progeny, have been distinguished based on the above. (*Vanderhule v. Amerisource Bergen Drug Corp.*, 2017 U.S. Dist. LEXIS 6401, *7 (C.D. Cal. 2017) (*Vanderhule*); *Dagley v. Target Corp., Inc.*, 2009 U.S. Dist. LEXIS 33749, *8-9 (C.D. Cal. 2009) [distinguishing *Janken v. GM Hughes Elec.*].)

"To establish a claim for IIED, a plaintiff must allege: '(1) extreme and outrageous conduct by defendants with the intention of causing, or reckless disregard for the probability of causing, emotional distress; (2) the suffering of severe or extreme emotional distress; and (3) the fact that the outrageous conduct actually and proximately caused the distress.'" (*Macias, supra,* at 11.)

Here, it is alleged that defendant, by and through its supervisors Trujillo and Doe, discriminated against, harassed and retaliated against plaintiff unlawfully. It is also alleged that defendants harassed plaintiff by continuously contacting her and asking her non-job-related questions, discriminating against her on the basis of her disability, and subsequently terminating her for the same reasons. (Shegerian Dec., Exh. 5)

Both in totality, and piecemeal, *this conduct is not only severe and pervasive enough[5] to alter the terms of Tipton's employment, but is also extreme and outrageous conduct with the intention of causing, or reckless disregard for the probability of causing, emotional*. (*see Vanderhule, supra,* 2017 U.S. Dist. LEXIS 6401 at *7-8 [6]; *Olguin, supra,* 2016 U.S. Dist. LEXIS 55687 at *10-14 (C.D. Cal. 2016) [7]; *Bejarano v.*

---

[5] (*Reynolds v. Boeing Co.*, 2015 U.S. Dist. LEXIS 99563, *15-16 (C.D. Cal. 2015) (Wilson, J.) [severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees because of their [protected characteristic].)

[6] some non-fanciful possibility that behavior does not quality as personnel decision, and may constitute IIED, when a supervisor refuses to investigate, deceives the plaintiff, accusing her of lying, and does not tell plaintiff she is about to be fired – compelling remand

[7] "Plaintiff alleges here that Contreras misreported the nature of Plaintiff's absences and thus denied Plaintiff his rights under the FMLA and CFRA. And though Plaintiff's complaint lacks detail concerning Contreras's intent and knowledge of Plaintiff's susceptibility to emotional distress, as illustrated in *Dagley* and *Gibson*, there is a 'non-fanciful possibility' that Plaintiff will be able to allege

*Int'l Paper Co.*, 2015 U.S. Dist. LEXIS 8021, *29-34 (E.D. Cal. 2015) [because "[w]hether ... alleged behavior is sufficiently extreme as to constitute 'outrageous' behavior is properly determined by the fact finder after trial or possibly after discovery upon a motion for summary judgment.", denial of a 12(b)(6) is proper because it is very rarely obvious that an IIED claim is definitively foreclosed under California Law].) "These facts may or may not be weaker than other IIED cases. Regardless, the 'no possibility' standard is very strict and has not been met." (*Cordova v. Target Corp.*, 2016 U.S. Dist. LEXIS 114995, *5-6 (C.D. Cal. 2016) (Wilson, J.); *Meythaler v. Wal-Mart Stores Inc.*, 2012 U.S. Dist. LEXIS 71958, *9-12 (C.D. Cal. 2012) (Wilson, J.) [8].)9

As such, defendants have failed to meet their burden of proving that plaintiff failed to provide sufficient notice, such that this question of fact should not be presented to a jury.

## C. Alternatively, If This Court Finds that Plaintiff Has Not Provided Specific Allegations as to Each of the Named Defendants, Plaintiff Requests Leave to Amend Is Requested to Add Further Facts Supporting Her Causes of Action

Rule 15(a) provides that, once the time to amend a pleading as a matter of course has lapsed, a party may amend its pleading only by obtaining leave of the court. F.R.C.P. 15(a); *Lone Star Ladies Inv. Club v. Schlotzky's Inc.,* 238 F.3d 363, 367 (5th Cir. 2001). Leave shall be freely given when justice so requires, but the ultimate

a claim of IIED against Contreras for his conduct because Plaintiff has alleged that Contreras deceptively denied him a right given to other employees."

[8] "While the facts as stated in Plaintiff's Complaint might not enable Plaintiff to prevail on the merits of her intentional infliction of emotional distress claim, this Court cannot say that Wal-Mart has met its heavy burden of demonstrating that Plaintiff cannot state a valid claim against individual Defendant Romero."

[9] The standard set forth in these cases discussing remand – *i.e.,* negating a non-fanciful possibility – is akin to that applicable to a 12(b)(6) motion – *i.e.,* proving beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief *and* making a clear showing that no relief could be granted under any set of facts. Needless to say, that all facts pleaded must be accepted at true, that all reasonable inferences must inure to the benefit of the plaintiff, and that such relief is looked at with disfavor and rarely granted, are applicable to both.

decision to grant leave remains "within the sound discretion of the [district] court." F.R.C.P. 15(a); *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 185-186 (9th Cir. 1987). Further, leave to amend "is not to be granted automatically." *See Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir. 1990). Accordingly, courts may deny a motion for leave to amend where the proposed amendment (1) is sought in bad faith or with a dilatory motive, (2) is futile, (3) would produce an undue delay in the litigation, or (4) would cause the opposing party prejudice. *See AmerisourceBergen Corp. v. Dialysist W., Inc.,* 465 F.3d 946, 951 (9th Cir. 2006). "[E]ach [factor] is not given equal weight. Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir. 1995).

Here, plaintiff can add new facts to cure any deficiencies that may be seen, moreover, plaintiff's (1)  leave is not sought in bad faith, (2) it would not be futile for plaintiff to file a First Amended Complaint to supplement the original Complaint and cure the deficiency, as the additional information will help to show the interrelation of the entities, (3) it would not produce an undue delay in litigation, as the amendment could be made in the next few weeks, and (4) it would not cause the opposing parties' prejudice.  In fact, if the amendment is not made and plaintiff cannot sue her employer for the wrongful termination of her employment, she will be prejudiced.


### 3.  CONCLUSION

Plaintiff respectfully requests that this Court deny defendants' F.R.C.P. Rule 12(b)(6) motion to dismiss.  Alternatively, plaintiff requests leave to amend any pleading deficiency in her operative Complaint.

///

///

///

///

///

1    Dated: November 30, 2018              SHEGERIAN & ASSOCIATES, INC.

2

3                                          By: _Carney R. Shegerian_____

4                                              Carney R. Shegerian, Esq.

5                                              Attorneys for Plaintiff,
                                               JAYME TIPTON
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION TO F.R.C.P. RULE 12(b)(6) MOTION TO DISMISS

| | |
|---|---|
| **TIPTON v. ATS, et al.** | **USDC Case No. 2:18-cv-09503-AB- JEM** |

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 225 Santa Monica Boulevard, Suite 700, Santa Monica, California 90401.

On November 30, 2018, I served the foregoing document, described as **"PLAINTIFF JAYME TIPTON'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT (F.R.C.P. RULE 12(b)(6)); MEMORANDUM OF POINTS AND AUTHORITIES,"** on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

**Aaron R. Lubeley, Esq.
Simon L. Yang, Esq.
Meagan Sue O'Dell, Esq.
SEYFARTH SHAW LLP
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793**

☒      **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒      **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 30, 2018, at Santa Monica, California.

_____
Jose Castro