Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Anthony Nguyen, Esq., State Bar No. 259154
ANguyen@Shegerianlaw.com
Aaron Gbewonyo, Esq., State Bar No. 315889
AGbewonyo@Shegerianlaw.com
SHEGERIAN & ASSOCIATES
225 Santa Monica Boulevard, Suite 700
Santa Monica, California 90401
Telephone Number:   (310) 860-0770
Facsimile Number:   (310) 860-0771

Attorneys for Plaintiff,
JAYME TIPTON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JAYME TIPTON,<br><br>       Plaintiff,<br><br>vs.<br><br>AIRPORT TERMINAL SERVICES, INC., EDGAR TRUJILLO, MELISSA DOE, and DOES 1 to 100, inclusive,<br><br>       Defendants. | Case No.:  2:18-cv-09503-AB- JEM<br><br>**The Honorable Andre Birotte, Jr.**<br><br>**DECLARATION OF CARNEY R. SHEGERIAN IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT (F.R.C.P. RULE 12(b)(6))**<br><br>Date:    December 21, 2018<br>Time:    10:00 a.m.<br>Ctrm.:   7B<br><br>Action Filed:  October 4. 2018 |

## DECLARATION OF CARNEY R. SHEGERIAN

I, Carney R. Shegerian, declare as follows:

1.  I am an attorney at law, duly authorized to practice law before all of the courts of the State of California and this Court.  I am the attorney for plaintiff, Jayme Tipton, in this case.  I am familiar with the files, pleadings, and facts in this case and could and would competently testify to the following facts on the basis of my own personal knowledge or information and belief.

2.  Attached hereto as **Exhibit 1**, is a true and correct copy of Plaintiff's Complaint for damages against Airport Terminal Services, Inc., Edgar Trujillo, and Melissa Doe filed on October 4, 2018.

3.  Attached here to as **Exhibit 2**, is a true and correct copy of Defendant, Airport Terminal Services, notice of removal to federal court, filed on

4.  Attached here to as **Exhibit 3**, is a true and correct copy of the meet and confer email (also sent via US Mail) to Defendants' counsel, Maegan O'Dell, on November 21, 2018, by my Associate, Aaron Gbewonyo, regarding the issues that gave rise to this required motion.

5.  Attached here to as **Exhibit 4** is a true and correct copy of Plaintiff's Department of Fair Employment and Housing Charge and Right to Sue, dated October 30, 2017.

6.  Attached here to as **Exhibit 5** is a true and correct copy of Plaintiff's first amended Department of Fair Employment and Housing Charge and Right to Sue, dated December 22, 2017.

7.  Attached here to as **Exhibit 6** is a true and correct copy of Plaintiff's second amended Department of Fair Employment and Housing Charge and Right to Sue, dated July 12, 2018.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

DECLARATION OF CARNEY R. SHEGERIAN IN OPPOSITION TO F.R.C.P. RULE 12(b)(6) MOTION TO DISMISS

1      Executed on this 30th day of November, 2018, at Santa Monica, California.

2

3                        _____

4                        Carney R. Shegerian

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF CARNEY R. SHEGERIAN IN OPPOSITION TO F.R.C.P. RULE 12(b)(6) MOTION TO DISMISS

# EXHIBIT 1

Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Anthony Nguyen, Esq., State Bar No. 259154
ANguyen@Shegerianlaw.com
Aaron Gbewonyo, Esq, State Bar No. 315889
AGbewonyo@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
225 Santa Monica Boulevard, Suite 700
Santa Monica, California 90401
Telephone Number: (310) 860-0770
Facsimile Number: (310) 860-0771

Attorneys for Plaintiff,
JAYME TIPTON

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT - 4 2018

Sherri R. Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| JAYME TIPTON, | Case No.: BC 7 2 4 2 6 0 |
| Plaintiff, | **PLAINTIFF JAYME TIPTON'S COMPLAINT FOR DAMAGES FOR:** |
| vs. | |
| AIRPORT TERMINAL SERVICES, INC., EDGAR TRUJILLO, MELISSA DOE, and DOES 1 to 100, inclusive, | **(1) VIOLATION OF FEHA;** |
| Defendants. | **(2) BREACH OF EXPRESS ORAL CONTRACT NOT TO TERMINATE EMPLOYMENT WITHOUT GOOD CAUSE;** |
| | **(3) BREACH OF IMPLIED-IN-FACT CONTRACT NOT TO TERMINATE EMPLOYMENT WITHOUT GOOD CAUSE;** |
| | **(4) NEGLIGENT HIRING, SUPERVISION, AND RETENTION;** |
| | **(5) WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY;** |
| | **(6) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff, Jayme Tipton, alleges, on the basis of personal knowledge and/or information and belief:

## SUMMARY

This is an action by plaintiff, Jayme Tipton ("Plaintiff" or "Tipton"), whose employment with defendant Airport Terminal Services, Inc. was wrongfully terminated. Plaintiff brings this action against defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b) and Code of Civil Procedure section 1021.5.

## PARTIES

1. *Plaintiff:* Plaintiff Tipton is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, California.

2. *Defendants:* Defendant Airport Terminal Services ("Airport Services" or "Entity Defendant") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles. Entity Defendant's place of business, where the following causes of action took place, was and is in the County of Los Angeles, at 1 World Way, Los Angeles, California 90045. Defendant Edgar Trujillo ("Defendant" or "Trujillo") is, and at all times mentioned in this Complaint was, a supervisor with Entity Defendant. Defendant Trujillo is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California. Defendant Melissa Doe ("Defendant" or "Melissa") is, and at all times mentioned in this Complaint was, a supervisor with Entity Defendant. Defendant Melissa is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California.

3. *Doe defendants:* Defendants Does 1 to 100, inclusive, are sued under fictitious

-2-

PLAINTIFF'S COMPLAINT FOR DAMAGES

names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants. The named defendants and Doe defendants are sometimes hereafter referred to, collectively and/or individually, as "Defendants."

4. *Relationship of defendants:* All Defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i). All Defendants were responsible for the events and damages alleged herein, including on the following bases: (a) Defendants committed the acts alleged; (b) at all relevant times, one or more of the Defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining Defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for Plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the Defendants such that any individuality and separateness between or among those Defendants has ceased, and Defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of Defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all Defendants were taken by employees, supervisors, executives, officers, and directors during employment with all Defendants, were taken on behalf of all Defendants, and were engaged in, authorized, ratified, and approved of by all other Defendants.

5. Entity Defendant, Airport Terminal Services both directly and indirectly

employed Plaintiff Tipton, as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

6. In addition, Entity Defendant, Airport Terminal Services compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

7. Finally, at all relevant times mentioned herein, all Defendants acted as agents of all other Defendants in committing the acts alleged herein.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. *Plaintiff's hiring:*   Plaintiff, a 31-year-old mother of two, worked at Airport Terminal Services for approximately seven months as a Groomer, beginning in October 2016.

9. *Plaintiff's job performance:*   At all times, Plaintiff performed her job duties in an exemplary manner.

10. *Plaintiff's protected status and activity:*

a. Plaintiff took a protected CFRA/FMLA leave and was terminated while on leave.

b. Plaintiff suffered from a disabling medical condition during her employment.

11. *Defendants' adverse employment actions and behavior:*

a. In March 2017, Plaintiff suffered an injury while engaged in housekeeping duties on a plane.

b. Over the next several days Plaintiff's pain continued to worsen. On or around April 6, 2017, Plaintiff informed her supervisor, Damian Neri ("Neri") of her injury and her intent to seek medical treatment.

c. On or around April 11, 2017, Plaintiff went to see a doctor, and was diagnosed with a tear in her rotator cuff and placed on a medical leave until April 19, 2017. Plaintiff immediately provided her doctor's note to her supervisor, Edgar Trujillo

-4-

and verbally informed Neri the same day.

     d.  On or around April 18, 2017, Plaintiff's doctor extended her leave until May 1, 2017, and Plaintiff immediately informed her employer.

     e.  On or around May 1, 2017, Plaintiff visited her doctor for a follow-up appointment. Again, Plaintiff's doctor extended her leave, placing her off until May 15, 2017. That same day, Plaintiff provided Airport Terminal Services Crew Chief, Ora Doe ("Ora") with her doctor's note. Plaintiff asked Ora whether further documentation was required, and Ora confirmed that the documents provided by Plaintiff were sufficient.

12.  *Defendants' termination of plaintiff's employment:*  On or around May 8, 2017, Plaintiff received a call from Shonta Henderson ("Henderson"), a Human Resources representative at Airport Terminal Services. Henderson informed Plaintiff that Airport Terminal Services needed to fill her position, and requested that she voluntarily resign from her position. Plaintiff informed Henderson that she would not resign, as she fully anticipated returning to work soon, once her shoulder healed. In response, Henderson informed Plaintiff that if she refused to resign, then Airport Terminal Services would proceed to terminate her employment. Several days later, Plaintiff received a letter in the mail with her final paycheck, confirming her termination.

13.  *Economic damages:*  As a consequence of Entity Defendant's conduct, Plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to her career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

14.  *Non-economic damages:*  As a consequence of all Defendants' conduct, Plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

15.  *Punitive damages:*  Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles Plaintiff to an award of exemplary and/or punitive damages.

a. *Malice:*  All Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) all Defendants acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of her age, disability, medical leave, race, national origin, ancestry, pregnancy, gender, sexual orientation, and/or good faith complaints, and/or (b) all Defendants' conduct was despicable and committed in willful and conscious disregard of Plaintiff's rights, health, and safety, including Plaintiff's right to be free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

b. *Oppression:*  In addition, and/or alternatively, all Defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that all Defendants' actions against Plaintiff because of her age, disability, medical leave, race, national origin, ancestry, pregnancy, gender, sexual orientation, and/or good faith complaints were "despicable" and subjected Plaintiff to cruel and unjust hardship, in knowing disregard of Plaintiff's rights to a work place free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

c. *Fraud:*  In addition, and/or alternatively, Entity Defendant's conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that Entity Defendant's asserted false (pretextual) grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby to cause Plaintiff hardship and deprive her of legal rights.

16.  *Attorneys' fees:*  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

17.  *Exhaustion of administrative remedies:*  Prior to filing this action, Plaintiff exhausted her administrative remedies by filing a timely administrative complaint with the

Department of Fair Employment and Housing ("DFEH") and receiving a DFEH right-to-sue letter.

## FIRST CAUSE OF ACTION

**(Violation of FEHA (Government Code §§ 12900, *et seq.*; 12945.2) (Discrimination and Retaliation on the Basis of Disability; Failure to Accommodate a Disability; Failure to Engage in the Interactive Process; Failure to Prevent Discrimination, Harassment, and Retaliation; Violation of the California Family Rights Act—Against Entity Defendant and Does 1 to 100, Inclusive), (Harassment on the Bases of Disability)—Against All Defendants and Does 1 to 100, Inclusive)**

18.  The allegations set forth in paragraphs 1 through 17 are re-alleged and incorporated herein by reference.

19.  At all times herein mentioned, FEHA, Government Code section 12940, *et seq.*, was in full force and effect and was binding on Entity Defendant. This statute requires Entity Defendant to refrain from discriminating against any employee because the employee has an actual, perceived, and/or history of disability, because the employee takes protected leave under the California Family Rights Act ("CFRA") or Family Medical Leave Act ("FMLA"), and/or because of any other protected status as provided under FEHA. Prior to filing the instant Complaint, Plaintiff filed a timely administrative charge with the DFEH and received a right-to-sue letter.

20.  Government Code sections 12940(a), (i), (m), and (n) require Entity Defendant to provide reasonable accommodations to known disabled employees and to engage in a timely, good faith interactive process to accommodate known disabled employees.

21.  Government Code section 12940(k) states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to

prevent discrimination and harassment from occurring."

22. Plaintiff's actual, perceived, and/or history of disability and/or requested protected leave under the CFRA and/or FMLA and/or other protected status, protected by FEHA were motivating factors in Entity Defendant's decision to terminate Plaintiff's employment; not to retain, hire, or otherwise employ Plaintiff in any position; to harass Plaintiff; to retaliate against Plaintiff: to refuse to accommodate Plaintiff; to refuse to engage in the interactive process; and/or to take other adverse job actions against Plaintiff, including fail to prevent discrimination, harassment, and retaliation.

23. During the course of Plaintiff's employment, Entity Defendant failed to prevent their employees from engaging in intentional actions that resulted in Plaintiff being treated less favorably because of her protected status (*i.e.,* disability; or other protected status). During the course of Plaintiff's employment, Entity Defendant failed to prevent their employees from engaging in unjustified employment practices against employees in such protected classes. During the course of Plaintiff's employment, Entity Defendant failed to prevent a pattern and practice by their employees of intentional discrimination and harassment on the bases of disability, and/or other protected statuses or protected activities.

24. Entity Defendant, through their managers and supervisors, made a number of comments to and about Plaintiff that exhibited discriminatory motivations, intentions, and consciousness on the bases of disability. Plaintiff believes, and on that basis alleges, that Entity Defendant's real motivation was to discharge her because of her disability, and/or other protected statuses or protected activities.

25. Entity Defendant wholly failed to attempt any reasonable accommodation of Plaintiff's known disability and/or to engage in a timely, good faith interactive process with Plaintiff to accommodate her known disabilities. Instead, Entity Defendant terminated Plaintiff's employment in whole or in part because of her disability, and/or other protected statuses.

26. Entity Defendant's conduct, as alleged, violated FEHA, and all Defendants

committed unlawful employment practices, including by the following, separate bases for liability:

a.  Taking adverse employment actions against Plaintiff, such as discharging; barring; refusing to transfer, retain, hire, select, and/or employ; and/or, otherwise discriminating against Plaintiff—in whole or in part—on the bases of Plaintiff's disability, taking a protected leave, and/or other protected statuses or protected activities, in violation of Government Code section 12940(a);

b.  Harassing Plaintiff and/or creating a hostile work environment, in whole or in part on the bases of Plaintiff's actual, perceived, and/or history of disability; and/or, other protected statuses and/or protected activities, in violation of Government Code section 12940(j);

c.  Failing to accommodate Plaintiff's actual, perceived, and/or history of disability; and/or, other protected statuses, in violation of Government Code section 12940(m);

d.  Failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n);

e.  Failing to provide Plaintiff with requisite statutory leave, violating notice and/or other procedural requisites of leave, and/or retaliating against Plaintiff for taking leave, in violation of Government Code section 12945.2.

f.  Retaliating against Plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing Entity Defendant's failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, and/or the right to be free of discrimination and harassment, in violation of Government Code section 12940(h);

g.  Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on actual, perceived, and/or history of disability; taking a protected leave; and/or, other protected statuses and/or protected activities, in violation of Government Code section 12940(k);

27.  On the basis of the above, Plaintiff believes and alleges that her actual, perceived, and/or history of disability; and/or, other protected statuses and/or protected activities were substantial motivating factors in Entity Defendant's termination of her employment.

28.  As a proximate result of Defendant's willful, knowing, and intentional discrimination against, harassment of, and retaliation against Plaintiff, their failure to accommodate Plaintiff's known disability and to engage in a timely, good faith interactive process, and their failure to prevent discrimination, harassment, and retaliation, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

29.  As a proximate result of Entity Defendants' willful, knowing, and intentional discrimination against, harassment of, and retaliation against Plaintiff, their failure to accommodate Plaintiff's known disability and to engage in a timely, good faith interactive process, and their failure to prevent discrimination, harassment, and retaliation, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

30.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

31.  Entity Defendant's misconduct was committed intentionally, in a malicious, despicable, fraudulent, and oppressive manner, entitling Plaintiff to punitive damages against Entity Defendant.

///

///

///

///

///

///

PLAINTIFF'S COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

### (Breach of Express Oral Contract Not to Terminate Employment Without Good Cause)—Against Entity Defendant Only, and Does 1 to 100, Inclusive)

32.  The allegations set forth in paragraphs 1 through 31 are re-alleged and incorporated herein by reference.

33.  Entity Defendant, through their agents, entered an oral agreement not to terminate Plaintiff's employment except for good cause.  Plaintiff and Entity Defendant, through their supervisors, made mutual promises of consideration pursuant to this oral agreement.  Plaintiff performed all duties required of her under the agreement by performing her job in an exemplary manner.

34.  Entity Defendant and their managers and supervisors terminated Plaintiff's employment without good cause, violating the express oral contract they had with her.

35.  As a proximate result of Entity Defendant's willful breach of the express oral contract not to terminate employment without good cause, Plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

## THIRD CAUSE OF ACTION

### (Breach of Implied-in-Fact Contract Not to Terminate Employment Without Good Cause (*Marketing West, Inc. v. Sanyo Fisher* (1992) 6 Cal.App.4th 603; Civil Code § 1622)—Against Entity Defendant Only, and Does 1 to 100, Inclusive)

36.  The allegations set forth in paragraphs 1 through 35 are re-alleged and incorporated herein by reference.

37.  On the basis of oral assurances of continued employment given to Plaintiff by Entity Defendant's supervisors, the length of Plaintiff's employment with Entity

Defendant, Entity Defendant's actual practice of terminating employment only for cause, and the industry standard for the business Entity Defendant engaged in of terminating employment only for cause, Plaintiff and Entity Defendant shared the actual understanding that Plaintiff's employment could and would be terminated only for cause. This shared understanding resulted in an implied contract requiring that Entity Defendant have good cause to terminate Plaintiff's employment.

38.   Entity Defendant and their managers and supervisors terminated Plaintiff's employment without good cause, violating the implied-in-fact contract they had with her.

39.   As a proximate result of Entity Defendant's willful breach of the implied-in-fact contract not to terminate employment without good cause, Plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

40.   Plaintiff seeks attorneys' fees for lost wages under this cause of action under Labor Code section 218.6.

## FOURTH CAUSE OF ACTION

### (Negligent Hiring, Supervision, and Retention—Against

### Entity Defendant Only, and Does 1 to 100, Inclusive)

41.   The allegations set forth in paragraphs 1 through 40 are re-alleged and incorporated herein by reference.

42.   Entity Defendant owed a duty of care to Plaintiff to appoint, hire, retain, and supervise persons who would not engage in retaliatory, harassing, or discriminatory conduct.  Entity Defendant owed a duty of care to Plaintiff not to retain managers or employees who would discriminate against, harass, or retaliate against employees for engaging in protected activities.  Entity Defendant owed a duty of care to Plaintiff to supervise their managers and employees closely to ensure that they would refrain from harassing and retaliating against Plaintiff.

43.   Entity Defendant breached these duties.  As a result, Entity Defendant caused

damages to Plaintiff.  As a proximate result of Entity Defendant's negligent hiring, retention, and supervision of their managers and employees, Plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, according to proof.

## FIFTH CAUSE OF ACTION

### (Wrongful Termination of Employment in Violation of Public Policy (FEHA and Labor Code)—Against Entity Defendant Only, and Does 1 to 100, Inclusive)

44.  The allegations set forth in paragraphs 1 through 43 are re-alleged and incorporated herein by reference.

45.  Entity Defendant terminated Plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws.  Specifically, Plaintiff's employment was terminated in part because of her protected status (*i.e.,* age, disability/medical condition, medical leave, need for accommodations, and/or good faith complaints, as well as her having filing a claim worker's compensation claim and/or receiving a rating, award, or settlement).  These actions were in violation of FEHA and the California Labor Code (including section 132a).

46.  As a proximate result of Entity Defendant's willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

47.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

48.  Entity Defendant's misconduct was committed intentionally, in a malicious, fraudulent, despicable, oppressive manner, entitling Plaintiff to punitive damages against Entity Defendant.

## SIXTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress—Against All

### Defendants and Does 1 to 100, Inclusive)

49.  The allegations set forth in paragraphs 1 through 48 are re-alleged and incorporated herein by reference.

50.  Entity Defendant's discriminatory, harassing, and retaliatory actions, and Defendants' harassing actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

51.  All Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of her livelihood while she was suffering from an actual, perceived, and/or history of disability, would devastate Plaintiff and cause her extreme hardship.

52.  As a proximate result of all Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress.  Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

53.  As a proximate result of all Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

54.  All Defendants' misconduct was committed intentionally, in a malicious, oppressive manner, entitling Plaintiff to punitive damages.

///

///

///

///

///

///

///

**PRAYER**

WHEREFORE, Plaintiff, Jayme Tipton, prays for judgment against defendants as follows:

1. For general and special damages according to proof;

2. For exemplary damages, according to proof;

3. For pre-judgment and post-judgment interest on all damages awarded;

4. For reasonable attorneys' fees;

5. For costs of suit incurred;

6. For declaratory relief;

7. For such other and further relief as the Court may deem just and proper.


ADDITIONALLY, Plaintiff, Jayme Tipton, demands trial of this matter by jury. The amount demanded exceeds $25,000.00 (Government Code § 72055).


Dated: October 4, 2018                    SHEGERIAN & ASSOCIATES, INC.


                              By: _____
                                  Carney R. Shegerian, Esq.

                                  Attorneys for Plaintiff,
                                  JAYME TIPTON

PLAINTIFF'S COMPLAINT FOR DAMAGES

# EXHIBIT 2

Seyfarth Shaw LLP
Aaron R. Lubeley (SBN 199837)
alubeley@seyfarth.com
Simon L. Yang (SBN 260286)
syang@seyfarth.com
Meagan Sue O'Dell (SBN 280086)
modell@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   (213) 270-9600
Facsimile:   (213) 270-9601

Attorneys for Defendants
AIRPORT TERMINAL SERVICES, INC. and
EDGAR TRUJILLO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYME TIPTON,<br><br>         Plaintiff,<br><br>   v.<br><br>AIRPORT TERMINAL SERVICES, INC.,<br>EDGAR TRUJILLO, MELISSA DOE, and<br>DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No.   2:18-cv-9503<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441**<br><br>[Los Angeles Superior Court Case No. BC724260]<br><br>*[Filed concurrently with Notice of Interested Parties, Declarations, Notice of Compliance, Corporate Disclosure Statement, and Civil Cover Sheet]* |

# **TABLE OF CONTENTS**

**Page**

BACKGROUND AND PROCEEDINGS IN STATE COURT....................................1

TIMELINESS OF REMOVAL .................................................................2

DIVERSITY JURISDICTION ..................................................................3

I.  DIVERSE CITIZENSHIP OF THE PARTIES.........................................3

    A.  Plaintiff Is a Citizen of California. .................................................3

    B.  Defendant Airport Terminal Services, Inc. Is a Citizen of Missouri. ...........4

    C.  The Citizenship of "Sham" Defendant Trujillo Is to Be Disregarded. ..........5

        1.  Trujillo Is a "Sham" Defendant as Plaintiff's Harassment and IIED Claims Against Him Are Based Solely on Non-Actionable Personnel Decisions Made By People Other Than Trujillo. ...............6

        2.  Trujillo Is a "Sham" Defendant as Plaintiff's Harassment and Emotional Distress Claims Are Precluded by the Managerial Privilege, Which Precludes Individual Liability for Managers for Tort Claims Arising from the Course and Scope of Employment. ......................................................................7

        3.  Trujillo Also Is a "Sham" Defendant Because Emotional Distress Claims in the Employment Context Are Preempted by the Exclusive Remedies of the California Workers' Compensation Act.......................................................................9

    D.  The Citizenship of Doe Defendants Is Irrelevant.................................11

II.  AMOUNT IN CONTROVERSY ....................................................11

    A.  Lost Wages .............................................................................12

    B.  Emotional Distress Damages ........................................................12

    C.  Punitive Damages .....................................................................13

    D.  Attorneys' Fees and Costs...........................................................13

    E.  Total Jury Awards ....................................................................15

VENUE ..........................................................................................16

NOTICE OF REMOVAL ......................................................................16

PRAYER FOR REMOVAL ....................................................................16

NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT PURSUANT TO DIVERSITY JURISDICTION

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Armstrong v. Church of Scientology Int'l,*
243 F.3d 546 (9th Cir. 2000) ..........................................................................3

*Brady v. Mercedes-Benz USA, Inc.,*
243 F. Supp. 2d 1004 (N.D. Cal. 2002) ...........................................................14

*Crangle v. Stanford Univ.,*
2000 WL 33800199 (N.D. Cal., Mar. 30, 2000) ...............................................13

*Dodson v. Spillada Maritime Corp.,*
951 F.2d 40 (5th Cir. 1992) .............................................................................5

*Emrich v. Touche Ross & Co.,*
846 F.2d 1190 (9th Cir. 1988) ........................................................................11

*Fristoe v. Reynolds Metals Co.,*
615 F.2d 1209 (9th Cir. 1980) ........................................................................11

*Galt G/S v. JSS Scandinavia,*
142 F.3d 1150 (9th Cir. 1998) ........................................................................13

*Gasnik v. State Farm Ins. Co.,*
825 F. Supp. 245 (E.D. Cal. 1992) ...................................................................5

*Hamilton Mat. Inc. v. Dow Chem. Corp.,*
494 F.3d 1203 (9th Cir. 2007) ..........................................................................8

*The Hertz Corp. v. Friend,*
559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010) .........................4, 5

*Kanter v. Warner-Lambert Co.,*
265 F.3d 853 (9th Cir. 2001) ...........................................................................3

*Kantor v. Wellesley Galleries, Ltd.,*
704 F.2d 1088 (9th Cir. 1983) ..........................................................................3

*Kroske v. US Bank Corp.,*
432 F.3d 976 (9th Cir. 2005) .........................................................................14

*Landau v. County of Riverside,*
2010 WL 1648442 (C.D. Cal. 2010) ...............................................................15

*Lew v. Moss,*
797 F.2d 747 (9th Cir. 1986) ...........................................................................3

*Lewis v. Time, Inc.,*
83 F.R.D. 455 ...................................................................................................5

NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT PURSUANT TO DIVERSITY JURISDICTION

*Malone v. Potter,*
  2010 WL 330252 (C.D. Cal. 2010) ............................................................... 15

*McCabe v. General Foods Corp.,*
  811 F.2d 1336 (9th Cir. 1987) ................................................................... 5, 7

*Morris v. Princess Cruises, Inc.,*
  236 F.3d 1061 (9th Cir. 2001) ....................................................................... 5

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,*
  526 U.S. 344 (1999) ........................................................................................ 2

*Richmond v. Allstate Ins. Co.,*
  897 F. Supp. 447 (S.D. Cal. 1995) ............................................................. 13

*Ritchey v. Upjohn Drug Co.,*
  139 F.3d 1313 (9th Cir. 1998) ....................................................................... 5

*Simmons v. PCR Tech,*
  209 F. Supp. 2d 1029 (N.D. Cal. 2002) ..................................................... 14

*State Farm Mut. Auto Ins. Co. v. Dyer,*
  29 F.3d 514 (10th Cir. 1994) ......................................................................... 3

*TPS Utilicom Serv., Inc. v. AT & T Corp.,*
  223 F. Supp. 2d 1089 (C.D. Cal. 2002) ....................................................... 5

*Valdez v. Allstate Ins. Co.,*
  372 F.3d 1115 (9th Cir. 2004) ..................................................................... 12

*Vaughn v. CNA Casualty of California,*
  2008 WL 4056256 (C.D. Cal. 2008) ........................................................... 15

**California Cases**

*Aalgaard v. Merchants Nat'l Bank, Inc.,*
  224 Cal. App. 3d 674 (1990), cert. denied, 502 U.S. 901 (1991) ................. 7

*Becket v. Welton Becket & Assocs.,*
  39 Cal. App. 3d 815 (1974) ........................................................................... 8

*Cole v. Fair Oaks Fire Prot. Dist.,*
  43 Cal. 3d 148 (1987) .............................................................................. 9, 10

*Horn v. Bradco Int'l, Ltd.,*
  232 Cal. App. 3d 653 (1991) ....................................................................... 10

*Jenkins v. Family Health Program,*
  214 Cal. App. 3d 440 (1989) ....................................................................... 10

*Jones v. Dep't of Corrs. and Rehabilitation,*
  152 Cal. App. 4th 1367 (2007) .................................................................... 10

*Livitsanos v. Sup. Ct.,*
  2 Cal. 4th 744 (1992) ..................................................................................... 9

NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT PURSUANT TO DIVERSITY JURISDICTION

*Marin v. Jacuzzi*,
  224 Cal. App. 2d 549 (1964) .................................................................. 8

*Miklosy v. Regents of University of California*,
  44 Cal. 4th 876 (2008) ........................................................................... 9

*Mueller v. County of Los Angeles*,
  176 Cal. App. 4th 809 (2009) ............................................................... 10

*Pichon v. Pacific Gas & Elec. Co.*,
  212 Cal. App. 3d 488, modified, reh'g denied, 212 Cal. App. 3d 1369
  (1989) .................................................................................................... 11

*Robomatic, Inc. v. Vetco Offshore*,
  225 Cal. App. 3d 270 (1990) ................................................................ 10

*Sheppard v. Freeman*,
  67 Cal. App. 4th 339 (1998) .............................................................. 7, 8

*Shoemaker v. Myers*,
  52 Cal. 3d 1 (1990) ........................................................................... 9, 10

**Other State Cases**

*Behar et al. v. Union Bank et al.*
  Los Angeles Superior Court Case No. BC427993, VerdictSearch
  California Reporter, Vol. 12, (April 9, 2013 verdict) ........................... 14

*Carter v. CB Richard Ellis*,
  2001 WL 34109371 (Orange County Superior Court, Oct. 7, 2001) .......... 13

*Comey v. County of Los Angeles*,
  2007 WL 3022474 (Los Angeles County Superior Court, Aug. 15, 2007) ........ 13

*Conney v. University of California Regents*,
  2004 WL 1969934 (Los Angeles County Superior Court, July 27, 2004) ......... 13

*Dodd v. Haight Brown & Bonesteel LLP*,
  2010 WL 4845808 (L.A. County Superior Ct. 2010) ........................... 15

*Duffy v. City of Los Angeles*,
  Los Angeles Superior Court Case No. BC454369, 2013 Jury Verdicts
  LEXIS 9447 (August 12, 2013 verdict) ................................................ 14

*Elliott v. City of Gardena*,
  2001 WL 1255712 (Los Angeles County Superior Court, July 23, 2001) ........ 12

*Ismen v. Beverly Hosp.*,
  2008 WL 4056258 (L.A. County Sup. Ct.) ........................................... 15

*Kolas v. Alticor Inc.*,
  2008 WL 6040410 (L.A. County Superior Ct. 2008) ........................... 15

*Morales v. Los Angeles County Metro. Transp. Auth.*,
  2008 WL 4488427 (L.A. County Superior Ct. 2008) ........................... 15

iv

*Orue v. Sears, Roebuck & Co.,*
   2007 WL 2456108 (L.A. County Superior Ct. 2007) ................................... 15

*Salinda v. DIRECTV Inc.,*
   Los Angeles County Superior Court, Case No. BC475999, 45 Trials
   Digest 16th 9 (August 23, 2013) ............................................................. 14

*Ybarra v. Dacor Holding Inc.,*
   2010 WL 2404221 (L.A. County Superior Ct. 2010) ................................... 15

**Federal Statutes**

28 U.S.C.
   § 84(c)(2) ............................................................................................... 16
   § 1332 .................................................................................................... 11
   § 1332(a) ........................................................................................... 1, 15
   § 1332(a)(1) ............................................................................................ 3
   § 1332(c) .................................................................................................. 4
   § 1332(c)(1) ............................................................................................. 4
   § 1441 .......................................................................................... 1, 3, 16
   § 1441(a) ................................................................................................. 2
   § 1446 ................................................................................................ 1, 3
   § 1446(a) ............................................................................................... 16
   § 1446(b) ................................................................................................. 2
   § 1446(d) ............................................................................................... 16

**California Statutes**

Cal. Gov't Code
   § 12965 .................................................................................................. 12
   § 12970 .................................................................................................. 12

California Family Rights Act ........................................................................ 1

California Government Code
   § 12965(b) .............................................................................................. 13

California Labor Code
   § 218.6 .............................................................................................. 12, 13
   § 3600(a) .................................................................................................. 9
   § 3600 et seq. .......................................................................................... 6
   § 3602(a) .................................................................................................. 9

California Workers' Compensation Act ........................................................ 11

**Other Authorities**

Fed. R. Civ. P. 21 ......................................................................................... 5

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Airport Terminal Services, Inc. and Edgar Trujillo hereby file this Notice of Removal pursuant to 28 U.S.C. sections 1441 and 1446, based on diversity of citizenship jurisdiction under 28 U.S.C. section 1332(a), in order to effectuate the removal of the above-captioned action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. Removal is proper for the following reasons:

**BACKGROUND AND PROCEEDINGS IN STATE COURT**

1.      On October 4, 2018, Plaintiff Jayme Tipton ("Plaintiff") filed a complaint in the Superior Court of California for the County of Los Angeles, titled *Jayme Tipton v. Airport Terminal Services, Inc.; Edgar Trujillo; Melissa Doe; and Does 1 to 100, Inclusive,* Case No. BC 724260 (the "Complaint").

2.      The Complaint asserts causes of action against Defendants for: (1) Violation of FEHA (Discrimination and Retaliation on the Basis of Disability; Failure to Accommodate; Failure to Engage in the Interactive Process; Failure to Prevent Discrimination, Harassment, and Retaliation; Violation of the California Family Rights Act ("CFRA"); and Harassment on the Basis of Disability); (2) Breach of Express Oral Contract not to Terminate Employment Without Good Cause; (3) Breach of Implied-In-Fact Contract not to Terminate Employment without Good Cause; (4) Negligent Hiring, Supervision, and Retention; (5) Wrongful Termination of Employment in Violation of Public Policy; and (6) Intentional Infliction of Emotional Distress. Plaintiff asserts only two causes of action against the individual defendants, Edgar Trujillo ("Trujillo") and Melissa Doe ("Melissa"): her First Cause of Action for Harassment and her Sixth Cause of Action for Intentional Infliction of Emotional Distress.

3.      On October 9, 2018, Airport Terminal Services, Inc.'s ("ATS") registered agent for service of process in California received, via process server, the Summons; the

Complaint; the Civil Case Cover Sheet; and ADR packet. A copy of these documents is **Exhibit A** to the concurrently filed Declaration of Aaron Lubeley ("Lubeley Dec.").

4.      On October 23, 2018, Plaintiff sent, via mail, the Summons; the Complaint; the Civil Case Cover Sheet; and ADR packet to Trujillo. On October 25, 2018, Plaintiff sent, via first class mail, the Summons; the Complaint; the Civil Case Cover Sheet; and ADR packet to Trujillo. A copy of these documents is **Exhibit B** to the concurrently filed Declaration of Aaron Lubeley.

5.      Defendants ATS and Trujillo (collectively, "Defendants") are unaware of any attempts by Plaintiff to serve Defendant Melissa Doe.

6.      Defendant ATS also received a copy of Plaintiff's December 22, 2017 Department of Fair Employment and Housing charge via mail and facsimile on January 30, 2018. A copy of this document is **Exhibit C** to the concurrently filed Declaration of Aaron Lubeley.

7.      Defendants deny that they owe anything by the Complaint, but treat the Complaint's allegations as true for purposes of this Notice of Removal.

8.      Defendants have not filed any paper in this matter before this Notice of Removal. The exhibits listed above constitute all prior pleadings, process, and orders filed with any court in this matter. (Lubeley Dec. ¶ 2.)

**TIMELINESS OF REMOVAL**

9.      Plaintiff personally served Defendant ATS's registered agent for service of process on October 9, 2018. (*See* Exhibit A to Lubeley Dec.) Plaintiff served Defendant Trujillo via mail on October 23, 2018, and via first class mail on October 25, 2018. (*See* Exhibit B to Lubeley Dec.) This Notice of Removal is timely because it is being filed within 30 days of any defendant's receipt of the Summons and Complaint on October 9, 2018, and within one year of the commencement of this action. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining the time for filing a notice of removal does not run until a party has been formally served with the summons and complaint under the applicable state law).

# DIVERSITY JURISDICTION

10.     This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable under 28 U.S.C. sections 1441 and 1446 as the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different states.

## I.     DIVERSE CITIZENSHIP OF THE PARTIES

### A.     Plaintiff Is a Citizen of California.

11.     Plaintiff is a resident and citizen of the State of California. Specifically, the Complaint alleges that "Plaintiff Tipton is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, California." (Complaint ("Compl.") ¶ 1.)

12.     For diversity purposes, a natural person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 29 F.3d 514, 520 (10th Cir. 1994).

13.     Moreover, based on information from Plaintiff's personnel file and information submitted to Defendants throughout the course of Plaintiff's employment and thereafter, Plaintiff has, without exception, listed a California address as her current address, which demonstrates "an intent to remain" in California and establishes domicile in California. (Declaration of Peggy Hohl ("Hohl Dec.") ¶ 8.) Neither Plaintiff nor Plaintiff's counsel has provided a different address or indicated that Plaintiff does not intend to remain domiciled in California. (*Id.*)

14.     Defendants' review of Plaintiff's public records reveal that Plaintiff resides in California. (*See* Lubeley Dec. ¶ 3, Ex. D.)

15.     Plaintiff, therefore, is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

**B.     Defendant Airport Terminal Services, Inc. Is a Citizen of Missouri.**

16.     ATS is now, and was at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. section 1332(c)(1). 28 U.S.C. § 1332(c)(1).

17.     Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." ATS is now, and was at all relevant times, incorporated under the laws of the State of Missouri. (Hohl Dec. ¶ 9.)

18.     With respect to ATS's principal place of business, the Supreme Court's recent decision in *The Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010), has held that a corporation's "principal place of business" for determining its citizenship is the corporation's "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." **And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center"** … .

*The Hertz Corp.*, 130 S. Ct. at 1192 (emphasis added).

19.     Here, ATS's headquarters is located at 940 Westport Plaza Drive, Suite 101, St. Louis, Missouri 63146. (Hohl Dec. ¶ 10.) ATS's corporate officers, including the Chief Executive Office, President, and Vice President of Employee Services, for example, work from this headquarters in St. Louis, Missouri. (*Id.*) These individuals comprise ATS's senior management and are responsible for the direction, control, and coordination of ATS's corporate planning and strategy. (*Id.*) **None** of ATS's senior management works out of California. (*Id.*)

20.     As ATS is incorporated in Missouri and its "actual center of direction, control, and coordination" or "nerve center" is in St. Louis, Missouri, ATS is not a citizen

4

of the State of California. Rather, ATS is a citizen of the State of Missouri. *The Hertz Corp.*, 130 S. Ct. at 1192.

21.    As a result, ATS is not now, and was not at the time of the filing of the Complaint, a citizen of the State of California.

### C.    The Citizenship of "Sham" Defendant Trujillo Is to Be Disregarded.

22.    Defendant Trujillo must be disregarded for purposes of diversity because he is a "sham" defendant, i.e., he cannot be found liable as a matter of law. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

23.    It is well-settled that a party cannot attempt to defeat diversity of citizenship jurisdiction by adding "sham" defendants. *See, e.g., Morris*, 236 F.3d at 1067; *Dodson v. Spillada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992); *TPS Utilicom Serv., Inc. v. AT & T Corp.*, 223 F. Supp. 2d 1089, 1100-1101 (C.D. Cal. 2002) (same).

