Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Anthony Nguyen, Esq., State Bar No. 259154
ANguyen@Shegerianlaw.com
Aaron Gbewonyo, Esq., State Bar No. 315889
AGbewonyo@Shegerianlaw.com
SHEGERIAN & ASSOCIATES
225 Santa Monica Boulevard, Suite 700
Santa Monica, California 90401
Telephone Number:  (310) 860-0770
Facsimile Number:   (310) 860-0771

Attorneys for Plaintiff,
JAYME TIPTON

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JAYME TIPTON, | Case No.:  2:18-cv-09503-AB- JEM |
| | **The Honorable Andre Birotte, Jr.** |
| Plaintiff, | **PLAINTIFF JAYME TIPTON'S NOTICE OF MOTION AND MOTION FOR AN ORDER TO REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs. | |
| | (Filed concurrently with Declaration of Aaron Gbewonyo and Exhibits; [Proposed] Order) |
| AIRPORT TERMINAL SERVICES, INC., EDGAR TRUJILLO, MELISSA DOE, and DOES 1 to 100, inclusive, | Date:   January 11, 2019<br>Time:   10:00 a.m.<br>Ctrm.:  7B |
| Defendants. | Action Filed:  October 4. 2018 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 11, 2019, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Andre Birotte, Jr., in Courtroom 7B of this Court, at 312 North Spring Street, Los Angeles, California 90012, plaintiff, Jayme Tipton, will move for an order to remand her lawsuit against Airport Terminal Services, Inc., Edgar Trujillo, and Melissa Doe to state court, that the clerk of the court send a certified copy of the order to the clerk of the state court in which the action was originally filed, and that the Court award costs and fees to plaintiff in the amount of $2,280.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which conference took place on November 14, 2018.

This motion is made on the ground that defendants have not met their burden of proof of establishing sufficient grounds for removal to federal court on the basis of complete diversity jurisdiction.  This motion is supported by the attached Memorandum of Points and Authorities, the Declaration of Aaron Gbewonyo, all pleadings filed in this matter, and such other argument and evidence as this Court may consider at or before the hearing, if any, of this motion.


Dated:  November 30, 2018          SHEGERIAN & ASSOCIATES, INC.


                                   By: _____
                                       Aaron G. Gbewonyo, Esq.

                                   Attorneys for Plaintiff,
                                   JAYME TIPTON

---

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND

# TABLE OF CONTENTS

**Page**

1. INTRODUCTION ................................................................................. 1

2. PROCEDURAL HISTORY ................................................................. 3

3. RELEVANT FACTS .......................................................................... 4

4. ARGUMENT ...................................................................................... 4

   A. The Authority to Remand This Matter to State Court ...................... 4

   B. Defendants Fail to Satisfy *Their Heavy Burden* of Showing that Complete Diversity Existed at the Time of Removal. ............................... 5

      (1) Defendants' Initial Burden Is Strictly Construed. ...................... 5

      (2) Defendants Fail to Establish Under Their Heavy Burden that There Is Complete Diversity of Citizenship. ..................................... 6

      (3) Defendants Fail to Establish Under Their Heavy Burden that Either of the Individual Defendants Is a "Sham" Defendant. ...................... 7

         (a) Trujillo Is Not a "Sham" Defendant. ................................. 9

           i. Defendants Have Not Shown that Plaintiff Cannot Allege a Claim of Harassment Against Trujillo. ...................... 9

           ii. Defendants Have Not Shown that Plaintiff Cannot Allege a Claim of Intentional Infliction of Emotional Distress Against Trujillo. ................................................................... 10

         (b) The Other Individual Defendant Is Not a "Sham" Defendant. .............. 11

      (4) Defendants Have Failed to Meet Their Heavy Burden of Establishing that Plaintiff Cannot Amend Her Complaint to Recover Ultimately Against Either of the Individual Defendants. ................................. 11

      (5) Defendants Have Failed to Show that the Amount in Controversy Exceeds $75,000.00. ......................................................... 12

   C. Plaintiff Is Entitled to an Award of Her Actual Expenses, Including Reasonable Attorneys' Fees, Because of Defendants' Removal and Refusal to Agree to Remand. ............................................................... 13

5. CONCLUSION ................................................................................. 14

# TABLE OF AUTHORITIES

**Page**

## Cases

*Albi v. Street & Smith Publ'ns,* 140 F.2d 310 (9th Cir. 1944)............................8

*Archuleta v. American Airlines, Inc.* 2000 WL 656808 * 4 (C.D. Cal 2000) ...................................................................................................2

