Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Anthony Nguyen, Esq., State Bar No. 259154
ANguyen@Shegerianlaw.com
Aaron Gbewonyo, Esq., State Bar No. 315889
AGbewonyo@Shegerianlaw.com
SHEGERIAN & ASSOCIATES
225 Santa Monica Boulevard, Suite 700
Santa Monica, California 90401
Telephone Number:  (310) 860-0770
Facsimile Number:   (310) 860-0771

Attorneys for Plaintiff,
JAYME TIPTON

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JAYME TIPTON, | Case No.:  2:18-cv-09503-AB- JEM |
| | **The Honorable Andre Birotte, Jr.** |
| Plaintiff, | **DECLARATION OF AARON GBEWONYO, ESQ., IN SUPPORT OF PLAINTIFF JAYME TIPTON'S MOTION FOR AN ORDER TO REMAND TO STATE COURT** |
| vs. | (Filed concurrently with Memorandum of Points and Authorities; [Proposed] Order) |
| AIRPORT TERMINAL SERVICES, INC., EDGAR TRUJILLO, MELISSA DOE, and DOES 1 to 100, inclusive, | Date:    January 11, 2019
Time:   10:00 a.m.
Ctrm.:  7B |
| Defendants. | Action Filed:  October 4, 2018
Removal:      November 8. 2018 |

# DECLARATION OF AARON GBEWONYO

I, Aaron Gbewonyo, declare as follows:

1.  I am an attorney at law, duly authorized to practice law before all of the courts of the State of California and this honorable Court.  I am an attorney of record for plaintiff, Jayme Tipton, in this case.  I am familiar with the files, pleadings, and facts in this case and could and would competently testify to the following facts on the basis of my own personal knowledge.

2.  I have been practicing labor and employment law exclusively since 2018.  I primarily litigate wrongful termination of employment and discrimination cases in both state and federal court, including cases based upon violations of FEHA, Title VII, CFRA, and FMLA, as well as violations of the California Labor Code.

3.  My hourly rate, as of the present is $400.00.

4.  This motion is made following the conference of counsel pursuant to Local Rule 7-3, which initially took place on November 14, 2018, telephonically, as well as via email on on November 14, 2018, followed by a letter which was sent to defense counsel on November 21, 2018, and a final telephonic conference on November 27, 2018.

5.  I was initially contacted by defendants' counsel Meagen O'Dell, Esq., on November 14, 2018, regarding the proposed Motion to Dismiss of the individual defendants and claims.  During the phone conversation, I informed Ms. O'Dell that plaintiff would not agree to dismiss the individual all defendants, but would agree to dismiss the Doe defendant in exchange for adding a third defendant that harassed plaintiff. Although a stipulation was discussed, defense counsel was not agreeable to all the terms, and subsequently filed the notice of removal, which I informed defense counsel that my office expected to file a motion to remand, to which I understood there would be opposition.

6.  I then contacted defendants' counsel, Seyfarth Shaw, by letter on November 21, 2018, and informed counsel for defendants of the specific grounds in support of

---

DECLARATION OF AARON GBEWONYO IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

plaintiff's intended motion. My office attempted to follow up on this letter with a phone call made to Meagen O'Dell on November 27, 2018, when I explained plaintiff's motion and the grounds supporting it.

7. After meeting and conferring with defense counsel regarding plaintiff's intent to remand the case to state court, defendants did not agree, and plaintiff was left with no choice but to file this Motion to Remand.

8. I have spent approximately 5 hours in researching, preparing, and drafting this motion. I anticipate that it will take me an additional three hours to prepare a reply and to appear at the hearing on this motion.

9. Filed concurrently as **Exhibit 1** is a true and correct copy of plaintiff's operative Complaint.

10. Filed concurrently as **Exhibit 2** is a true and correct copy of plaintiff's meet and confer email regarding a possible stipulation between the parties.

11. Filed concurrently as **Exhibit 3** is a true and correct copy of plaintiff's meet and confer letter dated November 21, 2018, to Meagan Dell, Simon Yang, and Aaron Lubeley, counsel for defendants, sent by facsimile and U.S. mail.

12. Attached here to as **Exhibit 4** is a true and correct copy of Plaintiff's Department of Fair Employment and Housing Charge and Right to Sue, dated October 30, 2017.

13. Attached here to as **Exhibit 5** is a true and correct copy of Plaintiff's first amended Department of Fair Employment and Housing Charge and Right to Sue, dated December 22, 2017.

14. Attached here to as **Exhibit 6** is a true and correct copy of Plaintiff's second amended Department of Fair Employment and Housing Charge and Right to Sue, dated July 12, 2018.

