1  SEYFARTH SHAW LLP
   Aaron R. Lubeley (SBN 199837)
2  alubeley@seyfarth.com
   Simon L. Yang (SBN 260286)
3  syang@seyfarth.com
   Meagan Sue O'Dell (SBN 280086)
4  modell@seyfarth.com
   601 South Figueroa Street, Suite 3300
5  Los Angeles, California 90017-5793
   Telephone:   (213) 270-9600
6  Facsimile:    (213) 270-9601

7  Attorneys for Defendants
   AIRPORT TERMINAL SERVICES, INC.
8  and EDGAR TRUJILLO

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13  JAYME TIPTON,                          Case No. 2:18-cv-9503 AB (JEMx)

14              Plaintiff,                 *Assigned to Hon. Andre Birotte Jr.*

15       v.

16  AIRPORT TERMINAL SERVICES, INC.,       **DECLARATION OF MEAGAN SUE**
    EDGAR TRUJILLO, MELISSA DOE, and       **O'DELL IN OPPOSITION TO**
17  DOES 1 to 100, inclusive,              **PLAINTIFF'S MOTION TO REMAND**

18              Defendants.                [*Filed concurrently with Opposition to
                                           Motion to Remand*]
19

20                                         Date:                  January 11, 2019
                                           Time:                   10:00 a.m.
21                                         Courtroom:                      7B

22

23

24

25

26

27

28

### DECLARATION OF MEAGAN SUE O'DELL

I, Meagan Sue O'Dell, hereby declare:

1.      I am an attorney at law and am licensed to practice in this Court and before all courts of the State of California. I am an associate with the law firm of Seyfarth Shaw LLP, attorneys of record for Defendants Airport Terminal Services, Inc. ("ATS") and Edgar Trujillo (collectively "Defendants") in the above-captioned action. I have personal knowledge of the matters set forth herein, and if called upon to testify, I could and would do so competently.

2.      On November 13, 2018, my office sent a meet and confer correspondence to Plaintiff's counsel via e-mail. This correspondence outlined the deficiencies of Plaintiff's Complaint, and offered to file a stipulation permitting Plaintiff time to file an amended complaint. A true and correct copy of this e-mail correspondence is attached hereto as **Exhibit A.**

3.      On November 13, 2018, I called Plaintiff's counsel to discuss Defendants' meet and confer correspondence in greater detail. Plaintiff's counsel informed me that he needed time to review the case, and we set a time to speak on November 14, 2018.

4.      On November 14, 2018, I called Plaintiff's counsel to continue our discussion regarding the deficiencies of Plaintiff's Complaint. During that call, Plaintiff's counsel acknowledged that Plaintiff's claims for violation of the Family and Medical Leave Act ("FMLA") and California Family Rights Act ("CFRA") should be dismissed, and that Plaintiff was willing to dismiss Melissa Doe as well. Plaintiff declined Defendants' request to dismiss Edgar Trujillo, or to amend her compound first cause of action or breach of contract claims. Plaintiff indicated an intent to amend the Complaint to add an additional Defendant.

5.      I informed Plaintiff's counsel that I would need to speak with my client to determine whether we would stipulate to allow Plaintiff to add an additional party. In light of the need for ongoing discussions, I asked Plaintiff's counsel for a one week extension for Defendants to respond to Plaintiff's Complaint. Plaintiff's counsel advised

DECLARATION OF MEAGAN SUE O'DELL IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

that a one week extension was agreeable to permit the Parties time to finalize a
stipulation to allow Plaintiff to amend the Complaint.

6.    That same day, on November 14, 2018, I e-mailed to Plaintiff's counsel a
draft Stipulation to Extend the Time for Defendants to Respond to Plaintiff's Complaint.
In response, Plaintiff's counsel contended for the first time that Plaintiff would no longer
agree to dismiss the CFRA/FMLA claims (which Plaintiff contended were the grounds
for this Court's subject matter jurisdiction) or address any other issues Defendants raised
regarding the Complaint unless Defendants agreed to stipulate to remand the case to state
court upon Plaintiff's filing of a First Amended Complaint.

7.    I found Plaintiff's counsel's new position confusing, since at no time was the
issue of remand discussed as a condition precedent to the stipulation or Plaintiff's offer to
amend the Complaint. I responded via e-mail notifying him of this fact and also informed
him that dismissal of the CFRA and FMLA claims would not address Defendants'
removal on diversity grounds. I advised Plaintiff's counsel that Defendants were willing
to consider Plaintiff's proposal to remove the CFRA/FMLA claims, dismiss Melissa Doe,
and add an additional defendant, but that such consideration appeared futile based on
Plaintiff's new stance. Plaintiff's counsel refused to budge regarding insistence on a
stipulated remand as a requirement of any agreement to correct flaws in the pleadings. A
true and correct copy of my e-mail exchange with Plaintiff's counsel is attached hereto as
**Exhibit B.**

8.    Plaintiff's counsel did not advise that Plaintiff intended to file a Motion to
Remand, nor did he discuss any grounds upon which Plaintiff may seek remand.

9.    On November 21, 2018, I e-mailed Plaintiff's counsel to reiterate that
Defendants remained amenable to addressing the issues raised in their Motion to Dismiss.
I encouraged Plaintiff's counsel to call me should he wish to discuss further. I also
advised Plaintiff's counsel that the discovery he sought was premature under the Federal
Rules of Civil Procedure. Plaintiff's counsel responded that he was interested in further

DECLARATION OF MEAGAN SUE O'DELL IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

meet and confer efforts. A true and correct copy of my e-mail correspondence with Plaintiff's counsel is attached hereto as **Exhibit C.**

10.     On November 27, 2018, I engaged in further meet and confer discussions with Plaintiff's counsel surrounding Defendants' Motion to Dismiss. Plaintiff's counsel advised that Plaintiff would be pointing to additional facts in her anticipated opposition to the motion, and that Plaintiff did not intend to voluntarily amend the Complaint. I asked Plaintiff's counsel what additional facts would be alleged, and Plaintiff's counsel advised that the facts were contained in Plaintiff's DFEH Charge. When I inquired further and noted that there were no additional facts contained in the DFEH Charge, Plaintiff's counsel was unable to provide further clarity on any additional facts in support of Plaintiff's claims. I encouraged counsel to contact me should he learn of any additional facts that he believed would cure the deficiencies.

