Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Anthony Nguyen, Esq., State Bar No. 259154
ANguyen@Shegerianlaw.com
Aaron Gbewonyo, Esq. State Bar No. 315889
AGbewonyo@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
225 Santa Monica Boulevard, Suite 700
Santa Monica, California 90401
Telephone Number: (310) 860-0770
Facsimile Number: (310) 860-0771

Attorneys for Plaintiff,
JAYME TIPTON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYME TIPTON,<br><br>　　Plaintiff,<br><br>vs.<br><br>AIRPORT TERMINAL SERVICES, INC., EDGAR TRUJILLO, MELISSA DOE, and DOES 1 to 100, inclusive,<br><br>　　Defendants. | Case No.: 2:18-cv-09503-AB-JEM<br><br>**The Honorable Andre Birotte, Jr.**<br><br>**PLAINTIFF JAYME TIPTON'S REPLY IN SUPPORT OF HER MOTION FOR AN ORDER TO REMAND TO STATE COURT**<br><br>(*Filed Concurrently with Declaration of Aaron Gbewonyo*)<br><br>Date: January 11, 2019<br>Time: 10:00 a.m.<br>Ctrm.: 7B<br><br>Action Filed: October 4. 2018 |

**TABLE OF CONTENTS**

**Page**

1. INTRODUCTION ..................................................................................................3

2. ARGUMENT........................................................................................................4

    A. Removal Statutes are Strictly Construed and The Court Has Authority to Remand This Matter to State Court............................................................4

    B. Defendants Fail to Satisfy *Their Heavy Burden* of Showing that Complete Diversity Existed at the Time of Removal. ..............................................5

    C. Defendants Have Failed to Show That The Amount in Controversy Exceeds $75,000.00............................................................................... 6

    D. Defendants Have Not Met Their High Burden in Establishing that Trujillo is a Sham Defendants on the Intentional Infliction of Emotional Distress Claim...........................................................................................................7

    D. Defendants have Failed to Meet Their heavy Burden of Establishing that Plaintiff Cannot Amend Her Complaint to Plead Sufficient Facts to Ultimately Recover Against Either of the Individual Defendants. ..................... 11

    E. Sanctions Are Warranted Against Defendants. ................................... 12

3. CONCLUSION.................................................................................................. 12

# TABLE OF AUTHORITIES

**Page**

### Cases

*Aguilar v. Avis Rent A Car Sys., Inc.,* 21 Cal.4th 121 (1999) ............ 10

*Albi, supra,* 140 F.2d at 312 ............ 9

*Alcorn v. Anbro Eng., Inc.,* 2 Cal.3d 493 (1970) ............ 8

*Ballesteros, supra,* 436 F.Supp.2d at 1072 ............ 9

*Birchtein v. New United Motor Manufacturing, Inc.,* 92 Cal.App.4th 994 (2001) ............ 10

*Bromwell v. Michigan Mutual Ins.,* 115 F.3d 208 (3rd Cir. 1997) ............ 5

*Brooks v. City of San Mateo,* 229 F.3d 917 (9th Cir. 2000) ............ 10

*Buckner v. FDIC,* 981 F.2d 816 (5th Cir. 1993) ............ 4

*California ex rel. Lockyer v. Dynergy, Inc.,* 375 F.3d 831 (9th Cir. 2004) ............ 6

*California ex. rel. Lockver v. Dynegy, Inc.* 375 F.3d 831 (9th Cir. 2004) ............ 5

*Carpenters Southern Ca. Admin. v. Majestic Housing,* 743 F.2d 1341 (9th Cir. 1984) ............ 6

*Circle Industries USA, Inc. v. Parke Construction Group, Inc.,* 183 F.3d 105 (2nd Cir. 1999) ............ 12

*Cramer v. Consolidated Freightways, Inc.,* 255 F.3d 683 (9th Cir. 2001) ............ 8

*Dee, supra,* 106 Cal.App.4th 30 ............ 10

*Dickinson v. Allstate Ins. Co.,* No. SACV 09-1374 AG, at *5-7 ............ 11

*Farmer v. United Brotherhood of Carpenters & Joiners,* 430 U.S. 290 (1977) ............ 8

*Fisher v. San Pedro Peninsula Hospital,* 214 Cal.App.3d 590 (1989) ............ 7, 8

*Hart v. National Mortg. & Land Co.,* 189 Cal.App.3d 1420 (1987) ............ 8

*Hughes v. Pair,* 46 Cal.4th 1035 (2009) ............ 7

*International Primate Protection League v. Administrators of Tulane Educ. Fund,* 500 U.S. 72 (1991) ............ 5

