SEYFARTH SHAW LLP
Aaron R. Lubeley (SBN 199837)
alubeley@seyfarth.com
Simon L. Yang (SBN 260286)
syang@seyfarth.com
Meagan Sue O'Dell (SBN 280086)
modell@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYME TIPTON,<br><br>   Plaintiff,<br><br>  v.<br><br>AIRPORT TERMINAL SERVICES, INC., EDGAR TRUJILLO, MELISSA DOE, and DOES 1 to 100, inclusive,<br><br>   Defendants. | Case No. 2:18-cv-9503 AB (JEMx)<br><br>*Assigned to Hon. Andre Birotte Jr.*<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS (FED. R. CIV. P. 12(b)(6))**<br><br>Date:    January 11, 2019<br>Time:    10:00 a.m.<br>Courtroom:   7B |

# TABLE OF CONTENTS

Page

SUMMARY OF REPLY ................................................................................................ 1

ARGUMENT ................................................................................................................. 1

I. LEGAL CONCLUSIONS COUCHED AS FACTUAL ALLEGATIONS ARE INSUFFICIENT. ........................................................................................ 1

    A. *Twombly* and *Iqbal* Require More than Mere Conclusory Statements. ......... 1

    B. The DFEH Complaint Also Would Fail to State Plausible Claims. ............... 3

II. ANY HARASSMENT OR IIED CLAIMS AGAINST TRUJILLO MUST BE DISMISSED. ..................................................................................................... 3

    A. Trujillo Cannot Be Liable for Receipt of a Doctor's Note (or Any Other Personnel Management Decision) ................................................................ 4

    B. Trujillo Cannot Be Liable Even When Considering Plaintiff's New Allegations that Trujillo Called Her During Her Leave. ............................... 7

    C. Trujillo Also Cannot Be Liable for IIED. ...................................................... 8

III. THE COMPLAINT FAILS TO STATE PLAUSIBLE CLAIMS AGAINST ATS. ............................................................................................................... 10

    A. Any CFRA or FMLA-Based Claims Must Be Dismissed, Since the Complaint Alleges Plaintiff Was Not Eligible for Any CFRA or FMLA-Based Benefits. ............................................................................................ 10

    B. Any Contract-Based Claims Also Must Be Dismissed, as the Opposition Seems to Concede that the Complaint Lacks Allegations of a Plausible Oral or Implied Contract to Terminate Only for Good Cause. ............................. 10

    C. Any Harassment or IIED Claims Against ATS Also Fail Due to the Lack of Any Severe or Pervasive Conduct and Due to Workers' Compensation Exclusivity. ................................................................................................. 13

IV. LEAVE TO AMEND SHOULD BE DENIED. .............................................. 14

CONCLUSION ............................................................................................................ 15

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Anderson v. Angelone,*
  86 F.3d 932 (9th Cir. 1996)..................................................................................3

*Ashcroft v. Iqbal,*
  556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)..............................1, 3

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).......................1, 2, 3

*Eclectic Props. E., LLC v. Marcus & Millichap Co.,*
  751 F.3d 990 (9th Cir. 2014)................................................................................2

*Erhart v. BofI Holding, Inc.,*
  269 F. Supp. 3d 1059 (S.D. Cal. 2017)............................................................12

*Estrada v. Gate Gourmet, Inc.,*
  2017 WL 2468773 (C.D. Cal. June 6, 2017) ............................................12, 13

*Gasumyan v. Travelers Cas. Ins. Co. of Am.,*
  2017 WL 3018070 (C.D. Cal. May 11, 2017) (Birotte Jr., J.).......................5

*Gordon v. City of Oakland,*
  627 F.3d 1092 (9th Cir. 2010)...........................................................................14

*Herd v. County of San Bernardino,*
  311 F. Supp. 3d 1157 (C.D. Cal. 2018) (Birotte Jr., J.) ...............................2, 3

*Illumina, Inc. v. Ariosa Diagnostics, Inc.,*
  2014 WL 3897076 (N.D. Cal. Aug. 7, 2014)....................................................3

*Lacayo v. Seterus, Inc.,*
  2017 WL 8115535 (C.D. Cal. Aug. 2, 2017)....................................................3

*Landucci v. State Farm Ins. Co.,*
  65 F. Supp. 3d 694 (N.D. Cal. 2014) ...............................................................12

*Levitt v. Yelp! Inc.,*
  765 F.3d 1123 (9th Cir. 2014).............................................................................2

