1  SEYFARTH SHAW LLP
   Aaron R. Lubeley (SBN 199837)
2  alubeley@seyfarth.com
   Simon L. Yang (SBN 260286)
3  syang@seyfarth.com
   Meagan Sue O'Dell (SBN 280086)
4  modell@seyfarth.com
   601 South Figueroa Street, Suite 3300
5  Los Angeles, California 90017-5793
   Telephone:  (213) 270-9600
6  Facsimile:   (213) 270-9601
   Attorneys for Defendant
7  AIRPORT TERMINAL SERVICES, INC.

8  SHEGERIAN & ASSOCIATES, INC.
   Carney R. Shegerian (SBN 150461)
9  cshegerian@shegerianlaw.com
   Anthony Nguyen (SBN 259154)
10 anguyen@shegerianlaw.com
   Aaron Gbewonyo (SBN 315889)
11 agbewonyo@shegerianlaw.com
   225 Santa Monica Blvd., Suite 700
12 Santa Monica, California  90401
   Telephone:  (310) 860-0770
13 Facsimile:   (310) 860-0771

14 Attorneys for Plaintiff
   JAYME TIPTON
15

16                UNITED STATES DISTRICT COURT

17                CENTRAL DISTRICT OF CALIFORNIA

18

19 | JAYME TIPTON, | Case No. 2:18-cv-09503-AB-JEM |
   |---|---|
   | Plaintiff, | *Assigned to Hon. André Birotte Jr.* |
   | v. | **JOINT STATUS REPORT** |
   | AIRPORT TERMINAL SERVICES, INC., and DOES 1 to 100, inclusive, | |
   | Defendants. | Date:  March 1, 2019<br>Time:  10:00 a.m.<br>Courtroom:  7B |

Plaintiff Jayme Tipton ("Plaintiff"), and Defendant, Airport Terminal Services, Inc. ("Defendant"), submit this Joint Rule 26(f) Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP"), Central District of California Local Rule ("LR") 26-1, and this Court's Scheduling Order.

## I. STATEMENT OF THE CASE

### A. Plaintiff's Statement

This case involves the wrongful termination lawsuit of Plaintiff, Jayme Tipton, filed against her former employers for the following claims: (1) Breach of implied-in-fact contract not to terminate without good cause; (2) negligent hiring, supervision, and retention; (3) wrongful termination of employment in violation of public policy; (4) intentional infliction of emotional distress; (5) discrimination on the basis of disability in violation of FEHA; (6) harassment on the basis of disability in violation of FEHA; (7) retaliation for complaining of disability discrimination and/or harassment in violation of FEHA; (8)Failure to provide reasonable accommodation in violation of FEHA; (9) Failure to engage in the Interactive process; (10) Discrimination, harassment and retaliation in violation of FEHA.

Plaintiff was an employee who suffered from a physical disability to her harm while employed with defendants. Plaintiff requested medical leave and accommodations due to her disability. Plaintiff informed defendants of her injury and that she was being placed on leave by her doctor. Throughout her leave, plaintiff provided defendant with proof of her disability, including information related to her diagnosis and specific condition, every two to four weeks. While on leave, plaintiff was contacted by defendants, and informed that she must resign because she had taken too much time off for her disability. When plaintiff refused to resign, she was informed that she would be terminated. Plaintiff was subsequently terminated in response to her refusal to resign.

**B. Defendant's Statement**

In October 2016, Plaintiff began working for Defendant as a groomer. Plaintiff prepared the airplane cabin by cleaning it in advance of the flight. Plaintiff struggled with consistent attendance, and often asked to leave her shift early.

In April 2017, Plaintiff advised Defendant that she injured her arm in a non-work related injury. Defendant accommodated her with time off for treatment, but she failed to provide doctor's notes, which prompted Defendant's inquiry into her status. At the beginning of May, 2017, Plaintiff indicated that she was still unable to return to work.

Due to Plaintiff's short time with Defendant, she did not qualify for protected leave and Defendant could no longer accommodate her absence. As such, Plaintiff's employment with Defendant was terminated in May 2017, and she was encouraged to reapply once she was medically cleared to return to work. Plaintiff never applied for another position, or even advised Defendant that she was cleared to return to work.

Instead, Plaintiff changed her story to contend that she suffered an on the job injury and she filed a Workers' Compensation claim. Plaintiff then retained her counsel in this action, who sent a demand letter in January 2018. Plaintiff then filed this lawsuit.

**II. SUBJECT MATTER JURISDICTION**

This action was initially filed in California state court. Defendant removed this action under 28 U.S.C. sections 1332 and 1441, based on diversity jurisdiction.

