SEYFARTH SHAW LLP
Aaron R. Lubeley (SBN 199837)
alubeley@seyfarth.com
Simon L. Yang (SBN 260286)
syang@seyfarth.com
Meagan Sue O'Dell (SBN 280086)
modell@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:  (213) 270-9600
Facsimile:   (213) 270-9601

Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYME TIPTON,<br><br>             Plaintiff,<br><br>       v.<br><br>AIRPORT TERMINAL SERVICES, INC., and DOES 1 to 100, inclusive,<br><br>             Defendants. | Case No. 2:18-cv-9503 AB (JEMx)<br><br>*Assigned to Hon. Andre Birotte Jr.*<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>[*Filed concurrently with Notice of Motion and Motion to Dismiss; Declaration of Meagan Sue O'Dell; and [Proposed] Order*]<br><br>Date:          March 22, 2019<br>Time:          10:00 a.m.<br>Courtroom:              7B |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................... 1

II. SUMMARY OF LAWSUIT ........................................................................... 1

    A. The Allegations in the Initial Complaint ........................................... 1

    B. The Order Granting the Motion to Dismiss the Initial Complaint ................. 2

    C. The Added and Altered Allegations in the FAC ............................... 2

    D. The Claims in the FAC ...................................................................... 4

III. LEGAL STANDARD ..................................................................................... 4

IV. ALLEGATIONS ABOUT STATUTORY LEAVE WERE DISMISSED WITHOUT LEAVE TO AMEND AND CANNOT SUPPORT A DISABILITY DISCRIMINATION CLAIM .................................................................. 6

V. THE FAC STILL FAILS TO ALLEGE ACTIONABLE HARASSMENT ............. 6

    A. The Harassment Claim Must Be Dismissed Because the FAC Still Fails to Allege Any Severe or Pervasive Conduct. .................................... 7

    B. The Harassment Claim Also Must Be Dismissed Because the FAC Still Alleges Only Non-Actionable Personnel Management Decisions. ................ 8

VI. THE FAC STILL FAILS TO ALLEGE FACTS TO SHOW THE EXISTENCE OF AN ORAL OR IMPLIED CONTRACT ............................................. 9

    A. There Is a Presumption of At-Will Employment. ............................. 9

    B. The Oral Contract Claim Is Based on Identical, Dismissed Allegations. ...... 10

    C. The Implied Contract Claim Ignores the Court's Order and Still Fails. ........ 10

VII. THE FAC STILL FAILS TO STATE A PLAUSIBLE NEGLIGENT HIRING, SUPERVISION, AND RETENTION CLAIM ...................................... 13

    A. The FAC Ignores the Court's Order to Allege "Why ATS's [Conduct] Was Negligent or Reckless ............................................................. 13

    B. Workers Compensation Exclusivity Still Bars Any Negligence Claim ........ 13

VIII. THE WRONGFUL TERMINATION CLAIM MUST BE DISMISSED BECAUSE PLAINTIFF STILL FAILS TO IDENTIFY A PUBLIC POLICY ..... 13

IX. THE IIED CLAIM MUST BE DISMISSED BECAUSE PLAINTIFF STILL FAILS TO ALLEGE EXTREME AND OUTRAGEOUS CONDUCT ................ 14

X. THE CLAIM FOR FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION MUST BE DISMISSED ...................... 15

XI. CONCLUSION .............................................................................................. 16

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937 (2009) .................................................................. 5

*Associated General Contractors of California, Inc. v. California State Counsel of Carpenters*,
    459 U.S. 519, 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983) ..................................... 5

*Balistreri v. Pacifica Police Dept.*,
    901 F.2d 696 (9th Cir. 1990) .............................................................................. 4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ................................. 5

*U.S. ex rel. Chunie v. Ringrose*,
    788 F.2d 638 (9th Cir. 1986) .............................................................................. 5

*Erhart v. BofI Holding, Inc.*,
    269 F. Supp. 3d 1059 (S.D. Cal. 2017) ............................................................ 11

*Estrada v. Gate Gourmet, Inc.*,
    2017 WL 2468773 (C.D. Cal. June 6, 2017) .............................................. 11, 12

*In re Gilead Sciences Securities Litig.*,
    536 F.3d 1049 (9th Cir. 2008) ............................................................................ 5

*Landucci v. State Farm Ins. Co.*,
    65 F. Supp. 3d 694 (N.D. Cal. 2014) ............................................................... 11

*Ramirez v. Little Caesars Enters., Inc.*,
    2018 WL 5816107 (C.D. Cal. Nov. 2, 2018) ............................................ *passim*

