SEYFARTH SHAW LLP
Aaron R. Lubeley (SBN 199837)
alubeley@seyfarth.com
Simon L. Yang (SBN 260286)
syang@seyfarth.com
Meagan Sue O'Dell (SBN 280086)
modell@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:  (213) 270-9600
Facsimile:   (213) 270-9601

Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYME TIPTON,<br><br>Plaintiff,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC., DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:18-cv-9503 AB (JEMx)<br><br>*Assigned to Hon. Andre Birotte Jr.*<br><br>**DECLARATION OF MEAGAN SUE O'DELL IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[*Filed concurrently with Notice of Motion to Dismiss; Memorandum of Points and Authorities; and [Proposed] Order*]<br><br>Date:          March 22, 2019<br>Time:          10:00 a.m.<br>Courtroom:          7B |

# DECLARATION OF MEAGAN SUE O'DELL

I, Meagan Sue O'Dell, hereby declare:

1.  I am an attorney at law and am licensed to practice in this Court and before all courts of the State of California. I am an associate with the law firm of Seyfarth Shaw LLP, attorneys of record for Defendant Airport Terminal Services, Inc. ("ATS") in the above-captioned action. I have personal knowledge of the matters set forth herein, and if called upon to testify, I could and would do so competently.

2.  On February 7, 2019, I called Plaintiff's counsel to discuss ATS's anticipated Motion to Dismiss portions of Plaintiff's First Amended Complaint ("FAC"). During this call, I went through the deficiencies of Plaintiff's FAC in detail. During this call, Plaintiff's counsel advised that the single phone call between Shonta Henderson and Plaintiff was sufficient to support her claim for harassment. Plaintiff's counsel advised that he would discuss the issues I raised internally, and advise if any agreement could be reached.

3.  On February 12, 2019, I engaged in a follow-up telephone conversation with Plaintiff's counsel. During this call, Plaintiff's counsel agreed to remove Paragraph 38(f) from the FAC and her cause of action for Breach of Oral Contract. Plaintiff's counsel advised that he would e-mail supporting case law for Plaintiff's Intentional Infliction of Emotional Distress claim, as well as Plaintiff's position on the deficiencies raised related to her claims for Negligent Hiring and Failure to Prevent Discrimination/Harassment.

4.  On February 13, 2019, I e-mailed Plaintiff's counsel and requested that he provide the e-mail update he promised. Later that day, Plaintiff provided via e-mail the following:

- Confirmation of Plaintiff's agreement to remove Paragraph 38(f) and the first cause of action for Breach of Oral Contract;
- Three case cites that Plaintiff's counsel contends support Plaintiff's claim for Intentional Infliction of Emotional Distress; and

2

1  • Plaintiff's contention that the facts pled are sufficient to establish Plaintiff's claims for Negligent Hiring and Failure to Prevent Discrimination/Harassment.

A true and correct copy of my e-mail exchange with Plaintiff's counsel is attached hereto as **Exhibit A.**

5. Plaintiff's counsel has not agreed to amend the pleadings or dismiss Plaintiff's deficient claims (other than as noted above); thus, making ATS's Motion essential to address the deficiencies of the FAC.

I declare under penalty of perjury under the laws of the United States and the laws of the State of California that the foregoing is true and correct.

Executed this 19th day of February 2019, at Los Angeles, California.

                                        */s/ Meagan Sue O'Dell*
                                        MEAGAN SUE O'DELL

3

DECLARATION OF MEAGAN SUE O'DELL IN SUPPORT OF DEFENDANT'S 12(B)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

# EXHIBIT A

**O'Dell, Meagan S.**

| | |
|---|---|
| **From:** | Aaron Gbewonyo <agbewonyo@shegerianlaw.com> |
| **Sent:** | Wednesday, February 13, 2019 3:39 PM |
| **To:** | O'Dell, Meagan S. |
| **Cc:** | Lubeley, Aaron; Yang, Simon |
| **Subject:** | RE: Tipton v. ATS - Meet and Confer re: MTD |
| **Attachments:** | STIP PROTECTIVE ORDER.docx |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

**[EXT. Sender]**

Meagan,

Thank you for your message. As previously mentioned in our call on February 12, 2019, plaintiff agrees to voluntarily remove paragraph 38(f) and her cause of action for Breach of Oral Express Contract.

