1  SEYFARTH SHAW LLP
   Aaron R. Lubeley (SBN 199837)
2  alubeley@seyfarth.com
   Simon L. Yang (SBN 260286)
3  syang@seyfarth.com
   Meagan Sue O'Dell (SBN 280086)
4  modell@seyfarth.com
   601 South Figueroa Street, Suite 3300
5  Los Angeles, California 90017-5793
   Telephone:   (213) 270-9600
6  Facsimile:    (213) 270-9601

7  Attorneys for Defendant
   AIRPORT TERMINAL SERVICES, INC.

8

9

               UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12

   JAYME TIPTON,                    Case No.  2:18-cv-9503 AB (JEMx)
13
            Plaintiff,              *Assigned to Hon. Andre Birotte, Jr.*
14
        v.                          **DEFENDANT'S ANSWER TO**
15                                  **PLAINTIFF'S FIRST AMENDED**
   AIRPORT TERMINAL SERVICES, INC., **COMPLAINT**
16 and DOES 1 through 100, inclusive,

17          Defendants.

18

19

20

21

22

23

24

25

26

27

28

Defendant AIRPORT TERMINAL SERVICES, INC. ("ATS"), by and through the undersigned counsel, hereby responds, for itself and no other party, to the First Amended Complaint filed by Plaintiff JAYME TIPTON and avers as follows:

## SUMMARY

Defendant admits that Plaintiff is seeking the damages outlined in this "Summary" paragraph. Defendant denies the remaining allegations contained in Plaintiff's "Summary" paragraph, and denies that Plaintiff is entitled to any damages.

## PARTIES

1.    Answering paragraph 1, Defendant lacks information regarding Plaintiff's current residence. To Defendant's knowledge, Plaintiff was a citizen of California during her employment with Defendant.

2.    Answering paragraph 2, Defendant admits the entirety of this paragraph.

3.    Answering paragraph 3, Defendant admits that it employed Plaintiff. Defendant contends that the remaining allegations are conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this paragraph purports to contain any additional allegations of fact, Defendant denies the allegations.

4.    Answering paragraph 4, Defendant denies the entirety of this paragraph.

## FACTS COMMON TO ALL CAUSES OF ACTION

5.    Answering paragraph 5, Defendant admits that Plaintiff worked as a Groomer, for approximately 7 months, beginning in October 2016. Defendant further admits that Plaintiff's job duties included vacuuming, picking up trash, collecting any blankets, pillows, earphones or reading material left in the airplane cabin by passengers, and sanitizing the passenger cabin and restrooms. Defendant admits that it provides opportunities for growth and, at times, promotes from within. Defendant admits that it provides sufficient resources to its staff, encourages them to foster growth and learning, provides education and training to its staff, and provides opportunity to apply abilities and ambition in their current position or other areas. Defendant lacks the required information to admit or deny the remaining contentions of this paragraph.

6.    Answering paragraph 6, Defendant denies the entirety of the allegations in this paragraph.

7.    Answering paragraph 7, Defendant admits that Plaintiff was not medically cleared to work and that her employment was terminated.  Defendant lacks the required information to admit or deny the remaining contentions of this paragraph.

8.    Answering paragraph 8, Defendant admits that, in April 2017, it was informed that Plaintiff was seeking medical treatment for a non-work-related injury to her arm.  Defendant admits that Plaintiff stated she could not return to work per her doctor's instructions.  Defendant further admits that it later received a doctor's note that indicated Plaintiff was to remain off work.  Defendant admits that Moses Gillian spoke to Plaintiff via telephone for an update.  Defendant lacks the required information to admit or deny the contentions related to Plaintiff's medical diagnosis or treatment.  Defendant denies the remaining contentions of this paragraph.

9.    Answering paragraph 9, Defendant denies the entirety of this paragraph.

10.    Answering paragraph 10, Defendant denies the entirety of this paragraph.

11.    Answering paragraph 11, Defendant denies the entirety of this paragraph.

12.    Answering paragraph 12, Defendant denies the entirety of this paragraph.

## FIRST CAUSE OF ACTION

13.    Answering paragraph 13, Defendant incorporates its responses to Paragraphs 1 through 12 above.  Defendant further states that this cause of action is subject to a concurrently filed Motion to Dismiss.

14.    Answering paragraph 14, Defendant states that this cause of action is subject to a concurrently filed Motion to Dismiss.

