Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Anthony Nguyen, Esq., State Bar No. 259154
ANguyen@Shegerianlaw.com
Aaron Gbewonyo, Esq., State Bar No. 315889
AGbewonyo@Shegerianlaw.com
SHEGERIAN & ASSOCIATES
225 Santa Monica Boulevard, Suite 700
Santa Monica, California 90401
Telephone Number:   (310) 860-0770
Facsimile Number:   (310) 860-0771

Attorneys for Plaintiff,
JAYME TIPTON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYME TIPTON, | Case No.: 2:18-cv-09503-AB-JEM |
| | **The Honorable André Birotte, Jr.** |
| Plaintiff, | **PLAINTIFF JAYME TIPTON'S OPPOSITION TO DEFENDANT'S F.R.C.P. RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs. | |
| AIRPORT TERMINAL SERVICES, INC. and DOES 1 to 100, inclusive, | [Filed concurrently with Declaration of Aaron Gbewonyo; and [Proposed] Order] |
| Defendants. | Date:   March 22, 2019 |
| | Time:   10:00 a.m. |
| | Ctrm.:   7B |
| | Action Filed:  October 4. 2018 |

# TABLE OF CONTENTS

**Page**

1.    INTRODUCTION ............................................................................. 1

2.    ARGUMENT ................................................................................... 1

    A.  Defendant's F.R.C.P. Rule 12(b)(6) Motion Is Disfavored and Granted Only in "Extraordinary" Cases. .......................................... 1

    B.  Plaintiff's Complaint Alleges more than a "Short Plaint Statement of her Claims," and Consequently Satisfies the Low Threshold of the "Notice Pleading." ................................................................................ 3

    C.  Plaintiff Has Sufficiently Pled a Cause of Action for Disability Discrimination on the Basis of Taking a Leave ...................................... 3

    D.  Plaintiff Has Sufficiently Pled Harassment on the Basis of Disability ............... 6

    E.  Plaintiff Has Sufficiently Pled a Cause of Action for Implied-In-Fact Contract ...................................................................................... 9

    F.  Plaintiff Has Sufficiently Plead Facts for a Cause of Action for Negligent Hiring, Supervision, and Retention ..................................... 10

        (1) Plaintiff's Claims are not Barred by Workers Compensation Exclusivity .............................................................................. 10

    G.  Plaintiff's Has Sufficiently Pled Facts for a Cause of Action for Wrongful Termination in Violation of Public Policy ........................ 11

    H.  Plaintiff Has Sufficiently Pled Facts for a Cause of Action for IIED ............... 12

    I.  Plaintiff Has Sufficiently Pled Facts for a Cause of Action for Failure to Prevent Discrimination, Harassment, and Retaliation ........................ 14

    J.  Alternatively, If This Court Finds that Plaintiff Has Not Provided Specific Allegations as to Each of the Named Defendants, Plaintiff Requests Leave to Amend Is Requested to Add Further Facts Supporting Her Causes of Action ......................................................................................... 15

3.    CONCLUSION ................................................................................ 16

# TABLE OF AUTHORITIES

**Page**

## Cases

*Accardi v. Sup. Crt.* (1993) 17 Cal.App.4th 341    11, 12

*AmerisourceBergen Corp. v. Dialysist W., Inc.,* 465 F.3d 946 (9th Cir. 2006)    15

*Bagatti v. Dept. of Rehabilitation* (2002) 97 Cal.App.4th 344    4

*Barsell, supra,* 2009 U.S. Dist. LEXIS 123475 at *11    13

*Bonin v. Calderon,* 59 F.3d 815 (9th Cir. 1995)    15

*Brennan v. Townsend & O'Leary Enterprises, Inc.* (2011) 199 Cal.App.4th 1336    8

*Caldera v. Department of Corrections & Rehabilitation* (2018) 25 Cal.App.5th 31    8, 14

*Cauchi v. Brown,* 51 F.Supp.2d 1014 (E.D. Cal. 1999)    1

*Colaprico v. Sun Microsystems, Inc.,* 758 F.Supp. 1335 (N.D. Cal. 1991)    2, 3

*Colmenares v. Braemar Country Club, Inc.* (2003) 29 Cal.4th 1019    3

*Conley v. Gibson,* 355 U.S. 41 (1957)    2

*Dagley v. Target Corp., Inc.*, 2009 U.S. Dist. LEXIS 33749, *8-9 (C.D. Cal. 2009)    13

*DCD Programs, Ltd. v. Leighton,* 833 F.2d 183 (9th Cir. 1987)    15

*DeJung v. Superior Court* (2008) 169 Cal.App.4th 533    4

*Farmers Ins. Group v. County of Santa Clara* (1995) 11 Cal.4th 992    11

*Fernandez v. PSC Indus. Outsourcing LP*, 2017 U.S. Dist. LEXIS 115273, *8-10 (N.D. Cal. 2017)    11, 12

*Fisher v. San Pedro Peninsula Hospital* (1989) 214 Cal.App.3d 590    7

*Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654    9

*Fretland v. Cnty of Humboldt* (1999) 69 Cal.App.4th 1478    11

*Freund v. Nycomed Amersham* 347 F. 3d 752 (9th Cir. 2003)    12

*Fuentes v. AutoZone*, Inc. (2011) 200 Cal.App.4th 1221    7, 8

*Gardner v. Federal Express Corp*. 114 F. Supp. 3d 889 (2015)    5

*Gautier v. Gen. Tel. Co.* 234 Cal. App 2d 302 (1965) ..... 9

*Gelfo v. Lockheed Martin Corp.* (2006) 140 Cal.App.4th 34 ..... 5, 6, 10, 14

*Gilligan v. Jamco Develop. Corp.,* 108 F.3d 246 (9th Cir. 1997) ..... 1

*Guz v. Bechtel Nat'l, Inc.* (2000) 24 Cal.4th 317 ..... 9

*Hernandez v. Rancho Santiago Cmty. Coll. Dist.* (2018) 22 Cal.App.5th 1187 ..... 4

