Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Anthony Nguyen, Esq., State Bar No. 259154
ANguyen@Shegerianlaw.com
Aaron Gbewonyo, Esq, State Bar No. 315889
AGbewonyo@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
225 Santa Monica Boulevard, Suite 700
Santa Monica, California 90401
Telephone Number:  (310) 860-0770
Facsimile Number:   (310) 860-0771

Attorneys for Plaintiff,
JAYME TIPTON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JAYME TIPTON,<br><br>    Plaintiff,<br><br>vs.<br><br>AIRPORT TERMINAL SERVICES, INC.,DOES 1 through 100, Inclusive<br><br>    Defendants. | Case No.:  2:18-cv-09503-AB- JEM<br><br>**The Honorable Andre Birotte, Jr.**<br><br>**PLAINTIFF JAYME TIPTON'S SECOND AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>**(1) BREACH OF IMPLIED-IN-FACT CONTRACT NOT TO TERMINATE EMPLOYMENT WITHOUT GOOD CAUSE;**<br><br>**(2) NEGLIGENT HIRING, SUPERVISION, AND RETENTION;**<br><br>**(3) WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY;**<br><br>**(4) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br><br>**(5) DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF FEHA;**<br><br>**(6) HARASSMENT ON THE BASIS OF DISABILITY IN VIOLATION OF FEHA;**<br><br>**(7) RETALIATION FOR COMPLAINING OF DISCRIMINATION AND/OR** |

HARASSMENT ON THE BASIS OF DISABILITY IN VIOLATION OF FEHA;

(8) **FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF FEHA;**

(9) **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA;**

(10) **FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF FEHA;**

**DEMAND FOR JURY TRIAL**

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

# TABLE OF CONTENTS

**Page**

SUMMARY ........................................................................................................ 1

PARTIES ......................................................................................................... 1

FACTS COMMON TO ALL CAUSES OF ACTION ................................... 2

FIRST CAUSE OF ACTION ......................................................................... 9

    (Breach of Implied-in-Fact Contract Not to Terminate Employment Without Good Cause (*Marketing West, Inc. v. Sanyo Fisher* (1992) 6 Cal.App.4th 603; Civil Code § 1622)—Against ATS, and Does 1 to 100, Inclusive) .......................... 9

SECOND CAUSE OF ACTION ..................................................................... 9

    (Negligent Hiring, Supervision, and Retention—Against ATS, and Does 1 to 100, Inclusive) ......................................................................................... 9

THIRD CAUSE OF ACTION ......................................................................... 10

    (Wrongful Termination of Employment in Violation of Public Policy (TITLE VII, FEHA and Labor Code)—Against ATS, and Does 1 to 100, Inclusive).......... 10

FOURTH CAUSE OF ACTION ..................................................................... 11

    (Intentional Infliction of Emotional Distress—Against ATS and Does 1 to 100, Inclusive) ......................................................................................... 11

FIFTH CAUSE OF ACTION .......................................................................... 12

    (Violation of FEHA (Government Code § 12900, *et seq.*) (Disability Discrimination)—Against ATS and Does 1 to 100, Inclusive).............................. 12

SIXTH CAUSE OF ACTION .......................................................................... 13

    (Violation of FEHA (Government Code § 12900, *et seq.*) (Disability Harassment)—Against ATS and Does 1 to 100, Inclusive).................................... 13

SEVENTH CAUSE OF ACTION .................................................................... 14

    (Violation of FEHA (Government Code § 12900, *et seq.*) (Retaliation for Complaining of Disability Discrimination and/or Harassment)—Against ATS and Does 1 to 100, Inclusive) ........................................................................ 14

EIGHTH CAUSE OF ACTION ....................................................................... 16

    (Violation of FEHA (Government Code § 12940(a), (i), (m), (n)) (Failure to Provide Reasonable Accommodation)—Against ATS and Does 1 to 100, Inclusive) ......................................................................................... 16

