Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Anthony Nguyen, Esq., State Bar No. 259154
ANguyen@Shegerianlaw.com
Aaron Gbewonyo, Esq., State Bar No. 315889
AGbewonyo@Shegerianlaw.com
SHEGERIAN & ASSOCIATES
225 Santa Monica Boulevard, Suite 700
Santa Monica, California 90401
Telephone Number:   (310) 860-0770
Facsimile Number:   (310) 860-0771

Attorneys for Plaintiff,
JAYME TIPTON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYME TIPTON,<br><br>          Plaintiff,<br><br>vs.<br><br>AIRPORT TERMINAL SERVICES, INC. and DOES 1 to 100, inclusive,<br><br><br>          Defendants. | Case No.:  2:18-cv-09503-AB-JEM<br><br>**The Honorable André Birotte, Jr.**<br><br>**PLAINTIFF JAYME TIPTON'S OPPOSITION TO DEFENDANT'S F.R.C.P. RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with Declaration of Aaron Gbewonyo; and [Proposed] Order]<br><br>Date:   June 21, 2019<br>Time:   10:00 a.m.<br>Ctrm.:  7B<br><br>Action Filed:  October 4. 2018 |

# TABLE OF CONTENTS

**Page**

1. INTRODUCTION ................................................................................................. 1

2. PROCEDURAL HISTORY .................................................................................. 1

3. ARGUMENT ....................................................................................................... 2

   A. Defendant's F.R.C.P. Rule 12(b)(6) Motion Is Disfavored and Granted Only in "Extraordinary" Cases. ...................................................................... 2

   B. Plaintiff Has Sufficiently Pled a Cause of Action for Disability Discrimination on the Basis of Disability in Violation of FEHA. ...................... 4

     (1) Personal Management Decisions Are Unlawful if Motivated by Prohibited Discriminatory Considerations. ...................................................... 5

     (2) Requiring an Employee to be 100% to Return to Work is a Per Se Violation of FEHA, However, Should an Employer Require Such a Leave to be taken, it Shall be Deemed a Protected Leave. ............................ 5

   C. Plaintiff Has Sufficiently Pled a Cause of Action for Failure to Accommodate. .............................................................................................. 8

   D. Plaintiff Has Sufficiently Pled a Cause of Action for Failure to Engage in the Interactive Process. ............................................................................... 9

   E. Plaintiff Has Sufficiently Pled Harassment on the Basis of Disability ............ 10

   F. Plaintiff Has Sufficiently Pled a Cause of Action for Implied-In-Fact Contract ....................................................................................................... 12

   G. Plaintiff Agrees to Dismiss Her Claim of Negligent Hiring, Supervision, and Retention Without Prejudice. ................................................................ 13

   H. Plaintiff's Has Sufficiently Pled Facts for a Cause of Action for Wrongful Termination in Violation of Public Policy ................................................... 13

   I. Plaintiff Has Sufficiently Pled Facts for a Cause of Action for IIED ............... 14

     (1) Plaintiff's Claims are not Barred by Workers Compensation Exclusivity ................................................................................................. 16

   J. Plaintiff Agrees to Voluntarily Dismiss Her Claims for Failure to Prevent Discrimination, Harassment and Retaliation ............................................... 17

   K. Alternatively, If This Court Finds that Plaintiff Has Not Provided Specific Allegations as to Each of the Named Defendants, Plaintiff Requests Leave to Amend Is Requested to Add Further Facts Supporting Her Causes of Action ........................................................................................................... 17

4. CONCLUSION .................................................................................................. 18

# TABLE OF AUTHORITIES

**Page**

## Cases

*Accardi v. Sup. Crt.* (1993) 17 Cal.App.4th 341 ...................................................... 14, 16

*AmerisourceBergen Corp. v. Dialysist W., Inc.,* 465 F.3d 946 (9th Cir. 2006) .............. 17

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................ 1, 3

*Barsell, supra,* 2009 U.S. Dist. LEXIS 123475 at *11 .................................................. 15

*Bell Atl. Corp. v. Twombly,* 550 U.S. 554 (2007) ........................................................ 1, 3

*Bonin v. Calderon,* 59 F.3d 815 (9th Cir. 1995) ........................................................... 17

*Brennan v. Townsend & O'Leary Enterprises, Inc.* (2011) 199 Cal.App.4th
1336 ...................................................................................................................... 12, 16

*Caldera v. Department of Corrections & Rehabilitation* (2018) 25
Cal.App.5th 31 ...................................................................................................... 11

*Cauchi v. Brown,* 51 F.Supp.2d 1014 (E.D. Cal. 1999) ................................................ 2

*Colaprico v. Sun Microsystems, Inc.,* 758 F.Supp. 1335 (N.D. Cal. 1991)..................... 3

*Colmenares v. Braemar Country Club, Inc.* (2003) 29 Cal.4th 1019............................... 4

*Conley v. Gibson,* 355 U.S. 41 (1957) ......................................................................... 1

*Dagley v. Target Corp., Inc.,* 2009 U.S. Dist. LEXIS 33749, *8-9 (C.D. Cal.
2009) ...................................................................................................................... 15

*DCD Programs, Ltd. v. Leighton,* 833 F.2d 183 (9th Cir. 1987) .................................. 17

*DeJung v. Superior Court* (2008) 169 Cal.App.4th 533................................................. 5

*Farmers Ins. Group v. County of Santa Clara* (1995) 11 Cal.4th 992............................ 16

*Fernandez v. PSC Indus. Outsourcing LP*, 2017 U.S. Dist. LEXIS 115273,
*8-10 (N.D. Cal. 2017).......................................................................................... 14, 16

*Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654................................................. 12

*Fretland v. Cnty of Humboldt* (1999) 69 Cal.App.4th 1478........................................... 16

*Freund v. Nycomed Amersham* 347 F. 3d 752 (9th Cir. 2003) .................................... 14

*Fuentes v. AutoZone*, Inc. (2011) 200 Cal.App.4th 1221 ........................................... 11

