UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JAYME TIPTON, | Case No. 2:18-cv-9503 AB (JEMx) |
|---|---|
| Plaintiff, | *Assigned to Hon. Andre Birotte Jr.* |
| v. | **[PROPOSED] ORDER GRANTING AIRPORT TERMINAL SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT, OR PARTIAL SUMMARY JUDGMENT** |
| AIRPORT TERMINAL SERVICES, INC., and DOES 1 through 100, inclusive, | |
| Defendants. | [Filed concurrently with Separate Statement of Undisputed Material Facts, Declaration of Meagan O'Dell, Memorandum in Support of Motion, Notice of Motion, Request for Judicial Notice, [Proposed] Judgment, and Appendix of Evidence] |

Defendant Airport Terminal Services, Inc.'s ("ATS") Motion for Summary Judgment, or Partial Summary Judgment, pursuant to the Federal Rule of Civil Procedure 56 came on for hearing on February 7, 2020, at 10:00 a.m., in Courtroom 7B of the above-entitled court, located at 350 West First Street, Los Angeles, California 90012, the Honorable Andre Birotte, Jr. presiding.

ATS appeared and argued through its counsel, Seyfarth Shaw LLP. Jayme Tipton appeared and argued through her counsel. The Court having reviewed and considered the Motion, the memorandum of points and authorities in support thereof, any and all oppositions and replies thereto, the pleadings, the arguments of counsel, and finding good cause, finds as follows:

1. ATS is entitled to judgment on Plaintiff's claim for wrongful termination because Plaintiff's separation was not substantially motivated by a violation of public policy.

2. ATS is entitled to judgment on Plaintiff's claim for retaliation because Plaintiff did not suffer an adverse employment action.

3. ATS is entitled to judgment on Plaintiff's claim for retaliation because there is no causal link between the protected activity and alleged adverse employment action.

4. ATS is entitled to judgment on Plaintiff's claim for disability discrimination because she was not a qualified individual.

5. ATS is entitled to judgment on Plaintiff's claim for disability discrimination because Plaintiff was not terminated.

6. ATS is entitled to judgment on Plaintiff's claim for disability discrimination because there is no evidence of pretext.

7. ATS is entitled to judgment on Plaintiff's claim for failure to accommodate because Plaintiff's doctor did not clear her to perform light duty.

8. ATS is entitled to judgment on Plaintiff's claim for failure to accommodate because ATS did accommodate her until its business needs prevented it from doing so further.

9. ATS is entitled to judgment on Plaintiff's claim for failure to engage in the interactive process because ATS did engage Plaintiff in the interactive process.

10. ATS is entitled to judgment on Plaintiff's claim for failure to engage in the interactive process because Plaintiff cannot identify an available, reasonable accommodation.

11. ATS is entitled to judgment on Plaintiff's claim for failure to engage in the interactive process because any further engagement would have been futile.

12. ATS is entitled to judgment on Plaintiff's claim for punitive damages because there is no evidence of malice, oppression, or fraud.

13. ATS is entitled to judgment on Plaintiff's claim for punitive damages because there is no evidence that any accused individual is a managing agent of ATS.

**IT IS SO ORDERED**.

DATED: _____, 2020

Hon. Andre Birotte, Jr.
U.S. District Court Judge