SEYFARTH SHAW LLP
Aaron R. Lubeley (SBN 199837)
alubeley@seyfarth.com
Simon L. Yang (SBN 260286)
syang@seyfarth.com
Meagan Sue O'Dell (SBN 280086)
modell@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   (213) 270-9600
Facsimile:    (213) 270-9601

Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYME TIPTON,<br><br>        Plaintiff,<br><br>    v.<br><br>AIRPORT TERMINAL SERVICES, INC., and DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No. 2:18-cv-09503-AB-JEM<br><br>***Assigned to Hon. André Birotte***<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT BY DEFENDANT AIRPORT TERMINAL SERVICES, INC.**<br><br>[Filed concurrently with Notice of Motion, Memorandum of Points and Authorities, Declaration of Meagan O'Dell, Appendix of Evidence, Request for Judicial Notice, [Proposed] Judgment, and [Proposed] Order]<br><br>Date:          February 7, 2020<br>Time:          10:00 a.m.<br>Courtroom:     7B<br><br>Complaint Filed:     October 4, 2018 |

–

1    Defendant Airport Terminal Services, Inc. hereby submits its Statement of

2    Uncontroverted Facts and Conclusions of Law in Support of Defendant's Motion for

3    Summary Judgment or, in the Alternative, Partial Summary Judgment, with references to

4    supporting evidence, pursuant to Central District L.R. 56-1.

5    ## STATEMENT OF UNCONTROVERTED FACTS

6    ## AND CONCLUSIONS OF LAW

7    ### ISSUE NO. 1:

8    ATS is entitled to judgment on Plaintiff's claim for wrongful termination because

9    Plaintiff's separation was not substantially motivated by a violation of public policy.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
| --- | --- |
| 1. ATS believed that Plaintiff resigned her employment, and it processed her separation as a voluntary resignation. | Deposition of Shonta Henderson as the Person Most Knowledgeable Regarding Termination ("Henderson PMK Dep.") at 40:7-9; Deposition of Shonta Henderson as an Individual ("Henderson Dep."), Ex. 9. |
| 2. ATS remains willing to rehire Plaintiff. | Henderson PMK Dep. at 65:18-66:1. |
| 3. Plaintiff never reapplied or even reached out to advise that she was cleared to return to work. | Deposition of Plaintiff Jayme Tipton, Volume 1 ("Plaintiff's Dep.") at 130:21-131:3. |
| 4. Plaintiff did not qualify for job protected leave, and her claims related to leave were already dismissed with prejudice. | Henderson PMK Dep. at 38:24-39:15; *see also*, Court Order (Doc. 25), Request for Judicial Notice Exhibit 2, at 16:24-17:8. |
| 5. Plaintiff began her employment at ATS in October 2016, as a Groomer. | Second Amended Complaint ("SAC") ¶ 5. |
| 6. Holding Plaintiff's position open would have rendered ATS unable to comply with its obligations to maintain a certain number of groomers, and a failure to do so | Henderson Dep. at 60:23-61:10; 61:19-62:6. |

| | |
|---|---|
| reduces ATS's ability to service its client. | |
| 7. ATS is bound by its obligation to its clients to maintain a certain number of employees, which does not afford ATS the flexibility to hold open positions for employees who are not working. | Henderson PMK Dep. at 61:22-62:14. |
| 8. Holding Plaintiff's position open would have rendered ATS unable to comply with its client obligations. | Henderson Dep. at 60:23-61:10; 61:19-62:6. |
| 9. Even Plaintiff acknowledges that it is difficult for ATS to meet customer needs if their employees are not coming to work. | Plaintiff's Dep. at 203:1-3. |
| 10. Plaintiff admits that she believed her employment ended with ATS because ATS needed to replace her. | Deposition of Plaintiff Jayme Tipton, Volume 2 ("Plaintiff's Dep., Vol. 2") at 327:12-20. |
| 11. Plaintiff also admits that she does not know how many employees were at ATS and the availability of the crew members during her leave. | Plaintiff's Dep. at 51:21-24. |
| 12. Plaintiff interviewed with, and was hired by, Shonta Henderson ("Henderson"). | Plaintiff's Dep. at 145:6-17; Henderson PMK Dep. at 14:6-7. |
| 13. In addition to protected leaves under the Family and Medical Leave Act ("FMLA") and California Family Rights Act ("CFRA"), ATS's Handbook specifically provides for personal leaves which "would be approved based upon the employee's situation and the needs of ATS." | Deposition of Jeff Luetkenhaus ("Luetkenhaus Dep.") at 28:3-14; Plaintiff's Dep. Ex. 14 at bates ATS 63-66. |

