1  SEYFARTH SHAW LLP
   Aaron R. Lubeley (SBN 199837)
2  alubeley@seyfarth.com
   Simon L. Yang (SBN 260286)
3  syang@seyfarth.com
   Meagan Sue O'Dell (SBN 280086)
4  modell@seyfarth.com
   601 South Figueroa Street, Suite 3300
5  Los Angeles, California 90017-5793
   Telephone:  (213) 270-9600
6  Facsimile:   (213) 270-9601

7  Attorneys for Defendant
   AIRPORT TERMINAL SERVICES, INC.

8

9

10           **UNITED STATES DISTRICT COURT**

11          **CENTRAL DISTRICT OF CALIFORNIA**

12

13  JAYME TIPTON,                          Case No. 2:18-cv-09503-AB-JEM

14           Plaintiff,                    **The Honorable André Birotte**

15      v.                                 **DEFENDANT AIRPORT
                                           TERMINAL SERVICES, INC.'S
16  AIRPORT TERMINAL SERVICES, INC.,       REPLY TO PLAINTIFF'S
    and DOES 1 to 100, inclusive,          SEPARATE STATEMENT OF
17                                         DISPUTED MATERIAL FACTS IN
             Defendant.                    OPPOSITION TO DEFENDANT'S
18                                         MOTION FOR SUMMARY
                                           JUDGMENT OR, IN THE
19                                         ALTERNATIVE, PARTIAL
                                           SUMMARY JUDGMENT
20
                                           [Filed concurrently with Defendant's
21                                         Reply, Defendant's Objections to
                                           Plaintiff's Evidence, Supplemental
22                                         Appendix of Evidence, Declaration of
                                           Daniel Schlosser, and Supplemental
23                                         Declaration of Meagan O'Dell]

24                                         Date:        February 7, 2020
                                           Time:        10:00 a.m.
25                                         Ctrm.:       7B

26                                         Trial Date:    May 19, 2020
                                           Action Filed:  October 4, 2018
27

28

Defendant AIRPORT TERMINAL SERVICES, INC. respectfully submits its Reply to Plaintiff's Separate Statement of Disputed Material Facts in Opposition to Defendant's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment. The vast majority of Plaintiff's allegedly disputed facts are unsupported by the evidence cited. It appears that Plaintiff disputed numerous facts in bad faith and without any basis for doing so; thus, wasting this Court's and Defendant's time and resources.

## DEFENDANTS' ALLEGED UNDISPUTED MATERIAL FACTS

## ISSUE NO. 1

ATS is entitled to judgment on Plaintiff's claim for wrongful termination because Plaintiff's separation was not substantially motivated by a violation of public policy.

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 1. ATS believed that Plaintiff resigned her employment, and it processed her separation as a voluntary resignation.<br><br>**Evidence:**<br><br>Deposition of Shonta Henderson as the Person Most Knowledgeable Regarding Termination ("Henderson PMK Dep.") at 40:7-9; Deposition of Shonta Henderson as an Individual ("Henderson Dep."), Ex. 9. | Disputed. Tipton made clear that she would not resign from her position when she told Shonte Henderson ("Henderson") that she was still under doctor's supervision, that she wanted her job, that she could not force her to quit, Tipton began to cry when Henderson informed her she was going to terminate her because she would not quit. Tipton did not know her termination was listed as "voluntary" and would not have had access to that information.<br><br>**Evidence:**<br><br>Deposition of Jeff Leautkenhause ("Leautkenhause Dep.,") 58: at 7-23; Deposition of Deon Brown ("Brown Dep.") at 47: 15-48:2; Deposition of Jayme Tipton ("Tipton Dep.") at 49: 20-23; 324:13-326:20. Declaration of Jayme | **Undisputed.** Plaintiff's stated response and supporting evidence does not dispute the fact as stated by ATS. Henderson believed Plaintiff resigned her employment. None of the testimony cited by Plaintiff refutes Henderson's belief.<br><br>**Evidence:** Deposition of Shonta Henderson as the Person Most Knowledgeable Regarding Termination ("Henderson PMK Dep.") at 40:7-9; Deposition of Shonta Henderson as an Individual ("Henderson Dep."), Ex. 9. |

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | Tipton ("Tipton Dec.") ¶ 17; Deposition of Shonta Henderson ("Henderson Depo") at 54:15-55:10. | |
| 2.    ATS remains willing to rehire Plaintiff.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 65:18-66:1. | Disputed. Defendant never communicated to Tipton that she was eligible to be rehired. Tipton believed that she had been terminated, and therefore was not eligible for rehire.<br><br>**Evidence:**<br><br>Tipton Dep., 49:16-19; Tipton Dep., at 53:14- 54:3. Tipton Dep., at 54:15-19. | **Undisputed.**  Again, the evidence cited by Plaintiff does not refute the fact as stated by Defendant. Plaintiff's contention that she did not know she was eligible for rehire does not refute the fact that ATS is willing to rehire Plaintiff, and that ATS actually offered Plaintiff reinstatement through her counsel.<br><br>**Evidence:** Henderson PMK Dep. at 65:18-66:1; O'Dell Dec. ¶ 19. |
| 3.    Plaintiff never reapplied or even reached out to advise that she was cleared to return to work.<br><br>**Evidence:**<br><br>Deposition of Plaintiff Jayme Tipton, Volume 1 ("Plaintiff's Dep.") at 130:21-131:3. | Disputed. Henderson informed Tipton that she needed to resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement. Tipton believed that because she had been terminated, that she was precluded from reapplying.<br><br>**Evidence:** | **Undisputed.**  Plaintiff again cites to evidence that does not dispute the fact as stated by Defendant. Plaintiff never reapplied or even reached out to advise that she was cleared to return to work.<br><br>Moreover, Plaintiff cannot now try to create a disputed fact through her self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). |

3

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | **Evidence:** Deposition of Plaintiff Jayme Tipton, Volume 1 ("Plaintiff's Dep.") at 130:21-131:3. |
| 4.    Plaintiff did not qualify for job protected leave, and her claims related to leave were already dismissed with prejudice.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 38:24-39:15; *see also*, Court Order (Doc. 25), Request for Judicial Notice Exhibit 2, at 16:24-17:8. | Disputed. Tipton qualified for Medical Non-FMLA leave pursuant to Defendant's employee manual. Defendant provides Medical Non FMLA leave to its employees whether the employees injury occurs on duty or off duty.<br><br>**Evidence:**<br><br>Leautkenhause Dep., at 28:11-23. | **Undisputed.** Plaintiff's cited evidence does not dispute Defendant's stated fact, and does not even support the full response Plaintiff provided. The testimony cited by Plaintiff merely indicates that medical non-FMLA leave can be provided for employees injured on or off the job. The cited testimony does not state that Plaintiff qualified for the leave, nor does it dispute that Plaintiff did not qualify for job protected leave or that her leave claims were dismissed with prejudice. |
| 5.    Plaintiff began her employment at ATS in October 2016, as a Groomer.<br><br>**Evidence:**<br><br>Second Amended Complaint ("SAC") ¶ 5. | Undisputed. | **Undisputed.** |
| 6.    Holding Plaintiff's position open would have rendered ATS unable to comply with its obligations to maintain a certain number of groomers, and a failure to do so reduces ATS's ability to service its client.<br><br>**Evidence:**<br><br>Henderson Dep. at 60:23-61:10; 61:19-62:6. | Disputed. Although Henderson advised Tipton that she needed to fill her spot, this was untrue because there was no undue burden or business need to do so. First, Tipton's position remained open for two months after her termination, and second, Defendant did not have a contract with Jet Blue airlines requiring the hiring of groomers. | **Undisputed.**  The evidence offered by Plaintiff is objectionable on numerous grounds, as outlined in detail in Defendant's concurrently submitted Objections to Plaintiff's Evidence. Plaintiff has not presented admissible evidence to dispute this fact. ATS's need to adequately staff its operations and the direct impact of that staffing on its ability to service its client remains undisputed. |

4

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | **Evidence:**<br><br>Schlosser Dec., ¶ 7, Celestine Dec., ¶ 8. | That LAX security and hiring regulations require detailed background and security screenings that delay the start date for ATS employees does not dispute this fact. Moreover, the declaration of an individual who does not have hiring authority, or involvement in the hiring process, and who does not possess the required personal knowledge to opine on the date Plaintiff's position was filled, cannot create a disputed fact. Further, ATS's stated fact does not contend that ATS had a contract with JetBlue "requiring the hiring of groomers." The referenced obligation required that ATS maintain a certain number of groomers to fulfill ATS's obligations to JetBlue. Not only does Plaintiff's cited evidence fail to dispute this fact, but Schlosser's Declaration is objectionable on numerous grounds, including because Plaintiff's counsel's misrepresentations led to an inaccurate and incomplete declaration, as outlined in Defendant's Objections. Schlosser's Supplemental Declaration clarifies that such a contract does exist, and that it requires certain service requirements.<br><br>**Evidence:** Henderson Dep. at 77:2-78:15; Defendant's Objections to Plaintiff's Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment; Declaration of |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | Daniel Schlosser submitted concurrently herewith. |
| 7.    ATS is bound by its obligation to its clients to maintain a certain number of employees, which does not afford ATS the flexibility to hold open positions for employees who are not working.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 61:22-62:14. | Disputed. There was no contract between Defendant and Jet Blue required the termination of Tipton.<br><br>**Evidence:**<br><br>Schlosser Dec., ¶ 7. | **Undisputed.** Plaintiff again focuses on a new alleged "fact" that does nothing to dispute Defendant's stated fact. Defendant does not contend that a contract specifically "required the termination of Tipton." Defendant's undisputed and stated fact is that ATS is bound by its obligation to its clients to maintain a certain number of employees, which does not afford the flexibility to hold open positions for employees who are not working. The evidence cited by Plaintiff does not dispute this. Schlosser's Supplemental Declaration clarifies that such a contract does exist, and that it requires certain service requirements.<br><br>**Evidence:** Declaration of Daniel Schlosser submitted concurrently herewith. |
| 8.    Holding Plaintiff's position open would have rendered ATS unable to comply with its client obligations.<br><br>**Evidence:**<br><br>Henderson Dep. at 60:23-61:10; 61:19-62:6. | Disputed. Although Henderson advised Tipton that she needed to fill her spot, this was untrue because there was no undue burden or business need to do so. First, Tipton's position remained open for two months after her termination, and second, Defendant did not have a contract with Jet Blue airlines requiring the hiring of groomers.<br><br>**Evidence:** | **Undisputed.** The evidence offered by Plaintiff is objectionable on numerous grounds, as outlined in detail in Defendant's concurrently submitted Objections to Plaintiff's Evidence. Plaintiff has not presented admissible evidence to dispute this fact. ATS's need to adequately staff its operations and the direct impact of that staffing on its ability to service its client remains undisputed. That LAX security and hiring regulations require |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | Schlosser Dec., ¶ 7, Celestine Dec., ¶ 8. | detailed background and security screenings that delay the start date for ATS employees does not dispute this fact.<br><br>Moreover, the declaration of an individual who does not have hiring authority, or involvement in the hiring process, and who does not possess the required personal knowledge to opine on the date Plaintiff's position was filled, cannot create a disputed fact. Further, ATS's stated fact does not contend that ATS had a contract with JetBlue "requiring the hiring of groomers." The referenced obligation required that ATS maintain a certain number of groomers to fulfill ATS's obligations to JetBlue. Not only does Plaintiff's cited evidence fail to dispute this fact, but Schlosser's Declaration is objectionable on numerous grounds, including because Plaintiff's counsel's misrepresentations led to an inaccurate and incomplete declaration, as outlined in Defendant's Objections. Schlosser's Supplemental Declaration clarifies that such a contract does exist, and that it requires certain service requirements.<br><br>**Evidence:** Henderson Dep. at 77:2-78:15; Defendant's Objections to Plaintiff's Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment; Declaration of |

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | Daniel Schlosser submitted concurrently herewith. |
| 9.    Even Plaintiff acknowledges that it is difficult for ATS to meet customer needs if their employees are not coming to work.  **Evidence:**  Plaintiff's Dep. at 203:1-3. | Disputed. There was no need to replace Tipton because Defendant had enough employees in the groomer position to perform the required duties. Defendant always had an extra person there just in case someone did not come in to work.  **Evidence:**  Tipton Dep., at 51: 8-20; Tipton Dep., at 200:13-201:2. | **Undisputed.** Plaintiff's stated response and evidence does not refute Defendant's fact as stated. Plaintiff specifically acknowledged that it is difficult for ATS to meet customer needs if their employees are not coming to work. Nothing Plaintiff submits disputes this fact.  Moreover, Plaintiff's cited evidence conveniently ignores the fact that Plaintiff also acknowledged that she lacks any knowledge of how many employees were at ATS and their availability during the time she was out. Plaintiff lacks the personal knowledge to opine on whether there was a need to replace her, and her statement is an inadmissible legal conclusion.  **Evidence:**  Plaintiff's Dep. at 51:21-24. |
| 10.    Plaintiff admits that she believed her employment ended with ATS because ATS needed to replace her.  **Evidence:**  Deposition of Plaintiff Jayme Tipton, Volume 2 ("Plaintiff's Dep., Vol. 2") at 327:12-20. | Disputed. Defendants terminated Tipton because of her disability and because she attempted to take medical Non-FMLA leave as provided by Defendant's company policy and its employee handbook. There was no need to replace Tipton because Defendant had enough employees in the groomer position. Defendant always had an | **Undisputed.** Plaintiff cannot create a disputed fact with her own deposition testimony or declaration. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | extra person there just in case someone did not come in to work.<br><br>**Evidence:**<br><br>Tipton Dep., at 199:12-15; Tipton Dep., at 51: 8-20; Tipton Dep., at 200:13-201:2; Tipton Dec., ¶ 18. | contradicting his prior deposition testimony). Plaintiff testified:<br><br>"Q: And what was the reason for which that you believe you were terminated?<br><br>Witness: Why did I believe I was being terminated?<br><br>Mr. Gbewonyo: Or that was communicated to you by Shonta.<br><br>Witness: Because they need to replace me. They need to put someone in my spot."<br><br>Moreover, Plaintiff's cited evidence conveniently ignores the fact that Plaintiff also acknowledged that she lacks any knowledge of how many employees were at ATS and their availability during the time she was out. Plaintiff lacks the personal knowledge to opine on whether there was a need to replace her, and her statement is an inadmissible legal conclusion.<br><br>**Evidence:** Plaintiff's Dep. at 51:21-24. |
| 11.  Plaintiff also admits that she does not know how many employees were at ATS and the availability of the crew members during her leave.<br><br>**Evidence:** | Disputed. Defendant had approximately 9 employees in Tipton's group. However, on a number of occasions, Tipton's group was forced to work with as few as 4 to 5 employees and were expected to complete the same amount of work, irrespective of the number of employees on | **Undisputed.** Plaintiff's response does not dispute Defendant's fact as stated. Plaintiff testified:<br><br>"Q: And while you were out, did you know how many employees were there and what the availability of |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| Plaintiff's Dep. at 51:21-24. | staff. Tipton's position was not filled for over two months after her termination.<br><br>**Evidence:**<br><br>Declaration of Melissa Celestine ("Celestine Dec.," ¶ 7-8. | crew members were at that time?<br><br>A: No."<br><br>Plaintiff's acknowledgement that she has no knowledge has nothing to do with Celestine's alleged knowledge of staffing. Moreover, Celestine's Declaration fails to lay a proper foundation, or establish that she has any personal knowledge related to these statements. She does not have hiring authority, or involvement in the hiring process, and does not possess the required personal knowledge to opine on the date Plaintiff's position was filled. Thus, her declaration cannot create a disputed fact. That LAX security and hiring regulations require detailed background and security screenings that delay the start date for ATS employees also does not dispute this fact.<br><br>**Evidence:** Henderson Dep. at 77:2-78:15; Defendant's Objections to Plaintiff's Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment. |
| 12.   Plaintiff interviewed with, and was hired by, Shonta Henderson ("Henderson").<br><br>**Evidence:** | Undisputed. | **Undisputed.** |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| Plaintiff's Dep. at 145:6-17; Henderson PMK Dep. at 14:6-7. | | |
| 13.   In addition to protected leaves under the Family and Medical Leave Act ("FMLA") and California Family Rights Act ("CFRA"), ATS's Handbook specifically provides for personal leaves which "would be approved based upon the employee's situation and the needs of ATS."<br><br>**Evidence:**<br><br>Deposition of Jeff Luetkenhaus ("Luetkenhaus Dep.") at 28:3-14; Plaintiff's Dep. Ex. 14 at bates ATS 63-66. | Disputed in part. Defendant provides medical Non-FMLA to its employees for an unlimited amount of time. This leave is provided irrespective of whether the employee is injured on duty or off duty.<br><br>**Evidence:**<br><br>Leautkenhause Dep., at 28:11-23.  (Deposition of Jeff Leukenhaus as the Person Most Knowledgeable in Re Policies "PMK in re Policies Dep.,") at 37:20-24. | **Undisputed in full.** Defendant's stated fact is supported by Luetkenhaus's cited deposition testimony, as well as the plain language of ATS's policies found in Exhibit 14. Plaintiff's alleged "fact" does not dispute this. Moreover, the evidence Plaintiff relies upon does not support her contention that medical non-FMLA leave is provided for an unlimited amount of time. The evidence relied on by Plaintiff states:<br><br>"Q: So as it relates to an employee seeking an extension, are you aware of there being any limitations on an employee's ability to seek extensions to non -- to a medical non-FMLA leave?<br><br>A: No."<br><br>The testimony Plaintiff relies upon merely states that there is no limitation on an employee's ability to seek an extension of leave. It does not support the conclusion that an unlimited amount of leave time is provided. |
| 14.   ATS's policy and practice was also to "make an effort to reinstate an employee when possible and practical." | Undisputed. | **Undisputed.** |

11

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| **Evidence:** Luetkenhaus Dep. at 36:9-19; *See also,* Plaintiff's Dep. Ex. 14 at bates ATS 65. | | |
| 15.    Henderson informed Plaintiff that she did not qualify for job protected leave.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 38:24-39:15. | Disputed. Henderson informed Tipton that she had to replace her. Henderson advised Tipton that she either had to return to work, resign, or be terminated. Henderson continued to repeat that if Tipton would not resign, she would be terminated.<br><br>**Evidence:**<br><br>Tipton Dep., at 199:12-15; Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶¶17 and 18. | **Undisputed.** Defendant's stated fact is not disputed by the response and evidence submitted by Plaintiff. Plaintiff testified:<br><br>"Q: Did Shonta tell you when she first reached out to you that you had no protected time and they couldn't accommodate personal leaves for you?<br><br>A: I do not recall."<br><br>Plaintiff's lack of recollection does not refute Henderson's specific recollection of informing Plaintiff that she did not qualify for job protected leave.<br><br>Moreover, Plaintiff cannot create a disputed fact through her contradictory deposition testimony or subsequent declaration. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep. at 199:12-15. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
| --- | --- | --- |
| 16.  Henderson advised Plaintiff that she could voluntarily resign and reapply once able to return to work.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 38:24-39:19; 65:7-13. | Disputed in part. Henderson informed Tipton that she needed to return to work without limitation or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-7; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | **Undisputed.** Plaintiff's response and cited evidence does not dispute Defendant's stated fact. Plaintiff acknowledged that she had no reason to believe that Henderson would lie about informing her of her ability to reapply. Plaintiff further testified:<br><br>"Q: Is it possible that she mentioned that in the call that, you know, you can resign but you can always reapply? We just need to fill your position?<br><br>A: I do not recall her saying that …"<br><br>Plaintiff's lack of recollection does not create a disputed fact.<br><br>Moreover, Plaintiff cannot create a disputed fact through her contradictory deposition testimony or subsequent declaration. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep. at 53:3-23. |
| 17.  Henderson informed Plaintiff that she needed to fill her spot. | Disputed.  Henderson did not need to fill Tipton's position because Defendant had approximately 9 employees in Tipton's | **Undisputed.** Plaintiff's response and cited evidence does not dispute |

13

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| **Evidence:**<br><br>Plaintiff's Dep., Vol. 2, at 235:24-236:3. | group. However, on a number of occasions, Tipton's group was forced to work with as few as 4 to 5 employees and were expected to complete the same amount of work, irrespective of the number of employees on staff. Tipton's position was not filled for over two months after her termination. Defendant did not have a contract with Jet Blue.<br><br>**Evidence:**<br><br>Declaration of Melissa Celestine ("Celestine Dec.,") ¶ 7-8; Schlosser Dec., ¶ 7. | Defendant's stated fact. Plaintiff testified:<br><br>"Q: And when you had your discussion with Shonta that you had testified to previously and she mentioned the need to resign, did she tell you why she needed you to resign?<br><br>A: Because she needs to fill my spot."<br><br>Plaintiff cannot now try to dispute her prior sworn deposition testimony to create a disputed fact. Moreover, Plaintiff's response does not address the specific fact at issue.<br><br>The evidence offered by Plaintiff is objectionable on numerous grounds, as outlined in detail in Defendant's concurrently submitted Objections to Plaintiff's Evidence. Celestine's Declaration fails to lay a proper foundation, or establish that she has any personal knowledge related to these statements. She does not have hiring authority, or involvement in the hiring process, and does not possess the required personal knowledge to opine on the date Plaintiff's position was filled. Thus, her declaration cannot create a disputed fact. That LAX security and hiring regulations require detailed background and security screenings that delay the start date for ATS |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | employees also does not dispute this fact.<br><br>Schlosser's Declaration is objectionable on numerous grounds, including because Plaintiff's counsel's misrepresentations led to an inaccurate and incomplete declaration, as outlined in Defendant's Objections. Schlosser's Supplemental Declaration clarifies that such a contract does exist, and that it requires certain service requirements.<br><br>**Evidence:** Henderson Dep. at 77:2-78:15; Defendant's Objections to Plaintiff's Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment; Plaintiff's Dep., Vol. 2, at 235:24-236:3; Declaration of Daniel Schlosser submitted concurrently herewith. |
| 18.   While Plaintiff states that she did not want to resign, she acknowledges that she told Henderson "okay."<br><br>**Evidence:**<br><br>Plaintiff's Dep., Vol. 2, at 237:6-24. | Disputed. Henderson informed Tipton that she needed to return to work without restrictions or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. | **Undisputed.** Plaintiff's response and cited evidence do not create a disputed fact. Plaintiff testified:<br><br>"Q: Okay. So did you ever tell her just in response to her setting out what might happen, the need to possibly resign or you could be fired and then you simply responded "okay"?<br><br>A: I was not saying okay or agreeing to her me resigning. I was not saying okay to that. I was having a conversation with her and most likely I said "okay" but it wasn't towards I'm going to resign. I told her in |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | Henderson kept repeating this statement.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-7; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | definite I do not want to resign."<br><br>Plaintiff acknowledges precisely what Defendant's fact states - she contends she did not want to resign, but acknowledges saying "okay."<br><br>Moreover, Plaintiff cannot create a disputed fact through her contradictory deposition testimony or subsequent declaration. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep., Vol. 2, at 237:6-24; Defendant's Objections to Plaintiff's Evidence. |
| 19.   Henderson understood Plaintiff's "okay" statement to mean that she was voluntarily resigning her position.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 40:7-12. | Disputed. Henderson believed that Tipton had resigned as of April 17, 2017. Henderson informed Tipton that she needed to resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that | **Undisputed.** Plaintiff's response and cited evidence supports Defendant's stated fact. Nothing Plaintiff references disputes that Henderson understood Plaintiff's "okay" to mean she was voluntarily resigning her position. Plaintiff's attempts to contend that Henderson somehow believed Plaintiff had resigned as of April 17, 2017; however, this is a misrepresentation of Henderson's testimony. Henderson testified: |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | Henderson was going to terminate her employment. Henderson kept repeating this statement.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-7; Tipton Dep., at 324:13-325:11; Tipton Dec., ¶17. Henderson Dep., at 74:3-7. | "Q: And is it your understanding that, as of April 17, 2017, the plaintiff had resigned?<br><br>A: Well, I would say, yes. But it usually is always retro backed to the last day -- well, the first day they were scheduled and didn't report to work, if that makes sense."<br><br>Henderson's statement was in response to questions relating to the date noted in Plaintiff's separation paperwork. Henderson was clear that this paperwork notes as the date of separation the first day the individual was scheduled, but did not report, which was April 17, 2017, for Plaintiff. This evidence does not dispute Defendant's fact.<br><br>Moreover, Plaintiff cannot create a disputed fact through her contradictory deposition testimony or subsequent declaration. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Henderson Dep. at 74:3-7; Defendant's Objections to Plaintiff's Evidence. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 20. Henderson never informed Plaintiff during this conversation that she was terminated.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 120:6-9. | Disputed. Henderson informed Tipton that she needed to return to work without restrictions or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-7; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | **Undisputed.** Plaintiff testified:<br><br>"Q: Okay. But she didn't tell you in that conversation that you were terminated?<br><br>A: No. She just said that I will be terminated."<br><br>Plaintiff's testimony was clear that Henderson did not inform her that she was terminated during their conversation. Plaintiff cannot create a disputed fact through her contradictory deposition testimony or subsequent declaration. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). As such, there is no admissible evidence to dispute this stated fact.<br><br>**Evidence:** Plaintiff's Dep. at 120:6-9; Defendant's Objections to Plaintiff's Evidence. |
| 21. Henderson processed Plaintiff's separation as a voluntary resignation, as she was under the assumption that Plaintiff was resigning and that ATS would bring her back when she could | Disputed in part. Henderson informed Tipton that she needed to return to work without restrictions or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton | **Undisputed.** Plaintiff again cites to evidence that does not dispute the fact as stated by Defendant. ATS processed Plaintiff's separation as a voluntary resignation, and Henderson understood Plaintiff was resigning and that ATS would bring her back when she could return to the |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| return to the workforce.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 64:13-24. | began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement. Tipton believed that because she had been terminated, that she was precluded from reapplying. Defendant never communicated to Tipton that she was eligible to be rehired. Tipton believed that she had been terminated, and therefore was not eligible for rehire. Tipton did not know her termination was listed as "voluntary" and would not have had access to that information.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. Tipton Dep., 49:16-19; Tipton Dep., at 53:14- 54:3. Tipton Dep., at 54:15-19; Leutkenhaus Dep., at 58:6-23. | workforce. Plaintiff's response and cited evidence does not refute this. Plaintiff's response points to unrelated "facts" and attempts to create a disputed fact through Plaintiff's own deposition testimony and declaration. Plaintiff cannot now try to create a disputed fact through her self-serving Declaration (or contradictory sworn deposition testimony) by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence. |
| 22.    ATS's file indicates that Plaintiff is eligible for rehire.<br><br>**Evidence:**<br><br>Henderson Dep. at 70:13-16, Ex. 9. | Disputed. Defendant never communicated to Tipton that she was eligible to be rehired. Tipton believed that she had been terminated, and therefore was not eligible for rehire. Tipton did not know her termination was listed as "voluntary" and would not | **Undisputed.** Again, Plaintiff's response and cited evidence does not dispute Defendant's stated fact. ATS's file specifically indicates that Plaintiff is eligible for rehire. Plaintiff's contention that she did not know she was eligible for rehire does not dispute this. Plaintiff's response points to unrelated |

19

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | have had access to that information.<br><br>**Evidence:**<br><br>Tipton Dep., at 49:16-19; Tipton Dep., at 53:14- 54:3. Tipton Dep., at 54:15-19; Leutkenhaus Dep., at 58:6-23. | "facts" and attempts to create a disputed fact through Plaintiff's own deposition testimony and declaration. Plaintiff cannot now try to create a disputed fact through her self-serving Declaration (or contradictory sworn deposition testimony) by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). |
| 23.  Plaintiff never reapplied to ATS or informed ATS that she had been cleared to return to work.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 49:24-50:1; 128:8-12; 130:21-131:3; Henderson PMK Dep. at 65:14-17. | Disputed in part. Henderson informed Tipton that she needed to return to work without restrictions or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement. Tipton believed that because she had been terminated, that | **Undisputed.** Plaintiff again cites to evidence that does not dispute the fact as stated by Defendant. Plaintiff never reapplied or even reached out to advise that she was cleared to return to work. Plaintiff's response and evidence are irrelevant to this stated fact.<br><br>Moreover, Plaintiff cannot now try to create a disputed fact through her self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact |

20

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | she was precluded from reapplying.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep. at 324:13-325:11. Tipton Dec., ¶17. | by an affidavit contradicting his prior deposition testimony). |
| 24.    Per ATS's policies and Plaintiff's separation paperwork, Plaintiff was qualified for rehire.<br><br>**Evidence:**<br><br>Luetkenhaus Dep. at 40:2-12; Henderson Dep. Ex. 9. | Disputed in part. Henderson informed Tipton that she needed to return to work without restriction or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement. Tipton believed that because she had been terminated, that she was precluded from reapplying. Defendant never communicated to Tipton that she was eligible to be rehired. Tipton believed that she had been terminated, and therefore was not eligible for rehire. Tipton did not know her termination was listed as "voluntary" and would not have had access to that information.<br><br>**Evidence:** | **Undisputed.** Again, Plaintiff's response and cited evidence does not dispute Defendant's stated fact. ATS's file specifically indicates that Plaintiff is eligible for rehire. Plaintiff's contention that she did not know she was eligible for rehire does not dispute this. Plaintiff's response points to unrelated "facts" and attempts to create a disputed fact through Plaintiff's own deposition testimony and declaration. Plaintiff cannot now try to create a disputed fact through her self-serving Declaration (or contradictory sworn deposition testimony) by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence. |

21

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. Tipton Dep., 49:16-19; Tipton Dep., at 53:14- 54:3. Tipton Dep., at 54:15-19; Leutkenhaus Dep., at 58:6-23. | |
| 25.    Plaintiff remains eligible for rehire today.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 65:18-66:1. | Disputed. Defendant never communicated to Tipton that she was eligible to be rehired. Tipton believed that she had been terminated, and therefore was not eligible for rehire.<br><br>**Evidence:**<br><br>Tipton Dep., at 49:16-19; Tipton Dep., at 53:14- 54:3. Tipton Dep., at 54:15-19. | **Undisputed.** Again, Plaintiff's response and cited evidence does not dispute Defendant's stated fact. Plaintiff's contention that she did not know she was eligible for rehire does not dispute that Plaintiff remains eligible for rehire. Plaintiff's response points to unrelated "facts" and attempts to create a disputed fact through Plaintiff's own deposition testimony. Plaintiff cannot now try to create a disputed fact through her contradictory sworn deposition testimony by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

## ISSUE NO. 2

ATS is entitled to judgment on Plaintiff's claim for retaliation because Plaintiff did not suffer an adverse employment action.