24.    Joinder of a defendant is a "sham" and is fraudulent if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint. *See, e.g., Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

25.    When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Lewis v. Time, Inc.*, 83 F.R.D. at 455 ("[I]t is well settled that upon allegations of fraudulent joinder . . . federal courts may look beyond the pleadings to determine if the joinder . . . is a sham or fraudulent device to prevent removal."); *McCabe*, 811 F.2d at 1339 (a defendant "is entitled to present the facts showing the joinder to be fraudulent").

26.    If the facts reveal that joinder is fraudulent, the defendant may be dismissed from the action pursuant to Rule 21 of the Federal Rules of Civil Procedure, which provides that "[p]arties may be dropped or added by order of the court on motion of any party ... at any stage of the action and on such terms as are just." *Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245, 248-249 (E.D. Cal. 1992).

27.     Plaintiff's Complaint arises from an employment dispute with her employer, ATS. However, Plaintiff has also asserted claims against individual defendant Trujillo for "Harassment" and "Intentional Infliction of Emotional Distress" ("IIED").

28.     The individual defendant, Trujillo, is not liable for the claims alleged against him in the Complaint, as a matter of law, because (1) Plaintiff's harassment claim is solely based on non-actionable personnel decisions made by people other than the individual defendant, (2) the managerial privilege precludes individual liability for managers for tort claims arising from the course and scope of employment, such as Plaintiff's claim for intentional infliction of emotional distress; and (3) the Workers' Compensation Act, Cal. Lab. Code § 3600 et seq. (the "WCA"), provides Plaintiff's exclusive remedy for injuries arising out of and in the course of employment and preempts separate causes of action for emotional distress.

### 1.     Trujillo Is a "Sham" Defendant as Plaintiff's Harassment and IIED Claims Against Him Are Based Solely on Non-Actionable Personnel Decisions Made By People Other Than Trujillo.

29.     Plaintiff's first cause of action for harassment and sixth cause of action for IIED against Trujillo, her former supervisor, fail as a matter of law because the only action attributed to Trujillo was receipt of a doctor's note. Trujillo is mentioned only one time in Plaintiff's fifteen page Complaint. Plaintiff alleges that she provided her doctor's note to Trujillo in April 2017. (Compl. ¶ 11(c).) The receipt of a doctor's note is hardly evidence of harassment or IIED.

30.     Instead, Plaintiff attributes the non-actionable, personnel decision to terminate her employment to ATS. Plaintiff further alleges that a different individual informed her that ATS needed to fill her position and requested that she voluntarily resign. (*Id.* at ¶ 12.)

31.     ATS needed to place someone in Plaintiff's position, and made the legitimate, personnel decision to let Plaintiff go. According to the Complaint's allegations, this decision was not made by Trujillo.

NOTICE OF REMOVAL OF CIVIL ACTION TO DISTRICT COURT PURSUANT TO DIVERSITY JURISDICTION

32.     As such, there is no factual basis to support a claim of harassment or IIED against Trujillo.

> ## 2. Trujillo Is a "Sham" Defendant as Plaintiff's Harassment and Emotional Distress Claims Are Precluded by the Managerial Privilege, Which Precludes Individual Liability for Managers for Tort Claims Arising from the Course and Scope of Employment.

33.     Plaintiff's first cause of action for harassment and sixth cause of action for IIED against Trujillo, her former supervisor, fail as a matter of law because the only action attributed to Trujillo was receipt of a doctor's note, and such alleged conduct occurred within the course and scope of his employment and is thereby protected by the managerial privilege. In her fifteen page Complaint, Plaintiff references Trujillo only one time. Plaintiff alleges that she provided her doctor's note to Trujillo in April 2017. (Compl. ¶ 11(c).)

34.     Plaintiff's allegations do not indicate that Trujillo ever caused her harm. To the extent that Trujillo's receipt of a doctor's note did cause Plaintiff harm (which Defendants deny), such action was within the course and scope of Trujillo's employment.

35.     Under the doctrine of managerial privilege, individual managers cannot be held personally liable for tort claims brought by other employees arising from actions taken within the course and scope of their managerial capacity. *McCabe*, 811 F.2d at 1339 (applying California law, Court held that plaintiff's tort claims against two individual managers failed as a matter of law because "[the managers'] actions, according to the complaint, had been in their managerial capacity . . . [and] ratified by [their employer]. . . .  [I]t is clear that 'if an agent is motivated in part by a desire to benefit his principle,' his conduct is, under California law, privileged.") (citation omitted) (emphasis added); *accord Sheppard v. Freeman*, 67 Cal. App. 4th 339, 346-47 (1998) ("Personnel actions are made for the benefit of the enterprise-the employer, and it is the employer, and not the individual employees, that must bear the risks and responsibilities attendant to these actions," and "an employee or former employee cannot sue individual employees based on their conduct, including acts or words relating to personnel actions."); *Aalgaard*

7

*v. Merchants Nat'l Bank, Inc.*, 224 Cal. App. 3d 674, 684-86 (1990) (individual defendant employee's conduct was protected from liability by the manager's privilege), cert. denied, 502 U.S. 901 (1991); *Becket v. Welton Becket & Assocs.*, 39 Cal. App. 3d 815, 823-24 (1974) (claims against officer dismissed on managerial immunity grounds because the officer's acts occurred within course and scope of employment); *Marin v. Jacuzzi*, 224 Cal. App. 2d 549 (1964) (claims against another employee dismissed on managerial immunity grounds).

36.     Furthermore, there can be no individual liability for supervisors and managers arising from personnel actions, regardless of their personal motives. *Sheppard*, 67 Cal. App. 4th at 343 ("Disposition of this appeal turns on our resolution of . . . whether an employee or former employee can sue other co-employees individually based on their conduct relating to personnel actions, e.g., termination, demotion, discipline, transfers, compensation setting, work assignments, and/or performance appraisals. We conclude that . . . such actions are barred, whether or not the employers are determined to have been acting within their scope of employment and regardless of their personal motives."). Thus, even if Plaintiff pled that Trujillo harassed her and/or intended to cause her severe emotional distress and/or acted with reckless disregard of the probability that Plaintiff would suffer severe emotional distress by engaging in outrageous conduct, it is not actionable.

37.     Based on the authorities cited above, Plaintiff cannot pursue her causes of action against Trujillo because the allegations in the Complaint concede that he was acting solely within the scope and course of his employment as a manager/supervisor, and that his singular action of receiving a doctor's note is not actionable. Thus, Trujillo is a sham defendant with respect to all of Plaintiff's claims against him; his joinder was fraudulent and should not be rewarded. *Hamilton Mat. Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("if plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to settled rules of the state, the joinder of the resident defendant is fraudulent").

### 3. Trujillo Also Is a "Sham" Defendant Because Emotional Distress Claims in the Employment Context Are Preempted by the Exclusive Remedies of the California Workers' Compensation Act.

38.     Given the fact that the alleged actionable conduct of ATS was Plaintiff's termination, Plaintiff's cause of action for IIED fails as a matter of law for an additional reason - Plaintiff seeks recovery for alleged emotional distress arising out of purported conduct that occurred entirely within the course of her employment. Plaintiff specifically alleges that " . . .at all relevant times, one or more of the Defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining Defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment . . ." and that ". . . Defendants are the alter egos of one another . . ." (Compl. ¶ 4.)

39.     The California Workers' Compensation Act provides that it is the exclusive remedy for injuries "arising out of and in the course of employment." Cal. Lab. Code section 3600(a). *See also* Cal. Lab. Code § 3602(a) ("Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation is . . . the sole and exclusive remedy of the employee or his or her dependents against the employer."); *Miklosy v. Regents of University of California*, 44 Cal. 4th 876, 902 (2008) (holding that an employee could not pursue claim for IIED because "[t]he alleged wrongful conduct . . . occurred at the worksite, in the normal course of the employer-employee relationship, and therefore workers' compensation is plaintiffs' exclusive remedy for any injury that may have resulted"); *Livitsanos v. Sup. Ct.*, 2 Cal. 4th 744, 747 (1992) ("[C]laims for emotional distress are preempted by the exclusivity provisions of the workers' compensation law."); *Shoemaker v. Myers*, 52 Cal. 3d 1, 7 (1990) ("[D]isabling injuries, whether physical or mental, arising from termination of employment are generally within the coverage of workers' compensation and subject to the exclusive remedy provisions."); *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 160 (1987) ("[A]n employee suffering emotional distress causing disability may not

9

avoid the exclusive remedy provisions of the [Workers' Compensation Act]."); *Mueller v. County of Los Angeles*, 176 Cal. App. 4th 809, 823-24 (2009) (holding that *Cole* and *Shoemaker* preclude a claim of intentional infliction of emotional distress in the employment context); *Robomatic, Inc. v. Vetco Offshore*, 225 Cal. App. 3d 270, 274 (1990) ("Since dismissal from employment inheres in the employment relationship, [plaintiff] is limited to recovery under Workers' Compensation.").

40.     The motive for the alleged conduct is irrelevant, as courts have held that recovery for emotional distress claims arising from personnel actions is limited to workers' compensation, even when intentional harassing conduct is alleged. *See, e.g., Shoemaker*, 52 Cal. 3d at 15-16 ("The kinds of conduct at issue (e.g., discipline or criticism) are a normal part of the employment relationship. Even if such conduct may be characterized as intentional, unfair or outrageous, it is nevertheless covered by the workers' compensation exclusivity provisions."); *Cole*, 43 Cal. 3d at 160 ("[A]n employee suffering emotional distress causing disability may not avoid the exclusive remedy provisions of the [Workers' Compensation Act] by characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance resulting in disability."); *Jones v. Dep't of Corrs. and Rehabilitation*, 152 Cal. App. 4th 1367 (2007) (holding that a claim of infliction of emotional distress based on alleged discrimination and harassment was void because "[e]ven if the discriminatory conduct [the plaintiff] complained about may be characterized as intentional, unfair or outrageous, it is nevertheless covered by the workers' compensation exclusivity provisions") (internal quotations and citations omitted); *Horn v. Bradco Int'l, Ltd.*, 232 Cal. App. 3d 653, 665 (1991) ("injuries sustained and arising out of the course of employment are governed by the exclusive remedy provisions of workers' compensation, . . . even though the employer's conduct might be characterized as egregious and ulteriorly motivated."); *Jenkins v. Family Health Program*, 214 Cal. App. 3d 440, 450 (1989) ("[T]ermination is no less a normal risk of employment because it is alleged to be wrongful . . . .  When an employee claims injuries as a result of termination of his or her

employment, those injuries also necessarily occur in the course of employment.")
(internal quotations and citations omitted); *Pichon v. Pacific Gas & Elec. Co.*, 212 Cal.
App. 3d 488, 496, modified, reh'g denied, 212 Cal. App. 3d 1369 (1989) (emotional
distress injuries caused by termination of employment are compensable under the
Workers' Compensation Act, and thus claims for intentional infliction of emotional
distress are preempted).

41.     Based on the authorities cited above, Plaintiff's cause of action for IIED is
preempted by the California Workers' Compensation Act because it is based entirely on
conduct that occurred within the scope of the employment relationship. Given that
Plaintiff's claims for harassment and emotional distress are not viable, there can be no
viable claim against Trujillo - evidence he is a fraudulently joined sham defendant.

### D.   The Citizenship of Doe Defendants Is Irrelevant.

42.     Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and
unknown defendants should be disregarded for purposes of establishing removal
jurisdiction under 28 U.S.C. section 1332. 28 U.S.C. § 1441(a) ("For purposes of removal
under this chapter, the citizenship of defendants sued under fictitious names shall be
disregarded."); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980)
(unnamed defendants are not required to join in a removal petition); *Emrich v. Touche
Ross & Co.*, 846 F.2d 1190, 1191 n.1 (9th Cir. 1988) (doe defendants need not join in
removal). Thus, Defendants Melissa Doe and Does 1 through 100 do not deprive this
Court of jurisdiction.

## II.   AMOUNT IN CONTROVERSY

43.     Although the amount in controversy does not appear on the face of the
Complaint, the amount-in-controversy requirement is satisfied because the Complaint
puts into controversy an amount of potential liability for Defendants that easily exceeds
$75,000. As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the
removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*,
372 F.3d 1115, 1117 (9th Cir. 2004).

44.     Based on the nature of the allegations and the damages sought, Plaintiff has placed in controversy an amount exceeding $75,000, exclusive of costs and interest. Specifically, Plaintiff seeks to recover past and future lost wages, emotional distress damages, punitive damages and unpaid wages and penalties. (Compl. ¶¶ 13-15, 16, 28-31, 35, 39-40, 43, 46-48, 52-54; *see also* pp. 15:4-10.) Plaintiff also seeks attorneys' fees in connection with her claims under FEHA and Labor Code section 218.6. (*Id.* at ¶ 16, 30, 40, 47; pp. 15:7.)

### A.     Lost Wages

45.     As for Plaintiff's lost wages, during her entire period of employment, her regular hourly rate of pay was $16.73, and her overtime rate of pay was $25.095. (Hohl Dec. ¶ 5.) Plaintiff worked part-time, averaging 31.55 regular hours and 1.25 overtime hours per week. Plaintiff's alleged lost wages from the date she alleges she was terminated, May 8, 2017, through the date of judgment (assuming judgment is entered one year from the date of the filing of this lawsuit), based on her hourly rate of pay totals approximately $70,460. *See* Cal. Gov't Code §§ 12965, 12970 (lost wages are calculated through the date of judgment). (Hohl Dec. ¶¶ 6-7.)

46.     Thus, based on Plaintiff's alleged lost wages alone, Plaintiff's potential recovery is $70,460. Adding Plaintiff's alleged emotional distress, punitive damages, and attorney's fees, there is no question that this amount exceeds the $75,000 jurisdictional threshold for diversity jurisdiction.

### B.     Emotional Distress Damages

47.     In addition to lost wages, Plaintiff claims emotional distress damages. (Compl. ¶¶ 14, 29, 46, 52-53.) While the details of Plaintiff's alleged emotional distress damages are not pled in the Complaint, in cases alleging discrimination, the emotional distress damages award alone often exceeds the $75,000 amount-in-controversy requirement. *See, e.g.*, *Elliott v. City of Gardena*, 2001 WL 1255712 (Los Angeles County Superior Court, July 23, 2001) (awarding the plaintiff in a discrimination case $1,650,000 where the plaintiff's only claimed injury was emotional distress damages);

*Comey v. County of Los Angeles*, 2007 WL 3022474 (Los Angeles County Superior Court, Aug. 15, 2007) (awarding a plaintiff in a discrimination case $768,286, of which $100,000 was for non-economic damages). *See also, Conney v. University of California Regents*, 2004 WL 1969934 (Los Angeles County Superior Court, July 27, 2004) ($300,000 in past non-economic damages and $600,000 in future non-economic damages awarded to plaintiff claiming discrimination and retaliation). These awards demonstrate that, for diversity purposes, the value of Plaintiff's claimed emotional distress damages exceeds the $75,000 amount in controversy requirement on its own.

### C. Punitive Damages

48. Plaintiff also seeks to recover punitive damages in a sum to be determined at trial. (Compl. ¶¶ 15, 31,48, 54.) For amount in controversy purposes, the Court must conclude that Plaintiff will prevail on her claim for punitive damages. *See Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy includes potential recovery of punitive damages award). An examination of jury awards shows that punitive damages awards alone in discrimination cases often exceed the $75,000 amount in controversy requirement. *See Carter v. CB Richard Ellis*, 2001 WL 34109371 (Orange County Superior Court, Oct. 7, 2001) ($600,000 award of punitive damages in discrimination case); *Crangle v. Stanford Univ.*, 2000 WL 33800199 (N.D. Cal., Mar. 30, 2000) (punitive damages award of $200,000 where sole remaining claim was for retaliation based on making complaint of discrimination).

### D. Attorneys' Fees and Costs

49. The Complaint also seeks attorneys' fees under California Government Code section 12965(b) and California Labor Code section 218.6. (Compl. ¶¶ 16, 30, 40, 47.)

50. In determining whether a complaint meets the $75,000 threshold, a court may consider attorneys' fees. *See*, *e.g.*, *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). Where the underlying statutes entitle a prevailing plaintiff to an award of reasonable attorneys'

fees, such fees must be included in the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy."); *Simmons v. PCR Tech*, 209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002) ("While attorneys' fees alone would not necessarily exceed $75,000, when viewed in combination with alleged compensatory, punitive, and emotional distress damages, the jurisdictional minimum is clearly satisfied.").

51.     The reasonable amount of attorneys' fees in a case may be based upon fee awards in similar cases, plaintiff's counsel's hourly rate, and the number of hours counsel expects to spend on this case. *See Brady*, 243 F. Supp. 2d at 1011.

52.     In addition, to establish the amount in controversy, a defendant may also rely on jury verdicts in cases involving similar facts. S*immons v. PCR Tech*., 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002); *Kroske v. US Bank Corp*., 432 F.3d 976, 980 (9th Cir. 2005). California jury verdicts in similar cases often exceed $75,000. *See, e.g., Salinda v. DIRECTV Inc*., Los Angeles County Superior Court, Case No. BC475999, 45 Trials Digest 16th 9 (August 23, 2013) (jury attributed $214,171 of damages to plaintiff's disability discrimination claim, $750,000 of damages to plaintiff's failure to prevent discrimination and/or retaliation claim, and $214,170 of damages to plaintiff's interactive process claim); *Duffy v. City of Los Angeles*, Los Angeles Superior Court Case No. BC454369, 2013 Jury Verdicts LEXIS 9447 (August 12, 2013 verdict) (verdict for $500,000 future economic loss, $74,000 past economic loss and $2,375,000 in emotional distress damages in age and race harassment and discrimination case with plaintiff represented by Carney Shegerian, counsel for Plaintiff in the instant case); *Behar et al. v. Union Bank et al.* Los Angeles Superior Court Case No. BC427993, VerdictSearch California Reporter, Vol. 12, (April 9, 2013 verdict) (verdict for between $186,000 and $800,000 for each plaintiff in economic damages and over $700,000 in non-economic

damages for each plaintiff in two-plaintiff age/national origin discrimination and harassment case with Plaintiffs represented by Carney Shegerian).

53. Here, Plaintiff already propounded extensive written discovery. Defendant ATS also anticipates propounding written discovery, and taking depositions of Plaintiff and relevant witnesses. ATS anticipates filing a motion to dismiss and a motion for summary judgment. As a result, even with a conservative estimate of reasonable attorneys' fees, the total amount in controversy for purposes of removal under 28 U.S.C. § 1332(a) easily exceeds the jurisdiction prerequisite of $75,000.

### E.    Total Jury Awards

54. Moreover, in the unlikely event that Plaintiff should prevail at trial, numerous recent jury awards to plaintiffs in disability discrimination cases have exceeded $75,000. *See Landau v. County of Riverside*, 2010 WL 1648442 (C.D. Cal. 2010) (award of $1,033,500 to employee who brought action against employer based on disability discrimination and failure to accommodate); *Dodd v. Haight Brown & Bonesteel LLP*, 2010 WL 4845808 (L.A. County Superior Ct. 2010) (award of $410,520 to employee wrongfully terminated based on disability and medical condition); *Ybarra v. Dacor Holding Inc.*, 2010 WL 2404221 (L.A. County Superior Ct. 2010) (award of $615,236 to employee in disability discrimination and wrongful termination action); *Malone v. Potter*, 2010 WL 330252 (C.D. Cal. 2010) (award of $300,000 to employee in disability discrimination and retaliation action); *Morales v. Los Angeles County Metro. Transp. Auth.*, 2008 WL 4488427 (L.A. County Superior Ct. 2008) (award of $2,247,137 to employee terminated due to disability); *Ismen v. Beverly Hosp.*, 2008 WL 4056258 (L.A. County Sup. Ct.) (award of $1,180,164 in disability discrimination and failure to accommodate action); *Kolas v. Alticor Inc.*, 2008 WL 6040410 (L.A. County Superior Ct. 2008) (award of $600,000 to employee claiming disability discrimination); *Vaughn v. CNA Casualty of California*, 2008 WL 4056256 (C.D. Cal. 2008) (award of $850,000 to employee in disability discrimination action); *Orue v. Sears, Roebuck & Co.*, 2007 WL

2456108 (L.A. County Superior Ct. 2007) (award of $173,056 to employee who brought action based on disability discrimination).