*Ballesteros v. Am. Standard Ins. Co. of Wis.,* 436 F.Supp.2d 1070 (D. Ariz. 2006) ..............................................................................2, 7

*Billmeyer v. Plaza Bank of Commerce,* 42 Cal.App.4th 1086 (1996)....................11

*Bradford v. Mitchell Bros. Truck Lines,* 217 F.Supp. 525 (N.D. Cal. 1963) ..................7

*Bromwell v. Michigan Mutual Ins.,* 115 F.3d 208 (3rd Cir. 1997)......................5

*Buckner v. FDIC,* 981 F.2d 816 (5th Cir. 1993) ........................................4

*California ex rel. Lockyer v. Dynergy, Inc.,* 375 F.3d 831 (9th Cir. 2004)......................6

*Carpenters Southern Ca. Admin. v. Majestic Housing,* 743 F.2d 1341 (9th Cir. 1984)...........................................................6

*Circle Industries USA, Inc. v. Parke Construction Group, Inc.,* 183 F.3d 105 (2nd Cir. 1999)...................................................13

*Davis v. Prentiss Props. Ltd.,* 66 F.Supp.2d 1112 (C.D. Cal. 1999)......................8

*Fisher v. San Pedro Peninsula Hospital,* 214 Cal.App.3d 590 (1989) ...................9

*Gaus v. Miles, Inc.,* 980 F.2d 564 (9th Cir. 1992) .................................1, 5, 12

Gays v. Miles, Inc, 98 F.2d 564 (9th Cir, 1992) .......................................2

*Gonzalez v. J.S. Paluch Co., Inc.,* No. CV 12-08696 DDP FMOX, 2013 U.S. Dist. LEXIS 2906 (C.D. Cal. Jan. 7, 2013)................................8

*Green v. Amerada Hess Corp.,* 707 F.2d 201 (5th Cir. 1983)......................8

*Hamilton Materials, Inc. v. Dow Chemical Corporation,* 494 F.3d 1203 (9th Cir. 2007)...................................................8

*Hartley v. CSX Transp. Inc.,* 187 F.2d 422 (4th Cir. 1999)......................8

*Hughes v. Pair,* 46 Cal.4th 1035 (2009) .............................................10

*International Primate Protection League v. Administrators of Tulane Educ. Fund,* 500 U.S. 72 (1991)................................................5

*Janken v. GM Hughes Elecs.,* 46 Cal.App.4th 55 (1996)..............................9

*Kanter v. Warner-Lambert Co.,* 265 F.3d 853 (9th Cir. 2001) ....................................... 1, 6

*Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088 (9th Cir. 1983) ................................ 6

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F.Supp.2d 993 (C.D. Cal. 2002) .......................................................................... 3, 12

*Kruso v. Int'l Tel. & Tel. Corp.,* 872 F.2d 1416 (9th Cir. 1989) .................................... 7

*Lewis v. Time, Inc.,* 83 FRD 455, 460 (E.D. Cal. 1979), *affirmed* (9th Cir. 1983) ........................................................................................................... 6

Liberman v. Meshkin, Mazandarain, 1996 WL 732596, *3 (N.D. Cal 1996) ............................................................................................................ 2

*Martin v. Franklin Capital Corp.,* 546 U.S. 132 (2005) .................................................. 13

*Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089 (9th Cir. 2003) .................. 12

*McCabe v. General Foods Corp.,* 811 F.2d 1336 (9th Cir. 1987) .................................... 8

*Michandani v. BMO Harris Bank NA,* No. CV-11-2286-PHX-GMS, 2011 U.S. Dist. LEXIS 139917 (D. Ariz. Dec. 5, 2011) ............................................... 8

*Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443 (9th Cir. 1992) ..................... 13

*Moore-Thomas v. Alaska Airlines, Inc.,* 553 F.3d 1241 (9th Cir. 2009) ........................ 1, 5

*Murphy v. Allstate Ins. Co.,* 83 Cal.App.3d 38 (1978) .................................................. 11

*Padilla v. AT&T Corp.,* 697 F.Supp.2d 1156 (C.D. Cal. 2009) .............................. passim

*Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459 (2nd Cir. 1998) .................................. 8

*Plute v. Roadway Package Sys., Inc.,* 141 F.Supp.2d 1005 (N.D. Cal. 2001) ........................................................................................................... 2, 7

*Prize Frize, Inc. v. Matrix (U.S.) Inc.,* 167 F.3d 1261 (9th Cir. 1999) .......................... 1, 5

*Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313 (9th Cir. 1998) ...................................... 2, 11

*Roby v. McKesson Corp.,* 47 Cal.4th 686 (2009) .......................................................... 10