I declare, under penalty of perjury under the laws of the State of California and the United States of America, that the foregoing is true and correct.

///

Executed on this 30th day of November, 2018, at Santa Monica, California.

_____

Aaron Gbewonyo, Esq.

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND

# EXHIBIT 1

1  Carney R. Shegerian, Esq., State Bar No. 150461
   CShegerian@Shegerianlaw.com
2  Anthony Nguyen, Esq., State Bar No. 259154
   ANguyen@Shegerianlaw.com
3  Aaron Gbewonyo, Esq, State Bar No. 315889
   AGbewonyo@Shegerianlaw.com
4  SHEGERIAN & ASSOCIATES, INC.
   225 Santa Monica Boulevard, Suite 700
5  Santa Monica, California 90401
   Telephone Number:  (310) 860-0770
6  Facsimile Number:   (310) 860-0771

7  Attorneys for Plaintiff,
   JAYME TIPTON

8

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT - 4 2018

Sherri R. Carter, Executive Officer/Clerk

By Nancy Alvarez, Deputy

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10       **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

11

12  JAYME TIPTON,                          )   Case No.:   BC 7 2 4 2 6 0
                                           )
13          Plaintiff,                     )   **PLAINTIFF JAYME TIPTON'S**
                                           )   **COMPLAINT FOR DAMAGES FOR:**
14  vs.                                    )
                                           )   **(1) VIOLATION OF FEHA;**
15  AIRPORT TERMINAL SERVICES,             )
    INC., EDGAR TRUJILLO,                  )   **(2) BREACH OF EXPRESS ORAL**
16  MELISSA DOE, and DOES 1 to 100,        )       **CONTRACT NOT TO TERMINATE**
    inclusive,                             )       **EMPLOYMENT WITHOUT GOOD**
17                                         )       **CAUSE;**
            Defendants.                    )
18                                         )   **(3) BREACH OF IMPLIED-IN-FACT**
                                           )       **CONTRACT NOT TO TERMINATE**
19                                         )       **EMPLOYMENT WITHOUT GOOD**
                                           )       **CAUSE;**
20                                         )
                                           )   **(4) NEGLIGENT HIRING,**
21                                         )       **SUPERVISION, AND RETENTION;**
                                           )
22                                         )   **(5) WRONGFUL TERMINATION OF**
                                           )       **EMPLOYMENT IN VIOLATION**
23                                         )       **OF PUBLIC POLICY;**
                                           )
24                                         )   **(6) INTENTIONAL INFLICTION OF**
                                           )       **EMOTIONAL DISTRESS;**
25                                         )
                                           )   **DEMAND FOR JURY TRIAL**
26  _____       )

27

28

_____
                    PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff, Jayme Tipton, alleges, on the basis of personal knowledge and/or information and belief:

## SUMMARY

This is an action by plaintiff, Jayme Tipton ("Plaintiff" or "Tipton"), whose employment with defendant Airport Terminal Services, Inc. was wrongfully terminated. Plaintiff brings this action against defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b) and Code of Civil Procedure section 1021.5.

## PARTIES

1. *Plaintiff:*  Plaintiff Tipton is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, California.

2. *Defendants:*   Defendant Airport Terminal Services ("Airport Services" or "Entity Defendant") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles. Entity Defendant's place of business, where the following causes of action took place, was and is in the County of Los Angeles, at 1 World Way, Los Angeles, California 90045. Defendant Edgar Trujillo ("Defendant" or "Trujillo") is, and at all times mentioned in this Complaint was, a supervisor with Entity Defendant.  Defendant Trujillo is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California.  Defendant Melissa Doe ("Defendant" or "Melissa") is, and at all times mentioned in this Complaint was, a supervisor with Entity Defendant.  Defendant Melissa is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California.

3. *Doe defendants:*  Defendants Does 1 to 100, inclusive, are sued under fictitious

PLAINTIFF'S COMPLAINT FOR DAMAGES

names pursuant to Code of Civil Procedure section 474.  Plaintiff is informed and be-lieves, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in tak-ing the actions mentioned below was acting within the course and scope of his or her auth-ority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants.  The named defendants and Doe defendants are sometimes hereafter re-ferred to, collectively and/or individually, as "Defendants."

   4.  *Relationship of defendants:*  All Defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i).  All Defen-dants were responsible for the events and damages alleged herein, including on the fol-lowing bases:  (a) Defendants committed the acts alleged; (b) at all relevant times, one or more of the Defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining Defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for Plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the Defendants such that any individuality and separateness between or among those Defendants has ceased, and Defendants are the alter egos of one another.  Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist.  Adherence to the fiction of the separate existence of Defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice.  All actions of all Defendants were taken by employees, supervisors, executives, officers, and directors during employment with all Defendants, were taken on behalf of all Defendants, and were engaged in, authorized, ratified, and approved of by all other Defendants.