11.     On November 30, 2018, my office received Plaintiff's Motion to Remand. My office sent an e-mail to Plaintiff's counsel advising of our surprise to see that Plaintiff's counsel represented to this Court that he attempted to meet and confer regarding Plaintiff's Motion to Remand, and that a letter mailed to our office outlined the reasons remand was proper.

12.     At no time during my communications with Plaintiff's counsel, either via phone or e-mail, did Plaintiff's counsel advise that Plaintiff would be filing a motion to remand or the reasons that remand was proper. Instead, Plaintiff's counsel only referenced remand as a requirement should any stipulation be reached as to the dismissal of parties or claims. My office emailed

13.     The parties scheduled a call for December 12, 2018, to discuss the discrepancies. Attached hereto as **Exhibit D** is a true and correct copy of counsels' e-mail exchange.

14.     On December 12, 2018, Plaintiff's counsel, Aaron Lubeley, and myself had a conference call to discuss Plaintiff's Motion to Remand and Defendants' Motion to Dismiss. During this call, Mr. Lubeley asked Plaintiff's counsel about specific points

4

raised in Plaintiff's Motion to Remand, namely, Plaintiff's contention that Plaintiff's domicile is not in California, Plaintiff's reliance on her DFEH Charge to remedy the shortcomings as to the individual defendants, and Plaintiff's contention that the amount in controversy is not met. This was the first time that Plaintiff's counsel discussed any basis for remand.

15.    Plaintiff's counsel advised that Plaintiff did reside in California, and that he was unaware of any intention by Plaintiff to relocate.

16.    Plaintiff's counsel was unable to point to any additional facts that could be added to establish liability against individual defendant, Edgar Trujillo. Plaintiff was also unable to reference any additional facts as to "Melissa Doe." We again encouraged Plaintiff's counsel to circle back with any additional facts that Plaintiff believed could affect the appropriateness of this venue or Defendants' Motion to Dismiss. At the time of this filing, Plaintiff's counsel has not provided a single, additional fact.

17.    Defendants' counsel advised that if Plaintiff was willing to stipulate that the amount in controversy was less than $75,000, that Defendants would agree to return to state court to litigate this action. Plaintiff's counsel could not provide a response without internal discussion among his colleagues, and at the time of this filing, Plaintiff's counsel has not provided a response.

I declare under penalty of perjury under the laws of the United States and the laws of the State of California that the foregoing is true and correct.

Executed this 18th day of December 2018, at Los Angeles, California.


_____*/s/ Meagan Sue O'Dell*_____
MEAGAN SUE O'DELL

DECLARATION OF MEAGAN SUE O'DELL IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

# EXHIBIT A

**O'Dell, Meagan S.**

| | |
|---|---|
| **From:** | Lubeley, Aaron |
| **Sent:** | Tuesday, November 13, 2018 1:50 PM |
| **To:** | Aaron Gbewonyo |
| **Cc:** | O'Dell, Meagan S.; Guerra, Blanca; Yang, Simon |
| **Subject:** | RE: Tipton Matter |
| | |
| **Importance:** | High |

Aaron,

Thank you for these documents. Please let me know if you have time this afternoon to discuss the claims further. We are wondering if you will agree to dismiss the claims in the complaint related to FMLA and CFRA leave since it appears Plaintiff did not work long enough to qualify for any job protected leave (worked less than one year and less than the 1250 hours). There is also a lack of pleading related to the basis for claims against the individual defendants as explained in the removal papers and scant allegations related to the claims of breach of contract. Finally, there seems to a combining of causes of action in the first cause of action that we would like to address now rather than later.

If you are agreeable, we can file a stipulation to allow you time to file an amended complaint and provide a time for us to respond. Please let me know your thoughts.

Thanks,

Aaron

**Aaron Lubeley** | Partner
Los Angeles - Downtown | Ext: 809636 (+1-213-270-9636)
alubeley@seyfarth.com

**From:** Aaron Gbewonyo <agbewonyo@shegerianlaw.com>
**Sent:** Thursday, November 8, 2018 2:51 PM
**To:** Lubeley, Aaron <ALubeley@seyfarth.com>
**Cc:** O'Dell, Meagan S. <modell@seyfarth.com>; Guerra, Blanca <BGuerra@seyfarth.com>
**Subject:** RE: Tipton Matter

**[EXT. Sender]**

Aaron,

It was a pleasure to speak with you the other day. Per your request, please find the right to sue letter and subsequent amended rights to sue.

In regards to potential mediation, my office remains willing to consider mediation, however, the expectation is that the Defendant will assume all cost associated with mediation. Further, please be advised that given no mediation was set regarding previous negotiations, that demand is no longer on the table. However, I would be happy to propose potential mediators if your client remains interested. Thank you.

1

**Aaron Gbewonyo** | Associate Attorney
225 Santa Monica Boulevard, Suite 700 | Santa Monica, California 90401
Office: (310) 860-0770 | Facsimile: (310) 860-0771
agbewonyo@shegerianlaw.com | shegerianlaw.com

## SHEGERIAN & ASSOCIATES, INC.
• PROTECTING YOUR RIGHTS •

Please do not print this e-mail unless absolutely necessary. CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are privileged and confidential and are intended for the sole use of the addressee(s). If you have received this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon it is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the Shegerian Law client privilege as to this communication or otherwise. If you have received this communication in error, please immediately delete it and contact us at privacy@shegerianlaw.com or by telephone at (310) 860-0770. Thank you.