*Kenneth Rothschild Trust, supra,* 199 F.Supp.2d at 1001 ............ 6

*Kruso, supra,* 872 F.2d at 1426 ............ 9

PLAINTIFF'S REPLY ISO HER MOTION TO REMAND

*Lewis v. Time, Inc.,* 83 FRD 455, 460 (E.D. Cal. 1979), *affirmed* (9th Cir. 1983) ... 6

*McDaniel v. Gile,* 230 Cal.App.3d 363 (1991) ... 7

*Miller v. Diamond Shamrock Co.* 275 F.3d 414 (5th Cir. 2001) ... 5

*Moore-Thomas, supra,* 553 F.3d at 1243 ... 4

*Murray v. Oceanside Unified School Dist.,* 79 Cal.App.4th 1338 (2000) ... 8

*Myers v. Trendwest Resorts, Inc.,* 148 Cal.App.4th 1403 (2007) ... 8

*Padilla v. AT&T Corp.,* 697 F.Supp.2d 1156 (C.D. Cal. 2009) ... 11

*Plute, supra,* 141 F.Supp.2d at 1008 ... 9

*Prize Frize, supra,* 167 F.3d at 1265 ... 4

*Reed v. Ohio Sav. Bank*, 2016 U.S. Dist. LEXIS 168674 at *8 (C.D. Cal. 2016) ... 3

*Renteria v. County of Orange,* 82 Cal.App.3d 833 (1978) ... 8

*Shamrock Oil Corp v. Sheets,* 313 U.S. 100 (1941) ... 4

*Spencer v. United States Dist. Ct. for Northern Dist. of Calif. (Altec Industries, Inc.),* 393 F.3d 867 (9th Cir. 2004) ... 6

**Statutes**

28 United States Code § 1332 ... 5, 9

28 United States Code § 1441 ... 4, 5

28 United States Code § 1447(c) ... 4, 5

California Government Code § 12940(j)(1) ... 10

California Government Code §§ 12900-12996 ... 10

**Rules**

Local Rule 7-3 ... 4, 1, 2

PLAINTIFF'S REPLY ISO HER MOTION TO REMAND

## 1. INTRODUCTION

Contrary to Defendants' papers – which are replete of false assertions – Plaintiff's and Defendants' Counsels met and conferred on more than one occasion regarding Plaintiff's motion. While Defendants do not (and cannot) allege that Plaintiff is forum shopping, they attempt to color as such in their papers.

***First,*** Tipton reiterates that the "***strong presumption*** " *against removal jurisdiction* means that the ***defendant <u>always</u> has the burden*** of establishing that removal is proper" (*Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992)) *and that **fraudulent joinder must be shown by clear and convincing evidence*** " (*Reed v. Ohio Sav. Bank*, 2016 U.S. Dist. LEXIS 168674 at *8 (C.D. Cal. 2016)).

***Second***, Plaintiff's First and Sixth Causes of Action ("COA") plead sufficient facts to establish that individual Defendant, Edgar Trujillo ("Trujillo"), harassed and intentionally inflicted emotional distress upon Plaintiff. All of which was conveyed to Defendant during the parties meet and confer efforts. Instead of informing the Court of these relevant facts, Defendants' Counsel falsely assert that Plaintiff and Defendants' Counsels did not meet and confer about remanding this action to the proper forum.

Defendants' wholly misrepresent the discussions between the parties, whereby the parties initially met and conferred on November 14, 2018, to discuss Defendants perceived deficiencies in Plaintiff's Complaint. To which, Plaintiff informed Defendants of facts negating Defendants perceived deficiencies. The parties then discussed a potential stipulation. However, when Plaintiff received the stipulation drafted by Defendants, it was not indicative of their telephonic discussions. Plaintiff immediately informed Defendants of such. Declaration of Aaron Gbewonyo ("Gbewonyo Decl.") ¶ 5-11. Plaintiff's November 20, 2018 letter was sent to Defendants not in lieu of her responsibility to meet and confer pursuant to Local Rule 7-3. C.D. Cal. L.R. 7-3, but as a follow up, and in continued efforts to meet and confer following the parties November 14, 2018 phone call. On November 27, 2018, Plaintiff again proposed a stipulation whereby, Plaintiff would amend her Complaint, and Defendants would drop their Motion to Dismiss and agree to

remand this case back to state court. In response, Defendants stated although they were willing to consider a stipulation on the grounds for the Motion to Dismiss, they were not agreeable to remand this case. Defendants were then informed of Plaintiff's intent to file her Opposition to Defendants Motion to Dismiss and her Motion for Remand, given that it was clear the parties could not agree. Gbewonyo Dec., at ¶ 8.