*Ramirez v. Little Caesars Enters., Inc.,*
  2018 WL 5816107 (C.D. Cal. Nov. 2, 2018).........................................6, 7, 14

*Shue v. Optimer Pharm., Inc.,*
  2017 WL 3316259 (S.D. Cal. Aug. 1, 2017)...........................................11, 13

*Starr v. Baca,*
  652 F.3d 1202 (9th Cir. 2011).............................................................................2

*Swierkiewicz v. Sorema N.A.*,
    534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)..................................................1, 2

*Tam v. Qualcomm, Inc.*,
    300 F. Supp. 3d 1130 (S.D. Cal. 2018)..................................................................11

**State Cases**

*Aguilar v. Avis Rent A Car Sys., Inc.*,
    21 Cal. 4th 121 (1999)..................................................................................7

*Christensen v. Superior Court*,
    54 Cal. 3d 868 (1991)..................................................................................9

*Davidson v. City of Westminster*,
    32 Cal. 3d 197 (1982)..................................................................................9

*Drzewiecki v. H&R Block, Inc.*,
    24 Cal. App. 3d 695 (1972)............................................................................11

*Fiol v. Doellstedt*,
    50 Cal. App. 4th 1318 (1996)..........................................................................5

*Fisher*,
    214 Cal. App. 3d at 608...............................................................................7

*Foley v. Interactive Data Corp.*,
    47 Cal. 3d 654 (1988).................................................................................10

*Halvorsen v. Aramark Uniform Services, Inc.*,
    65 Cal. App. 4th 1383 (1998)..........................................................................11

*Janken v. GM Hughes Electronics*,
    46 Cal. App. 4th 64-65 (1996).......................................................................5, 9

*Lyle v. Warner Brothers Television Prods.*,
    38 Cal. 4th 264 (2006).................................................................................7

*Newfield v. Insurance Co. of the West*,
    156 Cal. App. 3d 440 (1984)..........................................................................11

*Potter v. Ariz. S. Coach Lines, Inc.*,
    202 Cal. App. 3d 126 (1988)...........................................................................9

*Roby v. McKesson Corp.*,
    47 Cal. 4th 686 (2009)..............................................................................6, 7

*Smith v. Int'l Bhd. Of Elec. Workers*,
    109 Cal. App. 4th 1637 (2003).........................................................................9

## SUMMARY OF REPLY

Plaintiff, Jayme Tipton, failed to allege enough facts in the Complaint to state plausible claims against Defendants Airport Terminal Services, Inc. and Edgar Trujillo. Rather than address the factual allegations in the Complaint, Plaintiff asks the Court to ignore both law and fact. The opposition first disregards well-established law and cites cases discussing inapplicable pleading standards. The opposition then ignores the few facts the Complaint alleged and instead argues legal conclusions state plausible claims.

Plaintiff, however, admits that numerous of her claims against ATS are improper and does not even attempt to argue against their dismissal in the opposition. Equally important, as Defendants explained in their opposition to Plaintiff's motion to remand, the one allegation about Trujillo—that he received a doctor's note from Plaintiff—fails to state a plausible claim for harassment or intentional infliction of emotional distress ("IIED") against the individual defendant. The few facts alleged in the Complaint show that Trujillo is a sham defendant.

## ARGUMENT

### I. Legal Conclusions Couched as Factual Allegations Are Insufficient.

#### A. *Twombly* and *Iqbal* Require More than Mere Conclusory Statements.

As Defendants explained, under federal pleadings standards "a formulaic recitation of the elements of a cause of action will not do." Dkt. 12-1 (Memorandum of Points and Authorities in Support of Motion to Dismiss) at 3:10-4:14 (citing FED. R. CIV. P. 8(a)(2) and quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In sum, a complaint must provide enough factual detail to make claims plausible, since "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

The opposition, however, argues that the Court may dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Dkt. 15 (Opposition to Motion to Dismiss) at 4:9-12 (citing

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)). As authorities abrogating the opposition's cited cases explain, "plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with [a lawful] alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996-97 (9th Cir. 2014) (acknowledging abrogation of *Swierkiewicz* and affirming dismissal of a complaint establishing only a "possible" entitlement to relief for failing to "nudge their claims across the line from conceivable to plausible"); *see also Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (citing *Swierkiewicz* and explaining a "complaint must allege factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *Starr v. Baca*, 652 F.3d 1202, 1215 (9th Cir. 2011) ("The juxtaposition of *Swierkiewicz* [and] *Twombly* [shows] that, in fact, the Court applied a higher pleading standard in [*Twombly*]. … [T]he factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.").