**III. LEGAL ISSUES**

The parties anticipate that the key legal issues in the case or other issues on which motions may be filed are as follows:

1. Whether an implied-in-fact contract not to terminate without good cause existed;

2. Whether Defendant wrongfully terminated Plaintiff's employment;

3. Whether Plaintiff was disabled;

4. Whether Plaintiff was unlawfully harassed, discriminated, and/or retaliated against due to her alleged disability;

5. Whether a reasonable accommodation was available;

6. Whether Plaintiff suffered emotional distress due to Defendant's actions;

7. Whether Plaintiff suffered any damages as a result of Defendant's actions;

8. Whether Defendant acted with malice.

## IV. PARTIES AND NON-PARTY WITNESSES

**A.** **Plaintiff:** Jayme Tipton, Shonta Henderson, Moses Gillian, Melissa Celestine, Damian Neri, Chris Luna, Edgar Trujillo.

**B.** **Defendant:**

Defendant identifies as potential witnesses the following individuals:

1. Plaintiff.
2. Edgar Trujillo.
3. Moses Guillen.
4. Shonta Henderson.
5. Ora Beasley.
6. Deon Brown.
7. Plaintiff's medical providers.
8. Plaintiff's subsequent employers.

## V. DAMAGES

Defendant denies that Plaintiff suffered any damages as a result of its conduct.

## VI. INSURANCE

Defendant is unaware of any potential insurance for this matter.

## VII. MOTIONS

Plaintiff has informed Defendant that she agrees to file a Second Amended Complaint to remove paragraph 38(f) and her cause of action for Breach of Oral Contract.

Defendant anticipates filing a Motion to Dismiss as to Plaintiff's claims for: (1) Breach of Implied-in-Fact Contract, (2) Negligent Hiring, Supervision, and Retention; (3) Intentional Infliction of Emotional Distress; (4) Harassment; and (5) Failure to Prevent

4

Discrimination, Harassment, and Retaliation. Defendant intends to file its Motion on February 19, 2019.

Defendant also anticipates filing a motion to bifurcate the liability and damages phases of trial.

Plaintiff anticipates filing a motion to bifurcate punitive damages.

Both Plaintiff and Defendant reserve the right to file discovery motions and motions in limine as needed.

## VIII. DISPOSITIVE MOTIONS

Defendant may file a Motion for Summary Judgment or Adjudication in compliance with the timeline provided in this Court's Scheduling Order.

## IX. MANUAL FOR COMPLEX LITIGATION

The parties do not believe that this case is sufficiently complex such that all or part of the procedures of the Manual for Complex Litigation should be utilized.

## X. STATUS OF DISCOVERY

The parties have not yet engaged in discovery. However, Defendant requested dates for Plaintiff's deposition in late March/early April 2019. Plaintiff requested dates for the depositions of non-party witnesses in late April/early May 2019.

## XI. DISCOVERY PLAN

### A. Initial Disclosures

The parties do not believe that any changes should be made in the timing, form or requirement for disclosures under Rule 26(a). The parties will exchange their Initial Disclosures required by Rule 26(a)(1) by the February 22, 2019 deadline.

### B. Discovery in Phases

The parties do not believe that discovery should be conducted in phases or limited to or focused upon particular issues.

**C.     Protective Order**

The parties further acknowledge that a Protective Order is necessary. The parties are meeting and conferring on a draft Protective Order.

**D.     Electronic Discovery**

The parties at this time do not anticipate any disputes relating to the disclosure or discovery of electronically stored information. The parties anticipate that they will be able to meet and confer in good faith and agree to appropriate measures for the production of electronically stored information (e.g., file formats that are subject to discovery, search protocols and terms, etc.), if any. In addition, each party represents that it has taken and will continue to take reasonable steps to preserve any discoverable information.

**E.     Discovery Topics**

Subjects on which the parties currently anticipate the need for discovery include, but are not limited to, those listed below. The parties reserve the right to seek discovery on other topics that may be relevant to the issues in this case, as discovery unfolds and the parties' legal theories develop.

1. **Plaintiff:**
   a. Plaintiff's termination decision.
   b. Persons involved in plaintiff's termination decision.
   c. Policy regarding plaintiff's termination decisions.

2. **Defendant:**
   a. Alleged breach of implied-in-fact contract;
   b. Plaintiff's alleged disability;
   c. Plaintiff's alleged need for accommodation;
   d. Plaintiff's allegations of discrimination, harassment, and retaliation and alleged reporting of the same;
   e. Plaintiff's receipt of wages;
   f. Plaintiff's alleged emotional distress;

  g. Plaintiff's mitigation efforts; and

  h. Plaintiff's alleged damages.

## XII. DISCOVERY CUT-OFF

Plaintiff agrees to March 4, 2020, as the fact discovery cut-off date.

Defendant proposes January 3, 2020, as the fact discovery cut-off date.

## XIII. EXPERT DISCOVERY

Plaintiff agrees that non-expert discovery should proceed before expert discovery.

Defendant proposes an initial expert disclosure on January 10, 2020, and rebuttal expert disclosure on January 17, 2020. Defendant proposes February 7, 2020, as the expert discovery cut-off date.

## XIV. SETTLEMENT CONFERENCE/ADR

The parties agree to the Court's free mediation program. At present, the parties are discussing whether to proceed to private mediation.