*Shue v. Optimer Pharm., Inc.*,
    2018 WL 1116567 (S.D. Cal. Feb. 27, 2018) ................................................... 12

**State Cases**

*Aguilar v. Avis Rent A Car Sys., Inc.*,
    21 Cal. 4th 121 (1999) ........................................................................................ 7

*Christensen v. Superior Court*,
    54 Cal. 3d 868 (1991) ...................................................................................... 14

*Eisenberg v. Alameda Newspapers, Inc.*,
    74 Cal. App. 4th 1359 (1999) ........................................................................ 9, 12

*Foley v. Interactive Data Corp.*,
    47 Cal. 3d 654 (1988) ........................................................................................ 9

*Guz v. Bechtel Nat'l Inc.*,
    24 Cal. 4th 317 (2000) ...................................................................................... 11

*Janken v. GM Hughes Elecs.*
   46 Cal. App. 4th 55 (1996) ........................................................................................ 15

*Roby v. McKesson Corp.*,
   47 Cal. 4th 686 (2009) .............................................................................................. 9

*Singh v. Southland Stone, U.S.A., Inc.*,
   186 Cal. App. 4th 338 (2010) ................................................................................... 9

## I. INTRODUCTION

In granting the motion to dismiss the initial Complaint filed by Plaintiff, Jayme Tipton, the Court provided Plaintiff leave to amend, a warning about conclusory allegations, and even a roadmap as to specific factual allegations that the Court would deem sufficient to state plausible claims.

The First Amended Complaint ("FAC") ignores much of the Court's prior order, so Defendant, Airport Terminal Services, Inc. ("ATS"), must again move to dismiss numerous causes of action that fail to allege facts sufficient to state plausible claims. For many of the causes of action, the allegations are the same, the arguments are the same, and the result should be the same, with one caveat. The Court should deny leave to amend when dismissing the (i) First Cause of Action for Breach of Oral Contract, (ii) Second Cause of Action for Breach of Implied-in-Fact Contract, (iii) Third Cause of Action for Negligent Hiring, Supervision, and Retention, (iv) Fourth Cause of Action for Wrongful Termination in Violation of Public Policy, (v) Fifth Cause of Action for Intentional Infliction of Emotional Distress, (vi) Seventh Cause of Action for Harassment, and (vii) Eleventh Cause of Action for Failure to Prevent Discrimination, Harassment, and Retaliation.

ATS is skeptical of the remaining causes of action and denies Plaintiff's allegations—especially since certain allegations in the FAC contradict allegations in the Complaint.[1] For the above listed causes of action, however, the lack of factual allegations (and lack of respect for the Court's prior order) compels dismissal with prejudice.

## II. SUMMARY OF LAWSUIT

### A. The Allegations in the Initial Complaint

The Court has already summarized the sparse allegations in the initial Complaint:

> This lawsuit involves an employment dispute arising from ATS's alleged wrongful termination of Plaintiff. (*See generally* Compl.) In October 2016, Plaintiff began working at ATS as a Groomer to perform housekeeping duties on planes. (Compl. ¶¶ 8, 11.)

---

[1] ATS concurrently answers the causes of action that the FAC at least arguably supports with plausible allegations.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

> Plaintiff alleges that she suffered an injury in March 2017 while performing housekeeping duties on a plane. (Compl. ¶ 11.) Plaintiff informed her supervisor, Damian Neri, of her injury and her intent to seek medical treatment. (*Id.*) On April 11, 2017, Plaintiff went to see a doctor. (*Id.*) The doctor diagnosed her with a tear in her rotator cuff and placed her on medical leave until April 19, 2017. (*Id.*)
>
> On April 11, 2017, Plaintiff allegedly provided another supervisor, Trujillo, with the doctor's note and verbally informed Neri. (*Id.*) Plaintiff's doctor later extended her medical leave to May 1, 2017, and Plaintiff "immediately informed her employer." (*Id.*) On or around May 1, 2017, Plaintiff visited her doctor for a follow-up appointment. (*Id.*) Plaintiff's doctor again extended her medical leave to May 15, 2017. (*Id.*) Plaintiff alleges she gave this doctor's note to Ora Doe, the Crew Chief. (Compl. ¶ 12.)
>
> Plaintiff further alleges that she received a phone call on May 8, 2017 from Shonta Henderson, a human resources representative, who told Plaintiff that ATS needed to fill her position and requested that Plaintiff voluntarily resign from her position at ATS. (*Id.*) Plaintiff informed Henderson that she would not resign and that she anticipated returning to work soon once her shoulder had healed. (*Id.*) Several days later, Plaintiff received a final paycheck and letter terminating her employment. (*Id.*)

Dkt. 25 (Order Granting Motion to Dismiss Complaint) at 2:12-15.