In regards to the case law supporting that plaintiff's cause of action for IIED claim being barred by workers compensation exclusivity, there are a number of cases that state otherwise. Here are just a few.:

*Nordstrom v. U.S. Bank, N.A., Inc.*, 2012 U.S. Dist. LEXIS 102267, *14-15 (C.D. Cal. 2012) (*Nordstrom*), citing *Smith v. Int. Broth. of Elect. Workers* (2003) 109 Cal.App.4th 1637, 1658-59;

*Accardi v. Sup. Crt.* (1993) 17 Cal.App.4th 341, 352

*Macias v. Levy Premium Foodservices Ltd. P'ship*, 2015 U.S. Dist. LEXIS 183118, *9 (C.D. Cal. 2015) (Wilson, J

Plaintiff believes that there are sufficient facts alleged for a cause of action for negligent hiring, supervision, and retention, all that is required to be plead is that (1) ATS hired Shonta Henderson, which I assume you will concede to; (2) Shonta was or became unfit, which is clear given her stance on requesting that my client resign from her position without inquiring as to whether she could return or attempting to accommodate her; (3) At some point, ATS knew, should have known that Shonta was or became unfit incompetent and created a particular risk to others. Asking someone to resign from their job and informing them that you are going to terminate them if they do not is harassment, and was reasonably likely to pose harm to plaintiff, whether by way of IIED or otherwise. ATS was aware that my client was on a placed on a disability leave by her doctor. ATS was informed of my client's intent to return to work as included in her May 1, 2017 doctor's note that was provided to ATS. Without first attempting to engage or attempting to accommodate, Shonta terminated my client. What's more, ATS sent a follow up note memorializing my client's termination and threatening legal/criminal action against her for failure to make arrangements to return her badge within 3 days of receipt of that letter. As we previously discussed during our meet and confer on Tuesday, I believe these actions go beyond a mere supervisory function and amount to harassment. For the aforementioned reasons, plaintiff believes that as pled, there are sufficient facts for a cause of action for negligent hiring, supervision or retention. However, I am happy to discuss this matter with you further.

Similarly, plaintiff also believes that there are sufficient facts plead for a cause of action for failure to prevent harassment, discrimination or retaliation. Again, I assume that you will concede to the fact that my client was an employee of ATS. Additionally, and as mentioned, my client was discriminated against, harassed, and retaliated against for her disability. My client was asked was asked to resign by Ms. Henderson, and when she refused to do so, she was informed that she would be terminated, and was in fact terminated. As pled, my client's disability/injury was a motivating factor in Henderson/ATS's decision to terminate my client. Fore the

1

aforementioned reasons, plaintiff believes that as pled, there are sufficient facts for a cause of action for failure to prevent harassment, discrimination, or retaliation. However, I remain agreeable to continuing to discuss the matter further.

Finally, please find please find attached the stipulation for a protective order for your consideration. Thank you.

**Aaron Gbewonyo** | Associate Attorney
225 Santa Monica Blvd | Santa Monica, CA 90401
Office: (310) 860-0770 | Facsimile: (310) 860-0771
agbewonyo@shegerianlaw.com | shegerianlaw.com

**SHEGERIAN & ASSOCIATES**
• PROTECTING YOUR RIGHTS •

Please do not print this e-mail unless absolutely necessary. CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are privileged and confidential and are intended for the sole use of the addressee(s). If you have received this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon it is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the Shegerian Law client privilege as to this communication or otherwise. If you have received this communication in error, please immediately delete it and contact us at privacy@shegerianlaw.com or by telephone at (310) 860-0770. Thank you.

**From:** O'Dell, Meagan S. <modell@seyfarth.com>
**Sent:** Wednesday, February 13, 2019 10:27 AM
**To:** Aaron Gbewonyo <agbewonyo@shegerianlaw.com>
**Cc:** Lubeley, Aaron <ALubeley@seyfarth.com>; Yang, Simon <syang@seyfarth.com>
**Subject:** Tipton v. ATS - Meet and Confer re: MTD

Aaron,

I wanted to follow-up on our call yesterday that continued our prior meet and confer discussions regarding Defendant's anticipated motion to dismiss. During the call, you advised that Plaintiff would remove paragraph 38(f) and her cause of action for breach of oral contract. You indicated that you would send case law to support Plaintiff's claims for IIED and negligent hiring. You also indicated that you would get back to me regarding Plaintiff's stance on the deficiencies raised by Defendant to her claim for failure to prevent discrimination/harassment. As Defendant's deadline to prepare its responsive pleading is quickly approaching, please provide the two promised items today.

I also understand that you are drafting a protective order and will send it for review. Lastly, we look forward to receiving dates in March or early April for Plaintiff's deposition.

Best,

Meagan

**Meagan S. O'Dell** | Associate | Seyfarth Shaw LLP
601 South Figueroa Street | Suite 3300 | Los Angeles, California 90017-5793
Direct: +1-213-270-9649 | Fax: +1-310-551-8498
modell@seyfarth.com | www.seyfarth.com



The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.