15.    Answering paragraph 15, Defendant states that this cause of action is subject to a concurrently filed Motion to Dismiss.

16.    Answering paragraph 16, Defendant states that this cause of action is subject to a concurrently filed Motion to Dismiss.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1

## SECOND CAUSE OF ACTION

2     17.    Answering paragraph 17, Defendant incorporates its responses to Paragraphs

3 1 through 16 above.  Defendant further states that this cause of action is subject to a

4 concurrently filed Motion to Dismiss.

5     18.    Answering paragraph 18, Defendant states that this cause of action is subject

6 to a concurrently filed Motion to Dismiss.

7     19.    Answering paragraph 19, Defendant states that this cause of action is subject

8 to a concurrently filed Motion to Dismiss.

9     20.    Answering paragraph 20, Defendant states that this cause of action is subject

10 to a concurrently filed Motion to Dismiss.

11     21.    Answering paragraph 21, Defendant states that this cause of action is subject

12 to a concurrently filed Motion to Dismiss.

13

## THIRD CAUSE OF ACTION

14     22.    Answering paragraph 22, Defendant incorporates its responses to Paragraphs

15 1 through 21 above.  Answering paragraph 22, Defendant states that this cause of action

16 is subject to a concurrently filed Motion to Dismiss.

17     23.    Answering paragraph 23, Defendant states that this cause of action is subject

18 to a concurrently filed Motion to Dismiss.

19     24.    Answering paragraph 24, Defendant states that this cause of action is subject

20 to a concurrently filed Motion to Dismiss.

21

## FOURTH CAUSE OF ACTION

22     25.    Answering paragraph 25, Defendant incorporates its responses to Paragraphs

23 1 through 24 above. Answering paragraph 25, Defendant states that this cause of action is

24 subject to a concurrently filed Motion to Dismiss.

25     26.    Answering paragraph 26, Defendant states that this cause of action is subject

26 to a concurrently filed Motion to Dismiss.

27     27.    Answering paragraph 27, Defendant states that this cause of action is subject

28 to a concurrently filed Motion to Dismiss.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

28.    Answering paragraph 28, Defendant states that this cause of action is subject to a concurrently filed Motion to Dismiss.

29.    Answering paragraph 29, Defendant states that this cause of action is subject to a concurrently filed Motion to Dismiss.

## FIFTH CAUSE OF ACTION

30.    Answering paragraph 30, Defendant incorporates its responses to Paragraphs 1 through 29 above.  Answering paragraph 30, Defendant states that this cause of action is subject to a concurrently filed Motion to Dismiss.

31.    Answering paragraph 31, Defendant states that this cause of action is subject to a concurrently filed Motion to Dismiss.

32.    Answering paragraph 32, Defendant states that this cause of action is subject to a concurrently filed Motion to Dismiss.

33.    Answering paragraph 33, Defendant states that this cause of action is subject to a concurrently filed Motion to Dismiss.

34.    Answering paragraph 34, Defendant states that this cause of action is subject to a concurrently filed Motion to Dismiss.

35.    Answering paragraph 35, Defendant states that this cause of action is subject to a concurrently filed Motion to Dismiss.

## SIXTH CAUSE OF ACTION

36.    Answering paragraph 36, Defendant incorporates its responses to Paragraphs 1 through 35 above.

37.    Answering paragraph 37, Defendant denies the entirety of this paragraph.

38.    Answering paragraph 38, Defendant contends that the allegations are conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this paragraph purports to contain any additional allegations of fact, Defendant denies the allegations.

39.    Answering paragraph 39, Defendant denies the entirety of this paragraph.

40.    Answering paragraph 40, Defendant denies the entirety of this paragraph.

4

41.    Answering paragraph 41, Defendant denies the entirety of this paragraph.

42.    Answering paragraph 42, Defendant denies the entirety of this paragraph.

**SEVENTH CAUSE OF ACTION**

43.    Answering paragraph 43, Defendant incorporates its responses to Paragraphs 1 through 42 above.  Answering paragraph 43, Defendant states that this cause of action is subject to a concurrently filed Motion to Dismiss.

44.    Answering paragraph 44, Defendant states that this cause of action is subject to a concurrently filed Motion to Dismiss.

45.    Answering paragraph 45, Defendant states that this cause of action is subject to a concurrently filed Motion to Dismiss.