*Humphrey v. Memorial Hospitals Assn.* (9th Cir. 2001) 239 F.3d 1128 ..... 5

*Jackson v. Bank of Hawaii,* 902 F.2d 1385 (9th Cir. 1990) ..... 15

*Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4th 55 ..... 7, 13

*Kingsley v. Tellworks Communs.*, LLC, 2017 U.S. Dist. LEXIS 92619, *96 (N.D. Ga. 2017 ..... 4, 6

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163 (1993) ..... 2

*Lone Star Ladies Inv. Club v. Schlotzky's Inc.,* 238 F.3d 363 (5th Cir. 2001) ..... 15

*Macias v. Levy Premium Foodservices Ltd. P'ship*, 2015 U.S. Dist. LEXIS 183118, *9 (C.D. Cal. 2015) ..... 13

*Martin v. Brevard*, 543 F.3d 1261 (11th Cir. 2008) ..... 4

*McDonnell Douglas Corp. v. Green* (1973) 411 U.S. 792 ..... 3, 4

*McGregor v. National R.R. Passenger Corp.* (9th Cir. 1999) 187 F.3d 1113 ..... 6

*Morgan v. Regents of the University of California* (2001) 88 Cal.App.4th 52 ..... 4

*Nazir v. United Airlines, Inc.* (2009) 178 Cal.App.4th 243 ..... 7

*Neitzke v. Williams,* 490 U.S. 319 (1989) ..... 2

*Nordstrom v. U.S. Bank, N.A., Inc.*, 2012 U.S. Dist. LEXIS 102267, *14-15 (C.D. Cal. 2012) ..... 11, 12

*Norris v. Allied-Sysco Foods Services, Inc.,* 948 F.Supp. 1418 (N.D. Cal. 1996) ..... 5

*O'Mary v. Mitsubishi Electronics America, Inc.* (1997) 59 Cal.App.4th 563 ..... 4

*Pareto v. FDIC,* 139 F.3d 696 (9th Cir. 1998) ..... 1, 2

*Peloza v. Capistrano United School Dist.,* 37 F.3d 517 (9th Cir. 1994) ..... 1, 2

*Phillips v. St. Mary Regional Med. Ctr.* (2002) 96 Cal.App.4th 218 ..... 12

*Ramirez v. Wong* (2010) 188 Cal.App.4th 1480 ..... 7

PLAINTIFF'S OPPOSITION TO F.R.C.P. RULE 12(b)(6) MOTION TO DISMISS

*Roby v. McKesson Corp.* (2009) 47 Cal.4th 686 ..... 8

*Sanchez v. Swissport, Inc.* (2013) 213 Cal.App.4th 1331 ..... 4, 5

*Scheuer v. Rhodes,* 416 U.S. 232 (1974) ..... 2

*Smith v. Int. Broth. of Elect. Workers* (2003) 109 Cal.App.4th 1637, 1658-59 ..... 11, 12

*Stanbury Law Firm v. I.R.S.,* 221 F.3d 1059 (8th Cir. 2000) ..... 2

*Swanson v. Morongo Unified School Dist.* (2014) 232 Cal.App.4th 954 ..... 5

*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002) ..... 1, 3

*Trujillo v. North Cnty. Transit Dist.* (1998) 63 Cal.App.4th 280 ..... 14

*TWA v. Thurston* (1985) 469 U.S. 111 ..... 4

*United States v. Redwood City,* 640 F.2d 963 (9th Cir. 1981) ..... 1

*Vanderhule v. Amerisource Bergen Drug Corp.*, 2017 U.S. Dist. LEXIS 6401, *7 (C.D. Cal. 2017) ..... 13

*Villiarimo v. Aloha Isl. Air*, 281 F.3d 1054 (9th Cir. 2002) ..... 4

*Wallace v. County of Stanislus* (2016) 245 Cal.App.4th 109 ..... 3

**Statutes**

42 United States Code § 2000e, *et seq.* ..... 12

42 United States Code §§ 12101-12213 ..... passim

Government Code §§ 12900-12996 ..... passim

Government Code §§ 12945.1-12945.2 ..... 5, 6

**Other Authorities**

CACI 2524 ..... 7

Webster's Collegiate Dictionary (11th ed. 2007) p. 1140 ..... 7

**Rules**

Federal Rules of Civil Procedure, Rule 12(b)(6) ..... 1, 2, 16

Federal Rules of Civil Procedure, Rule 15(a) ..... 15

Federal Rules of Civil Procedure, Rule 8(a)(2) ..... 3

**Treatises**

5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* ..... 2

Scharzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* (The
    Rutter Group, 2007)    2

## Regulations

2 California Code of Regulations § 11065    3

2 California Code of Regulations § 11068    5, 6, 10, 13

29 Code of Federal Regulations § 825    5, 6

PLAINTIFF'S OPPOSITION TO F.R.C.P. RULE 12(b)(6) MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION

*First*, Plaintiff scrupulously followed the Courts instructions, both procedurally and as it relates to the substance of Plaintiff's First Amended Complaint ("FAC"). Accordingly, Plaintiff concedes to any being able supporting allegations in paragraph 38(f) of her complaint as well as her first cause of action for breach of oral express contract not to terminate employment without good cause.