NINTH CAUSE OF ACTION .......................................................................... 17

(Failure to Engage in Interactive Process (Government Code § 12940(a), (i), (m), (n))—Against ATS and Does 1 to 100, Inclusive) ........................................... 17

TENTH CAUSE OF ACTION ................................................................................ 18

(Violation of FEHA (Government Code § 12940(k) (Failure to Prevent Discrimination, Harassment, and Retaliation)—Against ATS and Does 1 to 100, Inclusive) ......................................................................................................... 18

PRAYER .................................................................................................................. 19

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

Plaintiff, Jayme Tipton, alleges, on the basis of personal knowledge and/or information and belief:

## SUMMARY

This is an action by plaintiff, Jayme Tipton ("Plaintiff" or "Tipton"), whose employment with defendant Airport Terminal Services, Inc. ("ATS") was wrongfully terminated.  Plaintiff brings this action against defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b) and Code of Civil Procedure section 1021.5.

## PARTIES

1. *Plaintiff:*  Plaintiff Tipton is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, California.

2. *Defendants:*  Defendant Airport Terminal Services ("ATS" or "Defendant") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles. ATS's place of business, where the following causes of action took place, was and is in the County of Los Angeles, at 1 World Way, Los Angeles, California 90045.

3. Defendant, ATS, both directly and indirectly employed Plaintiff, Tipton, as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

4. In addition, Defendant, ATS, compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

///

///

---

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

## FACTS COMMON TO ALL CAUSES OF ACTION

5. *Plaintiff's hiring:*  Plaintiff, a 31-year-old mother of two, worked at Airport Terminal Services for approximately seven-months as a Groomer, beginning in October 2016. As a Groomer, Plaintiff's job duties included vacuuming, picking up trash, collecting any blankets, pillows, earphones or reading material left in the airplane cabin by passengers, and sanitizing the passenger cabin and restrooms. Plaintiff applied for and accepted employment with ATS because, as was communicated to Plaintiff at her time of hire, included on the ATS website, and provided to her in literature at her time of hire, that through her commitment to company policy and performing her job duties in a satisfactory manner that, "ATS provides growth opportunities and promotes from within, which are essential elements in the Company's success. With a commitment to leadership and development, the goal is to create the best environment possible for all ATS team members." Further, it was communicated to Plaintiff at her time of hire, included on ATS website and provided to her in literature that through her commitment to company policy and performing her job duties in a satisfactory manner that, "staff is developed from within by providing sufficient resources, and encouraged to foster growth and learning. Through education, training, and rewarding practices, you can apply your abilities in the current position, or follow your ambition in countless other areas where we provide service."  It was communicated to Plaintiff that ATS had recently received a long-term Jet Blue contract, whereby ATS intended on hiring her and other committed employees to remain and grow with the company long-term to satisfy this contact.  Plaintiff is aware of employees hired prior to her, including Corrina Doe and others, with whom ATS afforded these opportunities. Further, it is Plaintiff's experience from over ten-years in the industry, that it is industry practice to hire long-term employees to satisfy service contracts once obtained. Plaintiff accepted employment with ATS and did not seek alternate employment in reliance of these promises.

6. *Plaintiff's job performance:*  At all times, Plaintiff performed her job duties in an exemplary manner.  In fact, the only time Plaintiff received a write up was shortly after

she sustained a work-related injury that caused her to suffer extreme pain that prevented her from being able to care for her young children, cook, clean, drive, and caused her to experience sleep deprivation.

7.  *Plaintiff's protected status and activity:*

   a.  Plaintiff went on medical leave and was terminated while on medical leave.

   b.  Plaintiff suffered from a disabling medical condition during her employment.