*Gardner v. Federal Express Corp.* 114 F. Supp. 3d 889 (2015)...................................6

*Gautier v. Gen. Tel. Co.* 234 Cal. App 2d 302 (1965).......................................... 12

*Gelfo v. Lockheed Martin Corp.* (2006) 140 Cal.App.4th 34 ............................ 6, 7

*Gilligan v. Jamco Develop. Corp.,* 108 F.3d 246 (9th Cir. 1997) ........................ 2

*Guz v. Bechtel Nat'l, Inc.* (2000) 24 Cal.4th 317 .......................................... 12

*Hernandez v. Rancho Santiago Cmty. Coll. Dist.* (2018) 22 Cal.App.5th
1187 ...................................................................................................... 5, 8

*Humphrey v. Memorial Hospitals Assn.* (9th Cir. 2001) 239 F.3d 1128.......... 6, 8, 9

*Jackson v. Bank of Hawaii,* 902 F.2d 1385 (9th Cir. 1990) ............................ 17

*Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4th 55 ..................... 5, 10, 15

*Kingsley v. Tellworks Communs.*, LLC, 2017 U.S. Dist. LEXIS 92619, *96
(N.D. Ga. 2017.................................................................................... 4, 7

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,*
507 U.S. 163 (1993)............................................................................ 3, 4

*Lone Star Ladies Inv. Club v. Schlotzky's Inc.,* 238 F.3d 363 (5th Cir. 2001) ............. 17

*Macias v. Levy Premium Foodservices Ltd. P'ship*, 2015 U.S. Dist. LEXIS
183118, *9 (C.D. Cal. 2015)................................................................... 15

*Martin v. Brevard*, 543 F.3d 1261 (11th Cir. 2008) ...................................... 4

*McDonnell Douglas Corp. v. Green* (1973) 411 U.S. 792 .............................. 4

*McGregor v. National R.R. Passenger Corp.* (9th Cir. 1999) 187 F.3d 1113.................. 7

*Morgan v. Regents of the University of California* (2001) 88 Cal.App.4th 52 ................ 5

*Nazir v. United Airlines, Inc.* (2009) 178 Cal.App.4th 243 ............................ 11

*Neitzke v. Williams,* 490 U.S. 319 (1989) ............................................... 3, 4

*Nordstrom v. U.S. Bank, N.A., Inc.*, 2012 U.S. Dist. LEXIS 102267, *14-15
(C.D. Cal. 2012)............................................................................ 14, 15, 16

*Norris v. Allied-Sysco Foods Services, Inc.,* 948 F.Supp. 1418 (N.D. Cal.
1996) .................................................................................................. 6

*O'Mary v. Mitsubishi Electronics America, Inc.* (1997) 59 Cal.App.4th 563 ................ 5

*Padilla v. AT&T Corp.,*697 F.Supp.2d 1156 (C.D. Cal. 2009) ........................ 11

*Pareto v. FDIC,* 139 F.3d 696 (9th Cir. 1998) ......................................... 3, 4

*Peloza v. Capistrano United School Dist.,* 37 F.3d 517 (9th Cir. 1994)............. 3

*Phillips v. St. Mary Regional Med. Ctr.* (2002) 96 Cal.App.4th 218 .............. 14

*Ramirez v. Wong* (2010) 188 Cal.App.4th 1480 ................................................. 11

*Roby v. McKesson Corp.* (2009) 47 Cal.4th 686 ................................................ 12, 15

*Sanchez v. Swissport, Inc.* (2013) 213 Cal.App.4th 1331 .................................... 6, 8

*Scheuer v. Rhodes,* 416 U.S. 232 (1974) ........................................................... 3

*Smith v. Int. Broth. of Elect. Workers* (2003) 109 Cal.App.4th 1637, 1658-59 ........ 14, 16

*Stanbury Law Firm v. I.R.S.,* 221 F.3d 1059 (8th Cir. 2000) ................................. 3

*Swanson v. Morongo Unified School Dist.* (2014) 232 Cal.App.4th 954 ................... 6, 8

*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002) ............................................. 1

*TWA v. Thurston* (1985) 469 U.S. 111 .............................................................. 5

*United States v. Redwood City,* 640 F.2d 963 (9th Cir. 1981) ................................ 2

*Vanderhule v. Amerisource Bergen Drug Corp.*, 2017 U.S. Dist. LEXIS
    6401, *7 (C.D. Cal. 2017) ......................................................................... 15

*Villiarimo v. Aloha Isl. Air*, 281 F.3d 1054 (9th Cir. 2002) .................................... 4

*Wallace v. County of Stanislus* (2016) 245 Cal.App.4th 109 ................................. 4

**Statutes**

42 United States Code § 2000e, *et seq.* ............................................................. 14

42 United States Code §§ 12101-12213 .............................................................. 4, 7

Government Code §§ 12900-12996 ............................................................... passim

Government Code §§ 12945.1-12945.2 ............................................................. 2, 6, 7

**Other Authorities**

Webster's Collegiate Dictionary (11th ed. 2007) p. 1140 ....................................... 11

**Rules**

Federal Rules of Civil Procedure, Rule 12(b)(6) ............................................. 2, 3, 4, 18

Federal Rules of Civil Procedure, Rule 15(a) ...................................................... 17

**Treatises**

5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* ................. 3

Scharzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* (The
    Rutter Group, 2007) ................................................................................. 3

# Regulations

2 California Code of Regulations § 11065 ........................................................ 4

2 California Code of Regulations § 11068 ........................................ 6, 7, 8, 15

29 Code of Federal Regulations § 825 ............................................... 2, 6, 7

PLAINTIFF'S OPPOSITION TO F.R.C.P. RULE 12(b)(6) MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION

*First*, contrary to Defendant's assertions, on its face, it is readily apparent that plaintiff's remaining claims in her Second Amended Complaint ("SAC") have pled with sufficiency ample facts to satisfy the liberal pleading standard. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002). Moreover, plaintiff's second amended complaint "give[s] the defendant fair notice of what the… claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555 (2007). Moreover, it is clear that plaintiff's complaint appears "plausible on its face," pleading sufficient factual matter, that if accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

*Second*, plaintiff agrees to voluntarily dismiss her Second Cause of Action of negligent hiring, supervision, and retention; and Tenth Cause of Action of failure to prevent discrimination, harassment, and retaliation in violation of FEHA.