2

| | |
|---|---|
| 14. ATS's policy and practice was also to "make an effort to reinstate an employee when possible and practical." | Luetkenhaus Dep. at 36:9-19; *See also,* Plaintiff's Dep. Ex. 14 at bates ATS 65. |
| 15. Henderson informed Plaintiff that she did not qualify for job protected leave. | Henderson PMK Dep. at 38:24-39:15. |
| 16. Henderson advised Plaintiff that she could voluntarily resign and reapply once able to return to work. | Henderson PMK Dep. at 38:24-39:19; 65:7-13. |
| 17. Henderson informed Plaintiff that she needed to fill her spot. | Plaintiff's Dep., Vol. 2, at 235:24-236:3. |
| 18. While Plaintiff states that she did not want to resign, she acknowledges that she told Henderson "okay." | Plaintiff's Dep., Vol. 2, at 237:6-24. |
| 19. Henderson understood Plaintiff's "okay" statement to mean that she was voluntarily resigning her position. | Henderson PMK Dep. at 40:7-12. |
| 20. Henderson never informed Plaintiff during this conversation that she was terminated. | Plaintiff's Dep. at 120:6-9. |
| 21. Henderson processed Plaintiff's separation as a voluntary resignation, as she was under the assumption that Plaintiff was resigning and that ATS would bring her back when she could return to the workforce. | Henderson PMK Dep. at 64:13-24. |
| 22. ATS's file indicates that Plaintiff is eligible for rehire. | Henderson Dep. at 70:13-16, Ex. 9. |

3

| | |
|---|---|
| 23. Plaintiff never reapplied to ATS or informed ATS that she had been cleared to return to work. | Plaintiff's Dep. at 49:24-50:1; 128:8-12; 130:21-131:3; Henderson PMK Dep. at 65:14-17. |
| 24. Per ATS's policies and Plaintiff's separation paperwork, Plaintiff was qualified for rehire. | Luetkenhaus Dep. at 40:2-12; Henderson Dep. Ex. 9. |
| 25. Plaintiff remains eligible for rehire today. | Henderson PMK Dep. at 65:18-66:1. |

## ISSUE NO. 2:

ATS is entitled to judgment on Plaintiff's claim for retaliation because Plaintiff did not suffer an adverse employment action.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 26. Plaintiff alleges that she received her final warning after her injury. | SAC ¶ 6. |
| 27. On or about April 8, 2017, Plaintiff received a final warning for insubordination, related to her early departure from work and insubordination toward her lead. | Plaintiff's Dep. Ex. 5. |
| 28. One day later, on April 9, 2017, Plaintiff suffered an injury to her shoulder while bending over to pick up a piece of trash on the airplane. | Plaintiff's Dep. at 62:21-63:1; 68:16-24; 70:3-5; 77:10-14. |
| 29. Plaintiff received her final warning before she was injured. | Plaintiff's Dep. at 21:3-18. |
| 30. Plaintiff also did not file her workers' compensation claim until after her telephone communication with Henderson, and after she had received the May 9, 2017 correspondence from ATS requesting the return of her security | Plaintiff's Dep. at 61:5-10. |

4

| | |
|---|---|
| badge. | |
| 31. Prior to May 9, 2017, Plaintiff did not discuss with anyone at ATS about a workers' compensation claim or a workers' compensation injury. | Plaintiff's Dep. at 61:20-23. |
| 32. Plaintiff's security badge is federal property, and regulations require ATS to turn in the badges of its employees who are on leaves of absence. | Plaintiff's Dep. at 182:17-24; Henderson PMK Dep. at 41:1-9. |
| 33. Henderson understood that Plaintiff voluntarily resigned her employment at ATS. | Henderson PMK Dep. at 64:13-24. |
| 34. Plaintiff never reached out to ATS to inform it that she did not intend to resign, nor did she ever reapply or advise ATS that she could return to work. | Plaintiff's Dep. at 49:24-50:1; 128:8-12; 130:21-131:3; Henderson PMK Dep. at 65:14-17. |
| 35. Henderson advised Plaintiff that she could voluntarily resign and reapply once able to return to work. | Henderson PMK Dep. at 38:24-39:19; 65:7-13. |
| 36. While Plaintiff states that she did not want to resign, she acknowledges that she told Henderson "okay." | Plaintiff's Dep., Vol. 2, at 237:6-24. |
| 37. Henderson understood Plaintiff's "okay" statement to mean that she was voluntarily resigning her position. | Henderson PMK Dep. at 40:7-12. |
| 38. Henderson never informed Plaintiff during their conversation that she was terminated. | Plaintiff's Dep. at 120:6-9. |