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 26.   Plaintiff alleges that she received her final warning after her injury.<br><br>**Evidence:**<br><br>SAC ¶ 6. | Undisputed. However, Tipton's Written Warning Notice was issued on April 8, 2017, the day before Tipton's injury occurred.<br><br>**Evidence:**<br><br>Tipton Dep, at 67:4-13; Tipton Dep., at 162: 5-17. | **Undisputed.** Plaintiff's response does not refute the fact that this allegation is contained within her Second Amended Complaint. Plaintiff's deposition revealed numerous inaccuracies in the allegations contained within her Second Amended Complaint, as well as her verified discovery responses. Defendant does not dispute that Plaintiff's written warning was issued before Plaintiff's alleged injury. |
| 27.   On or about April 8, 2017, Plaintiff received a final warning for insubordination, related to her early departure from work and insubordination toward her lead.<br><br>**Evidence:**<br><br>Plaintiff's Dep. Ex. 5. | Disputed in part. Tipton was written up because she raised concerns to her supervisor regarding the fariness of her rotation in her position.<br><br>**Evidence:**<br><br>Tipton Dep., at 161: 11-20. | **Undisputed.**  Plaintiff testified:<br><br>"Q: Was there an issue with you leaving early without authorization? Was that what the issue was?<br><br>A: It -- it was an issue, but it was twisted."<br><br>In discussing the final warning that she received, Plaintiff acknowledged that there was an issue with her leaving early, but contended that it was because her crew chief did not like her.<br><br>Plaintiff cannot now try to create a disputed fact through her contradictory sworn deposition testimony by trying to dispute her prior, sworn deposition testimony. *Radobenko v.* |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | *Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep. at 24:14-25:5; Defendant's Objections to Plaintiff's Evidence. |
| 28. One day later, on April 9, 2017, Plaintiff suffered an injury to her shoulder while bending over to pick up a piece of trash on the airplane.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 62:21-63:1; 68:16-24; 70:3-5; 77:10-14. | Undisputed. | **Undisputed.** |
| 29. Plaintiff received her final warning before she was injured.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 21:3-18. | Undisputed. Tipton's Written Warning Notice was issued on April 8, 2017, the day before Tipton's injury occurred.<br><br>**Evidence:**<br><br>Tipton Dep, at 67:4-13; Tipton Dep., at 162: 5-17. | **Undisputed.** |
| 30. Plaintiff also did not file her workers' compensation claim until after her telephone communication with Henderson, and after she had received the May 9, 2017 | Undisputed. | **Undisputed.** |

24

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| correspondence from ATS requesting the return of her security badge.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 61:5-10. | | |
| 31.  Prior to May 9, 2017, Plaintiff did not discuss with anyone at ATS about a workers' compensation claim or a workers' compensation injury.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 61:20-23. | Undisputed. | **Undisputed.** |
| 32.  Plaintiff's security badge is federal property, and regulations require ATS to turn in the badges of its employees who are on leaves of absence.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 182:17-24; Henderson PMK Dep. at 41:1-9. | Undisputed. | **Undisputed.** |
| 33.  Henderson understood that Plaintiff voluntarily resigned her employment at ATS.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 64:13-24. | Disputed in part. Henderson informed Tipton that she needed to return to work without restrictions or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not | **Undisputed.** Plaintiff's response and cited evidence supports Defendant's stated fact. Nothing Plaintiff references disputes that Henderson understood that Plaintiff voluntarily resigned her position.<br><br>Moreover, Plaintiff cannot create a disputed fact through her contradictory deposition testimony or |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | subsequent declaration. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence. |
| 34. Plaintiff never reached out to ATS to inform it that she did not intend to resign, nor did she ever reapply or advise ATS that she could return to work.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 49:24-50:1; 128:8-12; 130:21-131:3; Henderson PMK Dep. at 65:14-17. | Disputed in part. Henderson informed Tipton that she needed to return to work without restriction or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement. Tipton believed that because she had been terminated, that she was precluded from reapplying.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | **Undisputed.** Plaintiff's response and cited evidence supports Defendant's stated fact.<br><br>Plaintiff never reapplied or even reached out to advise that she was cleared to return to work.<br><br>Moreover, Plaintiff cannot now try to create a disputed fact through her self-serving Declaration by trying to dispute her prior, sworn deposition testimony (or through contradictory deposition testimony). *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep. at 130:21-131:3; |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | Defendant's Objections to Plaintiff's Evidence. |
| 35.    Henderson advised Plaintiff that she could voluntarily resign and reapply once able to return to work.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 38:24-39:19; 65:7-13. | Disputed in part. Henderson informed Tipton that she needed to return to work without restriction or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Tipton refused to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement. Tipton believed that because she had been terminated, that she was precluded from reapplying.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | **Undisputed.** Plaintiff's response and cited evidence does not dispute Defendant's stated fact. Plaintiff acknowledged that she had no reason to believe that Henderson would lie about informing her of her ability to reapply. Plaintiff further testified:<br><br>"Q: Is it possible that she mentioned that in the call that, you know, you can resign but you can always reapply? We just need to fill your position?<br><br>A: I do not recall her saying that …"<br><br>Plaintiff's lack of recollection does not create a disputed fact.<br><br>Moreover, Plaintiff cannot create a disputed fact through her contradictory deposition testimony or subsequent declaration. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep. at 53:3-23. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 36.  While Plaintiff states that she did not want to resign, she acknowledges that she told Henderson "okay."<br><br>**Evidence:**<br><br>Plaintiff's Dep., Vol. 2, at 237:6-24. | Disputed in part. Henderson informed Tipton that she needed to return to work without restriction or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement. Tipton believed that because she had been terminated, that she was precluded from reapplying.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | **Undisputed.** Plaintiff's response and cited evidence do not create a disputed fact. Plaintiff testified:<br><br>"Q: Okay. So did you ever tell her just in response to her setting out what might happen, the need to possibly resign or you could be fired and then you simply responded "okay"?<br><br>A: I was not saying okay or agreeing to her me resigning. I was not saying okay to that. I was having a conversation with her and most likely I said "okay" but it wasn't towards I'm going to resign. I told her in definite I do not want to resign."<br><br>Plaintiff acknowledges precisely what Defendant's fact states - she contends she did not want to resign, but acknowledges saying "okay."<br><br>Moreover, Plaintiff cannot create a disputed fact through her contradictory deposition testimony or subsequent declaration. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep., Vol. 2, at 237:6-24; |

28

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | Defendant's Objections to Plaintiff's Evidence. |
| 37.    Henderson understood Plaintiff's "okay" statement to mean that she was voluntarily resigning her position.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 40:7-12. | Disputed in part. Henderson informed Tipton that she needed to return to work without restriction or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | **Undisputed.** Plaintiff's response and cited evidence supports Defendant's stated fact. Nothing Plaintiff references disputes that Henderson understood Plaintiff's "okay" to mean she was voluntarily resigning her position. Plaintiff's attempts to contend that Henderson somehow believed Plaintiff had resigned as of April 17, 2017; however, this is a misrepresentation of Henderson's testimony. Henderson testified:<br><br>"Q: And is it your understanding that, as of April 17, 2017, the plaintiff had resigned?<br><br>A: Well, I would say, yes. But it usually is always retro backed to the last day -- well, the first day they were scheduled and didn't report to work, if that makes sense."<br><br>Henderson's statement was in response to questions relating to the date noted in Plaintiff's separation paperwork. Henderson was clear that this paperwork notes as the date of separation the first day the individual was scheduled, but did not report, which was April 17, 2017, for Plaintiff. This evidence does not dispute Defendant's fact.<br><br>Moreover, Plaintiff cannot create a disputed fact |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | through her contradictory deposition testimony or subsequent declaration. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Henderson Dep. at 74:3-7; Defendant's Objections to Plaintiff's Evidence. |
| 38.   Henderson never informed Plaintiff during their conversation that she was terminated.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 120:6-9. | Disputed in part. Henderson informed Tipton that she needed to return to work without restrictions or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | **Undisputed.** Plaintiff testified:<br><br>"Q: Okay. But she didn't tell you in that conversation that you were terminated?<br><br>A: No. She just said that I will be terminated."<br><br>Plaintiff's testimony was clear that Henderson did not inform her that she was terminated during their conversation. Plaintiff cannot create a disputed fact through her contradictory deposition testimony or subsequent declaration. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). As |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | such, there is no admissible evidence to dispute this stated fact.<br><br>**Evidence:** Plaintiff's Dep. at 120:6-9; Defendant's Objections to Plaintiff's Evidence. |
| 39.  On May 9, 2017, Henderson sent correspondence to Plaintiff advising that Plaintiff needed to return her LAX security badge.<br><br>**Evidence:**<br><br>Henderson Dep. at 53:19-24, Ex. 8. | Undisputed. | **Undisputed.** |
| 40.  Henderson's correspondence to Plaintiff requesting return of her LAX security badge is a standard form that ATS sends out, as any employee who is on extended leave is required to turn in their security badge because it is a security breach.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 41:1-9. | Undisputed. | **Undisputed.** |
| 41.  Henderson processed Plaintiff's separation as a voluntary resignation, as she was under the assumption that Plaintiff was resigning and that ATS would bring her back when she could | Disputed in part. Henderson informed Tipton that she needed to return to work without restriction or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated | **Undisputed.** Plaintiff again cites to evidence that does not dispute the fact as stated by Defendant. ATS processed Plaintiff's separation as a voluntary resignation, and Henderson understood Plaintiff was resigning and that ATS would bring her back when |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| return to the workforce.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 64:13-24. | returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement. Tipton believed that because she had been terminated, that she was precluded from reapplying. Defendant never communicated to Tipton that she was eligible to be rehired. Tipton believed that she had been terminated, and therefore was not eligible for rehire. Tipton did not know her termination was listed as "voluntary" and would not have had access to that information.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. Tipton Dep., 49:16-19; Tipton Dep., at 53:14- 54:3. Tipton Dep., at 54:15-19; Leutkenhaus Dep., at 58:6-23. | she could return to the workforce. Plaintiff's response and cited evidence does not refute this. Plaintiff's response points to unrelated "facts" and attempts to create a disputed fact through Plaintiff's own deposition testimony and declaration. Plaintiff cannot now try to create a disputed fact through her self-serving Declaration (or contradictory sworn deposition testimony) by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence. |
| 42.   ATS's file indicates that Plaintiff is eligible for rehire.<br><br>**Evidence:**<br><br>Henderson Dep. at 70:13-16, Ex. 9. | Disputed. Defendant never communicated to Tipton that she was eligible to be rehired. Tipton believed that she had been terminated, and therefore was not eligible for rehire. Tipton did not know her termination was listed as "voluntary" and would not | **Undisputed.** Again, Plaintiff's response and cited evidence does not dispute Defendant's stated fact. ATS's file specifically indicates that Plaintiff is eligible for rehire. Plaintiff's contention that she did not know she was eligible for rehire does not dispute this. Plaintiff's |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | have had access to that information.<br><br>**Evidence:**<br><br>Tipton Dep., at 49:16-19; Tipton Dep., at 53:14-54:3. Tipton Dep., at 54:15-19; Leutkenhaus Dep., at 58:6-23. | response points to unrelated "facts" and attempts to create a disputed fact through Plaintiff's own deposition testimony and declaration. Plaintiff cannot now try to create a disputed fact through her self-serving Declaration (or contradictory sworn deposition testimony) by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). |
| 43.  Plaintiff never reapplied to ATS or informed ATS that she had been cleared to return to work.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 49:24-50:1; 128:8-12; 130:21-131:3; Henderson PMK Dep. at 65:14-17. | Disputed in part. Henderson informed Tipton that she needed to return to work without restriction or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement. Tipton believed that because she had been terminated, that | **Undisputed.** Plaintiff again cites to evidence that does not dispute the fact as stated by Defendant. Plaintiff never reapplied or even reached out to advise that she was cleared to return to work. Plaintiff's response and evidence are irrelevant to this stated fact.<br><br>Moreover, Plaintiff cannot now try to create a disputed fact through her self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | she was precluded from reapplying.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | create his own issue of fact by an affidavit contradicting his prior deposition testimony). |
| 44.   Per ATS's policies and Plaintiff's separation paperwork, Plaintiff was qualified for rehire.<br><br>**Evidence:**<br><br>Luetkenhaus Dep. at 40:2-12; Henderson Dep. Ex. 9. | Disputed in part. Henderson informed Tipton that she needed toreturn to work without restrictions or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement. Tipton believed that because she had been terminated, that she was precluded from reapplying. Defendant never communicated to Tipton that she was eligible to be rehired. Tipton believed that she had been terminated, and therefore was not eligible for rehire. Tipton did not know her termination was listed as "voluntary" and would not have had access to that information. | **Undisputed.** Again, Plaintiff's response and cited evidence does not dispute Defendant's stated fact. ATS's file specifically indicates that Plaintiff is eligible for rehire. Plaintiff's contention that she did not know she was eligible for rehire does not dispute this. Plaintiff's response points to unrelated "facts" and attempts to create a disputed fact through Plaintiff's own deposition testimony and declaration. Plaintiff cannot now try to create a disputed fact through her self-serving Declaration (or contradictory sworn deposition testimony) by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | **Evidence:** Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. Tipton Dep., 49:16-19; Tipton Dep., at 53:14- 54:3. Tipton Dep., at 54:15-19; Leutkenhaus Dep., at 58:6-23. | |
| 45. Plaintiff remains eligible for rehire today.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 65:18-66:1. | Disputed. Defendant never communicated to Tipton that she was eligible to be rehired. Tipton believed that she had been terminated, and therefore was not eligible for rehire. Tipton did not know her termination was listed as "voluntary" and would not have had access to that information.<br><br>**Evidence:**<br><br>Tipton Dep., at 49:16-19; Tipton Dep., at 53:14- 54:3. Tipton Dep., at 54:15-19; Leutkenhaus Dep., at 58:6-23. | **Undisputed.** Again, Plaintiff's response and cited evidence does not dispute Defendant's stated fact. Plaintiff's contention that she did not know she was eligible for rehire does not dispute that Plaintiff remains eligible for rehire. Plaintiff's response points to unrelated "facts" and attempts to create a disputed fact through Plaintiff's own deposition testimony. Plaintiff cannot now try to create a disputed fact through her contradictory sworn deposition testimony by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

1

## ISSUE NO. 3

2

ATS is entitled to judgment on Plaintiff's claim for retaliation because there is no

3

causal link between the protected activity and alleged adverse employment action.

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 46. Plaintiff's claim for retaliation cannot be based on her request for medical leave because her leave based claims were dismissed with prejudice.<br><br>**Evidence:**<br><br>Court Order (Doc. 25), Request for Judicial Notice Exhibit 2, at 16:24-17:8. | Disputed. Tipton is not claiming that she was retaliated against on the basis of FMLA or CFRA. Defendant's has a policy that provides its employees with Medical Non-FMLA leave as stated in Defendant's employee handbook. Tipton attempted to take leave pursuant to this policy. Further, when Tipton complained to Henderson on May 9, 2017 that she could not be forced to resign because she was under doctor's care and was waiting until she went to the doctor on May 15, 2017, her anticipated release date to return to work, Henderson informed her that she had to return to work with no restrictions, resign that day, or be terminated. Tipton complained that this was not right as she began to cry, however, Henderson simply continued to repeat that if Tipton would not resign, she would be terminated.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶¶17 and 18. | **Undisputed.** Plaintiff's response and cited evidence does not dispute the limitation this Court previously placed on the claims and theories she could assert. Instead, Plaintiff agrees and acknowledges that her claims based on a violation of CFRA or FMLA were dismissed with prejudice.<br><br>This Court also noted that "[]Plaintiff's Second Amended Complaint is weak on this claim, especially given that most of Plaintiff's allegations concern "medical leave," which is no longer at issue in this case …"<br><br>This Court's unequivocal ruling cannot be disputed.<br><br>**Evidence:** Court Order (Doc. 25), Request for Judicial Notice Exhibit 2, at 16:24-17:8; Court Order (Doc. 45), Request for Judicial Notice Exhibit 6, at p. 11. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 47.  Plaintiff's retaliation claim is based upon an alleged complaint of discrimination and harassment.<br><br>**Evidence:**<br><br>*See* SAC, Seventh Cause of Action. | Disputed in part. Tipton's retaliation claim is based upon her complaints of Defendant's violation of the FEHA, resulting from discrimination on the basis of her actual, perceived, and/or history of disability, Defendant's refusal to provide her with reasonable accommodation and refusal to engage in the interactive process. Tipton was denied light duties and forced to take medical Non-FMLA leave pursuant to Defendant's policy that provides its employees with Medical Non-FMLA leave as stated in Defendant's employee handbook. Tipton's retaliation claim is further based upon her complaint to Henderson on May 9, 2017 that she could not be forced to resign because she was under doctor's care and was waiting until she went to the doctor on May 15, 2017, her anticipated release date to return to work. However, Henderson informed her that she had to return to work without restrictions, resign that day, or be terminated. Tipton complained that this was not right as she began to cry, however, Henderson simply continued to repeat that if Tipton would not resign, she would be terminated.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶¶17 | **Undisputed.**  Plaintiff cannot now attempt to dispute the contents of her Second Amended Complaint. If Plaintiff's Second Amended Complaint is inaccurate, she has an affirmative obligation to correct the pleading, and put Defendant on notice of what she is claiming. She has not done so, and her new theories in an attempt to save a failing claim should not be considered.<br><br>Even if they were, Plaintiff does not dispute that her claim is based upon an alleged complaint of discrimination and harassment. Thus, Defendant's fact is undisputed.<br><br>Moreover, Plaintiff cannot now try to create a disputed fact through her contradictory declaration or sworn deposition testimony by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). There is no evidence that Plaintiff submitted complaints of an alleged violation of FEHA, as Plaintiff acknowledges the only "complaint" she |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | and 18. *See* SAC, Seventh Cause of Action. | submitted related to an unfair work assignment rotation. Further, as is discussed throughout Defendant's Motion and Reply, Plaintiff was not "forced" to take a medical leave. ATS merely followed the instructions of Plaintiff's doctors who placed her entirely off work.<br><br>Plaintiff has not created a disputed fact.<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence; Plaintiff's Dep. at 197:17-24; Exs. 9 and 12-13. |
| 48.   Plaintiff admits that she did not raise a complaint of discrimination and harassment to ATS. The only complaint that she raised was that her crew lead, Melissa, did not fairly distribute work because Plaintiff believed that all grooming duties should be rotated among groomers.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 197:17-24. | Disputed. Tipton complained to Henderson that she could not be forced to resign from her position because she was still under the treatment of her medical provider for her disability. Tipton also believed that she was entitled to this time off pursuant to Defendant's company policy that provided for Medical Non-FMLA leave.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶¶17 and 18. | **Undisputed.** Plaintiff testified:<br><br>"Q: I mean was there any -- other than the complaint you told me that you discussed with Damian about issues with Melissa and not feeling like the work distribution was fair, was there any other complaints you made to anyone about any -- about anything that occurred when you were working at ATS?<br><br>A: Not that I recall."<br><br>Plaintiff failed to identify a complaint of discrimination or harassment in her cited evidence. Further, Plaintiff was clear in her deposition testimony that no other complaints were submitted. Moreover, Tipton previously testified that she was unaware of what |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | Defendant's policies provided; thus, it is impossible that she believed she was entitled to the time off pursuant to the policy.<br><br>Plaintiff cannot now try to create a disputed fact through her contradictory declaration or sworn deposition testimony by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep. at 127:20-25; Plaintiff's Dep. Vol. 2 at 250:24-251:5. |
| 49.    Plaintiff was placed off work in April 2017.<br><br>**Evidence:**<br><br>Plaintiff's Dep., Ex. 9. | Undisputed. | **Undisputed.** |
| 50.    Henderson informed Plaintiff that she did not qualify for job protected leave.<br><br>**Evidence:** | Disputed. Henderson informed Tipton that she had to replace her. Henderson advised Tipton that she either had to return to work without restrictions, resign, or be terminated. Henderson continued to repeat that if | **Undisputed.** Defendant's stated fact is not disputed by the response and evidence submitted by Plaintiff. Plaintiff testified:<br><br>"Q: Did Shonta tell you when she first reached out to you that you had no |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| | Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|---|
| | Henderson PMK Dep. at 38:24-39:15. | Tipton would not resign, she would be terminated.<br><br>**Evidence:**<br><br>Tipton Dep., at 199:12-15; Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶¶17 and 18. | protected time and they couldn't accommodate personal leaves for you?<br><br>A: I do not recall."<br><br>Plaintiff's lack of recollection does not refute Henderson's specific recollection of informing Plaintiff that she did not qualify for job protected leave.<br><br>Moreover, Plaintiff cannot create a disputed fact through her contradictory deposition testimony or subsequent declaration. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep. at 199:12-15. |
| 51. | Due to ATS's mandated groomer quota, ATS could not provide an extended personal leave after that time, and Henderson advised Plaintiff of this fact.<br><br>**Evidence:**<br><br>Plaintiff's Dep., Vol. 2, at 235:24-236:3; Henderson PMK Dep. at 63:1-5. | Disputed. Defendant did not have a mandatory grooming quota to satisfy pursuant to any contract with Jet Blue.<br><br>**Evidence:**<br><br>Schlosser Dec., ¶ 7. | **Undisputed.** Plaintiff does not dispute that Henderson advised her that an extended personal leave could not be granted. Further, Plaintiff fails to submit admissible evidence to create a disputed fact. The evidence offered by Plaintiff is objectionable on numerous grounds, as outlined in detail in Defendant's concurrently submitted Objections to Plaintiff's Evidence. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | Schlosser's Declaration is objectionable on numerous grounds, including because Plaintiff's counsel's misrepresentations led to an inaccurate and incomplete declaration, as outlined in Defendant's Objections. Schlosser's Supplemental Declaration clarifies that such a contract does exist, and that it requires certain service requirements.<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence; Plaintiff's Dep., Vol. 2, at 235:24-236:3; Declaration of Daniel Schlosser submitted concurrently herewith. |
| 52.    Henderson advised Plaintiff that she could voluntarily resign and reapply once able to return to work.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 38:24-39:19; 65:7-13. | Disputed. Henderson informed Tipton that she needed to return to work without restriction or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement. Tipton believed that because she had been terminated, that she was precluded from reapplying. Defendant never communicated to Tipton that she was eligible to be rehired. Tipton | **Undisputed.** Plaintiff's response and cited evidence does not dispute Defendant's stated fact. Plaintiff acknowledged that she had no reason to believe that Henderson would lie about informing her of her ability to reapply. Plaintiff further testified:<br><br>"Q: Is it possible that she mentioned that in the call that, you know, you can resign but you can always reapply? We just need to fill your position?<br><br>A: I do not recall her saying that …"<br><br>Plaintiff's lack of recollection does not create a disputed fact.<br><br>Moreover, Plaintiff cannot create a disputed fact through her contradictory |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | believed that she had been terminated, and therefore was not eligible for rehire. Tipton did not know her termination was listed as "voluntary" and would not have had access to that information.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. Tipton Dep., 49:16-19; Tipton Dep., 53:14- 54:3. Tipton Dep., 54:15-19; Leutkenhaus Dep., at 58:6-23. | deposition testimony or subsequent declaration. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep. at 53:3-23. |
| 53.   Henderson informed Plaintiff that she needed to fill her spot.<br><br>**Evidence:**<br><br>Plaintiff's Dep., Vol. 2, at 235:24-236:3. | Disputed. Although Henderson advised Tipton that she needed to fill her spot, this was untrue because there was no undue burden or business need to do so. First, Tipton's position remained open for two months after her termination, and second, Defendant did not have a contract with Jet Blue airlines requiring the hiring of groomers.<br><br>**Evidence:**<br><br>Schlosser Dec., ¶ 7, Celestine Dec., ¶ 8. | **Undisputed.** Plaintiff's response and cited evidence does not dispute Defendant's stated fact. Plaintiff testified:<br><br>"Q: And when you had your discussion with Shonta that you had testified to previously and she mentioned the need to resign, did she tell you why she needed you to resign?<br><br>A: Because she needs to fill my spot."<br><br>Plaintiff cannot now try to dispute her prior sworn deposition testimony to create a disputed fact. Moreover, Plaintiff's response does not address the specific fact at issue.<br><br>The evidence offered by Plaintiff is objectionable on numerous grounds, as outlined in detail in Defendant's concurrently |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | submitted Objections to Plaintiff's Evidence. Celestine's Declaration fails to lay a proper foundation, or establish that she has any personal knowledge related to these statements. She does not have hiring authority, or involvement in the hiring process, and does not possess the required personal knowledge to opine on the date Plaintiff's position was filled. Thus, her declaration cannot create a disputed fact. That LAX security and hiring regulations require detailed background and security screenings that delay the start date for ATS employees also does not dispute this fact.<br><br>Schlosser's Declaration is objectionable on numerous grounds, including because Plaintiff's counsel's misrepresentations led to an inaccurate and incomplete declaration, as outlined in Defendant's Objections. Schlosser's Supplemental Declaration clarifies that such a contract does exist, and that it requires certain service requirements.<br><br>**Evidence:** Henderson Dep. at 77:2-78:15; Defendant's Objections to Plaintiff's Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment; Plaintiff's Dep., Vol. 2, at 235:24-236:3; Declaration of Daniel Schlosser submitted concurrently herewith. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 54.  Henderson understood that Plaintiff voluntarily resigned her employment, and that Plaintiff would reapply when she was able to return to work.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 64:13-24. | Disputed. Henderson informed Tipton that she needed to return to work without restrictions or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement. Tipton believed that because she had been terminated, that she was precluded from reapplying.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | **Undisputed.** Plaintiff's response and cited evidence supports Defendant's stated fact. Nothing Plaintiff references disputes that Henderson understood that Plaintiff voluntarily resigned her position. ATS processed Plaintiff's separation as a voluntary resignation, and Henderson understood Plaintiff was resigning and that ATS would bring her back when she could return to the workforce. Plaintiff's response and cited evidence does not refute this. Plaintiff's response points to unrelated "facts" and attempts to create a disputed fact through Plaintiff's own deposition testimony and declaration.<br><br>Moreover, Plaintiff cannot create a disputed fact through her contradictory deposition testimony or subsequent declaration. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Henderson Dep. at 74:3-7; Defendant's Objections to Plaintiff's Evidence. |
| 55.  ATS's file indicates that Plaintiff is eligible for rehire. | Disputed. Defendant never communicated to Tipton that she was eligible to be rehired. Tipton believed | **Undisputed.** Again, Plaintiff's response and cited evidence does not dispute Defendant's stated |

44

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| **Evidence:**<br><br>Henderson Dep. at 70:13-16, Ex. 9. | that she had been terminated, and therefore was not eligible for rehire. Tipton did not know her termination was listed as "voluntary" and would not have had access to that information.<br><br>**Evidence:**<br><br>Tipton Dep., at 49:16-19; Tipton Dep., at 53:14-54:3. Tipton Dep., at 54:15-19; Leutkenhaus Dep., at 58:6-23. | fact. ATS's file specifically indicates that Plaintiff is eligible for rehire. Plaintiff's contention that she did not know she was eligible for rehire does not dispute this. Plaintiff's response points to unrelated "facts" and attempts to create a disputed fact through Plaintiff's own deposition testimony and declaration. Plaintiff cannot now try to create a disputed fact through her self-serving Declaration (or contradictory sworn deposition testimony) by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). |
| 56.    Plaintiff never reapplied to ATS or informed ATS that she had been cleared to return to work.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 49:24-50:1; 128:8-12; 130:21-131:3; Henderson PMK Dep. at 65:14-17. | Disputed in part. Henderson informed Tipton that she needed to return to work without restriction or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that | **Undisputed.**  Plaintiff again cites to evidence that does not dispute the fact as stated by Defendant. Plaintiff never reapplied or even reached out to advise that she was cleared to return to work. Plaintiff's response and evidence are irrelevant to this stated fact.<br><br>Moreover, Plaintiff cannot now try to create a disputed fact through her self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v.* |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | Henderson was going to terminate her employment. Henderson kept repeating this statement. Tipton believed that because she had been terminated, that she was precluded from reapplying.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | *Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). |
| 57.    Per ATS's policies and Plaintiff's separation paperwork, Plaintiff was qualified for rehire.<br><br>**Evidence:**<br><br>Luetkenhaus Dep. at 40:2-12; Henderson Dep. Ex. 9. | Disputed in part. Henderson informed Tipton that she needed to she needed to return to work without restrictions or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Tipton refused to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement. Tipton believed that because she had been terminated, that she was precluded from reapplying. Defendant never communicated to Tipton that she was eligible to be rehired. Tipton believed that she had been terminated, and therefore was not eligible for rehire. Tipton did not know her | **Undisputed.** Again, Plaintiff's response and cited evidence does not dispute Defendant's stated fact. ATS's file specifically indicates that Plaintiff is eligible for rehire. Plaintiff's contention that she did not know she was eligible for rehire does not dispute this. Plaintiff's response points to unrelated "facts" and attempts to create a disputed fact through Plaintiff's own deposition testimony and declaration. Plaintiff cannot now try to create a disputed fact through her self-serving Declaration (or contradictory sworn deposition testimony) by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit |

46

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | termination was listed as "voluntary" and would not have had access to that information.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. Tipton Dep., at 49:16-19; Tipton Dep., at 53:14- 54:3. Tipton Dep., at 54:15-19; Leutkenhaus Dep., at 58:6-23. | contradicting his prior deposition testimony).<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence. |
| 58.  Plaintiff remains eligible for rehire today.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 65:18-66:1. | Disputed. Defendant never communicated to Tipton that she was eligible to be rehired. Tipton believed that she had been terminated, and therefore was not eligible for rehire. Tipton did not know her termination was listed as "voluntary" and would not have had access to that information.<br><br>**Evidence:**<br><br>Tipton Dep., at 49:16-19; Tipton Dep., 53:14- 54:3. Tipton Dep., at 54:15-19; Leutkenhaus Dep., at 58:6-23. | **Undisputed.** Again, Plaintiff's response and cited evidence does not dispute Defendant's stated fact. Plaintiff's contention that she did not know she was eligible for rehire does not dispute that Plaintiff remains eligible for rehire. Plaintiff's response points to unrelated "facts" and attempts to create a disputed fact through Plaintiff's own deposition testimony. Plaintiff cannot now try to create a disputed fact through her contradictory sworn deposition testimony by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). |

47

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | **Evidence:** Defendant's Objections to Plaintiff's Evidence. |

## ISSUE NO. 4

ATS is entitled to judgment on Plaintiff's claim for disability discrimination because she was not a qualified individual.