55.     Thus, it is more likely than not that Plaintiff's alleged damages consisting of lost wages, emotional distress, and punitive damages, as well as her claim for penalties and attorneys' fees meet the $75,000 jurisdictional threshold.

## VENUE

56.     Venue lies in the Central District of California, Western Division, pursuant to 28 U.S.C. sections 1441, 1446(a), and 84(c)(2). This action originally was brought in the Superior Court of the State of California for the County of Los Angeles, which is located within the Central District of California, Western Division.

## NOTICE OF REMOVAL

57.     Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles. This Notice of Removal also will be served on counsel for Plaintiff, and a copy of the Proof of Service will be filed shortly after these papers are filed and served.

## PRAYER FOR REMOVAL

58.     WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

DATED: November 8, 2018            Respectfully submitted,

SEYFARTH SHAW LLP


By: _/s/ Aaron R. Lubeley_
Aaron R. Lubeley
Simon L. Yang
Meagan Sue O'Dell
Attorneys for Defendants
AIRPORT TERMINAL SERVICES, INC.
and EDGAR TRUJILLO

16

# EXHIBIT "A"

 CT Corporation

**Service of Process Transmittal**
10/09/2018
CT Log Number 534196089

TO: Christina M Green, VP, Chief Financial Officer & Treasurer
Airport Terminal Services, Inc.
111 W Port Plz Ste 400
Saint Louis, MO 63146-3014

RE: **Process Served in California**

FOR: Airport Terminal Services, Inc. (Domestic State: MO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JAYME TIPTON, Pltf. vs. Airport Terminal Services, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint(s), Cover Sheet, Instruction(s), Attachment(s), Notice(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Hill Street, CA<br>Case # BC724260 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 05/08/2017 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/09/2018 at 13:38 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Carney R. Shegerian<br>SHEGERITAN & ASSOCIATES, INC.<br>225 Santa Monica Boulevard, Suite 700<br>Santa Monica, CA 90401<br>310-860-0770 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1ZX212780113374790 |
| | Email Notification, Peggy Hohl  peggyhohl@atsstl.com |
| | Email Notification, Christina M Green  cgreen@atsstl.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / SC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

K/9/18
12.20

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Airport Terminal Services, Inc., Edgar Trujillo, Melissa Doe, and DOES
1 to 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jayme Tipton

</td><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT - 4 2018

Sherri R. Carter, Executive Officer/Clerk

By Nancy Alvarez, Deputy

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Stanley Mosk Courthouse, Central District
111 North Hill Street
Los Angeles, California 90012

</td><td>

CASE NUMBER:
*(Número del Caso):*
BC 7 2 4 2 6 0

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Carney R. Shegerian, Esq. (SBN 150461)          (310)860-0770
Shegerian & Associates, Inc.
225 Santa Monica, Suite 700, Santa Monica, CA 90401

<table>
<tr><td>

DATE:
*(Fecha)* October 4, 2018  OCT 0 4 2018

</td><td>

Clerk, by
SHERRI R. CARTE Secretario)

NANCY ALVAREZ

</td><td>

, Deputy
*(Adjunto)*

</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: AIRPORT TERMINAL SERVICES, INC.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT - 4 2018

Sherri R. Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

1  Carney R. Shegerian, Esq., State Bar No. 150461
   CShegerian@Shegerianlaw.com
2  Anthony Nguyen, Esq., State Bar No. 259154
   ANguyen@Shegerianlaw.com
3  Aaron Gbewonyo, Esq, State Bar No. 315889
   AGbewonyo@Shegerianlaw.com
4  SHEGERIAN & ASSOCIATES, INC.
   225 Santa Monica Boulevard, Suite 700
5  Santa Monica, California 90401
   Telephone Number: (310) 860-0770
6  Facsimile Number: (310) 860-0771

7  Attorneys for Plaintiff,
   JAYME TIPTON

8

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10        FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

11

12  JAYME TIPTON,                        ) Case No.: BC 7 2 4 2 6 0
                                         )
13         Plaintiff,                    ) PLAINTIFF JAYME TIPTON'S
                                         ) COMPLAINT FOR DAMAGES FOR:
14  vs.                                  )
                                         ) (1) VIOLATION OF FEHA;
15  AIRPORT TERMINAL SERVICES,           )
    INC., EDGAR TRUJILLO,                ) (2) BREACH OF EXPRESS ORAL
16  MELISSA DOE, and DOES 1 to 100,      )     CONTRACT NOT TO TERMINATE
    inclusive,                           )     EMPLOYMENT WITHOUT GOOD
17                                       )     CAUSE;
           Defendants.                   )
18                                       ) (3) BREACH OF IMPLIED-IN-FACT
                                         )     CONTRACT NOT TO TERMINATE
19                                       )     EMPLOYMENT WITHOUT GOOD
                                         )     CAUSE;
20                                       )
                                         ) (4) NEGLIGENT HIRING,
21                                       )     SUPERVISION, AND RETENTION;
                                         )
22                                       ) (5) WRONGFUL TERMINATION OF
                                         )     EMPLOYMENT IN VIOLATION
23                                       )     OF PUBLIC POLICY;
                                         )
24                                       ) (6) INTENTIONAL INFLICTION OF
                                         )     EMOTIONAL DISTRESS;
25                                       )
                                         ) DEMAND FOR JURY TRIAL
26                                       )

27

28

─────────────────────────────────────────────
              PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff, Jayme Tipton, alleges, on the basis of personal knowledge and/or information and belief:

### SUMMARY

This is an action by plaintiff, Jayme Tipton ("Plaintiff" or "Tipton"), whose employment with defendant Airport Terminal Services, Inc. was wrongfully terminated. Plaintiff brings this action against defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b) and Code of Civil Procedure section 1021.5.

### PARTIES

1. *Plaintiff:* Plaintiff Tipton is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, California.

2. *Defendants:* Defendant Airport Terminal Services ("Airport Services" or "Entity Defendant") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles. Entity Defendant's place of business, where the following causes of action took place, was and is in the County of Los Angeles, at 1 World Way, Los Angeles, California 90045. Defendant Edgar Trujillo ("Defendant" or "Trujillo") is, and at all times mentioned in this Complaint was, a supervisor with Entity Defendant. Defendant Trujillo is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California. Defendant Melissa Doe ("Defendant" or "Melissa") is, and at all times mentioned in this Complaint was, a supervisor with Entity Defendant. Defendant Melissa is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California.

3. *Doe defendants:* Defendants Does 1 to 100, inclusive, are sued under fictitious

names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and be-
lieves, and on that basis alleges, that each of the defendants sued under fictitious names is
in some manner responsible for the wrongs and damages alleged below, in so acting was
functioning as the agent, servant, partner, and employee of the co-defendants, and in tak-
ing the actions mentioned below was acting within the course and scope of his or her auth-
ority as such agent, servant, partner, and employee, with the permission and consent of the
co-defendants. The named defendants and Doe defendants are sometimes hereafter re-
ferred to, collectively and/or individually, as "Defendants."

4. *Relationship of defendants:* All Defendants compelled, coerced, aided, and/or
abetted the discrimination, retaliation, and harassment alleged in this Complaint, which
conduct is prohibited under California Government Code section 12940(i). All Defen-
dants were responsible for the events and damages alleged herein, including on the fol-
lowing bases: (a) Defendants committed the acts alleged; (b) at all relevant times, one or
more of the Defendants was the agent or employee, and/or acted under the control or
supervision, of one or more of the remaining Defendants and, in committing the acts
alleged, acted within the course and scope of such agency and employment and/or is or
are otherwise liable for Plaintiff's damages; (c) at all relevant times, there existed a unity
of ownership and interest between or among two or more of the Defendants such that
any individuality and separateness between or among those Defendants has ceased, and
Defendants are the alter egos of one another. Defendants exercised domination and
control over one another to such an extent that any individuality or separateness of
defendants does not, and at all times herein mentioned did not, exist. Adherence to the
fiction of the separate existence of Defendants would permit abuse of the corporate
privilege and would sanction fraud and promote injustice. All actions of all Defendants
were taken by employees, supervisors, executives, officers, and directors during
employment with all Defendants, were taken on behalf of all Defendants, and were
engaged in, authorized, ratified, and approved of by all other Defendants.

5. Entity Defendant, Airport Terminal Services both directly and indirectly

-3-

employed Plaintiff Tipton, as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

6. In addition, Entity Defendant, Airport Terminal Services compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

7. Finally, at all relevant times mentioned herein, all Defendants acted as agents of all other Defendants in committing the acts alleged herein.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. *Plaintiff's hiring:*  Plaintiff, a 31-year-old mother of two, worked at Airport Terminal Services for approximately seven months as a Groomer, beginning in October 2016.

9. *Plaintiff's job performance:*  At all times, Plaintiff performed her job duties in an exemplary manner.

10. *Plaintiff's protected status and activity:*

   a. Plaintiff took a protected CFRA/FMLA leave and was terminated while on leave.

   b. Plaintiff suffered from a disabling medical condition during her employment.

11. *Defendants' adverse employment actions and behavior:*

   a. In March 2017, Plaintiff suffered an injury while engaged in housekeeping duties on a plane.

   b.  Over the next several days Plaintiff's pain continued to worsen. On or around April 6, 2017, Plaintiff informed her supervisor, Damian Neri ("Neri") of her injury and her intent to seek medical treatment.

   c. On or around April 11, 2017, Plaintiff went to see a doctor, and was diagnosed with a tear in her rotator cuff and placed on a medical leave until April 19, 2017. Plaintiff immediately provided her doctor's note to her supervisor, Edgar Trujillo

PLAINTIFF'S COMPLAINT FOR DAMAGES

and verbally informed Neri the same day.

      d.  On or around April 18, 2017, Plaintiff's doctor extended her leave until May 1, 2017, and Plaintiff immediately informed her employer.

      e.  On or around May 1, 2017, Plaintiff visited her doctor for a follow-up appointment. Again, Plaintiff's doctor extended her leave, placing her off until May 15, 2017. That same day, Plaintiff provided Airport Terminal Services Crew Chief, Ora Doe ("Ora") with her doctor's note. Plaintiff asked Ora whether further documentation was required, and Ora confirmed that the documents provided by Plaintiff were sufficient.

  12.  *Defendants' termination of plaintiff's employment:*  On or around May 8, 2017, Plaintiff received a call from Shonta Henderson ("Henderson"), a Human Resources representative at Airport Terminal Services. Henderson informed Plaintiff that Airport Terminal Services needed to fill her position, and requested that she voluntarily resign from her position. Plaintiff informed Henderson that she would not resign, as she fully anticipated returning to work soon, once her shoulder healed. In response, Henderson informed Plaintiff that if she refused to resign, then Airport Terminal Services would proceed to terminate her employment. Several days later, Plaintiff received a letter in the mail with her final paycheck, confirming her termination.

  13.  *Economic damages:*  As a consequence of Entity Defendant's conduct, Plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to her career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

  14.  *Non-economic damages:*  As a consequence of all Defendants' conduct, Plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

  15.  *Punitive damages:*  Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles Plaintiff to an award of exemplary and/or punitive damages.

a. *Malice:* All Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) all Defendants acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of her age, disability, medical leave, race, national origin, ancestry, pregnancy, gender, sexual orientation, and/or good faith complaints, and/or (b) all Defendants' conduct was despicable and committed in willful and conscious disregard of Plaintiff's rights, health, and safety, including Plaintiff's right to be free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

b. *Oppression:* In addition, and/or alternatively, all Defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that all Defendants' actions against Plaintiff because of her age, disability, medical leave, race, national origin, ancestry, pregnancy, gender, sexual orientation, and/or good faith complaints were "despicable" and subjected Plaintiff to cruel and unjust hardship, in knowing disregard of Plaintiff's rights to a work place free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

c. *Fraud:* In addition, and/or alternatively, Entity Defendant's conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that Entity Defendant's asserted false (pretextual) grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby to cause Plaintiff hardship and deprive her of legal rights.

16. *Attorneys' fees:* Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

17. *Exhaustion of administrative remedies:* Prior to filing this action, Plaintiff exhausted her administrative remedies by filing a timely administrative complaint with the

-6-

Department of Fair Employment and Housing ("DFEH") and receiving a DFEH right-to-sue letter.

## FIRST CAUSE OF ACTION

### (Violation of FEHA (Government Code §§ 12900, *et seq.*; 12945.2) (Discrimination and Retaliation on the Basis of Disability; Failure to Accommodate a Disability; Failure to Engage in the Interactive Process; Failure to Prevent Discrimination, Harassment, and Retaliation; Violation of the California Family Rights Act—Against Entity Defendant and Does 1 to 100, Inclusive), (Harassment on the Bases of Disability)—Against All Defendants and Does 1 to 100, Inclusive)

18. The allegations set forth in paragraphs 1 through 17 are re-alleged and incorporated herein by reference.

19. At all times herein mentioned, FEHA, Government Code section 12940, *et seq.*, was in full force and effect and was binding on Entity Defendant. This statute requires Entity Defendant to refrain from discriminating against any employee because the employee has an actual, perceived, and/or history of disability, because the employee takes protected leave under the California Family Rights Act ("CFRA") or Family Medical Leave Act ("FMLA"), and/or because of any other protected status as provided under FEHA. Prior to filing the instant Complaint, Plaintiff filed a timely administrative charge with the DFEH and received a right-to-sue letter.

20. Government Code sections 12940(a), (i), (m), and (n) require Entity Defendant to provide reasonable accommodations to known disabled employees and to engage in a timely, good faith interactive process to accommodate known disabled employees.

21. Government Code section 12940(k) states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to

prevent discrimination and harassment from occurring."

22.  Plaintiff's actual, perceived, and/or history of disability and/or requested protected leave under the CFRA and/or FMLA and/or other protected status, protected by FEHA were motivating factors in Entity Defendant's decision to terminate Plaintiff's employment; not to retain, hire, or otherwise employ Plaintiff in any position; to harass Plaintiff; to retaliate against Plaintiff; to refuse to accommodate Plaintiff; to refuse to engage in the interactive process; and/or to take other adverse job actions against Plaintiff, including fail to prevent discrimination, harassment, and retaliation.

23.  During the course of Plaintiff's employment, Entity Defendant failed to prevent their employees from engaging in intentional actions that resulted in Plaintiff being treated less favorably because of her protected status (*i.e.,* disability; or other protected status).  During the course of Plaintiff's employment, Entity Defendant failed to prevent their employees from engaging in unjustified employment practices against employees in such protected classes.  During the course of Plaintiff's employment, Entity Defendant failed to prevent a pattern and practice by their employees of intentional discrimination and harassment on the bases of disability, and/or other protected statuses or protected activities.

24.  Entity Defendant, through their managers and supervisors, made a number of comments to and about Plaintiff that exhibited discriminatory motivations, intentions, and consciousness on the bases of disability.  Plaintiff believes, and on that basis alleges, that Entity Defendant's real motivation was to discharge her because of her disability, and/or other protected statuses or protected activities.

25.  Entity Defendant wholly failed to attempt any reasonable accommodation of Plaintiff's known disability and/or to engage in a timely, good faith interactive process with Plaintiff to accommodate her known disabilities.  Instead, Entity Defendant terminated Plaintiff's employment in whole or in part because of her disability, and/or other protected statuses.

26.  Entity Defendant's conduct, as alleged, violated FEHA, and all Defendants

-8-

committed unlawful employment practices, including by the following, separate bases for liability:

 a. Taking adverse employment actions against Plaintiff, such as discharging; barring; refusing to transfer, retain, hire, select, and/or employ; and/or, otherwise discriminating against Plaintiff—in whole or in part—on the bases of Plaintiff's disability, taking a protected leave, and/or other protected statuses or protected activities, in violation of Government Code section 12940(a);

 b. Harassing Plaintiff and/or creating a hostile work environment, in whole or in part on the bases of Plaintiff's actual, perceived, and/or history of disability; and/or, other protected statuses and/or protected activities, in violation of Government Code section 12940(j);

 c. Failing to accommodate Plaintiff's actual, perceived, and/or history of disability; and/or, other protected statuses, in violation of Government Code section 12940(m);

 d. Failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n);

 e. Failing to provide Plaintiff with requisite statutory leave, violating notice and/or other procedural requisites of leave, and/or retaliating against Plaintiff for taking leave, in violation of Government Code section 12945.2.

 f. Retaliating against Plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing Entity Defendant's failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, and/or the right to be free of discrimination and harassment, in violation of Government Code section 12940(h);

 g. Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on actual, perceived, and/or history of disability; taking a protected leave; and/or, other protected statuses and/or protected activities, in violation of Government Code section 12940(k);

27. On the basis of the above, Plaintiff believes and alleges that her actual, perceived, and/or history of disability; and/or, other protected statuses and/or protected activities were substantial motivating factors in Entity Defendant's termination of her employment.

28. As a proximate result of Defendant's willful, knowing, and intentional discrimination against, harassment of, and retaliation against Plaintiff, their failure to accommodate Plaintiff's known disability and to engage in a timely, good faith interactive process, and their failure to prevent discrimination, harassment, and retaliation, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

29. As a proximate result of Entity Defendants' willful, knowing, and intentional discrimination against, harassment of, and retaliation against Plaintiff, their failure to accommodate Plaintiff's known disability and to engage in a timely, good faith interactive process, and their failure to prevent discrimination, harassment, and retaliation, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

30. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

31. Entity Defendant's misconduct was committed intentionally, in a malicious, despicable, fraudulent, and oppressive manner, entitling Plaintiff to punitive damages against Entity Defendant.

///
///
///
///
///
///

## SECOND CAUSE OF ACTION

### (Breach of Express Oral Contract Not to Terminate

### Employment Without Good Cause)—Against Entity

### Defendant Only, and Does 1 to 100, Inclusive)

32. The allegations set forth in paragraphs 1 through 31 are re-alleged and incorporated herein by reference.

33. Entity Defendant, through their agents, entered an oral agreement not to terminate Plaintiff's employment except for good cause. Plaintiff and Entity Defendant, through their supervisors, made mutual promises of consideration pursuant to this oral agreement. Plaintiff performed all duties required of her under the agreement by performing her job in an exemplary manner.

34. Entity Defendant and their managers and supervisors terminated Plaintiff's employment without good cause, violating the express oral contract they had with her.

35. As a proximate result of Entity Defendant's willful breach of the express oral contract not to terminate employment without good cause, Plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

## THIRD CAUSE OF ACTION

### (Breach of Implied-in-Fact Contract Not to Terminate

### Employment Without Good Cause (*Marketing West, Inc. v.*

### *Sanyo Fisher* (1992) 6 Cal.App.4th 603; Civil Code

### § 1622)—Against Entity Defendant Only, and Does 1 to 100,

### Inclusive)

36. The allegations set forth in paragraphs 1 through 35 are re-alleged and incorporated herein by reference.

37. On the basis of oral assurances of continued employment given to Plaintiff by Entity Defendant's supervisors, the length of Plaintiff's employment with Entity

-11-

Defendant, Entity Defendant's actual practice of terminating employment only for cause, and the industry standard for the business Entity Defendant engaged in of terminating employment only for cause, Plaintiff and Entity Defendant shared the actual understanding that Plaintiff's employment could and would be terminated only for cause. This shared understanding resulted in an implied contract requiring that Entity Defendant have good cause to terminate Plaintiff's employment.