*Shamrock Oil Corp v. Sheets,* 313 U.S. 100 (1941) ....................................................... 5

*Spencer v. United States Dist. Ct. for Northern Dist. of Calif. (Altec Industries, Inc.),* 393 F.3d 867 (9th Cir. 2004) ................................................... 6

**Statutes**

28 United States Code § 1332 ....................................................................................... 5, 7

28 United States Code § 1441 ................................................................................. 4, 5, 6

28 United States Code § 1447(c) .............................................................................. passim

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND

Government Code §§ 12900-12996.......................................................................... 3, 9

**Rules**

Federal Rules of Civil Procedure, Rule 12(b)(6) .......................................... 8, 14

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Plaintiff, Jayme Tipton ("plaintiff" or "Tipton"), properly filed this lawsuit in the Superior Court of California.  After receiving notice of removal to the federal district court by defendants Airport Terminal Services, Inc. ("ATS") (the "entity defendant"), Edgar Trujillo ("Trujillo") and Melissa Doe ("Doe") (collectively the "individual defendants"), (entity defendants and individual defendants collectively "defendants"), on wholly improper grounds, plaintiff now moves this Court for an order directing that this action be remanded to state court because diversity jurisdiction indisputably does not exist, and therefore this Court lacks jurisdiction to hear this case.

The party seeking removal has the burden of establishing federal jurisdiction, and the removal statute is strictly construed against removal.  *Prize Frize, Inc. v. Matrix (U.S.) Inc.,* 167 F.3d 1261, 1265 (9th Cir. 1999); *Moore-Thomas v. Alaska Airlines, Inc.,* 553 F.3d 1241, 1243 (9th Cir. 2009).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992); *Moore-Thomas* at 1243.  Defendants have wholly failed to meet their high burden for removal of this matter, requiring that jursidiction be rejected, for the following reasons.

***First,*** as the removing parties on diversity grounds, defendants have the *burden of proof* of showing the necessary elements of federal diversity court jurisdiction.  *Gaus* at 566.  Defendants first fail to come close to meeting this burden by failing to establish citizenship for diversity purposes.  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  *See Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.*  Here, as defendants will not be able to dispute, the Complaint alleges only plaintiff's residence.  Because the only support for defendants' allegation of plaintiff's citizenship is an allegation of residence and because residence is not the same as citizenship, the Notice of

Removal's allegations are insufficient to establish plaintiff's citizenship.

**Second,** even if defendants have established the domiciles of the parties at issue, there is no proper legal basis for removal because there is not complete diversity, inasmuch as plaintiff, Trujillo, and Doe are all Californians. (*See* Complaint, ¶¶ 1-2.)

**Third,** defendants cannot circumvent the fact that Trujillo and Doe, along with plaintiff, are from the same state, despite any contention that either of the individual defendants is a fraudulently joined or sham defendant. This is a difficult task, as "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion," with any doubt resolved in favor of retention of the case in state court. *Plute v. Roadway Package Sys., Inc.,* 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001); *Ballesteros v. Am. Standard Ins. Co. of Wis.,* 436 F.Supp.2d 1070, 1072 (D. Ariz. 2006). Here, defendant Trujillo clearly is not a sham defendant, as Trujillo and Doe engaged in actions that resulted in the emotional distress of Plaintiff. In determining whether a defendant was joined fraudulently, the courts must resolve "All disputed questions of fact and all ambiguities in the controlling state law in favor of remand [citation], and a lack of clear precedent does not render joinder fraudulent." Archuleta v. American Airlines, Inc. 2000 WL 656808 * 4 (C.D. Cal 2000) (citing Gays v. Miles, Inc, 98 F.2d 564,566-67 (9th Cir, 1992), and Liberman v. Meshkin, Mazandarain, 1996 WL 732596, *3 (N.D. Cal 1996)). The court may look beyond the pleadings and consider affidavits or other evidence to determine if the joinder is sham facts show that defendant, Trujillo made comments and engaged in actions that resulted in the intentional infliction of emotional distress of plaintiff. Additional facts as to the other individual defendant also cut against removal.

**Fourth,** defendants have failed to establish that plaintiff cannot amend her Complaint to recover ultimately against Trujillo or Doe. *See Padilla v. AT&T Corp.,* 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009). The requirement is that defendants "must have the opportunity to show that the individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998).

*Fifth,* defendants have failed to establish that the amount in controversy exceeds $75,000.00 by failing to provide summary judgment type evidence required to prove that the amount in controversy exceeds the jursidictional minimum. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002).