   5.  Entity Defendant, Airport Terminal Services both directly and indirectly

employed Plaintiff Tipton, as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

6. In addition, Entity Defendant, Airport Terminal Services compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

7. Finally, at all relevant times mentioned herein, all Defendants acted as agents of all other Defendants in committing the acts alleged herein.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. *Plaintiff's hiring:*   Plaintiff, a 31-year-old mother of two, worked at Airport Terminal Services for approximately seven months as a Groomer, beginning in October 2016.

9. *Plaintiff's job performance:*   At all times, Plaintiff performed her job duties in an exemplary manner.

10. *Plaintiff's protected status and activity:*

    a.  Plaintiff took a protected CFRA/FMLA leave and was terminated while on leave.

    b.  Plaintiff suffered from a disabling medical condition during her employment.

11. *Defendants' adverse employment actions and behavior:*

    a.  In March 2017, Plaintiff suffered an injury while engaged in housekeeping duties on a plane.

    b.   Over the next several days Plaintiff's pain continued to worsen. On or around April 6, 2017, Plaintiff informed her supervisor, Damian Neri ("Neri") of her injury and her intent to seek medical treatment.

    c.  On or around April 11, 2017, Plaintiff went to see a doctor, and was diagnosed with a tear in her rotator cuff and placed on a medical leave until April 19, 2017. Plaintiff immediately provided her doctor's note to her supervisor, Edgar Trujillo

and verbally informed Neri the same day.

    d.  On or around April 18, 2017, Plaintiff's doctor extended her leave until May 1, 2017, and Plaintiff immediately informed her employer.

    e.  On or around May 1, 2017, Plaintiff visited her doctor for a follow-up appointment. Again, Plaintiff's doctor extended her leave, placing her off until May 15, 2017. That same day, Plaintiff provided Airport Terminal Services Crew Chief, Ora Doe ("Ora") with her doctor's note. Plaintiff asked Ora whether further documentation was required, and Ora confirmed that the documents provided by Plaintiff were sufficient.

12.  *Defendants' termination of plaintiff's employment:*  On or around May 8, 2017, Plaintiff received a call from Shonta Henderson ("Henderson"), a Human Resources representative at Airport Terminal Services. Henderson informed Plaintiff that Airport Terminal Services needed to fill her position, and requested that she voluntarily resign from her position. Plaintiff informed Henderson that she would not resign, as she fully anticipated returning to work soon, once her shoulder healed. In response, Henderson informed Plaintiff that if she refused to resign, then Airport Terminal Services would proceed to terminate her employment. Several days later, Plaintiff received a letter in the mail with her final paycheck, confirming her termination.

13.  *Economic damages:*  As a consequence of Entity Defendant's conduct, Plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to her career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

14.  *Non-economic damages:*  As a consequence of all Defendants' conduct, Plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

15.  *Punitive damages:*  Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles Plaintiff to an award of exemplary and/or punitive damages.

a. *Malice:* All Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) all Defendants acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of her age, disability, medical leave, race, national origin, ancestry, pregnancy, gender, sexual orientation, and/or good faith complaints, and/or (b) all Defendants' conduct was despicable and committed in willful and conscious disregard of Plaintiff's rights, health, and safety, including Plaintiff's right to be free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

b. *Oppression:* In addition, and/or alternatively, all Defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that all Defendants' actions against Plaintiff because of her age, disability, medical leave, race, national origin, ancestry, pregnancy, gender, sexual orientation, and/or good faith complaints were "despicable" and subjected Plaintiff to cruel and unjust hardship, in knowing disregard of Plaintiff's rights to a work place free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

c. *Fraud:* In addition, and/or alternatively, Entity Defendant's conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that Entity Defendant's asserted false (pretextual) grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby to cause Plaintiff hardship and deprive her of legal rights.

16. *Attorneys' fees:* Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

17. *Exhaustion of administrative remedies:* Prior to filing this action, Plaintiff exhausted her administrative remedies by filing a timely administrative complaint with the

Department of Fair Employment and Housing ("DFEH") and receiving a DFEH right-to-sue letter.