**From:** Lubeley, Aaron <ALubeley@seyfarth.com>
**Sent:** Tuesday, November 6, 2018 2:41 PM
**To:** Aaron Gbewonyo <agbewonyo@shegerianlaw.com>
**Cc:** O'Dell, Meagan S. <modell@seyfarth.com>; Guerra, Blanca <BGuerra@seyfarth.com>
**Subject:** Tipton Matter

Aaron,

Nice to meet you by telephone.  We represent Airport Terminal Services in the above referenced matter. Please email the documents related to the DFEH claims (amended) and right to sue letters.  Looking forward to working with you.

Regards,

Aaron

**Aaron Lubeley** | Partner | Seyfarth Shaw LLP
601 South Figueroa Street |  Suite 3300 | Los Angeles, California 90017-5793
Direct: +1-213-270-9636 | Fax: +1-310-282-6977
alubeley@seyfarth.com | www.seyfarth.com



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

# EXHIBIT B

**O'Dell, Meagan S.**

| | |
|---|---|
| **From:** | Aaron Gbewonyo <agbewonyo@shegerianlaw.com> |
| **Sent:** | Wednesday, November 14, 2018 6:20 PM |
| **To:** | O'Dell, Meagan S. |
| **Cc:** | Lubeley, Aaron; Yang, Simon; Guerra, Blanca; Mahru Madjidi |
| **Subject:** | RE: Tipton v. ATS - Stipulation to Extend Time to Respond to Complaint |

[EXT. Sender]

Meagan,

My stance has never changed. I made myself position very clear over the phone. The issue would not have been raised otherwise.


**Aaron Gbewonyo** | Associate Attorney
225 Santa Monica Blvd | Santa Monica, CA 90401
Office: (310) 860-0770 | Facsimile: (310) 860-0771
agbewonyo@shegerianlaw.com | shegerianlaw.com

**SHEGERIAN & ASSOCIATES, INC.**
• PROTECTING YOUR RIGHTS •

Please do not print this e-mail unless absolutely necessary. CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are privileged and confidential and are intended for the sole use of the addressee(s). If you have received this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon it is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the Shegerian Law client privilege as to this communication or otherwise. If you have received this communication in error, please immediately delete it and contact us at privacy@shegerianlaw.com or by telephone at (310) 860-0770. Thank you.

-----Original Message-----
From: O'Dell, Meagan S. <modell@seyfarth.com>
Sent: Wednesday, November 14, 2018 6:15 PM
To: Aaron Gbewonyo <agbewonyo@shegerianlaw.com>
Cc: Lubeley, Aaron <ALubeley@seyfarth.com>; Yang, Simon <syang@seyfarth.com>; Guerra, Blanca <BGuerra@seyfarth.com>; Mahru Madjidi <mmadjidi@shegerianlaw.com>
Subject: Re: Tipton v. ATS - Stipulation to Extend Time to Respond to Complaint

Aaron,
At no time did we discuss Defendants' removal papers or Plaintiff's demand that the case be remanded. Defendants removed on diversity grounds under the sham defendant doctrine. As I stated on the phone, Defendants will consider your proposal to remove Plaintiff's FMLA/CFRA claims and dismiss Melissa Doe, along with your request to add Moses Gillian as a defendant. However, that seems to be a moot point considering the stance you are now taking.
Best,
Meagan


Meagan S. O'Dell | Associate | Seyfarth Shaw LLP
601 South Figueroa Street | Suite 3300 | Los Angeles, California 90017-5793

Direct: +1-213-270-9649 | Fax: +1-310-551-8498 modell@seyfarth.com | http://www.seyfarth.com

[http://www.seyfarth.com/dir_docs/publications/SeyfarthRevisedLogo.gif]

_____

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

_____

On Nov 14, 2018, at 5:36 PM, Aaron Gbewonyo <agbewonyo@shegerianlaw.com<mailto:agbewonyo@shegerianlaw.com%3E%3E wrote:

[EXT. Sender]
Meagan,
Per our conversation, please revise the current stipulation to include that the parties will stipulate to remand this case to state court upon Plaintiff's filing of her FAC, which will exclude FMLA/CFRA under her first cause of action, the grounds for which Defendant claims that this court has subject matter jurisdiction. Although we are willing to engage in further meet and confer efforts regarding the potential dismissal of Melissa Doe, to be replaced by Moses Gillian, we will not stipulate to additional time to respond absent the aforementioned. Thank you.

Aaron Gbewonyo | Associate Attorney

225 Santa Monica Blvd | Santa Monica, CA 90401

Office: (310) 860-0770<tel:+01-(310)%20860-0770> | Facsimile: (310) 860-0771<tel:+01-(310)%20860-0771>

agbewonyo@shegerianlaw.com | shegerianlaw.com <mailto:agbewonyo@shegerianlaw.com%3E
[Shegerian & Associates, Inc. • Protecting Your Rights •]
[shegerianlaw.com]<https://urldefense.proofpoint.com/v2/url?u=http-3A__shegerianlaw.com_&d=DwMFaQ&c=fMwtGtbwbi-K_84JbrNh2g&r=DYGnk-5SA9PeZD2ErP2xWaoGBfdCsz4tIglrHvYj3Jc&m=iVUJTojawjzaaUqXmCbldElAr7bMfOSA0ZZb040yExw&s=_MvcOhY3FdOYWhLBs_gD_r-rR_ZJf4L6QUZi35do9dU&e=%3E

[https://www.shegerianlaw.com/external-assets/blue-divider.png]

Please do not print this e-mail unless absolutely necessary. CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are privileged and confidential and are intended for the sole use of the addressee(s). If you have received this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon it is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the Shegerian Law client privilege as to this communication or otherwise. If you have received this communication in error, please immediately delete it and contact us at privacy@shegerianlaw.com<mailto:privacy@shegerianlaw.com%3E or by telephone at (310) 860-0770<tel:1-310-860-0770>. Thank you.