What's more, after being informed that Defendants felt that ample discussion was not had on Plaintiff's Motion to Remand, even after two telephonic conversations on the matter, the parties again met and conferred a third time on December 13, 2018, for over an hour and a half in an attempt to remedy Defendants' concern, discussing all matters surrounding this issue and substantive concerns regarding this case that were raised by Defendants. Gbewonyo Dec., at ¶ 11. However, again, Defendants fail to give mention of any of such discussions in their Opposition.

Accordingly, Plaintiff respectfully request that this Court remand this case to the proper forum, the Los Angeles County Superior Court. In the alternative, if the Court finds that Plaintiff has not pled sufficient facts to allege claims against individual Defendants, Plaintiff respectfully requests leave to amend her Complaint.

**2. ARGUMENT**

**A. Removal Statutes are Strictly Construed and The Court Has Authority to Remand This Matter to State Court.**

A case filed in state court may be removed to federal court if the federal court would have original jurisdiction over it. 28 U.S.C. § 1441(a). A removed action must be remanded to state court *if the federal court lacks subject matter jurisdiction or if there is "any defect in the removal procedure."* 28 U.S.C. § 1447(c); *see also Buckner v. FDIC,* 981 F.2d 816, 820 (5th Cir. 1993). ***The party seeking removal has the burden of establishing federal jurisdiction, and the removal statute is strictly construed against removal.*** *Prize Frize, supra,* 167 F.3d at 1265; *Moore-Thomas, supra,* 553 F.3d at 1243. ***"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in***

*the first instance."* *Gaus, supra,* 980 F.2d at 566; *Moore-Thomas* at 1243. A federal court's jurisdiction under the removal statutes constitutes an infringement upon state sovereignty. *Shamrock Oil Corp v. Sheets,* 313 U.S. 100, 108-109 (1941). The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus, supra,* 980 F.2d at 566.

If a federal court lacks subject jursidiction over a particular action, the plain language of 28 U.S.C. section 1447(c) mandates that the matter be remanded to the state court from which it was removed, setting forth in pertinent part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The language of this section is mandatory; once the federal court determines that it lacks jursidiction, it must remand the case to the appropriate state court. *Bromwell v. Michigan Mutual Ins.,* 115 F.3d 208, 213 (3rd Cir. 1997); *International Primate Protection League v. Administrators of Tulane Educ. Fund,* 500 U.S. 72, 87 (1991). A motion for remand also lies to challenge procedural defects. 28 U.S.C. § 1447(c).

Here, Defendants have the burden to establish diversity jurisdiction, including establishing that they have complied with the procedural requirements for removal. (*California ex. rel. Lockver v. Dynegy, Inc.* 375 F.3d 831, 838 (9th Cir. 2004); *Miller v. Diamond Shamrock Co.* 275 F.3d 414, 417 (5th Cir. 2001).) Defendants have failed to comply with the strict removal statute and therefore this case should be remanded to State Court, the proper forum.

**B. Defendants Fail to Satisfy *Their Heavy Burden* of Showing that Complete Diversity Existed at the Time of Removal.**

As the removing parties, defendants have the *burden of proof* of showing the necessary elements of federal diversity court jurisdiction. *Gaus,* 980 F.2d at 566. Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. If a citizen who shares citizenship of the state of any plaintiff is a proper plarty to the action, there is no dviersity, and the district court lacks subject jursidiction under 28 U.S.C. section 1332,

defeating defendants' petition for removal. *See* 28 U.S.C. § 1441. Even if there is complete diversity, removal is allowed only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b); *Spencer v. United States Dist. Ct. for Northern Dist. of Calif. (Altec Industries, Inc.),* 393 F.3d 867, 870 (9th Cir. 2004).

Additionally, the party seeking removal not only must establish grounds for federal jursidiction, but bears the burden of establishing that it has complied with the procedural requirements to remove the case from state court. *California ex rel. Lockyer v. Dynergy, Inc.,* 375 F.3d 831, 838 (9th Cir. 2004). This includes the removing defendant's proving that the non-diverse defendant is a "sham." *Lewis v. Time, Inc.,* 83 FRD 455, 460 (E.D. Cal. 1979), *affirmed* (9th Cir. 1983). Placing such a strict burden on the party seeking removal reflects the notion that a plaintiff should be free to decide what law he or she will rely on. *Carpenters Southern Ca. Admin. v. Majestic Housing,* 743 F.2d 1341, 1343-1344 (9th Cir. 1984).