Indeed, as the Court has repeatedly stated, the applicable pleading standards require more than "a legal conclusion couched as a factual allegation" and "more than a sheer possibility that a defendant has acted unlawfully":

> [Rule] 8 requires a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must provide enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests. The complaint must also be plausible on its face, allowing the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but *it asks for more than a sheer possibility that a defendant has acted unlawfully. Labels, conclusions, and a formulaic recitation of the elements of a cause of action will not do.*
>
> Under Rule 12, a defendant may move to dismiss a pleading for failure to state a claim upon which relief can be granted. When ruling on the motion, a judge must accept as true all of the factual allegations contained in the complaint. But, a court is not bound to accept as true a legal conclusion couched as a factual allegation.

*E.g., Herd v. County of San Bernardino*, 311 F. Supp. 3d 1157, 1161-62 (C.D. Cal. 2018) (citations and quotations omitted) (Birotte Jr., J.) (emphasis added).

**B.     The DFEH Complaint Also Would Fail to State Plausible Claims.**

Plaintiff does not dispute that the motion to dismiss accurately summarized the few factual allegations in the Complaint. Dkt. 12-1 (Memorandum of Points and Authorities in Support of Motion to Dismiss) at 2:4-22. Rather than address the factual allegations in the Complaint, the opposition repeats legal conclusions that fail to state a plausible claim under *Twombly* and *Iqbal*, then asks the Court to consider Plaintiff's DFEH complaint for additional allegations. Dkt. 15 at 6:17-8:19.

The request fails to assist Plaintiff, as the allegations in the Complaint are at issue, the truth of any allegations in the DFEH complaint would not be judicially noticeable, and the DFEH complaint in any event offers no factual allegations. *First*, "[t]he [C]ourt generally may not consider materials other than facts alleged in the complaint and documents that are made a part of the complaint." *E.g., Herd*, 311 F. Supp. 3d at 1162 (quoting *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996)). *Second*, "[i]t is improper for a court to take judicial notice of an exhibit for the truth of the matters asserted therein." *E.g., Lacayo v. Seterus, Inc.*, 2017 WL 8115535, at *3 (C.D. Cal. Aug. 2, 2017) (quoting *Illumina, Inc. v. Ariosa Diagnostics, Inc.*, 2014 WL 3897076, at *5 (N.D. Cal. Aug. 7, 2014)) (Birotte Jr., J.). *Third*, even if the Court were to consider Plaintiff's DFEH complaint in ruling on the motion to dismiss, Plaintiff still would not have alleged factual allegations stating a plausible claim. Dkt. 15-1 (Declaration of Carney Shegerian) ¶¶ 5-7, Exs. 4-6 (DFEH Complaints). Instead, the DFEH Complaints contain the same legal conclusions as the Complaint asserts. Legal conclusions couched as factual allegations—whether in a complaint or DFEH complaint—do not state plausible claims.

**II.    Any Harassment or IIED Claims Against Trujillo Must Be Dismissed.**

While the Complaint is uncertain, Plaintiff more clearly states in the opposition that Plaintiff is "alleging claims of … harassment and IIED against [ATS and Trujillo]." Dkt. 15 at 4:13-15. Although the Complaint specifically identifies several individuals and their alleged conduct, all that it says about Trujillo is that Plaintiff provided him a doctor's note. Compl. ¶ 11(c).

3

As also explained in Defendants' opposition to Plaintiff's motion to remand, Trujillo is a fraudulently joined "sham defendant" and must be dismissed. *First*, the allegations in the Complaint—that Trujillo received a doctor's note—fail to state any claim against Trujillo. *Second*, Plaintiff's silence in response to Defendants' multiple requests that she provide any additional facts to support a plausible claim against Trujillo speaks volumes. *Third*, a new allegation first made in the motion to remand—that "Trujillo and others began to contact Plaintiff and ask her non-job-related questions while on leave," Dkt. 16 at 4:13-14—is neither alleged in the Complaint nor would support individual liability against Trujillo. Nor does Plaintiff allege what "non-job related questions" were asked or that they were improper or illegal. *Fourth*, even the new but still insufficient allegations about Trujillo in the motion to remand are supported only by purported "evidence" that suggest only that Plaintiff actually has no facts or evidence to support a plausible claim against Trujillo.