## XV. TRIAL ESTIMATE

### A. Plaintiff:

Plaintiff suggests that trial be scheduled for May 19, 2020, and the Pre-Trial Conference be scheduled for May 1, 2020. Plaintiff anticipates a 10-14 day trial.

### B. Defendant:

Defendant suggests that the trial be scheduled for May 19, 2020, and the Pre-Trial Conference be scheduled for May 1, 2020. Defendant anticipates a 5-7 day trial.

## XVI. TRIAL COUNSEL

Carney Shegerian and Aaron Gbewonyo of Shegerian & Associates, Inc. will be trial counsel for Plaintiff.

Aaron Lubeley, Simon Yang, and Meagan O'Dell of Seyfarth Shaw will be trial counsel for Defendant.

## XVII. INDEPENDENT MASTER OR EXPERT

The parties do not believe an independent master or expert is warranted.

## XVIII. OTHER ISSUES

As noted above, the parties believe a Protective Order is necessary in this case. The parties are negotiating a stipulated protective order to protect confidential information that may be produced during the course of discovery and will submit the protective order to the Court for its consideration.

DATED: February 15, 2019　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　SHEGERIAN & ASSOCIATES, INC.

　　　　　　　　　　　　　　　　　By:   */s/ Carney R. Shegerian*
　　　　　　　　　　　　　　　　　　　　Carney R. Shegerian
　　　　　　　　　　　　　　　　　　　　Anthony Nguyen
　　　　　　　　　　　　　　　　　　　　Aaron Gbewonyo
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　JAYME TIPTON

DATED: February 15, 2019　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　SEYFARTH SHAW LLP

　　　　　　　　　　　　　　　　　By:   */s/ Meagan Sue O'Dell*
　　　　　　　　　　　　　　　　　　　　Aaron R. Lubeley
　　　　　　　　　　　　　　　　　　　　Simon L. Yang
　　　　　　　　　　　　　　　　　　　　Meagan Sue O'Dell
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　　　　　AIRPORT TERMINAL SERVICES, INC. and EDGAR TRUJILLO

I hereby attest that all signatories indicated by a conformed signature (/s/) have concurred in the filing of this document.

*/s/ Meagan Sue O'Dell*
_____

**JUDGE ANDRÉ BIROTTE JR.**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
*The Court ORDERS the parties to make every effort to agree on dates.*

| Case No. 2:18-cv-09503-AB-JEM | Case Name: Jayme Tipton v. ATS | | | |
|---|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
| Check one: [ X ] Jury Trial or [ ] Court Trial (*Tuesday* at 8:30 a.m., within 18 months after Complaint filed) Estimated Duration: 10 Days | | 5/19/2020 | 5/19/2020 | [ ] Jury Trial [ ] Court Trial _____ Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine (*Friday* at 11:00 a.m., at least 17 days before trial) | | 5/31/2020 | 5/1/2020 | |
| **Event [1]** *Note:* Hearings shall be on Fridays at 10:00 a.m. Other dates can be any day of the week. | **Weeks Before FPTC** | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
| Last Date to *Hear* Motion to Amend Pleadings /Add Parties *[Friday]* | | 02/14/2020 | 3/15/2019 | |
| Non-Expert Discovery Cut-Off **(no later than deadline for *filing* dispositive motion)** | 17 | 03/19/2020 | 1/3/2020 | |
| Expert Disclosure (Initial) | | 02/11/2020 | 1/10/2020 | |
| Expert Disclosure (Rebuttal) | | 03/4/2020 | 1/17/2020 | |
| Expert Discovery Cut-Off | 12[2] | 04//9/2020 | 2/7/2020 | |
| Last Date to *Hear* Motions *[Friday]* • Rule 56 Motion due at least 5 weeks before hearing • Opposition due 2 weeks after Motion is filed • Reply due 1 week after Opposition is filed | 12 | 04/9/2020 | 2/28/2020 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] *Select* one: [ ] 1. Magistrate Judge *(with Court approval)* [ ] 2. Court's Mediation Panel [ ] 3. Private Mediation | 10 | 04/13/2020 | 7/31/2019 | [ ] 1. Mag. J. [ ] 2. Panel [ ] 3. Private |
| **Trial Filings (first round)** • Motions In Limine • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)* • Declarations containing Direct Testimony, if ordered *(court trial only)* | 3 | 04/28/2020 | 4/10/2020 | |
| **Trial Filings (second round)** • Oppositions to Motions In Limine • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint/Agreed Proposed Jury Instructions *(jury trial only)* • Disputed Proposed Jury Instructions *(jury trial only)* • Joint Proposed Verdict Forms *(jury trial only)* • Joint Proposed Statement of the Case *(jury trial only)* • Proposed Additional Voir Dire Questions, if any *(jury trial only)* • Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 | 05/05/2020 | 4/17/2020 | |

[1] **The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. *Class actions and patent and ERISA cases in particular may need to vary from the above.***

[2] **The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.**