### B. The Order Granting the Motion to Dismiss the Initial Complaint

On January 14, 2019, the Court granted ATS's motion to dismiss the initial Complaint in its entirety. *See generally* Dkt. 25. The Court dismissed certain allegations and claims without leave to amend. For example, the fraudulently joined individual defendant, Trujillo, was dismissed from the case with prejudice. Dkt. 25 at 13:12-15. Similarly, any allegations relating to CFRA or FMLA-based violations were dismissed with prejudice. Dkt. 25 at 16:24-17:8.

Although Plaintiff was granted leave to amend other dismissed claims, "the Court caution[ed] Plaintiff that legal conclusions will not suffice" and that "Plaintiff's allegations are often circular and conclusory." Dkt. 25 at 16:16-17.

### C. The Added and Altered Allegations in the FAC

On February 4, 2019, Plaintiff filed the FAC, which alleges a few additional allegations. While the Complaint alleged Plaintiff "engaged in housekeeping duties on a plane," the FAC adds a few examples of those job duties. *Compare* Compl. ¶ 8 *with* FAC ¶ 5. It explains that the March 2017 workplace injury referenced in the Complaint occurred when Plaintiff was picking up trash. FAC ¶ 8(a). It adds that the

2

only time Plaintiff received any write up at work was some time after that injury. FAC ¶ 6.[2]

The Complaint alleged that on April 11, 2017, Plaintiff saw a doctor who diagnosed her with a torn rotator cuff and placed her on a medical leave from work, and that Plaintiff provided a doctor's note placing her on a medical leave until April 19, 2017, to the now-dismissed individual defendant, Trujillo. The FAC, however, now says that Plaintiff provided the doctor's note to her crew lead, Ora Doe, who was on the phone with her supervisor, Neri. FAC ¶ 8(c). The FAC says Plaintiff asked Neri if she could work light duty and was told "you cannot work a light duty because you could get injured further, and it would be on us." FAC ¶ 8(c). Though the Complaint and FAC allege that Plaintiff's doctor had placed her on a medical leave, the FAC alleges that Plaintiff was not asked about her physical limitations. FAC ¶ 8(c).

Although the Complaint alleged that, in May 2017, Plaintiff had submitted additional doctor's notes extending her medical leave, the FAC changes the allegations. The FAC now says that Plaintiff's husband twice submitted additional doctor's notes extending her medical leave. FAC ¶ 8(d), (e). Again, though the Complaint and FAC allege Plaintiff's medical leaves were extended, the FAC alleges that Plaintiff's husband was not asked about her physical limitations. FAC ¶ 8(c).

While the Complaint alleged that, on May 8, 2017, Shonta Henderson called Plaintiff about ATS's need to fill her position and that Plaintiff told Henderson she anticipated returning to work once her shoulder healed, the FAC now alleges Henderson said Plaintiff "had taken too much time off for her injury" and that Plaintiff told Henderson she would be returning to work on May 15, 2017. FAC ¶ 8(g). The FAC also adds that, on May 5, 2017, Plaintiff's new manager, Moses Gillian, contacted her to determine the status of her injury. FAC ¶ 8(f).

---

[2] The FAC is unwilling to allege that the write up was received after she informed ATS of the injury on April 6, 2017. FAC ¶ 8(b).

3

Finally, the FAC alleges that ATS was "a large company" that "had the resources to have another employee cover Plaintiff's shifts" (FAC ¶ 8(g)), that Plaintiff had decided to work for ATS because its website stated that ATS provides growth opportunities, promotes from within, and develops staff with resources (FAC ¶ 10), and that Plaintiff's termination letter requested that she return her Los Angeles International Airport badge. FAC ¶ 8(g).

### D.     The Claims in the FAC

Based on these allegations (that ATS disputes and denies), the FAC continues to pursue each and every one of the causes of action alleged against ATS in the initial Complaint. Specifically, the FAC enumerates causes of action for (1) "Breach of Express Oral Contract Not to Terminate Employment Without Good Cause"; (2) "Breach of Implied-In-Fact Contract Not to Terminate Employment Without Good Cause"; (3) "Negligent Hiring, Supervision, and Retention"; (4) "Wrongful Termination of Employment in Violation of Public Policy"; (5) "Intentional Infliction of Emotional Distress"; (6) "Discrimination on the Basis of Disability"; (7) "Harassment on the Basis of Disability"; (8) "Retaliation for Complaining of Discrimination and/or Harassment on the Basis of Disability"; (9) "Failure to Provide Reasonable Accommodation"; (10) "Failure to Engage in the Interactive Process"; and (11) "Failure to Prevent Discrimination, Harassment, and Retaliation."