46.    Answering paragraph 46, Defendant states that this cause of action is subject to a concurrently filed Motion to Dismiss.

47.    Answering paragraph 47, Defendant states that this cause of action is subject to a concurrently filed Motion to Dismiss.

48.    Answering paragraph 48, Defendant states that this cause of action is subject to a concurrently filed Motion to Dismiss.

**EIGHTH CAUSE OF ACTION**

49.    Answering paragraph 49, Defendant incorporates its responses to Paragraphs 1 through 48 above.

50.    Answering paragraph 50, Defendant denies the entirety of this paragraph.

51.    Answering paragraph 51, Defendant contends that the allegations are conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this paragraph purports to contain any additional allegations of fact, Defendant denies the allegations.

52.    Answering paragraph 52, Defendant denies the entirety of this paragraph.

53.    Answering paragraph 53, Defendant denies the entirety of this paragraph.

54.    Answering paragraph 54, Defendant denies the entirety of this paragraph.

55.    Answering paragraph 55, Defendant denies the entirety of this paragraph.

5

### NINTH CAUSE OF ACTION

56.    Answering paragraph 56, Defendant incorporates its responses to Paragraphs 1 through 55 above.

57.    Answering paragraph 57, Defendant contends that the allegations are conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this paragraph purports to contain any additional allegations of fact, Defendant denies the allegations.

58.    Answering paragraph 58, Defendant denies the entirety of this paragraph.

59.    Answering paragraph 59, Defendant denies the entirety of this paragraph.

60.    Answering paragraph 60, Defendant denies the entirety of this paragraph.

61.    Answering paragraph 61, Defendant denies the entirety of this paragraph.

62.    Answering paragraph 62, Defendant denies the entirety of this paragraph.

63.    Answering paragraph 63, Defendant denies the entirety of this paragraph.

### TENTH CAUSE OF ACTION

64.    Answering paragraph 64, Defendant incorporates its responses to Paragraphs 1 through 63 above.

65.    Answering paragraph 65, Defendant contends that the allegations are conclusions of law as opposed to allegations of fact and, as such, no answer is required. To the extent this paragraph purports to contain any additional allegations of fact, Defendant denies the allegations.

66.    Answering paragraph 66, Defendant denies the entirety of this paragraph.

67.    Answering paragraph 67, Defendant denies the entirety of this paragraph.

68.    Answering paragraph 68, Defendant denies the entirety of this paragraph.

69.    Answering paragraph 69, Defendant denies the entirety of this paragraph.

70.    Answering paragraph 70, Defendant denies the entirety of this paragraph.

71.    Answering paragraph 71, Defendant denies the entirety of this paragraph.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## **ELEVENTH CAUSE OF ACTION**

72.    Answering paragraph 72, Defendant incorporates its responses to Paragraphs 1 through 71 above.  Answering paragraph 72, Defendant states that this cause of action is subject to a concurrently filed Motion to Dismiss.

73.    Answering paragraph 73, Defendant states that this cause of action is subject to a concurrently filed Motion to Dismiss.

74.    Answering paragraph 74, Defendant states that this cause of action is subject to a concurrently filed Motion to Dismiss.

75.    Answering paragraph 75, Defendant states that this cause of action is subject to a concurrently filed Motion to Dismiss.

76.    Answering paragraph 76, Defendant states that this cause of action is subject to a concurrently filed Motion to Dismiss.

77.    Answering paragraph 77, Defendant states that this cause of action is subject to a concurrently filed Motion to Dismiss.

78.    Answering paragraph 78, Defendant states that this cause of action is subject to a concurrently filed Motion to Dismiss.

79.    Answering paragraph 79, Defendant states that this cause of action is subject to a concurrently filed Motion to Dismiss.

## **PRAYER**

1.    Answering prayer 1, Defendant denies that Plaintiff is entitled to the requested damages.

2.    Answering prayer 2, Defendant denies that Plaintiff is entitled to the requested damages.

3.    Answering prayer 3, Defendant denies that Plaintiff is entitled to the requested damages.

4.    Answering prayer 4, Defendant denies that Plaintiff is entitled to the requested damages.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

5.      Answering prayer 5, Defendant denies that Plaintiff is entitled to the requested damages.

6.      Answering prayer 6, Defendant denies that Plaintiff is entitled to the requested damages.

7.      Answering prayer 7, Defendant denies that Plaintiff is entitled to the requested damages.

Defendant admits that Plaintiff is demanding a jury trial and that Plaintiff contends the amount demanded exceeds $25,000.  Defendant denies that Plaintiff is entitled to damages.