*Second*, contrary to Defendant's assertions, on its face, it is readily apparent that Plaintiff's FAC has pled with sufficiency ample facts to satisfy the liberal pleading standard. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002).

*Third*, Plaintiff, having satisfied all of the Courts instructions, respectfully request for leave to amend her complaint in the unlikely event that this Court determines that Plaintiff has failed to plead sufficient facts upon which relief can be granted.

### 2. ARGUMENT

#### A. Defendant's F.R.C.P. Rule 12(b)(6) Motion Is Disfavored and Granted Only in "Extraordinary" Cases.

"The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Gilligan v. Jamco Develop. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) dismissals are proper only in "extraordinary" cases. *United States v. Redwood City,* 640 F.2d 963, 966 (9th Cir. 1981); *Cauchi v. Brown,* 51 F.Supp.2d 1014, 1016 (E.D. Cal. 1999). This case presents no "extraordinary" reasons for a ruling on the intentional infliction claim at issue. The pleadings in the operative complaint "embrace[s] whatever specific facts might be necessary to support them." *Peloza v. Capistrano United School Dist.,* 37 F.3d 517, 521 (9th Cir. 1994).[1] Likewise, "motions to strike are regarded

---

[1] All material allegations in the Complaint must be accepted as true. *Pareto v. FDIC,* 139 F.3d 696, 699 (9th Cir. 1998); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S.

with disfavor because [they are] often used as delaying tactics, and because of the limited importance of pleadings in federal practice." Scharzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial,* § 9:375 (The Rutter Group, 2007), *citing Stanbury Law Firm v. I.R.S.,* 221 F.3d 1059, 1063 (8th Cir. 2000); *Colaprico v. Sun Microsystems, Inc.,* 758 F.Supp. 1335, 1339 (N.D. Cal. 1991).

The United States Supreme Court has stated: ***"The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims. Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely, but that is not the test."*** *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). Rather, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).***"Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment*."** *quoting* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure,* 1357, 598.

This case presents no "extraordinary" reasons for a ruling on plaintiff's claims at issue, as the facts plead in the operative complaint "embrace[s] whatever specific facts might be necessary to support them." (*Peloza v. Capistrano United School Dist.,* 37 F.3d 517, 521 (9th Cir. 1994).)[2] The same, motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. (*See Stanbury Law Firm v. I.R.S.,* 221 F.3d 1059, 1063 (8th Cir. 2000); *Colaprico v. Sun Microsystems, Inc.,* 758 F.Supp. 1335, 1339 (N.D. Cal. 1991).)

///

---

163, 164 (1993). The sole issue raised by a Rule 12(b)(6) motion is whether the ultimate facts pled would, if established, support a valid claim for relief. *Neitzke v. Williams,* 490 U.S. 319, 328-329 (1989).

[2] All material allegations in the Complaint must be accepted as true. (*Pareto v. FDIC,* 139 F.3d 696, 699 (9th Cir. 1998); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164 (1993).) The sole issue raised by a 12(b)(6) motion is whether the ultimate facts pleaded would, if established, support a valid claim for relief. (*Neitzke v. Williams,* 490 U.S. 319, 328-329 (1989).)

PLAINTIFF'S OPPOSITION TO F.R.C.P. RULE 12(b)(6) MOTION TO DISMISS

**B. Plaintiff's Complaint Alleges more than a "Short Plaint Statement of her Claims," and Consequently Satisfies the Low Threshold of the "Notice Pleading."**

A plaintiff in federal court is required to give only ***"a short and plain statement of the claim showing that the pleader is entitled to relief."*** F.R.C.P. 8(a)(2). Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. In *Swierkiewicz, supra,* 534 U.S. 506, the court held that the notice pleading that was the standard "for assessing the sufficiency of a complaint appl[ies]" to discrimination claims. Further, *Swierkiewicz* held that, "***given the Federal Rules' simplified standard for pleading, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations***." *Id.* at 522.

**C. Plaintiff Has Sufficiently Pled a Cause of Action for Disability Discrimination on the Basis of Taking a Leave**

Under the FEHA, an employee is disabled if their condition makes the achievement of a major life activity difficult." *Ca. Gov.* § 12926(m)(1)(B)(ii); 2 Ca. Adc § 11065(3). No requirement that it "substantially limits" such participation as required under the ADA. *Ca. Gov.* § 12926.1(c). *Colmenares v. Braemar Country Club, Inc.* (2003) 29 Cal.4th 1019, 1025-26. The term is broadly construed and includes physical, mental and social activities and working. *Ca. Gov.* § 12926(m)(1)(B)(iii); 2 Ca. Adc § 11065. "[W]orking is a major life activity, regardless of whether the actual or perceived working limitation implicates a particular employment or a class or a broad range of employments." *Ca Govt.* § 12926.1(c); 2 Ca Adc § 11065(3)(D). In *Wallace v. County of Stanislus* (2016) 245 Cal.App.4th 109: the Court of Appeal confirmed that disability discrimination does not require proof of animosity or ill will, i.e., when analyzing a disability discrimination case, even a mistake by an employer can lead to liability. *Id.* at 122-123 It also held that the *McDonnell Douglas* burden shifting does not apply in disability discrimination cases where "the plaintiff presents direct evidence of the employer's motivation for the adverse