8.  *Defendants' adverse employment actions and behavior:*

   a.  In March 2017, seven-months after she began her employment at ATS, Plaintiff was vacuuming the isles on a plane that she was responsible for cleaning when she saw a piece of trash under a seat. As plaintiff reached to pick up the piece of trash, she heard a popping sound, and began to experience a sharp pain in her right arm.

   b.  Despite the injury to her arm, Plaintiff continued to work, however, over the next several days, Plaintiff's pain continued to worsen. On or around April 6, 2017, Plaintiff informed her supervisor, Damian Neri ("Neri") of her injury and her intent to seek medical treatment.

   c.  On or around April 11, 2017, Plaintiff went to see a doctor to seek medical treatment, however, Plaintiff was diagnosed with a tear in her rotator cuff and placed on a medical leave until April 19, 2017. Plaintiff immediately went to ATS's corporate office in Los Angeles, California, and provided her medical doctor's note to her crew lead, Ora Doe ("Ora").  Ora then called Neri, who instructed Ora to make copies of Plaintiff's medical doctor's note and instructed Ora to leave them for him so that they could be added to Plaintiff's employee file. Plaintiff then asked Ora, who was still on the phone with Neri, to ask Neri whether she could be approved to work light-duty because she still desired to work. In response, Ora informed Plaintiff that Neri said "you cannot work a light duty because you could get injured further, and it would be on us." Plaintiff asked Ora whether further documentation was required, and Ora confirmed that the documents provided by Plaintiff were sufficient. Ora then informed Plaintiff that should her leave be extended, that she was to provide ATS with documentation for such extension. Although Neri denied

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

Plaintiff of light duty, he did not attempt to determine what Plaintiff felt her physical limitations were, what alternative duties she may be able to perform with her condition, or whether she might be interested in alternative employment options within her ATS department.

d.   On or around April 18, 2017, Plaintiff's doctor extended her leave until May 1, 2017. On or around April 19, 2017, Plaintiff's husband went to ATS's corporate offices and provided her supervisor, Trujillo, with a doctor's note informing ATS that Plaintiff's leave was being extended, and of her anticipated date of return to work of May 1, 2017. Trujillo accepted Plaintiff's medical doctor's note from Plaintiff's husband and thanked him for bringing it in to him. Trujillo did not ask Plaintiff's husband about her condition, nor did he call Plaintiff to inquire about her condition. Further, Trujillo did not attempt to inquire as to what Plaintiff felt her physical limitations were, or whether Plaintiff would be interested in returning to work in a different capacity, nor whether she could return to work with modified duties that would not require her to pull, lift, push or otherwise engage in activities that may cause strain to her arm. Finally, Trujillo did not contact Plaintiff to inform her of any limitation that would prevent her from remaining on leave or might otherwise jeopardize her position with ATS.

e.   On or around May 1, 2017, Plaintiff visited her doctor for a follow-up appointment. Again, Plaintiff's doctor extended her leave, placing her off until May 15, 2017. That same day, Plaintiff's husband went to ATS's corporate offices and provided her supervisor, Trujillo, with a doctor's note informing ATS that Plaintiff's leave was being extended, and of her anticipated date of return to work of May 15, 2017. Trujillo did not ask Plaintiff's husband about her condition, nor did he call Plaintiff to inquire about her condition. Further, Trujillo did not attempt to inquire as to what Plaintiff felt her physical limitations were, or whether Plaintiff would be interested in returning to work in a different capacity, nor whether she could return to work with modified duties that would not require her to pull, lift, push or otherwise engage in activities that may cause strain to her arm. Finally, Trujillo did not contact Plaintiff to inform her of any limitation that would

prevent her from remaining on leave or might otherwise jeopardize her position with ATS.

f.   On or around May 5, 2017, Moses Gillian ("Gillian"), Plaintiff's new manager, contacted her to introduce himself, and to determine the status of her injury and expected date of return to work because he had seen her doctor's note. This call from Gillian was the only time ATS contacted Plaintiff regarding her condition.  Plaintiff informed Gillian that the doctor was still running test, but that she was expected to return on May 15, 2017, once cleared by her doctor. Although Gillian did inquire in to Plaintiff's condition, he did not attempt to inquire into what she felt her physical limitations were, as to whether Plaintiff would be interested in returning to work in a different capacity, nor whether she could return to work with modified duties that would not require her to pull, lift, push or otherwise engage in activities that may cause strain to her arm. Finally, Gillian did not inform Plaintiff of any limitation that would prevent her from remaining on leave or might otherwise jeopardize her position with ATS.  Although Plaintiff informed Gillian that she intended to return to work on May 15, 2017, following additional tests that were scheduled to be run, still, he did not attempt to inquire as to what duties she could perform with her condition, nor did he attempt to offer Plaintiff the opportunity to return to work under light duty.