*Third*, plaintiff, having satisfied all of the Courts instructions, respectfully request for leave to amend her complaint in the unlikely event that this Court determines that Plaintiff has failed to plead sufficient facts upon which relief can be granted.

### 2. PROCEDURAL HISTORY

On October 4, 2018, plaintiff failed her complaint against defendants, Airport Terminal Services, Edgar Trujillo and Melissa Doe for discrimination and retaliation on the basis of disability; failure to accommodate a disability; failure to engage in the interactive process; failure to prevent discrimination, harassment, and retaliation; violation of California Family Rights Act; harassment on the basis of disability; breach of express oral contract not to terminate without good cause; breach of implied-in-fact contract not to terminate employment without good cause; negligent, hiring, supervision, and retention; wrongful termination in violation of public policy; and intentional infliction of emotional

distress.

On November 8, 2018, defendants filed a notice of removal with this Court, and subsequently filed a motion to dismiss plaintiff's complaint on November 15, 2018. On November 30, 2018, plaintiff filed a motion to remand this case to state court.

On January 14, 2019, the Court issued an order denying plaintiff's motion to remand, dismissing plaintiff's California Family Rights Act ("CFRA")/Family Medical Leave Act ("FMLA") claims with prejudice, and dismissing all other claims without prejudice.

On February 4, 2019, plaintiff filed a first amended complaint with this court absent her claims for CFRA and FMLA. Plaintiff agreed to voluntarily dismiss her claim of expressed contract not to terminate without good cause. On February 19, 2019, defendants subsequently filed a motion to dismiss only plaintiff's first through fifth, seventh, and eleventh causes of action, specifically failing to address her disability discrimination and retaliation claims, as noted in the Court's April 16, 2019 Order. (Dkt. 37 at 3; 10)

On May 7, 2019, plaintiff filed a second amended complaint. Subsequently, on May 21, 2019, defendants filed a motion to dismiss plaintiff's second amended complaint. Plaintiff has agreed to voluntarily dismiss her claim for negligent hiring, retention, and supervision, as well as her claim of failure to prevent discrimination, harassment, and retaliation. Plaintiff believes that all remaining causes of action plead sufficient facts upon which relief can be granted.

## 3. ARGUMENT

### A. Defendant's F.R.C.P. Rule 12(b)(6) Motion Is Disfavored and Granted Only in "Extraordinary" Cases.

"The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Gilligan v. Jamco Develop. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997). Rule 12(b)(6) dismissals are proper only in "extraordinary" cases. *United States v. Redwood City,* 640 F.2d 963, 966 (9th Cir. 1981); *Cauchi v. Brown,* 51 F.Supp.2d 1014, 1016 (E.D. Cal. 1999). This case presents no "extraordinary" reasons for a ruling on the

intentional infliction claim at issue.  The pleadings in the operative complaint "embrace[s] whatever specific facts might be necessary to support them."  *Peloza v. Capistrano United School Dist.,* 37 F.3d 517, 521 (9th Cir. 1994).[1]  Likewise, "motions to strike are regarded with disfavor because [they are] often used as delaying tactics, and because of the limited importance of pleadings in federal practice."  Scharzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial,* § 9:375 (The Rutter Group, 2007), *citing Stanbury Law Firm v. I.R.S.,* 221 F.3d 1059, 1063 (8th Cir. 2000); *Colaprico v. Sun Microsystems, Inc.,* 758 F.Supp. 1335, 1339 (N.D. Cal. 1991).

The United States Supreme Court has stated: ***"The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims.  Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely, but that is not the test."***  *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  Rather, a complaint is only required to "give the defendant fair notice of what the… claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555 (2007). Moreover, the complaint must only appear "plausible on its face," that is, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). ***"Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment***." *quoting* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure,* 1357, 598.

This case presents no "extraordinary" reasons for a ruling on plaintiff's claims at issue, as the facts plead in the operative complaint "embrace[s] whatever specific facts might be necessary to support them." (*Peloza v. Capistrano United School Dist.,* 37 F.3d 517, 521 (9th Cir. 1994).)[2]

---

[1]  All material allegations in the Complaint must be accepted as true.  *Pareto v. FDIC,* 139 F.3d 696, 699 (9th Cir. 1998); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164 (1993).  The sole issue raised by a Rule 12(b)(6) motion is whether the ultimate facts pled would, if established, support a valid claim for relief.  *Neitzke v. Williams,* 490 U.S. 319, 328-329 (1989).

[2]  All material allegations in the Complaint must be accepted as true. (*Pareto v. FDIC,* 139 F.3d 696,

### B. Plaintiff Has Sufficiently Pled a Cause of Action for Disability Discrimination on the Basis of Disability in Violation of FEHA.

Under the FEHA, an employee is disabled if their condition makes the achievement of a major life activity difficult." *Ca. Gov.* § 12926(m)(1)(B)(ii); 2 Ca. Adc § 11065(3). No requirement that it "substantially limits" such participation as required under the ADA. *Ca. Gov.* § 12926.1(c). *Colmenares v. Braemar Country Club, Inc.* (2003) 29 Cal.4th 1019, 1025-26. The term is broadly construed and includes physical, mental and social activities and working. *Ca. Gov.* § 12926(m)(1)(B)(iii); 2 Ca. Adc § 11065. "[W]orking is a major life activity, regardless of whether the actual or perceived working limitation implicates a particular employment or a class or a broad range of employments." *Ca Govt.* § 12926.1(c); 2 Ca Adc § 11065(3)(D). In *Wallace v. County of Stanislus* (2016) 245 Cal.App.4th 109:  the Court of Appeal confirmed that disability discrimination does not require proof of animosity or ill will, i.e., ***when analyzing a disability discrimination case, even a mistake by an employer can lead to liability***. *Id.* at 122-123.  It also held that the *McDonnell Douglas* burden shifting does not apply in disability discrimination cases where "the plaintiff presents direct evidence of the employer's motivation for the adverse employment action." *Id.*