| | |
|---|---|
| 39. On May 9, 2017, Henderson sent correspondence to Plaintiff advising that Plaintiff needed to return her LAX security badge. | Henderson Dep. at 53:19-24, Ex. 8. |
| 40. Henderson's correspondence to Plaintiff requesting return of her LAX security badge is a standard form that ATS sends out, as any employee who is on extended leave is required to turn in their security badge because it is a security breach. | Henderson PMK Dep. at 41:1-9. |
| 41. Henderson processed Plaintiff's separation as a voluntary resignation, as she was under the assumption that Plaintiff was resigning and that ATS would bring her back when she could return to the workforce. | Henderson PMK Dep. at 64:13-24. |
| 42. ATS's file indicates that Plaintiff is eligible for rehire. | Henderson Dep. at 70:13-16, Ex. 9. |
| 43. Plaintiff never reapplied to ATS or informed ATS that she had been cleared to return to work. | Plaintiff's Dep. at 49:24-50:1; 128:8-12; 130:21-131:3; Henderson PMK Dep. at 65:14-17. |
| 44. Per ATS's policies and Plaintiff's separation paperwork, Plaintiff was qualified for rehire. | Luetkenhaus Dep. at 40:2-12; Henderson Dep. Ex. 9. |
| 45. Plaintiff remains eligible for rehire today. | Henderson PMK Dep. at 65:18-66:1. |

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ISSUE NO. 3:**

ATS is entitled to judgment on Plaintiff's claim for retaliation because there is no causal link between the protected activity and alleged adverse employment action.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 46. Plaintiff's claim for retaliation cannot be based on her request for medical leave because her leave based claims were dismissed with prejudice. | Court Order (Doc. 25), Request for Judicial Notice Exhibit 2, at 16:24-17:8. |
| 47. Plaintiff's retaliation claim is based upon an alleged complaint of discrimination and harassment. | *See* SAC, Seventh Cause of Action. |
| 48. Plaintiff admits that she did not raise a complaint of discrimination and harassment to ATS. The only complaint that she raised was that her crew lead, Melissa, did not fairly distribute work because Plaintiff believed that all grooming duties should be rotated among groomers. | Plaintiff's Dep. at 197:17-24. |
| 49. Plaintiff was placed off work in April 2017. | Plaintiff's Dep., Ex. 9. |
| 50. Henderson informed Plaintiff that she did not qualify for job protected leave. | Henderson PMK Dep. at 38:24-39:15. |
| 51. Due to ATS's mandated groomer quota, ATS could not provide an extended personal leave after that time, and Henderson advised Plaintiff of this fact. | Plaintiff's Dep., Vol. 2, at 235:24-236:3; Henderson PMK Dep. at 63:1-5. |

7

| | |
|---|---|
| 52. Henderson advised Plaintiff that she could voluntarily resign and reapply once able to return to work. | Henderson PMK Dep. at 38:24-39:19; 65:7-13. |
| 53. Henderson informed Plaintiff that she needed to fill her spot. | Plaintiff's Dep., Vol. 2, at 235:24-236:3. |
| 54. Henderson understood that Plaintiff voluntarily resigned her employment, and that Plaintiff would reapply when she was able to return to work. | Henderson PMK Dep. at 64:13-24. |
| 55. ATS's file indicates that Plaintiff is eligible for rehire. | Henderson Dep. at 70:13-16, Ex. 9. |
| 56. Plaintiff never reapplied to ATS or informed ATS that she had been cleared to return to work. | Plaintiff's Dep. at 49:24-50:1; 128:8-12; 130:21-131:3; Henderson PMK Dep. at 65:14-17. |
| 57. Per ATS's policies and Plaintiff's separation paperwork, Plaintiff was qualified for rehire. | Luetkenhaus Dep. at 40:2-12; Henderson Dep. Ex. 9. |
| 58. Plaintiff remains eligible for rehire today. | Henderson PMK Dep. at 65:18-66:1. |

### ISSUE NO. 4:

ATS is entitled to judgment on Plaintiff's claim for disability discrimination because she was not a qualified individual.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 59. Plaintiff was not diagnosed with a tear in her rotator cuff. | Plaintiff's Dep. at 179:1-4. |
| 60. Plaintiff's doctor placed her off work and advised her not to drive. | Plaintiff's Dep., Exs. 9, 12, 13; Plaintiff's Dep., Vol. 2 at 362:8-17. |