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 59.   Plaintiff was not diagnosed with a tear in her rotator cuff.  **Evidence:**  Plaintiff's Dep. at 179:1-4. | Disputed in part. Tipton's doctor advised her that she may have torn her rotator cuff. Tipton's doctor was waiting for her to to have an MRI conducted to determine the status of her disability.  **Evidence:**  Tipton Dep., at 179: 1-10; Tipton Dec. ¶ 9. | **Undisputed.**  Plaintiff testified:  "Q: Were you diagnosed with a tear in your rotator cuff?  A: I was not diagnosed with that …"  Plaintiff's testimony is clear that she did not receive this diagnosis.  Plaintiff cannot now try to create a disputed fact through her self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).  **Evidence:** Defendant's Objections to Plaintiff's |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | Evidence; Plaintiff's Dep. at 179:1-4. |
| 60.  Plaintiff's doctor placed her off work and advised her not to drive.  **Evidence:**  Plaintiff's Dep., Exs. 9, 12, 13; Plaintiff's Dep., Vol. 2 at 362:8-17. | Undisputed. | **Undisputed.** |
| 61.  Plaintiff's duties included vacuuming, picking up trash, collecting blankets, pillows, earphones, or reading material left in the airplane cabin, and sanitizing the passenger cabin and restrooms.  **Evidence:**  SAC ¶ 5. | Undisputed. | **Undisputed.** |
| 62.  Plaintiff's doctor placed her off work from April 11, 2017 to April 19, 2017.  **Evidence:**  Plaintiff's Dep. Ex. 9. A. | Disputed in part. Defendants decision makers claim to have not been aware of Tipton's disability until her third note was provided to Guillen on or around April 27, 2017. When Tipton's note was received on or around April 11, 2017, Defendants failed to discuss what, if any limitations Tipton would have in performing the essential functions in her role as a groomer. In fact, Tipton was outright denied accommodations. | **Undisputed.** Plaintiff's response and cited evidence does not dispute Defendant's stated fact. In fact, Plaintiff's response itself is not even supported by the evidence she cites. When Defendant's "decision makers" became aware of Plaintiff's disability, and what discussions transpired between Defendant and Plaintiff are entirely irrelevant to this fact. Moreover, it is untrue that Plaintiff was "outright denied accommodations," and Plaintiff fails to cite to a shred of evidence to support this self-serving statement. Plaintiff was |

49

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | **Evidence:**<br><br>Deposition of Damian Neri ("Neri Dep.,") at 60:10-61:5; Henderson Dep., at 28:14-25; Leatkenhause Dep., at 32:8-33:8; Deposition of Moses Guillen ("Guillen Dep.,") at 80:5-81:3; Tipton Dec., ¶10. | granted a one month leave of absence. It is undisputed that Plaintiff's doctor's note took her entirely off work.<br><br>**Evidence:** Plaintiff's Dep. Ex. 9. |
| 63.   Plaintiff's doctor advised her that she was unable to perform her job until her shoulder healed.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 41:6-9. | Disputed. Tipton's doctor told her not to drive, and not to pick up heavy objects, including her children.<br><br>**Evidence:**<br><br>Tipton Dep., at 362:8-17; Tipton Dep., 362:18-24; Tipton Dec., ¶ 10. | **Undisputed.**  Plaintiff testified:<br><br>"Q: You had seen a doctor that you that you were unable to perform your job until your shoulder healed; correct?<br><br>A: Yes."<br><br>Plaintiff's response could not have been clearer. Her doctor advised her that she was unable to perform her job until her shoulder healed. This fact is undisputed.<br><br>Plaintiff cannot now try to create a disputed fact through her self-serving declaration (or contradictory deposition testimony) by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | **Evidence:** Defendant's Objections to Plaintiff's Evidence; Plaintiff's Dep. at 41:6-9. |
| 64.  Plaintiff never spoke to her doctor about whether she could perform light duty.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 82:16-19; 84:13-16. | Disputed. After Tipton was denied light duty and instructed that she could not come to work with limitations, she focused on getting better.<br><br>**Evidence:**<br><br>Tipton Dep., at 82:16-24. | **Undisputed.**  Plaintiff testified:<br><br>"Q: Did you talk to your doctor at all about whether your doctor would allow you to perform light duty?<br><br>A: No."<br><br>"Q: Okay. Did you talk to the doctor at all about whether he would permit you to engage in light duty?<br><br>A: No."<br><br>Again, Plaintiff's testimony could not be clearer that Defendant's fact must be undisputed.<br><br>Plaintiff's contention that she focused on getting better does nothing to refute this.<br><br>Furthermore, Plaintiff cannot now try to create a disputed fact through her contradictory deposition testimony by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | **Evidence:** Defendant's Objections to Plaintiff's Evidence; Plaintiff's Dep. at 82:16-19; 84:13-16. |
| 65.    Plaintiff's doctor extended her time off work until May 1, 2019.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 88:1-6; 89:11-21 Ex. 12. | Disputed in part. Defendants decision makers claim to have not been aware of Tipton's disability until her third note was provided to Guillen on or around April 27, 2017. Although Tipton's note was received on or around April 19, 2017, Defendants failed to discuss what, if any limitations Tipton would have in performing the essential functions in her role as a groomer. In fact, Tipton was outright denied accommodations.<br><br>**Evidence:**<br><br>Neri Dep., at 60:10-61:5; Henderson Dep., at 28:14-25; Leatkenhause Dep., at 32:8-33:8; Guillen Dep., at 80:5-81:3; Tipton Dec., ¶10. Neri Dep., at 66:3-23; Henderson Dep., at 31:15-32:2; Leatkenhause Dep., at 34:21-36:6; Guillen Dep., at 87:13-24; Tipton Dec., ¶13. | **Undisputed.** Plaintiff's response and cited evidence does not dispute Defendant's stated fact. In fact, Plaintiff's response itself is not even supported by the evidence she cites. When Defendant's "decision makers" became aware of Plaintiff's disability, and what discussions transpired between Defendant and Plaintiff are entirely irrelevant to this fact. Moreover, it is untrue that Plaintiff was "outright denied accommodations," and Plaintiff fails to cite to a shred of evidence to support this self-serving statement. Plaintiff was granted a one month leave of absence. It is undisputed that Plaintiff's doctor's note took her entirely off work.<br><br>**Evidence:** Plaintiff's Dep. Ex. 12. |
| 66.    Plaintiff did not discuss with her doctor whether she could perform light duty because it "just wasn't on my mind at that time."<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 88:7-16. | Disputed. After Tipton was denied light duty and instructed that she could not come to work with limitations, she focused on getting better.<br><br>**Evidence:**<br><br>Tipton Dep., at 82:16-24. | **Undisputed.** Plaintiff testified:<br><br>"Q: Did you talk to your doctor at all about whether your doctor would allow you to perform light duty?<br><br>A: No."<br><br>"Q: Okay. Did you talk to the doctor at all about |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | whether he would permit you to engage in light duty?

A: No."

"Q: Now, did you have any discussions with your doctor at this time saying -- asking him whether or not you could perform light duty?

A: No.

Q: And why not?

A: Just wasn't on my mind at that time."

Again, Plaintiff's testimony could not be clearer that Defendant's fact must be undisputed.

Plaintiff's contention that she focused on getting better does nothing to refute this.

Furthermore, Plaintiff cannot now try to create a disputed fact through her contradictory deposition testimony by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).

**Evidence:** Defendant's Objections to Plaintiff's Evidence; Plaintiff's Dep. |

53

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | at 82:16-19; 84:13-16; 88:7-16. |
| 67.   Plaintiff saw her doctor again, and her doctor extended her time off of work until May 15, 2019.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 98:10-19; 102:9-13, Ex. 13. | Undisputed. | **Undisputed.** |
| 68.   Plaintiff was unable to return to work before receiving an MRI.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 100:5-13. | Disputed. Tipton returned to work on April 10, 2017, the day after her injury, and worked her full shift without accommodations. Tipton returned to work on April 13, 2017 and request light duties, but was denied.<br><br>**Evidence:**<br><br>Tipton Dep., at 70: 3-10; Tipton Dep., 78:4-23. | **Undisputed.** Plaintiff testified:<br><br>"Q: But you were still waiting to have an MRI approved?<br><br>A: Yes.<br><br>Q: And you needed to have that done before you could return to work?<br><br>A: Yes."<br><br>Again, Plaintiff's testimony could not be clearer that Defendant's fact must be undisputed.<br><br>Furthermore, Plaintiff cannot now try to create a disputed fact through her contradictory deposition testimony by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | contradicting his prior deposition testimony).<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence; Plaintiff's Dep. at 100:5-13. |
| 69.    Plaintiff's doctor did not recommend that she could perform light duty, and the notes she received (and provided to ATS) did not say anything about light duty.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 79:2-7, 80:18-23; Exs. 9, 12, 13. | Disputed. Defendants did not rely upon Tipton's doctors notes in the termination of Tipton prior to her final note received by Henderson on May 4, 2017. At no time did Defendant attempt to discuss with Tipton what essential functions of her position she could perform with or without accommodations.<br><br>**Evidence:**<br><br>Neri Dep., at 66:3-23; Henderson Dep., at 31:15-32:2; Leatkenhause Dep., at 34:21-36:6; Guillen Dep., at 87:13-24; Tipton Dec., ¶¶13 and 17. | **Undisputed.** Plaintiff's response contains entirely irrelevant information to Defendant's stated fact, and she lacks supporting evidence for her contention that "Defendants did not rely upon Tipton's doctors notes." Plaintiff testified:<br><br>"Q: Now, I didn't see -- it doesn't say anything in the note about light duty?<br><br>A: No.<br><br>Q: Did the doctor recommend that you could do light duty?<br><br>A: No."<br><br>"Q: There's nothing in the note that you provided that said you could perform light duty.<br><br>A: No.<br><br>Q: The note only said that you couldn't perform work.<br><br>A: Yes."<br><br>Plaintiff's testimony was clear, and a review of her three doctor's notes unequivocally establishes that her doctor did not recommend light duty and that none of her notes |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | mention light duty. This fact is undisputed.<br><br>Furthermore, Plaintiff cannot now try to create a disputed fact through her self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence; Plaintiff's Dep. at 79:2-7, 80:18-23; Exs. 9, 12, 13. |
| 70.  The doctor's notes that Plaintiff provided to ATS simply placed Plaintiff off work.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 79:2-7, 80:18-23; Exs. 9, 12, 13. | Disputed, in part. Defendant never attempted to contact Tipton to discuss any of the limitations she had pursuant to her doctor's note, or what essential functions of her position, if any, she could perform.<br><br>**Evidence:**<br><br>Tipton Dec., ¶17. | **Undisputed.**  Plaintiff testified:<br><br>"Q: Now, I didn't see -- it doesn't say anything in the note about light duty?<br><br>A: No.<br><br>Q: Did the doctor recommend that you could do light duty?<br><br>A: No."<br><br>"Q: There's nothing in the note that you provided that said you could perform light duty.<br><br>A: No. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | Q: The note only said that you couldn't perform work. |
| | | A: Yes." |
| | | Plaintiff's testimony was clear, and a review of her three doctor's notes unequivocally establishes that her doctor simply placed her off work. This fact is undisputed. |
| | | Furthermore, Plaintiff cannot now try to create a disputed fact through her self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). |
| | | **Evidence:** Defendant's Objections to Plaintiff's Evidence; Plaintiff's Dep. at 79:2-7, 80:18-23; Exs. 9, 12, 13. |
| 71.    Plaintiff was unable to perform her job at ATS due to her injury.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 39:2-5. | Disputed. Tipton returned to work on April 10, 2017, the day after her injury, and worked her full shift without accommodations. Tipton returned to work on April 13, 2017 and request light duties, but was denied. All of Tipton's duties in her position as groomer were light duties, and she could have performed those duties, | **Undisputed.** Plaintiff testified:<br><br>"Q: Due to an injury, you were able -- unable to perform your job at Airport Terminal Services; correct?<br><br>A: Yes."<br><br>Plaintiff's testimony was clear that she was unable to |

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | even without accommodations.<br><br>**Evidence:**<br><br>Tipton Dep., at 70: 3-10; Tipton Dep., at 78:4-23. | perform her job. This fact is undisputed.<br><br>Plaintiff cannot now try to create a disputed fact through her contradictory deposition testimony by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence; Plaintiff's Dep. at 39:2-5. |
| 72.    Plaintiff admits that she was unable to perform the essential functions of her job until June 2018, over a year after both her alleged injury and the end of her employment with ATS.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 42:15-23; 45:11-15; 46:18-21. | Disputed. Tipton returned to work on April 10, 2017, the day after her injury, and worked her full shift without accommodations. Tipton returned to work on April 13, 2017 and request light duties, but was denied. Tipton could have performed all of her duties with or without accommodations. Tipton remained off work after her injury because she was unemployed, had filed a workers' compensation claim, and wanted to focus on her health.<br><br>**Evidence:**<br><br>Tipton Dep., at 70: 3-10; Tipton Dep., at 78:4-23; | **Undisputed.**  Plaintiff testified:<br><br>"Q: So -- so there's a point in time where you injured your shoulder?<br><br>A: Yes.<br><br>Q: And you were unable to work?<br><br>A: Yes.<br><br>Q: And that continued until there was a point in time where you were healed and able to work, correct?<br><br>A: Yes."<br><br>"Q: And in around June 2018, were you cleared by then to be able to perform |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | Tipton Dep., at 336:11-339:13; Tipton Dec., ¶ 20. | work because -- you know, in other words, was your injury healed enough to allow you to be able to perform work?<br><br>A: Yes."<br><br>"Q: Okay. So around June 2018 is when you believed you were well enough to begin looking for similar work?<br><br>A: Yes."<br><br>Plaintiff was clear in her testimony that she was unable to work until June 2018. Plaintiff's doctor placed her off work, and Plaintiff did not dispute this fact (UMF 60). If Plaintiff could have performed all of her duties with or without accommodation, then it is illogical that her doctor would place her off work, that she would choose to remain off work for over a year, and that she would request light duties.<br><br>Plaintiff cannot now try to create a disputed fact through her contradictory deposition testimony and her self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit |

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep. at 42:15-23; 45:11-15; 46:18-21; Exs. 9, 12, 13; Plaintiff's Dep., Vol. 2 at 362:8-17; Defendant's Objections to Plaintiff's Evidence. |
| 73.    Her injury prevented her from being able to perform her job because ATS "[has] a heavy vacuum that we have to use to vacuum the aircrafts, carrying bags of blankets up on the aircrafts and that will be kind of difficult."<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 39:22-40:4. | Disputed. Tipton returned to work on April 10, 2017, the day after her injury, and worked her full shift without accommodations. Tipton returned to work on April 13, 2017 and request light duties, but was denied. Tipton could have performed all of her duties with or without accommodations. Tipton remained off work after her injury because she was unemployed, had filed a workers' compensation claim, and wanted to focus on her health.<br><br>**Evidence:**<br><br>Tipton Dep., at 70: 3-10; Tipton Dep., at 78:4-23; Tipton Dep., at 336:11-339:13. | **Undisputed.**  Plaintiff testified:<br><br>"Q: What I'm getting at is: You were injured and unable to perform your job --<br><br>A: Yes.<br><br>Q: -- right? And why did your injury prevent you from being able to perform your job?<br><br>A: Because I hurt -- I injured my shoulder.<br><br>Q: And why would a shoulder injury prevent you from being able to perform your job?<br><br>A: Well, they have a heavy vacuum that we have to use to vacuum the aircrafts, carrying bags of blankets up on the aircrafts and that will be kind of difficult."<br><br>Plaintiff was clear in her testimony that her injury prevented her from performing her job. Plaintiff's doctor placed her off work, and Plaintiff did not dispute this fact (UMF 60). If Plaintiff could have performed all of her duties with or without |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | accommodation, then it is illogical that her doctor would place her off work, that she would choose to remain off work for over a year, and that she would request light duties.<br><br>Plaintiff cannot now try to create a disputed fact through her contradictory deposition testimony and her self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep. at 39:14-40:4; 42:15-23; 45:11-15; 46:18-21; Exs. 9, 12, 13; Plaintiff's Dep., Vol. 2 at 362:8-17; Defendant's Objections to Plaintiff's Evidence. |
| 74.    Plaintiff also acknowledges that she was unable to drive, and that her doctor did not clear her to work in any capacity.<br><br>**Evidence:** | Disputed. Tipton returned to work on April 10, 2017, the day after her injury, and worked her full shift without accommodations. Tipton returned to work on April 13, 2017 and request light duties, but was denied. Tipton could have performed all her duties with or without accommodations. Tipton remained off work after her | **Undisputed.** Plaintiff testified:<br><br>"Q: You had seen a doctor that told you that you were unable to perform your job until your shoulder healed; correct?<br><br>A: Yes."<br><br>"Q: All right. Were you able to drive while you |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| Plaintiff's Dep., Vol. 2, at 239:18-20, 362:8-17; Plaintiff's Dep. at 41:6-9. | injury because she was unemployed, had filed a workers' compensation claim, and wanted to focus on her health.<br><br>**Evidence:**<br><br>Tipton Dep., at 70: 3-10; Tipton Dep., 78:4-23; Tipton Dep., at 336:11-339:13. | were undergoing your shoulder treatment?<br><br>A: No."<br><br>Plaintiff was clear in her testimony that her doctor did not clear her to work, and that she was unable to drive. Plaintiff's doctor placed her off work, and Plaintiff did not dispute this fact (UMF 60). If Plaintiff could have performed all of her duties with or without accommodation, then it is illogical that her doctor would place her off work, that she would choose to remain off work for over a year, and that she would request light duties.<br><br>Plaintiff cannot now try to create a disputed fact through her contradictory deposition testimony and her self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep. at 39:14-40:4; 41:6-9; 42:15-23; 45:11-15; 46:18-21; Exs. 9, 12, 13; Plaintiff's Dep., Vol. 2 at 239:18-20, 362:8-17; |

62

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | Defendant's Objections to Plaintiff's Evidence. |
| 75.    On May 8, 2017, Plaintiff did not know when she could return to work, but she knew she would be unable to return to work on May 15, 2017.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 102:20-24; 103:21-104:3; Henderson PMK Dep. at 38:24-39:10; 61:6-10; Henderson Dep. at 60:1-9. | Disputed. As of May 8, 2017, Tipton had a return to work date of May 15, 2017. Tipton advised Henderson of this, however, Henderson demanded that Tipton either resign, return to work without restrictions, or she would be terminated.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. Tipton Dep., at 49:16-19; Tipton Dep., at 53:14- 54:3. Tipton Dep., at 54:15-19. | **Undisputed.**  Plaintiff testified:<br><br>"Q: Okay.  Di you discuss - when you had your discussion with Shonta prior to your termination or about your termination or discussion you testified to, did you have -- did you discuss with her when you might be able to return to work?<br><br>A: No.<br><br>Q: Okay. And why not?<br><br>A: She didn't ask me, but I was -- but I told her that I was seeing a doctor for my injury.  I didn't know when I can return to work, but I told her I wanted to return to work."<br><br>"Q: But your doctor -- because of the health insurance issue, you knew that you weren't going to be able to get the treatment you needed to be able to return to work until sometime after May 15 and you testified it took actually a couple months before you were able to get the further treatment; correct?<br><br>A: Yes."<br><br>Plaintiff's testimony was clear that as of May 8, 2017 - the date of her call with Henderson - she did not know when she could return to work, but knew |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | she could not return on May 15, 2017. |
| | | Plaintiff cannot now try to create a disputed fact through her contradictory deposition testimony and her self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). Tipton did not advise Henderson when she could return to work, and in fact, she did not know when she could return. |
| | | **Evidence:** Plaintiff's Dep. at 102:14-24; 103:21-104:3; Defendant's Objections to Plaintiff's Evidence. |
| 76.   Plaintiff explained to Henderson that she was under a doctor's care and "didn't know what was going to happen."  **Evidence:**  Plaintiff's Dep. at 104:11-22. | Disputed. Henderson informed Tipton that she needed to return to work without restrictions or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not | **Undisputed.**  Plaintiff testified:  "Q: Did you kind of explain to her what was going on?  A: Okay. I did explain to her that I wanted to come back to work and -- but I was under a doctor's care. So I didn't know what was going to happen. I did explain that, and she said that, well, you need to resign." |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. | Defendant's stated fact essentially quotes Plaintiff's deposition testimony. There can be no dispute. Plaintiff's response and cited evidence does not dispute Defendant's fact as stated.<br><br>Plaintiff cannot now try to create a disputed fact through her contradictory deposition testimony by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep. at 104:11-22; Defendant's Objections to Plaintiff's Evidence. |
| 77.   Holding Plaintiff's position open would have rendered ATS unable to comply with its obligations to maintain a certain number of groomers, and a failure to do so reduces ATS's ability to service its client.<br><br>**Evidence:**<br><br>Henderson Dep. at 60:23-61:10; 61:19-62:6. | Disputed. Holding Tipton's position open would not have resulted in Defendant's inability to satisfy an obligation to Jet Blue because there was no contract between Defendant and Jet Blue for the hiring of groomers. Defendant did not replace Tipton until two months after her termination.<br><br>**Evidence:**<br><br>Schlosser Dec., ¶ 7; Celestine Dec., ¶ 8. | **Undisputed.**  The evidence offered by Plaintiff is objectionable on numerous grounds, as outlined in detail in Defendant's concurrently submitted Objections to Plaintiff's Evidence. Plaintiff has not presented admissible evidence to dispute this fact. ATS's need to adequately staff its operations and the direct impact of that staffing on its ability to service its client remains undisputed. That LAX security and hiring regulations require |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | detailed background and security screenings that delay the start date for ATS employees does not dispute this fact. Moreover, the declaration of an individual who does not have hiring authority, or involvement in the hiring process, and who does not possess the required personal knowledge to opine on the date Plaintiff's position was filled, cannot create a disputed fact.<br><br>Further, ATS's stated fact does not contend that ATS had a contract with JetBlue "requiring the hiring of groomers." The referenced obligation required that ATS maintain a certain number of groomers to fulfill ATS's obligations to JetBlue. Not only does Plaintiff's cited evidence fail to dispute this fact, but Schlosser's Declaration is objectionable on numerous grounds, including because Plaintiff's counsel's misrepresentations led to an inaccurate and incomplete declaration, as outlined in Defendant's Objections. Schlosser's Supplemental Declaration clarifies that such a contract does exist, and that it requires certain service requirements.<br><br>**Evidence**: Henderson Dep. at 77:2-78:15; Defendant's Objections to Plaintiff's Evidence; Declaration of Daniel Schlosser submitted concurrently herewith. |

66

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 78. Holding Plaintiff's position open would have rendered ATS unable to comply with its client obligations.<br><br>**Evidence:**<br><br>Henderson Dep. at 60:23-61:10; 61:19-62:6. | Disputed. Holding Tipton's position open would not have resulted in Defendant's inability to satisfy an obligation to Jet Blue because there was no contract between Defendant and Jet Blue for the hiring of groomers. Defendant did not replace Tipton until two months after her termination.<br><br>**Evidence:**<br><br>Schlosser Dec., ¶ 7; Celestine Dec., ¶ 8. | **Undisputed.** The evidence offered by Plaintiff is objectionable on numerous grounds, as outlined in detail in Defendant's concurrently submitted Objections to Plaintiff's Evidence. Plaintiff has not presented admissible evidence to dispute this fact. ATS's need to adequately staff its operations and the direct impact of that staffing on its ability to service its client remains undisputed. That LAX security and hiring regulations require detailed background and security screenings that delay the start date for ATS employees does not dispute this fact.<br><br>Moreover, the declaration of an individual who does not have hiring authority, or involvement in the hiring process, and who does not possess the required personal knowledge to opine on the date Plaintiff's position was filled, cannot create a disputed fact. Further, ATS's stated fact does not contend that ATS had a contract with JetBlue "requiring the hiring of groomers." The referenced obligation required that ATS maintain a certain number of groomers to fulfill ATS's obligations to JetBlue. Not only does Plaintiff's cited evidence fail to dispute this fact, but Schlosser's Declaration is objectionable on numerous grounds, including because Plaintiff's counsel's |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | misrepresentations led to an inaccurate and incomplete declaration, as outlined in Defendant's Objections. Schlosser's Supplemental Declaration clarifies that such a contract does exist, and that it requires certain service requirements.<br><br>Evidence: Henderson Dep. at 77:2-78:15; Defendant's Objections to Plaintiff's Evidence; Declaration of Daniel Schlosser submitted concurrently herewith. |
| 79.   ATS is bound by its obligation to its clients to maintain a certain number of employees, which does not afford ATS the flexibility to hold open positions for employees who are not working.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 61:22-62:14. | Disputed. Holding Tipton's position open would not have resulted in Defendant's inability to satisfy an obligation to Jet Blue because there was no contract between Defendant and Jet Blue for the hiring of groomers. Defendant did not replace Tipton until two months after her termination.<br><br>**Evidence:**<br><br>Schlosser Dec., ¶ 7; Celestine Dec., ¶ 8. | **Undisputed.** Plaintiff again focuses on a new alleged "fact" that does nothing to dispute Defendant's stated fact. Defendant does not contend that a contract specifically "required the termination of Tipton." Defendant's undisputed and stated fact is that ATS is bound by its obligation to its clients to maintain a certain number of employees, which does not afford the flexibility to hold open positions for employees who are not working. The evidence cited by Plaintiff does not dispute this.<br><br>**Evidence:** Declaration of Daniel Schlosser submitted concurrently herewith. |
| 80.   Even Plaintiff acknowledges that it is difficult for ATS to meet customer needs if their employees are not coming to work.<br><br>**Evidence:** | Disputed. Defendant did not need to replace Tipton because Defendant had enough employees in the position of groomer. Defendant always had an extra person there just in | **Undisputed.** Plaintiff's stated response and evidence does not refute Defendant's fact as stated. Plaintiff specifically acknowledged that it is difficult for ATS to meet customer needs if their employees are not coming |

68

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| Plaintiff's Dep. at 203:1-3. | case someone did not come in to work.<br><br>**Evidence:**<br><br>Tipton Dep., at 51: 8-20; Tipton Dep., at 200:13-201:2. | to work. Nothing Plaintiff submits disputes this fact.<br><br>Moreover, Plaintiff's cited evidence conveniently ignores the fact that Plaintiff also acknowledged that she lacks any knowledge of how many employees were at ATS and their availability during the time she was out. Plaintiff lacks the personal knowledge to opine on whether there was a need to replace her, and her statement is an inadmissible legal conclusion.<br><br>**Evidence**: Plaintiff's Dep. at 51:21-24. |

## ISSUE NO. 5

ATS is entitled to judgment on Plaintiff's claim for disability discrimination because Plaintiff was not terminated, and ATS had a legitimate, nondiscriminatory reason for Plaintiff's separation.