38.  Entity Defendant and their managers and supervisors terminated Plaintiff's employment without good cause, violating the implied-in-fact contract they had with her.

39.  As a proximate result of Entity Defendant's willful breach of the implied-in-fact contract not to terminate employment without good cause, Plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

40.  Plaintiff seeks attorneys' fees for lost wages under this cause of action under Labor Code section 218.6.

## FOURTH CAUSE OF ACTION

### (Negligent Hiring, Supervision, and Retention—Against
### Entity Defendant Only, and Does 1 to 100, Inclusive)

41.  The allegations set forth in paragraphs 1 through 40 are re-alleged and incorporated herein by reference.

42.  Entity Defendant owed a duty of care to Plaintiff to appoint, hire, retain, and supervise persons who would not engage in retaliatory, harassing, or discriminatory conduct. Entity Defendant owed a duty of care to Plaintiff not to retain managers or employees who would discriminate against, harass, or retaliate against employees for engaging in protected activities. Entity Defendant owed a duty of care to Plaintiff to supervise their managers and employees closely to ensure that they would refrain from harassing and retaliating against Plaintiff.

43.  Entity Defendant breached these duties. As a result, Entity Defendant caused

PLAINTIFF'S COMPLAINT FOR DAMAGES

damages to Plaintiff. As a proximate result of Entity Defendant's negligent hiring, retention, and supervision of their managers and employees, Plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, according to proof.

FIFTH CAUSE OF ACTION

(Wrongful Termination of Employment in Violation of

Public Policy (FEHA and Labor Code)—Against Entity

Defendant Only, and Does 1 to 100, Inclusive)

44. The allegations set forth in paragraphs 1 through 43 are re-alleged and incorporated herein by reference.

45. Entity Defendant terminated Plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws. Specifically, Plaintiff's employment was terminated in part because of her protected status (*i.e.,* age, disability/medical condition, medical leave, need for accommodations, and/or good faith complaints, as well as her having filing a claim worker's compensation claim and/or receiving a rating, award, or settlement). These actions were in violation of FEHA and the California Labor Code (including section 132a).

46. As a proximate result of Entity Defendant's willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

47. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

48. Entity Defendant's misconduct was committed intentionally, in a malicious, fraudulent, despicable, oppressive manner, entitling Plaintiff to punitive damages against Entity Defendant.

## SIXTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress—Against All

### Defendants and Does 1 to 100, Inclusive)

49. The allegations set forth in paragraphs 1 through 48 are re-alleged and incorporated herein by reference.

50. Entity Defendant's discriminatory, harassing, and retaliatory actions, and Defendants' harassing actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

51. All Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of her livelihood while she was suffering from an actual, perceived, and/or history of disability, would devastate Plaintiff and cause her extreme hardship.

52. As a proximate result of all Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

53. As a proximate result of all Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

54. All Defendants' misconduct was committed intentionally, in a malicious, oppressive manner, entitling Plaintiff to punitive damages.

///
///
///
///
///
///
///

PLAINTIFF'S COMPLAINT FOR DAMAGES

## PRAYER

WHEREFORE, Plaintiff, Jayme Tipton, prays for judgment against defendants as follows:

1. For general and special damages according to proof;

2. For exemplary damages, according to proof;

3. For pre-judgment and post-judgment interest on all damages awarded;

4. For reasonable attorneys' fees;

5. For costs of suit incurred;

6. For declaratory relief;

7. For such other and further relief as the Court may deem just and proper.


ADDITIONALLY, Plaintiff, Jayme Tipton, demands trial of this matter by jury. The amount demanded exceeds $25,000.00 (Government Code § 72055).


Dated: October 4, 2018                SHEGERIAN & ASSOCIATES, INC.


                                      By: _____
                                          Carney R. Shegerian, Esq.

                                      Attorneys for Plaintiff,
                                      JAYME TIPTON

PLAINTIFF'S COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Carney R. Shegerian, Esq. (SBN 150461)<br>Shegerian & Associates, Inc.<br>225 Santa Monica Boulevard, Suite 700, Santa Monica, CA 90401<br>TELEPHONE NO.: (310)860-0770   FAX NO.: (310)860-0771<br>ATTORNEY FOR *(Name):* Plaintiff, Jayme Tipton | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>OCT - 4 2018<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By Nancy Alvarez, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Tipton v. Airport Terminal Services, Inc., et, al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC724260 |
| | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* Six (6) causes of actions
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 4, 2018

Carney R. Shegerian, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment (*non-domestic relations*)
Sister State Judgment
Administrative Agency Award (*not unpaid taxes*)
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-harassment*)
Mechanics Lien
Other Commercial Complaint Case (*non-tort/non-complex*)
Other Civil Complaint (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Tipton v. Airport Terminal Services, Inc., et. al. | |

BC 7 24 2 6 0

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES    CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL 15 ☐ HOURS/ ☒ DAYS

**Item II. Indicate the correct district and courthouse location (4 steps -- If you checked "Limited Case", skip to Item III, Pg. 4):**

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0

Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Tipton v. Airport Terminal Services, Inc., et. al. | |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037 Wrongful Termination | 1., ②, 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Tipton v. Airport Terminal Services, Inc., et. al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Tipton v. Airport Terminal Services, Inc., et, al. | |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| **REASON:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.  ☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 1 World Way |
|---|---|

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90045 | |
|---|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanley Mosk_ courthouse in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: _October 4, 2018_

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

NOTICE OF CASE ASSIGNMENT

UNLIMITED CIVIL CASE - IC

Reserved for Clerk's File Stamp

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT - 4 2018

Sherri R. Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

Your case is assigned for all purposes to the judicial officer indicated below.

CASE NUMBER:
BC 7 2 4 2 6 0

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| Hon. Debre K. Weintraub | 1 | 534 | | Hon. Randolph Hammock | 47 | 507 |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Terry A. Green | 14 | 300 | | Hon. Deirdre Hill | 49 | 509 |
| Hon. Richard Fruin | 15 | 307 | | Hon. Teresa A. Beaudet | 50 | 508 |
| Hon. Lia Martin | 16 | 306 | | Hon. Dennis J. Landin | 51 | 511 |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Stephanie Bowick | 19 | 311 | | Hon. Robert Broadbelt | 53 | 513 |
| Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Patricia Nieto | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Holly J. Fujie | 56 | 514 |
| Hon. Barbara Scheper | 30 | 400 | | Hon. Steven J. Kleifield | 57 | 517 |
| Hon. Samantha Jessner | 31 | 407 | | Hon. John P. Doyle | 58 | 516 |
| Hon. Daniel S. Murphy | 32 | 406 | | Hon. Gregory Keosian | 61 | 732 |
| Hon. Michael P. Linfield | 34 | 408 | | Hon. Michael L. Stern | 62 | 600 |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Mark Mooney | 68 | 617 |
| Hon. David S. Cunningham | 37 | 413 | | Hon. William F. Fahey | 69 | 621 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Monica Bachner | 71 | 729 |
| Hon. Elizabeth Feffer | 39 | 415 | | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. David Sotelo | 40 | 414 | | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Holly E. Kendig | 42 | 416 | | Hon. Michelle Williams Court | 74 | 735 |
| Hon. Mel Red Recana | 45 | 529 | | Hon. Robert S. Draper | 78 | 730 |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _____ OCT 0 4 2018
(Date)

SHERRI R. CARTER, Executive Officer/Clerk of Court

By _____, Deputy Clerk

LACIV 190 (Rev 12/17)
LASC Approved 05/06

NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**

**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

❖**Los Angeles County Bar Association Litigation Section**❖

❖ **Los Angeles County Bar Association Labor and Employment Law Section**❖

❖**Consumer Attorneys Association of Los Angeles**❖

❖**Southern California Defense Counsel**❖

❖**Association of Business Trial Lawyers**❖

❖**California Employment Lawyers Association**❖

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

Case 2:18-cv-09503-AB-JEM Document 11-5 Filed 11/08/18 Page 28 of 124 Page ID #:450

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | |
|---|---|
| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

Case 2:18-cv-09503-AB-JEM Document 15-1 Filed 11/30/18 Page 72 of 188 Page
Case 2:18-cv-09503-AB-JEM Document 1 Filed 11/08/18 Page 30 of 124 Page ID #:32
ID #:488

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

⟩ _____
(ATTORNEY FOR PLAINTIFF)

⟩ _____
(ATTORNEY FOR DEFENDANT)

⟩ _____
(ATTORNEY FOR DEFENDANT)

⟩ _____
(ATTORNEY FOR DEFENDANT)

⟩ (ATTORNEY FOR _____)

⟩ (ATTORNEY FOR _____)

⟩ (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

    h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

    i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*":

        (INSERT DATE)          (INSERT DATE)

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____    ➤    _____
        (TYPE OR PRINT NAME)                (ATTORNEY FOR PLAINTIFF)

Date:

_____    ➤    _____
        (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)

Date:

_____    ➤    _____
        (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)

Date:

_____    ➤    _____
        (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)

Date:

_____    ➤    _____
        (TYPE OR PRINT NAME)                (ATTORNEY FOR _____)

Date:

_____    ➤    _____
        (TYPE OR PRINT NAME)                (ATTORNEY FOR _____)

Date:

_____    ➤    _____
        (TYPE OR PRINT NAME)                (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR: (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                                   (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                                   (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                                   (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                                   (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                                   (ATTORNEY FOR _____)

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                                   (ATTORNEY FOR _____)

Date:

_____          ➢  _____
(TYPE OR PRINT NAME)                                   (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:   _____          _____
                                                                JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**

- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR - ADR may not be suitable for every dispute.**

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- Mediation

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - Mediation may not be effective when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

□ **Arbitration**

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

□ **Mandatory Settlement Conference (MSC)**

**Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

# EXHIBIT "B"

Edgar Trujillo
c/o JetBlue Airways Terminal 5
1 World Way
Los Angeles, CA 90045



SUMMONS
(CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Airport Terminal Services, Inc., Edgar Trujillo, Melissa Doe, and DOES
1 to 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jayme Tipton

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT - 4 2018

Sherri R. Carter, Executive Officer/Clerk

By Nancy Alvarez, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Stanley Mosk Courthouse, Central District
111 North Hill Street
Los Angeles, California 90012

CASE NUMBER:
*(Número del Caso):*
BC 7 2 4 2 6 0

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Carney R. Shegerian, Esq. (SBN 150461)     (310)860-0770
Shegerian & Associates, Inc.
225 Santa Monica, Suite 700, Santa Monica, CA 90401

DATE:   October 4, 2018   OCT 0 4 2018   SHERRI R. CARTER   Clerk, by   NANCY ALVAREZ , Deputy
*(Fecha)*                                                                *(Secretario)*                                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

1   Carney R. Shegerian, Esq., State Bar No. 150461
    CShegerian@Shegerianlaw.com
2   Anthony Nguyen, Esq., State Bar No. 259154
    ANguyen@Shegerianlaw.com
3   Aaron Gbewonyo, Esq, State Bar No. 315889
    AGbewonyo@Shegerianlaw.com
4   SHEGERIAN & ASSOCIATES, INC.
    225 Santa Monica Boulevard, Suite 700
5   Santa Monica, California 90401
    Telephone Number: (310) 860-0770
6   Facsimile Number: (310) 860-0771

7   Attorneys for Plaintiff,
    JAYME TIPTON

8

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT - 4 2018

Sherri R. Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10          FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

11

12   JAYME TIPTON,                          Case No.: BC 7 2 4 2 6 0

13          Plaintiff,                      PLAINTIFF JAYME TIPTON'S
                                            COMPLAINT FOR DAMAGES FOR:
14   vs.
                                            (1) VIOLATION OF FEHA;
15   AIRPORT TERMINAL SERVICES,
     INC., EDGAR TRUJILLO,                  (2) BREACH OF EXPRESS ORAL
16   MELISSA DOE, and DOES 1 to 100,            CONTRACT NOT TO TERMINATE
     inclusive,                                 EMPLOYMENT WITHOUT GOOD
17                                              CAUSE;
            Defendants.
18                                          (3) BREACH OF IMPLIED-IN-FACT
                                                CONTRACT NOT TO TERMINATE
19                                              EMPLOYMENT WITHOUT GOOD
                                                CAUSE;
20
                                            (4) NEGLIGENT HIRING,
21                                              SUPERVISION, AND RETENTION;

22                                          (5) WRONGFUL TERMINATION OF
                                                EMPLOYMENT IN VIOLATION
23                                              OF PUBLIC POLICY;

24                                          (6) INTENTIONAL INFLICTION OF
                                                EMOTIONAL DISTRESS;
25
                                            DEMAND FOR JURY TRIAL
26

27

28

---
                    PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff, Jayme Tipton, alleges, on the basis of personal knowledge and/or information and belief:

## SUMMARY

This is an action by plaintiff, Jayme Tipton ("Plaintiff" or "Tipton"), whose employment with defendant Airport Terminal Services, Inc. was wrongfully terminated. Plaintiff brings this action against defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b) and Code of Civil Procedure section 1021.5.

## PARTIES

1. *Plaintiff:* Plaintiff Tipton is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, California.

2. *Defendants:* Defendant Airport Terminal Services ("Airport Services" or "Entity Defendant") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles. Entity Defendant's place of business, where the following causes of action took place, was and is in the County of Los Angeles, at 1 World Way, Los Angeles, California 90045. Defendant Edgar Trujillo ("Defendant" or "Trujillo") is, and at all times mentioned in this Complaint was, a supervisor with Entity Defendant. Defendant Trujillo is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California. Defendant Melissa Doe ("Defendant" or "Melissa") is, and at all times mentioned in this Complaint was, a supervisor with Entity Defendant. Defendant Melissa is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California.

3. *Doe defendants:* Defendants Does 1 to 100, inclusive, are sued under fictitious

-2-

PLAINTIFF'S COMPLAINT FOR DAMAGES

names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants. The named defendants and Doe defendants are sometimes hereafter referred to, collectively and/or individually, as "Defendants."

4. *Relationship of defendants:* All Defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i). All Defendants were responsible for the events and damages alleged herein, including on the following bases: (a) Defendants committed the acts alleged; (b) at all relevant times, one or more of the Defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining Defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for Plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the Defendants such that any individuality and separateness between or among those Defendants has ceased, and Defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of Defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all Defendants were taken by employees, supervisors, executives, officers, and directors during employment with all Defendants, were taken on behalf of all Defendants, and were engaged in, authorized, ratified, and approved of by all other Defendants.

5. Entity Defendant, Airport Terminal Services both directly and indirectly

-3-

employed Plaintiff Tipton, as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

6. In addition, Entity Defendant, Airport Terminal Services compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

7. Finally, at all relevant times mentioned herein, all Defendants acted as agents of all other Defendants in committing the acts alleged herein.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. *Plaintiff's hiring:* Plaintiff, a 31-year-old mother of two, worked at Airport Terminal Services for approximately seven months as a Groomer, beginning in October 2016.

9. *Plaintiff's job performance:* At all times, Plaintiff performed her job duties in an exemplary manner.

10. *Plaintiff's protected status and activity:*

    a. Plaintiff took a protected CFRA/FMLA leave and was terminated while on leave.

    b. Plaintiff suffered from a disabling medical condition during her employment.

11. *Defendants' adverse employment actions and behavior:*

    a. In March 2017, Plaintiff suffered an injury while engaged in housekeeping duties on a plane.

    b. Over the next several days Plaintiff's pain continued to worsen. On or around April 6, 2017, Plaintiff informed her supervisor, Damian Neri ("Neri") of her injury and her intent to seek medical treatment.

    c. On or around April 11, 2017, Plaintiff went to see a doctor, and was diagnosed with a tear in her rotator cuff and placed on a medical leave until April 19, 2017. Plaintiff immediately provided her doctor's note to her supervisor, Edgar Trujillo

-4-

PLAINTIFF'S COMPLAINT FOR DAMAGES

and verbally informed Neri the same day.

    d.  On or around April 18, 2017, Plaintiff's doctor extended her leave until May 1, 2017, and Plaintiff immediately informed her employer.

    e.  On or around May 1, 2017, Plaintiff visited her doctor for a follow-up appointment. Again, Plaintiff's doctor extended her leave, placing her off until May 15, 2017. That same day, Plaintiff provided Airport Terminal Services Crew Chief, Ora Doe ("Ora") with her doctor's note. Plaintiff asked Ora whether further documentation was required, and Ora confirmed that the documents provided by Plaintiff were sufficient.

    12.  *Defendants' termination of plaintiff's employment:*  On or around May 8, 2017, Plaintiff received a call from Shonta Henderson ("Henderson"), a Human Resources representative at Airport Terminal Services. Henderson informed Plaintiff that Airport Terminal Services needed to fill her position, and requested that she voluntarily resign from her position. Plaintiff informed Henderson that she would not resign, as she fully anticipated returning to work soon, once her shoulder healed. In response, Henderson informed Plaintiff that if she refused to resign, then Airport Terminal Services would proceed to terminate her employment. Several days later, Plaintiff received a letter in the mail with her final paycheck, confirming her termination.

    13.  *Economic damages:*  As a consequence of Entity Defendant's conduct, Plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to her career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

    14.  *Non-economic damages:*  As a consequence of all Defendants' conduct, Plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

    15.  *Punitive damages:*  Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles Plaintiff to an award of exemplary and/or punitive damages.

PLAINTIFF'S COMPLAINT FOR DAMAGES

a. *Malice:* All Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) all Defendants acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of her age, disability, medical leave, race, national origin, ancestry, pregnancy, gender, sexual orientation, and/or good faith complaints, and/or (b) all Defendants' conduct was despicable and committed in willful and conscious disregard of Plaintiff's rights, health, and safety, including Plaintiff's right to be free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

b. *Oppression:* In addition, and/or alternatively, all Defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that all Defendants' actions against Plaintiff because of her age, disability, medical leave, race, national origin, ancestry, pregnancy, gender, sexual orientation, and/or good faith complaints were "despicable" and subjected Plaintiff to cruel and unjust hardship, in knowing disregard of Plaintiff's rights to a work place free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

c. *Fraud:* In addition, and/or alternatively, Entity Defendant's conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that Entity Defendant's asserted false (pretextual) grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby to cause Plaintiff hardship and deprive her of legal rights.

16. *Attorneys' fees:* Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

17. *Exhaustion of administrative remedies:* Prior to filing this action, Plaintiff exhausted her administrative remedies by filing a timely administrative complaint with the

-6-

PLAINTIFF'S COMPLAINT FOR DAMAGES

Department of Fair Employment and Housing ("DFEH") and receiving a DFEH right-to-sue letter.

FIRST CAUSE OF ACTION

(Violation of FEHA (Government Code §§ 12900, *et seq.*; 12945.2) (Discrimination and Retaliation on the Basis of Disability; Failure to Accommodate a Disability; Failure to Engage in the Interactive Process; Failure to Prevent Discrimination, Harassment, and Retaliation; Violation of the California Family Rights Act—Against Entity Defendant and Does 1 to 100, Inclusive), (Harassment on the Bases of Disability)—Against All Defendants and Does 1 to 100, Inclusive)

18. The allegations set forth in paragraphs 1 through 17 are re-alleged and incorporated herein by reference.

19. At all times herein mentioned, FEHA, Government Code section 12940, *et seq.*, was in full force and effect and was binding on Entity Defendant. This statute requires Entity Defendant to refrain from discriminating against any employee because the employee has an actual, perceived, and/or history of disability, because the employee takes protected leave under the California Family Rights Act ("CFRA") or Family Medical Leave Act ("FMLA"), and/or because of any other protected status as provided under FEHA. Prior to filing the instant Complaint, Plaintiff filed a timely administrative charge with the DFEH and received a right-to-sue letter.