Accordingly, for the aforementioned reasons and as is further discussed below, plaintiff respectfully requests that this case be remanded and that the clerk of the court send a certified copy of the order to the clerk of the state court in which the action was originally filed. Plaintiff also respectfully requests that the Court issue an award of costs and fees in the amount of $2,280 for plaintiff's having to prepare and bring this Motion to Remand, despite efforts to meet and confer about the improper basis for defendants' removal.

## 2. PROCEDURAL HISTORY

Plaintiff filed the instant action in Los Angeles County Superior Court on October 4, 2018, alleging only state law claims therein. The Complaint includes claims for (1) violation of the Fair Employment and Housing Act ("FEHA") (Government Code §§ 12900, *et seq.*; 12945.2) (Discrimination and retaliation on the basis of disability; failure to accommodate a disability; failure to engage in the interactive process; failure to prevent discrimination, harassment, and retaliation; violation of the California Family Rights Act (CFRA); (2) breach of express oral contract not to terminate employment without good cause; (3) breach of implied-in-fact contract not to terminate employment without good cause; (4) negligent hiring, supervision, and retention; (5) wrongful termination of employment in violation of public policy; and (6) intentional infliction of emotional distress.

The named defendants in this case are ATS, Trujillo, and Doe. All claims are alleged against ATS, while only claims for harassment and intentional infliction of emotional distress are alleged against the individual defendants.

Defendants filed a "Notice of Removal" with this Court on November 8, 2018.

///

## 3.  RELEVANT FACTS

Plaintiff and both of the individual defendants are alleged to be "residents" of Los Angeles, California.  (Complaint, ¶¶ 1-2.)[1]  Both individual defendants are alleged to be supervisors.  (Complaint, ¶ 2.)

In March of 2017, plaintiff Tipton sustained a tear in her rotator cuff while she was at work. (Complaint, ¶ 11(a).) On or around April 11, 2017, plaintiff went to see a doctor, was diagnosed with a tear in her rotator cuff, and placed on a medical leave until April 19, 2017. Plaintiff immediately provided her doctor's note to her supervisor, Edgar Trujillo ("Trujillo") and verbally informed Damian Neri ("Neri") the same day. (Complaint, ¶ 11(c).)

Her doctor placed her on leave until April 19, 2017, then extended plaintiff's leave until May 15, 2017. (Complaint, ¶ 11(c).)

Defendants Trujillo and others began to contact Plaintiff and ask her non-job-related questions while on leave. (Gbewonyo Dec., Exh. 5.)

On approximately May 8, 2017, ATS's human resources representative, Shonta Henderson ("Henderson"), informed plaintiff by telephone that ATS needed to fill her position, and requested that she resign. (Complaint, ¶ 12.) In response, plaintiff informed Henderson that she would not resign, because she intended to return to work soon.  ATS then sent plaintiff her final paycheck and a letter of termination. *Id*.

## 4.  ARGUMENT

### A.  The Authority to Remand This Matter to State Court

A case filed in state court may be removed to federal court if the federal court would have original jurisdiction over it.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court *if the federal court lacks subject matter jurisdiction or if there is "any defect in the removal procedure."*  28 U.S.C. § 1447(c); *see also Buckner v. FDIC,* 981 F.2d 816, 820 (5th Cir. 1993).  **The party seeking removal has the burden**

---

[1]  The Complaint is attached as Exhibit ("Exh.") 1 to the Declaration of Aaron Gbewonyo ("Gbewonyo, Decl.").

*of establishing federal jurisdiction, and the removal statute is strictly construed against removal. Prize Frize, supra,* 167 F.3d at 1265; *Moore-Thomas, supra,* 553 F.3d at 1243. *"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus, supra,* 980 F.2d at 566; *Moore-Thomas* at 1243. A federal court's jurisdiction under the removal statutes constitutes an infringement upon state sovereignty. *Shamrock Oil Corp v. Sheets,* 313 U.S. 100, 108-109 (1941). The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus, supra,* 980 F.2d at 566.

If a federal court lacks subject jursidiction over a particular action, the plain language of 28 U.S.C. section 1447(c) mandates that the matter be remanded to the state court from which it was removed, setting forth in pertinent part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The language of this section is mandatory; once the federal court determines that it lacks jursidiction, it must remand the case to the appropriate state court. *Bromwell v. Michigan Mutual Ins.,* 115 F.3d 208, 213 (3rd Cir. 1997); *International Primate Protection League v. Administrators of Tulane Educ. Fund,* 500 U.S. 72, 87 (1991). A motion for remand also lies to challenge procedural defects. 28 U.S.C. § 1447(c).