## FIRST CAUSE OF ACTION

**(Violation of FEHA (Government Code §§ 12900, *et seq.*; 12945.2) (Discrimination and Retaliation on the Basis of Disability; Failure to Accommodate a Disability; Failure to Engage in the Interactive Process; Failure to Prevent Discrimination, Harassment, and Retaliation; Violation of the California Family Rights Act—Against Entity Defendant and Does 1 to 100, Inclusive), (Harassment on the Bases of Disability)—Against All Defendants and Does 1 to 100, Inclusive)**

18. The allegations set forth in paragraphs 1 through 17 are re-alleged and incorporated herein by reference.

19. At all times herein mentioned, FEHA, Government Code section 12940, *et seq.*, was in full force and effect and was binding on Entity Defendant. This statute requires Entity Defendant to refrain from discriminating against any employee because the employee has an actual, perceived, and/or history of disability, because the employee takes protected leave under the California Family Rights Act ("CFRA") or Family Medical Leave Act ("FMLA"), and/or because of any other protected status as provided under FEHA. Prior to filing the instant Complaint, Plaintiff filed a timely administrative charge with the DFEH and received a right-to-sue letter.

20. Government Code sections 12940(a), (i), (m), and (n) require Entity Defendant to provide reasonable accommodations to known disabled employees and to engage in a timely, good faith interactive process to accommodate known disabled employees.

21. Government Code section 12940(k) states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to

prevent discrimination and harassment from occurring."

22. Plaintiff's actual, perceived, and/or history of disability and/or requested protected leave under the CFRA and/or FMLA and/or other protected status, protected by FEHA were motivating factors in Entity Defendant's decision to terminate Plaintiff's employment; not to retain, hire, or otherwise employ Plaintiff in any position; to harass Plaintiff; to retaliate against Plaintiff: to refuse to accommodate Plaintiff; to refuse to engage in the interactive process; and/or to take other adverse job actions against Plaintiff, including fail to prevent discrimination, harassment, and retaliation.

23. During the course of Plaintiff's employment, Entity Defendant failed to prevent their employees from engaging in intentional actions that resulted in Plaintiff being treated less favorably because of her protected status (*i.e.,* disability; or other protected status). During the course of Plaintiff's employment, Entity Defendant failed to prevent their employees from engaging in unjustified employment practices against employees in such protected classes. During the course of Plaintiff's employment, Entity Defendant failed to prevent a pattern and practice by their employees of intentional discrimination and harassment on the bases of disability, and/or other protected statuses or protected activities.

24. Entity Defendant, through their managers and supervisors, made a number of comments to and about Plaintiff that exhibited discriminatory motivations, intentions, and consciousness on the bases of disability. Plaintiff believes, and on that basis alleges, that Entity Defendant's real motivation was to discharge her because of her disability, and/or other protected statuses or protected activities.

25. Entity Defendant wholly failed to attempt any reasonable accommodation of Plaintiff's known disability and/or to engage in a timely, good faith interactive process with Plaintiff to accommodate her known disabilities. Instead, Entity Defendant terminated Plaintiff's employment in whole or in part because of her disability, and/or other protected statuses.

26. Entity Defendant's conduct, as alleged, violated FEHA, and all Defendants

committed unlawful employment practices, including by the following, separate bases for liability:

a.  Taking adverse employment actions against Plaintiff, such as discharging; barring; refusing to transfer, retain, hire, select, and/or employ; and/or, otherwise discriminating against Plaintiff—in whole or in part—on the bases of Plaintiff's disability, taking a protected leave, and/or other protected statuses or protected activities, in violation of Government Code section 12940(a);

b.  Harassing Plaintiff and/or creating a hostile work environment, in whole or in part on the bases of Plaintiff's actual, perceived, and/or history of disability; and/or, other protected statuses and/or protected activities, in violation of Government Code section 12940(j);

c.  Failing to accommodate Plaintiff's actual, perceived, and/or history of disability; and/or, other protected statuses, in violation of Government Code section 12940(m);

d.  Failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n);

e.  Failing to provide Plaintiff with requisite statutory leave, violating notice and/or other procedural requisites of leave, and/or retaliating against Plaintiff for taking leave, in violation of Government Code section 12945.2.

f.  Retaliating against Plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing Entity Defendant's failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, and/or the right to be free of discrimination and harassment, in violation of Government Code section 12940(h);

g.  Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on actual, perceived, and/or history of disability; taking a protected leave; and/or, other protected statuses and/or protected activities, in violation of Government Code section 12940(k);

PLAINTIFF'S COMPLAINT FOR DAMAGES

27.  On the basis of the above, Plaintiff believes and alleges that her actual, perceived, and/or history of disability; and/or, other protected statuses and/or protected activities were substantial motivating factors in Entity Defendant's termination of her employment.