From: O'Dell, Meagan S. <modell@seyfarth.com<mailto:modell@seyfarth.com%3E%3E
Sent: Wednesday, November 14, 2018 5:05 PM
To: Aaron Gbewonyo <agbewonyo@shegerianlaw.com<mailto:agbewonyo@shegerianlaw.com%3E%3E
Cc: Lubeley, Aaron <ALubeley@seyfarth.com<mailto:ALubeley@seyfarth.com%3E%3E; Yang, Simon <syang@seyfarth.com<mailto:syang@seyfarth.com%3E%3E; Guerra, Blanca <BGuerra@seyfarth.com<mailto:BGuerra@seyfarth.com%3E%3E
Subject: Tipton v. ATS - Stipulation to Extend Time to Respond to Complaint

Aaron,
Thank you for taking the time to chat just a short bit ago. Pursuant to our conversation, attached please find the stipulation to extend Defendants' time to respond to the complaint. I noted the deadline as next Friday, since one week exactly falls on Thanksgiving. I understand that you intend to sign off on the stipulation tonight since you will be in deposition tomorrow. If you need to discuss the stipulation at all, please feel free to call my cell (310-804-9187). Otherwise, once we have your approval, we will handle the filing.
I will reach out to my client regarding your intended dismissals and amendments and circle back with you as soon as possible.
Best,
Meagan


Meagan S. O'Dell | Associate | Seyfarth Shaw LLP
601 South Figueroa Street | Suite 3300 | Los Angeles, California 90017-5793
Direct: +1-213-270-9649 | Fax: +1-310-551-8498 modell@seyfarth.com<mailto:modell@seyfarth.com%3E |
www.seyfarth.com<http://www.seyfarth.com>
[http://www.seyfarth.com/dir_docs/publications/SeyfarthRevisedLogo.gif]

_____

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

_____

# EXHIBIT C

**O'Dell, Meagan S.**

| | |
|---|---|
| **From:** | Aaron Gbewonyo <agbewonyo@shegerianlaw.com> |
| **Sent:** | Monday, November 26, 2018 10:06 AM |
| **To:** | O'Dell, Meagan S. |
| **Cc:** | Lubeley, Aaron; Yang, Simon; Guerra, Blanca |
| **Subject:** | RE: Tipton v ATS |

[EXT. Sender]

Meagan,

I look forward to speaking with you Tuesday, November 27 at 10:00 am.

Aaron Gbewonyo | Associate Attorney
225 Santa Monica Blvd | Santa Monica, CA 90401
Office: (310) 860-0770 | Facsimile: (310) 860-0771
agbewonyo@shegerianlaw.com | shegerianlaw.com

**SHEGERIAN & ASSOCIATES, INC.**
• PROTECTING YOUR RIGHTS •

Please do not print this e-mail unless absolutely necessary. CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are privileged and confidential and are intended for the sole use of the addressee(s). If you have received this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon it is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the Shegerian Law client privilege as to this communication or otherwise. If you have received this communication in error, please immediately delete it and contact us at privacy@shegerianlaw.com or by telephone at (310) 860-0770. Thank you.

**From:** O'Dell, Meagan S. <modell@seyfarth.com>
**Sent:** Sunday, November 25, 2018 9:55 PM
**To:** Aaron Gbewonyo <agbewonyo@shegerianlaw.com>
**Cc:** Lubeley, Aaron <ALubeley@seyfarth.com>; Yang, Simon <syang@seyfarth.com>; Guerra, Blanca <BGuerra@seyfarth.com>
**Subject:** RE: Tipton v ATS

Aaron,

I am available to meet and confer regarding the deficiencies raised in Defendants' Motion to Dismiss on Tuesday morning.  Does 10:00 a.m. work for you?

Best,

Meagan

**Meagan S. O'Dell** | Associate | Seyfarth Shaw LLP
601 South Figueroa Street |  Suite 3300 | Los Angeles, California 90017-5793
Direct: +1-213-270-9649 | Fax: +1-310-551-8498
modell@seyfarth.com | www.seyfarth.com



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Aaron Gbewonyo <agbewonyo@shegerianlaw.com>
**Sent:** Friday, November 23, 2018 11:00 AM
**To:** O'Dell, Meagan S. <modell@seyfarth.com>
**Cc:** Lubeley, Aaron <ALubeley@seyfarth.com>; Yang, Simon <syang@seyfarth.com>; Guerra, Blanca <BGuerra@seyfarth.com>
**Subject:** RE: Tipton v ATS

[EXT. Sender]

Meagan,

Thank you for your message. I believe the stipulation as discussed during our November 14 phone call is a moot point at this juncture, as we were not able to resolve the conditions that I was requesting in consideration of an extension to respond to Plaintiffs Complaint. However, please advise of a date and time either Monday 11/26 or Tuesday 11/27 that you might be available to further meet and confer on this matter. In regards to the deposition of my client, I will let you know her availability once I have had the opportunity to speak with her. Thank you.

Aaron Gbewonyo | Associate Attorney
225 Santa Monica Blvd | Santa Monica, CA 90401
Office: (310) 860-0770 | Facsimile: (310) 860-0771
agbewonyo@shegerianlaw.com | shegerianlaw.com

**SHEGERIAN & ASSOCIATES, INC.**
• PROTECTING YOUR RIGHTS •

Please do not print this e-mail unless absolutely necessary. CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are privileged and confidential and are intended for the sole use of the addressee(s). If you have received this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon it is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the Shegerian Law client privilege as to this communication or otherwise. If you have received this communication in error, please immediately delete it and contact us at privacy@shegerianlaw.com or by telephone at (310) 860-0770. Thank you.