Here, Defendants conceded to the fact that "Plaintiff is, and at all times since the commencement of this action has been, a resident and citizen of the State of California for purposes of diversity. (Defendants Opposition) at 6:4-6. Additionally, Defendant Trujillo is a resident of Los Angeles, California. (Complaint, 2:14-2:27.) Defendants do not deny this fact in their opposition. Therefore, the residency of Airport Terminal Services is immaterial, as Defendants still lack a proper legal basis for removal because there is not complete diversity, inasmuch as plaintiff and Trujillo are both Californians. *ID*.

Thus, Defendants have failed to meet their heavy burden of establishing that complete diversity does exist.

### C. Defendants Have Failed to Show That the Amount in Controversy Exceeds $75,000.00

Defendants have presented *zero* evidence that the amount in controversy exceeds $75,000.00. Here, the amount in controversy is unclear from the face of the Complaint, other than that the amount demanded exceeds $25,000.00. (*See* Complaint, 15:12-13.) "If

the amount in controversy is not clear on the face of the complaint, . . . defendant must submit summary-judgment type evidence to establish that the actual amount in controversy exceeds $75,000." *Kenneth Rothschild Trust, supra,* 199 F.Supp.2d at 1001.

Defendants merely submitted a declaration from their own counsel that "On information and belief based on the documents reviewed pertaining to Plaintiff, Ms. Tipton was making approximately $16.73 per hour and $25.095 in over-time pay, as a part-time employee." Yet, they failed to attach paystubs, W-2 documents, or any document supporting their contention that Plaintiff allegedly earned $16.73 per hour, and $25.095 in overtime pay. They did, however, submit Plaintiff's *counsel's* representations and jury verdicts in *other cases;* they provide no actual summary judgment type of evidence to demonstrate that the amount in controversy exceeds the jurisdictional minimum. (*See* Notice of Removal, 11:23-12:18.)

Therefore, Defendants have failed to show that the amount in controversy Exceeds $75,000.00

**D. Defendants Have Not Met Their High Burden in Establishing that Trujillo is a Sham Defendants on the Intentional Infliction of Emotional Distress Claim.**

As was previously discussed, a cause of action for intentional infliction of emotional distress exists when there is:

> (1) [E]xtreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the Plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. A defendant's conduct is "outrageous" when it is so "extreme as to exceed all bounds of that usually tolerated in a civilized community." And the defendant's conduct must be "intended to inflict injury or engaged in with the realization that injury will result."

*Hughes v. Pair,* 46 Cal.4th 1035, 1050-1051 (2009). The extreme and outrageous character of the conduct in question may arise from an abuse by the act or position of another, or a relationship with the other, that gives him actual or apparent authority over

the other or power to affect his interests. *McDaniel v. Gile,* 230 Cal.App.3d 363, 373 (1991).

Additionally, *Fisher v. San Pedro Peninsula Hospital,* 214 Cal.App.3d 590, 617 (1989), found that FEHA inferred a large measure of emotional injury from harassment claims, as harassment is often inherently oppressive and malicious. The court stated that, given the employee's fundamental civil right to a discrimination-free work environment, by its very nature harassment is outrageous conduct because it exceeds all bounds of decency usually tolerated by a decent society. Further, if properly stated, harassment of a protected class would constitute the outrageous behavior element of a cause of action for intentional infliction of emotional distress. *Id.*

A plethora of other cases supports intentional infliction of emotional distress in several contexts that relate to the claims alleged here. In *Alcorn v. Anbro Eng., Inc.,* 2 Cal.3d 493, 496-499 (1970), an intentional infliction of emotional distress claim was held viable when a foreman allegedly fired the Plaintiff and hurled a racial epithet at him. Harassment in the work place, like that alleged here, also supports an intentional infliction of emotional distress claim. *Myers v. Trendwest Resorts, Inc.,* 148 Cal.App.4th 1403, 1426 (2007). Retaliation supports an intentional infliction of emotional distress claim. *Murray v. Oceanside Unified School Dist.,* 79 Cal.App.4th 1338, 1362 (2000). Discriminatory conduct has also been held to support a viable claim for intentional infliction of emotional distress. *Renteria v. County of Orange,* 82 Cal.App.3d 833, 834 (1978), *abrogated on other grounds* by *Hart v. National Mortg. & Land Co.,* 189 Cal.App.3d 1420 (1987). Moreover, intentional infliction of emotional distress may also lie in wrongful employment termination itself. *Farmer v. United Brotherhood of Carpenters & Joiners,* 430 U.S. 290, 306 (1977) (insulting and derogatory method of employment termination gives rise to IIED claim). Likewise, under California law, humiliation and anguish, according to proof, may satisfy the "severe" emotional distress element of intentional infliction of emotional distress. *Alcorn* at 498. Where reasonable minds differ, the trier of fact should determine whether the emotional distress rises to the level of "severe." *Id.*