### A. Trujillo Cannot Be Liable for Receipt of a Doctor's Note (or Any Other Personnel Management Decision)

FEHA makes it unlawful for an "an employer ... or any other person," to harass an employee because of disability. Cal. Gov't Code § 12940(j)(1). Under FEHA, "harassment" includes: (a) verbal harassment, *e.g.*, epithets, derogatory comments or slurs on a prohibited basis; (b) physical harassment, *e.g.*, assault, impeding or blocking movement, or any physical interference with normal work or movement, when directed at an individual on a prohibited basis; or (c) visual forms of harassment, *e.g.*, derogatory posters, cartoons, or drawings. Cal. Code Regs. Tit. 2 § 11019(b)(1).

Significantly, California law distinguishes between discriminatory employment actions and harassment. Under FEHA, is it unlawful for "an employer" to discriminate, but it is unlawful for "an employer ... or *any other person*" to harass. Cal. Gov't Code §§ 12940-41 (emphasis added). Thus, only an employer—and not individuals—can be held liable for discriminatory employment actions, typically through a claim for employment discrimination. By contrast, an individual employee, in addition to an employer, can be held liable for harassment:

> [T]he Legislature intended that commonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment. These are actions of a type necessary to carry out the duties of business and personnel management. These actions may retrospectively be found discriminatory if based on improper motives, but in that event the remedies provided by the FEHA are those for discrimination, not harassment. Harassment, by contrast, consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management. This significant distinction underlies the differential treatment of harassment and discrimination in the FEHA.

*Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 64-65 (1996).

Here, even when alleged in Plaintiff's favor, the only action that the Complaint alleges against Trujillo is indisputably a management action—*he received a doctor's note*. Compl. ¶ 11(c). At best for Plaintiff, the allegation concerns the kind of "commonly necessary personnel management actions" that may give rise to a claim against an employer for employment discrimination, but that do not ordinarily give rise to a claim against another employee for harassment.[1]

As the Court has explained, a complaint that alleges an individual defendant was an employee of the employer defendant but "does not allege any specific conduct by [an individual defendant] … insofar as [the individual defendant] was involved in the misconduct alleged, it was as an employee of [the employer defendant] for which [the employer defendant], and not [the individual defendant] personally, may be held liable." *Gasumyan v. Travelers Cas. Ins. Co. of Am.*, 2017 WL 3018070, at *1-2 (C.D. Cal. May 11, 2017) (Birotte Jr., J.) (explaining "joinder [of individual defendant] was fraudulent because the FAC does not and cannot state a cause of action against [him]"). Here, the Complaint alleges even less specific conduct by Trujillo than the complaint in *Gasumyan* alleged by the

---

[1] Nor could there be liability against Trujillo for any failure to prevent others' harassment, since a supervisory employee is not liable under FEHA for failing to prevent harassment by another employee. *See Fiol v. Doellstedt*, 50 Cal. App. 4th 1318, 1331 (1996) (concluding "[a] non-harassing supervisor who fails to take action on a sexual harassment complaint by a subordinate has not engaged in personal conduct constituting harassment, but rather has made a personnel management decision which in retrospect may be considered inadequate or improper").

individual who the Court concluded to be a sham defendant. *Gasumyan*, 2017 WL 3018070, at *1-2) (denying motion to remand and considering complaint alleging that individual defendant affirmatively "represented to Plaintiff that an important fact was true" but "did not allege any other specific conduct" and "no other factual allegations are connected to him").

It is true that individuals supervisors *may* be liable for harassment where their personnel or management decisions "have a secondary effect of communicating a hostile message … when the actions establish a widespread pattern of bias." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 709 (2009). However, as the Court has explained:

> [T]hat management actions *can* be harassing or *can* be probative of harassment in some cases does not mean that this is such a case. Stated simply, viewing the complaint in the light most favorable to Plaintiff, the employment actions alleged in the complaint do not plausibly have "a secondary effect of communicating a hostile message." They appear to be precisely the routine personnel management activities attributable to the employer. …

*Ramirez v. Little Caesars Enters., Inc.*, 2018 WL 5816107, at *7-8 (C.D. Cal. Nov. 2, 2018) (quoting *Roby*, 47 Cal. 4th at 709) (Birotte Jr., J.). As the Court also explained in *Ramirez*, "[t]hreatening an individual with liability that should properly attach to his employer because it is based on employment-related activity subverts the logic of FEHA." *Ramirez*, 2018 WL 5816107, at *8.