### III.    LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed when the allegations fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A party may move to dismiss for failure to state a claim upon which relief can be granted and a complaint may be dismissed on this basis for two reasons: (1) lack of a cognizable legal theory; or (2) the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

When deciding a motion to dismiss, a court is **not** required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986), and must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated … laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Counsel of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983).

Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of a claim that would entitle him or her to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562-63, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ("*Twombly*"). However, a complaint must provide "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The "mere plausibility of misconduct" is not enough to state a viable claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) ("*Iqbal*"). Likewise, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949-50.

Following the decisions of the Supreme Court in *Twombly* and *Iqbal*, a two-pronged analysis must be used to determine the sufficiency of the factual allegations of a complaint: (1) the Court first identifies and disregards conclusory allegations which are not entitled to a presumption of truth; and (2) the Court then determines whether the remaining allegations, if taken as true, present a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1950.

## IV.  ALLEGATIONS ABOUT STATUTORY LEAVE WERE DISMISSED WITHOUT LEAVE TO AMEND AND CANNOT SUPPORT A DISABILITY DISCRIMINATION CLAIM

The Court has already dismissed any claims based on a denial of statutory leave. Dkt. 25 at 16:1-17:8. In order to be eligible for CFRA or FMLA benefits, Plaintiff had to be employed by ATS for a period of twelve months and have worked 1,250 hours. 29 C.F.R. § 825.110; 29 U.S.C. § 2611(2). Plaintiff did not meet these requirements, and the Court thus dismissed such allegations without leave to amend.

Despite this Court's order, Plaintiff alleges that ATS discriminated against her due to her disability by "[f]ailing to provide Plaintiff with requisite statutory leave, violating notice and/or other procedural requisites of leave, and/or retaliating against Plaintiff for taking leave, in violation of Government Code section 12945.2." FAC ¶ 38(f). The allegation is improper, and to the extent Plaintiff's sixth cause of action for Disability Discrimination is based on a denial of statutory leave, the claim must be dismissed.[3]

## V.  THE FAC STILL FAILS TO ALLEGE ACTIONABLE HARASSMENT

The Court previously dismissed the Complaint's first cause of action for "Violation of FEHA," and the FAC now alleges a distinct cause of action for harassment. The FAC, however, is still devoid of any factual allegations that could constitute a plausible claim for harassment.

Even when read in the light most favorable to Plaintiff, the FAC (like the Complaint) fails to allege a single fact of conduct that could qualify as harassment. All that has changed in the FAC is who provided (Plaintiff or her husband) doctor's notes to whom (the now dismissed individual defendant versus a different supervisor versus a crew chief). *See generally* FAC ¶ 8. The FAC alleges one additional, work-related telephone call from a new manager, Gillian. FAC ¶ 8. The allegations simply do not rise to the level of harassment. Regardless of any minor changes to the factual allegations in

---

[3] Although Plaintiff's counsel has stated he would remove the allegations in an amended complaint, Plaintiff has not yet amended. Declaration of Meagan O'Dell ("O'Dell Dec.") ¶ 3; Ex. A. ATS thus has no choice but to seek dismissal of the claim.

the FAC, the harassment claim still fails to state a plausible claim for the same reasons that Trujillo was dismissed from the initial Complaint as a sham defendant.

### A. The Harassment Claim Must Be Dismissed Because the FAC Still Fails to Allege Any Severe or Pervasive Conduct.

To prevail on a hostile workplace claim premised on disability, irrespective of whether the defendant is a supervisory employee, coworker or an entity, a plaintiff must demonstrate that a defendant engaged in conduct that is sufficiently severe or pervasive to alter the conditions of a plaintiff's working environment. *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 130 (1999) (quoting *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 608 (1989)). California Code of Regulations, title 2, section 7287.6, subd. (b)(1)(A), defines harassment to include "[v]erbal harassment, e.g., epithets, derogatory comments or slurs on a basis enumerated in the Act." However, "[h]arassment cannot be occasional, isolated, sporadic, or trivial; rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature." *Aguilar*, 21 Cal. 4th at 131 (quoting *Fisher*, 214 Cal. App. 3d at 610). The actions alleged by Plaintiff do not rise to this level.