## **AFFIRMATIVE DEFENSES**

Subject to and without waiver of the denials and responses contained in its Answer, Defendant alleges the following as its affirmative defenses.  In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.  Defendant reserves the right to amend its answer and to assert any separate and additional defenses as may become available or apparent during the course of this litigation.

### **FIRST SEPARATE AND ADDITIONAL DEFENSE**
### **(Failure to State a Cause of Action)**

1.      Neither Plaintiff's Complaint nor any purported cause of action therein alleged states facts sufficient to constitute claims upon which relief may be granted against Defendant.

### **SECOND SEPARATE AND ADDITIONAL DEFENSE**
### **(Statute of Limitations)**

2.      Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations, including, but not limited to, Government Code sections 12960 and 12965; and Code of Civil Procedure sections 335.1, 337, 338, 339, 340, and 343.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Mitigate Damages)

3.    Defendant is informed and believes, and based thereon alleges, that by exercise of reasonable efforts, Plaintiff could have mitigated the amount of damages she allegedly suffered, but Plaintiff failed to exercise reasonable efforts to mitigate her damages.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Laches, Estoppel, or Waiver)

4.    The First Amended Complaint is barred by the doctrine of laches to the extent that Plaintiff either acquiesced to conduct or prejudiced Defendant by unreasonably delaying in alleging harms. Likewise, the First Amended Complaint is barred to the extent that Plaintiff is estopped or has waived, by her own conduct or actions, the right to assert the claims alleged in the First amended Complaint.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Consent, Contribution by Own Conduct, Ratification, Unclean Hands, or Avoidable Consequences)

5.    The First Amended Complaint is barred to the extent that the alleged conduct of Defendant complained of in the First Amended Complaint was approved, consented to, or authorized by Plaintiff through their actions, omissions, and course of conduct. To the extent the alleged harms in the First Amended Complaint occurred at all, such harms were proximately caused by or contributed to by Plaintiff's own acts, omissions, or failures to act. To the extent that Plaintiff failed to act upon knowledge available to them, they thereby ratified Defendant's alleged actions. To the extent that Plaintiff acted upon knowledge available to them, they thereby either engaged in conduct showing unclean hands or are barred by the avoidable consequences doctrine. If any loss, injury, damage, or detriment occurred as alleged in the Complaint, the loss, injury, damages, or determent was caused by and contributed to by Plaintiff's actions, and as, Plaintiff did not exercise ordinary care, her own acts and omissions proximately caused

9

and contributed to the loss, injury, damage, or detriment alleged by Plaintiff and her recovery from Defendant, if any, should be reduced in proportion to the percentage of her negligence or fault.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE
### (California Civil Code Section 1473)

6.     Defendant alleges that prior to the commencement of this action by Plaintiff and at all times relevant, it duly preformed, satisfied, and discharged all duties and obligations it may have owed to Plaintiff arising out of any and all agreements, representations, or contracts purportedly made by Defendant and that this action is barred by the provision of California Civil Code section 1473.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE
### (Failure to Follow Employer's Established Procedures)

7.     Plaintiff is not entitled to recover from Defendant as alleged in the Complaint for any damages, restitution, or other relief, due to her failure to comply with California Labor Code section 2856 by failing to comply with all directions of her employer concerning the service on which she was engaged.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE
### (Lack of Specificity)

8.     Plaintiff's claims for breach of contract fail because they were not alleged with the required specificity.

## NINTH SEPARATE AND ADDITIONAL DEFENSE
### (Punitive Damages)

9.     The First Amended Complaint, and each of the causes of action stated therein, fails to state facts sufficient to entitle Plaintiff to an award of punitive damages. To the extent that Plaintiff seeks punitive or exemplary damages in her First Amended Complaint, she also violates the rights of Defendant to protection from "excessive fines" as provided in the Eighth Amendment to the United States constitution and in Article I, Section 17 of the Constitution of the State of California. Further, Plaintiff violates the

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

rights of Defendant to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of California.

### TENTH SEPARATE AND ADDITIONAL DEFENSE
### (Failure to Exhaust Administrative Remedies)

10.    Plaintiff's claims, in whole or in part, are barred because Plaintiff has failed to exhaust her administrative remedies or to comply with the statutory prerequisites for bringing suit.