employment action." *Id.*

It is well established that "Being terminated while on leave evidences close temporal proximity for purposes of creating a genuine issue of material fact as to the causal connection." (*Kingsley v. Tellworks*, 2017 U.S. Dist. LEXIS 92619, *96 (N.D. Ga. 2017), citing *Martin v. Brevard*, 543 F.3d 1261, 1268 (11th Cir. 2008); *Villiarimo v. Aloha Air*, 281 F.3d 1054, 1065 (9th Cir. 2002) ["causation can be inferred from timing alone"].) This is direct evidence of defendant's discriminatory animus. Where there is *direct* evidence of discrimination, there is no need for inferences, presumptions, or shifting burdens, rendering unnecessary the *McDonnell Douglas v. Green*, 411 U.S. 792 (1973), test. (*TWA v. Thurston,* 469 U.S. 111, 122 (1985); *Morgan v. U.C. Reg.*, 88 Cal.App.4th 52, 69-70 (2001).) A "showing that a significant participant in an employment decision exhibited discriminatory animus is enough to raise an inference that the employment decision itself was discriminatory…" (*DeJung v. Sup. Crt.*, 169 Cal.App.4th 533, 551 (2008).)

It has been found to be a *failure to accommodate to terminate a probationary employee, when a probationary employee requires a disability-related leave of absenc*e, such period may be deducted from the employee's probationary period. That allows the employee to receive the full period of time to evaluate their performance, so that they do not lose their job simply because they needed a disability leave. *Hernandez v. Rancho Santiago Cmty. Coll. Dist.* (2018) 22 Cal.App.5th 1187, 1196.

"[T]he duty of an employer to provide reasonable accommodation for an employee with a disability is broader under the FEHA than under the ADA." *Bagatti v. Dept. of Rehabilitation* (2002) 97 Cal.App.4th 344, 362. "A finite leave of greater than four months may be a reasonable accommodation for a known disability under the FEHA." *Sanchez v. Swissport, Inc.* (2013) 213 Cal.App.4th 1331, 1341. "An employer has an 'affirmative duty' to reasonably accommodate a disabled employee, and that duty is a 'continuing' one that is 'not exhausted by one effort.'" *Swanson v. Morongo Unified School Dist.* (2014) 232 Cal.App.4th 954, 969, *Humphrey v. Memorial Hospitals Assn.* (9th Cir. 2001) 239 F.3d 1128, 1138.

Courts in California have been liberal in favor of providing employees with a protected leave, even in the absence of CFRA or FMLA. *Sanchez v. Swissport, Inc.*, 213 Cal. App. 4th 1331, 153 Cal. Rptr. 3d 367, (2013). In *Sanchez*, the Court held that an employee who exhausted his protected leave by his employer and was displaced just days before he could be cleared to return to work should be non-the-less afforded the same protections in spite of his leave being exhausted. *citing Gardner v. Federal Express Corp.* 114 F. Supp. 3d 889 (2015). In *Gardner*, the court further noted that plaintiff would not have been terminated, if not for his leave displacement resulting from his disability. The court held that this was enough causal link for the issue to be presented to a jury. *See Norris v. Allied-Sysco Foods Services, Inc.,* 948 F.Supp. 1418 (N.D. Cal. 1996).

When an employee cannot presently perform the essential functions of the job, or otherwise needs time away from the job for treatment and recovery, holding a job open for an employee on a ***leave of absence or*** extending a leave provided by FMLA, CFRA , other laws, or an employer's leave plan may be a reasonable accommodation that the leave is likely to be effective in allowing the employee to return to work at the end of the leave, with or without further reasonable accommodation, and does not create an undue hardship for the employer. ***When an employee can work with a reasonable accommodation other than a leave of absence, an employer may not require that the employee take a leave of absence. §11068(c)***.

The requirement that an employee be 100 percent healthy before returning to work is a *per se* violation of FEHA.  *Gelfo v. Lockheed Martin Corp.* (2006) 140 Cal.App.4th 34, 49, fn 11.  Moreover, it is a per se violation even under the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.) (ADA), because it permits an employer to avoid the required individualized assessment of the employee's ability to perform the essential functions of the job with or without accommodation. (*McGregor v. National R.R. Passenger Corp.* (9th Cir. 1999) 187 F.3d 1113, 1116.)

In the present case, the defendant does not dispute the fact that plaintiff was disabled, and defendant had notice of plaintiff's disabling medical condition. Plaintiff's FAC

provides that defendants were put on actual notice of plaintiff's disability, as she provided doctors' notes to defendant evidencing her disability. (First Amended Complaint "FAC" ¶ 8 (c)(d)(e)(f)(g).) As such, defendant was under an obligation to accommodate plaintiff. Plaintiff requested that she be allowed to return to work under "light duties". (FAC ¶ 8 (c)). However, defendant denied plaintiff's request in violation of *§11068(c)*.

On May 9, 2017, less than a month after informing defendant of her disability, plaintiff was contacted by defendant's human resources and informed "She had taken too much time off for her injury, and requested that she voluntarily resign from her position, or else they were going to terminate her." (FAC 8 (g).) In other words, because plaintiff was not 100 percent healthy to return to work, defendant terminated her employment, which is a *per se* violation of FEHA. *Gelfo v. Lockheed Martin Corp.* (2006) 140 Cal.App.4th 34, 49, fn 11. Further, this is a per se violation even under the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.) (ADA). Plaintiff's termination occurring while on leave evidences close temporal proximity for purposes of creating a genuine issue of material fact as to the causal connection." (*Kingsley v. Tellworks*, 2017 U.S. Dist. LEXIS 92619, *96 (N.D. Ga. 2017). Accordingly, although plaintiff's leave was not taken pursuant to FMLA or CFRA, she was none-the-less to be afforded the same protections. As such, plaintiff has pled sufficient facts to sustain her sixth cause of action for disability discrimination.