g.   *Defendants' termination of plaintiff's employment:*  On or around May 9, 2017, Plaintiff received a call from Shonta Henderson ("Henderson"), a Human Resources representative at Airport Terminal Services. Henderson informed Plaintiff that Airport Terminal Services needed to fill her position immediately because she had taken too much time off for her injury, and requested that she voluntarily resign from her position, or else they were going to terminate her. This was the first-time Plaintiff was hearing that there was any concern from ATS about her need to take time off because of her disability. Plaintiff informed Henderson that she would not resign, as she fully anticipated returning to work on or around May 15, 2017, as indicated in Plaintiff's May 1, 2017 doctor's note provided to ATS. Plaintiff continued by informing Henderson that she could not be forced to resign because she was on a medical leave. In response, Henderson informed Plaintiff

that if she did not resign, that ATS would terminate Plaintiff's employment. During this call, Henderson did not ask Plaintiff about any work limitations that she may have. Additionally, Henderson did not ask Plaintiff whether she could return to work in a different capacity or under modified duties that did not require her to lift, pull or push any items that Plaintiff or her doctor may feel would further exacerbate her injury. Despite Plaintiff's attempts at reassuring Henderson that she would in fact be able to return to work on May 15, 2017, pursuant to her doctor's note, Henderson concluded with informing Plaintiff, if you are not going to resign, we are going to terminate you.

Plaintiff was informed by Henderson that she was being terminated for taking a medical leave of absence as instructed by a medical doctor, and not for any performance related reasons or as a result of a business need. Notably, ATS is a large company that at the time of Plaintiff's employment, had the resources to have another employee cover Plaintiff's shifts in her absence. Further, there was no immediate business need to fill Plaintiff's position, as the department within ATS in which Plaintiff was employed often operated at less than full staffing, including after Plaintiff's termination. Therefore, at a minimum, ATS could have allowed Plaintiff to remain on leave as she provided a medical doctor's note that anticipated that Plaintiff would return to work less than a week before her termination.    Plaintiff accepted her position with ATS and continued to commit herself to company policy and performed her job duties in an exemplary manner. ATS promised Plaintiff that in exchange for Plaintiff commitment to the company, its policies and satisfactory performance, that ATS would provide her with opportunities for growth and a promotion, in addition to leadership and development opportunities that would afford her with the best environment possible for all career with ATS. Plaintiff was committed to the company, its policies, and performed her duties in a satisfactory manner, however, ATS breached its agreement with Plaintiff by failing to provide her with growth opportunities, and instead, denying her request for light duties after being injured, and taking adverse employment actions of writing Plaintiff, including writing her up being informed of her injury, and subsequently terminating her, thus denying her of long-term

employment.

h.    Rather than correcting the illegal actions of Henderson, who during her May 9, 2017 phone call with Plaintiff, terminated Plaintiff because of her disability, ATS continued to employ Henderson, who subsequently  formally terminated Plaintiff's employment with ATS on May 11, 2017, by sending Plaintiff her final check and a letter in the mail confirming her termination. This letter instructed Plaintiff to return her badge, and informed her that should she fail to contact ATS within three days to make arrangements to return her badge, a report would be made to Los Aneles International Airport badge office and the Police Department to report stolen Federal property, which could result in legal action, including, but not limited to, fines and court fees.

i.    As a result of ATS terminating Plaintiff's employment without warning and while on a medical leave, which ATS was aware of, and subsequently sending her a letter demanding the return of her employment identification card within three days, the absence of which would result in  criminal charges, including fines and court fees, which she could no longer afford because of being deprived of her sole source of income, Plaintiff has suffered, and continues to suffer from stress, anxiety, depression, and a lack of sleep.