It is well established that "***Being terminated while on leave evidences close temporal proximity for purposes of creating a genuine issue of material fact as to the causal connection.***" (*Kingsley v. Tellworks*, 2017 U.S. Dist. LEXIS 92619, *96 (N.D. Ga. 2017), citing *Martin v. Brevard*, 543 F.3d 1261, 1268 (11th Cir. 2008); *Villiarimo v. Aloha Air*, 281 F.3d 1054, 1065 (9th Cir. 2002) ["***causation can be inferred from timing alone***"].) This is direct evidence of defendant's discriminatory animus. Where there is *direct* evidence of discrimination, there is no need for inferences, presumptions, or shifting burdens, rendering unnecessary the *McDonnell Douglas v. Green*, 411 U.S. 792 (1973),

---

699 (9th Cir. 1998); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164 (1993).)  The sole issue raised by a 12(b)(6) motion is whether the ultimate facts pleaded would, if established, support a valid claim for relief.  (*Neitzke v. Williams,* 490 U.S. 319, 328-329 (1989).)

PLAINTIFF'S OPPOSITION TO F.R.C.P. RULE 12(b)(6) MOTION TO DISMISS

test. (*TWA v. Thurston,* 469 U.S. 111, 122 (1985); *Morgan v. U.C. Reg.*, 88 Cal.App.4th 52, 69-70 (2001).) A "showing that a significant participant in an employment decision exhibited discriminatory animus is enough to raise an inference that the employment decision itself was discriminatory…" (*DeJung v. Sup. Crt.*, 169 Cal.App.4th 533, 551 (2008).)

### (1)   Personal Management Decisions Are Unlawful if Motivated by Prohibited Discriminatory Considerations.

It is well established that personnel management actions are unlawful if motivated by prohibited discriminatory considerations. *Janken v. GM Hughes Elecs*., 46 Cal. App., 4th 55, 65 (1996). In the present case, it was only after plaintiff sustained a work-related injury that caused her to suffer extreme pain and ultimately led to her being required to take a leave that plaintiff was first issued a write-up. (SAC ¶ 6 at 2:28-3:3.) Defendants systematic targeting of plaintiff due to her disability was only made more abundantly clear during a phone call on May 9, 2017, during which Ms. Shonta Henderson informed plaintiff that she was required to resign from her position because she had taken off too much time off for her disability, and if she would not resign, she would be terminated. (SAC ¶ 8(g).) Although these facts alone sufficiently establish the discrimination of plaintiff by defendants in violation of FEHA, defendant's further actions and inactions, further exemplify defendant's discrimination of plaintiff on the basis of her disability.

### (2)   Requiring an Employee to be 100% to Return to Work is a Per Se Violation of FEHA, However, Should an Employer Require Such a Leave to be taken, it Shall be Deemed a Protected Leave.

It has been found to be a ***failure to accommodate to terminate a probationary employee, when a probationary employee requires a disability-related leave of absenc****e. Hernandez v. Rancho Santiago Cmty. Coll. Dist.* (2018) 22 Cal.App.5th 1187, 1196. When such a leave is required by a probationary employee, said leave may be deducted from the employee's probationary period. (*Id.*) That allows the employee to receive the full period of time to evaluate their performance, so that they do not lose their job simply because

they needed a disability leave. (*Id.*)

"A finite leave of greater than four months may be a reasonable accommodation for a known disability under the FEHA." *Sanchez v. Swissport, Inc.* (2013) 213 Cal.App.4th 1331, 1341. "***An employer has an 'affirmative duty' to reasonably accommodate a disabled employee, and that duty is a 'continuing' one that is 'not exhausted by one effort.'***" *Swanson v. Morongo Unified School Dist.* (2014) 232 Cal.App.4th 954, 969, *Humphrey v. Memorial Hospitals Assn.* (9th Cir. 2001) 239 F.3d 1128, 1138.

Courts in California have been liberal in favor of providing employees with a protected leave, even in the absence of CFRA or FMLA. *Sanchez v. Swissport, Inc.*, 213 Cal. App. 4th 1331, 153 Cal. Rptr. 3d 367, (2013). In *Sanchez*, the Court held that an employee who exhausted his protected leave by his employer and was displaced just days before he could be cleared to return to work should be non-the-less afforded the same protections in spite of his leave being exhausted. *citing Gardner v. Federal Express Corp.* 114 F. Supp. 3d 889 (2015). In *Gardner*, the court further noted that plaintiff would not have been terminated, if not for his leave displacement resulting from his disability. The court held that this was enough causal link for the issue to be presented to a jury. *See Norris v. Allied-Sysco Foods Services, Inc.,* 948 F.Supp. 1418 (N.D. Cal. 1996).

When an employee cannot presently perform the essential functions of the job, or otherwise needs time away from the job for treatment and recovery, holding a job open for an employee on a ***leave of absence or*** extending a leave provided by FMLA, CFRA , other laws, or an employer's leave plan may be a reasonable accommodation that the leave is likely to be effective in allowing the employee to return to work at the end of the leave, with or without further reasonable accommodation, and does not create an undue hardship for the employer. ***When an employee can work with a reasonable accommodation other than a leave of absence, an employer may not require that the employee take a leave of absence. §11068(c)***.

The requirement that an employee be 100 percent healthy before returning to work is a *per se* violation of FEHA. *Gelfo v. Lockheed Martin Corp.* (2006) 140 Cal.App.4th

34, 49, fn 11.  Moreover, it is a per se violation even under the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.) (ADA), because it permits an employer to avoid the required individualized assessment of the employee's ability to perform the essential functions of the job with or without accommodation. (*McGregor v. National R.R. Passenger Corp.* (9th Cir. 1999) 187 F.3d 1113, 1116.)