8

| | |
|---|---|
| 61. Plaintiff's duties included vacuuming, picking up trash, collecting blankets, pillows, earphones, or reading material left in the airplane cabin, and sanitizing the passenger cabin and restrooms. | SAC ¶ 5. |
| 62. Plaintiff's doctor placed her off work from April 11, 2017 to April 19, 2017. | Plaintiff's Dep. Ex. 9. A. |
| 63. Plaintiff's doctor advised her that she was unable to perform her job until her shoulder healed. | Plaintiff's Dep. at 41:6-9. |
| 64. Plaintiff never spoke to her doctor about whether she could perform light duty. | Plaintiff's Dep. at 82:16-19; 84:13-16. |
| 65. Plaintiff's doctor extended her time off work until May 1, 2019. | Plaintiff's Dep. at 88:1-6; 89:11-21 Ex. 12. |
| 66. Plaintiff did not discuss with her doctor whether she could perform light duty because it "Just wasn't on my mind at that time." | Plaintiff's Dep. at 88:7-16. |
| 67. Plaintiff saw her doctor again, and her doctor extended her time off of work until May 15, 2019. | Plaintiff's Dep. at 98:10-19; 102:9-13, Ex. 13. |
| 68. Plaintiff was unable to return to work before receiving an MRI. | Plaintiff's Dep. at 100:5-13. |
| 69. Plaintiff's doctor did not recommend that she could perform light duty, and the notes she received (and provided to ATS) did not say anything about light duty. | Plaintiff's Dep. at 79:2-7, 80:18-23; Exs. 9, 12, 13. |

| | |
|---|---|
| 70. The doctor's notes that Plaintiff provided to ATS simply placed Plaintiff off work. | Plaintiff's Dep. at 79:2-7, 80:18-23; Exs. 9, 12, 13. |
| 71. Plaintiff was unable to perform her job at ATS due to her injury. | Plaintiff's Dep. at 39:2-5. |
| 72. Plaintiff admits that she was unable to perform the essential functions of her job until June 2018, over a year after both her alleged injury and the end of her employment with ATS. | Plaintiff's Dep. at 42:15-23; 45:11-15; 46:18-21. |
| 73. Her injury prevented her from being able to perform her job because ATS "[has] a heavy vacuum that we have to use to vacuum the aircrafts, carrying bags of blankets up on the aircrafts and that will be kind of difficult." | Plaintiff's Dep. at 39:22-40:4. |
| 74. Plaintiff also acknowledges that she was unable to drive, and that her doctor did not clear her to work in any capacity. | Plaintiff's Dep., Vol. 2, at 239:18-20, 362:8-17; Plaintiff's Dep. at 41:6-9. |
| 75. On May 8, 2017, Plaintiff did not know when she could return to work, but she knew she would be unable to return to work on May 15, 2017. | Plaintiff's Dep. at 102:20-24; 103:21-104:3; Henderson PMK Dep. at 38:24-39:10; 61:6-10; Henderson Dep. at 60:1-9. |
| 76. Plaintiff explained to Henderson that she was under a doctor's care and "didn't know what was going to happen." | Plaintiff's Dep. at 104:11-22. |
| 77. Holding Plaintiff's position open would have rendered ATS unable to comply with its obligations to maintain a certain number of groomers, and a failure to do so | Henderson Dep. at 60:23-61:10; 61:19-62:6. |

10

| | |
|---|---|
| reduces ATS's ability to service its client. | |
| 78. Holding Plaintiff's position open would have rendered ATS unable to comply with its client obligations. | Henderson Dep. at 60:23-61:10; 61:19-62:6. |
| 79. ATS is bound by its obligation to its clients to maintain a certain number of employees, which does not afford ATS the flexibility to hold open positions for employees who are not working. | Henderson PMK Dep. at 61:22-62:14. |
| 80. Even Plaintiff acknowledges that it is difficult for ATS to meet customer needs if their employees are not coming to work. | Plaintiff's Dep. at 203:1-3. |

### ISSUE NO. 5:

ATS is entitled to judgment on Plaintiff's claim for disability discrimination because Plaintiff was not terminated, and ATS had a legitimate, nondiscriminatory reason for Plaintiff's separation.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 81. Henderson advised Plaintiff that she could voluntarily resign and reapply once able to return to work. | Henderson PMK Dep. at 38:24-39:19; 65:7-13. |
| 82. While Plaintiff states that she did not want to resign, she acknowledges that she told Henderson "okay." | Plaintiff's Dep., Vol. 2, at 237:6-24. |
| 83. Henderson understood Plaintiff's "okay" statement to mean that she was voluntarily resigning her position. | Henderson PMK Dep. at 40:7-12. |