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 81. Henderson advised Plaintiff that she could voluntarily resign and reapply once able to return to work.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 38:24-39:19; 65:7-13. | Disputed in part. Henderson informed Tipton that she needed to return to work without restrictions or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to | **Undisputed**. Plaintiff's response and cited evidence does not dispute Defendant's stated fact. Plaintiff acknowledged that she had no reason to believe that Henderson would lie about informing her of her ability to reapply. Plaintiff further testified:<br><br>"Q: Is it possible that she mentioned that in the call that, you know, you can |

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement. Tipton believed that because she had been terminated, that she was precluded from reapplying. Defendant never communicated to Tipton that she was eligible to be rehired. Tipton believed that she had been terminated, and therefore was not eligible for rehire. Tipton did not know her termination was listed as "voluntary" and would not have had access to that information.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. Tipton Dep., at 49:16-19; Tipton Dep., at 53:14- 54:3. Tipton Dep., at 54:15-19; Leutkenhaus Dep., at 58:6-23. | resign but you can always reapply? We just need to fill your position?<br><br>A: I do not recall her saying that …"<br><br>Plaintiff's lack of recollection does not create a disputed fact.<br><br>Moreover, Plaintiff cannot create a disputed fact through her contradictory deposition testimony or subsequent declaration.<br><br>**Evidence**: Plaintiff's Dep. at 53:3-23. |
| 82.    While Plaintiff states that she did not want to resign, she acknowledges that she told Henderson "okay."<br><br>**Evidence:**<br><br>Plaintiff's Dep., Vol. 2, at 237:6-24. | Disputed in part. Henderson informed Tipton that she needed to return to work without restrictions or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed | **Undisputed.** Plaintiff's response and cited evidence do not create a disputed fact. Plaintiff testified:<br><br>"Q: Okay. So did you ever tell her just in response to her setting out what might happen, the need to possibly resign or you could be fired and then you simply responded "okay"?<br><br>A: I was not saying okay or agreeing to her me resigning. I was not saying |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. | okay to that. I was having a conversation with her and most likely I said "okay" but it wasn't towards I'm going to resign. I told her in definite I do not want to resign."<br><br>Plaintiff acknowledges precisely what Defendant's fact states - she contends she did not want to resign, but acknowledges saying "okay."<br><br>Moreover, Plaintiff cannot create a disputed fact through her contradictory deposition testimony or subsequent declaration. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep., Vol. 2, at 237:6-24; Defendant's Objections. |
| 83.   Henderson understood Plaintiff's "okay" statement to mean that she was voluntarily resigning her position.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 40:7-12. | Disputed in part. Henderson informed Tipton that she needed to return to work without restrictions or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to | **Undisputed.** Plaintiff's response and cited evidence supports Defendant's stated fact. Nothing Plaintiff references disputes that Henderson understood Plaintiff's "okay" to mean she was voluntarily resigning her position. Plaintiff's attempts to contend that Henderson somehow believed Plaintiff had resigned as of April 17, 2017; however, this is a misrepresentation of |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. | Henderson's testimony. Henderson testified:<br><br>"Q: And is it your understanding that, as of April 17, 2017, the plaintiff had resigned?<br><br>A: Well, I would say, yes. But it usually is always retro backed to the last day -- well, the first day they were scheduled and didn't report to work, if that makes sense."<br><br>Henderson's statement was in response to questions relating to the date noted in Plaintiff's separation paperwork. Henderson was clear that this paperwork notes as the date of separation the first day the individual was scheduled, but did not report, which was April 17, 2017, for Plaintiff. This evidence does not dispute Defendant's fact.<br><br>Moreover, Plaintiff cannot create a disputed fact through her contradictory deposition testimony or subsequent declaration. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Henderson Dep. at 74:3-7; Defendant's |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | Objections to Plaintiff's Evidence. |
| 84.    Henderson never informed Plaintiff during this conversation that she was terminated.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 120:6-9. | Disputed in part. Henderson informed Tipton that she needed to return to work without restrictions or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. | **Undisputed.** Plaintiff testified:<br><br>"Q: Okay. But she didn't tell you in that conversation that you were terminated?<br><br>A: No. She just said that I will be terminated."<br><br>Plaintiff's testimony was clear that Henderson did not inform her that she was terminated during their conversation. Plaintiff cannot create a disputed fact through her contradictory deposition testimony or subsequent declaration. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). As such, there is no admissible evidence to dispute this stated fact.<br><br>**Evidence:** Plaintiff's Dep. at 120:6-9; Defendant's Objections to Plaintiff's Evidence. |
| 85.    Henderson processed Plaintiff's separation as a voluntary resignation, as she was under the assumption that Plaintiff was resigning and that | Disputed, in part. Henderson informed Tipton that she needed to return to work without restrictions or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because | **Undisputed.** Plaintiff again cites to evidence that does not dispute the fact as stated by Defendant. ATS processed Plaintiff's separation as a voluntary resignation, and Henderson understood Plaintiff was |

73

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| ATS would bring her back when she could return to the workforce.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 64:13-24. | her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement. Tipton believed that because she had been terminated, that she was precluded from reapplying. Defendant never communicated to Tipton that she was eligible to be rehired. Tipton believed that she had been terminated, and therefore was not eligible for rehire. Tipton did not know her termination was listed as "voluntary" and would not have had access to that information.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. Tipton Dep., at 49:16-19; Tipton Dep., at 53:14- 54:3. Tipton Dep., at 54:15-19; Leutkenhaus | resigning and that ATS would bring her back when she could return to the workforce. Plaintiff's response and cited evidence does not refute this. Plaintiff's response points to unrelated "facts" and attempts to create a disputed fact through Plaintiff's own deposition testimony and declaration. Plaintiff cannot now try to create a disputed fact through her self-serving Declaration (or contradictory sworn deposition testimony) by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence. |
| 86.    ATS's file indicates that Plaintiff is eligible for rehire.<br><br>**Evidence:**<br><br>Henderson Dep. at 70:13-16, Ex. 9. | Disputed. Defendant never communicated to Tipton that she was eligible to be rehired. Tipton believed that she had been terminated, and therefore was not eligible for rehire. Tipton did not know her termination was listed as "voluntary" and would not | **Undisputed.** Again, Plaintiff's response and cited evidence does not dispute Defendant's stated fact. ATS's file specifically indicates that Plaintiff is eligible for rehire. Plaintiff's contention that she did not know she was eligible for rehire does not |

74

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | have had access to that information.<br><br>**Evidence:**<br><br>Tipton Dep., at 49:16-19; Tipton Dep., at 53:14-54:3. Tipton Dep., at 54:15-19; Leutkenhaus Dep., at 58:6-23. | dispute this. Plaintiff's response points to unrelated "facts" and attempts to create a disputed fact through Plaintiff's own deposition testimony and declaration. Plaintiff cannot now try to create a disputed fact through her self-serving Declaration (or contradictory sworn deposition testimony) by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). |
| 87.    Plaintiff remains eligible for rehire today.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 65:18-66:1. | Disputed. Defendant never communicated to Tipton that she was eligible to be rehired. Tipton believed that she had been terminated, and therefore was not eligible for rehire. Tipton did not know her termination was listed as "voluntary" and would not have had access to that information.<br><br>**Evidence:**<br><br>Tipton Dep., at 49:16-19; Tipton Dep., at 53:14- 54:3. Tipton Dep., at 54:15-19; Leutkenhaus Dep., at 58:6-23. | **Undisputed.** Again, Plaintiff's response and cited evidence does not dispute Defendant's stated fact. Plaintiff's contention that she did not know she was eligible for rehire does not dispute that Plaintiff remains eligible for rehire. Plaintiff's response points to unrelated "facts" and attempts to create a disputed fact through Plaintiff's own deposition testimony. Plaintiff cannot now try to create a disputed fact through her contradictory sworn deposition testimony by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence. |
| 88.   Plaintiff never reapplied to ATS.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 49:24-50:1; 128:8-12; 130:21-131:3; Henderson PMK Dep. at 65:14-17. | Disputed in part. Henderson informed Tipton that she needed to return to work without restrictions or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement. Tipton believed that because she had been terminated, that she was precluded from reapplying. Defendant never communicated to Tipton that she was eligible to be rehired. Tipton believed that she had been terminated, and therefore was not eligible for rehire. Tipton did not know her termination was listed as "voluntary" and would not | **Undisputed.** Plaintiff again cites to evidence that does not dispute the fact as stated by Defendant. Plaintiff never reapplied or even reached out to advise that she was cleared to return to work. Plaintiff's response and evidence are irrelevant to this stated fact.<br><br>Moreover, Plaintiff cannot now try to create a disputed fact through her self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | have had access to that information.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. Tipton Dep., at 49:16-19; Tipton Dep., at 53:14- 54:3. Tipton Dep., at 54:15-19; Leutkenhaus Dep., at 58:6-23. | |
| 89.    ATS simply needed to fill Plaintiff's position so that it could meet its client's needs.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 63:1-5. | Disputed in part. Although Henderson advised Tipton that she needed to fill her spot, this was untrue because there was no undue burden or business need to do so. First, Tipton's position remained open for two months after her termination, and second, Defendant did not have a contract with Jet Blue airlines requiring the hiring of groomers.<br><br>**Evidence:**<br><br>Schlosser Dec., ¶ 7, Celestine Dec., ¶ 8. | **Undisputed.** The evidence offered by Plaintiff is objectionable on numerous grounds, as outlined in detail in Defendant's concurrently submitted Objections to Plaintiff's Evidence. Plaintiff has not presented admissible evidence to dispute this fact. ATS's need to adequately staff its operations and the direct impact of that staffing on its ability to service its client remains undisputed. That LAX security and hiring regulations require detailed background and security screenings that delay the start date for ATS employees does not dispute this fact. Moreover, the declaration of an individual who does not have hiring authority, or involvement in the hiring process, and who does not possess the required personal knowledge to opine on the date Plaintiff's position was filled, cannot create a disputed fact.<br><br>Further, ATS's stated fact does not contend that ATS |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | had a contract with JetBlue "requiring the hiring of groomers." The referenced obligation required that ATS maintain a certain number of groomers to fulfill ATS's obligations to JetBlue. Not only does Plaintiff's cited evidence fail to dispute this fact, but Schlosser's Declaration is objectionable on numerous grounds, including because Plaintiff's counsel's misrepresentations led to an inaccurate and incomplete declaration, as outlined in Defendant's Objections. Schlosser's Supplemental Declaration clarifies that such a contract does exist, and that it requires certain service requirements.<br><br>**Evidence:** Henderson Dep. at 77:2-78:15; Defendant's Objections to Plaintiff's Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment; Declaration of Daniel Schlosser submitted concurrently herewith. |
| 90.    Henderson both hired and (allegedly) fired Plaintiff.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 145:11-17, 198:15-17. | Disputed. Jeff Leutkenhaus was a decision maker in Tipton's termination.<br><br>**Evidence:**<br><br>Leukenhaus Dep., at 55:4-56:15. | **Undisputed.** Plaintiff testified:<br><br>"Q: Do you remember who you interviewed with?<br><br>A: Shonta.<br><br>Q: Okay. You interviewed with Shonta. Shonta hired you in the position. She's also the one who notified you about being fired?<br><br>A: Yes." |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | Not only is Plaintiff's testimony clear that Defendant's fact must be undisputed, but the evidence cited by Plaintiff does not support her response. Luetkenhaus's deposition testimony does not identify him as a "decision maker." It merely provides states: "I don't direct stations. I provide recommendations." As such, this fact is undisputed.<br><br>**Evidence:** Plaintiff's Dep. at 145:11-17; Deposition of Jeff Luetkenhaus as an Individual ("Luetkenhaus Dep.") at 56:14-15. |
| 91. Holding Plaintiff's position open would have rendered ATS unable to comply with its obligations to maintain a certain number of groomers, and a failure to do so reduces ATS's ability to service its client.<br><br>**Evidence:**<br><br>Henderson Dep. at 60:23-61:10; 61:19-62:6. | Disputed. Although Henderson advised Tipton that she needed to fill her spot, this was untrue because there was no undue burden or business need to do so. First, Tipton's position remained open for two months after her termination, and second, Defendant did not have a contract with Jet Blue airlines requiring the hiring of groomers.<br><br>**Evidence:**<br><br>Schlosser Dec., ¶ 7, Celestine Dec., ¶ 8. | **Undisputed.** The evidence offered by Plaintiff is objectionable on numerous grounds, as outlined in detail in Defendant's concurrently submitted Objections to Plaintiff's Evidence. Plaintiff has not presented admissible evidence to dispute this fact. ATS's need to adequately staff its operations and the direct impact of that staffing on its ability to service its client remains undisputed. That LAX security and hiring regulations require detailed background and security screenings that delay the start date for ATS employees does not dispute this fact. Moreover, the declaration of an individual who does not have hiring authority, or involvement in the hiring process, and who does not possess the required personal |

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | knowledge to opine on the date Plaintiff's position was filled, cannot create a disputed fact.<br><br>Further, ATS's stated fact does not contend that ATS had a contract with JetBlue "requiring the hiring of groomers." The referenced obligation required that ATS maintain a certain number of groomers to fulfill ATS's obligations to JetBlue. Not only does Plaintiff's cited evidence fail to dispute this fact, but Schlosser's Declaration is objectionable on numerous grounds, including because Plaintiff's counsel's misrepresentations led to an inaccurate and incomplete declaration, as outlined in Defendant's Objections. Schlosser's Supplemental Declaration clarifies that such a contract does exist, and that it requires certain service requirements.<br><br>**Evidence:** Henderson Dep. at 77:2-78:15; Defendant's Objections to Plaintiff's Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment; Declaration of Daniel Schlosser submitted concurrently herewith. |
| 92.    ATS is bound by its obligation to its clients to maintain a certain number of employees, which does not afford ATS the flexibility to hold open positions for | Disputed in part. Although Henderson advised Tipton that she needed to fill her spot, this was untrue because there was no undue burden or business need to do so. First, Tipton's position remained open for two months after her termination, and second, | **Undisputed.** Plaintiff again focuses on a new alleged "fact" that does nothing to dispute Defendant's stated fact. Defendant does not contend that a contract specifically "required the termination of Tipton." Defendant's undisputed and stated fact |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| employees who are not working.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 61:22-62:14. | Defendant did not have a contract with Jet Blue airlines requiring the hiring of groomers.<br><br>**Evidence:**<br><br>Schlosser Dec., ¶ 7, Celestine Dec., ¶ 8. | is that ATS is bound by its obligation to its clients to maintain a certain number of employees, which does not afford the flexibility to hold open positions for employees who are not working. The evidence cited by Plaintiff does not dispute this.<br><br>**Evidence:** Declaration of Daniel Schlosser submitted concurrently hereiwht. |
| 93.    Holding Plaintiff's position open would have rendered ATS unable to comply with its client obligations.<br><br>**Evidence:**<br><br>Henderson Dep. at 60:23-61:10; 61:19-62:6. | Disputed in part. Although Henderson advised Tipton that she needed to fill her spot, this was untrue because there was no undue burden or business need to do so. First, Tipton's position remained open for two months after her termination, and second, Defendant did not have a contract with Jet Blue airlines requiring the hiring of groomers.<br><br>**Evidence:**<br><br>Schlosser Dec., ¶ 7, Celestine Dec., ¶ 8. | **Undisputed.** The evidence offered by Plaintiff is objectionable on numerous grounds, as outlined in detail in Defendant's concurrently submitted Objections to Plaintiff's Evidence. Plaintiff has not presented admissible evidence to dispute this fact. ATS's need to adequately staff its operations and the direct impact of that staffing on its ability to service its client remains undisputed. That LAX security and hiring regulations require detailed background and security screenings that delay the start date for ATS employees does not dispute this fact.<br><br>Moreover, the declaration of an individual who does not have hiring authority, or involvement in the hiring process, and who does not possess the required personal knowledge to opine on the date Plaintiff's position was filled, cannot create a disputed fact. Further, ATS's stated fact does not |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | contend that ATS had a contract with JetBlue "requiring the hiring of groomers." The referenced obligation required that ATS maintain a certain number of groomers to fulfill ATS's obligations to JetBlue. Not only does Plaintiff's cited evidence fail to dispute this fact, but Schlosser's Declaration is objectionable on numerous grounds, including because Plaintiff's counsel's misrepresentations led to an inaccurate and incomplete declaration, as outlined in Defendant's Objections. Schlosser's Supplemental Declaration clarifies that such a contract does exist, and that it requires certain service requirements.<br><br>**Evidence:** Henderson Dep. at 77:2-78:15; Defendant's Objections to Plaintiff's Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment; Declaration of Daniel Schlosser submitted concurrently herewith. |
| 94. Even Plaintiff acknowledges that it is difficult for ATS to meet customer needs if their employees are not coming to work.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 203:1-3. | Disputed in part. There was no need to replace Tipton because Defendant had enough employees in Tipton's position as groomer. Defendant always had an extra person there just in case someone did not come in to work.<br><br>**Evidence:**<br><br>Tipton Dep., at 51: 8-20; Tipton Dep., at 200:13-201:2. | **Undisputed.** Plaintiff's stated response and evidence does not refute Defendant's fact as stated. Plaintiff specifically acknowledged that it is difficult for ATS to meet customer needs if their employees are not coming to work. Nothing Plaintiff submits disputes this fact.<br><br>Moreover, Plaintiff's cited evidence conveniently ignores the fact that Plaintiff also acknowledged |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | that she lacks any knowledge of how many employees were at ATS and their availability during the time she was out. Plaintiff lacks the personal knowledge to opine on whether there was a need to replace her, and her statement is an inadmissible legal conclusion.<br><br>**Evidence:** Plaintiff's Dep. at 51:21-24. |
| 95.    Plaintiff admits that she believed her employment ended with ATS because ATS needed to replace her.<br><br>**Evidence:**<br><br>Plaintiff's Dep., Vol. 2 at 327:12-20. | Disputed. Defendant Terminated Tipton because of her disability and because she attempted to take medical Non-FMLA leave as provided by Defendant company policy and its employee handbook. There was no need to replace Tipton because Defendant had enough employees in Tipton's position as groomer. Defendant always had an extra person there just in case someone did not come in to work.<br><br>**Evidence:**<br><br>Tipton Dep., at 199:12-15; Tipton Dep., at 51: at 8-20; Tipton Dep., at 200:13-201:2; Tipton Dec., ¶ 18. | **Undisputed.**  Plaintiff cannot create a disputed fact with her own deposition testimony or declaration. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). Plaintiff testified:<br><br>"Q: And what was the reason for which that you believe you were terminated?<br><br>Witness: Why did I believe I was being terminated?<br><br>Mr. Gbewonyo: Or that was communicated to you by Shonta.<br><br>Witness: Because they need to replace me. They need to put someone in my spot." |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | Moreover, Plaintiff's cited evidence conveniently ignores the fact that Plaintiff also acknowledged that she lacks any knowledge of how many employees were at ATS and their availability during the time she was out. Plaintiff lacks the personal knowledge to opine on whether there was a need to replace her, and her statement is an inadmissible legal conclusion.<br><br>**Evidence:** Plaintiff's Dep. at 51:21-24. |

## ISSUE NO. 6

ATS is entitled to judgment on Plaintiff's claim for disability discrimination because there is no evidence of pretext.

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 96. Plaintiff is unaware of any other individual being terminated for taking a medical leave.<br><br>**Evidence:**<br><br>Plaintiff's Dep., Vol. 2, at 3101:21-25. | Undisputed. | **Undisputed.** |
| 97. Plaintiff admits that she believed her employment ended with ATS because ATS needed to replace her.<br><br>**Evidence:** | Disputed. Defendants terminated Tipton because of her disability and because she attempted to take medical Non-FMLA leave as provided by Defendant company policy and its employee handbook. There was no | **Undisputed.** Plaintiff cannot create a disputed fact with her own deposition testimony or declaration. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development* |

84

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| Plaintiff's Dep., Vol. 2, at 327:12-20. | need to replace Tipton because Defendant had enough employees in Tipton's position as groomer. Defendant always had an extra person there just in case someone did not come in to work.<br><br>**Evidence:**<br><br>Tipton Dep., at 199:12-15; Tipton Dep., at 51: 8-20; Tipton Dep., at 200:13-201:2; Tipton Dec., ¶ 18. | *Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). Plaintiff testified:<br><br>"Q: And what was the reason for which that you believe you were terminated?<br><br>Witness: Why did I believe I was being terminated?<br><br>Mr. Gbewonyo: Or that was communicated to you by Shonta.<br><br>Witness: Because they need to replace me. They need to put someone in my spot."<br><br>Moreover, Plaintiff's cited evidence conveniently ignores the fact that Plaintiff also acknowledged that she lacks any knowledge of how many employees were at ATS and their availability during the time she was out. Plaintiff lacks the personal knowledge to opine on whether there was a need to replace her, and her statement is an inadmissible legal conclusion.<br><br>**Evidence:** Plaintiff's Dep. at 51:21-24. |
| 98.  Plaintiff admits that she lacks any knowledge about how many employees were at ATS and the availability of the | Disputed. Plaintiff's position was not replaced for two months after her termination. Defendants remained understaffed for several months and | **Undisputed.** Plaintiff's response does not dispute Defendant's fact as stated. Plaintiff testified: |

85

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| crew members during her leave.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 51:21-24. | expected the employees to get the work irrespective of how many employees were working as groomrs.<br><br>**Evidence:**<br><br>Celestine Dec., ¶¶7- 8. | "Q: And while you were out, did you know how many employees were there and what the availability of crew members were at that time?<br><br>A: No."<br><br>Plaintiff's acknowledgement that she has no knowledge has nothing to do with Celestine's alleged knowledge of staffing. Moreover, Celestine's Declaration fails to lay a proper foundation, or establish that she has any personal knowledge related to these statements. She does not have hiring authority, or involvement in the hiring process, and does not possess the required personal knowledge to opine on the date Plaintiff's position was filled. Thus, her declaration cannot create a disputed fact. That LAX security and hiring regulations require detailed background and security screenings that delay the start date for ATS employees also does not dispute this fact.<br><br>**Evidence:** Henderson Dep. at 77:2-78:15; Defendant's Objections to Plaintiff's Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 99.  Holding Plaintiff's position open would have rendered ATS unable to comply with its obligation to maintain a certain number of groomers, and a failure to do so reduces ATS's ability to service its client.<br><br>**Evidence:**<br><br>Henderson Dep. at 60:23-61:10; 61:19-62:6. | Disputed in part. Although Henderson advised Tipton that she needed to fill her spot, this was untrue because there was no undue burden or business need to do so. First, Tipton's position remained open for two months after her termination, and second, Defendant did not have a contract with Jet Blue airlines requiring the hiring of groomers.<br><br>**Evidence:**<br><br>Schlosser Dec., ¶ 7, Celestine Dec., ¶ 8. | **Undisputed.**  The evidence offered by Plaintiff is objectionable on numerous grounds, as outlined in detail in Defendant's concurrently submitted Objections to Plaintiff's Evidence. Plaintiff has not presented admissible evidence to dispute this fact. ATS's need to adequately staff its operations and the direct impact of that staffing on its ability to service its client remains undisputed. That LAX security and hiring regulations require detailed background and security screenings that delay the start date for ATS employees does not dispute this fact. Moreover, the declaration of an individual who does not have hiring authority, or involvement in the hiring process, and who does not possess the required personal knowledge to opine on the date Plaintiff's position was filled, cannot create a disputed fact. Further, ATS's stated fact does not contend that ATS had a contract with JetBlue "requiring the hiring of groomers." The referenced obligation required that ATS maintain a certain number of groomers to fulfill ATS's obligations to JetBlue. Not only does Plaintiff's cited evidence fail to dispute this fact, but Schlosser's Declaration is objectionable on numerous grounds, including because Plaintiff's counsel's misrepresentations led to an inaccurate and incomplete |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | declaration, as outlined in Defendant's Objections. Schlosser's Supplemental Declaration clarifies that such a contract does exist, and that it requires certain service requirements. **Evidence:** Henderson Dep. at 77:2-78:15; Defendant's Objections to Plaintiff's Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment; Declaration of Daniel Schlosser submitted concurrently herewith. |
| 100.  Even Plaintiff acknowledges that it is difficult for ATS to meet customer needs if their employees are not coming to work. **Evidence:** Plaintiff's Dep. at 203:1-3. | Disputed. There was no need to replace Tipton because Defendant had enough employees in her position as groomer. Defendant always had an extra person there just in case someone did not come in to work. **Evidence:** Tipton Dep., at 51: 8-20; Tipton Dep., at 200:13-201:2. | **Undisputed.**  Plaintiff's stated response and evidence does not refute Defendant's fact as stated. Plaintiff specifically acknowledged that it is difficult for ATS to meet customer needs if their employees are not coming to work. Nothing Plaintiff submits disputes this fact. Moreover, Plaintiff's cited evidence conveniently ignores the fact that Plaintiff also acknowledged that she lacks any knowledge of how many employees were at ATS and their availability during the time she was out. Plaintiff lacks the personal knowledge to opine on whether there was a need to replace her, and her statement is an inadmissible legal conclusion. **Evidence:** Plaintiff's Dep. at 51:21-24. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 101. Plaintiff never applied for a position with ATS after she was cleared to return to work, nor did she ever notify ATS that she could return to work.<br><br>**Evidence:**<br><br>Plaintiff's Dep., Vol. 2, at 249:25-250:18; Henderson PMK Dep. at 65:7-17; Plaintiff's Dep. at 130:21-131:3. | Disputed, in part. Henderson informed Tipton that she needed to return to work without restriction or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement. Tipton believed that because she had been terminated, that she was precluded from reapplying.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | **Undisputed.** Plaintiff's response and cited evidence supports Defendant's stated fact. Nothing Plaintiff references disputes that Plaintiff failed to reapply or advise ATS that she could return to work.<br><br>Moreover, Plaintiff cannot now try to create a disputed fact through her self-serving Declaration by trying to dispute her prior, sworn deposition testimony (or through contradictory deposition testimony). *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep. at 130:21-131:3; Defendant's Objections to Plaintiff's Evidence. |
| 102. Should Plaintiff have reapplied, ATS would have hired her.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 65:18-21. | Disputed, in part. Henderson informed Tipton that she needed to return to work without restriction or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not | **Undisputed.** Henderson testified:<br><br>"Q: Would you hire her back?<br><br>A: We would hire her back.<br><br>Q: Would you hire her back today?<br><br>A: I would hire her back today."<br><br>Plaintiff's response and cited evidence does not dispute the fact that |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement. Tipton believed that because she had been terminated, that she was precluded from reapplying.

**Evidence:**

Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | Defendant would rehire Plaintiff. Plaintiff's cited evidence is entirely irrelevant to the fact stated.

**Evidence:** Henderson PMK Dep. at 65:18-21. |
| 103.  Henderson informed Plaintiff that she needed to fill her spot.

**Evidence:**

Plaintiff's Dep., Vol. 2, at 235:24-236:3. | Disputed, in part. Although Henderson advised Tipton that she needed to fill her spot, this was untrue because there was no undue burden or business need to do so. First, Tipton's position remained open for two months after her termination, and second, Defendant did not have a contract with Jet Blue airlines requiring the hiring of groomers.