20. Government Code sections 12940(a), (i), (m), and (n) require Entity Defendant to provide reasonable accommodations to known disabled employees and to engage in a timely, good faith interactive process to accommodate known disabled employees.

21. Government Code section 12940(k) states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to

-7-

PLAINTIFF'S COMPLAINT FOR DAMAGES

prevent discrimination and harassment from occurring."

22.   Plaintiff's actual, perceived, and/or history of disability and/or requested protected leave under the CFRA and/or FMLA and/or other protected status, protected by FEHA were motivating factors in Entity Defendant's decision to terminate Plaintiff's employment; not to retain, hire, or otherwise employ Plaintiff in any position; to harass Plaintiff; to retaliate against Plaintiff; to refuse to accommodate Plaintiff; to refuse to engage in the interactive process; and/or to take other adverse job actions against Plaintiff, including fail to prevent discrimination, harassment, and retaliation.

23.   During the course of Plaintiff's employment, Entity Defendant failed to prevent their employees from engaging in intentional actions that resulted in Plaintiff being treated less favorably because of her protected status (*i.e.*, disability; or other protected status).   During the course of Plaintiff's employment, Entity Defendant failed to prevent their employees from engaging in unjustified employment practices against employees in such protected classes.   During the course of Plaintiff's employment, Entity Defendant failed to prevent a pattern and practice by their employees of intentional discrimination and harassment on the bases of disability, and/or other protected statuses or protected activities.

24.   Entity Defendant, through their managers and supervisors, made a number of comments to and about Plaintiff that exhibited discriminatory motivations, intentions, and consciousness on the bases of disability.   Plaintiff believes, and on that basis alleges, that Entity Defendant's real motivation was to discharge her because of her disability, and/or other protected statuses or protected activities.

25.   Entity Defendant wholly failed to attempt any reasonable accommodation of Plaintiff's known disability and/or to engage in a timely, good faith interactive process with Plaintiff to accommodate her known disabilities.   Instead, Entity Defendant terminated Plaintiff's employment in whole or in part because of her disability, and/or other protected statuses.

26.   Entity Defendant's conduct, as alleged, violated FEHA, and all Defendants

-8-

PLAINTIFF'S COMPLAINT FOR DAMAGES

committed unlawful employment practices, including by the following, separate bases for liability:

a. Taking adverse employment actions against Plaintiff, such as discharging; barring; refusing to transfer, retain, hire, select, and/or employ; and/or, otherwise discriminating against Plaintiff—in whole or in part—on the bases of Plaintiff's disability, taking a protected leave, and/or other protected statuses or protected activities, in violation of Government Code section 12940(a);

b. Harassing Plaintiff and/or creating a hostile work environment, in whole or in part on the bases of Plaintiff's actual, perceived, and/or history of disability; and/or, other protected statuses and/or protected activities, in violation of Government Code section 12940(j);

c. Failing to accommodate Plaintiff's actual, perceived, and/or history of disability; and/or, other protected statuses, in violation of Government Code section 12940(m);

d. Failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n);

e. Failing to provide Plaintiff with requisite statutory leave, violating notice and/or other procedural requisites of leave, and/or retaliating against Plaintiff for taking leave, in violation of Government Code section 12945.2.

f. Retaliating against Plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing Entity Defendant's failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, and/or the right to be free of discrimination and harassment, in violation of Government Code section 12940(h);

g. Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on actual, perceived, and/or history of disability; taking a protected leave; and/or, other protected statuses and/or protected activities, in violation of Government Code section 12940(k);

-9-

PLAINTIFF'S COMPLAINT FOR DAMAGES

27. On the basis of the above, Plaintiff believes and alleges that her actual, perceived, and/or history of disability; and/or, other protected statuses and/or protected activities were substantial motivating factors in Entity Defendant's termination of her employment.

28. As a proximate result of Defendant's willful, knowing, and intentional discrimination against, harassment of, and retaliation against Plaintiff, their failure to accommodate Plaintiff's known disability and to engage in a timely, good faith interactive process, and their failure to prevent discrimination, harassment, and retaliation, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

29. As a proximate result of Entity Defendants' willful, knowing, and intentional discrimination against, harassment of, and retaliation against Plaintiff, their failure to accommodate Plaintiff's known disability and to engage in a timely, good faith interactive process, and their failure to prevent discrimination, harassment, and retaliation, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

30. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

31. Entity Defendant's misconduct was committed intentionally, in a malicious, despicable, fraudulent, and oppressive manner, entitling Plaintiff to punitive damages against Entity Defendant.

///
///
///
///
///
///

PLAINTIFF'S COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

### (Breach of Express Oral Contract Not to Terminate Employment Without Good Cause)—Against Entity Defendant Only, and Does 1 to 100, Inclusive)

32. The allegations set forth in paragraphs 1 through 31 are re-alleged and incorporated herein by reference.

33. Entity Defendant, through their agents, entered an oral agreement not to terminate Plaintiff's employment except for good cause. Plaintiff and Entity Defendant, through their supervisors, made mutual promises of consideration pursuant to this oral agreement. Plaintiff performed all duties required of her under the agreement by performing her job in an exemplary manner.

34. Entity Defendant and their managers and supervisors terminated Plaintiff's employment without good cause, violating the express oral contract they had with her.

35. As a proximate result of Entity Defendant's willful breach of the express oral contract not to terminate employment without good cause, Plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

## THIRD CAUSE OF ACTION

### (Breach of Implied-in-Fact Contract Not to Terminate Employment Without Good Cause (*Marketing West, Inc. v. Sanyo Fisher* (1992) 6 Cal.App.4th 603; Civil Code § 1622)—Against Entity Defendant Only, and Does 1 to 100, Inclusive)

36. The allegations set forth in paragraphs 1 through 35 are re-alleged and incorporated herein by reference.

37. On the basis of oral assurances of continued employment given to Plaintiff by Entity Defendant's supervisors, the length of Plaintiff's employment with Entity

-11-

Defendant, Entity Defendant's actual practice of terminating employment only for cause, and the industry standard for the business Entity Defendant engaged in of terminating employment only for cause, Plaintiff and Entity Defendant shared the actual understanding that Plaintiff's employment could and would be terminated only for cause. This shared understanding resulted in an implied contract requiring that Entity Defendant have good cause to terminate Plaintiff's employment.

38. Entity Defendant and their managers and supervisors terminated Plaintiff's employment without good cause, violating the implied-in-fact contract they had with her.

39. As a proximate result of Entity Defendant's willful breach of the implied-in-fact contract not to terminate employment without good cause, Plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

40. Plaintiff seeks attorneys' fees for lost wages under this cause of action under Labor Code section 218.6.

## FOURTH CAUSE OF ACTION

### (Negligent Hiring, Supervision, and Retention—Against Entity Defendant Only, and Does 1 to 100, Inclusive)

41. The allegations set forth in paragraphs 1 through 40 are re-alleged and incorporated herein by reference.

42. Entity Defendant owed a duty of care to Plaintiff to appoint, hire, retain, and supervise persons who would not engage in retaliatory, harassing, or discriminatory conduct. Entity Defendant owed a duty of care to Plaintiff not to retain managers or employees who would discriminate against, harass, or retaliate against employees for engaging in protected activities. Entity Defendant owed a duty of care to Plaintiff to supervise their managers and employees closely to ensure that they would refrain from harassing and retaliating against Plaintiff.

43. Entity Defendant breached these duties. As a result, Entity Defendant caused

-12-

PLAINTIFF'S COMPLAINT FOR DAMAGES

1   damages to Plaintiff. As a proximate result of Entity Defendant's negligent hiring,
2   retention, and supervision of their managers and employees, Plaintiff has suffered and
3   continues to suffer damages, including losses of earnings and benefits, according to
4   proof.

FIFTH CAUSE OF ACTION

(Wrongful Termination of Employment in Violation of

Public Policy (FEHA and Labor Code)—Against Entity

Defendant Only, and Does 1 to 100, Inclusive)

9   44. The allegations set forth in paragraphs 1 through 43 are re-alleged and
10  incorporated herein by reference.

11  45. Entity Defendant terminated Plaintiff's employment in violation of various
12  fundamental public policies underlying both state and federal laws. Specifically,
13  Plaintiff's employment was terminated in part because of her protected status (*i.e.*, age,
14  disability/medical condition, medical leave, need for accommodations, and/or good faith
15  complaints, as well as her having filing a claim worker's compensation claim and/or
16  receiving a rating, award, or settlement). These actions were in violation of FEHA and
17  the California Labor Code (including section 132a).

18  46. As a proximate result of Entity Defendant's willful, knowing, and intentional
19  discrimination against Plaintiff, Plaintiff has suffered and continues to suffer
20  humiliation, emotional distress, and mental and physical pain and anguish, all to her
21  damage in a sum according to proof.

22  47. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.
23  Plaintiff is at present unaware of the precise amounts of these expenses and fees and will
24  seek leave of court to amend this Complaint when the amounts are fully known.

25  48. Entity Defendant's misconduct was committed intentionally, in a malicious,
26  fraudulent, despicable, oppressive manner, entitling Plaintiff to punitive damages against
27  Entity Defendant.

28

-13-

PLAINTIFF'S COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress—Against All Defendants and Does 1 to 100, Inclusive)

49. The allegations set forth in paragraphs 1 through 48 are re-alleged and incorporated herein by reference.

50. Entity Defendant's discriminatory, harassing, and retaliatory actions, and Defendants' harassing actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

51. All Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of her livelihood while she was suffering from an actual, perceived, and/or history of disability, would devastate Plaintiff and cause her extreme hardship.

52. As a proximate result of all Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

53. As a proximate result of all Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

54. All Defendants' misconduct was committed intentionally, in a malicious, oppressive manner, entitling Plaintiff to punitive damages.

///
///
///
///
///
///
///

-14-

## PRAYER

WHEREFORE, Plaintiff, Jayme Tipton, prays for judgment against defendants as follows:

1. For general and special damages according to proof;

2. For exemplary damages, according to proof;

3. For pre-judgment and post-judgment interest on all damages awarded;

4. For reasonable attorneys' fees;

5. For costs of suit incurred;

6. For declaratory relief;

7. For such other and further relief as the Court may deem just and proper.


ADDITIONALLY, Plaintiff, Jayme Tipton, demands trial of this matter by jury. The amount demanded exceeds $25,000.00 (Government Code § 72055).


Dated: October 4, 2018            SHEGERIAN & ASSOCIATES, INC.

                        By: _____
                            Carney R. Shegerian, Esq.

                            Attorneys for Plaintiff,
                            JAYME TIPTON

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Carney R. Shegerian, Esq. (SBN 150461)
Shegerian & Associates, Inc.
225 Santa Monica Boulevard, Suite 700, Santa Monica, CA 90401
TELEPHONE NO.: (310)860-0770    FAX NO.: (310)860-0771
ATTORNEY FOR *(Name):* Plaintiff, Jayme Tipton

**FOR COURT USE ONLY**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT – 4 2018

Sherri R. Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles
BRANCH NAME: Stanley Mosk Courthouse

**CASE NAME:**
Tipton v. Airport Terminal Services, Inc., et., al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC724260<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* Six (6) causes of actions
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 4, 2018

Carney R. Shegerian, Esq.
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
      or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Tipton v. Airport Terminal Services, Inc., et. al. | |

CIVIL CASE COVER SHEET ADDENDUM AND
STATEMENT OF LOCATION
(CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

BC 7 2 4 2 6 0

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 15 ☐ HOURS/ ☒ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> ### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Tipton v. Airport Terminal Services, Inc., et. al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 | Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 | Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 | Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 | Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037 | Wrongful Termination | 1., ②, 3. |
| | Other Employment (15) | ☐ A6024 | Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 | Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 | Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 | Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 | Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 | Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 | Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 | Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 | Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 | Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 | Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 | Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 | Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 | Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 | Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 | Quiet Title | 2., 6. |
| | | ☐ A6060 | Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 | Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 | Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F | Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 | Unlawful Detainer-Drugs | 2., 6. |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE: Tipton v. Airport Terminal Services, Inc., et. al. | CASE NUMBER |
|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | ☐ A6160 Abstract of Judgment | 2., 6. |
| | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | ☐ A6190 Election Contest | 2. |
| | ☐ A6110 Petition for Change of Name | 2., 7. |
| | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | ☐ A6100 Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Tipton v. Airport Terminal Services, Inc., et, al. | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>1 World Way |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA . | ZIP CODE:<br>90045 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: October 4, 2018

(SIGNATURE OF ATTORNEY/FILING PARTY)

PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

Case 2:18-cv-09503-AB-JEM   Document 1-1   Filed 08/13/18   Page 64 of 124   Page ID #:96

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

Reserved for Clerk's File Stamp

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT - 4 2018

Sherri R. Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE - IC**

CASE NUMBER:
BC 7 2 4 2 6 0

Your case is assigned for all purposes to the judicial officer indicated below.

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| Hon. Debre K. Weintraub | 1 | 534 | | Hon. Randolph Hammock | 47 | 507 |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Terry A. Green | 14 | 300 | | Hon. Deirdre Hill | 49 | 509 |
| Hon. Richard Fruin | 15 | 307 | | Hon. Teresa A. Beaudet | 50 | 508 |
| Hon. Lia Martin | 16 | 306 | | Hon. Dennis J. Landin | 51 | 511 |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Stephanie Bowick | 19 | 311 | | Hon. Robert Broadbelt | 53 | 513 |
| Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Patricia Nieto | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Holly J. Fujie | 56 | 514 |
| Hon. Barbara Scheper | 30 | 400 | | Hon. Steven J. Kleifield | 57 | 517 |
| Hon. Samantha Jessner | 31 | 407 | | Hon. John P. Doyle | 58 | 516 |
| Hon. Daniel S. Murphy | 32 | 406 | | Hon. Gregory Keosian | 61 | 732 |
| Hon. Michael P. Linfield | 34 | 408 | | Hon. Michael L. Stern | 62 | 600 |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Mark Mooney | 68 | 617 |
| Hon. David S. Cunningham | 37 | 413 | | Hon. William F. Fahey | 69 | 621 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Monica Bachner | 71 | 729 |
| Hon. Elizabeth Feffer | 39 | 415 | | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. David Sotelo | 40 | 414 | | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Holly E. Kendig | 42 | 416 | | Hon. Michelle Williams Court | 74 | 735 |
| Hon. Mel Red Recana | 45 | 529 | | Hon. Robert S. Draper | 78 | 730 |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _____     OCT 0 4 2018
         (Date)

SHERRI R. CARTER, Executive Officer/Clerk of Court

By _____, Deputy Clerk

LACIV 190 (Rev 12/17)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Case 2:18-cv-09503-AB-JEM Document 15-1 Filed 11/30/18 Page 107 of 188 Page
ID #:523
Case 2:18-cv-09503-AB-JEM Document 1-1 Filed 08/18/18 Page 63 of 124 Page ID #:87

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**

**abtl**

**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◈**Los Angeles County Bar Association Litigation Section**◈

◈ **Los Angeles County Bar Association
Labor and Employment Law Section**◈

◈**Consumer Attorneys Association of Los Angeles**◈

◈**Southern California Defense Counsel**◈

◈**Association of Business Trial Lawyers**◈

◈**California Employment Lawyers Association**◈

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

<table>
<tr><td>NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:</td><td>STATE BAR NUMBER:</td><td rowspan="4">Reserved for Clerk's File Stamp</td></tr>
<tr><td colspan="2">TELEPHONE NO.:          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):</td></tr>
<tr><td colspan="2">SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>COURTHOUSE ADDRESS:</td></tr>
<tr><td colspan="2">PLAINTIFF:<br><br>DEFENDANT:</td></tr>
<tr><td colspan="2" style="text-align:center">STIPULATION – DISCOVERY RESOLUTION</td><td>CASE NUMBER:</td></tr>
</table>

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

Case 2:18-cv-09503-AB-JEM   Document 1-1   Filed 08/13/18   Page 63 of 114   Page ID #:90

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

      iii.   Be filed within two (2) court days of receipt of the Request; and

      iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

Case 2:18-cv-09503-AB-JEM   Document 15-1   Filed 08/13/18   Page 7 of 114   Page ID #:92

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

    h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

    i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.    The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
                  (INSERT DATE)                           (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.    The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____     >  _____
    (TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)
Date: _____

_____     >  _____
    (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)
Date: _____

_____     >  _____
    (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)
Date: _____

_____     >  _____
    (TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)
Date: _____

_____     >  _____
    (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)
Date: _____

_____     >  _____
    (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)
Date: _____

_____     >  _____
    (TYPE OR PRINT NAME)                         (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)
LASC Approved 04/11

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

---

LACIV 075 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(ATTORNEY FOR PLAINTIFF)

_____
(TYPE OR PRINT NAME)

Date:

_____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

_____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

_____
(ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

Date:

_____
(ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

Date:

_____
(ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- ○ Often faster than going to trial
- ○ Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- ○ May permit more participation, allowing parties to have more control over the outcome.
- ○ Allows for flexibility in choice of ADR processes and resolution of the dispute.
- ○ Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- ○ There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR - ADR may not be suitable for every dispute.**
- ○ If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ○ ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- ○ The neutral may charge a fee for his or her services.
- ○ If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- ○ **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - ▫ Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - ▫ Mediation may not be effective when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

□   **Arbitration**

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

□   **Mandatory Settlement Conference (MSC)**

Settlement Conferences are appropriate in any case where settlement is an option. Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

Case 2:18-cv-09503-AB-JEM   Document 115   Filed 11/08/18   Page 79 of 124   Page ID #:101

Edjac Trujillo
c/o Jet Blue - Terminal #5
1 World Way
Los Angeles. Ca 90045

first CLASS



Case 2:18-cv-09503-AB-JEM   Document 15   Filed 11/30/18   Page 122 of 188   Page
ID #:538
Case 2:18-cv-09503-AB-JEM   Document 1   Filed 11/08/18   Page 80 of 144   Page ID #:102

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Airport Terminal Services, Inc., Edgar Trujillo, Melissa Doe, and DOES
1 to 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jayme Tipton

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT - 4 2018

Sherri R. Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Stanley Mosk Courthouse, Central District<br>111 North Hill Street<br>Los Angeles, California 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>BC 7 2 4 2 6 0 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Carney R. Shegerian, Esq. (SBN 150461)          (310)860-0770
Shegerian & Associates, Inc.
225 Santa Monica, Suite 700, Santa Monica, CA 90401

| DATE:<br>*(Fecha)*  October 4, 2018  OCT  0 4 2018 | SHERRI R. CARTE Clerk, by *(Secretario)* | NANCY ALVAREZ , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

Case 2:18-cv-09503-AB-JEM Document 15-1 Filed 11/30/18 Page 123 of 188 Page
ID #:539
Case 2:18-cv-09503-AB-JEM Document 1 Filed 11/08/18 Page 81 of 124 Page ID #:103

1  Carney R. Shegerian, Esq., State Bar No. 150461
   CShegerian@Shegerianlaw.com
2  Anthony Nguyen, Esq., State Bar No. 259154
   ANguyen@Shegerianlaw.com
3  Aaron Gbewonyo, Esq, State Bar No. 315889
   AGbewonyo@Shegerianlaw.com
4  SHEGERIAN & ASSOCIATES, INC.
   225 Santa Monica Boulevard, Suite 700
5  Santa Monica, California 90401
   Telephone Number:  (310) 860-0770
6  Facsimile Number:  (310) 860-0771

7  Attorneys for Plaintiff,
   JAYME TIPTON

8

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT - 4 2018

Sherri R. Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10         FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

11

12  JAYME TIPTON,                          Case No.:  BC 7 2 4 2 6 0

13          Plaintiff,                      PLAINTIFF JAYME TIPTON'S
                                            COMPLAINT FOR DAMAGES FOR:
14  vs.
                                            (1) VIOLATION OF FEHA;
15  AIRPORT TERMINAL SERVICES,
    INC., EDGAR TRUJILLO,                   (2) BREACH OF EXPRESS ORAL
16  MELISSA DOE, and DOES 1 to 100,             CONTRACT NOT TO TERMINATE
    inclusive,                                  EMPLOYMENT WITHOUT GOOD
17                                              CAUSE;
            Defendants.
18                                          (3) BREACH OF IMPLIED-IN-FACT
                                                CONTRACT NOT TO TERMINATE
19                                              EMPLOYMENT WITHOUT GOOD
                                                CAUSE;
20
                                            (4) NEGLIGENT HIRING,
21                                              SUPERVISION, AND RETENTION;

22                                          (5) WRONGFUL TERMINATION OF
                                                EMPLOYMENT IN VIOLATION
23                                              OF PUBLIC POLICY;

24                                          (6) INTENTIONAL INFLICTION OF
                                                EMOTIONAL DISTRESS;
25
                                            DEMAND FOR JURY TRIAL
26

27

28

────────────────────────────────────────────
                PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff, Jayme Tipton, alleges, on the basis of personal knowledge and/or information and belief:

## SUMMARY

This is an action by plaintiff, Jayme Tipton ("Plaintiff" or "Tipton"), whose employment with defendant Airport Terminal Services, Inc. was wrongfully terminated. Plaintiff brings this action against defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b) and Code of Civil Procedure section 1021.5.