## B. Defendants Fail to Satisfy *Their Heavy Burden* of Showing that Complete Diversity Existed at the Time of Removal.

### (1) Defendants' Initial Burden Is Strictly Construed.

As the removing parties, defendants have the *burden of proof* of showing the necessary elements of federal diversity court jurisdiction. *Gaus,* 980 F.2d at 566. Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. If a citizen who shares citizenship of the state of any plaintiff is a proper plarty to the action, there is no dviersity, and the district court lacks subject jursidiction under 28 U.S.C. section 1332, defeating defendants' petition for removal. *See* 28 U.S.C. § 1441. Even if there is

complete diversity, removal is allowed only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b); *Spencer v. United States Dist. Ct. for Northern Dist. of Calif. (Altec Industries, Inc.),* 393 F.3d 867, 870 (9th Cir. 2004).

Additionally, the party seeking removal not only must establish grounds for federal jurisdiction, but bears the burden of establishing that it has complied with the procedural requirements to remove the case from state court. *California ex rel. Lockyer v. Dynergy, Inc.,* 375 F.3d 831, 838 (9th Cir. 2004). This includes the removing defendant's proving that the non-diverse defendant is a "sham." *Lewis v. Time, Inc.,* 83 FRD 455, 460 (E.D. Cal. 1979), *affirmed* (9th Cir. 1983).

Placing such a strict burden on the party seeking removal reflects the notion that a plaintiff should be free to decide what law he or she will rely on. *Carpenters Southern Ca. Admin. v. Majestic Housing,* 743 F.2d 1341, 1343-1344 (9th Cir. 1984).

### (2) Defendants Fail to Establish Under Their Heavy Burden that There Is Complete Diversity of Citizenship.

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *See Kanter v. Warner-Lambert, supra,* 265 F.3d at 857. ***"A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."*** *Id.*

Here, as defendants will not be able to dispute, the Complaint alleges only plaintiff's residence. Because the only support for defendants' allegation of plaintiff's citizenship is an allegation of residence and because residence is not the same as citizenship, the Notice of Removal's allegations are insufficient to establish plaintiff's citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter,* 265 F.3d at 857; *Bradford v. Mitchell Bros. Truck Lines,* 217 F.Supp. 525, 527 (N.D. Cal.

1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient").  Defendants do not provide any basis, let alone any citation or reference, for alleging, "Plaintiff is a resident and citizen of the state of California."  (*See* Notice of Removal, ¶ 15.)  Defendants did not even bother to offer evidence in the form of declaration testimony that establishes where either of the individual defendants is domiciled.

Alternatively, assuming that defendants have met their burden of establishing the domiciles of the parties at issue, they still lack a proper legal basis for removal because there is not complete diversity, inasmuch as plaintiff, Trujillo, and Doe are all Californians.  (*See* Complaint, ¶ 2.)

### (3)  Defendants Fail to Establish Under Their Heavy Burden that Either of the Individual Defendants Is a "Sham" Defendant.

Defendants contend that their removal is proper because complete diversity alleged-ly exists under 28 U.S.C. section 1332, as Trujillo and Doe are sham defendants. Typically, "removal is proper despite the presence of a non-diverse defendant where that defendant is a fraudulently joined or sham defendant."  *Padilla, supra,* 697 F.Supp.2d at 1159.  The Ninth Circuit considers a non-diverse defendant a sham defendant if, after all questions of facts and ambiguities in state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is being questioned. *Kruso v. Int'l Tel. & Tel. Corp.,* 872 F.2d 1416, 1426 (9th Cir. 1989).

This is a difficult task, as "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion."  *Plute, supra,* 141 F.Supp.2d at 1008.  Indeed, "a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Padilla,* 697 F.Supp.2d at 1159.  Otherwise, even "where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the case in state court."  *Ballesteros, supra,* 436

F.Supp.2d at 1072, *quoting Albi v. Street & Smith Publ'ns,* 140 F.2d 310, 312 (9th Cir. 1944).  Merely a "'glimmer of hope' that plaintiff can establish [a] claim is sufficient to preclude application of fraudulent joinder doctrine."  *Michandani v. BMO Harris Bank NA,* No. CV-11-2286-PHX-GMS, 2011 U.S. Dist. LEXIS 139917, *8 (D. Ariz. Dec. 5, 2011).  In fact, "a federal court's fraudulent-joinder consideration should be akin to an application of Rule 11."  *Davis v. Prentiss Props. Ltd.,* 66 F.Supp.2d 1112, 1114 (C.D. Cal. 1999).