28.  As a proximate result of Defendant's willful, knowing, and intentional discrimination against, harassment of, and retaliation against Plaintiff, their failure to accommodate Plaintiff's known disability and to engage in a timely, good faith interactive process, and their failure to prevent discrimination, harassment, and retaliation, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

29.  As a proximate result of Entity Defendants' willful, knowing, and intentional discrimination against, harassment of, and retaliation against Plaintiff, their failure to accommodate Plaintiff's known disability and to engage in a timely, good faith interactive process, and their failure to prevent discrimination, harassment, and retaliation, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

30.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

31.  Entity Defendant's misconduct was committed intentionally, in a malicious, despicable, fraudulent, and oppressive manner, entitling Plaintiff to punitive damages against Entity Defendant.

///

///

///

///

///

///

PLAINTIFF'S COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

**(Breach of Express Oral Contract Not to Terminate**

**Employment Without Good Cause)—Against Entity**

**Defendant Only, and Does 1 to 100, Inclusive)**

32.   The allegations set forth in paragraphs 1 through 31 are re-alleged and incorporated herein by reference.

33.   Entity Defendant, through their agents, entered an oral agreement not to terminate Plaintiff's employment except for good cause.  Plaintiff and Entity Defendant, through their supervisors, made mutual promises of consideration pursuant to this oral agreement.   Plaintiff performed all duties required of her under the agreement by performing her job in an exemplary manner.

34.  Entity Defendant and their managers and supervisors terminated Plaintiff's employment without good cause, violating the express oral contract they had with her.

35.   As a proximate result of Entity Defendant's willful breach of the express oral contract not to terminate employment without good cause, Plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

## THIRD CAUSE OF ACTION

**(Breach of Implied-in-Fact Contract Not to Terminate**

**Employment Without Good Cause (*Marketing West, Inc. v.***

***Sanyo Fisher* (1992) 6 Cal.App.4th 603; Civil Code**

**§ 1622)—Against Entity Defendant Only, and Does 1 to 100,**

**Inclusive)**

36.   The allegations set forth in paragraphs 1 through 35 are re-alleged and incorporated herein by reference.

37.   On the basis of oral assurances of continued employment given to Plaintiff by Entity Defendant's supervisors, the length of Plaintiff's employment with Entity

Defendant, Entity Defendant's actual practice of terminating employment only for cause, and the industry standard for the business Entity Defendant engaged in of terminating employment only for cause, Plaintiff and Entity Defendant shared the actual understanding that Plaintiff's employment could and would be terminated only for cause. This shared understanding resulted in an implied contract requiring that Entity Defendant have good cause to terminate Plaintiff's employment.

38.  Entity Defendant and their managers and supervisors terminated Plaintiff's employment without good cause, violating the implied-in-fact contract they had with her.

39.  As a proximate result of Entity Defendant's willful breach of the implied-in-fact contract not to terminate employment without good cause, Plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

40.  Plaintiff seeks attorneys' fees for lost wages under this cause of action under Labor Code section 218.6.

## FOURTH CAUSE OF ACTION

### (Negligent Hiring, Supervision, and Retention—Against

### Entity Defendant Only, and Does 1 to 100, Inclusive)

41.  The allegations set forth in paragraphs 1 through 40 are re-alleged and incorporated herein by reference.

42.  Entity Defendant owed a duty of care to Plaintiff to appoint, hire, retain, and supervise persons who would not engage in retaliatory, harassing, or discriminatory conduct.  Entity Defendant owed a duty of care to Plaintiff not to retain managers or employees who would discriminate against, harass, or retaliate against employees for engaging in protected activities.  Entity Defendant owed a duty of care to Plaintiff to supervise their managers and employees closely to ensure that they would refrain from harassing and retaliating against Plaintiff.

43.  Entity Defendant breached these duties.  As a result, Entity Defendant caused

damages to Plaintiff.  As a proximate result of Entity Defendant's negligent hiring, retention, and supervision of their managers and employees, Plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, according to proof.

## FIFTH CAUSE OF ACTION

### (Wrongful Termination of Employment in Violation of Public Policy (FEHA and Labor Code)—Against Entity Defendant Only, and Does 1 to 100, Inclusive)

44.  The allegations set forth in paragraphs 1 through 43 are re-alleged and incorporated herein by reference.

45.  Entity Defendant terminated Plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws.  Specifically, Plaintiff's employment was terminated in part because of her protected status (*i.e.,* age, disability/medical condition, medical leave, need for accommodations, and/or good faith complaints, as well as her having filing a claim worker's compensation claim and/or receiving a rating, award, or settlement).  These actions were in violation of FEHA and the California Labor Code (including section 132a).

46.  As a proximate result of Entity Defendant's willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

47.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

48.  Entity Defendant's misconduct was committed intentionally, in a malicious, fraudulent, despicable, oppressive manner, entitling Plaintiff to punitive damages against Entity Defendant.

## SIXTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress—Against All

### Defendants and Does 1 to 100, Inclusive)

49.   The allegations set forth in paragraphs 1 through 48 are re-alleged and incorporated herein by reference.

50.   Entity Defendant's discriminatory, harassing, and retaliatory actions, and Defendants' harassing actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

51.   All Defendants were aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of her livelihood while she was suffering from an actual, perceived, and/or history of disability, would devastate Plaintiff and cause her extreme hardship.

52.   As a proximate result of all Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress.   Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

53.   As a proximate result of all Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

54.   All Defendants' misconduct was committed intentionally, in a malicious, oppressive manner, entitling Plaintiff to punitive damages.

///

///

///

///

///

///

///

PLAINTIFF'S COMPLAINT FOR DAMAGES

**PRAYER**

WHEREFORE, Plaintiff, Jayme Tipton, prays for judgment against defendants as follows:

1. For general and special damages according to proof;

2. For exemplary damages, according to proof;

3. For pre-judgment and post-judgment interest on all damages awarded;

4. For reasonable attorneys' fees;

5. For costs of suit incurred;

6. For declaratory relief;

7. For such other and further relief as the Court may deem just and proper.


ADDITIONALLY, Plaintiff, Jayme Tipton, demands trial of this matter by jury. The amount demanded exceeds $25,000.00 (Government Code § 72055).


Dated: October 4, 2018                SHEGERIAN & ASSOCIATES, INC.


By: _____
    Carney R. Shegerian, Esq.

    Attorneys for Plaintiff,
    JAYME TIPTON

# EXHIBIT 2

**Jose Castro**

| | |
|---|---|
| **From:** | Aaron Gbewonyo |
| **Sent:** | Wednesday, November 14, 2018 5:36 PM |
| **To:** | O'Dell, Meagan S. |
| **Cc:** | Lubeley, Aaron; Yang, Simon; Guerra, Blanca; Mahru Madjidi |
| **Subject:** | RE: Tipton v. ATS - Stipulation to Extend Time to Respond to Complaint |

Meagan,

Per our conversation, please revise the current stipulation to include that the parties will stipulate to remand this case to state court upon Plaintiff's filing of her FAC, which will exclude  FMLA/CFRA under her first cause of action, the grounds for which Defendant claims that this court has subject matter jurisdiction. Although we are willing to engage in further meet and confer efforts regarding the potential dismissal of Melissa Doe, to be replaced by Moses Gillian, we will not stipulate to additional time to respond absent the aforementioned. Thank you.

---

**From:** O'Dell, Meagan S. <modell@seyfarth.com>
**Sent:** Wednesday, November 14, 2018 5:05 PM
**To:** Aaron Gbewonyo <agbewonyo@shegerianlaw.com>
**Cc:** Lubeley, Aaron <ALubeley@seyfarth.com>; Yang, Simon <syang@seyfarth.com>; Guerra, Blanca <BGuerra@seyfarth.com>
**Subject:** Tipton v. ATS - Stipulation to Extend Time to Respond to Complaint

Aaron,

Thank you for taking the time to chat just a short bit ago.  Pursuant to our conversation, attached please find the stipulation to extend Defendants' time to respond to the complaint.  I noted the deadline as next Friday, since one week exactly falls on Thanksgiving.  I understand that you intend to sign off on the stipulation tonight since you will be in deposition tomorrow.  If you need to discuss the stipulation at all, please feel free to call my cell (310-804-9187).  Otherwise, once we have your approval, we will handle the filing.

I will reach out to my client regarding your intended dismissals and amendments and circle back with you as soon as possible.

Best,

Meagan

**Meagan S. O'Dell** | Associate | Seyfarth Shaw LLP
601 South Figueroa Street |  Suite 3300 | Los Angeles, California 90017-5793
Direct: +1-213-270-9649 | Fax: +1-310-551-8498
modell@seyfarth.com | www.seyfarth.com

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

# EXHIBIT 3

# SHEGERIAN & ASSOCIATES, INC.

November 21, 2018

**SENT BY U.S. MAIL, EMAIL AND FACSIMILE**

Seyfarth Shaw, LLP.
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Aaron Lubeley, ALubeles@Seyfarth.com
Simon Yang, SYang@Seyfarth.com
Meagan Sue O'Dell, Modell@Seyfarth.com
Facsimile: (213) 270-9601

Re:    *Jayme Tipton v. Airport Terminal Services, INC., et al.*

Dear Counsel:

This letter is being sent to you in an attempt to meet and confer pursuant to Local Rule 7-3 regarding Defendants' removal of Plaintiff's cause of action. Although it is Plaintiff's position that her cause of action was rightfully filed in state court, correctly naming all persons and entities involved, Plaintiff hopes that the parties can amicably resolve this matter in the interest of preservation of judicial resources, and avoiding drafting of unnecessary motions. Please contact my office by or before November 30, 2018, so that we may have the opportunity to discuss further. Thank you very much in advance for your consideration.