-----Original Message-----
From: O'Dell, Meagan S. <modell@seyfarth.com>
Sent: Wednesday, November 21, 2018 4:38 PM
To: Aaron Gbewonyo <agbewonyo@shegerianlaw.com>
Cc: Lubeley, Aaron <ALubeley@seyfarth.com>; Yang, Simon <syang@seyfarth.com>; Guerra, Blanca <BGuerra@seyfarth.com>
Subject: Tipton v ATS

Aaron,
As we discussed on the phone and in our prior email, there are numerous issues with Plaintiff's Complaint as currently pled. As a result, we had to file our motion, since you declined to stipulate to the extension of time to respond that we had agreed to on the phone. Nonetheless, we continue to remain amendable to addressing the issues raised in our motion without the need for court intervention, so if you would like to discuss voluntarily addressing the issues raised by the motion, please feel free to reach out at your convenience.
We also received the notices of deposition you served which fail to comply with the federal rules. See FRCP 26(d)(1). We will be happy to work with you to schedule appropriate times and locations for any necessary depositions in accordance with the applicable rules. We also request that you please provide available dates for your client's deposition as well.
Best,
Meagan


Meagan S. O'Dell | Associate | Seyfarth Shaw LLP
601 South Figueroa Street | Suite 3300 | Los Angeles, California 90017-5793
Direct: +1-213-270-9649 | Fax: +1-310-551-8498 modell@seyfarth.com | http://www.seyfarth.com

[http://www.seyfarth.com/dir_docs/publications/SeyfarthRevisedLogo.gif]

_____

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.
_____

# EXHIBIT D

**O'Dell, Meagan S.**

| | |
|---|---|
| **From:** | Lubeley, Aaron |
| **Sent:** | Friday, December 7, 2018 6:56 PM |
| **To:** | Aaron Gbewonyo |
| **Cc:** | Yang, Simon; Guerra, Blanca; O'Dell, Meagan S.; Carney Shegerian; Anthony Nguyen |
| **Subject:** | RE: Tipton v ATS |

Yes it is.  But I can also have my assistant send a call in number.

**Aaron Lubeley** | Partner
Los Angeles - Downtown | Ext: 809636 (+1-213-270-9636)
alubeley@seyfarth.com

**From:** Aaron Gbewonyo <agbewonyo@shegerianlaw.com>
**Sent:** Friday, December 7, 2018 6:41 PM
**To:** Lubeley, Aaron <ALubeley@seyfarth.com>
**Cc:** Yang, Simon <syang@seyfarth.com>; Guerra, Blanca <BGuerra@seyfarth.com>; O'Dell, Meagan S. <modell@seyfarth.com>; Carney Shegerian <cshegerian@shegerianlaw.com>; Anthony Nguyen <anguyen@shegerianlaw.com>
**Subject:** RE: Tipton v ATS

**[EXT. Sender]**

Aaron,

I look forward to speaking with you on Wednesday, December 12 at 11. Is the (213) 270-9636 phone number the best number to reach you on that day?

Aaron Gbewonyo | Associate Attorney
225 Santa Monica Blvd | Santa Monica, CA 90401
Office: (310) 860-0770 | Facsimile: (310) 860-0771
agbewonyo@shegerianlaw.com | shegerianlaw.com

**SHEGERIAN & ASSOCIATES, INC.**
• P R O T E C T I N G   Y O U R   R I G H T S •

Please do not print this e-mail unless absolutely necessary. CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are privileged and confidential and are intended for the sole use of the addressee(s). If you have received this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon it is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the Shegerian Law client privilege as to this communication or otherwise. If you have received this communication in error, please immediately delete it and contact us at privacy@shegerianlaw.com or by telephone at (310) 860-0770. Thank you.

**From:** Lubeley, Aaron <[ALubeley@seyfarth.com](mailto:ALubeley@seyfarth.com)>
**Sent:** Friday, December 7, 2018 6:34 PM
**To:** Aaron Gbewonyo <[agbewonyo@shegerianlaw.com](mailto:agbewonyo@shegerianlaw.com)>
**Cc:** Yang, Simon <[syang@seyfarth.com](mailto:syang@seyfarth.com)>; Guerra, Blanca <[BGuerra@seyfarth.com](mailto:BGuerra@seyfarth.com)>; O'Dell, Meagan S. <[modell@seyfarth.com](mailto:modell@seyfarth.com)>; Carney Shegerian <[cshegerian@shegerianlaw.com](mailto:cshegerian@shegerianlaw.com)>; Anthony Nguyen <[anguyen@shegerianlaw.com](mailto:anguyen@shegerianlaw.com)>
**Subject:** RE: Tipton v ATS

Aaron,

Thank you for your email. I also received the voicemail you left at 5:30 pm.  I will be in San Francisco on Monday, but let's schedule a time to speak on Wednesday.   Let me know if 11 am works for you.