Additionally, illegal conduct is *per se* outrageous. *See Cramer v. Consolidated Freightways, Inc.,* 255 F.3d 683, 697 (9th Cir. 2001).

Defendants do not dispute that the presence of Trujillo as an individual Defendant defeats diversity jurisdiction. Instead, Defendants rely on the assumption that Trujillo is a sham Defendant to support their improper removal, treating their position as a motion to dismiss the individual Defendant, and relying on case law to that effect. Of course, "a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Padilla, supra,* 697 F.Supp.2d at 1159. As is shown in Plaintiff's moving papers, as well as this Reply, Trujillo's presence is not a "sham," and thus his presence cannot be disregarded for purposes of removal.

Defendants' removal of this action is premised on the establishment of complete diversity under 28 U.S.C. section 1332, which requires that non-diverse Defendant, Trujillo, not defeat complete diversity. That much Defendants seem to acknowledge. What Defendants fail to do, however, is apply the correct standard to meet what has been recognized as a very heavy standard for establishing the presence of sham Defendants. Specifically, the Ninth Circuit considers a non-diverse Defendant a sham Defendant if, after all questions of facts and ambiguities in state law are resolved in the Plaintiff's favor, the Plaintiff could not possibly recover against the party whose joinder is being questioned. *Kruso, supra,* 872 F.2d at 1426. This is a *high standard,* as "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that Plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute, supra,* 141 F.Supp.2d at 1008. ***"[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant."*** *Padilla,* 697 F.Supp.2d at 1159 (emphasis added). Otherwise, even "where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the case in state court." *Ballesteros, supra,* 436 F.Supp.2d at 1072 , *quoting*

*Albi, supra,* 140 F.2d at 312.

Here, Defendants address the sham defendant issue by treating the analysis as if this were a motion to dismiss or a motion for summary judgment. This is an incorrect approach and underscores Defendants' lack of understanding of the removal process, highlighting their improper removal from its inception. Accordingly, while Defendants contend that the citizenship of a sham defendant is disregarded for purposes of determining diversity jurisdiction, such an analysis assumes the finding of sham defendants in the first place. Defendants cannot make such a showing here, and that requires that Plaintiff's Motion to Remand be granted.

Further, California courts, in interpreting FEHA, have repeatedly held that conduct far less than that alleged by Plaintiff constitutes a hostile work environment. The court in *Birchtein v. New United Motor Manufacturing, Inc.,* 92 Cal.App.4th 994, 1001-1002 (2001), ruled that a male co-worker's repeated acts of staring at his female co-worker after being rebuked in his prior advances constituted actionable harassment. Additionally, in *Dee, supra,* 106 Cal.App.4th 30, the court held that a *supervisor's single* ethnic slur, combined with other conduct, was sufficient to state a claim for a hostile work environment. Indeed, although in many cases a single offensive act by a co-employee is not enough to establish liability for a hostile work environment, *the result may very well be different when the act is committed by a supervisor. Brooks v. City of San Mateo,* 229 F.3d 917, 927, n. 9 (9th Cir. 2000). A Plaintiff does not even have to show an ageist comment to establish a hostile work environment. *See Aguilar v. Avis Rent A Car Sys., Inc.,* 21 Cal.4th 121 (1999).

Again, Plaintiff has set forth two viable causes of action against Trujillo (i.e., harassment and IIED). As such, Plaintiff sufficiently pled a cause of action for harassment in violation of California's Fair Employment and Housing Act ("FEHA") against non-diverse Defendant, Trujillo.

The FEHA makes it unlawful "[f]or an employer, . . . or any other person, because of . . . sex . . . to harass an employee . . . ." Cal. Gov. Code § 12940(j)(1). The FEHA further

provides that "[a]n employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the employee, regardless of whether the employer or covered entity knows or should have known of the conduct and fails to take immediate and appropriate corrective action." § 12940(j)(4)(A). Thus, FEHA provides a cause of action against individuals for harassment.