Plaintiff errs in arguing that the California Supreme Court has found the "exact conduct" alleged in the Complaint to be outside normal "managerial" duties constituting harassment. Dkt. 15 at 8:22-9:6 (citing *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009)). The Complaint alleges *none* of the conduct addressed in *Roby*, which considered a plaintiff who had a medical condition that "caused her body to produce an unpleasant odor, and … open sores." *Roby*, 47 Cal. 4th at 695. A supervisor made fun of the plaintiff's odor, sores, and sweating, and he also did not give her "specialty food items, holiday gifts, and travel trinkets" regularly given to others. *Id.* Given that commenting on the plaintiff's body odor, sores, and sweating and excluding the plaintiff from trinket handouts was not work related at all, the California Supreme Court indicated that such conduct could not "fairly be

characterized as an official employment action." *Id.* at 709. Plaintiff alleges no facts in the Complaint suggesting any similar conduct.

Even when imagining what allegations Plaintiff could additionally allege, *Roby* would not support Plaintiff. Indeed, the California Supreme Court also recognized that courts have concluded that even verbal abuse in the workplace or "demeaning comments … were necessary personnel management actions, *not* acts of harassment." *Roby*, 47 Cal. 4th at 709 n.10 (emphasis added); *see also Lyle v. Warner Brothers Television Prods.*, 38 Cal. 4th 264, 295 (2006) ("[T]he FEHA is not a 'civility code' and is not designed to rid the workplace of vulgarity."). For example, *Roby* also considered allegations that the plaintiff was "singled out" and "effectively excluded [] from office parties by designating her to cover the office telephones" during office parties. *Roby*, 47 Cal. 4th at 695. Certainly, such conduct was neither "necessary," but it was personnel-management conduct and the result of an official employment action—the assignment of job duties. *Id.* at 707. As a result, the California Supreme Court concluded that even this "unnecessary" or "unfair" conduct did not properly support a claim for harassment. *Id.* Instead, because assigning Roby to cover the phones was work related, the conduct was related to an official employment action and would not support claims for harassment. *Id.*

Here, Defendants have repeatedly asked Plaintiff to explain how Trujillo could be liable based on the allegations in the Complaint. Her silence confirms only that Trujillo is a sham defendant in the remand context and a defendant subject to dismissal under Defendants' motion to dismiss.

  **B. Trujillo Cannot Be Liable Even When Considering Plaintiff's New Allegations that Trujillo Called Her During Her Leave.**

In her motion to remand, Plaintiff looks beyond the Complaint to attempt to state plausible claims against Trujillo by making up some conduct by Trujillo that would not be a personnel management decision. But to prevail on a hostile workplace claim premised on disability, a plaintiff must demonstrate that a defendant engaged in conduct that is sufficiently severe or pervasive to alter the conditions of a plaintiff's working environment.

7

*Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 130 (1999) (quoting *Fisher*, 214 Cal. App. 3d at 608).

As a result, even when considering the new allegation first made in the motion to remand that "Trujillo and others began to contact Plaintiff and ask her non-job-related questions while on leave," Dkt. 16 at 4:13-14, Plaintiff falls short of stating a cause of action against Trujillo. *First*, while the motion to remand purports to cite "evidence" to support the claim, Plaintiff cites only to her DFEH complaint, which like the Complaint here, fails to allege any specific let alone severe or pervasive conduct against Trujillo. *Second*, the new allegation is contrary to the Complaint, in which the only ATS employee alleged to have called Plaintiff is Shonta Henderson. *Third*, even when assuming the new allegation were credible (it is not), it still fails to allege severe or pervasive conduct that could constitute harassment. If Trujillo had called Plaintiff to ask her non-job-related questions about how her children were doing, the allegation would fail to support a plausible harassment claim. At best for Plaintiff, even if Trujillo had called to ask her about how her recovery was going, the allegation would fail to support a plausible harassment claim. Certainly, if Trujillo had engaged in any severe or pervasive conduct, Plaintiff could at least *allege* as much. Moreover, she would be expected to at least meet and confer about it. Her failures again confirm Trujillo is a sham defendant.

To the extent Plaintiff claims an amendment would reveal a parade of horribles attributable to Trujillo, the Complaint's allegations and Plaintiff's meet-and-confer efforts belie the claim. *First*, each time the Complaint alleges that Plaintiff spoke to a supervisor about her leave, it was not to Trujillo but to either a different supervisor, Neri, or her crew chief. Compl. ¶ 11. *Second*, despite Defendants repeated meet-and-confer requests that Plaintiff provide any facts or allegations to support how Trujillo could be liable, Plaintiff failed to say even one word.