Plaintiff still does not contend that ATS's alleged actions altered the conditions of her working environment, nor does she allege a single instance of derogatory comments. Plaintiff merely states that she provided doctor's notes to ATS and verbally informed ATS of her injury, and that ATS advised her that they needed to fill her position and ultimately terminated her employment. FAC ¶ 8. Plaintiff has done nothing to remedy this deficiency as previously raised by Defendant. In fact, Plaintiff's counsel admitted that the single instance of harassment that he believes is sufficient is the telephone call between Plaintiff and Henderson. O'Dell Dec. ¶ 2. This allegation was in Plaintiff's original Compliant and deemed insufficient by this Court when ruling on Defendant's original Motion to Dismiss. *See generally* Dkt. 25. As such, even read in the light most favorable to Plaintiff, these alleged actions were not facts establishing harassing conduct nor sufficiently severe or pervasive to support a claim for harassment.

### B. The Harassment Claim Also Must Be Dismissed Because the FAC Still Alleges Only Non-Actionable Personnel Management Decisions.

While employers can be liable for the harassing actions of their employees, personnel management decisions cannot be the basis for liability. This case remains similar to *Ramirez v. Little Caesars Enters., Inc.*, 2018 WL 5816107 (C.D. Cal. Nov. 2, 2018) (Birotte Jr., J.). In *Ramirez*, this Court held that:

> [A]ll of the actions that Plaintiff alleges the Individual Defendants engaged in or failed to engage in are properly categorized as management actions, including responding to employee complaints, determining whether to conduct investigations into complaints, calling employees into their office and asking why an employee has overtime, requesting that employees sign documents, declining evaluation and accommodation for disabilities, and making decisions on whether to terminate an employee's employment. These are the kinds of "commonly necessary personnel management actions" that may give rise to a claim against an employer for employment discrimination, but that do not ordinarily give rise to a claim against another employee for harassment.

*Id.* at *6.

Here, the only purported actions that are alleged in the FAC remain virtually identical to those in the original Complaint, and include: (1) receipt of a doctor's note; (2) being informed that medical treatment would be sought; (3) informing Plaintiff that ATS needed to fill her position; and (4) terminating Plaintiff's employment. None of these alleged actions, even if true, could possibly constitute harassment based on disability. They clearly fall within the realm of management actions, which are not actionable for harassment.

The additions to the FAC do nothing to remedy these shortcomings. The FAC simply adds allegations to contend that Plaintiff's husband delivered the doctor's notes and that she informed Gillian via phone that she was on medical leave. FAC ¶ 8. Plaintiff utterly fails to plead sufficient facts to eke out a claim for hostile work environment against ATS.

Just as this Court found in *Ramirez*, the employment actions "appear to be precisely the routine personnel management activities attributable to the employer." *Ramirez*, 2018 WL 5816107, at *7. All of the alleged actions are "official employment actions that [allegedly] were motivated by improper bias," and thus present claims for

8

discrimination, if anything. *See Roby*, 47 Cal. 4th at 708.

Since Plaintiff has failed, as a matter of law, to plead allegations sufficient that, if taken as true, could establish a cause of action for disability-based harassment, Plaintiff's cause of action must be dismissed. Moreover, as this Court found in *Ramirez*, since Plaintiff is unable to turn these employment actions into a viable claim, she is unable to cure the deficiency and leave to amend should not be granted. This is especially true where Plaintiff has failed not once but <u>twice</u> to state a viable claim.

## VI. THE FAC STILL FAILS TO ALLEGE FACTS TO SHOW THE EXISTENCE OF AN ORAL OR IMPLIED CONTRACT

### A. There Is a Presumption of At-Will Employment.

The FAC's first and second causes of action assume that Plaintiff worked for ATS pursuant to an employment contract to terminate only for good cause. But employment in California is presumed to be "at will." Cal. Lab. Code § 2922. *Accord Singh v. Southland Stone, U.S.A., Inc.*, 186 Cal. App. 4th 338, 356 (2010) ("Labor Code section 2922 creates a presumption that employment is at will."); *Eisenberg v. Alameda Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1386 (1999) ("[T]here is a statutory presumption that employment is terminable at will, and a contract of employment may be ended at any time at the option of either party.").