### ELEVENTH SEPARATE AND ADDITIONAL DEFENSE
### (Failure to Exercise Reasonable Preventive Corrective Opportunities)

11.    To the extent any of Defendant's employees or agents engaged in unlawful discriminatory or retaliatory behavior toward Plaintiff, Defendant is not liable for any such discrimination or retaliation, or Plaintiff's damages must be reduced, because Defendant exercised reasonable care to prevent and correct promptly any such behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided or to otherwise avoid harm.

### TWELFTH SEPARATE AND ADDITIONAL DEFENSE
### (Workers' Compensation Preemption)

12.    Plaintiff's claims for certain damages are preempted and barred by the exclusive remedies of the California Workers' Compensation Act, California Labor Code § 3200, *et seq.*, inasmuch as they involve an employer/employee relationship subject to workers' compensation coverage, conduct of Plaintiff undertaken in the course and scope of her alleged employment with Defendant, and injuries alleged by Plaintiff to have been proximately caused by her employment with Defendant.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (After-Acquired Evidence)

13.    Plaintiff's claims are barred, or her damages, if any, are limited, to the extent she engaged in any misconduct of which Defendant was unaware until after Plaintiff's termination that provides independent legal cause for the termination of her employment.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (Prompt Remedial Action)

14.    Defendant took prompt and appropriate corrective action in response to Plaintiff's complaints or stated concerns regarding the workplace, if in fact Plaintiff made any such complaints, thereby satisfying all legal duties and obligations Defendant had to Plaintiff, if any at all.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (Legitimate Non-discriminatory Actions and Mixed Motive)

15.    Plaintiff's claims are barred, in whole or in part, because Defendant had a legitimate business reason that was non-discriminatory and non-retaliatory for all actions taken with respect to Plaintiff's employment. Even if Plaintiff should prove that her alleged disability or any other protected status was a substantial factor motivating the challenged actions, which Defendant denies, the same actions would have been taken based on legitimate, non-discriminatory, non-retaliatory considerations.

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE
### (At-Will Employment)

16.    Pursuant to California Labor Code Section 2922, Plaintiff's employment was at-will, terminable at will by either party with or without cause or notice and, therefore, her claims are barred by section 2922.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Scope of Authority)

17.    The First Amended Complaint, and each and every purported cause of action therein, is barred to the extent that the actions of Defendant's agents, employees, and representatives, if they occurred, were not actions taken within the course and scope of their employment.

## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Managerial Discretion and Reasonable, Good Faith Belief)

18.    Any injuries Plaintiff sustained as a result of any action by Defendant are barred to the extent that any and all decisions made and actions taken were in the exercise of proper managerial discretion and in good faith. Further, the First Amended Complaint, and each alleged cause of action, are barred by the fact that any decisions made by Defendant with respect to Plaintiff's employment were reasonably based on the facts as Defendant understood them in good faith.  Defendant's policies forbid unlawful harassment, retaliation and discrimination.

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Reasonable Accommodation Provided or Not Required and Failure to Inform)

19.    Plaintiff's causes of action are barred to the extent that she was provided a reasonable accommodation for her disability, if any. Alternatively, Plaintiff's causes of action are barred to the extent that she did not require a reasonable accommodation in order to perform the essential functions of her position, or Plaintiff failed to advise Defendant that she was in need of a reasonable accommodation in order to perform the essential functions of her position.

DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

### (Unauthorized Conduct)

20.    While Defendant denies that its employees, officers, or agents, acted in any manner that would constitute a violation of FEHA, if any such violation occurred, it occurred outside the scope of employment or agency and without the consent of Defendant.  Defendant did not authorize, condone, ratify, or tolerate any conduct that would violate FEHA, but instead prohibited such acts, and such conduct may not be attributed to Defendant through principles of agency, respondeat superior, successorship, or otherwise.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays:

1.    That Plaintiff take nothing by her First Amended Complaint;

2.    That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.    That Defendant be awarded reasonable attorneys' fees according to proof;

4.    That Defendant be awarded costs of suit incurred herein; and

5.    That Defendant be awarded such other and further relief as the Court deems just and proper.

DATED: February 19, 2019                Respectfully submitted,

SEYFARTH SHAW LLP


By:    */s/ Meagan S. O'Dell*
Aaron R. Lubeley
Simon L. Yang
Meagan Sue O'Dell
Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.

14