**D. Plaintiff Has Sufficiently Pled Harassment on the Basis of Disability**

Under the FEHA, it is unlawful "[f]or an employer or any other person, because of race, religious creed, color, national origin, ancestry, ***physical disability***, mental disability, medical condition [ etc.,] . to harass an employee ." (Gov. Code, § 12940, subd. (j)(1).) "[L]iability for harassment is broader than liability for discrimination. [L]iability for harassment, which extends to 'any person' and hence extends to 'individuals,' encompasses individual supervisory employees." (Janken v. GM Hughes Electronics (1996) 46 Cal.App.4th 55, 65.)

"The law prohibiting harassment is violated '[w]hen the workplace is permeated with

discriminatory intimidation, ridicule and insult that is "'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Nazir v. United Airlines, Inc*. (2009) 178 Cal.App.4th 243, 263-264.) The determination "is ordinarily one of fact." (Ibid.) All harassment claims require severe or pervasive conduct. *Ramirez v. Wong* (2010) 188 Cal.App.4th 1480, 1488. The words "severe" and "pervasive" have no peculiar meanings under the law. The adjective "severe" is defined as "strongly critical and condemnatory" or "inflicting pain or distress." (Webster's Collegiate Dictionary (11th ed. 2007) p. 1140, col. 2.) The verb "pervade" is defined as "to become diffused throughout every part of." (Id. at p. 925, col. 2.)

As to whether the alleged conduct is sufficiently severe or pervasive, a jury is to consider the totality of circumstances. *Fisher v. San Pedro Peninsula Hospital* (1989) 214 Cal.App.3d 590, 609-610.) "In determining whether the conduct was severe or pervasive, you should consider all of the circumstances. You may consider any or all of the following: [¶] (a) The nature of the conduct; [¶] (b) How often, and over what period of time, the conduct occurred; [¶] (c) The circumstances under which the conduct occurred; [¶] (d) Whether the conduct was physically threatening or humiliating; [¶] (e) The extent to which the conduct unreasonably interfered with an employee's work performance." (CACI No. 2524, italics added.)

Incidents of harassing conduct over a short period of time may constitute severe or pervasive harassment. *Fuentes v. AutoZone*, Inc. (2011) 200 Cal.App.4th 1221, 1224 (Fuentes).) Further, as established by CACI No. 2524, any or all of the circumstances may amount to whether conduct is sufficiently severe or pervasive. In *Fuentes*, The Court of Appeal noted that the defendants' challenge "treats each incident or comment in isolation. It ignores the requirement that we consider the totality of circumstances." *Fuentes*, supra, 200 Cal.App.4th at p. 1227. After considering the defendants' arguments, the court found: "All of these issues are factual matters for resolution by the trier of fact." (Id. at p. 1233.) The court considered, amongst other things, "evidence established that [the plaintiff] found the conduct of [the store managers] offensive, concluding that a reasonable person

would share that perception." (Id. at p. 1237.)

Further, pursuant to Government Code Section 12923(b), it is well established that Pursuant to Government Code Section 12923(b), single incident of harassing conduct is sufficient to create a hostile work environment if the harassing conduct has unreasonably interfered with the plaintiff's work performance or create intimidating, hostile, or offensive working environment."

In the present case, plaintiff found the conduct of defendant calling her to demand that she resign because of her disability, or be terminated, to be offensive. *Caldera v. Department of Corrections & Rehabilitation* (2018) 25 Cal.App.5th 31. (FAC ¶ 8(g).) Further, defendant informing plaintiff that she had taken too much time off for her injury and demanding that she resign or be terminated sent a discriminatory message to plaintiff that he was unwelcome in the work place. (Id.) This exact conduct has been found by the Supreme Court to be outside normal "managerial" duties and to constitute actionable harassment. *Roby v. McKesson Corp.* (2009) 47 Cal.4th 686 ("management" activity could be actionable as harassment if it sent the employee a discriminatory message; *e.g.,* that his race was unwelcome in the work place); *see also Brennan v. Townsend & O'Leary Enterprises, Inc.* (2011) 199 Cal.App.4th 1336, 1352 (hostile work environment is established upon showing of work place atmosphere permeated with discriminatory insult and ridicule). (FAC., 8 (g)). Similarly, defendant sent a message to plaintiff that her disability was not welcomed in the work place, and she was not welcomed as an employee because of her disability. (FAC 8 (c)(g).)

A single incident of harassing conduct is sufficient to create a hostile work environment if the harassing conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive work environment. (Government Code § 12923(b).) Unreasonably denying plaintiff of "light-duty", requiring that she go on leave, and subsequently terminating her for the same unreasonably interfered with plaintiff's for performance. (FAC., 8 (c)(g).) This conduct was more than sufficient to amount to harassment. What's more, and equally egregious, was defendant's subsequent

threat to bring charges against plaintiff for her failure to act in a timely fashion in response to her formal notification of her termination. (FAC at 8(g).) Accordingly, defendant's action exceeded that of personnel management decisions, and plaintiff has pled sufficient facts to plead a cause of action for harassment.