9.  *Economic damages:*  As a consequence of ATS's conduct, Plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to her career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

10.  *Non-economic damages:*  As a consequence of all ATS's conduct, Plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

11.  *Punitive damages:*  ATS' conduct constitutes oppression, fraud, and/or malice and is despicable under California Civil Code section 3294 and, thus, entitles Plaintiff to an award of exemplary and/or punitive damages.

a.  *Malice:*  ATS's conduct was committed with malice within the meaning of

California Civil Code section 3294, including that (a) ATS acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of her disability, medical leave, and/or good faith complaints, and/or (b) ATS's conduct was despicable and committed in willful and conscious disregard of Plaintiff's rights, health, and safety, including Plaintiff's right to be free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

b. *Oppression:*    In addition, and/or alternatively, all ATS's conduct was committed with oppression within the meaning of California Civil Code section 3294, including that ATS's actions against Plaintiff because of her disability, medical leave, and/or good faith complaints were "despicable" and subjected Plaintiff to cruel and unjust hardship, in knowing disregard of Plaintiff's rights to a work place free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

c. *Fraud:*    In addition, and/or alternatively, ATS's conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that ATS's asserted false (pretextual) grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby to cause Plaintiff hardship and deprive her of legal rights.

12. *Attorneys' fees:*  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.*Exhaustion of administrative remedies:*  Prior to filing this action, Plaintiff exhausted her administrative remedies by filing a timely administrative complaint with the Department of Fair Employment and Housing ("DFEH") and receiving a DFEH right-to-sue letter.

///

///

///

///

## FIRST CAUSE OF ACTION

### (Breach of Implied-in-Fact Contract Not to Terminate Employment Without Good Cause (*Marketing West, Inc. v. Sanyo Fisher* (1992) 6 Cal.App.4th 603; Civil Code § 1622)—Against ATS, and Does 1 to 100, Inclusive)

13.   The allegations set forth in paragraphs 1 through 16 are re-alleged and incorporated herein by reference.

14.   On the basis of oral assurances of continued employment given to Plaintiff by ATS's supervisors, the length of Plaintiff's employment with ATS, ATS's actual practice of terminating employment only for cause, and the industry standard for the business ATS engaged in of terminating employment only for cause, Plaintiff and ATS shared the actual understanding that Plaintiff's employment could and would be terminated only for cause. This shared understanding resulted in an implied contract requiring that ATS have good cause to terminate Plaintiff's employment.

15.   ATS and their managers and supervisors terminated Plaintiff's employment without good cause, violating the implied-in-fact contract they had with her.

16.   As a proximate result of ATS' willful breach of the implied-in-fact contract not to terminate employment without good cause, Plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum according to proof.

17.   Plaintiff seeks attorneys' fees for lost wages under this cause of action under Labor Code section 218.6.

## SECOND CAUSE OF ACTION

### (Negligent Hiring, Supervision, and Retention—Against ATS, and Does 1 to 100, Inclusive)

18.   The allegations set forth in paragraphs 1 through 21 are re-alleged and incorporated herein by reference.

19.   ATS owed a duty of care to Plaintiff to appoint, hire, retain, and supervise persons

who would not engage in retaliatory, harassing, or discriminatory conduct. ATS owed a duty of care to Plaintiff not to retain managers or employees who would discriminate against, harass, or retaliate against employees for engaging in protected activities.  ATS owed a duty of care to Plaintiff to supervise their managers and employees closely to ensure that they would refrain from harassing and retaliating against Plaintiff.

20.  ATS breached these duties.  As a result, ATS caused damages to Plaintiff.  As a proximate result of ATS's negligent hiring, retention, and supervision of their managers and employees, Plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, according to proof.