Here, plaintiff provided notice of her disability to defendants. (SAC ¶ 8 (c)(d)(e)(f)(g).) As such, defendants were under a continuing obligation to accommodate plaintiff. Plaintiff requested that she be allowed to return to work under "light-duties". (SAC ¶ 8 (c)). However, defendants denied plaintiff's request, informing her "***You cannot work light-duty because you could get injured further, and it would be on us***" in violation of *§11068(c).* (*Id.*) This requirement that plaintiff be 100 percent healthy to return to work is a violation of FEHA. *Gelfo v. Lockheed Martin Corp.* (2006) 140 Cal.App.4th 34, 49, fn 11.

On May 9, 2017, less than a month after informing defendants of her disability, plaintiff was contacted by defendant's human resources and informed that she had taken too much time off for her disability, and as a result, was instructed that she must voluntarily resign from her position, or be subject to termination. (SAC 8 (g).) In other words, ***because plaintiff was not 100 percent healthy to return to work, defendants terminated her employment***, which is a *per se* violation of FEHA.  *Gelfo v. Lockheed Martin Corp.* (2006) 140 Cal.App.4th 34, 49, fn 11.  Plaintiff's termination occurring while on leave evidences close temporal proximity for purposes of creating a genuine issue of material fact as to the causal connection." (*Kingsley v. Tellworks*, 2017 U.S. Dist. LEXIS 92619, *96 (N.D. Ga. 2017).   Despite defendant's misrepresentations, plaintiff's fifth cause of action for discrimination on the basis of disability was dismissed with prejudice only to the extent that this cause of action was pursuant to a violation of CFRA or FMLA. (Dkt. 25 at 16:24-17:8.)

Accordingly, plaintiff has pled sufficient facts to sustain her fifth cause of action for disability discrimination.

## C. Plaintiff Has Sufficiently Pled a Cause of Action for Failure to Accommodate.

Defendant's assertion of a lack of notice is undeserving of consideration, as plaintiff placed defendants on notice several times over. (SAC ¶ 8 (c)-(g).) Not only did defendants have notice, but plaintiff requested that she be provided "light-duties". (SAC ¶ 8 (c). However, plaintiff was outright denied this accommodation, and was instead forced to take a leave of absence. (*Id.*) This requirement was in violation of §11068(c). What's more, defendants terminated plaintiff's employment while still on probation simply because she required a leave due to her disability was a violation of FEHA. *Hernandez v. Rancho Santiago Cmty. Coll. Dist.* (2018) 22 Cal.App.5th 1187, 1196. This deprivation of plaintiff's ability to take a disability-related leave was a violation of defendant's duty to accommodate. (*Id.*)

"A finite leave of greater than four months may be a reasonable accommodation for a known disability under the FEHA." *Sanchez v. Swissport, Inc.* (2013) 213 Cal.App.4th 1331, 1341. "An employer has an 'affirmative duty' to reasonably accommodate a disabled employee, and that duty is a 'continuing' one that is 'not exhausted by one effort.'" *Swanson v. Morongo Unified School Dist.* (2014) 232 Cal.App.4th 954, 969, *Humphrey v. Memorial Hospitals Assn.* (9th Cir. 2001) 239 F.3d 1128, 1138.

***Although it has been established that a finite period of greater than four months may be a reasonable accommodation, defendants provided plaintiff with a leave of less than a month.*** (SAC ¶ 8 (c)-(g).) *Sanchez v. Swissport, Inc.* (2013) 213 Cal.App.4th 1331, 1341. Further, ATS is a large company that at the time of plaintiff's employment, had the resources to accommodate plaintiff by allowing her to remain off duty for over a month and have another employee cover plaintiff's shifts in her absence. (SAC ¶ 8 (g).) What's more, defendants failed to satisfy their ongoing affirmative duty to accommodate plaintiff by failing to explore alternative options of accommodation, and only providing her with a brief leave of absence. *Swanson v. Morongo Unified School Dist.* (2014) 232 Cal.App.4th 954, 969, *Humphrey v. Memorial Hospitals Assn.* (9th Cir. 2001) 239 F.3d 1128, 1138.

Defendant's argument of a lack of notice rings hallow, as plaintiff provided defendants with notice several times over, and despite her request, was outright denied the accommodation of "light-duty". (SAC ¶ 8 (c)-(g).)

Accordingly, plaintiff has pled sufficient facts for a cause of action for failure to Accommodate.

### D. Plaintiff Has Sufficiently Pled a Cause of Action for Failure to Engage in the Interactive Process.

Pursuant to Government Code Section 12940(n), an employer is required to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known mental condition.

For the reasons set forth above in section D and within this section, defendants wholly disregarded their duty to engage in the interactive process. On April 11, 2017, plaintiff went to see the doctor to seek medical treatment, however, was diagnosed with a tear in her rotator cuff and placed on a medical leave until April 19, 2017. (SAC ¶ 8 (c).) Plaintiff immediately went to ATS corporate office and provided her crew lead, Ora Doe ("Ora"). (*Id*.) Ora then informed plaintiff's supervisor, Damian Neri "(Neri") of plaintiff's condition. (*Id*.) Neri, who was aware of plaintiff's condition and her interest in "light-duty", did not attempt to determine what plaintiff felt her physical limitations were, what alternative duties she may be able to perform with her condition or whether she might be interested in alternative employment options within her ATS department. (*Id.*)

On April 18, 2017, Trujillo after being informed of plaintiff's condition, was afforded the same opportunity to engage in the interactive process with plaintiff, yet failed  to attempt to determine what plaintiff felt her physical limitations were, what alternative duties she may be able to perform with her condition or whether she might be interested in alternative employment options within her ATS department. (SAC ¶ 8 (e).) What's

more, Trujillo never even informed plaintiff that her job would be in jeopardy as a result
of her leave. (*Id.*)

On May 5, 2017, Moses Gillian ("Gillian") contacted plaintiff to inquire about her
injury and expected date of return, however, Gillian did not attempt to inquire into what
she felt her physical limitations were, as to whether plaintiff would be interested in
returning to work in a different capacity, nor whether she could return to work with
modified duties that would not require her to pull, lift, push or otherwise engage in
activities that may cause strain to her arm. Finally, Gillian did not inform plaintiff of any
limitation that would prevent her from remaining on leave or might otherwise jeopardize
her position with ATS.  (SAC ¶ 8 (f).)