11

| | |
|---|---|
| 84. Henderson never informed Plaintiff during this conversation that she was terminated. | Plaintiff's Dep. at 120:6-9. |
| 85. Henderson processed Plaintiff's separation as a voluntary resignation, as she was under the assumption that Plaintiff was resigning and that ATS would bring her back when she could return to the workforce. | Henderson PMK Dep. at 64:13-24. |
| 86. ATS's file indicates that Plaintiff is eligible for rehire. | Henderson Dep. at 70:13-16, Ex. 9. |
| 87. Plaintiff remains eligible for rehire today. | Henderson PMK Dep. at 65:18-66:1. |
| 88. Plaintiff never reapplied to ATS. | Plaintiff's Dep. at 49:24-50:1; 128:8-12; 130:21-131:3; Henderson PMK Dep. at 65:14-17. |
| 89. ATS simply needed to fill Plaintiff's position so that it could meet its client's needs. | Henderson PMK Dep. at 63:1-5. |
| 90. Henderson both hired and (allegedly) fired Plaintiff. | Plaintiff's Dep. at 145:11-17, 198:15-17. |
| 91. Holding Plaintiff's position open would have rendered ATS unable to comply with its obligations to maintain a certain number of groomers, and a failure to do so reduces ATS's ability to service its client. | Henderson Dep. at 60:23-61:10; 61:19-62:6. |
| 92. ATS is bound by its obligation to its clients to maintain a certain number of employees, which does not afford ATS the flexibility to hold open positions for employees who are not | Henderson PMK Dep. at 61:22-62:14. |

12

| | |
|---|---|
| working. | |
| 93. Holding Plaintiff's position open would have rendered ATS unable to comply with its client obligations. | Henderson Dep. at 60:23-61:10; 61:19-62:6. |
| 94. Even Plaintiff acknowledges that it is difficult for ATS to meet customer needs if their employees are not coming to work. | Plaintiff's Dep. at 203:1-3. |
| 95.Plaintiff admits that she believed her employment ended with ATS because ATS needed to replace her. | Plaintiff's Dep., Vol. 2 at 327:12-20. |

## ISSUE NO. 6:

ATS is entitled to judgment on Plaintiff's claim for disability discrimination because there is no evidence of pretext.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 96. Plaintiff is unaware of any other individual being terminated for taking a medical leave. | Plaintiff's Dep., Vol. 2, at 3101:21-25. |
| 97. Plaintiff admits that she believed her employment ended with ATS because ATS needed to replace her. | Plaintiff's Dep., Vol. 2, at 327:12-20. |
| 98. Plaintiff admits that she lacks any knowledge about how many employees were at ATS and the availability of the crew members during her leave. | Plaintiff's Dep. at 51:21-24. |
| 99. Holding Plaintiff's position open would have rendered ATS unable to comply with its obligation to maintain a certain number of groomers, and a failure to do so reduces ATS's ability to service its | Henderson Dep. at 60:23-61:10; 61:19-62:6. |

13

| | |
|---|---|
| client. | |
| 100.   Even Plaintiff acknowledges that it is difficult for ATS to meet customer needs if their employees are not coming to work. | Plaintiff's Dep. at 203:1-3. |
| 101.   Plaintiff never applied for a position with ATS after she was cleared to return to work, nor did she ever notify ATS that she could return to work. | Plaintiff's Dep., Vol. 2, at 249:25-250:18; Henderson PMK Dep. at 65:7-17; Plaintiff's Dep. at 130:21-131:3. |
| 102.   Should Plaintiff have reapplied, ATS would have hired her. | Henderson PMK Dep. at 65:18-21. |
| 103.   Henderson informed Plaintiff that she needed to fill her spot. | Plaintiff's Dep., Vol. 2, at 235:24-236:3. |
| 104.   Henderson processed Plaintiff's separation as a voluntary resignation, as she was under the assumption that Plaintiff was resigning and that ATS would bring her back when she could return to the workforce. | Henderson PMK Dep. at 64:13-24. |
| 105.   ATS's file indicates that Plaintiff is eligible for rehire. | Henderson Dep. at 70:13-16, Ex. 9. |