**Evidence:**

Schlosser Dec., ¶ 7, Celestine Dec., ¶ 8. | **Undisputed.** Plaintiff's response and cited evidence does not dispute Defendant's stated fact. Plaintiff testified:

"Q: And when you had your discussion with Shonta that you had testified to previously and she mentioned the need to resign, did she tell you why she needed you to resign?

A: Because she needs to fill my spot."

Plaintiff cannot now try to dispute her prior sworn deposition testimony to create a disputed fact. Moreover, Plaintiff's response does not address the specific fact at issue.

The evidence offered by Plaintiff is objectionable on numerous grounds, as outlined in detail in Defendant's concurrently submitted Objections to Plaintiff's Evidence. Celestine's Declaration fails to lay a proper |

90

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | foundation, or establish that she has any personal knowledge related to these statements. She does not have hiring authority, or involvement in the hiring process, and does not possess the required personal knowledge to opine on the date Plaintiff's position was filled. Thus, her declaration cannot create a disputed fact. That LAX security and hiring regulations require detailed background and security screenings that delay the start date for ATS employees also does not dispute this fact.<br><br>Schlosser's Declaration is objectionable on numerous grounds, including because Plaintiff's counsel's misrepresentations led to an inaccurate and incomplete declaration, as outlined in Defendant's Objections. Schlosser's Supplemental Declaration clarifies that such a contract does exist, and that it requires certain service requirements.<br><br>**Evidence:** Henderson Dep. at 77:2-78:15; Defendant's Objections to Plaintiff's Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment; Plaintiff's Dep., Vol. 2, at 235:24-236:3; Declaration of Daniel Schlosser submitted concurrently herewith. |

91

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 104. Henderson processed Plaintiff's separation as a voluntary resignation, as she was under the assumption that Plaintiff was resigning and that ATS would bring her back when she could return to the workforce.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 64:13-24. | Disputed. Henderson informed Tipton that she needed to return to work without restrictions or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement. Tipton believed that because she had been terminated, that she was precluded from reapplying. Defendant never communicated to Tipton that she was eligible to be rehired. Tipton believed that she had been terminated, and therefore was not eligible for rehire. Tipton did not know her termination was listed as "voluntary" and would not have had access to that information.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. Tipton Dep., at 49:16-19; Tipton Dep., at 53:14- 54:3. Tipton Dep., at 54:15-19; Leutkenhaus | **Undisputed.** Plaintiff again cites to evidence that does not dispute the fact as stated by Defendant. ATS processed Plaintiff's separation as a voluntary resignation, and Henderson understood Plaintiff was resigning and that ATS would bring her back when she could return to the workforce. Plaintiff's response and cited evidence does not refute this. Plaintiff's response points to unrelated "facts" and attempts to create a disputed fact through Plaintiff's own deposition testimony and declaration. Plaintiff cannot now try to create a disputed fact through her self-serving Declaration (or contradictory sworn deposition testimony) by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 105. ATS's file indicates that Plaintiff is eligible for rehire.<br><br>**Evidence:**<br><br>Henderson Dep. at 70:13-16, Ex. 9. | Disputed. Defendant never communicated to Tipton that she was eligible to be rehired. Tipton believed that she had been terminated, and therefore was not eligible for rehire. Tipton did not know her termination was listed as "voluntary" and would not have had access to that information.<br><br>**Evidence:**<br><br>Tipton Dep., at 49:16-19; Tipton Dep., at 53:14- 54:3. Tipton Dep., at 54:15-19; Leutkenhaus Dep., at 58:6-23. | **Undisputed.** Again, Plaintiff's response and cited evidence does not dispute Defendant's stated fact. ATS's file specifically indicates that Plaintiff is eligible for rehire. Plaintiff's contention that she did not know she was eligible for rehire does not dispute this. Plaintiff's response points to unrelated "facts" and attempts to create a disputed fact through Plaintiff's own deposition testimony and declaration. Plaintiff cannot now try to create a disputed fact through her self-serving Declaration (or contradictory sworn deposition testimony) by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). |

## ISSUE NO. 7

ATS is entitled to judgment on Plaintiff's claim for failure to accommodate because Plaintiff's doctor did not clear her to perform light duty.

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 106. On April 9, 2017, Plaintiff suffered an injury to her shoulder | Undisputed. | **Undisputed.** |

93

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| while bending over to pick up a piece of trash on the airplane.  **Evidence:**  Plaintiff's Dep. at 62:21-63:1; 68:16-24; 70:3-5; 77:10-14. | | |
| 107. Plaintiff's doctor placed her off work from April 11, 2017 to April 19, 2017.  **Evidence:**  Plaintiff's Dep. Ex. 9. | Disputed, in part. Defendants decision makers claim to have not been aware of Tipton's disability until her third note was provided to Guillen on or around April 27, 2017. When Tipton's note was received on or around April 11, 2017, Defendants failed to discuss what, if any limitations Tipton would have in performing the essential functions in her role as a groomer. In fact, Tipton was outright denied accommodations.  **Evidence:**  Deposition of Damian Neri ("Neri Dep.,") at 60:10-61:5; Henderson Dep., at 28:14-25; Leatkenhause Dep., at 32:8-33:8; Deposition of Moses Guillen ("Guillen Dep.,") at 80:5-81:3; Tipton Dec., ¶10. | **Undisputed.** Plaintiff's response and cited evidence does not dispute Defendant's stated fact. In fact, Plaintiff's response itself is not even supported by the evidence she cites. When Defendant's "decision makers" became aware of Plaintiff's disability, and what discussions transpired between Defendant and Plaintiff are entirely irrelevant to this fact. Moreover, it is untrue that Plaintiff was "outright denied accommodations," and Plaintiff fails to cite to a shred of evidence to support this self-serving statement. Plaintiff was granted a one month leave of absence. It is undisputed that Plaintiff's doctor's note took her entirely off work.  **Evidence:** Plaintiff's Dep. Ex. 9. |
| 108. Plaintiff's doctor advised her that she was unable to perform her job until her shoulder healed.  **Evidence:**  Plaintiff's Dep. at 41:6-9. | Disputed. Tipton's doctor told her not to drive, and not to pick up heavy objects, including her children.  **Evidence:** | **Undisputed.** Plaintiff testified:  "Q: You had seen a doctor that you that you were unable to perform your job until your shoulder healed; correct? |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | Tipton Dep., at 362:8-17; Tipton Dep., 362:18-24; Tipton Dec., ¶ 10. | A: Yes."<br><br>Plaintiff's response could not have been clearer. Her doctor advised her that she was unable to perform her job until her shoulder healed. This fact is undisputed.<br><br>Plaintiff cannot now try to create a disputed fact through her self-serving declaration (or contradictory deposition testimony) by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence; Plaintiff's Dep. at 41:6-9. |
| 109.  Plaintiff never spoke to her doctor about whether she could perform light duty.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 82:16-19; 84:13-16. | Disputed. After Tipton was denied light duty, she believed that she should focus on getting better.<br><br>**Evidence:**<br><br>Tipton Dep., at 82:16-24. | **Undisputed.**  Plaintiff testified:<br><br>"Q: Did you talk to your doctor at all about whether your doctor would allow you to perform light duty?<br><br>A: No."<br><br>"Q: Okay. Did you talk to the doctor at all about whether he would permit you to engage in light duty? |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | A: No." |
| | | Again, Plaintiff's testimony could not be clearer that Defendant's fact must be undisputed. |
| | | Plaintiff's contention that she focused on getting better does nothing to refute this. |
| | | Furthermore, Plaintiff cannot now try to create a disputed fact through her contradictory deposition testimony by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). |
| | | **Evidence:** Defendant's Objections to Plaintiff's Evidence; Plaintiff's Dep. at 82:16-19; 84:13-16. |
| 110.  Plaintiff's doctor extended her time off work until May 1, 2019.  **Evidence:**  Plaintiff's Dep. at 88:1-6; 89:11-21 Ex. 12. | Disputed, in part. Defendants decision makers claim to have not been aware of Tipton's disability until her third note was provided to Guillen on or around April 27, 2017. Although Tipton's note was received on or around April 19, 2017, Defendants failed to discuss what, if any limitations Tipton would have in performing the essential functions in her | **Undisputed.**  Plaintiff's response and cited evidence does not dispute Defendant's stated fact. In fact, Plaintiff's response itself is not even supported by the evidence she cites. When Defendant's "decision makers" became aware of Plaintiff's disability, and what discussions transpired between Defendant and Plaintiff are entirely irrelevant to this fact. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | role as a groomer. In fact, Tipton was outright denied accommodations.<br><br>**Evidence:**<br><br>Neri Dep., at 60:10-61:5; Henderson Dep., at 28:14-25; Leatkenhause Dep., at 32:8-33:8; Guillen Dep., at 80:5-81:3; Tipton Dec., ¶10. Neri Dep., at 66:3-23; Henderson Dep., at 31:15-32:2; Leatkenhause Dep., at 34:21-36:6; Guillen Dep., at 87:13-24; Tipton Dec., ¶13. | Moreover, it is untrue that Plaintiff was "outright denied accommodations," and Plaintiff fails to cite to a shred of evidence to support this self-serving statement. Plaintiff was granted a one month leave of absence. It is undisputed that Plaintiff's doctor's note took her entirely off work.<br><br>**Evidence:** Plaintiff's Dep. Ex. 12. |
| 111.  Plaintiff did not discuss with her doctor whether she could perform light duty because it "Just wasn't on my mind at that time."<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 88:7-16. | Disputed. After Tipton was denied light duty, she believed that she should focus on getting better.<br><br>**Evidence:**<br><br>Tipton Dep., at 82:16-24. | **Undisputed.**  Plaintiff testified:<br><br>"Q: Did you talk to your doctor at all about whether your doctor would allow you to perform light duty?<br><br>A: No."<br><br>"Q: Okay. Did you talk to the doctor at all about whether he would permit you to engage in light duty?<br><br>A: No."<br><br>"Q: Now, did you have any discussions with your doctor at this time saying -- asking him whether or not you could perform light duty?<br><br>A: No.<br><br>Q: And why not?<br><br>A: Just wasn't on my mind at that time."<br><br>Again, Plaintiff's testimony could not be clearer that |

97

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | Defendant's fact must be undisputed.<br><br>Plaintiff's contention that she focused on getting better does nothing to refute this.<br><br>Furthermore, Plaintiff cannot now try to create a disputed fact through her contradictory deposition testimony by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence; Plaintiff's Dep. at 82:16-19; 84:13-16; 88:7-16. |
| 112. Plaintiff saw her doctor again, and her doctor extended her time off of work until May 15, 2019.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 98:10-19; 102:9-13, Ex. 13. | Undisputed. | **Undisputed.** |
| 113. Plaintiff was placed off work by her doctor and the note she provided precluded her from performing any type | Disputed, in part. Defendants decision makers claim to have not been aware of Tipton's disability until her third note was provided to Guillen on or around April | **Undisputed.** Plaintiff's response contains entirely irrelevant information to Defendant's stated fact. Plaintiff testified: |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| of work, including light duty.<br><br>**Evidence:**<br>Plaintiff's Dep., Vol. 2, at 231:23-25; 233:20-234:7; 235:5-13. | 27, 2017. Although Tipton's note was received on or around April 19, 2017, Defendants failed to discuss what, if any limitations Tipton would have in performing the essential functions in her role as a groomer. In fact, Tipton was outright denied accommodations.<br><br>**Evidence:**<br>Neri Dep., at 60:10-61:5; Henderson Dep., at 28:14-25; Leatkenhause Dep., at 32:8-33:8; Guillen Dep., at 80:5-81:3; Tipton Dec., ¶10. Neri Dep., at 66:3-23; Henderson Dep., at 31:15-32:2; Leatkenhause Dep., at 34:21-36:6; Guillen Dep., at 87:13-24; Tipton Dec., ¶13. | "Q: Now, I didn't see -- it doesn't say anything in the note about light duty?<br><br>A: No.<br><br>Q: Did the doctor recommend that you could do light duty?<br><br>A: No."<br><br>"Q: There's nothing in the note that you provided that said you could perform light duty.<br><br>A: No.<br><br>Q: The note only said that you couldn't perform work.<br><br>A: Yes."<br><br>Plaintiff's testimony was clear, and a review of her three doctor's notes unequivocally establishes that her doctor did not recommend light duty and that none of her notes mention light duty. This fact is undisputed.<br><br>In fact, Plaintiff's response itself is not even supported by the evidence she cites. When Defendant's "decision makers" became aware of Plaintiff's disability, and what discussions transpired between Defendant and Plaintiff are entirely irrelevant to this fact. Moreover, it is untrue that Plaintiff was "outright denied accommodations," and Plaintiff fails to cite to a shred of evidence to support this self-serving |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | statement. Plaintiff was granted a one month leave of absence. It is undisputed that Plaintiff's doctor's note took her entirely off work.<br><br>Furthermore, Plaintiff cannot now try to create a disputed fact through her self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence; Plaintiff's Dep. at 79:2-7, 80:18-23; Exs. 9, 12, 13. |
| 114. Plaintiff was not qualified for any job protected leave.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 60:19-22; Court Order (Doc. 25) at pp. 16-17. | Disputed. Tipton qualified for medical non-FMLA leave pursuant to ATS' employee manual. Defendant provides medical Non-FMLA to its employees for an unlimited amount of time. This leave is provided irrespective of whether the employee is injured on duty or off duty.<br><br>**Evidence:**<br><br>Leautkenhause Dep., at 28:11-23. (Deposition of Jeff Leukenhaus as the Person Most Knowledgeable in Re | **Undisputed.** Defendant's stated fact is supported by Henderson's cited deposition testimony, as well as this Court's prior order. This Court previously found that Plaintiff did not qualify for job protected leave.<br><br>Plaintiff's alleged "fact" does not dispute this. Moreover, the evidence Plaintiff relies upon does not support her contention that medical non-FMLA leave is provided for an unlimited amount of time. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | Policies "PMK in re Policies Dep.,") at 37:20-24. | The evidence relied on by Plaintiff states:<br><br>"Q: So as it relates to an employee seeking an extension, are you aware of there being any limitations on an employee's ability to seek extensions to non -- to a medical non-FMLA leave?<br><br>A: No."<br><br>The testimony Plaintiff relies upon merely states that there is no limitation on an employee's ability to seek an extension of leave. It does not support the conclusion that an unlimited amount of leave time is provided. Moreover, Plaintiff's response and evidence does not address whether the leave is allegedly job protected; thus, it is irrelevant and unable to dispute this fact. |
| 115. As of the time of Henderson's conversation with Plaintiff in May 2017, Plaintiff could not provide a date certain on which she could return to work.<br><br>**Evidence:**<br><br>Henderson Dep. at 60:1-5; Plaintiff's Dep. at 102:14-103:19. | Disputed. As of the May 2017 phone call with Henderson, Tipton advised Henderson that she was waiting until she went to the doctor on May 15, 2017, her anticipated release date to return to work. Henderson informed her that she had to return to work without restrictions, resign, or be terminated.<br><br>**Evidence:**<br><br>Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | **Undisputed.** Plaintiff testified:<br><br>"Q: Okay. Did you discuss -- when you had your discussion with Shonta prior to your termination or about your termination or discussion you testified to, did you have -- did you discuss with her when you might be able to return to work?<br><br>A: No.<br><br>Q: Okay. And why not?<br><br>A: She didn't ask me, but I was -- but I told her that I was seeing a doctor for my |

101

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | injury. I didn't know when I can return to work, but I told her I wanted to return to work." |
| | | "Q: But your doctor -- because of the health insurance issue, you knew that you weren't going to be able to get the treatment you needed to be able to return to work until sometime after May 15 and you testified it took actually a couple months before you were able to get the further treatment; correct? |
| | | A: Yes." |
| | | Plaintiff's testimony was clear that as of May 8, 2017 - the date of her call with Henderson - she did not know when she could return to work, but knew she could not return on May 15, 2017. |
| | | Plaintiff cannot now try to create a disputed fact through her contradictory deposition testimony and her self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). Tipton did not advise Henderson when she could |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | return to work, and in fact, she did not know when she could return.<br><br>**Evidence:** Plaintiff's Dep. at 102:14-24; 103:21-104:3; Defendant's Objections to Plaintiff's Evidence. |
| 116.  Prior to June 2018, no doctor ever allowed Plaintiff to perform modified duty, and she was not permitted to drive, making it difficult to get to work.<br><br>**Evidence:**<br><br>Plaintiff's Dep., Vol. 2, at 239:3-7; 239:18-23. | Disputed. Tipton returned to work on April 10, 2017, the day after her injury, and worked her full shift without accommodations. Tipton returned to work on April 13, 2017 and request light duties, but was denied. Tipton could have performed all of her duties with or without accommodations. Tipton remained off work after her injury because she was unemployed, had filed a workers' compensation claim, and wanted to focus on her health.<br><br>**Evidence:**<br><br>Tipton Dep., at 78:4-23; Tipton Dep., 78:4-23; Tipton Dep., 336:11-339:13; Tipton Dec., ¶ 20. | **Undisputed.** Plaintiff testified:<br><br>"Q: After you resignation from ATS when you were undergoing treatment through the workers' comp system, at any point in time, did the workers' comp doctor allow you to perform modified duty?<br><br>A: No."<br><br>"Q: All right. Were you able to drive while you were undergoing your shoulder treatment?<br><br>A: No."<br><br>Plaintiff's response and cited evidence do not refute this fact. As of April 10, 2017, Plaintiff had not yet seen a doctor.<br><br>Plaintiff further testified:<br><br>"Q: So -- so there's a point in time where you injured your shoulder?<br><br>A: Yes.<br><br>Q: And you were unable to work?<br><br>A: Yes. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | Q: And that continued until there was a point in time where you were healed and able to work, correct?

A: Yes."

"Q: And in around June 2018, were you cleared by then to be able to perform work because -- you know, in other words, was your injury healed enough to allow you to be able to perform work?

A: Yes."

"Q: Okay. So around June 2018 is when you believed you were well enough to begin looking for similar work?

A: Yes."

Plaintiff was clear in her testimony that she was unable to work until June 2018. Plaintiff's doctor placed her off work, and Plaintiff did not dispute this fact (UMF 60). If Plaintiff could have performed all of her duties with or without accommodation, then it is illogical that her doctor would place her off work, that she would choose to remain off work for over a year, and that she would request light duties.

Plaintiff cannot now try to create a disputed fact through her contradictory deposition testimony and her self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v.* |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | *Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep. at 42:15-23; 45:11-15; 46:18-21; Exs. 9, 12, 13; Plaintiff's Dep., Vol. 2 at 239:3-7; 239:18-23; 362:8-17; Defendant's Objections to Plaintiff's Evidence. |
| 117.  None of the three doctor's notes that Plaintiff provided to ATS stated that she was capable of doing any type of light or modified duty.<br><br>**Evidence:**<br><br>Plaintiff's Dep., Exs. 9, 12, 13. | Disputed. Tipton returned to work on April 10, 2017, the day after her injury, and worked her full shift without accommodations. Tipton returned to work on April 13, 2017 and request light duties, but was denied. Tipton could have performed all of her duties with or without accommodations. Tipton remained off work after her injury because she was unemployed, had filed a workers' compensation claim, and wanted to focus on her health.<br><br>**Evidence:**<br><br>Tipton Dep., at 70: 3-10; Tipton Dep., at 78:4-23; Tipton Dep., at 336:11-339:13; Tipton Dec., ¶ 20. | **Undisputed.**  Plaintiff further testified:<br><br>"Q: So -- so there's a point in time where you injured your shoulder?<br><br>A: Yes.<br><br>Q: And you were unable to work?<br><br>A: Yes.<br><br>Q: And that continued until there was a point in time where you were healed and able to work, correct?<br><br>A: Yes."<br><br>"Q: And in around June 2018, were you cleared by then to be able to perform work because -- you know, in other words, was your injury healed enough to allow you to be able to perform work? |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | A: Yes." |
| | | "Q: Okay. So around June 2018 is when you believed you were well enough to begin looking for similar work? |
| | | A: Yes." |
| | | Plaintiff was clear in her testimony that she was unable to work until June 2018. Plaintiff's doctor placed her off work, and Plaintiff did not dispute this fact (UMF 60). If Plaintiff could have performed all of her duties with or without accommodation, then it is illogical that her doctor would place her off work, that she would choose to remain off work for over a year, and that she would request light duties. Plaintiff's response and cited evidence do not dispute this fact. |
| | | Plaintiff further testified: |
| | | "Q: Now, I didn't see -- it doesn't say anything in the note about light duty? |
| | | A: No. |
| | | Q: Did the doctor recommend that you could do light duty? |
| | | A: No." |
| | | "Q: There's nothing in the note that you provided that said you could perform light duty. |
| | | A: No. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | Q: The note only said that you couldn't perform work. |
| | | A: Yes." |
| | | Plaintiff's testimony was clear, and a review of her three doctor's notes unequivocally establishes that her doctor simply placed her off work. This fact is undisputed. |
| | | Furthermore, Plaintiff cannot now try to create a disputed fact through her contradictory deposition testimony and self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). |
| | | **Evidence:** Defendant's Objections to Plaintiff's Evidence; Plaintiff's Dep. at 42:15-23; 45:11-15; 46:18-21; 79:2-7, 80:18-23; Exs. 9, 12, 13; Plaintiff's Dep., Vol. 2 at 239:3-7; 239:18-23; 362:8-17. |
| 118. Plaintiff never even asked her doctor whether she could be cleared to perform light duty, and never provided a doctor's note to ATS that allowed her to | Disputed, in part. Defendants decision makers claim to have not been aware of Tipton's disability until her third note was provided to Guillen on or around April 27, 2017. When Tipton's note was received on or | **Undisputed.** Plaintiff testified: "Q: Did you talk to your doctor at all about whether your doctor would allow you to perform light duty? |

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| perform modified duty.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 82:16-19; 84:13-16; Plaintiff's Dep. Vol. 2, at 238:22-25. | around April 11, 2017, Defendants failed to discuss what, if any limitations Tipton would have in performing the essential functions in her role as a groomer. In fact, Tipton was outright denied accommodations.<br><br>**Evidence:**<br><br>Deposition of Damian Neri ("Neri Dep.,") at 60:10-61:5; Henderson Dep., at 28:14-25; Leatkenhause Dep., at 32:8-33:8; Deposition of Moses Guillen ("Guillen Dep.,") at 80:1-81:5; Tipton Dec., ¶10. | A: No."<br><br>"Q: Okay. And did you ever provide any kind of doctor's notes that allowed you to perform modified duty at all?<br><br>A: No."<br><br>Plaintiff's testimony was clear. Defendant's fact is undisputed. Plaintiff's response and cited evidence does not refute the stated fact.<br><br>In fact, Plaintiff's response itself is not even supported by the evidence she cites. When Defendant's "decision makers" became aware of Plaintiff's disability, and what discussions transpired between Defendant and Plaintiff are entirely irrelevant to this fact. Moreover, it is untrue that Plaintiff was "outright denied accommodations," and Plaintiff fails to cite to a shred of evidence to support this self-serving statement. Plaintiff was granted a one month leave of absence. It is undisputed that Plaintiff's doctor's note took her entirely off work.<br><br>Furthermore, Plaintiff cannot now try to create a disputed fact through her self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma* |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | *Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). **Evidence:** Plaintiff's Dep. at 82:16-19; 84:13-16; Plaintiff's Dep. Vol. 2, at 238:22-25; Defendant's Objections to Plaintiff's Evidence. |

## ISSUE NO. 8

ATS is entitled to judgment on Plaintiff's claim for failure to accommodate because ATS did accommodate her until its business needs prevented it from doing so further.

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 119.  Plaintiff did not qualify for protected leave under FMLA or CFRA, nor did she have one month of personal time off available. **Evidence:** Henderson PMK Dep. at 60:19-22, 47:1-4, Ex. 2. | Disputed. Tipton was not attempting to take FMLA or CFRA, Tipton attempted to take Medical Non-FMLA leave. Defendant has a policy that provides its employees with Medical Non-FMLA leave as stated in Defendant's employee handbook. Defendant provides medical Non-FMLA to its employees for an unlimited amount of time. This leave is provided irrespective of whether the employee is injured on duty or off duty. **Evidence:** Leautkenhause Dep., at 28:11-23.  PMK in re | **Undisputed.** Plaintiff's cited evidence does not dispute Defendant's stated fact, and does not even support the full response Plaintiff provided. The testimony cited by Plaintiff merely indicates that medical non-FMLA leave can be provided for employees injured on or off the job. The cited testimony does not state that Plaintiff qualified for the leave, nor does it dispute that Plaintiff did not qualify for job protected leave or that her leave claims were dismissed with prejudice. The fact that Plaintiff did not qualify for protected leave or have one month of |

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | Policies Dep., at 37:20-24; Tipton Dec., ¶ 12. | personal time off available remains undisputed. |
| 120.  Plaintiff was not qualified for any job protected leave.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 60:19-22; Court Order (Doc. 25) at pp. 16-17. | Disputed. Tipton was not attempting to take FMLA or CFRA, Tipton attempted to take Medical Non-FMLA leave. Defendant has a policy that provides its employees with Medical Non-FMLA leave as stated in Defendant's employee handbook. Defendant provides medical Non-FMLA to its employees for an unlimited amount of time. This leave is provided irrespective of whether the employee is injured on duty or off duty.<br><br>**Evidence:**<br><br>Leautkenhause Dep., at 28:11-23; PMK in re Policies Dep.,") at 37:20-24; Tipton Dec., ¶ 12 | **Undisputed.** Plaintiff's cited evidence does not dispute Defendant's stated fact, and does not even support the full response Plaintiff provided. The testimony cited by Plaintiff merely indicates that medical non-FMLA leave can be provided for employees injured in or off the job. The cited testimony does not state that Plaintiff qualified for the leave, nor does it dispute that Plaintiff did not qualify for job protected leave or that her leave claims were dismissed with prejudice. The fact that Plaintiff did not qualify for job protected leave remains undisputed. |
| 121.  ATS was unable to continue Plaintiff's unprotected, personal leave, as it needed to fill her position to meet its client's needs.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 60:23-61:10; 61:19-62:6. | Disputed, in part. Although Henderson advised Tipton that she needed to fill her spot, this was untrue because there was no undue burden or business need to do so. First, Tipton's position remained open for two months after her termination, and second, Defendant did not have a contract with Jet Blue airlines requiring the hiring of groomers.<br><br>**Evidence:**<br><br>Schlosser Dec., ¶ 7, Celestine Dec., ¶ 8. | **Undisputed.** The evidence offered by Plaintiff is objectionable on numerous grounds, as outlined in detail in Defendant's concurrently submitted Objections to Plaintiff's Evidence. Plaintiff has not presented admissible evidence to dispute this fact. ATS's need to adequately staff its operations and the direct impact of that staffing on its ability to service its client remains undisputed. That LAX security and hiring regulations require detailed background and security screenings that delay the start date for ATS employees does not dispute this fact. Moreover, the |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | declaration of an individual who does not have hiring authority, or involvement in the hiring process, and who does not possess the required personal knowledge to opine on the date Plaintiff's position was filled, cannot create a disputed fact. Further, ATS's stated fact does not contend that ATS had a contract with JetBlue "requiring the hiring of groomers." The referenced obligation required that ATS maintain a certain number of groomers to fulfill ATS's obligations to JetBlue. Not only does Plaintiff's cited evidence fail to dispute this fact, but Schlosser's Declaration is objectionable on numerous grounds, including because Plaintiff's counsel's misrepresentations led to an inaccurate and incomplete declaration, as outlined in Defendant's Objections. Schlosser's Supplemental Declaration clarifies that such a contract does exist, and that it requires certain service requirements.<br><br>**Evidence:** Henderson Dep. at 77:2-78:15; Defendant's Objections to Plaintiff's Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment; Declaration of Daniel Schlosser submitted concurrently herewith. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 122. ATS advised Plaintiff of its inability to grant a further personal leave, but let her know that she was eligible for rehire.<br><br>**Evidence:**<br><br>Henderson Dep. at 46:4-10; Plaintiff's Dep., Vol. 2, at 235:24-236:3. | Disputed. Defendant never communicated to Tipton that she was eligible to be rehired. Tipton believed that she had been terminated, and therefore was not eligible for rehire. Tipton did not know her termination was listed as "voluntary" and would not have had access to that information.<br><br>**Evidence:**<br><br>Tipton Dep., at 49:16-19; Tipton Dep., at 53:14- 54:3. Tipton Dep., at 54:15-19; Leutkenhaus Dep., at 58:6-23. | **Undisputed.** Henderson testified:<br><br>"Q: We can put this to the side. I believe you testified earlier that the plaintiff could be rehired; is that correct?<br><br>A: Correct.<br><br>Q: Okay. And do you remember communicating that to the plaintiff?<br><br>A: Yes."<br><br>Plaintiff acknowledged that while she did not recall Henderson telling her that she was eligible for rehire, that she had no reason to believe Henderson was lying when she testified that she had.<br><br>Furthermore, Plaintiff cannot now try to create a disputed fact through her contradictory deposition testimony by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence; Henderson Dep. at 46:4-10; Plaintiff's Dep. at 58:9-13, 58:21-24. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 123. Plaintiff was not aware that ATS was actively looking to hire people in May 2017.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 201:15-17. | Disputed. ATS had approximately 9 employees in Tipton's group. However, on a number of occasions, Tipton's group was forced to work with as few as 4 to 5 employees and were expected to complete the same amount of work, irrespective of the number of employees on staff. Tipton's position was not filled for over two months after her termination.<br><br>**Evidence:**<br><br>Declaration of Melissa Celestine Celestine Dec., ¶ 7-8. | **Undisputed.** When asked about the May 2017 timeframe, Plaintiff testified:<br><br>"Q: Were you aware that during this time they actually were actively looking to hire people?<br><br>A: No."<br><br>Plaintiff's response and cited evidence do not refute the stated fact. Plaintiff was unaware that ATS was looking to hire individuals. ATS's staffing level of Plaintiff's group and the alleged time it took to fill her position are irrelevant to this fact. Moreover, the Declaration of Celestine is objectionable on a number of grounds, as she lacks the foundation and personal knowledge to opine on hiring efforts and staffing levels (as outlined in detail in Defendant's Objections to Plaintiff's Evidence).<br><br>**Evidence:** Plaintiff's Dep. at 201:15-17; Defendant's Objections to Plaintiff's Evidence. |
| 124. Plaintiff was also unaware of ATS's obligations to its clients, whether it was hiring in May 2017, the number of groomers on the schedule, and the availability of the employees.<br><br>**Evidence:** | Disputed, in part. Although Henderson advised Tipton that she needed to fill her spot, this was untrue because there was no undue burden or business need to do so. First, Tipton's position remained open for two months after her termination, and second, ATS did not have a contract with Jet Blue | **Undisputed.** When asked about the May 2017 timeframe, Plaintiff testified:<br><br>"Q: Were you aware that during this time they actually were actively looking to hire people?<br><br>A: No."<br><br>"Q: And while you were out, did you know how |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| Plaintiff's Dep. at 51:21-24, 201:3-17. | airlines requiring the hiring of groomers.<br><br>**Evidence:**<br><br>Schlosser Dec., ¶ 7, Celestine Dec., ¶ 8. | many employees were there and what the availability of crew members were at that time?<br><br>A: No."<br><br>Plaintiff's response and cited evidence do not refute the stated fact. Plaintiff was unaware that ATS was looking to hire individuals, and she was unaware of staffing needs. Whether an undue burden existed is irrelevant to this fact. Moreover, the Declaration of Celestine is objectionable on a number of grounds, as she lacks the foundation and personal knowledge to opine on hiring efforts and staffing levels (as outlined in detail in Defendant's Objections to Plaintiff's Evidence). Similarly, the Declaration of Schlosser is also objectionable on numerous grounds, including because Plaintiff's counsel's misrepresentations led to an inaccurate and incomplete declaration, as outlined in Defendant's Objections. Schlosser's Supplemental Declaration clarifies that such a contract does exist, and that it requires certain service requirements.<br><br>**Evidence:** Plaintiff's Dep. at 51:21-24; 201:15-17; Defendant's Objections to Plaintiff's Evidence; Declaration of Daniel Schlosser submitted concurrently herewith. |