## PARTIES

1. *Plaintiff:*  Plaintiff Tipton is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, California.

2. *Defendants:*   Defendant Airport Terminal Services ("Airport Services" or "Entity Defendant") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles. Entity Defendant's place of business, where the following causes of action took place, was and is in the County of Los Angeles, at 1 World Way, Los Angeles, California 90045. Defendant Edgar Trujillo ("Defendant" or "Trujillo") is, and at all times mentioned in this Complaint was, a supervisor with Entity Defendant.  Defendant Trujillo is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California.  Defendant Melissa Doe ("Defendant" or "Melissa") is, and at all times mentioned in this Complaint was, a supervisor with Entity Defendant.  Defendant Melissa is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California.

3. *Doe defendants:*  Defendants Does 1 to 100, inclusive, are sued under fictitious

names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants. The named defendants and Doe defendants are sometimes hereafter referred to, collectively and/or individually, as "Defendants."

4. *Relationship of defendants:* All Defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i). All Defendants were responsible for the events and damages alleged herein, including on the following bases: (a) Defendants committed the acts alleged; (b) at all relevant times, one or more of the Defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining Defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for Plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the Defendants such that any individuality and separateness between or among those Defendants has ceased, and Defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of Defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all Defendants were taken by employees, supervisors, executives, officers, and directors during employment with all Defendants, were taken on behalf of all Defendants, and were engaged in, authorized, ratified, and approved of by all other Defendants.

5. Entity Defendant, Airport Terminal Services both directly and indirectly

employed Plaintiff Tipton, as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

6. In addition, Entity Defendant, Airport Terminal Services compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

7. Finally, at all relevant times mentioned herein, all Defendants acted as agents of all other Defendants in committing the acts alleged herein.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. *Plaintiff's hiring:* Plaintiff, a 31-year-old mother of two, worked at Airport Terminal Services for approximately seven months as a Groomer, beginning in October 2016.

9. *Plaintiff's job performance:* At all times, Plaintiff performed her job duties in an exemplary manner.

10. *Plaintiff's protected status and activity:*

  a. Plaintiff took a protected CFRA/FMLA leave and was terminated while on leave.

  b. Plaintiff suffered from a disabling medical condition during her employment.

11. *Defendants' adverse employment actions and behavior:*

  a. In March 2017, Plaintiff suffered an injury while engaged in housekeeping duties on a plane.

  b. Over the next several days Plaintiff's pain continued to worsen. On or around April 6, 2017, Plaintiff informed her supervisor, Damian Neri ("Neri") of her injury and her intent to seek medical treatment.

  c. On or around April 11, 2017, Plaintiff went to see a doctor, and was diagnosed with a tear in her rotator cuff and placed on a medical leave until April 19, 2017. Plaintiff immediately provided her doctor's note to her supervisor, Edgar Trujillo

and verbally informed Neri the same day.

      d.   On or around April 18, 2017, Plaintiff's doctor extended her leave until May 1, 2017, and Plaintiff immediately informed her employer.

      e.   On or around May 1, 2017, Plaintiff visited her doctor for a follow-up appointment. Again, Plaintiff's doctor extended her leave, placing her off until May 15, 2017. That same day, Plaintiff provided Airport Terminal Services Crew Chief, Ora Doe ("Ora") with her doctor's note. Plaintiff asked Ora whether further documentation was required, and Ora confirmed that the documents provided by Plaintiff were sufficient.

   12.  *Defendants' termination of plaintiff's employment:*  On or around May 8, 2017, Plaintiff received a call from Shonta Henderson ("Henderson"), a Human Resources representative at Airport Terminal Services. Henderson informed Plaintiff that Airport Terminal Services needed to fill her position, and requested that she voluntarily resign from her position. Plaintiff informed Henderson that she would not resign, as she fully anticipated returning to work soon, once her shoulder healed. In response, Henderson informed Plaintiff that if she refused to resign, then Airport Terminal Services would proceed to terminate her employment. Several days later, Plaintiff received a letter in the mail with her final paycheck, confirming her termination.

   13.  *Economic damages:*  As a consequence of Entity Defendant's conduct, Plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to her career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

   14.  *Non-economic damages:*  As a consequence of all Defendants' conduct, Plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

   15.  *Punitive damages:*  Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles Plaintiff to an award of exemplary and/or punitive damages.

PLAINTIFF'S COMPLAINT FOR DAMAGES

a. *Malice:* All Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) all Defendants acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of her age, disability, medical leave, race, national origin, ancestry, pregnancy, gender, sexual orientation, and/or good faith complaints, and/or (b) all Defendants' conduct was despicable and committed in willful and conscious disregard of Plaintiff's rights, health, and safety, including Plaintiff's right to be free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

b. *Oppression:* In addition, and/or alternatively, all Defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that all Defendants' actions against Plaintiff because of her age, disability, medical leave, race, national origin, ancestry, pregnancy, gender, sexual orientation, and/or good faith complaints were "despicable" and subjected Plaintiff to cruel and unjust hardship, in knowing disregard of Plaintiff's rights to a work place free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

c. *Fraud:* In addition, and/or alternatively, Entity Defendant's conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that Entity Defendant's asserted false (pretextual) grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby to cause Plaintiff hardship and deprive her of legal rights.

16. *Attorneys' fees:* Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

17. *Exhaustion of administrative remedies:* Prior to filing this action, Plaintiff exhausted her administrative remedies by filing a timely administrative complaint with the

-6-

Department of Fair Employment and Housing ("DFEH") and receiving a DFEH right-to-sue letter.

## FIRST CAUSE OF ACTION

**(Violation of FEHA (Government Code §§ 12900, *et seq.*; 12945.2) (Discrimination and Retaliation on the Basis of Disability; Failure to Accommodate a Disability; Failure to Engage in the Interactive Process; Failure to Prevent Discrimination, Harassment, and Retaliation; Violation of the California Family Rights Act—Against Entity Defendant and Does 1 to 100, Inclusive), (Harassment on the Bases of Disability)—Against All Defendants and Does 1 to 100, Inclusive)**

18.   The allegations set forth in paragraphs 1 through 17 are re-alleged and incorporated herein by reference.

19.   At all times herein mentioned, FEHA, Government Code section 12940, *et seq.*, was in full force and effect and was binding on Entity Defendant.  This statute requires Entity Defendant to refrain from discriminating against any employee because the employee has an actual, perceived, and/or history of disability, because the employee takes protected leave under the California Family Rights Act ("CFRA") or Family Medical Leave Act ("FMLA"), and/or because of any other protected status as provided under FEHA. Prior to filing the instant Complaint, Plaintiff filed a timely administrative charge with the DFEH and received a right-to-sue letter.

20.   Government Code sections 12940(a), (i), (m), and (n) require Entity Defendant to provide reasonable accommodations to known disabled employees and to engage in a timely, good faith interactive process to accommodate known disabled employees.

21.   Government Code section 12940(k) states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to

prevent discrimination and harassment from occurring."

22. Plaintiff's actual, perceived, and/or history of disability and/or requested protected leave under the CFRA and/or FMLA and/or other protected status, protected by FEHA were motivating factors in Entity Defendant's decision to terminate Plaintiff's employment; not to retain, hire, or otherwise employ Plaintiff in any position; to harass Plaintiff; to retaliate against Plaintiff; to refuse to accommodate Plaintiff; to refuse to engage in the interactive process; and/or to take other adverse job actions against Plaintiff, including fail to prevent discrimination, harassment, and retaliation.

23. During the course of Plaintiff's employment, Entity Defendant failed to prevent their employees from engaging in intentional actions that resulted in Plaintiff being treated less favorably because of her protected status (*i.e.*, disability; or other protected status). During the course of Plaintiff's employment, Entity Defendant failed to prevent their employees from engaging in unjustified employment practices against employees in such protected classes. During the course of Plaintiff's employment, Entity Defendant failed to prevent a pattern and practice by their employees of intentional discrimination and harassment on the bases of disability, and/or other protected statuses or protected activities.

24. Entity Defendant, through their managers and supervisors, made a number of comments to and about Plaintiff that exhibited discriminatory motivations, intentions, and consciousness on the bases of disability. Plaintiff believes, and on that basis alleges, that Entity Defendant's real motivation was to discharge her because of her disability, and/or other protected statuses or protected activities.

25. Entity Defendant wholly failed to attempt any reasonable accommodation of Plaintiff's known disability and/or to engage in a timely, good faith interactive process with Plaintiff to accommodate her known disabilities. Instead, Entity Defendant terminated Plaintiff's employment in whole or in part because of her disability, and/or other protected statuses.

26. Entity Defendant's conduct, as alleged, violated FEHA, and all Defendants

-8-

PLAINTIFF'S COMPLAINT FOR DAMAGES

committed unlawful employment practices, including by the following, separate bases for liability:

a. Taking adverse employment actions against Plaintiff, such as discharging; barring; refusing to transfer, retain, hire, select, and/or employ; and/or, otherwise discriminating against Plaintiff—in whole or in part—on the bases of Plaintiff's disability, taking a protected leave, and/or other protected statuses or protected activities, in violation of Government Code section 12940(a);

b. Harassing Plaintiff and/or creating a hostile work environment, in whole or in part on the bases of Plaintiff's actual, perceived, and/or history of disability; and/or, other protected statuses and/or protected activities, in violation of Government Code section 12940(j);

c. Failing to accommodate Plaintiff's actual, perceived, and/or history of disability; and/or, other protected statuses, in violation of Government Code section 12940(m);

d. Failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n);

e. Failing to provide Plaintiff with requisite statutory leave, violating notice and/or other procedural requisites of leave, and/or retaliating against Plaintiff for taking leave, in violation of Government Code section 12945.2.

f. Retaliating against Plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing Entity Defendant's failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, and/or the right to be free of discrimination and harassment, in violation of Government Code section 12940(h);

g. Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on actual, perceived, and/or history of disability; taking a protected leave; and/or, other protected statuses and/or protected activities, in violation of Government Code section 12940(k);

PLAINTIFF'S COMPLAINT FOR DAMAGES

27.   On the basis of the above, Plaintiff believes and alleges that her actual, perceived, and/or history of disability; and/or, other protected statuses and/or protected activities were substantial motivating factors in Entity Defendant's termination of her employment.

28.   As a proximate result of Defendant's willful, knowing, and intentional discrimination against, harassment of, and retaliation against Plaintiff, their failure to accommodate Plaintiff's known disability and to engage in a timely, good faith interactive process, and their failure to prevent discrimination, harassment, and retaliation, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

29.   As a proximate result of Entity Defendants' willful, knowing, and intentional discrimination against, harassment of, and retaliation against Plaintiff, their failure to accommodate Plaintiff's known disability and to engage in a timely, good faith interactive process, and their failure to prevent discrimination, harassment, and retaliation, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

30.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

31.   Entity Defendant's misconduct was committed intentionally, in a malicious, despicable, fraudulent, and oppressive manner, entitling Plaintiff to punitive damages against Entity Defendant.

///
///
///
///
///
///

PLAINTIFF'S COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

### (Breach of Express Oral Contract Not to Terminate Employment Without Good Cause)—Against Entity Defendant Only, and Does 1 to 100, Inclusive)

32. The allegations set forth in paragraphs 1 through 31 are re-alleged and incorporated herein by reference.

33. Entity Defendant, through their agents, entered an oral agreement not to terminate Plaintiff's employment except for good cause. Plaintiff and Entity Defendant, through their supervisors, made mutual promises of consideration pursuant to this oral agreement. Plaintiff performed all duties required of her under the agreement by performing her job in an exemplary manner.

34. Entity Defendant and their managers and supervisors terminated Plaintiff's employment without good cause, violating the express oral contract they had with her.

35. As a proximate result of Entity Defendant's willful breach of the express oral contract not to terminate employment without good cause, Plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

## THIRD CAUSE OF ACTION

### (Breach of Implied-in-Fact Contract Not to Terminate Employment Without Good Cause (*Marketing West, Inc. v. Sanyo Fisher* (1992) 6 Cal.App.4th 603; Civil Code § 1622)—Against Entity Defendant Only, and Does 1 to 100, Inclusive)

36. The allegations set forth in paragraphs 1 through 35 are re-alleged and incorporated herein by reference.

37. On the basis of oral assurances of continued employment given to Plaintiff by Entity Defendant's supervisors, the length of Plaintiff's employment with Entity

-11-

Defendant, Entity Defendant's actual practice of terminating employment only for cause, and the industry standard for the business Entity Defendant engaged in of terminating employment only for cause, Plaintiff and Entity Defendant shared the actual understanding that Plaintiff's employment could and would be terminated only for cause. This shared understanding resulted in an implied contract requiring that Entity Defendant have good cause to terminate Plaintiff's employment.

38. Entity Defendant and their managers and supervisors terminated Plaintiff's employment without good cause, violating the implied-in-fact contract they had with her.

39. As a proximate result of Entity Defendant's willful breach of the implied-in-fact contract not to terminate employment without good cause, Plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

40. Plaintiff seeks attorneys' fees for lost wages under this cause of action under Labor Code section 218.6.

## FOURTH CAUSE OF ACTION

### (Negligent Hiring, Supervision, and Retention—Against
### Entity Defendant Only, and Does 1 to 100, Inclusive)

41. The allegations set forth in paragraphs 1 through 40 are re-alleged and incorporated herein by reference.

42. Entity Defendant owed a duty of care to Plaintiff to appoint, hire, retain, and supervise persons who would not engage in retaliatory, harassing, or discriminatory conduct. Entity Defendant owed a duty of care to Plaintiff not to retain managers or employees who would discriminate against, harass, or retaliate against employees for engaging in protected activities. Entity Defendant owed a duty of care to Plaintiff to supervise their managers and employees closely to ensure that they would refrain from harassing and retaliating against Plaintiff.

43. Entity Defendant breached these duties. As a result, Entity Defendant caused

PLAINTIFF'S COMPLAINT FOR DAMAGES

damages to Plaintiff. As a proximate result of Entity Defendant's negligent hiring, retention, and supervision of their managers and employees, Plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, according to proof.

### FIFTH CAUSE OF ACTION
### (Wrongful Termination of Employment in Violation of
### Public Policy (FEHA and Labor Code)—Against Entity
### Defendant Only, and Does 1 to 100, Inclusive)

44. The allegations set forth in paragraphs 1 through 43 are re-alleged and incorporated herein by reference.

45. Entity Defendant terminated Plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws. Specifically, Plaintiff's employment was terminated in part because of her protected status (*i.e.,* age, disability/medical condition, medical leave, need for accommodations, and/or good faith complaints, as well as her having filing a claim worker's compensation claim and/or receiving a rating, award, or settlement). These actions were in violation of FEHA and the California Labor Code (including section 132a).

46. As a proximate result of Entity Defendant's willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

47. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

48. Entity Defendant's misconduct was committed intentionally, in a malicious, fraudulent, despicable, oppressive manner, entitling Plaintiff to punitive damages against Entity Defendant.

# SIXTH CAUSE OF ACTION

## (Intentional Infliction of Emotional Distress—Against All
## Defendants and Does 1 to 100, Inclusive)

49. The allegations set forth in paragraphs 1 through 48 are re-alleged and incorporated herein by reference.

50. Entity Defendant's discriminatory, harassing, and retaliatory actions, and Defendants' harassing actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

51. All Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of her livelihood while she was suffering from an actual, perceived, and/or history of disability, would devastate Plaintiff and cause her extreme hardship.

52. As a proximate result of all Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

53. As a proximate result of all Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

54. All Defendants' misconduct was committed intentionally, in a malicious, oppressive manner, entitling Plaintiff to punitive damages.

///
///
///
///
///
///
///

# PRAYER

WHEREFORE, Plaintiff, Jayme Tipton, prays for judgment against defendants as follows:

1. For general and special damages according to proof;

2. For exemplary damages, according to proof;

3. For pre-judgment and post-judgment interest on all damages awarded;

4. For reasonable attorneys' fees;

5. For costs of suit incurred;

6. For declaratory relief;

7. For such other and further relief as the Court may deem just and proper.

ADDITIONALLY, Plaintiff, Jayme Tipton, demands trial of this matter by jury. The amount demanded exceeds $25,000.00 (Government Code § 72055).

Dated: October 4, 2018        SHEGERIAN & ASSOCIATES, INC.

By: _Carney R. Shegerian_
    Carney R. Shegerian, Esq.

Attorneys for Plaintiff,
JAYME TIPTON

PLAINTIFF'S COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Carney R. Shegerian, Esq. (SBN 150461)<br>Shegerian & Associates, Inc.<br>225 Santa Monica Boulevard, Suite 700, Santa Monica, CA 90401<br>TELEPHONE NO.: (310)860-0770    FAX NO.: (310)860-0771<br>ATTORNEY FOR *(Name):* Plaintiff, Jayme Tipton | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>OCT -4 2018<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By Nancy Alvarez, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles
BRANCH NAME: Stanley Mosk Courthouse

| CASE NAME:<br>Tipton v. Airport Terminal Services, Inc., et, al. | | |
|---|---|---|
| **CIVIL CASE COVER SHEET**<br>☒ Unlimited    ☐ Limited<br>(Amount     (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | **Complex Case Designation**<br>☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br><br>BC 724260<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed *(see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☒ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☒ monetary   b. ☒ nonmonetary; declaratory or injunctive relief   c. ☒ punitive
4. Number of causes of action *(specify):* Six (6) causes of actions
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: October 4, 2018

Carney R. Shegerian, Esq.
(TYPE OR PRINT NAME)             (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Tipton v. Airport Terminal Services, Inc., et. al. | |

BC724260

### CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES  CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL 15 ☐ HOURS/ ☒ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

| SHORT TITLE: | CASE NUMBER |
| --- | --- |
| Tipton v. Airport Terminal Services, Inc., et. al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037 Wrongful Termination | 1., ②, 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: | | CASE NUMBER | |
|---|---|---|---|
| Tipton v. Airport Terminal Services, Inc., et. al. | | | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Tipton v. Airport Terminal Services, Inc., et, al. | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 1 World Way |
|---|---|
| ☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90045 |
|---|---|---|

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___October 4, 2018___

_(signature)_
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 4 of 4

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE - IC**

Your case is assigned for all purposes to the judicial officer indicated below.