Deciding whether a defendant is fraudulently joined requires a court to "walk a very fine line:  it must consider the merits of a matter without assuming jurisdiction over it."  *Davis* at 1114.  To show "fraudulent joinder," the removing defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings or that on the basis of the pleadings there is no possibility that the plaintiff can state a cause of action against the non-diverse defendant in state court.  *Hamilton Materials, Inc. v. Dow Chemical Corporation,* 494 F.3d 1203, 1206 (9th Cir. 2007); *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987); *Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459, 461 (2nd Cir. 1998).  "Accordingly, in order to decide whether plaintiff fraudulently joined [defendant] the Court must examine plaintiff's claim against her, although the analysis is not as searching as would be appropriate for a Rule 12(b)(6) motion to dismiss."  *Gonzalez v. J.S. Paluch Co., Inc.,* No. CV 12-08696 DDP FMOX, 2013 U.S. Dist. LEXIS 2906, *12 (C.D. Cal. Jan. 7, 2013) (applying the above fraudulent joinder standard).  Conversely, the plaintiff's burden is lighter than the defendant's, as even a "slight" possibility of recovery will defeat a defendant's claim of fraudulent joinder.  *Hartley v. CSX Transp. Inc.,* 187 F.2d 422, 426 (4th Cir. 1999).

A court cannot pre-try substantive factual issues in order to answer discrete threshold questions of whether the joinder of an in-state defendant is fraudulent.  The only issue the court should address is that of its own jurisdiction.  *Green v. Amerada Hess Corp.,* 707 F.2d 201, 204 (5th Cir. 1983).

**(a)  Trujillo Is Not a "Sham" Defendant.**

**i.  Defendants Have Not Shown that Plaintiff Cannot Allege a Claim of Harassment Against Trujillo.**

California Government Code section 12940(j)(1) provides that it is an unlawful employment practice for "an employer . . . or any other person, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation, to harass an employee . . ."

The elements of a *prima facie* case of harassment are as follows:  (1) plaintiff belongs to a protected group, (2) plaintiff was subjected to unwelcome harassment, (3) the harassment was based on plaintiff's protected group, (4) the harassment was sufficiently pervasive to alter the conditions of employment and create an abusive working environment, and, for entity defendants, (5) a supervisor engaged in the conduct, or the entity defendant or its supervisors or agents knew or should have known of the conduct and failed to take immediate and appropriate corrective action.  *Fisher v. San Pedro Peninsula Hospital,* 214 Cal.App.3d 590, 608 (1989).

Trujillo is alleged to have harassed plaintiff under FEHA and, on the basis of the facts at hand, certainly is not a "sham" defendant for purposes of such a claim.

Trujillo subjected plaintiff to harassment, and engaged in intentional actions with the intent of causing plaintiff to experience emotional distress.  (Complaint, ¶¶ 49-54)).

Even Trujillo's actions that did not directly involve overt comments are sufficient to support a harassment claim under FEHA.  For such a claim, plaintiff must allege conduct "not necessary for performance of a supervisory job" that is "outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives."  *Janken v. GM Hughes Elecs.,* 46 Cal.App.4th 55, 63 (1996).  In *Padilla,* the court remanded for lack of complete diversity a case involving harassment, retaliation, wrongful employment termination, and intentional infliction of emotional distress, finding that the individual

defendant who destroyed diversity was not a sham defendant. *Padilla,* 697 F.Supp.2d at 1158. The *Padilla* court found that the individual defendants' conduct of "intentionally issuing false write-ups claiming that Plaintiff had engaged in falsifying documents and stealing time, ultimately leading to Plaintiff [sic] termination," was harassing conduct. *Id.* at 1159. Additionally, *Roby v. McKesson Corp.,* 47 Cal.4th 686 (2009), held that "management" activity could be actionable as harassment if it sent the employee a discriminatory message (*e.g.,* that her disability was unwelcome in the work place).

However, unlike the plaintiff in *Padilla,* defendant's harassment of plaintiff is clear, where defendant Trujillo, while Plaintiff was on leave, continued to contact and ask her non-job-related questions, exemplifying the type of conduct that the court in *Padilla* found harassing. (Gbewonyo Dec., Exh. 5.) Analogizing the present case with *Padilla,* asking plaintiff non-job related questions while on leave, similar to using fake write-ups, is harassing conduct that falls outside the scope of necessary job performance, and therefore is conduct presumably engaged in for personal gratification or motive, and is sufficient to state a harassment claim. Such conduct, as was also clarified in *Roby,* establishes that even "management" activity can be construed as harassing conduct.