Very truly yours,

SHEGERIAN & ASSOCIATES

Carney R. Shegerian

CRS/AG

EXHIBIT 4

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

October 30, 2017

Carney Shegerian
225 Santa Monica Boulevard, Ste. 700
Santa Monica California 90401

RE:  **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 908509-321022
Right to Sue: Tipton / Airport Terminal Services, Inc.

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.  You or your attorney must serve the complaint.  If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency        GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

October 30, 2017

RE:  **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 908509-321022
Right to Sue: Tipton / Airport Terminal Services, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR..

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                        DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

October 30, 2017

Jayme Tipton
C/o 225 Santa Monica Boulevard, Suite 700
Santa Monica, California 90401

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 908509-321022
Right to Sue: Tipton / Airport Terminal Services, Inc.

Dear Jayme Tipton,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective October 30, 2017 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                         GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                              DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Enclosures

cc: JetBlue Airways Corporation

Edgar Trujillo

Melisa Doe

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

2

**BEFORE THE STATE OF CALIFORNIA**

3

**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

4

5

6

In the Matter of the Complaint of                    DFEH No. 908509-321022
Jayme Tipton, Complainant.

7

C/o 225 Santa Monica Boulevard, Suite 700
Santa Monica,  California  90401

8

9

vs.

10

 Airport Terminal Services, Inc., Respondent.
1 World Way

11

Los Angeles,  California 90045

12

13

Complainant alleges:

14

15

1. Respondent **Airport Terminal Services, Inc.** is a subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

16

17

2. On or around **May 09, 2017**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Harassment, Retaliation Asked impermissible non-job-related questions, Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied reasonable accommodation, Terminated, Other, Denied a workplace free of harassment**.  Complainant believes respondent committed these actions because of their: **Disability, Family Care or Medical Leave** .

18

19

20

21

22

3. Complainant **Jayme Tipton** resides in the City of **Santa Monica**, State of **California**.  If complaint includes co-respondents please see below.

-5-

*Complaint ± DFEH No. 908509-321022*

Date Filed: October 30, 2017

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

**Co-Respondents:**
JetBlue Airways Corporation

1 World Way
Los Angeles  California 90045


Edgar Trujillo
1 World Way
Los Angeles  California 90045


Melisa Doe
1 World Way
Los Angeles  California 90045

*Complaint ± DFEH No. 908509-321022*

DFEH 902-1

Date Filed: October 30, 2017

1

2

3    **Additional Complaint Details:**

4    No complaint details specified.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

VERIFICATION

I, **Jacquelyne N. Mosley-Pastrana**, am the Authorized Representative in the above-entitled complaint.    I have read the foregoing complaint and know the contents thereof.    The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On October 30, 2017, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**San Diego, California**
**Jacquelyne N. Mosley-Pastrana**

Date Filed: October 30, 2017

# EXHIBIT 5

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GOVERNOR EDMUND G. BROWN JR.
                                                                              DIRECTOR KEVIN KISH

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 I TDD (800) 700-2320
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

December 22, 2017

Carney Shegerian
225 Santa Monica Boulevard, Ste. 700
Santa Monica, California 90401

RE:    **Notice to Complainant or Complainant's Attorney (Amended)**
       DFEH Matter Number: 908509-321022
       Right to Sue: Tipton / Airport Terminal Services, Inc. et al.

Dear Complainant or Complainant's Attorney:

Attached is a copy of your amended complaint of discrimination filed with the
Department of Fair Employment and Housing (DFEH) pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer.  You or your attorney must serve the complaint.  If you do not have an
attorney, you must serve the complaint yourself.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Jayme Tipton                                            DFEH No. 908509-321022
C/o 225 Santa Monica Boulevard, Suite 700
Santa Monica, California 90401

vs.

Airport Terminal Services, Inc.
1 World Way
Los Angeles, California 90045


Edgar Trujillo, As an individual, Co-Respondent


Melisa Doe, As an individual, Co-Respondent

_____

1. Respondent **Airport Terminal Services, Inc.** is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant alleges that on or about **May 9, 2017**, respondent took the following adverse actions:
**Complainant was harrassed** because of complainant's Family Care or Medical Leave (CFRA), Disability (physical or mental)
**Complainant was discriminated** because of complainant's Family Care or Medical Leave (CFRA), Disability (physical or mental) and as a result of discrimination was Terminated, Asked impermissible non-job-related questions, Denied a work environment free of discrimination and/or retaliation, Denied reasonable accommodation for a disability, Other
**Complainant experienced retaliation** because complainant Requested or used California Family Rights Act or FMLA, Requested or used a disability-related accommodation and as a result was Terminated, Asked impermissible non-job-related questions, Denied a work environment free of discrimination and/or retaliation, Denied reasonable accommodation for a disability.