Regards,

Aaron

**Aaron Lubeley** | Partner | Seyfarth Shaw LLP
601 South Figueroa Street |  Suite 3300 | Los Angeles, California 90017-5793
Direct: +1-213-270-9636 | Fax: +1-310-282-6977
[alubeley@seyfarth.com](mailto:alubeley@seyfarth.com) | [www.seyfarth.com](http://www.seyfarth.com)



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Aaron Gbewonyo <[agbewonyo@shegerianlaw.com](mailto:agbewonyo@shegerianlaw.com)>
**Sent:** Friday, December 7, 2018 5:38 PM
**To:** Lubeley, Aaron <[ALubeley@seyfarth.com](mailto:ALubeley@seyfarth.com)>
**Cc:** Yang, Simon <[syang@seyfarth.com](mailto:syang@seyfarth.com)>; Guerra, Blanca <[BGuerra@seyfarth.com](mailto:BGuerra@seyfarth.com)>; O'Dell, Meagan S. <[modell@seyfarth.com](mailto:modell@seyfarth.com)>; Carney Shegerian <[cshegerian@shegerianlaw.com](mailto:cshegerian@shegerianlaw.com)>; Anthony Nguyen <[anguyen@shegerianlaw.com](mailto:anguyen@shegerianlaw.com)>
**Subject:** RE: Tipton v ATS

[EXT. Sender]

Aaron,

I attempted to reach you via telephone to discuss the matters you addressed in your email. I am more than happy to schedule an opportunity to do so next week. I will be out of the office Monday Morning, all day Tuesday,  and Thursday morning, however, I am otherwise available to discuss. Please advise of a date and time that you are available to discuss. I look forward to speaking with you.

**Aaron Gbewonyo** | Associate Attorney
225 Santa Monica Blvd | Santa Monica, CA 90401
Office: (310) 860-0770 | Facsimile: (310) 860-0771
agbewonyo@shegerianlaw.com | shegerianlaw.com

## SHEGERIAN & ASSOCIATES, INC.
• P R O T E C T I N G   Y O U R   R I G H T S •

Please do not print this e-mail unless absolutely necessary. CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are privileged and confidential and are intended for the sole use of the addressee(s). If you have received this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon it is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the Shegerian Law client privilege as to this communication or otherwise. If you have received this communication in error, please immediately delete it and contact us at privacy@shegerianlaw.com or by telephone at (310) 860-0770. Thank you.

**From:** Lubeley, Aaron <ALubeley@seyfarth.com>
**Sent:** Wednesday, December 5, 2018 8:53 PM
**To:** Aaron Gbewonyo <agbewonyo@shegerianlaw.com>
**Cc:** Yang, Simon <syang@seyfarth.com>; Guerra, Blanca <BGuerra@seyfarth.com>; O'Dell, Meagan S. <modell@seyfarth.com>; Carney Shegerian <cshegerian@shegerianlaw.com>; Anthony Nguyen <anguyen@shegerianlaw.com>
**Subject:** RE: Tipton v ATS

Aaron,

Always open to have a discussion. I was only trying to make you aware of the discrepancies between your declaration, the documents attached and the fact that we had not received the letter you indicated had been sent so you would address the issue without Court intervention.

We did receive the hard copy of the November 21 letter on Monday and were able to verify that a fax was received from your office on November 21. The fax cover indicated that it was sent to Seyfarth Shaw (without indicating a specific attorney) and referenced an unrelated matter. It did not get routed to any of the attorneys on the case. As I stated before, we would have been happy to meet and confer on the issue of remand prior to November 30, 2018 if we had received the correspondence or if you had discussed the grounds for remand with any attorney on the case. But that never occurred.

Also, I never accused you of meeting in conferring in "bad faith", simply that you never discussed grounds for a remand in any meet and confer letter or discussion. Hence, the representations you have made to the Court regarding this meet and confer are false and we wanted to give you an opportunity to correct them as required under the rules.

Specifically, the only discussion of "remand" we were aware of prior to your filing of the motion was the discussion you had with Ms. O'Dell wherein you asked to condition a stipulation related to addressing deficiencies in your complaint on our agreement to remand. You indicated a belief that a dismissal of the FMLA claim would remove the subject matter jurisdiction over the claims. However, since there is also an issue of diversity jurisdiction, Defendants rejected you proposed condition of remand for the stipulation. I also note that in your opposition to the motion to dismiss you did not even challenge our attack on the FMLA and CFRA leave claims (which your client has no legal basis to pursue) nor did you offer to dismiss those claims.

On November 21, 2018, we reached out to your office to further meet and confer regarding the motion to dismiss and to inform you that the deposition notices you served were in violation of the applicable federal rules. We offered to schedule the necessary Rule 26 conference so the parties could properly begin discovery. You responded on November 23, agreeing to meet and confer on the issue. That occurred by telephone on November 27, but nowhere in your email or that phone conversation was there a discussion of the grounds for a remand motion. Nor have you ever set forth what in detail what you believed you "specifically" discussed with Ms. O'Dell. The discussion certainly did not include the grounds for remand set forth in your motion. If you will not correct the record, then Ms. O'Dell will need to in her declaration (consistent with her obligations under Rule 11). It would be better to resolve this issue between the parties and not burden the Court if there is simply a misunderstanding or some sort of oversight on your part, but it does not appear you are willing to do so. We remain open to still working this out.

Most importantly, you do not seem willing to correct the false representation you made to the Court in your declaration related to the "meet and confer" letter you sent on November 21, 2018. You declared under penalty of perjury that you sent a letter on November 21, 2018 that **"informed counsel for defendants of the specific grounds in support of plaintiff's intended motion"**. The letter, attached as Exhibit 3, does not mention even a single ground for your motion to remand. It is not clear why you made this false statement under oath, but this is certainly a violation of Local Rule 7-3 and a violation of Rule 11. Local Rule 7-3 requires the parties to "discuss thoroughly" "the substance of the contemplated motion" and preferably in person prior to filing a motion. Rule 11(b)(3) requires that any "factual contentions have evidentiary support." There was no discussion of the substance of the contemplated motion and there is no evidentiary support for your position that the November 21 letter provided any substance. That is evident on the face of the letter. Accordingly, we believe your motion has been improperly filed based on a false declaration. We will not object to you filing an amended declaration and withdrawing and refiling your motion to correct this issue.