Moreover, Defendant Trujillo began a campaign of harassment and discrimination against Plaintiff after Plaintiff informed him of her disability and providing him a note from her doctor. Defendant Trujillo's harassment included repeatedly contacting and asking Plaintiff non-job-related questions, conduct which was "not necessary for performance of a supervisory job." Citing *Dickinson v. Allstate Ins. Co.,* No. SACV 09-1374 AG, at *5-7.

Further, Defendant Trujillo's treated Plaintiff differently after she was injured and required medical leave, thus intentionally inflicting emotion distress upon Plaintiff. As cited in Plaintiff's Motion to Remand, the question of whether Defendant Trujillo's conduct is outrageous is firmly a question for the jury, not for the court at the pleading stage. (MTR, p.11:6-9.). Therefore, Plaintiff's intentional infliction of emotional distress claim, as well as harassment claim, is actionable against Trujillo, and the Court should grant Plaintiff's Motion because Trujillo destroys complete diversity of parties, and remand this case back to the Los Angeles County Superior Court.

### D. Defendants have Failed to Meet Their heavy Burden of Establishing that Plaintiff Cannot Amend Her Complaint to Plead Sufficient Facts to Ultimately Recover Against Either of the Individual Defendants.

Defendants falsely assert that Plaintiff's Counsel failed to meet and confer on the above discussed issues, and thus, Plaintiff will be unable to amend her Complaint. ***First***, this assertion is patently ***false***, as Plaintiff has met and conferred with Defendants. ***Second***, although Plaintiff believes the operative Complaint is sufficient, should this Court find Plaintiff's operative Complaint in need of additional factual allegations, Plaintiff can amend her Complaint to cure any perceived deficiencies. Defendants have not met their

heavy burden of showing that Plaintiff cannot amend her Complaint. *See Padilla v. AT&T Corp.,* 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009) . Instead, Defendants falsely assert that the parties have not met and conferred.

Therefore, should this Court find that Plaintiff's Complaint requires additional facts, the Court should grant Plaintiff leave to amend as amending Plaintiff's Complaint will pose no prejudice to either party.

### E. Sanctions Are Warranted Against Defendants.

The statutory purpose of such an award of costs and attorneys' fees is to avoid the possibility of abuse, unnecessary expense, and harassment if a party removes a case improperly. *Circle Industries USA, Inc. v. Parke Construction Group, Inc.,* 183 F.3d 105, 109 (2nd Cir. 1999). Defendants have failed to prove they have an objectively reasonable basis for seeking removal. The facts above establish there is absolutely no reasonable basis on which to contend that any of the individual defendants were "sham" defendants. Accordingly, Defendants fail to meet their high burden for removal and should reimburse Plaintiff for the costs and fees associated with this properly based motion.

### 3. CONCLUSION

Plaintiff, Jayme Tipton, respectfully requests that: (1) the Court remand this action back to the state court; or, in the alternative (2) should the Court find Plaintiff's Complaint requires additional facts, the Court should grant her leave to amend her Complaint, and remand this action to State Court, because the amendment will relieve the Plaintiff's Complaint of diversity jurisdiction.

Dated: December 28, 2018     SHEGERIAN & ASSOCIATES, INC.

By: *Carney R. Shegerian*
Carney R. Shegerian, Esq.

Attorneys for Plaintiff,
JAYME TIPTON

-12-
PLAINTIFF'S REPLY ISO HER MOTION TO REMAND

**TIPTON v. ATS, et al.**                                   **USDC Case No. 2:18-cv-9503 AB (JEMx)**

## PROOF OF SERVICE

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 225 Santa Monica Boulevard, Suite 700, Santa Monica, California 90401.

On December 28, 2018, I served the foregoing document, described as **"PLAINTIFF JAYME TIPTON'S REPLY IN SUPPORT OF HER MOTION FOR AN ORDER TO REMAND TO STATE COURT,"** on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

**Aaron R. Lubeley, Esq.**
**Simon L. Yang, Esq.**
**Meagan Sue O'Dell, Esq.**
S<small>EYFARTH</small> S<small>HAW</small> LLP
**601 South Figueroa Street, Suite 3300**
**Los Angeles, California 90017-5793**

☒  **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 28, 2018, at Santa Monica, California.

_____
Jose Castro