**C. Trujillo Also Cannot Be Liable for IIED.**

To state a viable claim for IIED against Trujillo, Plaintiff must offer factual allegations demonstrating that: (1) *Trujillo* engaged in extreme and outrageous conduct with

8

52707910v.3

the intent to cause (or reckless disregard for the probability of causing) severe emotional distress; (2) Plaintiff suffered extreme or severe emotional distress; and (3) Trujillo's outrageous conduct was the actual and proximate cause of Plaintiff's distress. *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991). To constitute "outrageous," conduct Trujillo's conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (quoting *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982)). Additionally, Trujillo must have engaged in such conduct "with the realization that injury [would] result." *Id.* (quoting *Davidson*, 32 Cal. 3d at 210).

Just as management conduct does not constitute harassment, "a simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken*, 46 Cal. App. 4th at 80. "If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination." *Id.* As discussed above, Plaintiff's allegation against Trujillo is premised on personnel management action and does not support a claim for IIED.

As Defendants have already explained, there can be no individual liability of Trujillo under the doctrine of managerial immunity, as a matter of law. An employee cannot be sued for emotional distress for alleged managerial conduct. *See, e.g., Smith v. Int'l Bhd. Of Elec. Workers*, 109 Cal. App. 4th 1637, 1658 (2003) (holding that claim for emotional distress against manager failed, as a matter of law, because it was based on managerial conduct; "because the emotional distress claims arise out of conduct for which [the individual employee] cannot be held personally liable it follows he cannot be held liable for the emotional distress claims either"); *Janken*, 46 Cal. App. 4th at 79-80 (reiterating that an individual managerial employee cannot be liable for intentional infliction of emotional distress for conduct committed within the employment relationship).

Moreover, because these alleged employment decisions occurred within the context of an employment relationship, any IIED claim based on these actions is barred by the California Workers' Compensation Act's exclusive remedies provision. *See Potter v. Ariz. S. Coach Lines, Inc.*, 202 Cal. App. 3d 126, 133 (1988). And, just as Trujillo's alleged actions

(whether in the Complaint or in the motion to remand) were not of the quality or quantity to support a claim for harassment, they are also not outrageous or so extreme as to exceed all bounds of that usually tolerated in a civilized community.

### III. The Complaint Fails to State Plausible Claims Against ATS.

#### A. Any CFRA or FMLA-Based Claims Must Be Dismissed, Since the Complaint Alleges Plaintiff Was Not Eligible for Any CFRA or FMLA-Based Benefits.

Any CFRA or FMLA-based causes of action must be dismissed as a matter of law, since the Complaint concedes Plaintiff was not eligible for such claims. As Defendants explained, eligibility for CFRA or FMLA benefits requires an individual to have been employed for a period of twelve months and to have worked at least 1,250 hours. Dkt. 12-1 at 5:20-6:5 (citing 29 C.F.R. § 825.110; 29 U.S.C. § 2611(2)). Here, the Complaint admits that Plaintiff did not meet these requirements. *Id.* (citing Compl. ¶¶ 8, 12 (alleging Plaintiff began her employment in October 2016 and ended her employment in May 2017—a period of approximately seven months).

During meet-and-confer discussions, Plaintiff did not dispute that Plaintiff did not meet the requirements for eligibility for CFRA or FMLA-based claims. *E.g.*, Dkt. 16-1 (Declaration of Aaron Gbewonyo) Ex. 2 (acknowledging that an amended complaint would "exclude FMLA/CFRA under her first causes of action"). Nor does the opposition argue otherwise. Accordingly, any CFRA or FMLA-based must be dismissed, since the Complaint admits Plaintiff was not eligible for CFRA or FMLA benefits.[2]

#### B. Any Contract-Based Claims Also Must Be Dismissed, as the Opposition Seems to Concede that the Complaint Lacks Allegations of a Plausible Oral or Implied Contract to Terminate Only for Good Cause.

Any contract-based claims must be dismissed, since the Complaint fails to at least allege facts to overcome the presumption of at-will employment and make an express or implied employment agreement to terminate only for good cause plausible. Dkt. 12-1 at 10:1-24 (citing *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 682 (1988) (explaining an

---

[2] To the extent any of Plaintiff's other claims are predicated on a CFRA or FMLA violations, these claims also fail and must be dismissed.

10

employee has the burden of proof to show an agreement not to terminate without good cause and thus to rebut the statutory presumption of at-will employment)).