In order to overcome the presumption of at-will employment, Plaintiff has the burden of proof to show an express or implied employment agreement to terminate only for good cause. *E.g., Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 682 (1988) (explaining an employee has the burden of proof to show an agreement not to terminate without good cause and thus to rebut the statutory presumption of at-will employment). The FAC does not contain any new facts to make such contract-based claims plausible.

Plaintiff does not attempt to argue that she was subject to an express written contract specifying that she would be terminated only for good cause.[4] Instead, the FAC

---

[4] Nor could she. Although outside the scope of the FAC, any written documents related to Plaintiff's employment would confirm the presumption of at-will employment.

first tries to bring a claim based on an oral contract under the first cause of action. It next attempts to preserve a backup contract-based claim based on an implied contract under the second cause of action. Neither purported cause of action is supported by any factual allegations. Both fail to state a plausible claim.

### B. The Oral Contract Claim Is Based on Identical, Dismissed Allegations.

The FAC fails to add any further allegations to state a plausible claim for breach of oral contract. The oral contract claim, which is based on identical allegations, must again be dismissed but without leave to amend.

Plaintiff has agreed to dismiss her first cause of action for Breach of Oral Contract. O'Dell Dec. ¶ 3, Ex. A. But the claim remains in the FAC, so ATS must move to dismiss.

### C. The Implied Contract Claim Ignores the Court's Order and Still Fails.

As the Court already explained, it assumed "Plaintiff's ticket" to a contract-based claim would be based on an implied-in-fact contract. Dkt. 25 at 17:23-25. As the Court also explained, however, "the complaint does not identify the terms relevant to Plaintiff's claim, nor does it specify what conduct constituted breach." Dkt. 25 at 17:23-18:3.

In the FAC, the second cause of action for Breach of an Implied Contract still relies on unspecified "oral assurances." FAC ¶ 18. While the FAC also lists additional conclusory assertions, they are wholly unsupported by any factual allegations. Specifically, the FAC alludes to "the length of Plaintiff's employment," "ATS's actual practice," and "the industry standard" without providing any factual allegation to explain how the assertions would support the plausible existence of an implied contract to terminate only for good cause. *Id.* The additions to the FAC state only that ATS's website provides that "ATS provides growth opportunities and promotes from within" and that "staff is developed from within by providing sufficient resources, and encouraged to foster growth and learning." FAC ¶ 5. The allegations simply do not promise to terminate for good cause only.

The repeated allegations in the FAC fail again. To the extent Plaintiff continues to claim the FAC plausibly alleges an implied contract based on her longevity of

10

employment, she is still wrong as a matter of law. Cal. Lab. Code § 2922; *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 341-42 (2000) ("[A]n employee's mere passage of time in the employer's service, even where marked with tangible indicia that the employer approves the employee's work, cannot alone form an implied-in-fact contract that the employee is no longer at will. Absent other evidence of the employer's intent, longevity, raises and promotions are their own rewards for the employee's continuing valued service; they do not, in and of themselves, additionally constitute a contractual guarantee of future employment security.").

Moreover, even if "the length of Plaintiff's employment" generally could support the existence of an implied contract, the FAC alleges that Plaintiff worked for ATS for approximately half a year only. FAC ¶¶ 5, 8(g). The few factual allegations in the FAC thus make implausible an implied contract based on Plaintiff's longevity of service (and the additions to the FAC do nothing to circumvent this). *E.g., Estrada v. Gate Gourmet, Inc.*, 2017 WL 2468773, at *7 (C.D. Cal. June 6, 2017) ("Plaintiff worked for Defendant for less than one year, so longevity of service weighs against a finding overcoming the presumption."); *see also Landucci v. State Farm Ins. Co.*, 65 F. Supp. 3d 694, 713-14 (N.D. Cal. 2014) (dismissing implied contract claim for 20-year employee since "longevity of service and good performance reviews alone are not enough to prove the existence of an implied contract").

Similarly, conclusory assertions about "ATS's actual practice" or "the industry standard" are also non-starters. They fail to state a plausible claim when the FAC lacks any factual allegations either to identify what the actual practice or industry standard would be or to show how that practice or standard could make plausible the existence of an implied contract. *E.g., Erhart v. BofI Holding, Inc.*, 269 F. Supp. 3d 1059, 1082 (S.D. Cal. 2017) (granting motion to dismiss; explaining that when plaintiff "does not detail any factual allegations about [the employer's] employment policies or procedures or the norms within the financial industry that support an inference that [the employer's]

termination rights were limited by an implied contract … . [The plaintiff] cannot rely on an implied contract theory to support his claim.").