### E. Plaintiff Has Sufficiently Pled a Cause of Action for Implied-In-Fact Contract

A cause of action for breach of contract requires: "The contract, plaintiff's performance (or excuse for non-performance), defendant's breach, and damage to plaintiff therefrom." Gautier v. Gen. Tel. Co. 234 Cal. App 2d 302, 305 (1965) . "The contractual understanding need not be express, but may be implied in fact, arising from the parties' conduct evidencing their actual mutual intent to create such enforceable limitations." *Guz v. Bechtel Nat'l, Inc.* (2000) 24 Cal.4th 317 Four factors, all met here, that may prove an implied agreement apart from express terms: (1) personnel policies and practices of the employer; (2) the employee's longevity of service; (3) actions or communications by the employer reflecting assurances of continued employment; and (4) the practices of the industry. *Id*. at 337-338; *Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 680.

Here, the parties entered in to an implied-in-fact contract, as defendant had a policy of hiring employees with the intent that those employees be provided with growth opportunities and promoted from within (evidencing the intent to provide long-term employment). (FAC ¶ 5). It was communicated to plaintiff at her time of hire, and included in defendant's corporate policy, as shown on defendant's website, that through plaintiff's commitment to company policy and performing her duties in a satisfactory manner, that plaintiff would be provided "sufficient resources and encouraged to foster growth and learning." Further, it was the common practice of defendant, and communicated to plaintiff, that through education, training, and rewarding practices, plaintiff would be able to follow her ambition as an employee of defendant in her current position or in other areas for which defendant provides services. (FAC ¶ 5.) Plaintiff was committed to company policy and performed her duties in a satisfactory manner. (FAC ¶ 6, 8(g).) In doing so,

plaintiff performed her duties pursuant to this agreement, however, defendant breached its duty by terminating plaintiff, and depriving her of being able to follow her ambition of employment with defendant in her then current capacity, or otherwise. (FAC., 8(g).) Accordingly, plaintiff has pled sufficient facts for a cause of action for implied-in-fact contract for employment.

### F.  Plaintiff Has Sufficiently Plead Facts for a Cause of Action for Negligent Hiring, Supervision, and Retention

The determination of whether a party has engaged in negligent hiring, supervision, or retention is a factual inquiry. A party will be found to have to have violated this duty when it is determined that they failed to exercise reasonable care in the "hiring of managers or witnesses negligent or reckless behavior." Dkt. 25 at 18:18

Here, defendant was negligent in hiring, supervising or retaining Damian Neri ("Neri"), who refused to engage in the interactive process or otherwise accommodate plaintiff while on leave. (FAC ¶ 8(c).)  Defendant knew, should have known, or was put on notice of this during plaintiff's phone conversation with Shonta Henderson ("Henderson"). (Id. at ¶ 8(g).) However, rather than Henderson rectifying the conduct of Neri, Herderson proceeded to compound Neri's misconduct by terminating plaintiff while on leave, in a direct violation of FEHA and the ADA. By failing supervise the actions of Neri and Henderson, defendant breached the duty to plaintiff to reasonably supervise or retain employees who would force plaintiff to take a leave without first engaging in the interactive process and denying her of accommodation. *Gelfo v. Lockheed Martin Corp.* (2006) 140 Cal.App.4th 34, 49, fn 11. (also see *§11068(c)*. As a proximate cause of defendant's breach of its duty to supervise or retain such personnel members, plaintiff has suffered damages. (FAC ¶10, 11, 12) Accordingly, plaintiff has pled sufficient facts for a cause of action for negligent hiring, retention, or supervision.

### (1)  Plaintiff's Claims are not Barred by Workers Compensation Exclusivity

The workers' compensation exclusivity rule only applies if the conduct is a "normal

risk" of employment, which FEHA violations are not. *See Farmers Ins. Group v. County of Santa Clara* (1995) 11 Cal.4th 992. If the conduct "exceeed the normal risk of the employment relationship," such an IIED claim based on said conduct is not barred. *Fretland v. Cnty of Humboldt* (1999) 69 Cal.App.4th 1478, 1492.

Where, as here, plaintiff's intentional emotional distress ("IIED") claim is based on defendant's violation of fundamental public policy – *i.e.*, discrimination, harassment, and retaliation under the FEHA – such misconduct cannot be considered a normal part of the employment relationship and the plaintiff's remedy is not confined to worker's compensation. (*Nordstrom v. U.S. Bank, N.A., Inc.*, 2012 U.S. Dist. LEXIS 102267, *14-15 2012 U.S. Dist. LEXIS 102267, *14-15 (C.D. Cal. 2012) (*Nordstrom*), citing *Smith v. Int. Broth. of Elect. Workers* (2003) 109 Cal.App.4th 1637, 1658-59; *Accardi v. Sup. Crt.* (1993) 17 Cal.App.4th 341, 352;[3].) This is especially true when a Plaintiff incorporates by reference into his emotional distress all facts and allegations in previous FEHA causes of action. (*Nordstrom, supra,* 2012 U.S. Dist. LEXIS 102267 at *14-15.)

Here, the workers' compensation exclusivity bar does not apply because plaintiff is not seeking damages under the physical injury that she incurred while employed with defendants. Rather, she is attempting to seek damages stemming from her subsequent wrongful termination. Accordingly, plaintiff is not barred by workers' compensation exclusivity.