### THIRD CAUSE OF ACTION

### (Wrongful Termination of Employment in Violation of

### Public Policy (TITLE VII, FEHA and Labor Code)—

### Against ATS, and Does 1 to 100, Inclusive)

21.  The allegations set forth in paragraphs 1 through 20 are re-alleged and incorporated herein by reference.

22.  ATS terminated Plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws.   Specifically, Plaintiff's employment was terminated in part because of her protected status (*i.e.,* disability/medical condition, medical leave, need for accommodations, and/or good faith complaints. These actions were in violation Title VII, FEHA, Government Code Section 12900, *et seq.* and the California Labor Code (including section 132a and 1102.5).

23.  As a proximate result of ATS' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

24.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will

seek leave of court to amend this Complaint when the amounts are fully known.

25.    ATS' misconduct was committed intentionally, in a malicious, fraudulent, despicable and oppressive manner, entitling Plaintiff to punitive damages against ATS.

## FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress—Against ATS
### and Does 1 to 100, Inclusive)

26.    The allegations set forth in paragraphs 1 through 25 are re-alleged and incorporated herein by reference.

27.    ATS' discriminatory, harassing, and retaliatory actions, and ATS' harassing actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

28.    ATS was aware that treating Plaintiff in the manner alleged above, including depriving Plaintiff of her livelihood while she was suffering from an actual, perceived, and/or history of disability, would devastate Plaintiff and cause her extreme hardship.

29.    As a proximate result of ATS' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress.  Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

30.    As a proximate result of ATS' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

31.    ATS' misconduct was committed intentionally, in a malicious, fraudulent, despicable and oppressive manner, entitling Plaintiff to punitive damages.

///

///

///

///

## FIFTH CAUSE OF ACTION

### (Violation of FEHA (Government Code § 12900, *et seq.*) (Disability Discrimination)—Against ATS and Does 1 to 100, Inclusive)

32.   The allegations set forth in paragraphs 1 through 31 are re-alleged and incorporated herein by reference.

33.   Plaintiff's actual, perceived, and/or history of disability and/or other characteristics protected by FEHA, Government Code section 12900, *et seq.,* were motivating factors in ATS's decision to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, to refuse to accommodate Plaintiff, to refuse to engage in the interactive process, and/or to take other adverse job actions against Plaintiff.

34.   ATS's conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.,* and ATS committed unlawful employment practices, including by the following, separate bases for liability:

a.   Discharging, barring, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against Plaintiff, in whole or in part on the basis of Plaintiff's actual, perceived, and/or history of physical disability and/or other protected characteristics, in violation of Government Code section 12940(a);

b.   Failing to accommodate Plaintiff's actual, perceived, and/or history of physical disability, in violation of Government Code section 12940(m);

c.   Failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n);

d.   Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on actual, perceived, and/or history of physical disability, in violation of Government Code section 12940(k);

e.   Retaliating against Plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing ATS's failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, and/or the right to be free of

discrimination, in violation of Government Code section 12940(h);

35.   As a proximate result of ATS's willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

36.   As a proximate result of ATS's willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

37.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

38.   ATS's misconduct was committed intentionally, in a malicious, fraudulent despicable and oppressive manner, entitling Plaintiff to punitive damages against defendants.

## SIXTH CAUSE OF ACTION
### (Violation of FEHA (Government Code § 12900,
### *et seq.*) (Disability Harassment)—Against ATS and
### Does 1 to 100, Inclusive)

39.   The allegations set forth in paragraphs 1 through 38 are re-alleged and incorporated herein by reference.

40.   ATS's conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.,* and ATS committed unlawful employment practices, including by the following, separate bases for liability:

   a.   Harassing Plaintiff and/or creating a hostile work environment, in whole or in part on the basis of Plaintiff's actual, perceived, and/or history of physical disability and/or other protected characteristics, in violation of Government Code section 12940(j) and 12923;

b.   Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on actual, perceived, and/or history of physical disability, in violation of Government Code section 12940(k).