Finally, on May 9, 2017, Shonta Henderson contacted plaintiff to inform her that she
was required to resign, and if she did not resign, she would be terminated. (SAC ¶ 8 (g).)
Henderson did not ask plaintiff whether she could return to work in a different capacity or
under modified duties that did not require her to lift, pull or push any items that plaintiff
or her doctor may feel would further exacerbate her injury.

As is clear, defendants, by and through Henderson, Gillian, Trujillo, Neri, and Ora
had ample notice of plaintiff's disability. However, none of whom attempted to engage in
timely good-faith discussions with plaintiff. (SAC ¶ 8 (c)-(g).)

Accordingly, plaintiff has pled sufficient facts for a cause of action for failure to
engage in the interactive process.

**E.  Plaintiff Has Sufficiently Pled Harassment on the Basis of Disability**

Under the FEHA, it is unlawful "[f]or an employer or any other person, because of
race, religious creed, color, national origin, ancestry, ***physical disability***, mental disability,
medical condition [ etc.,] . to harass an employee ." (Gov. Code, §  12940, subd. (j)(1).)
"[L]iability for harassment is broader than liability for discrimination. [L]iability for
harassment, which extends to 'any person' and hence extends to 'individuals,'
encompasses individual supervisory employees." *Janken v. GM Hughes Electronics*
(1996) 46 Cal.App.4th 55, 65.)

"The law prohibiting harassment is violated '[w]hen the workplace is permeated with discriminatory intimidation, ridicule and insult that is "'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Nazir v. United Airlines, Inc.* (2009) 178 Cal.App.4th 243, 263-264.) The determination "is ordinarily one of fact." (Ibid.) All harassment claims require severe or pervasive conduct. *Ramirez v. Wong* (2010) 188 Cal.App.4th 1480, 1488. The words "severe" and "pervasive" have no peculiar meanings under the law. The adjective "severe" is defined as "strongly critical and condemnatory" or "inflicting pain or distress." (Webster's Collegiate Dictionary (11th ed. 2007) p. 1140, col. 2.) The verb "pervade" is defined as "to become diffused throughout every part of." (Id. at p. 925, col. 2.)

Incidents of harassing conduct over a short period of time may constitute severe or pervasive harassment. *Fuentes v. AutoZone*, Inc. (2011) 200 Cal.App.4th 1221, 1224 (Fuentes).) After considering the defendants' arguments, the court found: "All of these issues are factual matters for resolution by the trier of fact." (Id. at p. 1233.) The court considered, amongst other things, "evidence established that [the plaintiff] found the conduct of [the store managers] offensive, concluding that a reasonable person would share that perception." (Id. at p. 1237.)

Moreover, it is well established that intentionally issuing false write-ups is not necessary for performance of a supervisory job' and could support a harassment claim under FEHA. *Padilla v. AT&T Corp.,* 697 F.Supp.2d 1156. 1159 (C.D. Cal. 2009).

In the present case, at all times, plaintiff performed her job duties in an exemplary manner, and was only issued a write-up after she suffered from a disabling medical condition. (SAC ¶ 6). Moreover, denying plaintiff "light-duty" so that she could continue to work, and subsequently demanding that she resign because of her disability, or be terminated, sent a discriminatory message to plaintiff that she was unwelcome in the workplace. *Caldera v. Department of Corrections & Rehabilitation* (2018) 25 Cal.App.5th 31. (SAC ¶ 8(g).) This exact conduct has been found by the Supreme Court to be outside normal "managerial" duties and to constitute actionable harassment. *Roby v. McKesson*

*Corp.* (2009) 47 Cal.4th 686 ("management" activity could be actionable as harassment if it sent the employee a discriminatory message; *e.g.,* that his race was unwelcome in the work place); *see also Brennan v. Townsend & O'Leary Enterprises, Inc.* (2011) 199 Cal.App.4th 1336, 1352 (hostile work environment is established upon showing of work place atmosphere permeated with discriminatory insult and ridicule). (SAC., 8 (g)). What's more, and equally egregious, was defendant's subsequent threat to bring charges against plaintiff for her failure to act in a timely fashion in response to her formal notification of her termination. (SAC at 8(g).)

A single incident of harassing conduct is sufficient to create a hostile work environment if the harassing conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive work environment. (Government Code § 12923(b).) However, here, there were several actions which defendants engaged in to make clear that plaintiff and her disability were not welcome in the workplace.

Accordingly, plaintiff has pled sufficient facts for a cause of action for harassment on the basis of disability.

## F.  Plaintiff Has Sufficiently Pled a Cause of Action for Implied-In-Fact Contract

A cause of action for breach of contract requires: "The contract, plaintiff's performance (or excuse for non-performance), defendant's breach, and damage to plaintiff therefrom." Gautier v. Gen. Tel. Co. 234 Cal. App 2d 302, 305 (1965) . "The contractual understanding need not be express, but may be implied in fact, arising from the parties' conduct evidencing their actual mutual intent to create such enforceable limitations." *Guz v. Bechtel Nat'l, Inc.* (2000) 24 Cal.4th 317 Four factors, all met here, that may prove an implied agreement apart from express terms: (1) personnel policies and practices of the employer; (2) the employee's longevity of service; (3) actions or communications by the employer reflecting assurances of continued employment; and (4) the practices of the industry. *Id.* at 337-338; *Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 680.