### ISSUE NO. 7:

ATS is entitled to judgment on Plaintiff's claim for failure to accommodate because Plaintiff's doctor did not clear her to perform light duty.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 106.  On April 9, 2017, Plaintiff suffered an injury to her shoulder while bending over to pick up a piece of trash on the airplane. | Plaintiff's Dep. at 62:21-63:1; 68:16-24; 70:3-5; 77:10-14. |

14

| 107.   Plaintiff's doctor placed her off work from April 11, 2017 to April 19, 2017. | Plaintiff's Dep. Ex. 9. |
|---|---|
| 108.   Plaintiff's doctor advised her that she was unable to perform her job until her shoulder healed. | Plaintiff's Dep. at 41:6-9. |
| 109.   Plaintiff never spoke to her doctor about whether she could perform light duty. | Plaintiff's Dep. at 82:16-19; 84:13-16. |
| 110.   Plaintiff's doctor extended her time off work until May 1, 2019. | Plaintiff's Dep. at 88:1-6; 89:11-21 Ex. 12. |
| 111.   Plaintiff did not discuss with her doctor whether she could perform light duty because it "Just wasn't on my mind at that time." | Plaintiff's Dep. at 88:7-16. |
| 112.   Plaintiff saw her doctor again, and her doctor extended her time off of work until May 15, 2019. | Plaintiff's Dep. at 98:10-19; 102:9-13, Ex. 13. |
| 113.   Plaintiff was placed off work by her doctor and the note she provided precluded her from performing any type of work, including light duty. | Plaintiff's Dep., Vol. 2, at 231:23-25; 233:20-234:7; 235:5-13. |
| 114.   Plaintiff was not qualified for any job protected leave. | Henderson PMK Dep. at 60:19-22; Court Order (Doc. 25) at pp. 16-17. |
| 115.   As of the time of Henderson's conversation with Plaintiff in May 2017, Plaintiff could not provide a date certain on which she could return to work. | Henderson Dep. at 60:1-5; Plaintiff's Dep. at 102:14-103:19. |
| 116.   Prior to June 2018, no doctor ever allowed Plaintiff to perform modified duty, and she was not | Plaintiff's Dep., Vol. 2, at 239:3-7; 239:18-23. |

15

| | |
|---|---|
| permitted to drive, making it difficult to get to work. | |
| 117.  None of the three doctor's notes that Plaintiff provided to ATS stated that she was capable of doing any type of light or modified duty. | Plaintiff's Dep., Exs. 9, 12, 13. |
| 118.  Plaintiff never even asked her doctor whether she could be cleared to perform light duty, and never provided a doctor's note to ATS that allowed her to perform modified duty. | Plaintiff's Dep. at 82:16-19; 84:13-16; Plaintiff's Dep. Vol. 2,  at 238:22-25. |

## ISSUE NO. 8:

ATS is entitled to judgment on Plaintiff's claim for failure to accommodate because ATS did accommodate her until its business needs prevented it from doing so further.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 119.  Plaintiff did not qualify for protected leave under FMLA or CFRA, nor did she have one month of personal time off available. | Henderson PMK Dep. at 60:19-22, 47:1-4, Ex. 2. |
| 120.   Plaintiff was not qualified for any job protected leave. | Henderson PMK Dep. at 60:19-22; Court Order (Doc. 25) at pp. 16-17. |
| 121.  ATS was unable to continue Plaintiff's unprotected, personal leave, as it needed to fill her position to meet its client's needs. | Henderson PMK Dep. at 60:23-61:10; 61:19-62:6. |
| 122.  ATS advised Plaintiff of its inability to grant a further personal leave, but let her know that she was eligible for rehire. | Henderson Dep. at 46:4-10; Plaintiff's Dep., Vol. 2, at 235:24-236:3. |

16

| | |
|---|---|
| 123.  Plaintiff was not aware that ATS was actively looking to hire people in May 2017. | Plaintiff's Dep. at 201:15-17. |
| 124.  Plaintiff was also unaware of ATS's obligations to its clients, whether it was hiring in May 2017, the number of groomers on the schedule, and the availability of the employees. | Plaintiff's Dep. at 51:21-24, 201:3-17. |
| 125.  As of May 8, 2017, Plaintiff did not know when she could return to work, but she knew she would be unable to return to work on May 15, 2017. | Plaintiff's Dep. at 102:20-24; 103:21-104:3; Henderson PMK Dep. at 38:24-39:10; 61:6-10; Henderson Dep. at 60:1-9. |
| 126.  Plaintiff explained to Henderson that she was under a doctor's care and "didn't know what was going to happen." | Plaintiff's Dep. at 104:11-22. |
| 127.  ATS is bound by its obligation to its clients to maintain a certain number of employees, which does not afford ATS the flexibility to hold open positions for employees who are not working. | Henderson PMK Dep. at 61:22-62:14. |
| 128.  Holding Plaintiff's position open would have rendered ATS unable to comply with its obligations. | Henderson Dep. at 60:23-61:10; 61:19-62:6. |