114

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 125. As of May 8, 2017, Plaintiff did not know when she could return to work, but she knew she would be unable to return to work on May 15, 2017.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 102:20-24; 103:21-104:3; Henderson PMK Dep. at 38:24-39:10; 61:6-10; Henderson Dep. at 60:1-9. | Disputed. As of the May 2017 phone call with Henderson, Tipton advised Henderson that she was waiting until she went to the doctor on May 15, 2017, her anticipated release date to return to work. Henderson informed her that she had to return to work without restrictions, resign, or be terminated.<br><br>**Evidence:**<br><br>Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | **Undisputed.** Plaintiff testified:<br><br>"Q: Okay. Did you discuss -- when you had your discussion with Shonta prior to your termination or about your termination or discussion you testified to, did you have -- did you discuss with her when you might be able to return to work?<br><br>A: No.<br><br>Q: Okay. And why not?<br><br>A: She didn't ask me, but I was -- but I told her that I was seeing a doctor for my injury. I didn't know when I can return to work, but I told her I wanted to return to work."<br><br>"Q: But your doctor -- because of the health insurance issue, you knew that you weren't going to be able to get the treatment you needed to be able to return to work until sometime after May 15 and you testified it took actually a couple months before you were able to get the further treatment; correct?<br><br>A: Yes."<br><br>Plaintiff's testimony was clear that as of May 8, 2017 - the date of her call with Henderson - she did not know when she could return to work, but knew she could not return on May 15, 2017. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| | Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|---|
| | | | Plaintiff cannot now try to create a disputed fact through her contradictory deposition testimony and her self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). Tipton did not advise Henderson when she could return to work, and in fact, she did not know when she could return.<br><br>**Evidence:** Plaintiff's Dep. at 102:14-24; 103:21-104:3; Defendant's Objections to Plaintiff's Evidence. |
| | 126.  Plaintiff explained to Henderson that she was under a doctor's care and "didn't know what was going to happen."<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 104:11-22. | Disputed. As of the May 2017 phone call with Henderson, Tipton advised Henderson that she was waiting until she went to the doctor on May 15, 2017, her anticipated release date to return to work. Henderson informed her that she had to return to work without restrictions, resign, or be terminated.<br><br>**Evidence:**<br><br>Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | **Undisputed.**  Plaintiff testified:<br><br>"Q: Did you kind of explain to her what was going on?<br><br>A: Okay. I did explain to her that I wanted to come back to work and -- but I was under a doctor's care. So I didn't know what was going to happen. I did explain that, and she said that, well, you need to resign."<br><br>Defendant's stated fact essentially quotes Plaintiff's deposition |

116

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | testimony. There can be no dispute. Plaintiff's response and cited evidence does not dispute Defendant's fact as stated.<br><br>Plaintiff cannot now try to create a disputed fact through her contradictory deposition testimony by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep. at 104:11-22; Defendant's Objections to Plaintiff's Evidence. |
| 127. ATS is bound by its obligation to its clients to maintain a certain number of employees, which does not afford ATS the flexibility to hold open positions for employees who are not working.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 61:22-62:14. | Disputed, in part. Although Henderson advised Tipton that she needed to fill her spot, this was untrue because there was no undue burden or business need to do so. First, Tipton's position remained open for two months after her termination, and second, ATS did not have a contract with Jet Blue airlines requiring the hiring of groomers.<br><br>**Evidence:**<br><br>Schlosser Dec., ¶ 7, Celestine Dec., ¶ 8. | **Undisputed.** Plaintiff again focuses on a new alleged "fact" that does nothing to dispute Defendant's stated fact. Defendant does not contend that a contract specifically "required the termination of Tipton." Defendant's undisputed and stated fact is that ATS is bound by its obligation to its clients to maintain a certain number of employees, which does not afford the flexibility to hold open positions for employees who are not working. The evidence cited by Plaintiff does not dispute this. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | **Evidence:** Declaration of Daniel Schlosser submitted concurrently herewith. |
| 128. Holding Plaintiff's position open would have rendered ATS unable to comply with its obligations.<br><br>**Evidence:**<br><br>Henderson Dep. at 60:23-61:10; 61:19-62:6. | Disputed, in part. Although Henderson advised Tipton that she needed to fill her spot, this was untrue because there was no undue burden or business need to do so. First, Tipton's position remained open for two months after her termination, and second, ATS did not have a contract with Jet Blue airlines requiring the hiring of groomers.<br><br>**Evidence:**<br><br>Schlosser Dec., ¶ 7, Celestine Dec., ¶ 8. | **Undisputed.** The evidence offered by Plaintiff is objectionable on numerous grounds, as outlined in detail in Defendant's concurrently submitted Objections to Plaintiff's Evidence. Plaintiff has not presented admissible evidence to dispute this fact. ATS's need to adequately staff its operations and the direct impact of that staffing on its ability to service its client remains undisputed. That LAX security and hiring regulations require detailed background and security screenings that delay the start date for ATS employees does not dispute this fact.<br><br>Moreover, the declaration of an individual who does not have hiring authority, or involvement in the hiring process, and who does not possess the required personal knowledge to opine on the date Plaintiff's position was filled, cannot create a disputed fact. Further, ATS's stated fact does not contend that ATS had a contract with JetBlue "requiring the hiring of groomers." The referenced obligation required that ATS maintain a certain number of groomers to fulfill ATS's obligations to JetBlue. Not only does Plaintiff's cited evidence fail to dispute this fact, but |

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | Schlosser's Declaration is objectionable on numerous grounds, including because Plaintiff's counsel's misrepresentations led to an inaccurate and incomplete declaration, as outlined in Defendant's Objections. Schlosser's Supplemental Declaration clarifies that such a contract does exist, and that it requires certain service requirements.<br><br>**Evidence:** Henderson Dep. at 77:2-78:15; Defendant's Objections to Plaintiff's Evidence; Declaration of Daniel Schlosser submitted concurrently herewith. |

## ISSUE NO. 9

ATS is entitled to judgment on Plaintiff's claim for failure to engage in the interactive process because ATS did engage Plaintiff in the interactive process.

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 129. Plaintiff brought her doctor's note to her crew chief, Ora Beasley at ATS.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 77:16-78:3. | Undisputed. | **Undisputed.** |
| 130. Beasley called Damien Neri, Plaintiff's supervisor.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 25:10-13; 29:10-12; Deposition of Damien Neri | Undisputed | **Undisputed.** |

119

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| ("Neri Dep.") at 18:8-9, 55:5-6. | | |
| 131. Plaintiff asked Beasley about being approved to work light-duty, but she was informed that Neri said there was no light duty available.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 78:21-23; 81:10-15. | Undisputed, however this response was not in good faith. Beasley was required to have a discussion with Tipton regarding her limitations before denying her light duties.<br><br>**Evidence:**<br><br>PMK in re Policies Dep., at 46:17-25. | **Undisputed.** Plaintiff's commentary in response is inappropriate and irrelevant. Further, it is wrong, as Beasley was not obligated to engage in a futile interactive process where Plaintiff's doctor's note took her entirely off work. *Swonke v. Sprint*, 327 F.Supp.2d 1133, 1137 (N.D. Cal. 2004). |
| 132. Plaintiff's fiancé, Deon Brown provided Plaintiff's doctor's note to Edgar Trujillo, a Manager at ATS.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 89:22-90:1; Deposition of Deon Brown ("Brown Dep.") at 33:23-24; Henderson PMK Dep. at 15:23-24. | Undisputed. | **Undisputed.** |
| 133. Brown brought Plaintiff's latest doctor's note to Neri at ATS.<br><br>**Evidence:**<br><br>Brown Dep. 35:14-36:1, 36:11-17. | Undisputed. | **Undisputed.** |
| 134. On May 5, 2017, Moses Guillen, a Manager at ATS, called Plaintiff to inquire about her status and anticipated return to work date. | Disputed, in part. Guillen called to introduce himself and informed Tipton that he had received her doctor's note. Tipton told Guillen that she was going to return on May 15, 2017. | **Undisputed.** Plaintiff's response and cited evidence do not refute this fact as stated. Plaintiff's addition that Guillen introduced himself is unnecessary and does not dispute the fact. Further, Plaintiff's statement that "Tipton told |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| **Evidence:**<br><br>Deposition of Moses Guillen ("Guillen Dep.") at 41:6-9; 82:24-83:4; Plaintiff's Dep. at 109:25-110:5. | **Evidence:**<br><br>Tipton Dep., at 109:18-110:9. | Guillen that she was going to return on May 15, 2017" is unsupported by her cited evidence. |
| 135. Plaintiff advised Guillen that her doctor had placed her off work.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 111:19-112:11. | Undisputed. | **Undisputed.** |
| 136. On May 8, 2017, Henderson, a Human Resources Generalist at ATS, called Plaintiff to check on her status.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 38:24-39:10; Henderson Dep. at 9:16-18; 60:1-5. | Disputed, in part. Henderson informed Tipton that she needed to return to work without restrictions or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement. Tipton believed that because she had been terminated, that she was precluded from reapplying.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; | **Undisputed.** It is unknown what portion of this fact Plaintiff is disputing. It would appear that Plaintiff is expanding on what she contends happened during the call with Henderson, but this does not dispute that the call occurred or that Henderson was checking on Plaintiff's status. Plaintiff's statements are entirely irrelevant and do not create a disputed fact.<br><br>Plaintiff cannot now try to create a disputed fact through her contradictory deposition testimony and self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit |

121

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | contradicting his prior deposition testimony).<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence. |
| 137.  At the time of the May 8, 2017 call, Plaintiff explained to Henderson that she was under a doctor's care and "didn't know what was going to happen."<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 104:11-22. | Disputed, in part. Henderson informed Tipton that she needed to return to work without restrictions or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work on May 15, 2017. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement. Tipton believed that because she had been terminated, that she was precluded from reapplying.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | **Undisputed.**  Plaintiff testified:<br><br>"Q: Did you kind of explain to her what was going on?<br><br>A: Okay. I did explain to her that I wanted to come back to work and -- but I was under a doctor's care. So I didn't know what was going to happen. I did explain that, and she said that, well, you need to resign."<br><br>Defendant's stated fact essentially quotes Plaintiff's deposition testimony. There can be no dispute. Plaintiff's response and cited evidence does not dispute Defendant's fact as stated.<br><br>Plaintiff cannot now try to create a disputed fact through her contradictory deposition testimony by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit |

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep. at 104:11-22; Defendant's Objections to Plaintiff's Evidence. |
| 138.  Henderson informed Plaintiff that she did not qualify for job protected leave.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 38:24-39:15. | Disputed. Henderson informed Tipton that she had to replace her. Henderson advised Tipton that she either had to return to work, resign, or be terminated. Henderson continued to repeat that if Tipton would not resign, she would be terminated.<br><br>**Evidence:**<br><br>Tipton Dep., at 199:12-15; Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶¶17 and 18. | **Undisputed.**  Defendant's stated fact is not disputed by the response and evidence submitted by Plaintiff. Plaintiff testified:<br><br>"Q: Did Shonta tell you when she first reached out to you that you had no protected time and they couldn't accommodate personal leaves for you?<br><br>A: I do not recall."<br><br>Plaintiff's lack of recollection does not refute Henderson's specific recollection of informing Plaintiff that she did not qualify for job protected leave.<br><br>Moreover, Plaintiff cannot create a disputed fact through her contradictory deposition testimony or subsequent declaration. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep. at 199:12-15. |

123

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 139. Henderson advised Plaintiff that she could voluntarily resign and reapply once able to return to work.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 38:24-39:19; 65:7-13. | Disputed, in part. Henderson informed Tipton that she needed to return to work without limtitations or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement. Tipton believed that because she had been terminated, that she was precluded from reapplying.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | **Undisputed.** Plaintiff's response and cited evidence does not dispute Defendant's stated fact. Plaintiff acknowledged that she had no reason to believe that Henderson would lie about informing her of her ability to reapply. Plaintiff further testified:<br><br>"Q: Is it possible that she mentioned that in the call that, you know, you can resign but you can always reapply? We just need to fill your position?<br><br>A: I do not recall her saying that …"<br><br>Plaintiff's lack of recollection does not create a disputed fact.<br><br>Moreover, Plaintiff cannot create a disputed fact through her contradictory deposition testimony or subsequent declaration. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep. at 53:3-23. |

1

## ISSUE NO. 10

2

ATS is entitled to judgment on Plaintiff's claim for failure to engage in the

3

interactive process because Plaintiff cannot identify an available, reasonable

4

accommodation.

5

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 140. Plaintiff lacks any knowledge about how many employees were at ATS and the availability of the crew members during her leave.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 51:21-24. | Disputed. As of the May 2017 phone call with Henderson, Tipton believed and advised Henderson that she was waiting until she went to the doctor on May 15, 2017, her anticipated release date to return to work, Henderson informed her that she had to resign that day, or be terminated.<br><br>**Evidence:**<br><br>Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | **Undisputed.** Plaintiff's response does not dispute Defendant's fact as stated. Plaintiff testified:<br><br>"Q: And while you were out, did you know how many employees were there and what the availability of crew members were at that time?<br><br>A: No."<br><br>Plaintiff's acknowledgement that she has no knowledge has nothing to do with Celestine's alleged knowledge of staffing. Moreover, Celestine's Declaration fails to lay a proper foundation, or establish that she has any personal knowledge related to these statements. She does not have hiring authority, or involvement in the hiring process, and does not possess the required personal knowledge to opine on the date Plaintiff's position was filled. Thus, her declaration cannot create a disputed fact. That LAX security and hiring regulations require detailed background and security screenings that delay the start date for ATS |

125

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | employees also does not dispute this fact.<br><br>**Evidence:** Henderson Dep. at 77:2-78:15; Defendant's Objections to Plaintiff's Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment. |
| 141.  Plaintiff acknowledges that it is difficult for ATS to meet customer needs if their employees are not coming to work.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 203:1-3. | Disputed. There was no need to replace Tipton because Defendant had enough employees in her position as groomer. Defendant always had an extra person there just in case someone did not come in to work.<br><br>**Evidence:**<br><br>Tipton Dep., at 51: 8-20; Tipton Dep., 200:13-201:2. | **Undisputed.**  Plaintiff's stated response and evidence does not refute Defendant's fact as stated. Plaintiff specifically acknowledged that it is difficult for ATS to meet customer needs if their employees are not coming to work. Nothing Plaintiff submits disputes this fact.<br><br>Moreover, Plaintiff's cited evidence conveniently ignores the fact that Plaintiff also acknowledged that she lacks any knowledge of how many employees were at ATS and their availability during the time she was out. Plaintiff lacks the personal knowledge to opine on whether there was a need to replace her, and her statement is an inadmissible legal conclusion.<br><br>**Evidence:** Plaintiff's Dep. at 51:21-24. |
| 142.  Plaintiff believed her employment ended with ATS because ATS needed to replace her.<br><br>**Evidence:** | Disputed. Defendant terminated Tipton because of her disability and because she attempted to take medical Non-FMLA leave as provided by Defendant company policy and its employee | **Undisputed.**  Plaintiff cannot create a disputed fact with her own deposition testimony or declaration. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma* |

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| Plaintiff's Dep., Vol. 2, at 327:12-20. | handbook. There was no need to replace Tipton because Defendant had enough employees in her position as groomer. Defendant always had an extra person there just in case someone did not come in to work.<br><br>**Evidence:**<br><br>Tipton Dep., at 199:12-15; Tipton Dep., at 51: 8-20; Tipton Dep., at 200:13-201:2; Tipton Dec., ¶ 18. | *Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). Plaintiff testified:<br><br>"Q: And what was the reason for which that you believe you were terminated?<br><br>Witness: Why did I believe I was being terminated?<br><br>Mr. Gbewonyo: Or that was communicated to you by Shonta.<br><br>Witness: Because they need to replace me. They need to put someone in my spot."<br><br>Moreover, Plaintiff's cited evidence conveniently ignores the fact that Plaintiff also acknowledged that she lacks any knowledge of how many employees were at ATS and their availability during the time she was out. Plaintiff lacks the personal knowledge to opine on whether there was a need to replace her, and her statement is an inadmissible legal conclusion.<br><br>**Evidence:** Plaintiff's Dep. at 51:21-24. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 143. ATS's client obligations require it to maintain a certain level of positions, which does not permit ATS to maintain a lot of open positions.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 61:22-62:14. | Disputed, in part. Although Henderson advised Tipton that she needed to fill her spot, this was untrue because there was no undue burden or business need to do so. First, Tipton's position remained open for two months after her termination, and second, Defendant did not have a contract with Jet Blue airlines requiring the hiring of groomers.<br><br>**Evidence:**<br><br>Schlosser Dec., ¶ 7, Celestine Dec., ¶ 8. | **Undisputed.** Plaintiff again focuses on a new alleged "fact" that does nothing to dispute Defendant's stated fact. Defendant's undisputed and stated fact is that ATS is bound by its obligation to its clients to maintain a certain level of positions, which does not permit ATS to maintain a lot of open positions. The evidence cited by Plaintiff does not dispute this.<br><br>The evidence offered by Plaintiff is objectionable on numerous grounds, as outlined in detail in Defendant's concurrently submitted Objections to Plaintiff's Evidence. Plaintiff has not presented admissible evidence to dispute this fact. ATS's need to adequately staff its operations and the direct impact of that staffing on its ability to service its client remains undisputed. That LAX security and hiring regulations require detailed background and security screenings that delay the start date for ATS employees does not dispute this fact. Moreover, the declaration of an individual who does not have hiring authority, or involvement in the hiring process, and who does not possess the required personal knowledge to opine on the date Plaintiff's position was filled, cannot create a disputed fact. Further, ATS's stated fact does not contend that ATS had a contract with JetBlue |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | "requiring the hiring of groomers." The referenced obligation required that ATS maintain a certain number of groomers to fulfill ATS's obligations to JetBlue. Not only does Plaintiff's cited evidence fail to dispute this fact, but Schlosser's Declaration is objectionable on numerous grounds, including because Plaintiff's counsel's misrepresentations led to an inaccurate and incomplete declaration, as outlined in Defendant's Objections. Schlosser's Supplemental Declaration clarifies that such a contract does exist, and that it requires certain service requirements.<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence; Declaration of Daniel Schlosser submitted concurrently herewith. |
| 144. Holding Plaintiff's position open would have rendered ATS unable to comply with its obligations to maintain a certain number of groomers, and a failure to do so reduces ATS's ability to service its client.<br><br>**Evidence:**<br><br>Henderson Dep. at 60:23-61:10; 61:19-62:6. | Disputed, in part. Although Henderson advised Tipton that she needed to fill her spot, this was untrue because there was no undue burden or business need to do so. First, Tipton's position remained open for two months after her termination, and second, Defendant did not have a contract with Jet Blue airlines requiring the hiring of groomers.<br><br>**Evidence:**<br><br>Schlosser Dec., ¶ 7, Celestine Dec., ¶ 8. | **Undisputed.** The evidence offered by Plaintiff is objectionable on numerous grounds, as outlined in detail in Defendant's concurrently submitted Objections to Plaintiff's Evidence. Plaintiff has not presented admissible evidence to dispute this fact. ATS's need to adequately staff its operations and the direct impact of that staffing on its ability to service its client remains undisputed. That LAX security and hiring regulations require detailed background and security screenings that delay the start date for ATS employees does not dispute |

129

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
| --- | --- | --- |
| | | this fact. Moreover, the declaration of an individual who does not have hiring authority, or involvement in the hiring process, and who does not possess the required personal knowledge to opine on the date Plaintiff's position was filled, cannot create a disputed fact. Further, ATS's stated fact does not contend that ATS had a contract with JetBlue "requiring the hiring of groomers." The referenced obligation required that ATS maintain a certain number of groomers to fulfill ATS's obligations to JetBlue. Not only does Plaintiff's cited evidence fail to dispute this fact, but Schlosser's Declaration is objectionable on numerous grounds, including because Plaintiff's counsel's misrepresentations led to an inaccurate and incomplete declaration, as outlined in Defendant's Objections. Schlosser's Supplemental Declaration clarifies that such a contract does exist, and that it requires certain service requirements.<br><br>**Evidence:** Henderson Dep. at 77:2-78:15; Defendant's Objections to Plaintiff's Evidence Submitted in Opposition to Defendant's Motion for Summary Judgment; Declaration of Daniel Schlosser submitted concurrently herewith. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 145.  During Plaintiff's telephone conference with Henderson, Plaintiff was unable to provide Henderson with a return to work date.<br><br>**Evidence:**<br><br>Henderson Dep. at 60:1-5; Plaintiff's Dep. at 102:14-103:19. | Disputed. As of the May 2017 phone call with Henderson, Tipton advised Henderson that she was waiting until she went to the doctor on May 15, 2017, her anticipated release date to return to work. Henderson informed her that she had to return to work without restrictions, resign, or be terminated.<br><br>**Evidence:**<br><br>Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | **Undisputed.**  Plaintiff testified:<br><br>"Q: Okay.  Did you discuss -- when you had your discussion with Shonta prior to your termination or about your termination or discussion you testified to, did you have -- did you discuss with her when you might be able to return to work?<br><br>A: No.<br><br>Q: Okay. And why not?<br><br>A: She didn't ask me, but I was -- but I told her that I was seeing a doctor for my injury.  I didn't know when I can return to work, but I told her I wanted to return to work."<br><br>"Q: But your doctor -- because of the health insurance issue, you knew that you weren't going to be able to get the treatment you needed to be able to return to work until sometime after May 15 and you testified it took actually a couple months before you were able to get the further treatment; correct?<br><br>A: Yes."<br><br>Plaintiff's testimony was clear that as of May 8, 2017 - the date of her call with Henderson - she did not know when she could return to work, but knew she could not return on May 15, 2017. |

131

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | Plaintiff cannot now try to create a disputed fact through her contradictory deposition testimony and her self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). Tipton did not advise Henderson when she could return to work, and in fact, she did not know when she could return.<br><br>**Evidence:** Plaintiff's Dep. at 102:14-24; 103:21-104:3; Defendant's Objections to Plaintiff's Evidence. |
| 146.  Plaintiff was awaiting insurance approval for tests, and was unable to return to work until the tests were complete and her shoulder healed.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 91:20-24, 100:5-13. | Disputed. Tipton returned to work on April 10, 2017, the day after her injury, and worked her full shift without accommodations. Tipton returned to work on April 13, 2017 and request light duties, but was denied.<br><br>**Evidence:**<br><br>Tipton Dep., at 70: 3-10; Tipton Dep., 78:4-23 | **Undisputed.**  Plaintiff testified:<br><br>"Q: Tell me what happened with that.<br><br>A: Well, I went back to the doctor, and we were still waiting on some -- some -- what is it called -- the approval from my health care to approve some more tests that I needed."<br><br>"Q: But you were still waiting to have an MRI approved?<br><br>A: Yes. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | Q: And you needed to have that done before you could return to work?<br><br>A: Yes."<br><br>Plaintiff's testimony was clear that she was awaiting further tests and unable to return to work before she received them. As of April 10, 2017, Plaintiff had not yet seen the doctor, so her focus on that in response is nothing more than a red herring. Plaintiff's doctor's notes placed her entirely off work and her testimony is clear that she was not clear to return. This fact is undisputed.<br><br>**Evidence:** Plaintiff's Dep. at 91:20-24, 100:5-13. |
| 147.  Plaintiff never even asked her doctor whether she could be cleared to perform light duty, and never provided a doctor's note to ATS that allowed her to perform modified duty.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 82:16-19; 84:13-16; Plaintiff's Dep. Vol. 2,  at 238:22-25. | Disputed, in part. Defendants decision makers claim to have not been aware of Tipton's disability until her third note was provided to Guillen on or around April 27, 2017. When Tipton's note was received on or around April 11, 2017, Defendants failed to discuss what, if any limitations Tipton would have in performing the essential functions in her role as a groomer. In fact, Tipton was outright denied accommodations.<br><br>**Evidence:**<br><br>Deposition of Damian Neri ("Neri Dep.,") at 60:10-61:5; Henderson Dep., at 28:14-25; Leatkenhause Dep., at 32:8-33:8; | **Undisputed.**  Plaintiff testified:<br><br>"Q: Did you talk to your doctor at all about whether your doctor would allow you to perform light duty?<br><br>A: No."<br><br>"Q: Okay. And did you ever provide any kind of doctor's notes that allowed you to perform modified duty at all?<br><br>A: No."<br><br>Plaintiff's testimony was clear. Defendant's fact is undisputed. Plaintiff's response and cited evidence does not refute the stated fact. |

133

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | Deposition of Moses Guillen ("Guillen Dep.,") at 80:1-81:5; Tipton Dec., ¶10. | In fact, Plaintiff's response itself is not even supported by the evidence she cites. When Defendant's "decision makers" became aware of Plaintiff's disability, and what discussions transpired between Defendant and Plaintiff are entirely irrelevant to this fact. Moreover, it is untrue that Plaintiff was "outright denied accommodations," and Plaintiff fails to cite to a shred of evidence to support this self-serving statement. Plaintiff was granted a one month leave of absence. It is undisputed that Plaintiff's doctor's note took her entirely off work.<br><br>Furthermore, Plaintiff cannot now try to create a disputed fact through her self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep. at 82:16-19; 84:13-16; Plaintiff's Dep. Vol. 2, at 238:22-25; Defendant's Objections to Plaintiff's Evidence. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 148. Plaintiff admits that she was unable to perform the essential functions of her job until June 2018, over a year after both her alleged injury and the end of her employment with ATS.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 42:15-23; 45:11-15; 46:18-21. | Disputed. Tipton returned to work on April 10, 2017, the day after her injury, and worked her full shift without accommodations. Tipton returned to work on April 13, 2017 and request light duties, but was denied. Tipton believes that all of her duties in her position were light duties, and that she could have performed those duties, even without accommodations.<br><br>**Evidence:**<br><br>Tipton Dep., at 78:4-23; Tipton Dep., 78:4-23 | **Undisputed.** Plaintiff testified:<br><br>"Q: So -- so there's a point in time where you injured your shoulder?<br><br>A: Yes.<br><br>Q: And you were unable to work?<br><br>A: Yes.<br><br>Q: And that continued until there was a point in time where you were healed and able to work, correct?<br><br>A: Yes."<br><br>"Q: And in around June 2018, were you cleared by then to be able to perform work because -- you know, in other words, was your injury healed enough to allow you to be able to perform work?<br><br>A: Yes."<br><br>"Q: Okay. So around June 2018 is when you believed you were well enough to begin looking for similar work?<br><br>A: Yes."<br><br>Plaintiff was clear in her testimony that she was unable to work until June 2018. Plaintiff's doctor placed her off work, and Plaintiff did not dispute this fact (UMF 60). If Plaintiff could have performed all of her duties with or without accommodation, then it is illogical that her doctor |

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | would place her off work, that she would choose to remain off work for over a year, and that she would request light duties.<br><br>Plaintiff cannot now try to create a disputed fact through her contradictory deposition testimony and her self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep. at 42:15-23; 45:11-15; 46:18-21; Exs. 9, 12, 13; Plaintiff's Dep., Vol. 2 at 362:8-17; Defendant's Objections to Plaintiff's Evidence. |

## ISSUE NO. 11

ATS is entitled to judgment on Plaintiff's claim for failure to engage in the interactive process because any further engagement would have been futile.