Reserved for Clerk's File Stamp

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT - 4 2018

Sherri R. Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

CASE NUMBER:   BC 7 2 4 2 6 0

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| Hon. Debre K. Weintraub | 1 | 534 | | Hon. Randolph Hammock | 47 | 507 |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Terry A. Green | 14 | 300 | | Hon. Deirdre Hill | 49 | 509 |
| Hon. Richard Fruin | 15 | 307 | | Hon. Teresa A. Beaudet | 50 | 508 |
| Hon. Lia Martin | 16 | 306 | | Hon. Dennis J. Landin | 51 | 511 |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Stephanie Bowick | 19 | 311 | | Hon. Robert Broadbelt | 53 | 513 |
| Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Patricia Nieto | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Holly J. Fujie | 56 | 514 |
| Hon. Barbara Scheper | 30 | 400 | | Hon. Steven J. Kleifield | 57 | 517 |
| Hon. Samantha Jessner | 31 | 407 | | Hon. John P. Doyle | 58 | 516 |
| Hon. Daniel S. Murphy | 32 | 406 | | Hon. Gregory Keosian | 61 | 732 |
| Hon. Michael P. Linfield | 34 | 408 | | Hon. Michael L. Stern | 62 | 600 |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Mark Mooney | 68 | 617 |
| Hon. David S. Cunningham | 37 | 413 | | Hon. William F. Fahey | 69 | 621 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Monica Bachner | 71 | 729 |
| Hon. Elizabeth Feffer | 39 | 415 | | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. David Sotelo | 40 | 414 | | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Holly E. Kendig | 42 | 416 | | Hon. Michelle Williams Court | 74 | 735 |
| Hon. Mel Red Recana | 45 | 529 | | Hon. Robert S. Draper | 78 | 730 |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _____   OCT 0 4 2018
          (Date)

SHERRI R. CARTER, Executive Officer/Clerk of Court

By _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

LACIV 190 (Rev 12/17)
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◈Los Angeles County Bar Association Litigation Section◈

◈ Los Angeles County Bar Association Labor and Employment Law Section◈

◈Consumer Attorneys Association of Los Angeles◈

◈Southern California Defense Counsel◈

◈Association of Business Trial Lawyers◈

◈California Employment Lawyers Association◈

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):          FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

STIPULATION – DISCOVERY RESOLUTION

Page 1 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

Case 2:18-cv-09503-AB-JEM    Document 15-1    Filed 11/30/18    Page 149 of 188    Page
ID #:1565
Case 2:18-cv-09503-AB-JEM    Document 1-1    Filed 11/08/18    Page 107 of 124    Page ID
#:565

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____)

Case 2:18-cv-09503-AB-JEM   Document 15-1   Filed 11/08/18   Page 108 of 124   Page ID #:1566

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | | |
| ATTORNEY FOR (Name): | | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
        (INSERT DATE)                                              (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➢  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➢  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ➢  _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                        FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐   Request for Informal Discovery Conference
    ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

<br><br><br><br><br><br><br><br><br><br><br><br><br><br>

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

<table>
<tr><td>NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:</td><td>STATE BAR NUMBER</td><td>Reserved for Clerk's File Stamp</td></tr>
<tr><td>TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):</td><td>FAX NO. (Optional):</td><td></td></tr>
</table>

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

## The following parties stipulate:

Date: _____

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date: _____

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ➤ (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date: _____

_____     ➤ (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date: _____

_____     ➤ (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

## THE COURT SO ORDERS.

Date: _____     _____
                                      JUDICIAL OFFICER

**Advantages of ADR**

- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- Mediation

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

▫ **Arbitration**

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

▫ **Mandatory Settlement Conference (MSC)**

Settlement Conferences are appropriate in any case where settlement is an option. Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

# EXHIBIT "C"

# SHEGERIAN & ASSOCIATES, INC.

January 30, 2018

**SENT BY U.S. MAIL AND FACSIMILE**

Airport Terminal Services, Inc.
Attention: Shonta Henderson
5777 Century Blvd.
Los Angeles, California 90045

Airport Terminal Services, Inc.
Attention: Human Resources
111 Westport Plaza Drive, Suite 400
Saint Louis, MO 63146
Facsimile: (314) 739-7070

> **Re:** *Wrongful Termination of Jayme Tipton's Employment*

To Whom It May Concern:

You will find enclosed the right-to-sue letter that Ms. Tipton obtained from the Department of Fair Employment and Housing on December 22, 2017. As you know, Ms. Tipton will be filing her complaint in court if mediation is not scheduled or her demands are not otherwise resolved.

You may reach me at (310) 860-0770. If you have questions, please do not hesitate to contact me. It is my sincere hope that this matter can be amicably and expeditiously resolved. I look forward to hearing from you.

Very truly yours,

SHEGERIAN & ASSOCIATES

Carney R. Shegerian



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GOVERNOR EDMUND G. BROWN JR.
                                                                 DIRECTOR KEVIN KISH

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | TDD (800) 700-2320
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

December 22, 2017

Carney Shegerian
225 Santa Monica Boulevard, Ste. 700
Santa Monica, California 90401

RE:    **Notice to Complainant or Complainant's Attorney (Amended)**
        DFEH Matter Number: 908509-321022
        Right to Sue: Tipton / Airport Terminal Services, Inc. et al.

Dear Complainant or Complainant's Attorney:

Attached is a copy of your amended complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer. You or your attorney must serve the complaint. If you do not have an attorney, you must serve the complaint yourself.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of
Jayme Tipton                                    DFEH No. 908509-321022
C/o 225 Santa Monica Boulevard, Suite 700
Santa Monica, California 90401

vs.

Airport Terminal Services, Inc.
1 World Way
Los Angeles, California 90045

Edgar Trujillo, As an individual, Co-Respondent

Melisa Doe, As an individual, Co-Respondent

_____

1. Respondent **Airport Terminal Services, Inc.** is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant alleges that on or about **May 9, 2017**, respondent took the following adverse actions:
**Complainant was harrassed** because of complainant's Family Care or Medical Leave (CFRA), Disability (physical or mental)
**Complainant was discriminated** because of complainant's Family Care or Medical Leave (CFRA), Disability (physical or mental) and as a result of discrimination was Terminated, Asked impermissible non-job-related questions, Denied a work environment free of discrimination and/or retaliation, Denied reasonable accommodation for a disability, Other
**Complainant experienced retaliation** because complainant Requested or used California Family Rights Act or FMLA, Requested or used a disability-related accommodation and as a result was Terminated, Asked impermissible non-job-related questions, Denied a work environment free of discrimination and/or retaliation, Denied reasonable accommodation for a disability.

-1-
*Complaint – DFEH No. 908509-321022*

Date Filed: December 22, 2017
Date Amended: December 22, 2017

3. Complainant **Jayme Tipton**, resides in the City of **Santa Monica** State of **California.**

**Additional Complaint Details:** Denied a work environment free of harassment;

Date Filed: December 22, 2017
Date Amended: December 22, 2017

VERIFICATION

I, **Jacquelyne N. Mosley-Pastrana**, am the **Authorized Representative** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On December 22, 2017, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**San Diego, California**

-3-
*Complaint – DFEH No. 908509-321022*

Date Filed: December 22, 2017
Date Amended: December 22, 2017

# EXHIBIT "D"

11/8/2018



## Person Search Results

Records: 1 to 9 of 9

**Search Terms Used – SSN:** ▮▮▮▮▮▮



| | All | Full Name | SSN | Address | Phone | Next Steps |
|---|---|---|---|---|---|---|
| **1.** | | JAYME D TIPTON<br>DOB:<br>Age: ▮<br>⏰ Setup Alert | ▮ | PALMDALE CA 93550-4216<br>Oct 2015 - Oct 2018 | | |

| We Also Found: | | ☐ Phones Plus | | ▦ Email Address | | |

| **2.** | | JAYME D TIPTON<br>DOB:<br>Age: ▮<br>⏰ Setup Alert | | PALMDALE CA 93550-4216<br>Oct 2015 - Oct 2018 | | |
| **3.** | | JAYME D DANIELLE<br>DOB:<br>Age:<br>⏰ Setup Alert | | PALMDALE CA 93550-4216<br>Oct 2015 - Jan 2017 | | |
| **4.** | | JAYME D TIPTON<br>DOB:<br>Age:<br>⏰ Setup Alert | | COMPTON CA 90220-3692<br>Sep 2009 - Apr 2016 | | |
| **5.** | | JAYME D TIPTON<br>DOB:<br>Age:<br>⏰ Setup Alert | | HAWTHORNE CA 90250-8913<br>Mar 2005 - Jan 2016 | | |
| **6.** | | JAYME D DANIELLE<br>DOB:<br>Age:<br>⏰ Setup Alert | | HOUSTON TX 77091-2503<br>May 2015 | | |
| **7.** | | JAYME D TIPTON<br>DOB:<br>Age:<br>⏰ Setup Alert | | HOUSTON TX 77091-2503<br>May 2015 | | |
| **8.** | | JAYME D DANIELLE<br>DOB:<br>Age:<br>⏰ Setup Alert | | COMPTON CA 90220-3692<br>Oct 2009 - May 2015 | | |

11/8/2018

**9.**    JAYME D DANIELLE        HAWTHORNE CA 90250-8913
DOB: 
Age:
⏰ Setup Alert    Mar 2005 - Apr 2008

Records: 1 to 9 of 9

Your DPPA Permissible Use: Civil, Criminal, Administrative or Arbitral Proceedings

Your GLBA Permissible Use: Legal Compliance

Your DMF Permissible Use: Legitimate Business Purpose Pursuant to a Law, Government Rule, Regulation, or Fiduciary Duty

Copyright © 20182018 LexisNexis. All rights Reserved. Terms & Conditions | Privacy & Security

# EXHIBIT 3

# SHEGERIAN & ASSOCIATES, INC.

November 21, 2018

**SENT BY U.S. MAIL, EMAIL AND FACSIMILE**

Seyfarth Shaw, LLP.
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Aaron Lubeley, ALubeles@Seyfarth.com
Simon Yang, SYang@Seyfarth.com
Meagan Sue O'Dell, Modell@Seyfarth.com
Facsimile: (213) 270-9601

      **Re:**   *Jayme Tipton v. Airport Terminal Services, INC., et al.*

Dear Counsel:

This letter is being sent to you in an attempt to meet and confer pursuant to Local Rule 7-3 regarding Defendants' removal of Plaintiff's cause of action. Although it is Plaintiff's position that her cause of action was rightfully filed in state court, correctly naming all persons and entities involved, Plaintiff hopes that the parties can amicably resolve this matter in the interest of preservation of judicial resources, and avoiding drafting of unnecessary motions. Please contact my office by or before November 30, 2018, so that we may have the opportunity to discuss further. Thank you very much in advance for your consideration.

Very truly yours,

**SHEGERIAN & ASSOCIATES**

Carney R. Shegerian

CRS/AG

EXHIBIT 4

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

October 30, 2017

Carney Shegerian
225 Santa Monica Boulevard, Ste. 700
Santa Monica California 90401

RE:  **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 908509-321022
Right to Sue: Tipton / Airport Terminal Services, Inc.

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.  You or your attorney must serve the complaint.  If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

October 30, 2017

RE:  **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 908509-321022
Right to Sue: Tipton / Airport Terminal Services, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

October 30, 2017

Jayme Tipton
C/o 225 Santa Monica Boulevard, Suite 700
Santa Monica, California 90401

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 908509-321022
Right to Sue: Tipton / Airport Terminal Services, Inc.

Dear Jayme Tipton,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective October 30, 2017 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Enclosures

cc: JetBlue Airways Corporation

Edgar Trujillo

Melisa Doe

1

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

2

## BEFORE THE STATE OF CALIFORNIA

3

## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

4

### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

5

6     In the Matter of the Complaint of            DFEH No. 908509-321022
      Jayme Tipton, Complainant.
7     C/o 225 Santa Monica Boulevard, Suite 700
      Santa Monica,  California  90401
8

9     vs.

10     Airport Terminal Services, Inc., Respondent.
      1 World Way
11    Los Angeles,  California 90045

12

13    Complainant alleges:

14

15    1. Respondent **Airport Terminal Services, Inc.** is a subject to suit under the
      California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).
16    Complainant believes respondent is subject to the FEHA.

17    2. On or around **May 09, 2017**, complainant alleges that respondent took the
      following adverse actions against complainant: **Discrimination, Harassment,**
18    **Retaliation Asked impermissible non-job-related questions, Denied a good**
      **faith interactive process, Denied a work environment free of discrimination**
19    **and/or retaliation, Denied reasonable accommodation, Terminated, Other,**
      **Denied a workplace free of harassment.**   Complainant believes respondent
20    committed these actions because of their: **Disability, Family Care or Medical**
      **Leave** .
21

22    3. Complainant **Jayme Tipton** resides in the City of **Santa Monica**, State of
      **California**.  If complaint includes co-respondents please see below.

-5-

*Complaint ± DFEH No. 908509-321022*

Date Filed: October 30, 2017

1

2   **Co-Respondents:**
    JetBlue Airways Corporation
3
    1 World Way
4   Los Angeles  California 90045

5

6   Edgar Trujillo
    1 World Way
7   Los Angeles  California 90045

8

9   Melisa Doe
    1 World Way
10  Los Angeles  California 90045

11

12

13

14

15

16

17

18

19

20

21

22

-6-

*Complaint ± DFEH No. 908509-321022*

Date Filed: October 30, 2017

1

2

**Additional Complaint Details:**

3

4    No complaint details specified.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

DFEH 902-1

-7-

*Complaint ± DFEH No. 908509-321022*

Date Filed: October 30, 2017

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

VERIFICATION

I, **Jacquelyne N. Mosley-Pastrana**, am the Authorized Representative in the above-entitled complaint.    I have read the foregoing complaint and know the contents thereof.    The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On October 30, 2017, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**San Diego, California**
**Jacquelyne N. Mosley-Pastrana**

-8-

*Complaint ± DFEH No. 908509-321022*

Date Filed: October 30, 2017

EXHIBIT 5



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency        GOVERNOR EDMUND G. BROWN JR.
                                                                                          DIRECTOR KEVIN KISH

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 I TDD (800) 700-2320
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

December 22, 2017

Carney Shegerian
225 Santa Monica Boulevard, Ste. 700
Santa Monica, California 90401

RE:     **Notice to Complainant or Complainant's Attorney (Amended)**
        DFEH Matter Number: 908509-321022
        Right to Sue: Tipton / Airport Terminal Services, Inc. et al.

Dear Complainant or Complainant's Attorney:

Attached is a copy of your amended complaint of discrimination filed with the
Department of Fair Employment and Housing (DFEH) pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer.  You or your attorney must serve the complaint.  If you do not have an
attorney, you must serve the complaint yourself.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Jayme Tipton                                                    DFEH No. 908509-321022
C/o 225 Santa Monica Boulevard, Suite 700
Santa Monica, California 90401

vs.

Airport Terminal Services, Inc.
1 World Way
Los Angeles, California 90045

Edgar Trujillo, As an individual, Co-Respondent

Melisa Doe, As an individual, Co-Respondent

_____

1. Respondent **Airport Terminal Services, Inc.  is a Private Employer**  subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant alleges that on or about **May 9, 2017**, respondent took the following adverse actions:
**Complainant was harrassed** because of complainant's Family Care or Medical Leave (CFRA), Disability (physical or mental)
**Complainant was discriminated** because of complainant's Family Care or Medical Leave (CFRA), Disability (physical or mental) and as a result of discrimination was Terminated, Asked impermissible non-job-related questions, Denied a work environment free of discrimination and/or retaliation, Denied reasonable accommodation for a disability, Other
**Complainant experienced retaliation** because complainant Requested or used California Family Rights Act or FMLA, Requested or used a disability-related accommodation and as a result was Terminated, Asked impermissible non-job-related questions, Denied a work environment free of discrimination and/or retaliation, Denied reasonable accommodation for a disability.

-1-
*Complaint – DFEH No. 908509-321022*

Date Filed: December 22, 2017
Date Amended: December 22, 2017

3. Complainant **Jayme Tipton**, resides in the City of **Santa Monica** State of **California.**

**Additional Complaint Details:** Denied a work environment free of harassment;

*Complaint – DFEH No. 908509-321022*

Date Filed: December 22, 2017
Date Amended: December 22, 2017

VERIFICATION

I, **Jacquelyne N. Mosley-Pastrana**, am the **Authorized Representative** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On December 22, 2017, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**San Diego, California**

-3-
*Complaint – DFEH No. 908509-321022*

Date Filed: December 22, 2017
Date Amended: December 22, 2017

EXHIBIT 6

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.
                                                                                        DIRECTOR KEVIN KISH

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 I TDD (800) 700-2320
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

July 12, 2018

Carney Shegerian
225 Santa Monica Boulevard
Santa Monica, California 90401

RE:    **Notice to Complainant's Attorney**
       DFEH Matter Number: 908509-321022
       Right to Sue: Tipton / Airport Terminal Services, Inc.

Dear Carney Shegerian:

Attached is a copy of your **amended** complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.  You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original complaint.  This is not a new Right to Sue letter.  The original Notice of Case Closure and Right to Sue issued in this case remains the only such notice provided by the DFEH.  (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Jayme Tipton                                              DFEH No. 908509-321022

                                        Complainant,

vs.

Airport Terminal Services, Inc.
1 World Way
Los Angeles, CA 90045

Airport Terminal Services, Inc.
5777 Century Boulevard
Los Angeles, California 90045

Edgar Trujillo
1 World Way
Los Angeles, California 90045

Melisa Doe
1 World Way
Los Angeles, California 90045

                                        Respondents

_____

1. Respondent **Airport Terminal Services, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Jayme Tipton**, resides in the City of **Santa Monica** State of **California.**

3. Complainant alleges that on or about **May 9, 2017**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental).

-1-
*Complaint – DFEH No. 908509-321022*

Date Filed: December 22, 2017
Date Amended: July 12, 2018

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental) and as a result of the discrimination was terminated, asked impermissible non-job-related questions, denied a work environment free of discrimination and/or retaliation, denied reasonable accommodation for a disability, other.

**Complainant experienced retaliation** because complainant requested or used california family rights act or fmla, requested or used a disability-related accommodation and as a result was terminated, asked impermissible non-job-related questions, denied a work environment free of discrimination and/or retaliation, denied reasonable accommodation for a disability.

**Additional Complaint Details:** The facts include but are not limited to discrimination, harassment, and retaliation from management and coworkers on the basis of the following protected categories, which include but aren't limited to: disability discrimination. That, among other things, formed the underlying basis for complainant's termination and/or subjected complainant to additional adverse employment action.

Additional harms include but aren't limited to failure to prevent discrimination, harassment, and/or retaliation, denied a work environment free of harassment, failure to engage in an interactive process, failure to offer reasonable accommodations and retaliation for engaging in protected activity.

Date Filed: December 22, 2017
Date Amended: July 12, 2018

VERIFICATION

I, **April Macaraeg**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On July 12, 2018, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                                                    **Santa Monica, California**

Date Filed: December 22, 2017
Date Amended: July 12, 2018

**TIPTON v. ATS, et al.**                    **USDC Case No. 2:18-cv-09503-AB- JEM**

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 225 Santa Monica Boulevard, Suite 700, Santa Monica, California 90401.

On November 30, 2018, I served the foregoing document, described as **"DECLARATION OF CARNEY R. SHEGERIAN IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT (F.R.C.P. RULE 12(b)(6)),"** on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

**Aaron R. Lubeley, Esq.**
**Simon L. Yang, Esq.**
**Meagan Sue O'Dell, Esq.**
**SEYFARTH SHAW LLP**
**601 South Figueroa Street, Suite 3300**
**Los Angeles, California 90017-5793**

☒    **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒    **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 30, 2018, at Santa Monica, California.

_____
Jose Castro