### ii. Defendants Have Not Shown that Plaintiff Cannot Allege a Claim of Intentional Infliction of Emotional Distress Against Trujillo.

A cause of action for intentional infliction of emotional distress exists when there is

> (1) [E]xtreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. A defendant's conduct is "outrageous" when it is so "extreme as to exceed all bounds of that usually tolerated in a civilized community." And the defendant's conduct must be "intended to inflict injury or engaged in with the realization that injury will result."

*Hughes v. Pair,* 46 Cal.4th 1035, 1050-1051 (2009).

Plaintiff alleges that Trujillo acted intentionally, in concert with all of the other defendants, to cause plaintiff's emotional distress. The Complaint alleges that conduct

to which Trujillo and the other defendants subjected plaintiff to support the "outrageous conduct" element of this claim, as was discussed above in the analysis of the harassment claim.  In addition to alleging "harassment" on the bases of her disability, plaintiff alleges that Trujillo treated her differently after she was injured and required medical leave, all in connection to Trujillo's position to damage plaintiff's interest.

Additionally, the question of whether this conduct is outrageous is firmly a question for the jury, not for the court at the pleading stage.  *Murphy v. Allstate Ins. Co.,* 83 Cal.App.3d 38, 51 (1978); *Billmeyer v. Plaza Bank of Commerce,* 42 Cal.App.4th 1086, 1097 (1996).  Therefore, plaintiff's intentional infliction of emotional distress claim is actionable against Trujillo, and the Court should grant plaintiff's motion because Trujillo destroys complete diversity of parties.

### (b)  The Other Individual Defendant Is Not a "Sham" Defendant.

The other individual defendant, Melissa Doe ("Doe"), also is alleged to have engaged in harassing and outrageous conduct, similar to Trujillo's, which supports plaintiff's harassment and intentional infliction of emotional distress claims.

Specifically, Doe was involved in the same harassing behavior as Trujillo, of asking non-job-related questions.  (Gbewonyo Dec. Exh. 5.)

The above conduct was committed despite the individual defendants' awareness that they were intentionally treating plaintiff in a manner that deprived her of her livelihood while she was suffering from a disability and that would devastate her and cause her extreme hardship.  (Complaint, ¶¶ 51-54.)

### (4)  Defendants Have Failed to Meet Their Heavy Burden of Establishing that Plaintiff Cannot Amend Her Complaint to Recover Ultimately Against Either of the Individual Defendants.

Additionally, defendants have failed to establish that plaintiff cannot amend her Complaint to recover ultimately against Trujillo or Doe.  *See Padilla,* 697 F.Supp. at 1159.  The requirement is that defendants "must have the opportunity to show that the individuals joined in the action cannot be liable on any theory."  *Ritchey, supra,* 139 F.3d

at 1318. This approach is considered reasonable and necessary, given the strong presumption against removal jurisdiction and California state court practice of broadly pleading and amending. *Padilla* at 1159. It is clear that, at the very least, like the individual defendant in *Padilla,* Trujillo "played an integral role in plaintiff's termination." *Id.*

Alternatively, should this Court find plaintiff's operative Complaint in need of additional factual allegations, plaintiff can cure the Complaint by amending, an option that defendants have not even attempted to establish is not an option. Defendants have a heavy burden of showing that plaintiff cannot amend her Complaint to recover ultimately against the individual defendants. *Padilla* at 1159. This standard is reasonable and necessary, given the strong presumption against removal jurisdiction and California state court practice of broadly pleading and amending. *Id.* at 1159. Defendants have failed to meet this heavy burden.

### (5) Defendants Have Failed to Show that the Amount in Controversy Exceeds $75,000.00.

Defendants also fail to establish that the amount in controversy exceeds $75,000.00. When an action has been removed and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. *Gaus, supra,* 980 F.2d at 566. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).

Here, the amount in controversy is unclear from the face of the Complaint, other than that the amount demanded exceeds $25,000.00. (*See* Complaint, 54:12-13.) "If the amount in controversy is not clear on the face of the complaint, . . . defendant must submit summary-judgment type evidence to establish that the actual amount in controversy exceeds $75,000." *Kenneth Rothschild Trust, supra,* 199 F.Supp.2d at 1001.