Date Filed: December 22, 2017
Date Amended: December 22, 2017

3. Complainant **Jayme Tipton**, resides in the City of **Santa Monica** State of **California.**

**Additional Complaint Details:** Denied a work environment free of harassment;

*Complaint – DFEH No. 908509-321022*

Date Filed: December 22, 2017
Date Amended: December 22, 2017

VERIFICATION

I, **Jacquelyne N. Mosley-Pastrana**, am the **Authorized Representative** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On December 22, 2017, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**San Diego, California**

-3-
*Complaint – DFEH No. 908509-321022*

Date Filed: December 22, 2017
Date Amended: December 22, 2017

EXHIBIT 6



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                         GOVERNOR EDMUND G. BROWN JR.
                                                                                                                          DIRECTOR KEVIN KISH

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 I TDD (800) 700-2320
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

July 12, 2018

Carney Shegerian
225 Santa Monica Boulevard
Santa Monica, California 90401

RE:    **Notice to Complainant's Attorney**
       DFEH Matter Number: 908509-321022
       Right to Sue: Tipton / Airport Terminal Services, Inc.

Dear Carney Shegerian:

Attached is a copy of your **amended** complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.  You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original complaint.  This is not a new Right to Sue letter.  The original Notice of Case Closure and Right to Sue issued in this case remains the only such notice provided by the DFEH.  (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Jayme Tipton                                                DFEH No. 908509-321022

                        Complainant,

vs.

Airport Terminal Services, Inc.
1 World Way
Los Angeles, CA 90045

Airport Terminal Services, Inc.
5777 Century Boulevard
Los Angeles, California 90045

Edgar Trujillo
1 World Way
Los Angeles, California 90045

Melisa Doe
1 World Way
Los Angeles, California 90045

                        Respondents

_____

1. Respondent **Airport Terminal Services, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Jayme Tipton**, resides in the City of **Santa Monica** State of **California.**

3. Complainant alleges that on or about **May 9, 2017**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental).

-1-
*Complaint – DFEH No. 908509-321022*

Date Filed: December 22, 2017
Date Amended: July 12, 2018

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental) and as a result of the discrimination was terminated, asked impermissible non-job-related questions, denied a work environment free of discrimination and/or retaliation, denied reasonable accommodation for a disability, other.

**Complainant experienced retaliation** because complainant requested or used california family rights act or fmla, requested or used a disability-related accommodation and as a result was terminated, asked impermissible non-job-related questions, denied a work environment free of discrimination and/or retaliation, denied reasonable accommodation for a disability.

**Additional Complaint Details:** The facts include but are not limited to discrimination, harassment, and retaliation from management and coworkers on the basis of the following protected categories, which include but aren't limited to: disability discrimination. That, among other things, formed the underlying basis for complainant's termination and/or subjected complainant to additional adverse employment action.

Additional harms include but aren't limited to failure to prevent discrimination, harassment, and/or retaliation, denied a work environment free of harassment, failure to engage in an interactive process, failure to offer reasonable accommodations and retaliation for engaging in protected activity.

-2-
*Complaint – DFEH No. 908509-321022*

Date Filed: December 22, 2017
Date Amended: July 12, 2018

VERIFICATION

I, **April Macaraeg**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On July 12, 2018, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Santa Monica, California**

-3-
*Complaint – DFEH No. 908509-321022*

Date Filed: December 22, 2017
Date Amended: July 12, 2018

**TIPTON v. ATS, et al.**                    **USDC Case No. 2:18-cv-9503 AB (JEMx)**

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 225 Santa Monica Boulevard, Suite 700, Santa Monica, California 90401.

On November 30, 2018, I served the foregoing document, described as **"DECLARATION OF AARON GBEWONYO, ESQ., IN SUPPORT OF PLAINTIFF JAYME TIPTON'S MOTION FOR AN ORDER TO REMAND TO STATE COURT,"** on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

**Aaron R. Lubeley, Esq.**
**Simon L. Yang, Esq.**
**Meagan Sue O'Dell, Esq.**
**SEYFARTH SHAW LLP**
**601 South Figueroa Street, Suite 3300**
**Los Angeles, California 90017-5793**

☒    **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 30, 2018, at Santa Monica, California.

_____
Jose Castro