That said, I am available on Friday to meet and confer on the issue of remand. To help facilitate that process, I wanted to address the five general arguments you set out in your motion for remand (Motion at pp. 1 - 3.) since none of these arguments were previously raised. They are as follows:

      1.    <u>Defendant failed to establish the citizenship of the Plaintiff.</u>  Although we disagree with your position on this, you also admit in the brief that Plaintiff is a "Californian." With that admission, we are not sure why you are challenging domicile but happy to hear further from you on this issue.

      2.    <u>Trujillo, Doe and Plaintiff are all Californians so complete diversity does not exist.</u>  We have filed a motion to dismiss Trujillo as a sham defendant and Doe defendants are ignored for purposes of removal. As set forth in our motion, there are not sufficient allegations in the complaint to establish a claim against Trujillo. If you have facts that would indicate otherwise, please share those for us to consider.

3.      <u>Trujillo and Doe were not fraudulently joined.</u>  See point 2 above.

4.      <u>Defendants have failed to establish that plaintiff cannot amend her complaint to recover ultimately against Trujillo or Doe.</u>  We are not aware of any facts that would create liability for Trujillo (or any Doe defendant that must be ignored for removal purposes).  We will consider any facts that you would propose adding to establish liability.  You simply need to let us know what those facts are.

5.      <u>Defendants have failed to establish that the amount in controversy exceeds $75,000</u>.  We have submitted evidence establishing the amount in controversy.  Are you contending that the amount in controversy is less than $75,000?  If so, we will agree to stipulate to a remand of the matter to state court.  In the brief you indicate lost wages in the amount of $70,460, but suggest there is no evidence of damage for your client's claims for future wages, emotional distress damages, punitive damages. Although not addressed in your motion, there is also the issue of potential attorney fees, costs and interest.  We assume you believe all of these recoveries will be less than $5,000.  Please clarify your position.

We remain willing to work with you to resolve these issues.  Please let us know if you will be available on Friday to meet and confer.  Also, please suggest dates for our early meeting of counsel.

Regards,

Aaron

**Aaron Lubeley** | Partner | Seyfarth Shaw LLP
601 South Figueroa Street | Suite 3300 | Los Angeles, California 90017-5793
Direct: +1-213-270-9636 | Fax: +1-310-282-6977
alubeley@seyfarth.com | www.seyfarth.com



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Aaron Gbewonyo <agbewonyo@shegerianlaw.com>
**Sent:** Monday, December 3, 2018 10:56 AM
**To:** Lubeley, Aaron <ALubeley@seyfarth.com>
**Cc:** Yang, Simon <syang@seyfarth.com>; Guerra, Blanca <BGuerra@seyfarth.com>; O'Dell, Meagan S. <modell@seyfarth.com>; Carney Shegerian <cshegerian@shegerianlaw.com>; Anthony Nguyen <anguyen@shegerianlaw.com>
**Subject:** RE: Tipton v ATS

**[EXT. Sender]**

Aaron,

I was informed by my office that the correspondence was inadvertently not sent via email, however, it was in fact sent via facsimile and US mail. Attached is the  fax coversheet as confirmation. Also, please confirm whether you have not received a copy of the letter from my office via US mail, as you did not address receipt of that correspondence.

Your accusations that my attempts to meet and confer with Ms. O'Dell were in bad faith are false. We had conversations on more than one occasion to address the issues in both the improper removal of this case and the validity of the claims for purposes of dismissal. In regards to my phone communications with Ms. O'Dell, we did have conversations regarding a stipulation to allow your office the opportunity for additional time to respond, however, upon receipt of said stipulation, I pointed out that the terms of that agreement were not in fact what was discussed during my phone call with Ms. O'Dell. As a result, I requested that the appropriate changes be made, however, your office then refused to do so, later filing a notice of removal and motions to dismiss.

 Upon receiving notice of the removal and motions to dismiss by your office, I did in fact communicate my intent to file a motion to remand to Ms. O'Dell, stating the grounds for such motion, and informing her that we would seek relief in the form of leave to amend. Further, I did request, not demand, that she stipulate to agreeing to remand the case upon my office amending Plaintiff's complaint, at which time Ms. O'Dell made it abundantly clear that your office was not agreeable to doing so. Given the hard stance of your office, I informed Ms. O'Dell that we would be filing our opposition and motion to remand, as amending the complaint would not resolve all issues.

Although I would have hoped that this matter could have been resolved in previous communications with your office, I remain amenable to engaging in continued efforts to resolve this matter absent court intervention. Please advise of your soonest availability that we can discuss this matter. I look forward to speaking with you.

**Aaron Gbewonyo** | Associate Attorney
225 Santa Monica Blvd | Santa Monica, CA 90401
Office: (310) 860-0770 | Facsimile: (310) 860-0771
agbewonyo@shegerianlaw.com | shegerianlaw.com

## SHEGERIAN & ASSOCIATES, INC.
• PROTECTING YOUR RIGHTS •

Please do not print this e-mail unless absolutely necessary. CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are privileged and confidential and are intended for the sole use of the addressee(s). If you have received this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon it is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the Shegerian Law client privilege as to this communication or otherwise. If you have received this communication in error, please immediately delete it and contact us at privacy@shegerianlaw.com or by telephone at (310) 860-0770. Thank you.

**From:** Lubeley, Aaron <ALubeley@seyfarth.com>
**Sent:** Friday, November 30, 2018 6:57 PM
**To:** Aaron Gbewonyo <agbewonyo@shegerianlaw.com>
**Cc:** Yang, Simon <syang@seyfarth.com>; Guerra, Blanca <BGuerra@seyfarth.com>; O'Dell, Meagan S. <modell@seyfarth.com>; Carney Shegerian <cshegerian@shegerianlaw.com>; Anthony Nguyen <anguyen@shegerianlaw.com>
**Subject:** RE: Tipton v ATS

Aaron,

I just received a copy of your remand motion.  In my quick review, I was surprised to see the representation you made to the Court (both in the brief and your declaration) about your meet and confer attempts prior to filing the motion. The only discussion I was aware of regarding remand was your demand that we agree to remand in exchange for additional time to respond to the complaint and also conditioning the filing of an amended complaint (to address certain issues we raised) on an agreement to remand.  I never received any other basis as to why you believed remand was proper.