### 1. No oral contract is plausible.

The Complaint lacks factual allegations to make plausible the existence of an oral contract. Dkt. 12-1 at 11:1-13:8 (citing *Tam v. Qualcomm, Inc.*, 300 F. Supp. 3d 1130, 1145-46 (S.D. Cal. 2018) ("Plaintiff's statement that there was 'a contract of employment' is a legal conclusion. There are no facts, for example, that the parties agreed to an express contract, i.e., if there were terms when Plaintiff was hired or what those terms might have been. The Court finds that, as pled, there was no express contract and that the statutory presumption of an at-will contract applies.").

The opposition does not even attempt to argue that unspecified and insufficient "oral assurances of continued employment" created an oral contract. As Defendants explained, well-established law has already established that such "assurances of continued employment" are nothing more than an at-will employment contract, as a matter of law. Dkt. 12-1 at 12:3-19 (citing *Halvorsen v. Aramark Uniform Services, Inc.*, 65 Cal. App. 4th 1383, 1389 (1998) (affirming that plaintiff did not overcome the presumption of at-will employment with vague assurances of continued employment; "an alleged oral contract with vague and uncertain terms is not binding").[3]

As a result, any claims based on an alleged oral contract must be dismissed. Dkt. 12-1 at 12:20-13:5 (citing *Shue v. Optimer Pharm., Inc.*, 2017 WL 3316259, at *7 (S.D. Cal. Aug. 1, 2017) (granting motion to dismiss; "Plaintiff did not offer any context for [his employer's] statement, nor did Plaintiff allege any facts regarding the implicit assurances he claimed to

---

[3] *Accord Newfield v. Insurance Co. of the West*, 156 Cal. App. 3d 440, 443 (1984) (explaining a plaintiff could not show an implied contract based on a promise that he would have "a permanent career;" "this type of promise has been considered by the courts in California and has been found to create only a contract terminable at will"); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 702, 704-705 (1972) ("Contracts which purport to give a person permanent employment through the use of such phrases as 'for life,' or 'for so long as the employee chooses,' or 'so long as the employee's work is satisfactory,' without nothing more, are for an indefinite period and are terminable at the will of either party.).

11

have received. [While] Plaintiff asserts he 'had a personal understanding that he would be permitted to remain in his position with [his employer] as long as he did not engage in any misconduct that would justify termination for cause.' But he does not include any facts to support his personal understanding.").

### 2. No implied contract is plausible.

The Complaint also lacks factual allegations to make plausible the existence of an implied contract. Dkt. 12-1 at 13:9-15:10. As Defendants explained, the Complaint at best alludes to "the length of Plaintiff's employment," "Defendant's actual practice," and "the industry standard" without providing any factual allegation to explain how the assertions would support the plausible existence of an implied contract to terminate only for good cause. Compl. ¶ 37.

The opposition does not even attempt to address the case law cited in Defendants' motion to dismiss that explains why the Complaint's conclusory assertions do not state plausible claims. *First*, "the length of Plaintiff's employment"—which the Complaint alleges to be less than a year—fails to support the existence of any implied contract. Dkt. 12-1 at 13:26-14:8 (citing *Estrada v. Gate Gourmet, Inc.*, 2017 WL 2468773, at *7 (C.D. Cal. June 6, 2017) ("Plaintiff worked for Defendant for less than one year, so longevity of service weighs against a finding overcoming the presumption.")).[4] *Second*, courts have already rejected attempts to make implied contract claims plausible by mere reference to "Defendant's actual practice" or "the industry standard." Dkt. 12-1 at 14:9-18 (citing *Erhart v. BofI Holding, Inc.*, 269 F. Supp. 3d 1059, 1082 (S.D. Cal. 2017) (granting motion to dismiss; explaining that when plaintiff "does not detail any factual allegations about [the employer's] employment policies or procedures or the norms within the financial industry that support an inference that [the employer's] termination rights were limited by an implied contract … . [The plaintiff] cannot rely on an implied contract theory to support his

---

[4] *Cf. Landucci v. State Farm Ins. Co.*, 65 F. Supp. 3d 694, 713-14 (N.D. Cal. 2014) (dismissing implied contract claim for 20-year employee since "longevity of service and good performance reviews alone are not enough to prove the existence of an implied contract").

12

claim.")). *Third*, even in situations when factual allegations assert a general policy or industry practice to terminate only for good cause, courts routinely dismiss implied contract claims when such allegations are untethered to any basis for a reasonable inference that such practice or standard manifested an intent to alter the plaintiff's presumed at-will employment status. Dkt. 12-1 at 14:19-26 (citing *Shue*, 2018 WL 1116567, at *3 ("[T]he mere fact that the pharmaceutical industry may have an industry practice of not terminating researchers and management without cause does not, in it of itself, plausibly describe [the employer's] intention to change Plaintiff's admittedly at-will employment status.")).