Even when plaintiffs allege that a specific practice or specific standard exists in a specific industry as to specific types of workers, courts routinely dismiss implied contract claims when such allegations are untethered to any basis for a reasonable inference that such practice or standard manifested an intent to alter the plaintiff's presumed at-will employment status. *E.g., Shue*, 2018 WL 1116567, at *3 ("[T]he mere fact that the pharmaceutical industry may have an industry practice of not terminating researchers and management without cause does not, in it of itself, plausibly describe [the employer's] intention to change Plaintiff's admittedly at-will employment status.").[5]

Here, this Court already agreed that the allegations did not make the existence of an implied contract plausible. *See generally* Dkt. 25. The FAC fails to allege anything to support a different result. Like the Complaint, the FAC lacks any factual allegations to make plausible the existence of an implied contract based on "ATS's actual practice" or "the industry standard," and the allegation that Plaintiff worked for only a half year rebuts any notion that an implied contract could exist based on "the length of Plaintiff's employment." *Eisenberg v. Alameda Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1386 (1999) (explaining "the issue of the existence of an implied-in-fact contract not to terminate except for good cause may appropriately be resolved as a matter of law").

Accordingly, because the FAC fails to either address the deficiencies noted by the Court's prior order or otherwise allege facts showing the plausible existence of an implied contract to terminate only for good cause, the second cause of action must be dismissed, without leave to amend.

---

[5] Indeed, other courts addressing claims against employers in the airline service industry have not been precluded by any industry standard in dismissing implied contract claims. *E.g., Estrada v. Gate Gourmet, Inc.*, 2017 WL 2468773, at *7 (C.D. Cal. June 6, 2017) (dismissing implied employment agreement claims against employer in airline service industry).

## VII. THE FAC STILL FAILS TO STATE A PLAUSIBLE NEGLIGENT HIRING, SUPERVISION, AND RETENTION CLAIM

### A. The FAC Ignores the Court's Order to Allege "Why ATS's [Conduct] Was Negligent or Reckless

In dismissing the initial Complaint's fourth cause of action for negligent hiring, supervision, and retention, the Court explained "Plaintiff must allege facts as to why ATS's hiring of the managers or witnesses was negligent or reckless." Dkt. 25 at 18:18-19. The FAC wholly ignores the Court's order. The claim must be dismissed, without leave to amend.

### B. Workers Compensation Exclusivity Still Bars Any Negligence Claim.

As this Court has explained, "[w]orkers' compensation law bars negligence claims by employees against their employers." *Ramirez*, 2018 WL 5816107, at *8. Plaintiff previously admitted that she filed a Workers' Compensation claim. *See* Original Compl. ¶ 45. Therefore, she had the opportunity to address claims of negligence in that forum. Thus, Plaintiff's claim against ATS for its alleged negligent hiring, supervision, and retention fails and cannot be remedied by amendment.

## VIII. THE WRONGFUL TERMINATION CLAIM MUST BE DISMISSED BECAUSE PLAINTIFF STILL FAILS TO IDENTIFY A PUBLIC POLICY

In dismissing the initial Complaint's fifth cause of action for wrongful termination in violation of public policy, the Court acknowledged that the initial Complaint alleged that ATS "terminated Plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws," but that "Plaintiff has not identified what 'public policy' she is relying on." Dkt. 25 at 19:6-12.

The FAC relies on the same allegations and again must be dismissed. *Compare* Compl. ¶ 46 *with* FAC ¶ 26. The changes in the First Amended Complaint merely (i) delete references to Plaintiff's workers' compensation claim and (ii) add FEHA's statutory cite—"Government Code Section 12900, et seq." *Id.* As the Court explained in its prior order granting Defendants' motion to dismiss, asserting conclusory references— like "Violation of the FEHA"—"mak[e] it difficult for the Court and Defendants to

13

address … ." Dkt. 25 at 16:7-8. For similar reasons, Plaintiff's citation fails to identify what public policy Plaintiff is relying on for her amorphous claim.

The Court already granted Plaintiff leave to amend and provided specific direction as to what allegations would be required for a plausible wrongful termination claim. The FAC fails to comply, and the Court thus should dismiss the wrongful termination claim with prejudice.

## IX. THE IIED CLAIM MUST BE DISMISSED BECAUSE PLAINTIFF STILL FAILS TO ALLEGE EXTREME AND OUTRAGEOUS CONDUCT

In dismissing the initial Complaint's sixth cause of action for IIED, the Court acknowledged that the Complaint purportedly based the claim on comments from ATS's managers and supervisors in response to Plaintiff's injury but explained that "Plaintiff fails to allege any facts about *who* made the statement and the *content* of their comments." Dkt. 25 at 20:9-17 (emphasis in original). The Court also noted that the Complaint failed to allege "any facts that establish these 'managers' or 'supervisors' were agents or employees of ATS." Dkt. 25 at 20:9-17.