## G.   Plaintiff's Has Sufficiently Pled Facts for a Cause of Action for Wrongful Termination in Violation of Public Policy

Wrongful termination on the basis of public policy is established where the public policy implicated is (1) delineated in either constitutional or statutory provisions; public in the sense that it insures to the benefit of the public, rather than serving merely the interest of the individual; (3) well established at the time of discharge; and (4) substantial

---

[3] *Fernandez v. PSC Indus. Outsourcing LP*, 2017 U.S. Dist. LEXIS 115273, *8-10 (N.D. Cal. 2017) (*Fernandez*)

PLAINTIFF'S OPPOSITION TO F.R.C.P. RULE 12(b)(6) MOTION TO DISMISS

and fundamental." *Freund v. Nycomed Amersham* 347 F. 3d 752, 758 (9th Cir. 2003.)

The public policy basis for state law causes of action need not be derived solely from California law. Federal anti-discrimination statutes provide employers with adequate notice of a fundamental public policy prohibiting specified conduct. *Phillips v. St. Mary Regional Med. Ctr.* (2002) 96 Cal.App.4th 218, 234. Plaintiffs may rely on Title VII as a source of public policy for their state common law wrongful termination cause of action. *Phillips v. St. Mary Regional Med. Ctr., supra,* 96 Cal.App.4th at 238.

Under title VII, plaintiff was afforded the right not to a not to be terminated while on leave for her disability. This insures the benefit of the public in general, and not merely plaintiff. Plaintiff's disability was well established at the time of discharge, as defendant was aware. Finally, the interest which plaintiff seeks to protect is substantial and fundamental. Accordingly, plaintiff has pled sufficient facts for a cause of action for wrongful termination in violation of public policy.

### H.  Plaintiff Has Sufficiently Pled Facts for a Cause of Action for IIED

Where, as here, plaintiff's intentional emotional distress ("IIED") claim is based on defendant's violation of fundamental public policy – *i.e.*, discrimination, harassment, and retaliation under the FEHA – such misconduct cannot be considered a normal part of the employment relationship and the plaintiff's remedy is not confined to worker's compensation. (*Nordstrom v. U.S. Bank, N.A., Inc*., 2012 U.S. Dist. LEXIS 102267, *14-15 2012 U.S. Dist. LEXIS 102267, *14-15 (C.D. Cal. 2012) (*Nordstrom*), citing *Smith v. Int. Broth. of Elect. Workers* (2003) 109 Cal.App.4th 1637, 1658-59; *Accardi v. Sup. Crt.* (1993) 17 Cal.App.4th 341, 352;[4].) This is especially true when a Plaintiff incorporates by reference into his emotional distress all facts and allegations in previous FEHA causes of action. (*Nordstrom, supra,* 2012 U.S. Dist. LEXIS 102267 at *14-15.)

A corresponding FEHA claim is not required. "***[A] plaintiff may bring an IIED***

---

[4] *Fernandez v. PSC Indus. Outsourcing LP*, 2017 U.S. Dist. LEXIS 115273, *8-10 (N.D. Cal. 2017) (*Fernandez*)

*claim against a supervisor for such conduct even though she cannot assert a FEHA claim against him*." (*Macias v. Levy Premium Foodservices Ltd. P'ship*, <u>2015 U.S. Dist. LEXIS 183118, *9</u> (C.D. Cal. 2015) (Wilson, J.).) Moreover, *even if not based on the FEHA,* "*an IIED claim is possible if the supervisor's behavior goes beyond termination, such as violating an employee's "fundamental interest … in a deceptive manner that results in the plaintiff being denied rights granted to other employees*." (*Ibid*, citing *Barsell, supra,* 2009 U.S. Dist. LEXIS 123475 at *11 ["Because [the IIED] claim is based on allegations of disability discrimination, there is a non-fanciful possibility that the workers' compensation exclusivity provisions do not bar [plaintiff's] claim against [her manager]."].) *Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55 (1996), and its progeny, have been distinguished based on the above. (*Vanderhule v. Amerisource Bergen Drug Corp.*, 2017 U.S. Dist. LEXIS 6401, *7 (C.D. Cal. 2017) (*Vanderhule*); *Dagley v. Target Corp., Inc.*, 2009 U.S. Dist. LEXIS 33749, *8-9 (C.D. Cal. 2009) [distinguishing *Janken v. GM Hughes Elec.*].)

"To establish a claim for IIED, a plaintiff must allege: '(1) extreme and outrageous conduct by defendants with the intention of causing, or reckless disregard for the probability of causing, emotional distress; (2) the suffering of severe or extreme emotional distress; and (3) the fact that the outrageous conduct actually and proximately caused the distress.'" (*Macias, supra,* at 11.)

Here, the actions of defendant were extreme, outrageous, and in violation of §11068(c), as Henderson and Neri discriminated against plaintiff because of her disability, failing to engage in the interactive process or provide accommodations, and thus requiring she take a leave. (FAC ¶ 8(c)(g). Equally egregious, Henderson retaliated against plaintiff when she complained about the request to resign. (Id.) Defendant further harassed plaintiff, who was just informed that she was employed, and therefore had no source of income, by informing her that defendant intended to bring criminal charges, including fines and court fees, should plaintiff fail to respond to her termination letter within three days. (Id.) This exact conduct has been found by the Supreme Court to be outside normal

"managerial" duties and to constitute actionable harassment. *Roby v. McKesson Corp.* (2009) 47 Cal.4th 686 ("management" activity could be actionable as harassment if it sent the employee a discriminatory message; *e.g.,* that his race was unwelcome in the work place); *see also Brennan v. Townsend & O'Leary Enterprises, Inc.* (2011) 199 Cal.App.4th 1336, 1352 (hostile work environment is established upon showing of work place atmosphere permeated with discriminatory insult and ridicule). As a result of the actions taken by defendant, plaintiff has suffered stress, anxiety, depression, and a lack of sleep. (Id.) Accordingly, plaintiff has pled sufficient facts for a cause of action of IIED.