41.   As a proximate result of defendants' willful, knowing, and intentional harassment of Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

42.   As a proximate result of ATS's willful, knowing, and intentional harassment of Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

43.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

44.   ATS's misconduct was committed intentionally, in a malicious, fraudulent, despicable and oppressive manner, entitling plaintiff to punitive damages against ATS.

## SEVENTH CAUSE OF ACTION
### (Violation of FEHA (Government Code § 12900,
### *et seq.*) (Retaliation for Complaining of Disability
### Discrimination and/or Harassment)—Against ATS and
### Does 1 to 100, Inclusive)

45.   The allegations set forth in paragraphs 1 through 44 are re-alleged and incorporated herein by reference.

46.   Plaintiff's actual, perceived, and/or history of disability and/or other characteristics protected by FEHA, Government Code section 12900, *et seq.,* were motivating factors in ATS' decision to terminate Plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, to refuse to accommodate Plaintiff, to refuse to engage in the interactive process, and/or to take other adverse job actions against Plaintiff.

47.    ATS' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.,* and ATS committed unlawful employment practices, including by the following, separate bases for liability:

a.    Discharging, barring, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against Plaintiff, in whole or in part on the basis of Plaintiff's actual, perceived, and/or history of physical disability and/or other protected characteristics, in violation of Government Code section 12940(a);

b.    Failing to accommodate Plaintiff's actual, perceived, and/or history of physical disability, in violation of Government Code section 12940(m);

c.    Failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n);

d.    Harassing Plaintiff and/or creating a hostile work environment, in whole or in part on the basis of Plaintiff's actual, perceived, and/or history of physical disability and/or other protected characteristics, in violation of Government Code section 12940(j) and 12923;

e.    Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on actual, perceived, and/or history of disability, in violation of Government Code section 12940(k);

f.    Retaliating against Plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing ATS's failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, and/or the right to be free of discrimination, in violation of Government Code section 12940(h);

g.    Failing to provide Plaintiff with requisite statutory leave, violating notice and/or other procedural requisites of leave, and/or retaliating against Plaintiff for taking leave, in violation of Government Code section 12945.2.

48.    As a proximate result of ATS's willful, knowing, and intentional retaliation against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

49.   As a proximate result of ATS's willful, knowing, and intentional retaliation against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

50.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

51.   ATS' misconduct was committed intentionally, in a malicious, fraudulent despicable and oppressive manner, entitling plaintiff to punitive damages against ATS.

## EIGHTH CAUSE OF ACTION

### (Violation of FEHA (Government Code § 12940(a), (i), (m), (n)) (Failure to Provide Reasonable Accommodation)— Against ATS and Does 1 to 100, Inclusive)

52.   The allegations set forth in paragraphs 1 through 51 are re-alleged and incorporated herein by reference.

53.   At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on ATS.  This statute requires ATS to provide reasonable accommodations to known disabled employees.  Within the time provided by law, plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

54.   ATS wholly failed to attempt any reasonable accommodation of Plaintiff's known disability.  ATS used Plaintiff's disability and her need to take medical leave as an excuse for terminating Plaintiff's employment.

55.   Plaintiff believes and on that basis alleges that her disability and the need to accommodate her disability were substantial motivating factors in ATS's termination of her employment.

56.   As a proximate result of ATS's willful, knowing, and intentional misconduct,

Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

57.  As a proximate result of ATS's willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

58.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

59.  ATS' misconduct was committed intentionally, in a malicious, fraudulent despicable and oppressive manner, entitling plaintiff to punitive damages against ATS.

## NINTH CAUSE OF ACTION

### (Failure to Engage in Interactive Process (Government Code § 12940(a), (i), (m), (n))—Against ATS and Does 1 to 100, Inclusive)

60.  The allegations set forth in paragraphs 1 through 59 are re-alleged and incorporated herein by reference.

61.  At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on ATS.  This statute requires ATS to engage in a timely, good faith interactive process to accommodate known disabled employees.  Within the time provided by law, Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

62.  ATS wholly failed to engage in a timely, good-faith interactive process with Plaintiff to accommodate her known disabilities.  Instead, ATS terminated Plaintiff's employment in part because of her disabilities.