Here, the parties entered in to an implied-in-fact contract, as defendant had a policy of hiring employees with the intent that those employees be provided with growth opportunities and promoted from within (evidencing the intent to provide long-term employment). (SAC ¶ 5). It was communicated to plaintiff at her time of hire, and included in defendant's corporate policy, as shown on defendant's website, that through plaintiff's commitment to company policy and performing her duties in a satisfactory manner, that plaintiff would be provided "sufficient resources and encouraged to foster growth and learning." It was further communicated to plaintiff that "ATS had recently received a long-term Jet Blue contract, whereby ATS had intended on hiring plaintiff and other committed employees to remain and grow with the company long-term to satisfy this contract. (SAC ¶ 5.) It was the common practice of defendants, as exhibited with Corrina Doe and others, that ATS engaged in this practice. (SAC ¶ 5.) Further, plaintiff, through her ten-plus years in the industry, is aware that when employers in the industry that defendants do business obtain long-term service contracts, that they hire long-term employees to satisfy those contracts. (SAC ¶ 5.) Plaintiff was committed to company policy and performed her duties in a satisfactory manner. (SAC ¶ 6, 8(g).) In doing so, plaintiff performed her duties pursuant to this agreement, however, defendants breached its duty by terminating plaintiff, and depriving her of long-term employment with defendants in her then current capacity, or otherwise. (SAC., 8(g).) Accordingly, plaintiff has pled sufficient facts for a cause of action for implied-in-fact contract for employment.

### G. Plaintiff Agrees to Dismiss Her Claim of Negligent Hiring, Supervision, and Retention Without Prejudice.

Plaintiff agrees to dismiss her claim for negligent hiring, supervision, or retention without prejudice.

### H. Plaintiff's Has Sufficiently Pled Facts for a Cause of Action for Wrongful Termination in Violation of Public Policy

Wrongful termination on the basis of public policy is established where the public policy implicated is (1) delineated in either constitutional or statutory provisions; public

in the sense that it insures to the benefit of the public, rather than serving merely the interest of the individual; (3) well established at the time of discharge; and (4) substantial and fundamental." *Freund v. Nycomed Amersham* 347 F. 3d 752, 758 (9th Cir. 2003.)

The public policy basis for state law causes of action need not be derived solely from California law. Federal anti-discrimination statutes provide employers with adequate notice of a fundamental public policy prohibiting specified conduct. *Phillips v. St. Mary Regional Med. Ctr.* (2002) 96 Cal.App.4th 218, 234. Plaintiffs may rely on Title VII as a source of public policy for their state common law wrongful termination cause of action. *Phillips v. St. Mary Regional Med. Ctr., supra,* 96 Cal.App.4th at 238.

Under title VII, plaintiff was afforded the right to not be terminated while on leave for her disability. This insures the benefit of the public in general, and not merely plaintiff. Plaintiff's disability was well established at the time of discharge, as defendant was aware. (SAC ¶ 8 (c)-(g).)   Finally, the interest which plaintiff seeks to protect is substantial and fundamental.  Accordingly, plaintiff has pled sufficient facts for a cause of action for wrongful termination in violation of public policy.

## I.  Plaintiff Has Sufficiently Pled Facts for a Cause of Action for IIED

Where, as here, plaintiff's intentional emotional distress ("IIED") claim is based on defendant's violation of fundamental public policy – *i.e.*, discrimination, harassment, and retaliation under the FEHA – such misconduct cannot be considered a normal part of the employment relationship and the plaintiff's remedy is not confined to worker's compensation. (*Nordstrom v. U.S. Bank, N.A., Inc.*, 2012 U.S. Dist. LEXIS 102267, *14-15, 2012 U.S. Dist. LEXIS 102267, *14-15 (C.D. Cal. 2012) (*Nordstrom*), citing *Smith v. Int. Broth. of Elect. Workers* (2003) 109 Cal.App.4th 1637, 1658-59; *Accardi v. Sup. Crt.* (1993) 17 Cal.App.4th 341, 352;[3].) This is especially true when a Plaintiff incorporates by reference into his emotional distress all facts and allegations in previous FEHA causes of

---

[3] *Fernandez v. PSC Indus. Outsourcing LP*, 2017 U.S. Dist. LEXIS 115273, *8-10 (N.D. Cal. 2017) (*Fernandez*)

action. (*Nordstrom, supra,* <u>2012 U.S. Dist. LEXIS 102267 at *14-15</u>.)

"***An IIED claim is possible if the supervisor's behavior goes beyond termination, such as violating an employee's "fundamental interest … in a deceptive manner that results in the plaintiff being denied rights granted to other employees***." (*Ibid*, citing *Barsell, supra,* 2009 U.S. Dist. LEXIS 123475 at *11 ["Because [the IIED] claim is based on allegations of disability discrimination, there is a non-fanciful possibility that the workers' compensation exclusivity provisions do not bar [plaintiff's] claim against [her manager]."].) *Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55 (1996), and its progeny, have been distinguished based on the above. (*Vanderhule v. Amerisource Bergen Drug Corp*., 2017 U.S. Dist. LEXIS 6401, *7 (C.D. Cal. 2017) (*Vanderhule*); *Dagley v. Target Corp., Inc*., 2009 U.S. Dist. LEXIS 33749, *8-9 (C.D. Cal. 2009) [distinguishing *Janken v. GM Hughes Elec.*].)

"To establish a claim for IIED, a plaintiff must allege: '(1) extreme and outrageous conduct by defendants with the intention of causing, or reckless disregard for the probability of causing, emotional distress; (2) the suffering of severe or extreme emotional distress; and (3) the fact that the outrageous conduct actually and proximately caused the distress.'" (*Macias, supra,* at 11.)