17

### ISSUE NO. 9:

ATS is entitled to judgment on Plaintiff's claim for failure to engage in the interactive process because ATS did engage Plaintiff in the interactive process.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 129.  Plaintiff brought her doctor's note to her crew chief, Ora Beasley at ATS. | Plaintiff's Dep. at 77:16-78:3. |
| 130.  Beasley called Damien Neri, Plaintiff's supervisor. | Henderson PMK Dep. at 25:10-13; 29:10-12; Deposition of Damien Neri ("Neri Dep.") at 18:8-9, 55:5-6. |
| 131.  Plaintiff asked Beasley about being approved to work light-duty, but she was informed that Neri said there was no light duty available. | Plaintiff's Dep. at 78:21-23; 81:10-15. |
| 132.  Plaintiff's fiancé, Deon Brown provided Plaintiff's doctor's note to Edgar Trujillo, a Manager at ATS. | Plaintiff's Dep. at 89:22-90:1; Deposition of Deon Brown ("Brown Dep.") at 33:23-24; Henderson PMK Dep. at 15:23-24. |
| 133.  Brown brought Plaintiff's latest doctor's note to Neri at ATS. | Brown Dep. 35:14-36:1, 36:11-17. |
| 134.  On May 5, 2017, Moses Guillen, a Manager at ATS, called Plaintiff to inquire about her status and anticipated return to work date. | Deposition of Moses Guillen ("Guillen Dep.") at 41:6-9; 82:24-83:4; Plaintiff's Dep. at 109:25-110:5. |
| 135.  Plaintiff advised Guillen that her doctor had placed her off work. | Plaintiff's Dep. at 111:19-112:11. |
| 136.  On May 8, 2017, Henderson, a Human Resources Generalist at ATS, called Plaintiff to check on her status. | Henderson PMK Dep. at 38:24-39:10; Henderson Dep. at 9:16-18; 60:1-5. |

| | |
|---|---|
| 137.  At the time of the May 8, 2017 call, Plaintiff explained to Henderson that she was under a doctor's care and "didn't know what was going to happen." | Plaintiff's Dep. at 104:11-22. |
| 138.  Henderson informed Plaintiff that she did not qualify for job protected leave. | Henderson PMK Dep. at 38:24-39:15. |
| 139.  Henderson advised Plaintiff that she could voluntarily resign and reapply once able to return to work. | Henderson PMK Dep. at 38:24-39:19; 65:7-13. |

## ISSUE NO. 10:

ATS is entitled to judgment on Plaintiff's claim for failure to engage in the interactive process because Plaintiff cannot identify an available, reasonable accommodation.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 140.  Plaintiff lacks any knowledge about how many employees were at ATS and the availability of the crew members during her leave. | Plaintiff's Dep. at 51:21-24. |
| 141.  Plaintiff acknowledges that it is difficult for ATS to meet customer needs if their employees are not coming to work. | Plaintiff's Dep. at 203:1-3. |
| 142.  Plaintiff believed her employment ended with ATS because ATS needed to replace her. | Plaintiff's Dep., Vol. 2, at 327:12-20. |
| 143.  ATS's client obligations require it to maintain a certain level of positions, which does not permit ATS to maintain a lot of open | Henderson PMK Dep. at 61:22-62:14. |

19

| | |
|---|---|
| positions. | |
| 144.  Holding Plaintiff's position open would have rendered ATS unable to comply with its obligations to maintain a certain number of groomers, and a failure to do so reduces ATS's ability to service its client. | Henderson Dep. at 60:23-61:10; 61:19-62:6. |
| 145.  During Plaintiff's telephone conference with Henderson, Plaintiff was unable to provide Henderson with a return to work date. | Henderson Dep. at 60:1-5; Plaintiff's Dep. at 102:14-103:19. |
| 146.  Plaintiff was awaiting insurance approval for tests, and was unable to return to work until the tests were complete and her shoulder healed. | Plaintiff's Dep. at 91:20-24, 100:5-13. |
| 147.  Plaintiff never even asked her doctor whether she could be cleared to perform light duty, and never provided a doctor's note to ATS that allowed her to perform modified duty | Plaintiff's Dep. at 82:16-19; 84:13-16; Plaintiff's Dep. Vol. 2,  at 238:22-25. |
| 148.  Plaintiff admits that she was unable to perform the essential functions of her job until June 2018, over a year after both her alleged injury and the end of her employment with ATS. | Plaintiff's Dep. at 42:15-23; 45:11-15; 46:18-21. |

1

## ISSUE NO. 11:

2        ATS is entitled to judgment on Plaintiff's claim for failure to engage in the

3  interactive process because any further engagement would have been futile.