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 149. Plaintiff had a single conversation with Beasley about working light duty. | Undisputed.<br><br>**Evidence:** | **Undisputed.** |

136

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| **Evidence:**<br><br>Plaintiff's Dep. at 78:21-23; 81:10-15; Plaintiff's Dep., Vol. 2, at 364:18-365:6. | Tipton Dep., at 347:17-348:2. | |
| 150. Beasley informed Plaintiff that ATS could not allow her to work when she had a work restriction from her doctor.<br><br>**Evidence:**<br><br>Plaintiff's Dep., Vol. 2, 258:1-4. | Disputed. Beasley informed Tipton that, "there is no light duties."<br><br>**Evidence:**<br><br>Tipton Dep., at 347: 17-24. | **Undisputed.** Plaintiff testified:<br><br>"Q: You don't recall Ora telling you that due to company policy, they can't have you work when you have a work restriction from the doctor?<br><br>A: She said something like that."<br><br>Plaintiff testified to this precise fact, and she cannot now try to create a disputed fact through her contradictory deposition testimony by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep., Vol. 2, 258:1-4; Defendant's Objections to Plaintiff's Evidence. |
| 151. Plaintiff did not speak with anyone else at ATS about light duty, nor did she speak to her doctor about her | Disputed, in part. After Tipton was denied light duty, she believed that she should focus on getting better. | **Undisputed.** Plaintiff's response and cited evidence does not refute Defendant's stated fact. It merely adds an irrelevant statement that Plaintiff "believed that she |

137

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| ability to perform light duty.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 166:19-23; Plaintiff's Dep., Vol. 2, at 254:1-7. | **Evidence:**<br><br>Tipton Dep., at 82:16-24. | should focus on getting better." Defendant's cited evidence supports its fact in full. As such, this fact is undisputed. |
| 152.  Plaintiff never spoke to HR about alternative jobs or duties she could perform.<br><br><br>**Evidence:**<br><br>Plaintiff's Dep. at 167:1-6. | Disputed, in part. Henderson informed Tipton that she needed to return to work without limitations or resign. Tipton refused to resign. Henderson informed Tipton that if she was not going to resign, that Henderson was going to terminate her employment. Henderson kept repeating this statement. Tipton believed that because she had been terminated, that she was precluded from reapplying.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:19; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | **Undisputed.**  Plaintiff testified:<br><br>"Q: And you never reached out to HR about seeing if there was alternative jobs you could perform or other duties you could do?<br><br>A: No."<br><br>Plaintiff's own testimony directly supports Defendant's stated fact. Plaintiff's response and cited evidence do not refute the fact as stated.<br><br>Moreover, Plaintiff cannot now try to create a disputed fact through her contradictory deposition testimony and self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep. at 167:1-6; Defendant's |

138

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | Objections to Plaintiff's Evidence. |
| 153. Plaintiff's doctor never cleared her to perform light duty.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 79:2-7; Exs. 9, 12, 13. | Disputed. After Tipton was denied light duty, she focused on getting better.<br><br>**Evidence:**<br><br>Tipton Dep., at 82:16-24. | **Undisputed.** Plaintiff testified:<br><br>"Q: Now, I didn't see -- it doesn't say anything in the note about light duty?<br><br>A: No."<br><br>Plaintiff's testimony and her three doctor's notes are clear that she is to remain off work. Plaintiff acknowledged that her doctor never cleared her to perform light duty. Plaintiff's response and cited evidence do not refute this fact. It merely adds an irrelevant statement that has no bearing on the case. |
| 154. As of May 8, 2017, despite having a doctor's note indicating an anticipated return to work date of May 15, 2017, Plaintiff advised Henderson that she did not know when she could return to work.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 61:6-10, 63:6-9; Plaintiff's Dep. at 102:14-103:19. | Disputed. As of May 8, 2017, Tipton had a return to work date of May 15, 2017. Tipton advised Henderson of this, however, Henderson advised that she either had to resign, return to work without restrictions, or she would be terminated.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. Tipton Dep., at 49:16-19; Tipton Dep., at 53:14- 54:3. Tipton Dep., at 54:15-19. | **Undisputed.** Plaintiff testified:<br><br>"Q: Did you kind of explain to her what was going on?<br><br>A: Okay. I did explain to her that I wanted to come back to work and -- but I was under a doctor's care. So I didn't know what was going to happen. I did explain that, and she said that, well, you need to resign."<br><br>Defendant's stated fact essentially quotes Plaintiff's deposition testimony. There can be no dispute. Plaintiff's response and cited evidence does not dispute Defendant's fact as stated. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | Plaintiff cannot now try to create a disputed fact through her contradictory deposition testimony by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep. at 104:11-22; Defendant's Objections to Plaintiff's Evidence. |
| 155.  Plaintiff was not authorized to perform work in any capacity, with or without restrictions, and she never advised ATS that she could return to work.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 49:24-50:1, 79:2-7, 128:8-12, 130:21-131:3; Exs. 9, 12, 13; Henderson PMK Dep. at 65:14-17. | Disputed. After Tipton was denied light duty, she believed that she should focus on getting better.<br><br>**Evidence:**<br><br>Tipton Dep., at 82:16-24. | **Undisputed.**  Plaintiff testified:<br><br>"Q: Now, I didn't see -- it doesn't say anything in the note about light duty?<br><br>A: No."<br><br>Plaintiff's testimony and her three doctor's notes are clear that she is to remain off work. Plaintiff acknowledged that her doctor never cleared her to perform work in any capacity, and she never informed ATS that she could return to work. Plaintiff's response and cited evidence do not refute this fact. It merely adds an irrelevant statement that has no bearing on the case.<br><br>**Evidence:** Plaintiff's Dep. at 49:24-50:1, 79:2-7, |

140

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | 128:8-12, 130:21-131:3; Exs. 9, 12, 13; Henderson PMK Dep. at 65:14-17. |

## ISSUE NO. 12

ATS is entitled to judgment on Plaintiff's claim for punitive damages because there is no evidence of malice, oppression, or fraud.

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 156.  Plaintiff testified that both Neri and Trujillo liked her, and that she had no reason to believe they would want to harm her employment in any way.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 32:13-25. | Disputed. Tipton complained about not being issued a fair rotation, and was issued a write up by Trujillo and Neri for this complaint.<br><br>**Evidence:**<br><br>Tipton Dep., at 160:25-151:20; Tipton Dep., Exh. 5. | **Undisputed.**  Plaintiff testified:<br><br>"Q: do you have any feelings as to whether Damian or Edgar liked you?<br><br>A: No. they both liked me at that time.<br><br>…<br><br>Q: And do you have any reason to believe that they had any issues with you during your employment?<br><br>A: No.<br><br>Q: Do you have any reason to believe that they would want to harm your employment in any way?<br><br>A: No."<br><br>Defendant's stated fact comes directly from Plaintiff's deposition testimony. There can be no dispute.<br><br>Plaintiff cannot now try to create a disputed fact through her contradictory |

141

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | deposition testimony by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep. at 32:13-25; Defendant's Objections to Plaintiff's Evidence. |
| 157. Neri and Trujillo were supportive of Plaintiff.<br><br>**Evidence:**<br><br>Plaintiff's Dep. at 33:4-6. | Disputed. Tipton complained about not being issued a fair rotation, and was issued a write up by Trujillo and Neri for this complaint. Further, Neri denied Tipton light duties after she was injured.<br><br>**Evidence:**<br><br>Tipton Dep., at 160:25-151:20; Tipton Dep., Exh. 5.; Tipton Dep., 81:5-20. | **Undisputed.** Plaintiff testified:<br><br>"Q: Did you find them to be supportive of you?<br><br>A: Yes."<br><br>Defendant's stated fact comes directly from Plaintiff's deposition testimony. There can be no dispute.<br><br>Plaintiff cannot now try to create a disputed fact through her contradictory deposition testimony by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit |

142

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep. at 33:4-6; Defendant's Objections to Plaintiff's Evidence. |
| 158. Henderson also testified that she had no animosity or negative feelings toward Plaintiff.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 66:2-7. | Disputed in part. Henderson testified that the reason she had to terminate Tipton was because of a contract between Defendant and Jet Blue, however, there is no contract in existence.<br><br>**Evidence:**<br><br>Schlosser Dec., ¶7. | **Undisputed.** Plaintiff's response and cited evidence does not refute Defendant's stated fact. Henderson testified that she had no animosity or negative feelings toward Plaintiff and Plaintiff's evidence does not prove that such animosity or negative feelings existed. Henderson's need to replace Plaintiff's position is not indicative of this.<br><br>Not only does Plaintiff's cited evidence fail to dispute this fact, but Schlosser's Declaration is objectionable on numerous grounds, including because Plaintiff's counsel's misrepresentations led to an inaccurate and incomplete declaration, as outlined in Defendant's Objections. Schlosser's Supplemental Declaration clarifies that such a contract does exist, and that it requires certain service requirements..<br><br>**Evidence:** Henderson PMK Dep. at 66:2-7; Defendant's Objections to Plaintiff's Evidence; Declaration of Daniel Schlosser submitted concurrently herewith. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 159. ATS believed that Plaintiff resigned her employment, and it processed her separation as a voluntary resignation.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 40:7-9; Henderson Dep., Ex. 9. | Disputed. Tipton made clear that she would not resign from her position when she told Henderson that she was still under doctor's supervision, that she wanted her job, and that she could not force her to quit. Tipton began to cry when Henderson informed her she was going to terminate her because she would not quit. Tipton did not know her termination was listed as "voluntary" and would not have had access to that information.<br><br>**Evidence:**<br><br>Leautkenhause Dep., 58: 7-23; Brown Dep., at 47: 15-48:2; Deposition of Jayme Tipton Tipton Dep. at 49: 20-23; 324:13-326:20. Declaration of Jayme Tipton Tipton Dec., ¶ 17; Henderson Depo., at 54:15-55:10. | **Undisputed.** Plaintiff's stated response and supporting evidence does not dispute the fact as stated by ATS. Henderson believed Plaintiff resigned her employment. None of the testimony cited by Plaintiff refutes Henderson's belief.<br><br>**Evidence:** Henderson PMK Dep. at 40:7-9; Henderson Dep. Ex. 9 |
| 160. ATS remains willing to rehire Plaintiff.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 65:18-66:1. | Disputed. Defendant never communicated to Tipton that she was eligible to be rehired. Tipton believed that she had been terminated, and therefore was not eligible for rehire. Tipton did not know her termination was listed as "voluntary" and would not have had access to that information.<br><br>**Evidence:**<br><br>Tipton Dep., 49:16-19; Tipton Dep., 53:14- 54:3. Tipton Dep., 54:15-19; Leutkenhaus Dep., at 58:6-23. | **Undisputed.** Again, the evidence cited by Tipton does not refute the fact as stated by Defendant. Plaintiff's contention that she did not know she was eligible for rehire does not refute the fact that ATS is willing to rehire Plaintiff, and that ATS actually offered Plaintiff reinstatement through her counsel.<br><br>**Evidence:** Henderson PMK Dep. at 65:18-66:1; O'Dell Dec. ¶ 19. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 161.  ATS is bound by its obligation to its clients to maintain a certain number of employees, which does not afford ATS the flexibility to hold open positions for employees who are not working.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 61:22-62:14. | Disputed. There was no contract between Defendant and Jet Blue that would have required the termination of Tipton.<br><br>**Evidence:**<br><br>Schlosser Dec., ¶ 7. | **Undisputed.**  Plaintiff again focuses on a new alleged "fact" that does nothing to dispute Defendant's stated fact. Defendant does not contend that a contract specifically "required the termination of Tipton." Defendant's undisputed and stated fact is that ATS is bound by its obligation to its clients to maintain a certain number of employees, which does not afford the flexibility to hold open positions for employees who are not working. The evidence cited by Plaintiff does not dispute this.<br><br>**Evidence:** Declaration of Daniel Schlosser submitted concurrently herewith. |
| 162.  Holding Plaintiff's position open would have rendered ATS unable to comply with its obligations.<br><br>**Evidence:**<br><br>Henderson Dep. at 60:23-61:10; 61:19-62:6. | Disputed, in part. Although Henderson advised Tipton that she needed to fill her spot, this was untrue because there was no undue burden or business need to do so. First, Tipton's position remained open for two months after her termination, and second, Defendant did not have a contract with Jet Blue airlines requiring the hiring of groomers.<br><br>**Evidence:**<br><br>Schlosser Dec., ¶ 7, Celestine Dec., ¶ 8. | **Undisputed.**  The evidence offered by Plaintiff is objectionable on numerous grounds, as outlined in detail in Defendant's concurrently submitted Objections to Plaintiff's Evidence. Plaintiff has not presented admissible evidence to dispute this fact. ATS's need to adequately staff its operations and the direct impact of that staffing on its ability to service its client remains undisputed. That LAX security and hiring regulations require detailed background and security screenings that delay the start date for ATS employees does not dispute this fact. Moreover, the declaration of an individual who does not have hiring authority, or involvement |

145

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | in the hiring process, and who does not possess the required personal knowledge to opine on the date Plaintiff's position was filled, cannot create a disputed fact. Further, ATS's stated fact does not contend that ATS had a contract with JetBlue "requiring the hiring of groomers." The referenced obligation required that ATS maintain a certain number of groomers to fulfill ATS's obligations to JetBlue. Not only does Plaintiff's cited evidence fail to dispute this fact, but Schlosser's Declaration is objectionable on numerous grounds, including because Plaintiff's counsel's misrepresentations led to an inaccurate and incomplete declaration, as outlined in Defendant's Objections. Schlosser's Supplemental Declaration clarifies that such a contract does exist, and that it requires certain service requirements.<br><br>**Evidence:** Henderson Dep. at 77:2-78:15; Defendant's Objections to Plaintiff's Evidence; Declaration of Daniel Schlosser submitted concurrently herewith. |
| 163.  Henderson informed Plaintiff that she did not qualify for job protected leave.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 38:24-39:15. | Disputed. Henderson informed Tipton that she had to replace her. Henderson advised Tipton that she either had to return to work, resign, or be terminated. Henderson continued to repeat that if Tipton would not resign, she would be terminated. | **Undisputed.**  Defendant's stated fact is not disputed by the response and evidence submitted by Plaintiff. Plaintiff testified:<br><br>"Q: Did Shonta tell you when she first reached out to you that you had no protected time and they |

146

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | **Evidence:**<br><br>Tipton Dep., at 199:12-15; Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶¶17 and 18. | couldn't accommodate personal leaves for you?<br><br>A: I do not recall."<br><br>Plaintiff's lack of recollection does not refute Henderson's specific recollection of informing Plaintiff that she did not qualify for job protected leave.<br><br>Moreover, Plaintiff cannot create a disputed fact through her contradictory deposition testimony or subsequent declaration. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep. at 199:12-15. |
| 164.  Henderson advised Plaintiff that she could voluntarily resign and reapply once able to return to work.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 38:24-39:19; 65:7-13. | Disputed, in part. Henderson informed Tipton that she needed to return to work without restrictions or resign. Henderson did not inform Tipton that she could reapply. Tipton refused to resign because her doctor placed her off work and she anticipated returning to work. Tipton began to cry as she complained that it was not right for Henderson to attempt to force her to resign. Henderson informed Tipton that if she was not going to resign, that | **Undisputed.** Plaintiff's response and cited evidence does not dispute Defendant's stated fact. Plaintiff acknowledged that she had no reason to believe that Henderson would lie about informing her of her ability to reapply. Plaintiff further testified:<br><br>"Q: Is it possible that she mentioned that in the call that, you know, you can resign but you can always |

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | Henderson was going to terminate her employment. Henderson kept repeating this statement.<br><br>**Evidence:**<br><br>Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-7; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | reapply? We just need to fill your position?<br><br>A: I do not recall her saying that …"<br><br>Plaintiff's lack of recollection does not create a disputed fact.<br><br>Moreover, Plaintiff cannot create a disputed fact through her contradictory deposition testimony or subsequent declaration. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony).<br><br>**Evidence:** Plaintiff's Dep. at 53:3-23. |
| 165.  Plaintiff remains eligible for rehire today.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 65:18-66:1. | Disputed. Defendant never communicated to Tipton that she was eligible to be rehired. Tipton believed that she had been terminated, and therefore was not eligible for rehire. Tipton did not know her termination was listed as "voluntary" and would not have had access to that information.<br><br>**Evidence:**<br><br>Tipton Dep., at 49:16-19; Tipton Dep., at 53:14- 54:3. Tipton Dep., at  54:15-19; Leutkenhaus Dep., at 58:6-23. | **Undisputed.** Again, Plaintiff's response and cited evidence does not dispute Defendant's stated fact. Plaintiff's contention that she did not know she was eligible for rehire does not dispute that Plaintiff remains eligible for rehire. Plaintiff's response points to unrelated "facts" and attempts to create a disputed fact through Plaintiff's own deposition testimony. Plaintiff cannot now try to create a disputed fact through her contradictory sworn deposition testimony by trying to dispute her prior, sworn deposition |

148

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). **Evidence:** Defendant's Objections to Plaintiff's Evidence. |

## ISSUE NO. 13

ATS is entitled to judgment on Plaintiff's claim for punitive damages because there is no evidence that any accused individual is a managing agent of ATS.

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| 166.  Henderson is not a managing agent of ATS.<br><br>**Evidence:**<br><br>Henderson PMK Dep. at 46:5-10. | Disputed. Henderson is a managing agent because she has authority to hire and terminate employees. Henderson is a managing agent because she is responsible for writing policies for Defendant's.<br><br>**Evidence:**<br><br>Tipton Dep. at 145:11-17, Tipton Dep., at 198:15-17. Hendreson Dep., 10:4-20. | **Undisputed.**  Henderson testified:<br><br>"Q: and is it your understanding that Jeff had approved you discussing potential resignation with Ms. Tipton?<br><br>A: Yes.<br><br>Q: And did you need Jeff's approval before having that discussion with Ms. Tipton?<br><br>A: Yes."<br><br>That Henderson informed Plaintiff of her hiring and firing does not render her a managing agent of ATS. There is no evidence that it |

149

| Defendant's Undisputed Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence | Defendant's Reply and Supporting Evidence |
|---|---|---|
| | | was Henderson who made that decision alone, and even If she had, it would be insufficient to render her managing agent. Plaintiff's cited evidence also does not support her contention that Henderson "is responsible for writing policies for Defendant's [sic]." Henderson merely said that she ensures Airport Terminal Services' policies are followed. Plaintiff's misrepresentation of the evidence is in bad faith, and a last ditch effort to create a disputed fact where there is none. There is simply no evidence that Henderson is a managing agent of ATS. |
| 167. Neri is not a managing agent of ATS.<br><br>**Evidence:**<br><br>Neri Dep. at 24:23-25:1. | Undisputed. | **Undisputed.** |
| 168. Guillen is not a managing agent of ATS.<br><br>**Evidence:**<br><br>Guillen Dep. at 34:14-15. | Undisputed. | **Undisputed.** |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

## PLAINTIFF'S ADDITIONAL MATERIAL FACTS THAT NEGATE SUMMARY JUDGMENT AND SUMMARY ADJUDICATION OF ISSUES NOS. 1-13

Defendant objects generally to Plaintiff's additional material facts on the ground that it is improper for them to be lumped into one category for thirteen separate issues. Further, Plaintiff routinely misquotes the evidence cited and includes facts that are duplicative of Defendant's previously stated undisputed facts. Plaintiff again appears to be unnecessarily creating busy work for both the Court and Defendant.

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| 1.  Tipton began her employment with Defendant as a Groomer on October 24, 2016. | Tipton Dec., ¶ 3. | **No objection.**<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>This fact is duplicative of Defendant's UMF 5. |
| 2.  Although Tipton was informed that she was being hired to satisfy a contract with Jet Blue airlines, Tipton and her fellow groomers were often assigned to other airlines. | Tipton Dep., at 307:21-309:24; Tipton Dec., ¶ 2. | **No objection but immaterial.**<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper. |
| 3.  On or around April 9, 2017, Tipton reached for a piece of trash on a Jet Blue airline that she was assigned to clean and suddenly heard a pop, followed by a sharp pain in her shoulder. | Tipton Dep., 60:18-23; Tipton Dep., 178:11-13; Tipton Dec., ¶ 7. | **No objection.**<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>This fact is duplicative of Defendant's UMF 28. |
| 4.  At the end of her shift when Tipton deboarded the plane she was cleaning, she informed her supervisor, Damian Neri ("Neri") of her injury. | Tipton Dep., at 64:14-25; Tipton Dep., 65: 10-66:2; Tipton Dec., ¶ 7. | **No objection or material dispute.**<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper. |

151

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| | | Neri does not recall Plaintiff informing him of her injury, but Defendant does not dispute this alleged fact for purposes of the Motion.<br><br>**Evidence:** Deposition of Damian Neri ("Neri Dep.") at 61:22-62:1. |
| 5. Neri then went to Tipton's fiancé, Deon Brown, a Ramp Agent who was also employed by Defendant and on duty, and informed Brown that Tipton had injured herself. Brown sought out Tipton who had just finished her duties and attempted to console her by rubbing her injury. | Brown Dep., at 19:19-21:23; | **Objection and immaterial.**<br><br>Federal Rules of Evidence ("FRE") 401 and 403.<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>Neri did not testify to a conversation occurring with Brown. The evidence cited by Plaintiff does not state that Plaintiff finished her duties or that Brown intended to "console" her.<br><br>However, this fact is entirely immaterial to the MSJ.. |
| 6. Thereafter, Tipton proceeded to wait for Brown to conclude his shift so that he could take her home thereafter. | Tipton Dec., ¶ 7; Brown Dep., 22:1-24:23. | **No Objection.**<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper. |
| 7. April, 10, 2017, Tipton returned to work and worked a full day, performing all her duties, however, at the end of her shift she advised Neri of her intent to go to the doctor as a result of the throbbing in her | Tipton Dep., 71:25-72:25; Tipton Dec., ¶ 8. | **No objection.**<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| | | arm, and subsequently went to the doctor to be seen. |
| 8.    On or around April 10, 2017, Tipton went to the doctor and was diagnosed with what the doctor believed to be a torn rotator cuff. | Tipton Dep., at 67:10-68:14;74:8-25; Tipton Dep., at 178:23-179:10; Tipton Dec., ¶ 8. | **Objection and immaterial.**<br><br>FRE 401 and 403.<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>The deposition testimony cited by Plaintiff does not support her statement that she was diagnosed with a torn rotator cuff. Plaintiff testified:<br><br>"Q: Were you diagnosed with a tear in your rotator cuff?<br><br>A: I was not diagnosed with that, but it was topic --<br><br>Q: That's --<br><br>A: -- between my physician. They were trying to see."<br><br>Plaintiff has produced no evidence of a torn rotator cuff diagnosis. However, this alleged fact is entirely immaterial to Defendant's MSJ.<br><br>Further, Plaintiff cannot now try to create a disputed fact through her contradictory sworn deposition testimony and self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| | | (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). **Evidence:** Plaintiff's Dep. at 179:1-7; Defendant's Objections to Plaintiff's Evidence. |
| 9.   Tipton's doctor then provided her with a note and advised her that she should avoid lifting heavy objects with her right arm and avoid picking up her children. | Tipton Dep., at 67:10-17; Tipton Dep., 69:8-11. Tipton Dep., 176:8-18; Tipton Dec., ¶ 9. | **Objection and immaterial.** Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper. Plaintiff cannot now try to create a disputed fact through her contradictory sworn deposition testimony and self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). **Evidence:** Defendant's Objections to Plaintiff's Evidence. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| 10.  Tipton was able to perform her duties with or without accommodations. | Tipton Dep., 71:25-72:25; Tipton Dec., ¶¶8 and 11. | **Objection and immaterial.**<br><br>FRE 401 and 403.<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>Plaintiff testified that she was unable to perform her job, and that her doctor placed her off work. It is illogical that Plaintiff would remain off work for more than a year if she was able to perform her job. Further, Plaintiff would have committed fraud by advising her employer that she was unable to work and filing a workers' compensation claim.<br><br>Plaintiff cannot now try to create a disputed fact through her contradictory sworn deposition testimony and self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). As such, this does not constitute a disputed fact for purposes of Defendant's Motion.<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence. Plaintiff's Dep. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| | | at 39:2-5, 74:22-25; Plaintiff's Dep. Vol. 2 at 347:10-13. |
| 11. Tipton's duties included vacuuming, picking up trash, collecting dirty blankets, and wiping down the laboratories on the plane. | Tipton Dec., ¶ 11. | **No objection.**<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>This is duplicative of Defendant's UMF 61. |
| 12. Tipton may have needed assistance lifting the vacuum on to the plane or unloading the dirty blankets, however, she often worked with a team of eight other groomers on a plane who could have assisted her with lifting of the vacuum, and ramp agents carried the blankets after they were unloaded. | Tipton Dep., at 79:18-80:3; Tipton Dep., at 159:25-161:3; Tipton Dep., at 336:11-339:8; Tipton Dep., at 342:9-343:3. | **No objection and immaterial.**<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>Defendant does not dispute this fact for purposes of the Motion; however, it is immaterial because Plaintiff's doctor placed her entirely off work. |
| 13. On or Around April 11, 2017, Tipton returned to work and went to her supervisor, Trujillo's office to request light duties. Unfortunately, Trujillo was not present, so Tipton spoke with her Crew Lead, Ora Beasley ("Beasley"). | Tipton Dep., at 80:24-81:4; Tipton Dec., ¶ 10. | **Objection and immaterial.**<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>Plaintiff's cited evidence does not support her stated fact. Plaintiff's Declaration states that she went to her supervisor's office, but Neri was not present. It does not mention Trujillo. Further, her cited deposition testimony pertains to her knowledge of ATS's policies. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| | | As such, this fact is unsupported and cannot create a disputed fact for purposes of Defendant's Motion. |
| 14. Tipton proceeded to provide Beasley with her doctor's note that placed her off work until April 20, 2017. | Tipton Dep., at 80:24-81:4; Tipton Dec., ¶ 10. | **Objection and immaterial.**<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>Plaintiff's cited evidence does not support her stated fact. Plaintiff's cited deposition testimony pertains to her knowledge of ATS's policies.<br><br>As such, this fact is unsupported and cannot create a disputed fact for purposes of Defendant's Motion |
| 15. Beasley then turned back to Tipton and informed her that Neri advised, "There is no light duty, take a copy of her note and tell her to go home." Tipton proceeded to provide Beasley with her doctor's note that placed her off work until April 20, 2017. | Tipton Dep., at 80:24-81:4; Tipton Dec., ¶ 10. | **Objection and immaterial.**<br><br>FRE 401 and 403.<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>Plaintiff's cited evidence does not support her stated fact. Plaintiff's cited deposition testimony pertains to her knowledge of ATS's policies.<br><br>As such, this fact is unsupported and cannot create a disputed fact for purposes of Defendant's Motion.<br><br>Plaintiff cannot now try to create a disputed fact |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| | | through her contradictory sworn deposition testimony and self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). Despite repeated questioning over two days of deposition, Plaintiff did not attribute this quote to Neri or Beasley.<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence. |
| 16. Defendant's decision makers in Tipton's termination feign knowledge of the existence of this doctor's note placing Tipton off work and did not rely upon this note in deciding to terminate Tipton's employment. | Neri Dep., at 60:10-61:5; Henderson Dep., at 28:14-25; Leatkenhause Dep., at 32:8-33:8; Guillen Dep., at 80:5-81:3; Tipton Dec., ¶10. | **Objection and immaterial.**<br><br>Undisputed facts must be evidence, not argument. Plaintiff fails to meet this standard here. Her alleged fact is nothing more than a cloaked legal argument.<br><br>ATS provided Plaintiff with approximately one month of leave. Plaintiff also contends that she spoke to Neri, Beasley, Guillen, and Henderson, but then contends that ATS was unaware of her injury. (UMF 129-136.)<br><br>Plaintiff's statements are inconsistent and this alleged fact is immaterial to Defendant's Motion. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| 17. Tipton was never told when or under what circumstances she could return to work | Tipton Dec., ¶10. | **No objection and immaterial.**<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>ATS was not in a position to advise Plaintiff when or under what circumstances she could return to work because her physician placed her entirely off work.<br><br>**Evidence:** Plaintiff's Dep. Exs. 9, 12 and 13. |
| 18. Defendant's employee handbook provides that, "Requests for medical leaves by employees who are not eligible for the Family Medical Leave will be considered a Medical Non-FMLA leave." | Deposition of Person Most Knowledgeable in Re Policies, Jeff Leutkenhaus ("PMK in re Policy Dep.,") Exh: 3. | **No objection.**<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper. |
| 19. There is no limit to the duration of time an employee may take Medical Non-FMLA leave. | PMK in re Policy Dep., at 37:20-24. | **Objection and immaterial.**<br><br>FRE 401 and 403.<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>The evidence cited by Plaintiff does not support this fact. The testimony states:<br><br>"Q: So as it relates to an employee seeking an extension, are you aware of there being any limitations on an employee's ability to seek extensions to non -- to |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| | | a medical non-FMLA leave?<br><br>A: No."<br><br>Luetkenhaus testified that there are no limits on an employee's ability to seek extensions, not that there is no limit on how long an employee may take a Medical Non-FMLA leave.<br><br>As Plaintiff's stated fact is unsupported by evidence, it is inadmissible. Further, this fact is immaterial to the Court's ruling on Defendant's Motion.<br><br>**Evidence:** Luetkenhaus PMK Dep. at 37:20-24. |
| 20.  A Medical Non-FMLA leave shall be granted to an employee irrespective of whether the employee suffered an injury on duty or off duty. | Leutkenhause Dep., at 28:11-23. | **Objection and immaterial.**<br><br>FRE 401 and 403.<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>The evidence cited by Plaintiff does not support this fact. The testimony states:<br><br>"Q: So as it relates this policy, would medical non-FMLA leave be provided for an employee if they were injured on the job?<br><br>A: Yes.<br><br>Q: Okay. And for medical non-FMLA leave, would it be provided to an employee who was injured off of the |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| | | job, so somewhere other than at work?<br><br>A: Yes."<br><br>Luetkenhaus's deposition does not provide that a leave "shall be granted." He merely acknowledges that the leave could be available both where an employee is injured at work and where they are injured outside of work.<br><br>As Plaintiff's stated fact is unsupported by evidence, it is inadmissible. Further, this fact is immaterial to the Court's ruling on Defendant's Motion.<br><br>**Evidence:** Luetkenhaus Dep. at 28:11-23. |
| 21. On or around April 18, 2017, prior to her April 20, 2017 return to work date as indicated in her prior doctor's note, Tipton, Because she had been instructed that she could not come back to work with restrictions, went back to her doctor and received a doctor's note placing her off work once again until May 1, 2017. | Tipton Dep., at 87:22-88:6; Tipton Dec., ¶ 13. | **Objection and immaterial.**<br><br>FRE 401 and 403.<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>The evidence cited by Plaintiff does not support her statement that "Tipton, Because she had been instructed that she could not come back to work with restrictions, went back to her doctor and received a doctor's note placing her off work once again until May 1, 2017." Plaintiff did not simply obtain a note placing her off work as opposed to providing her with light duty because she was told she could not return with restrictions. |