Defendants have provided no such evidence in support of their Notice of Removal, instead contending that plaintiff's hourly rate was $16.73, and her overtime rate of pay was $25.095. Further, Defendants claim that Plaintiff worked part-time averaging 31.55 regular hours and 1.25 overtime hours per week. Moreover, Defendants assert that Plaintiff alleged lost wages from the date she alleges she was terminated, May 8, 2017, through the date of judgment (assuming judgment is entered one day from the date of filing of this lawsuit), based on her hourly rate of pay totals approximately $70,460.00, and that plaintiff is seeking lost past and future wages, other general and compensatory damages, emotional distress damages, and punitive damages; they provide no actual summary judgment type of evidence to demonstrate that the amount in controversy actually exceeds the jurisdictional minimum.   (*See* Notice of Removal, 45:9-46:20.) Thus, defendants are unable to satisfy the $75,000 requirement for diversity purposes.

### C.   Plaintiff Is Entitled to an Award of Her Actual Expenses, Including Reasonable Attorneys' Fees, Because of Defendants' Removal and Refusal to Agree to Remand.

28 U.S.C. section 1447(c) provides in relevant part:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal.

The statutory purpose of such an award of costs and attorneys' fees is to avoid the possibility of abuse, unnecessary expense, and harassment if a party removes a case improperly.  *Circle Industries USA, Inc. v. Parke Construction Group, Inc.,* 183 F.3d 105, 109 (2nd Cir. 1999).  While an award of costs and fees under 28 U.S.C. section 1447(c) is not mandatory, such an award does not require a showing of bad faith.  *Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443, 448 (9th Cir. 1992).  "Absent unusual circumstances, courts may award attorney's fees under section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).

Here, defendants have no objectively reasonable basis for seeking removal.  The facts in the Complaint clearly establish that Trujillo and Doe shared the same state of residence as plaintiff.  Furthermore, as was discussed above, there is absolutely no reasonable basis on which to contend that either of the individual defendants, particularly Trujillo, was a "sham" defendant.  Defendants fail to meet their high burden and should reimburse plaintiff for the costs and fees associated with this motion, all of which could have been avoided.

It is clear that defendants' removal of this case to federal court is a classic example of forum shopping, without support in law or fact.  On November 14, 2018, plaintiff initially met and conferred telephonically with counsel for defendants about the filing of a Rule 12(b)(6) motion, and at that time plaintiff indicated that she would seek to remand this matter to state court (Gbewonyo Decl., ¶ 6, 8.)  Plaintiff followed up this request on November 14, 2018 with an email November 20, 2018, by letter.  (Gbewonyo Decl., Exh. 3.)  No agreement was reached to resolve this matter, and thus plaintiff was forced to file the instant motion.  (Gbewonyo Decl., ¶¶ 5-8.)

Defendants' subsequent failure to stipulate to remand this case to state court has resulted in this Motion to Remand, which plaintiff has incurred $1,425 in attorneys' fees to research and prepare.  Plaintiff anticipates incurring an additional $855 in preparing any reply and appearing at the hearing on this motion.  (Gbewonyo Decl., ¶ 4.) Accordingly, plaintiff respectfully requests that the Court award her attorneys' fees in the total amount of $2,280 that were incurred because of defendants' improper removal under 28 U.S.C. section 1447(c).

## 5.  CONCLUSION

Neither the "four corners" of the Complaint nor the Notice of Removal contains sufficient allegations or evidence to establish federal diversity court jurisdiction.  This, along with defendants' complete failure to meet their heavy burden of establishing a proper basis for removal and the understanding that "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance" and that, for

purposes of establishing a "sham" defendant, all questions of facts and ambiguities are resolved in favor of plaintiff, it is clear that defendants' removal was wholly improper and that remanding this matter to state court is necessary.   Accordingly, plaintiff respectfully requests that this Court remand this matter to state court and award her attorneys' fees in the total amount of $2,280 that were incurred because of defendants' improper removal under 28 U.S.C. section 1447(c).

Dated:  November 30, 2018          SHEGERIAN & ASSOCIATES, INC.


                              By: _____
                                   Aaron G. Gbewonyo, Esq.

                                   Attorneys for Plaintiff,
                                   JAYME TIPTON

**TIPTON v. ATS, et al.**                    **USDC Case No. 2:18-cv-9503 AB (JEMx)**

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 225 Santa Monica Boulevard, Suite 700, Santa Monica, California 90401.

On November 30, 2018, I served the foregoing document, described as **"PLAINTIFF JAYME TIPTON'S NOTICE OF MOTION AND MOTION FOR AN ORDER TO REMAND TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES,"** on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

**Aaron R. Lubeley, Esq.**
**Simon L. Yang, Esq.**
**Meagan Sue O'Dell, Esq.**
**SEYFARTH SHAW LLP**
**601 South Figueroa Street, Suite 3300**
**Los Angeles, California 90017-5793**

☒      **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒      **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 30, 2018, at Santa Monica, California.

_____
Jose Castro