Attached to your declaration is a meet and confer letter from Carney Shegerian dated November 21, 2018, indicating it was sent to me, Mr. Yang and Ms. O'Dell by email, fax and regular mail.  The letter provides a deadline of today, November 30 to meet and confer on the issue of removal. I did not receive this letter (nor did anyone else in our office) and note that the listed email address for me is not accurate. It should be alubeley@seyfarth.com and not alubeles@seyfarth.com.  It appears the other email addresses are accurate. If you did email this letter to us, please forward that communication to me as soon as you can.  Also, we have not received this correspondence by fax or mail. I assume some clerical error may have occurred on your end, but I will ask our IT department to search for any communications received electronically by facsimile or email for all of the attorneys on the date you represented it was sent. I wanted to make you aware of the situation immediately in case you unwittingly made an inaccurate representation to the Court so it can be corrected.

Had any of us been aware of this letter, we would have gladly met and conferred with your office on the issue before today's indicated deadline.  In the declaration you filed you represented to the Court:  "I then contacted defendants' counsel, Seyfarth Shaw, by letter on November 21, 2018, and informed counsel for defendants of the specific grounds in support of plaintiff's intended motion."  But this representation is not accurate as the letter you attached provides no specific grounds for the motion. Perhaps the wrong letter was attached to your declaration. Once again, I point this out so you can correct any inaccurate representations made to the Court.

Finally, I understand that you had a meet and confer call with Ms. O'Dell on November 27 to discuss Defendants' motion to dismiss (see the email chain below).  My understanding is that, although you repeated the request that we stipulate to remand in order to agree to amend the complaint, you never discussed any remand motion you intended to file or the grounds for such motion. This is, once again, inconsistent with the representations you have made to the Court.

If you truly want to meet and confer in good faith about this issue, I will personally make myself available. I am hopeful that these inaccurate representations to the Court were simply an oversight, but felt it was my duty to notify you immediately of the issue so you can address appropriately.

Regards,

Aaron

**Aaron Lubeley** | Partner | Seyfarth Shaw LLP
601 South Figueroa Street | Suite 3300 | Los Angeles, California 90017-5793
Direct: +1-213-270-9636 | Fax: +1-310-282-6977
alubeley@seyfarth.com | www.seyfarth.com



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Aaron Gbewonyo <agbewonyo@shegerianlaw.com>
**Sent:** Friday, November 23, 2018 11:00 AM
**To:** O'Dell, Meagan S. <modell@seyfarth.com>
**Cc:** Lubeley, Aaron <ALubeley@seyfarth.com>; Yang, Simon <syang@seyfarth.com>; Guerra, Blanca <BGuerra@seyfarth.com>
**Subject:** RE: Tipton v ATS


<mark>[EXT. Sender]</mark>

Meagan,

Thank you for your message. I believe the stipulation as discussed during our November 14 phone call is a moot point at this juncture, as we were not able to resolve the conditions that I was requesting in consideration of an extension to respond to Plaintiffs Complaint. However, please advise of a date and time either Monday 11/26 or Tuesday 11/27 that you might be available to further meet and confer on this matter. In regards to the deposition of my client, I will let you know her availability once I have had the opportunity to speak with her. Thank you.


Aaron Gbewonyo | Associate Attorney
225 Santa Monica Blvd | Santa Monica, CA 90401
Office: (310) 860-0770 | Facsimile: (310) 860-0771
agbewonyo@shegerianlaw.com | shegerianlaw.com

# SHEGERIAN & ASSOCIATES, INC.

• PROTECTING YOUR RIGHTS •

Please do not print this e-mail unless absolutely necessary. CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are privileged and confidential and are intended for the sole use of the addressee(s). If you have received this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon it is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the Shegerian Law client privilege as to this communication or otherwise. If you have received this communication in error, please immediately delete it and contact us at privacy@shegerianlaw.com or by telephone at (310) 860-0770. Thank you.

-----Original Message-----
From: O'Dell, Meagan S. <modell@seyfarth.com>
Sent: Wednesday, November 21, 2018 4:38 PM
To: Aaron Gbewonyo <agbewonyo@shegerianlaw.com>
Cc: Lubeley, Aaron <ALubeley@seyfarth.com>; Yang, Simon <syang@seyfarth.com>; Guerra, Blanca <BGuerra@seyfarth.com>
Subject: Tipton v ATS

Aaron,
As we discussed on the phone and in our prior email, there are numerous issues with Plaintiff's Complaint as currently pled. As a result, we had to file our motion, since you declined to stipulate to the extension of time to respond that we had agreed to on the phone. Nonetheless, we continue to remain amendable to addressing the issues raised in our motion without the need for court intervention, so if you would like to discuss voluntarily addressing the issues raised by the motion, please feel free to reach out at your convenience.
We also received the notices of deposition you served which fail to comply with the federal rules. See FRCP 26(d)(1). We will be happy to work with you to schedule appropriate times and locations for any necessary depositions in accordance with the applicable rules. We also request that you please provide available dates for your client's deposition as well.
Best,
Meagan


Meagan S. O'Dell | Associate | Seyfarth Shaw LLP
601 South Figueroa Street | Suite 3300 | Los Angeles, California 90017-5793
Direct: +1-213-270-9649 | Fax: +1-310-551-8498 modell@seyfarth.com | http://www.seyfarth.com

[http://www.seyfarth.com/dir_docs/publications/SeyfarthRevisedLogo.gif]

_____

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying

of this communication is strictly prohibited.

_____