Indeed, like in other cases involving wrongful termination claims against airline industry employers, any claims based on an alleged implied contract must be dismissed. Dkt. 12-1 at 14:19-26 (citing *Estrada*, 2017 WL 2468773, at *7 (dismissing implied employment agreement claims against employer in airline service industry)).

### C. Any Harassment or IIED Claims Against ATS Also Fail Due to the Lack of Any Severe or Pervasive Conduct and Due to Workers' Compensation Exclusivity.

For several of the same reasons that the Complaint fails to state claims against Trujillo for harassment or IIED, the Complaint also fails to state claims against ATS for harassment or IIED. Indeed, even when looking beyond Trujillo's conduct to include any alleged acts by other supervisors, the allegations within the Complaint remain the same.[5] While ATS, as an employer, theoretically may be liable for harassment claims under FEHA, it cannot be liable for harassment here, since the Complaint still fails to allege any conduct that would be severe or pervasive for a plausible harassment claim. Likewise, while managerial immunity may not apply to ATS for IIED claims, it nonetheless cannot be liable for IIED since the California Workers' Compensation Act's exclusive remedies provision still applies.

---

[5] In fact, Plaintiff merely attributes others' acts to Trujillo to attempt to prevent his dismissal as a fraudulently joined sham defendant. The analysis for the motion to dismiss thus remains the same, regardless of whether the Court considers allegation of Trujillo or any other individuals' conduct.

13

## IV. Leave to Amend Should Be Denied.

Defendants have been meeting and conferring and attempting to narrow this case to any plausible claims. Plaintiff's continuous failure or refusal to amend voluntarily to eliminate improper claims—or at least to amend to allege additional facts—supports Defendants' request to grant the motion to dismiss, *without leave to amend.*

Indeed, Defendants have attempted to meet and confer with Plaintiff regarding the deficiencies in the Complaint for more than six weeks. Dkt. 20-1 (Declaration of Meagan Sue O'Dell) ¶ 2. Defendants also have invited Plaintiff to amend the Complaint for more than six weeks. *Id.* ¶¶ 2, 4, 10. Despite requesting that Plaintiff provide Defendants with any alleged, potential additional facts that would support her claims, Plaintiff has not identified any facts, either formally in the opposition or her motion to remand or informally during meet-and-confer discussions. *Id.*

Even for the claims that she concedes are improper (and that she fails to at all address in the opposition), Plaintiff believes it is her right to require motion practice. Leave to amend, however, is not a matter of right. *E.g., Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (explaining "leave may be denied if amendment of the complaint would be futile"). For the reasons discussed above, numerous claims should not only be dismissed but should be dismissed without leave to amend.

Moreover, the liberal policy under Rule 15 generally favoring leave to amend applies only "*when justice so requires.*" FED. R. CIV. P. 15(a)(2). Here, for the claims against Trujillo in particular, the paucity of allegations in the Complaint and Plaintiff's inability to otherwise articulate any specific conduct that would make Trujillo's liability plausible (whether during meet-and-confer discussions, in Plaintiff's motion to remand, or in the opposition to Defendants' motion to dismiss), make clear that Trujillo has been fraudulently joined as a sham defendant. Contrary to the opposition's arguments that Plaintiff does not request leave to amend in bad faith, efforts to amend to allege claims against sham defendants are not good-faith litigation. Dkt. 15 at 13:11-18. *E.g., Ramirez*, 2018 WL 5816107, at *8 ("[I]t appears that a plaintiff has haled two non-diverse individual defendants

into court based on unviable state law claims, simply to secure a state court forum. … Plaintiffs who engage in such tactics should not be rewarded with their preferred forum.").[6]

Given that Plaintiff either cannot or refuses to add factual allegations, this Court should grant Defendants' motion to dismiss without leave to amend.

## CONCLUSION

For all of the reasons stated above and in Defendants' opposition to Plaintiffs' motion to remand, the Court should grant Defendants' motion to dismiss, without leave to amend.

DATED: December 28, 2018

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ Aaron R. Lubeley
Aaron R. Lubeley
Simon L. Yang
Meagan Sue O'Dell

Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.

---

[6] Moreover, given the absence of any opposition at all to the dismissal of certain claims, any delay caused by leave to amend would be an undue delay. Dkt. 15 at 13:11-18 (claiming no undue delay by granting leave to amend).