The FAC ignores the Court's prior order and again fails to state a plausible claim for IIED. The FAC remains entirely devoid of any allegations of intentional, outrageous conduct. Despite Plaintiff's added verbiage, the only actions alleged remain the same: receipt of a doctor's note, an intent to seek medical treatment, a phone call in which Plaintiff was advised that ATS needed to fill her position, and termination of employment. *See generally* FAC ¶ 8. These actions hardly rise to the level of extreme and outrageous conduct required to establish an IIED claim.

Indeed, to state a viable claim for IIED, Plaintiff must offer factual allegations demonstrating that: (1) ATS engaged in extreme and outrageous conduct with the intent to cause (or reckless disregard for the probability of causing) severe emotional distress; (2) Plaintiff suffered extreme or severe emotional distress; and (3) ATS's outrageous conduct was the actual and proximate cause of Plaintiff's distress. *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991). To constitute "outrageous," conduct the

conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (quoting *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209 (1982)). Additionally, ATS must have engaged in such conduct "with the realization that injury [would] result." *Id.* (quoting *Davidson*, 32 Cal. 3d at 210.)

As this Court noted in *Ramirez*:

> Just as management conduct does not constitute harassment, 'a simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged.' 'If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination.'

*Ramirez*, 2018 WL 5816107, at *8; *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 80 (1996).

Just as in *Ramirez*, the personnel management actions upon which the FAC is premised do not support a claim for IIED, as the actions are not of "the quality or quantity to support a claim for harassment, they are also not outrageous or so extreme as to exceed all bounds of that usually tolerated in a civilized community." 2018 WL 5816107, at *8. None of facts added to the FAC save her claim because the verbal discussions and provision of notes consist of nothing more than personnel management actions.

Moreover, because these alleged employment decisions occurred within the context of an employment relationship, any IIED claim based on these actions is barred by the California Workers' Compensation Act's exclusive remedies provision. *Id.* Plaintiff indicates that she filed a workers compensation claim. (Original Compl. ¶ 45.) Any claim for emotional distress would have been, and can only be, adjudicated in the workers compensation context. Thus, her claim cannot survive in this civil action.

## X. THE CLAIM FOR FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION MUST BE DISMISSED

The FAC alleges a new cause of action for failure to prevent discrimination, harassment, and retaliation, but it fails for reasons the Court has already explained. In order to prevail on this claim, Plaintiff must establish that: (1) she was an employee of

ATS; (2) she was subjected to harassment/discrimination/retaliation; (3) ATS failed to take all reasonable steps to prevent harassment/discrimination/retaliation; (4) Plaintiff was harmed; and (5) ATS's failure to take all reasonable steps was a substantial factor in causing the harm. *See* CACI No. 2527.

Plaintiff fails to allege any facts to establish that ATS failed to take all reasonable steps to prevent harassment/discrimination/retaliation or that such failure caused her harm. Plaintiff's conclusory statements that ATS failed to prevent unlawful actions, employment practices, and a pattern and practice of discrimination/harassment are the same contentions that were found deficient in her original Complaint. *See* Compl. ¶ 23; FAC ¶ 74.

Much like the initial Complaint and FAC's claims for IIED, the FAC purportedly bases the claim on the conduct of ATS's managers and supervisors. The FAC, however, fails to provide any facts about the "*who*" or "*what*" conduct or non-conduct is at issue. *E.g.,* Dkt. 25 at 20:9-17. Moreover, without the "*who*," the FAC fails to allege "any facts that establish these 'managers' or 'supervisors' were agents or employees of ATS." *Id.* The failure to prevent claim thus remains wholly unsupported by the factual allegations of the FAC and should be dismissed without leave to amend.

## XI. CONCLUSION

For the reasons stated, ATS respectfully requests the Court grant the Motion to Dismiss, without leave to amend.

DATED: February 19, 2019                     Respectfully submitted,

                                             SEYFARTH SHAW LLP


                                             By:     */s/ Meagan S. O'Dell*
                                                     Aaron R. Lubeley
                                                     Simon L. Yang
                                                     Meagan Sue O'Dell
                                                     Attorneys for Defendant
                                             AIRPORT TERMINAL SERVICES, INC.

16