## I.  Plaintiff Has Sufficiently Pled Facts for a Cause of Action for Failure to Prevent Discrimination, Harassment, and Retaliation

Section 12920 sets forth the public policy underlying the employment provisions of FEHA: "protection and safeguarding of the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgement on account of race, color, national origin, ancestry, and other enumerated characteristics…" Section 12940(a) further provides that it is unlawful employment practice, with certain exceptions, for an employer to refuse to hire, employ, or select a person for a training program, or to bar or discharge the person from employment, or to discriminate against the person in compensation, terms, conditions or privileges of employment, because of the person's race, color, national origin, ancestry, or other enumerated characteristics. Section 12940 further provides it is unlawful employment practice: "(i) For an employer, labor organization, employment agency, apprenticeship training program, or any training program leading to employment, to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring." (Italics added.)

Where training had been conducted, and [plaintiff]'s harassment persisted after the training, such that a jury could reasonably conclude that the steps to prevent harassment were not effective and that [defendant] failed to take "all reasonable steps" to prevent harassment. *Caldera v. Department of Corrections & Rehabilitation* (2018) 25 Cal.App.5th 31, 44-45. Even in the absence of any such training, ***where it is found that***

*any discrimination, harassment, or retaliation claim can be established, so to can a failure to prevent*. *Trujillo v. North Cnty. Transit Dist*. (1998) 63 Cal.App.4th 280, 289.

As is clear here, it is well established that where an employee was terminated for taking a leave, which was taken because of his/her disability, there is a per se violation is a *per se* violation a per se violation even under the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.) as well as FEHA. *Gelfo v. Lockheed Martin Corp.* (2006) 140 Cal.App.4th 34, 49, fn 11. Accordingly, where it is clear that plaintiff has pled sufficient facts to plead a cause of action for her disability discrimination claim, the same should be found for her failure to prevent claims as well.

### J. Alternatively, If This Court Finds that Plaintiff Has Not Provided Specific Allegations as to Each of the Named Defendants, Plaintiff Requests Leave to Amend Is Requested to Add Further Facts Supporting Her Causes of Action

Rule 15(a) provides that once the time to amend a pleading as a matter of course has lapsed, a party may amend its pleading only by obtaining leave of the court. F.R.C.P. 15(a); *Lone Star Ladies Inv. Club v. Schlotzky's Inc.,* 238 F.3d 363, 367 (5th Cir. 2001). Leave shall be freely given when justice so requires, but the ultimate decision to grant leave remains "within the sound discretion of the [district] court." F.R.C.P. 15(a); *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 185-186 (9th Cir. 1987). Further, leave to amend "is not to be granted automatically." *See Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir. 1990). Accordingly, courts may deny a motion for leave to amend where the proposed amendment (1) is sought in bad faith or with a dilatory motive, (2) is futile, (3) would produce an undue delay in the litigation, or (4) would cause the opposing party prejudice. *See AmerisourceBergen Corp. v. Dialysist W., Inc.,* 465 F.3d 946, 951 (9th Cir. 2006). "[E]ach [factor] is not given equal weight. Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir. 1995).

Here, plaintiff can add new facts to cure any deficiencies that may be seen, moreover,

PLAINTIFF'S OPPOSITION TO F.R.C.P. RULE 12(b)(6) MOTION TO DISMISS

plaintiff's (1) leave is not sought in bad faith, (2) it would not be futile for plaintiff to file a First Amended Complaint to supplement the original Complaint and cure the deficiency, as the additional information will help to show the interrelation of the entities, (3) it would not produce an undue delay in litigation, as the amendment could be made in the next few weeks, and (4) it would not cause the opposing parties' prejudice. In fact, if the amendment is not made and plaintiff cannot sue her employer for the wrongful termination of her employment, she will be prejudiced.

## 3. CONCLUSION

Plaintiff, Jayme Tipton, respectfully requests that this Court deny defendant's F.R.C.P. Rule 12(b)(6) motion to dismiss. Alternatively, plaintiff requests leave to amend any pleading deficiency in her operative Complaint.

Dated:  March 1, 2019                    SHEGERIAN & ASSOCIATES, INC.

By:  _Carney R. Shegerian_____
                Carney R. Shegerian, Esq.

                Attorneys for Plaintiff,
                JAYME TIPTON

| | |
|---|---|
| **TIPTON v. ATS** | **USDC Case No. 2:18-cv-09503-AB-JEM** |

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 225 Santa Monica Boulevard, Suite 700, Santa Monica, California 90401.

On March 1, 2019, I served the foregoing document, described as **"PLAINTIFF JAYME TIPTON'S OPPOSITION TO DEFENDANT'S F.R.C.P. RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES,"** on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

**Aaron R. Lubeley, Esq.**
**Simon L. Yang, Esq.**
**Meagan Sue O'Dell, Esq.**
**SEYFARTH SHAW LLP**
**601 South Figueroa Street, Suite 3300**
**Los Angeles, California 90017-5793**

☒  **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒  **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 1, 2019, at Santa Monica, California.

Raul Aguilar