63.  Plaintiff believes and on that basis alleges that her disability was a motivating factor in ATS's termination of her employment.

64.  As a proximate result of ATS' willful, knowing, and intentional misconduct,

plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

65.   As a proximate result of ATS' willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

66.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are fully known.

67.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent despicable and oppressive manner, entitling Plaintiff to punitive damages against ATS.

## TENTH CAUSE OF ACTION

### (Violation of FEHA (Government Code § 12940(k) (Failure to Prevent Discrimination, Harassment, and Retaliation)— Against ATS and Does 1 to 100, Inclusive)

68.   The allegations set forth in paragraphs 1 through 67 are re-alleged and incorporated herein by reference.

69.   At all times herein mentioned, FEHA, Government Code section 12940(k), was in full force and effect and was binding on ATS.  This statute states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."  Prior to filing the instant Complaint, Plaintiff filed a timely administrative charge with the DFEH and received a right-to-sue letter.

70.   During the course of Plaintiff's employment, ATS failed to prevent their employees from engaging in intentional actions that resulted in Plaintiff's being treated less favorably because of Plaintiff's protected status (*i.e.*, her disability/medical condition, medical leave, need for accommodations, and/or good faith complaints).  During the course of plaintiff's employment, ATS failed to prevent their employees from engaging in

unjustified employment practices against employees in such protected classes. During the course of Plaintiff's employment, ATS failed to prevent a pattern and practice by their employees of intentional discrimination and harassment on the bases of disability/medical condition, medical leave, need for accommodations, and/or good faith complaints, and/or other protected statuses or protected activities.

71.   Plaintiff believes and on that basis alleges that her disability/medical condition, medical leave, need for accommodations, and/or good faith complaints, and/or other protected status and/or protected activity were substantial motivating factors in ATS's employees' discrimination and retaliation against her.

72.   As a proximate result of ATS's willful, knowing, and intentional misconduct, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

73.   As a proximate result of ATS's willful, knowing, and intentional misconduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to her damage in a sum according to proof.

74.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

75.   ATS' misconduct was committed intentionally, in a malicious, fraudulent, despicable and oppressive manner, entitling Plaintiff to punitive damages against defendants.

# PRAYER

WHEREFORE, Plaintiff, Jayme Tipton, prays for judgment against defendants as follows:

1.   For general and special damages according to proof;

2.   For exemplary damages, according to proof;

3.   For pre-judgment and post-judgment interest on all damages awarded;

4. For reasonable attorneys' fees;

5. For costs of suit incurred;

6. For declaratory relief;

7. For such other and further relief as the Court may deem just and proper.

ADDITIONALLY, Plaintiff, Jayme Tipton, demands trial of this matter by jury. The amount demanded exceeds $25,000.00 (Government Code § 72055).

Dated: May 7, 2019                    SHEGERIAN & ASSOCIATES, INC.

By: _____
Carney R. Shegerian, Esq.

Attorneys for Plaintiff,
JAYME TIPTON

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

**TIPTON v. ATS, et al.**                          **USDC Case No. 2:18-cv-9503 AB (JEMx)**

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 225 Santa Monica Boulevard, Suite 700, Santa Monica, California 90401.

On May 7, 2019, I served the foregoing document, described as **"PLAINTIFF JAYME TIPTON'S SECOND AMENDED COMPLAINT FOR DAMAGES,"** on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

**Aaron R. Lubeley, Esq.**
**Simon L. Yang, Esq.**
**Meagan Sue O'Dell, Esq.**
**SEYFARTH SHAW LLP**
**601 South Figueroa Street, Suite 3300**
**Los Angeles, California 90017-5793**

☒    **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 7, 2019, at Santa Monica, California.

Jose Castro