Here, the actions of defendant were extreme, outrageous, and in violation of §11068(c), as Henderson and Neri discriminated against plaintiff because of her disability, failing to engage in the interactive process or provide accommodations, and thus requiring she take a leave. (FAC ¶ 8(c)-(g). Equally egregious, Henderson retaliated against plaintiff when she complained about the request to resign. (FAC ¶ 8(g).) Defendant further harassed plaintiff by threatening to bring criminal charges, including fines and court fees, should plaintiff fail to respond to her termination letter within three days. (Id.) This exact conduct has been found by the Supreme Court to be outside normal "managerial" duties and to constitute actionable harassment. *Roby v. McKesson Corp.* (2009) 47 Cal.4th 686 ("management" activity could be actionable as harassment if it sent the employee a discriminatory message; *e.g.,* that his race was unwelcome in the work place); *see also*

*Brennan v. Townsend & O'Leary Enterprises, Inc.* (2011) 199 Cal.App.4th 1336, 1352 (hostile work environment is established upon showing of work place atmosphere permeated with discriminatory insult and ridicule). As a result of the actions taken by defendant, plaintiff has suffered stress, anxiety, depression, and a lack of sleep. (Id.) Accordingly, plaintiff has pled sufficient facts for a cause of action of IIED.

### (1)  Plaintiff's Claims are not Barred by Workers Compensation Exclusivity

The workers' compensation exclusivity rule only applies if the conduct is a "normal risk" of employment, which FEHA violations are not. *See Farmers Ins. Group v. County of Santa Clara* (1995) 11 Cal.4th 992. If the conduct "exceeds the normal risk of the employment relationship," such an IIED claim based on said conduct is not barred. *Fretland v. Cnty of Humboldt* (1999) 69 Cal.App.4th 1478, 1492.

Where, as here, plaintiff's intentional emotional distress ("IIED") claim is based on defendant's violation of fundamental public policy – *i.e.*, discrimination, harassment, and retaliation under the FEHA – such misconduct cannot be considered a normal part of the employment relationship and the plaintiff's remedy is not confined to worker's compensation. (*Nordstrom v. U.S. Bank, N.A., Inc.*, 2012 U.S. Dist. LEXIS 102267, *14-15 2012 U.S. Dist. LEXIS 102267, *14-15 (C.D. Cal. 2012) (*Nordstrom*), citing *Smith v. Int. Broth. of Elect. Workers* (2003) 109 Cal.App.4th 1637, 1658-59; *Accardi v. Sup. Crt.* (1993) 17 Cal.App.4th 341, 352;[4].) This is especially true when a Plaintiff incorporates by reference into his emotional distress all facts and allegations in previous FEHA causes of action. (*Nordstrom, supra*, 2012 U.S. Dist. LEXIS 102267 at *14-15.)

Here, the workers' compensation exclusivity bar does not apply because plaintiff is not seeking damages under the physical injury that she incurred while employed with defendants. Rather, she is attempting to seek damages stemming from her subsequent

---

[4] *Fernandez v. PSC Indus. Outsourcing LP*, 2017 U.S. Dist. LEXIS 115273, *8-10 (N.D. Cal. 2017) (*Fernandez*)

wrongful termination. Accordingly, plaintiff is not barred by workers' compensation exclusivity.

### J.   Plaintiff Agrees to Voluntarily Dismiss Her Claims for Failure to Prevent Discrimination, Harassment and Retaliation

Plaintiff agrees to voluntarily dismiss her claim for failure to prevent discrimination, harassment and retaliation without prejudice.

### K.   Alternatively, If This Court Finds that Plaintiff Has Not Provided Specific Allegations as to Each of the Named Defendants, Plaintiff Requests Leave to Amend Is Requested to Add Further Facts Supporting Her Causes of Action

Rule 15(a) provides that once the time to amend a pleading as a matter of course has lapsed, a party may amend its pleading only by obtaining leave of the court.  F.R.C.P. 15(a); *Lone Star Ladies Inv. Club v. Schlotzky's Inc.,* 238 F.3d 363, 367 (5th Cir. 2001). Leave shall be freely given when justice so requires, but the ultimate decision to grant leave remains "within the sound discretion of the [district] court."  F.R.C.P. 15(a); *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 185-186 (9th Cir. 1987).  Further, leave to amend "is not to be granted automatically."  *See Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir. 1990).  Accordingly, courts may deny a motion for leave to amend where the proposed amendment (1) is sought in bad faith or with a dilatory motive, (2) is futile, (3) would produce an undue delay in the litigation, or (4) would cause the opposing party prejudice.  *See AmerisourceBergen Corp. v. Dialysist W., Inc.,* 465 F.3d 946, 951 (9th Cir. 2006).  "[E]ach [factor] is not given equal weight.  Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  *Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir. 1995).

Here, plaintiff can add new facts to cure any deficiencies that may be seen, moreover, plaintiff's (1)  leave is not sought in bad faith, (2) it would not be futile for plaintiff to file a First Amended Complaint to supplement the original Complaint and cure the deficiency, as the additional information will help to show the interrelation of the entities, (3) it would

not produce an undue delay in litigation, as the amendment could be made in the next few weeks, and (4) it would not cause the opposing parties' prejudice. In fact, if the amendment is not made and plaintiff cannot sue her employer for the wrongful termination of her employment, she will be prejudiced.

## 4. CONCLUSION

Plaintiff, Jayme Tipton, respectfully requests that this Court deny defendant's F.R.C.P. Rule 12(b)(6) motion to dismiss. Alternatively, plaintiff requests leave to amend any pleading deficiency in her operative Complaint.

Dated: May 31, 2019                SHEGERIAN & ASSOCIATES, INC.


By: _____
       Carney R. Shegerian, Esq.

       Attorneys for Plaintiff,
       JAYME TIPTON

**TIPTON v. ATS**                                    **USDC Case No. 2:18-cv-09503-AB-JEM**

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 225 Santa Monica Boulevard, Suite 700, Santa Monica, California 90401.

On May 31, 2019, I served the foregoing document, described as **"PLAINTIFF JAYME TIPTON'S OPPOSITION TO DEFENDANT'S F.R.C.P. RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES,"** on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

**Aaron R. Lubeley, Esq.**
**Simon L. Yang, Esq.**
**Meagan Sue O'Dell, Esq.**
**SEYFARTH SHAW LLP**
**601 South Figueroa Street, Suite 3300**
**Los Angeles, California 90017-5793**

☒      **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒      **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 31, 2019, at Santa Monica, California.

_____
Raul Aguilar