4

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 149.  Plaintiff had a single conversation with Beasley about working light duty. | Plaintiff's Dep. at 78:21-23; 81:10-15; Plaintiff's Dep., Vol. 2, at 364:18-365:6. |
| 150.  Beasley informed Plaintiff that ATS could not allow her to work when she had a work restriction from her doctor. | Plaintiff's Dep., Vol. 2, 258:1-4. |
| 151.  Plaintiff did not speak with anyone else at ATS about light duty, nor did she speak to her doctor about her ability to perform light duty. | Plaintiff's Dep. at 166:19-23; Plaintiff's Dep., Vol. 2, at 254:1-7. |
| 152.  Plaintiff never spoke to HR about alternative jobs or duties she could perform. | Plaintiff's Dep. at 167:1-6. |
| 153.  Plaintiff's doctor never cleared her to perform light duty. | Plaintiff's Dep. at 79:2-7; Exs. 9, 12, 13. |
| 154.  As of May 8, 2017, despite having a doctor's note indicating an anticipated return to work date of May 15, 2017, Plaintiff advised Henderson that she did not know when she could return to work. | Henderson PMK Dep. at 61:6-10, 63:6-9; Plaintiff's Dep. at 102:14-103:19. |
| 155.  Plaintiff was not authorized to perform work in any capacity, with or without restrictions, and she never advised ATS that she could return to work. | Plaintiff's Dep. at 49:24-50:1, 79:2-7, 128:8-12, 130:21-131:3; Exs. 9, 12, 13; Henderson PMK Dep. at 65:14-17. |

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

21

**ISSUE NO. 12:**

ATS is entitled to judgment on Plaintiff's claim for punitive damages because there is no evidence of malice, oppression, or fraud.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 156. Plaintiff testified that both Neri and Trujillo liked her, and that she had no reason to believe they would want to harm her employment in any way. | Plaintiff's Dep. at 32:13-25. |
| 157. Neri and Trujillo were supportive of Plaintiff. | Plaintiff's Dep. at 33:4-6. |
| 158. Henderson also testified that she had no animosity or negative feelings toward Plaintiff. | Henderson PMK Dep. at 66:2-7. |
| 159. ATS believed that Plaintiff resigned her employment, and it processed her separation as a voluntary resignation. | Henderson PMK Dep. at 40:7-9; Henderson Dep., Ex. 9. |
| 160. ATS remains willing to rehire Plaintiff. | Henderson PMK Dep. at 65:18-66:1. |
| 161. ATS is bound by its obligation to its clients to maintain a certain number of employees, which does not afford ATS the flexibility to hold open positions for employees who are not working. | Henderson PMK Dep. at 61:22-62:14. |
| 162. Holding Plaintiff's position open would have rendered ATS unable to comply with its obligations. | Henderson Dep. at 60:23-61:10; 61:19-62:6. |
| 163. Henderson informed Plaintiff that she did not qualify for job protected leave. | Henderson PMK Dep. at 38:24-39:15. |

| | |
|---|---|
| 164. Henderson advised Plaintiff that she could voluntarily resign and reapply once able to return to work. | Henderson PMK Dep. at 38:24-39:19; 65:7-13. |
| 165. Plaintiff remains eligible for rehire today. | Henderson PMK Dep. at 65:18-66:1. |

## ISSUE NO. 13

ATS is entitled to judgment on Plaintiff's claim for punitive damages because there is no evidence that any accused individual is a managing agent of ATS.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 166. Henderson is not a managing agent of ATS. | Henderson PMK Dep. at 46:5-10. |
| 167. Neri is not a managing agent of ATS. | Neri Dep. at 24:23-25:1. |
| 168. Guillen is not a managing agent of ATS. | Guillen Dep. at 34:14-15. |

DATED: January 3, 2020

Respectfully submitted,

SEYFARTH SHAW LLP


By: _/s/ Meagan Sue O'Dell_

Aaron R. Lubeley
Simon L. Yang
Meagan Sue O'Dell
Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.

23