161

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| | | Plaintiff testified that she did not discuss light duty with her doctor, and she admits that her doctor told her he was extending her medical leave.<br><br>Plaintiff received a doctor's note placing her off duty because her doctor instructed her that she could not perform her job.<br><br>The reason Plaintiff went to the doctor is immaterial to Defendant's Motion.<br><br>**Evidence:** Plaintiff's Dep. at 82:16-19, 86:9-12, 88:1-13. |
| 22. Rather than make the three-hour trip to Los Angeles World Airways, Tipton provided her doctor's note to her fiancé, Dion Brown ("Brown"), a Ramp Agent who was also employed by Defendant, and requested that he provide it to her their mutual supervisor, Trujillo. | Tipton Dep., at 89:22-91:9; Brown Dep., at 33:11-34:18; Brown Dep., at 39:5-11; Tipton Dep., at 91: 4-12; Tipton Dec., ¶ 13. | **No objection.**<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper. |
| 23. Defendant's decision makers in Tipton's termination feign knowledge of the existence of this doctor's note from April 19, 2017, extending Tipton's leave, and did not rely upon this note in the decision to terminate Tipton's employment. | Neri Dep., at 60:10-61:5; Henderson Dep., at 28:14-25; Leatkenhause Dep., at 32:8-33:8; Guillen Dep., at 80:5-81:3; Neri Dep., at 66:3-23; Henderson Dep., at 31:15-32:2; Leatkenhause Dep., at 34:21-36:6; Guillen Dep., at 87:13-24. | **Objection and immaterial.**<br><br>Undisputed facts must be evidence, not argument. Plaintiff fails to meet this standard here. Her alleged fact is nothing more than a cloaked legal argument.<br><br>ATS provided Plaintiff with approximately one month of leave. Plaintiff also contends that she spoke to Neri, Beasley, |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| | | Guillen, and Henderson, but then contends that ATS was unaware of her injury. (UMF 129-136.)<br><br>Plaintiff's statements are inconsistent and this alleged fact is immaterial to Defendant's Motion.<br><br>This is duplicative of Plaintiff's additional undisputed material fact 16. |
| 24. Because she had been instructed that she could not come back to work with restrictions, Tipton went back to her doctor on or around April 26, 2017, and her leave was once again extended until May 15, 2017. | Tipton Dep., at 98:10-99:15; Tipton Dec., ¶13. | **Objection and immaterial.**<br><br>FRE 401 and 403.<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>The evidence cited by Plaintiff does not support her statement. Plaintiff did not simply obtain a note placing her off work as opposed to providing her with light duty because she was told she could not return with restrictions. Plaintiff testified that she did not discuss light duty with her doctor, and she admits that her doctor told her he was extending her medical leave so that she could continue treatment.<br><br>Plaintiff received a doctor's note placing her off duty because her doctor instructed her that she could not perform her job. The reason Plaintiff went to the doctor is immaterial to Defendant's Motion. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| | | **Evidence:** Plaintiff's Dep. at 82:16-19, 86:9-12, 88:1-13. |
| 25. On April 27, 2017, Brown provided this doctor's note to Tipton's Neri. This doctor's note provided Tipton with a return to work date of May 15, 2017. | Brown Dep., at 53:6-54:12; Brown Dep., at 39:5-1; Tipton Dep., at 99:3-15; Tipton Dec., ¶ 14. | **No objection.** Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper. While Neri does not recall receiving a note from Brown, Defendant does not dispute this fact for purposes of the MSJ. **Evidence:** Neri Dep. at 66:16-23. |
| 26. On May 4, 2017, Guillen sent Tipton a text message, stating, "Jayme right?" Tipton responds, "Yes Jayme Tipton." Guillen then replies, "Okay thank you." Tipton is not aware of the reason for this text message from Guillen. | Tipton Dep., 278:22-279:15; Tipton Dec., ¶ 15. | **No objection.** Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper. |
| 27. On May 4, 2017, Tipton's supervisor, Guillen sent Shonta Henderson ("Henderson"), Defendant's Human Resources Generalist, an email with a copy of Tipton's doctor's note indicating that she had right shoulder pain with a return to work date of May 15, 2017. | Henderson Dep., at 48:4-24; Guillen Dep., at 100:11-101:20; Guillen Dep., 125:16-126:2. | **No objection.** Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper. |
| 28. On May 5, 2017, Henderson contacts Jeff Leutkenhaus ("Leutkenhaus"), | Deposition of Person Most Knowledgeable in re Termination, Shonte Henderson ("PMK in re | **No objection.** Plaintiff's decision to lump all of the facts into one |

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| Defendant's Employee Relations Manager, and informs him that Tipton is currently away from work due to a non-work-related injury and that her tenure is too short to qualify her for any protected leave. | Term. Dep.,") at 45:3-46:25. | category for thirteen separate issues is improper. |
| 29. Henderson did not confirm with Tipton the nature of her injury or how it occurred prior to making this representation. | PMK in re Term. Dep., at 48:9-16. | **Objection and immaterial.**<br><br>FRE 401 and 403.<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>The evidence cited by Plaintiff does not support her fact. The testimony states:<br><br>"Q: And how are you aware that Ms. Tipton's injury was non-work-related?<br><br>A: If I remember, she mentioned that she was not injured at work during our conversation.<br><br>Q: And when was that conversation again?<br><br>A: Maybe it was not with her. I'm sorry, it was probably with a manager. It was with a manager. It was not with Jayme."<br><br>Plaintiff's fact vague and ambiguous as to "making this representation," such that Defendant is unable to determine when in time this alleged fact occurred. |

165

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| | | Further, Henderson's cited deposition testimony does not state that she did not confirm the nature of Plaintiff's injury with her, but merely that she learned it was non-work-related through a manager.

However, this fact is entirely immaterial to Defendant's Motion. |
| 30. On May 8, 2017, just 4 days after Henderson is first informed of Tipton's absence and expected return to work date of May 15, 2017, Henderson requests that Leutkenhaus support her in advising Tipton that she has the option to return to duty with no restrictions or resign and reapply. | PMK in re Term. Dep., at 66:5-23; Leautkenhause Dep., at 47:2- 48: 13. Leutkenhause Dep., Exh. 7. | **Objection and immaterial.**

FRE 401 and 403.

Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.

The evidence relied on by Plaintiff states:

"Jayme is still not covered under any protected leave. Do you support me contacting her today and informing her of that fact and let her know that she has the option to resign and reapply once she's received a full return to duty with no restrictions?"

Thus, the evidence does not fully support Plaintiff's fact as stated. Henderson did not inquire about providing the option to return to duty with no restrictions. However, for purposes of Defendant's Motion, this detail is immaterial.

**Evidence:** Luetkenhaus Dep., Ex. 7. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| 31. On May 8, 2017, Luetkenhaus responded to Henderson's request for approval to inform Tipton that she must resign if she cannot return to duty with no restrictions. In response, Luetkenhaus informed Henderson that, "If someone is on some modified duty due to an outside incident and can't return to work, they should resign and reapply unless LAX wants to grant them a personal LOA." | Leutkenhause Dep., at 55:5-56:18. | **Objection and immaterial.**<br><br>FRE 401 and 403.<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>Plaintiff is referring to an e-mail communication between Henderson and Luetkenhaus. Plaintiff mis-quotes that e-mail correspondence from Luetkenhaus. Further, Plaintiff misrepresents what Henderson stated in her e-mail, as she requested approval to advise Plaintiff that she was not covered under any protected leave and that she has the *option* to resign and reapply, not that she must.<br><br>However, this fact is immaterial to Defendant's Motion.<br><br>**Evidence:** Luetkenhaus Dep., Ex. 7. |
| 32. On May 8, 2017, at 9:36 p.m., Tipton receives a text message from Guillan stating, "Need you to call me asap please." | Tipton Dep., at 279:16-19; Tipton Dec., ¶16. | **Objection and immaterial.**<br><br>FRE 401 and 403.<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>Plaintiff's cited evidence does not support that the text was allegedly sent at 9:36 p.m. However, this is immaterial to Defendant's Motion. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| 33. On May 8, 2017, Tipton has a telephone conversation with Gullian. During this call with Guillen, he introduced himself as Tipton's new manager and advised her that he received her April 26, 2017 doctor's note placing her off work until May 15, 2017. | Tipton Dep., at 279:16-25; Tipton Dep., at 253-:22-25; Tipton Dep., at 316:1-318:9. Tipton Dec., ¶16. | **No objection.**<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper. |
| 34. Tipton informed Guillen that she is scheduled to be released to return to work on May 15, 2017. | Tipton Dep., at 279:16-25; Tipton Dep., at 253-:22-25; Tipton Dep., at 316:1-318:9. Tipton Dec., ¶16. | **No objection.**<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper. |
| 35. Guillen did not ask Tipton whether she could return to work prior to May 15, 2017 with or without accommodations. | Tipton Dep., at 279:16-25; Tipton Dep., at 253-:22-25; Tipton Dep., at 316:1-318:9. Tipton Dec., ¶16. | **No objection.**<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper. |
| 36. Guillen did not ask Tipton whether she could return to work prior to May 15, 2017 with or without accommodations. | Tipton Dep., at 279:16-25; Tipton Dep., at 253-:22-25; Tipton Dep., at 316:1-318:9. Tipton Dec., ¶16. | **No objection.**<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>This is duplicative of Plaintiff's additional undisputed material fact 35. |
| 37. Tipton believed that she would return to work on May 15, 2017 and would have returned sooner had Defendant advised her that she could be accommodated with light duty, or that she required a doctor's | Tipton Dep., at 320:25-321:8; Tipton Dec., ¶ 17. | **Objection and immaterial.**<br><br>FRE 401 and 403.<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| note with zero restrictions. | | Plaintiff testified that she knew she would be unable to return to work on May 15, 2017, as she was still awaiting tests and her shoulder had not yet healed. Plaintiff's belief of when she would return, and her contention that she would have returned sooner are irrelevant, as her doctor placed her off work for more than one year. She never discussed light duty with her doctor, and her doctor advised her that she should be placed off work entirely. As such, she did not receive clearance from her physician to return to work. Further, Plaintiff cannot now try to create a disputed fact through her contradictory sworn deposition testimony and self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). **Evidence:** Defendant's Objections to Plaintiff's Evidence. Plaintiff's Dep. at 82:16-19, 86:9-12, 88:1-13, 91:20-24, 100:5-13, 102:9-24. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| 38. Tipton did not apply for long-term disability. | Tipton Dep., at 56:7-9. | **No objection.**<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper. |
| 39. On May 9, 2017, Henderson called Tipton and informed her that she could not be off work any longer and would either had to return to work without limitations or resign. | Tipton Dep., at 57:21-25; Tipton Dec., ¶ 17. | **Objection and immaterial.**<br><br>FRE 401 and 403.<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>Henderson advised Plaintiff that she was not entitled to any job protected leave, that ATS could not provide her with a further leave as it needed to fill her position, and that she had the option of resigning and reapplying. Plaintiff cannot now seek to add self-serving statements that she never testified to such as a demand that she return to work without limitations.<br><br>Further, Plaintiff cannot now try to create a disputed fact through her contradictory sworn deposition testimony and self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). |

170

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| | | *Plaintiff cannot create a disputed material fact by disputing her own prior testimony; thus, this does not constitute a disputed material fact for purposes of Defendant's Motion.*<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence. Plaintiff's Dep. at 50:19-23, 199:12-15, 201:15-17. Plaintiff's Dep. Vol. 2 at 219:14-17, 326:14-20; 327:12-20. |
| 40. Tipton complained to Henderson that she was off work because her doctor placed her off and she was going to go to the doctor the following week on May 15, 2017, for a check up to see about being released to return to work. | Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | **Objection and immaterial.**<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>Plaintiff's cited evidence does not support her stated fact. Plaintiff's cited deposition testimony pertains to the issue of her separation.<br><br>As such, this fact is unsupported and cannot create a disputed fact for purposes of Defendant's Motion. |
| 41. In response, Henderson replied, well you must resign today. | Tipton Dep., at 52:3-12; Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | **Objection and immaterial.**<br><br>FRE 401 and 403.<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>Plaintiff's cited evidence does not support a quoted statement from Henderson of "well you must resign today." As there is no |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| | | supporting evidence for this alleged fact, and it is inadmissible. |
| 42. Tipton became emotional and began to cry as she refused to resign, informing Henderson that she liked her job, did not want to resign, and that she could not be forced to resign because her doctor had placed her off work. | Tipton Dep., at 53:3-54:18; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | **No objection.**<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper. |
| 43. In response, Henderson dismissively replied, "You have to resign today, and if you will not resign, I will terminate you." Henderson repeated this statement over and over again before concluding her call with Tipton. | Tipton Dep., at 53:3-54:18; Tipton Dep., at 326:5-12; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | **Objection and immaterial.**<br><br>FRE 401 and 403.<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>Despite two days of deposition testimony and lengthy questioning regarding her call with Henderson, Plaintiff never attributed the quoted statement to Henderson. Plaintiff cannot now try to create new facts through her self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). Plaintiff cannot create a |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| | | disputed material fact by disputing her own prior testimony.<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence. |
| 44. On May 9, 2017, Tipton's employment with Airport Terminal Services was terminated. | Tipton Dep., at 53:3-54:18; Tipton Dep., at 326:5-12; Tipton Dep., at 324:13-325:11. Tipton Dec., ¶17. | **Objection and immaterial.**<br><br>FRE 401 and 403.<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>Plaintiff's voluntary resignation was processed on May 9, 2017. Plaintiff's cited evidence does not support her fact, as her testimony does not say that she was terminated. Her self-serving declaration that now indicates Henderson told her she was terminated during their call is in direct contradiction to her prior sworn deposition testimony.<br><br>Plaintiff cannot now try to create a disputed fact through her contradictory sworn deposition testimony and self-serving declaration by trying to dispute her prior, sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). |

173

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| | | Plaintiff cannot create a disputed material fact by disputing her own prior testimony.<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence. Plaintiff's Dep. at 120:6-9. |
| 45. Tipton was never informed that if she resigned, she could reapply, nor was she informed that she remained eligible to reapply for employment with Defendant. | Tipton Dep., at 58:9-13. | **Objection and immaterial.**<br><br>FRE 401 and 403.<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>The evidence by Plaintiff states:<br><br>"Q: And do you recall her telling you that you could reapply once you were cleared to return to work?<br><br>A: I don't recall."<br><br>Plaintiff stating that she does not recall is not the same as her stating that she was never informed she could reapply or that she remained eligible for rehire. In fact, Plaintiff testified that she had no reason to disbelieve Henderson's statement that she informed Plaintiff that Plaintiff could reapply.<br><br>As such, Plaintiff's evidence does not support her fact, and it is inadmissible.<br><br>**Evidence:** Plaintiff's Dep. at 53:14-23, 58:21-24. |

174

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| 46. When Brown returned home from work, he found Tipton distraught and crying as a result of her dispute with Henderson regarding being terminated. | Brown Dep., at 47:15-48:7. | **Objection and immaterial.**<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>It should be noted that the cited evidence does not indicate that Brown found Plaintiff "distraught." It merely indicates that she was crying. This fact is immaterial to Defendant's Motion. |
| 47. Tipton loved her job as a Groomer and would not have quit. | Brown Dep., at 47:15-7; Brown Dep., 50: 18-25; Tipton Dec., ¶ 17. | **Objection and immaterial.**<br><br>FRE 401 and 403.<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>Brown's speculation as to whether Plaintiff would quit her job is entirely irrelevant. Brown testified that he knew little of Plaintiff's injury, her visits to the doctor, or her medical situation as it related to her ability to work. It seems highly unlikely that he was in tune to Plaintiff's true feelings toward her work. Adding to the suspect nature is the fact that Plaintiff fails to cite to any relevant testimony or statements made by her to establish that she loved her job or would not have quit. This fact is entirely immaterial to Defendant's Motion. |

175

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| | | **Evidence:** Deposition of Deon Brown at 19:11-18, 26:2-9, 28:1-9. |
| 48. Defendant asserts that Tipton was terminated because it could not have empty positions. | Plaintiff's Dep., at 235:24-236:3; Henderson Dep. at 60:23-61:10; 61:19-62:6. | **No objection.** Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper. Defendant advised Plaintiff that it needed to fill her spot. **Evidence:** Plaintiff's Dep. (Vol. 2) at 235:24-236:3. |
| 49. However, there were at least three positions other than Tipton's that were vacant at her time of termination. | Henderson Dep., at 62:10-15; Celestine Dec., ¶ 7 | **Objection and immaterial.** Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper. Defendant objects to the admissibility of Celestine's Declaration, as is outlined in detail in Defendant's Objections to Plaintiff's Evidence. Celestine had no role in hiring or staffing, and thus, does not have the personal knowledge required to opine. FRE 602. Plaintiff's cited evidence does not support her stated fact. Celestine's Declaration does not discuss the number of open positions. Henderson's cited deposition testimony simply says that there were three positions open - not "at least three positions other than Tipton's." As such, this fact is unsupported and cannot create a disputed fact for |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| | | purposes of Defendant's Motion. |
| 50.  The groomer position with Defendant was often understaffed for up to seven months after Tipton's termination. | Celestine Dec., ¶ 8. | **Objection and immaterial.**<br><br>FRE 401, 403, and 602.<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>Defendant objects to the admissibility of Celestine's Declaration, as is outlined in detail in Defendant's Objections to Plaintiff's Evidence. Celestine had no role in hiring or staffing, and thus, does not have the personal knowledge required to opine.<br><br>Further, this fact is so vague as stated that it is impossible for Defendant to respond. The groomer position could be understaffed due to a staff shortage for that shift, or it could be understaffed as a whole with open positions. It is unknown what Plaintiff means. However, Defendant does not dispute that the groomer position was understaffed in May 2017. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| 51. Defendant did not replace Tipton for two months after her termination. | Celestine Dec., ¶ 8. | **Objection and immaterial.**<br><br>FRE 401, 403, and 602.<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>Defendant objects to the admissibility of Celestine's Declaration, as is outlined in detail in Defendant's Objections to Plaintiff's Evidence. Celestine had no role in hiring or staffing, and thus, does not have the personal knowledge required to opine.<br><br>Further, background check and pre-hiring clearance requirements made hiring employees a lengthy process. Plaintiff fails to provide any evidence to indicate that ATS was not actively trying to fill Plaintiff's position immediately after her separation.<br><br>**Evidence:**<br><br>Henderson Dep. at 77:2-78:15 |
| 52. Tipton was not terminated because of a purported contractual obligation to Jet Blue that required that a certain amount of Groomers remain employed with Defendant in the groomer position, because there was no such contract between Jet Blue and Defendant in | Declaration of Daniel Schlosser ("Schlosser Dec.,") ¶ 7. | **Objection.**<br><br>FRE 401, 403, and 602.<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>Schlosser's Declaration is objectionable on numerous grounds, as outlined in detail in Defendant's Objections to Plaintiff's |

178

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| existence or in affect during Tipton's employment with Defendant. | | Evidence. Due to Plaintiff's counsel's misrepresentations, Schlosser's declaration contains inaccurate and incomplete information. Further, there is no indication that Schlosser was authorized to make this declaration on JetBlue's behalf.<br><br>Schlosser's Supplemental Declaration confirms that a contract exists between ATS and JetBlue at LAX, and that it requires certain staffing levels and performance standards.<br><br>**Evidence:** Defendant's Objections to Plaintiff's Evidence; Declaration of Daniel Schlosser submitted concurrently herewith. |
| 53. Defendant has an internal system indicating the status of an employee's separation. | Leautkenhause Dep., at 58:6-23 | **Objection and immaterial.**<br><br>FRE 401 and 403.<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>Plaintiff's cited evidence does not support this fact. The testimony cited simply indicates that Plaintiff would not have had access to the internal document indicating the status of her employment and/or separation. However, this fact is immaterial to Defendant's Motion. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| 54. This system is not one that every employee has access to, nor is it a system that Tipton had access to during or after her employment. | Leautkenhause Dep., at 58:6-23 | **Objection and immaterial.** FRE 401 and 403. Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper. Plaintiff's cited evidence does not support the fact. The testimony cited simply indicates that Plaintiff would not have had access to the internal document indicating the status of her employment and/or separation. |
| 55. Tipton would not have known that her separation was listed as "voluntary". | Leautkenhause Dep., at 58:6-23 | **Objection and immaterial.** FRE 401 and 403. Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper. Plaintiff's cited evidence does not support the fact. The testimony cited simply indicates that Plaintiff would not have had access to the internal document indicating the status of her employment and/or separation. While Plaintiff did not have access to the internal document, that does not mean she would be unaware that her separation was listed as "voluntary." Plaintiff could have been verbally informed of the same. However, this fact is entirely immaterial to Defendant's Motion. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| 56. Tipton's separation is listed to have occurred on April 17, 2017. | Henderson Dep., at 73:7-22; Henderson Dep., Exh. 9. | **No objection.**<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>As Henderson noted, the date of separation is listed as the first date the employee was scheduled to work, but did not present to work. Henderson Dep. at 74:3-7. |
| 57. Jeff Leutkenhaus is a managing agent of Defendant because he has the authority to write and modify policies. | PMK in re Policies Dep., at 14:3-11 | **Objection and immaterial.**<br><br>FRE 401 and 403.<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>Plaintiff's cited evidence does not support this fact. The cited testimony does not identify Luetkenhaus as a managing agent, and it does not indicate that he has the authority to write or modify policies on his own. It merely indicates that his job duties include "review[ing] concerns, policies, practices" and that he may *assist* in drafting policies. However, there is no evidence that he is able to individually affect and modify corporate policy. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| | Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|---|
| 58. | Jeff Leutkenhaus was involved in the termination decision of Tipton. | Leukenhaus Dep., at 55:4-56:15. | **Objection and immaterial.**<br><br>FRE 401 and 403.<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>Plaintiff's cited evidence does not support the stated fact. Luetkenhaus testified:<br><br>"Q: Okay. But -- so my question is did you support or give Miss Henderson the okay to move forward with this plan that she provides to you on Page 8 ATS0091?<br><br>A: As I previously stated, I don't direct stations. I provide recommendations.<br><br>Q: Okay.<br><br>A: So Page 7 of my response provides that recommendation and option."<br><br>Plaintiff's cited evidence does not support the proposition that Luetkenhaus made the decision to terminate Plaintiff's employment. He merely provided the options that were available, so that the station could make a decision as to her status. Moreover, there was no termination decision, as ATS understood that Plaintiff voluntarily resigned.<br><br>**Evidence:** Luetkenhaus Dep. at 55:4-56:18. |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| | | Henderson PMK Dep. 36:9-20. |
| 59. Henderson is a managing agent because she has authority to hire and terminate employees. Henderson is a managing agent because she is responsible for writing policies for Defendant's. | Tipton Dep. at 145:11-17, Tipton Dep., at 198:15-17. Hendreson Dep., 10:4-20 | **Objection and immaterial.**<br><br>Plaintiff's decision to lump all of the facts into one category for thirteen separate issues is improper.<br><br>Plaintiff's cited evidence does not support this fact. Henderson testified:<br><br>"Q: and is it your understanding that Jeff had approved you discussing potential resignation with Ms. Tipton?<br><br>A: Yes.<br><br>Q: And did you need Jeff's approval before having that discussion with Ms. Tipton?<br><br>A: Yes."<br><br>That Henderson informed Plaintiff of her hiring and firing does not render her a managing agent of ATS. There is no evidence that it was Henderson who made that decision alone, and even if she had, it would be insufficient to render her a managing agent. Plaintiff's cited evidence also does not support her contention that Henderson "is responsible for writing policies for Defendant's [sic]." Henderson merely said that she ensures Airport Terminal Services' policies are followed. Plaintiff's misrepresentation of the evidence is in bad faith, and a last ditch effort |

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Material Facts | Supporting Evidence | Defendant's Response and Supporting Evidence |
|---|---|---|
| | | to create a disputed fact where there is none. There is simply no evidence that Henderson is a managing agent of ATS. This fact is duplicative of Defendant's UMF 166, but merely stated in reverse. Plaintiff already asserted this miscited/misquoted evidence in response to Defendant's UMF 166, and her attempt to do so again here is in bad faith. |

DATED: January 24, 2020

Respectfully submitted,

SEYFARTH SHAW LLP

By:  */s/ Meagan Sue O'Dell*

Aaron R. Lubeley
Simon L. Yang
Meagan Sue O'Dell
Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.

REPLY TO SEPARATE STATEMENT OF UNDISPUTED FACTS