SEYFARTH SHAW LLP
Aaron R. Lubeley (SBN 199837)
alubeley@seyfarth.com
Simon L. Yang (SBN 260286)
syang@seyfarth.com
Meagan Sue O'Dell (SBN 280086)
modell@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:  (213) 270-9600
Facsimile:    (213) 270-9601

Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYME TIPTON,<br><br>                    Plaintiff,<br><br>          v.<br><br>AIRPORT TERMINAL SERVICES, INC., and DOES 1 through 100, inclusive,<br><br>                    Defendants. | Case No.  2:18-cv-9503 AB (JEMx)<br><br>*Assigned to Hon. Andre Birotte Jr.*<br><br>**SUPPLEMENTAL APPENDIX OF EVIDENCE IN SUPPORT OF AIRPORT TERMINAL SERVICES, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>[Filed concurrently with Defendant's Reply to Plaintiff's Opposition to Separate Statement, Supplemental Declaration of Meagan O'Dell, Declaration of Daniel Schlosser, Defendant's Reply, and Defendant's Objections to Evidence]<br><br>Date:           February 7, 2020<br>Time:          10:00 a.m.<br>Courtroom:    7B<br><br>Complaint Filed:      October 4, 2018 |

# TABLE OF CONTENTS

**DECLARATION OF MEAGAN SUE O'DELL**

Exhibit 1-A – Relevant Excerpts from the Deposition of Plaintiff Jayme Tipton, Volume 1

Exhibit 2-A – Relevant Excerpts from the Deposition of Plaintiff Jayme Tipton, Volume 2

Exhibit 8-A – Relevant Excerpts from the Deposition of Deon Brown

Exhibit 11 – Plaintiff's Amended Subpoena for Deposition of the Person Most Knowledgeable at JetBlue and Document Requests

Exhibit 12 – Defendant's Objections to Plaintiff's Amended Subpoena for Deposition of the Person Most Knowledgeable at JetBlue and Document Requests

Exhibit 13 – E-mail Exchange Between Plaintiff's Counsel and Defendant's Counsel Confirming Withdrawal of Plaintiff's Amended Subpoena for Deposition of the Person Most Knowledgeable at JetBlue and Document Requests

**DECLARATION OF DANIEL SCHLOSSER**

DATED: January 24, 2020                    Respectfully submitted,

                                          SEYFARTH SHAW LLP


                                          By:_____*/s/ Meagan S. O'Dell*_____
                                          Aaron R. Lubeley
                                          Simon L. Yang
                                          Meagan Sue O'Dell
                                          Attorneys for Defendant
                                          AIRPORT TERMINAL SERVICES, INC.

# Declaration of Meagan O'Dell

SEYFARTH SHAW LLP
Aaron R. Lubeley (SBN 199837)
alubeley@seyfarth.com
Simon L. Yang (SBN 260286)
syang@seyfarth.com
Meagan Sue O'Dell (SBN 280086)
modell@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   (213) 270-9600
Facsimile:    (213) 270-9601

Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYME TIPTON, | Case No.  2:18-cv-9503 AB (JEMx) |
| Plaintiff, | *Assigned to Hon. Andre Birotte Jr.* |
| v. | **SUPPLEMENTAL DECLARATION OF MEAGAN SUE O'DELL IN SUPPORT OF AIRPORT TERMINAL SERVICES, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** |
| AIRPORT TERMINAL SERVICES, INC., and DOES 1 through 100, inclusive, | |
| Defendants. | |
| | [Filed concurrently with Defendant's Reply to Plaintiff's Separate Statement, Reply in Support of Motion, Declaration of Daniel Schlosser, Supplemental Appendix of Evidence, and Objections to Plaintiff's Evidence] |
| | Date:           February 7, 2020 |
| | Time:          10:00 a.m. |
| | Courtroom:      7B |
| | Complaint Filed:     October 4, 2018 |

## SUPPLEMENTAL DECLARATION OF MEAGAN SUE O'DELL

I, Meagan Sue O'Dell, declare as follows:

1.      I have personal knowledge of the facts set forth in this declaration and could and would testify to them competently under oath if called as a witness to do so.

2.      I am an attorney at law, duly licensed to practice before this Court and before all courts in the State of California. I am an attorney in the law firm of Seyfarth Shaw LLP, attorneys of record for Defendant Airport Terminal Services, Inc. in connection with the above-captioned matter. The following is based upon my own personal knowledge, and if called upon to testify, I could and would competently testify thereto.

3.      On October 23, 2019, Aaron Lubeley of Seyfarth Shaw LLP took Plaintiff Jayme Tipton's deposition. I have reviewed the transcript of this deposition. Copied as **Exhibit 1-A** in the Supplemental Appendix of Evidence of which this declaration is a part are relevant excerpts from Volume 1 of Ms. Tipton's deposition transcript.

4.      On December 2, 2019, Aaron Lubeley of Seyfarth Shaw LLP completed the deposition of Plaintiff Jayme Tipton. I have reviewed the transcript of this deposition. Copied as **Exhibit 2-A** in the Supplemental Appendix of Evidence of which this declaration is a part are relevant excerpts from Volume 2 of Ms. Tipton's deposition transcript.

5.      On December 18, 2019, I took Deon Brown's deposition. I have reviewed the transcript of this deposition. Copied as **Exhibit 8-A** in the Supplemental Appendix of Evidence of which this declaration is a part are excerpts from Mr. Brown's deposition transcript.

6.      On December 30, 2019, Plaintiff served an amended subpoena for the deposition of JetBlue, set to take place on January 10, 2020, along with document requests. Copied as **Exhibit 11** in the Supplemental Appendix of Evidence of which this declaration is a part is a true and correct copy of Plaintiff's Amended Subpoena.

7.    On January 7, 2020, Defendant timely served objections to Plaintiff's amended subpoena for the deposition of JetBlue. Copied as **Exhibit 12** in the Supplemental Appendix of Evidence of which this declaration is a part is a true and correct copy of Defendant's Objections.

8.    On January 7, 2020, I spoke to Plaintiff's counsel via telephone and advised him that Defendant had again served objections to Plaintiff's subpoena to JetBlue (as Defendant had also done to Plaintiff's first two subpoenas to JetBlue), and that it was further improper because it was scheduled to take place after the discovery cut-off. I requested that Plaintiff withdraw her subpoena.

9.    On January 7, 2020, at 1:24 p.m., Plaintiff's counsel advised me that Plaintiff would withdraw her subpoena to JetBlue in light of Defendant's objections. Copied as **Exhibit 13** in the Supplemental Appendix of Evidence of which this declaration is a part is a true and correct copy of my e-mail exchange with Plaintiff's counsel.


I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on this 24th day of January, 2020, at Los Angeles, California.


*/s/ Meagan Sue O'Dell*
Meagan Sue O'Dell

2

# EXHIBIT 1-A

10/23/2019
Jayme Tipton (V.1)                    Jayme Tipton vs. Airport Terminal Services, Inc.

Case 2:18-cv-09503-AB-JEM   Document 57-2   Filed 01/24/20   Page 8 of 59   Page ID #:2215

1              UNITED STATES DISTRICT COURT

2              CENTRAL DISTRICT OF CALIFORNIA

3

4

5    JAYME TIPTON,                    )
                                      )
6            Plaintiff,               )
                                      )
7    vs.                              ) Case No.
                                      ) 2:18-cv-09503
8    AIRPORT TERMINAL SERVICES, INC., ) AB-JEM
     et al.,                          )
9                                     )
             Defendants.              )
10                                    )
     _____)

11

12

13

14                    VOLUME I

15       VIDEOTAPED DEPOSITION OF JAYME TIPTON

16            Los Angeles, California

17          Wednesday, October 23, 2019

18

19

20   Reported by:

21   Norma L. Gaddison, CSR No. 4214,
     Certified Realtime Professional

22

23

24

25

**Kusar®** Keeping Your Word Is Our Business℠

1                    UNITED STATES DISTRICT COURT

2                    CENTRAL DISTRICT OF CALIFORNIA

3

4

5    JAYME TIPTON,                    )
                                      )
6            Plaintiff,               )
                                      )
7    vs.                              ) Case No.
                                      ) 2:18-cv-09503
8    AIRPORT TERMINAL SERVICES, INC., ) AB-JEM
     et al.,                          )
9                                     )
             Defendants.              )
10                                    )
     _____)

11

12

13

14              Videotaped deposition of JAYME TIPTON,

15   Volume One, taken on behalf of Defendants, at 601 S.

16   Figueroa Street, Suite 3300, Los Angeles, California,

17   beginning at 10:18 A.M. and ending at 3:46 P.M., on

18   October 23, 2019, before NORMA L. GADDISON, Certified

19   Shorthand Reporter No. 4214.

20

21

22

23

24

25

Kusar®  Keeping Your Word Is Our Business℠

10/23/2019
Jayme Tipton (v.1)                    Jayme Tipton vs. Airport Terminal Services, Inc.                    JT4905

Case 2:18-cv-09503-AB-JEM    Document 57-2    Filed 01/24/20    Page 10 of 59    Page ID #:2217

```
 1   APPEARANCES:

 2   For Plaintiff:

 3               SHEGERIAN & ASSOCIATES
               BY:  AARON GBEWONYO, Esq.
 4               225 Santa Monica Boulevard, Suite 700
               Santa Monica, California 90401
 5               (310) 860-0770
               agbewonyo@shergerianlaw.com
 6

 7
     For Defendants:
 8
               SEYFARTH SHAW
 9               BY:  AARON LUBELEY, Esq.
               601 S. Figueroa Street, Suite 3300
10               Los Angeles, California 90017
               (213) 270-9600
11               alubeley@seyfarth.com

12

13   Also Present:

14               SPENCER BENVENISTE, Videographer
               CAROLINA NUNEZ
15

16

17

18

19

20

21

22

23

24

25
```

Kusar® Keeping Your Word Is Our Business℠

10/23/2019
Jayne Tipton (v.1)                    Jayne Tipton vs. Airport Terminal Services, Inc.

Case 2:18-cv-09503-AB-JEM   Document 57-2   Filed 01/24/20   Page 11 of 59   Page
ID #:2218

| 10:41 | 1 | with in here and why. |
| 10:43 | 2 | A.    Okay.  So what was your question? |
| 10:43 | 3 | Q.    Was there anything in here that you |
| 10:43 | 4 | believed was inaccurate? |
| 10:43 | 5 | MR. GBEWONYO:  Objection, calls for a |
| 10:43 | 6 | narrative. |
| 10:43 | 7 | MR. LUBELEY:  You can answer. |
| 10:43 | 8 | THE WITNESS:  It says -- it says "behavior |
| 10:43 | 9 | towards crew chief." |
| 10:43 | 10 | I never disrespected my crew chief, and |
| 10:43 | 11 | ignoring or contradicting a direct order, I've never |
| 10:43 | 12 | done that. |
| 10:43 | 13 | MR. LUBELEY:  Okay. |
| 10:43 | 14 | Q.    Was there an issue with you leaving |
| 10:43 | 15 | early without authorization?  Was that what the issue |
| 10:43 | 16 | was? |
| 10:43 | 17 | A.    It -- it was an issue, but it was |
| 10:43 | 18 | twisted. |
| 10:44 | 19 | Q.    What -- explain to me what you mean by |
| 10:44 | 20 | that. |
| 10:44 | 21 | A.    I'm sorry. |
| 10:44 | 22 | Q.    That's okay.  No.  Don't be sorry. |
| 10:44 | 23 | A.    It was because at that time, my crew |
| 10:44 | 24 | chief didn't like me, and I had asked to go early and |
| 10:44 | 25 | she -- she said it's okay if you ask Damian, which is |

Kusar®  Keeping Your Word Is Our Business℠

10/23/2019
Jayne Tipton (v.1)

Case 2:18-cv-09503-AB-JEM   Document 57-2   Filed 01/24/20   Page 12 of 59   Page
Jayne Tipton vs. Airport Terminal Services, Inc.                              ID #:2219

| 10:44 | 1 | my supervisor, and Damian said that it's okay, And I |
| 10:44 | 2 | left early. |
| 10:44 | 3 | But then that didn't -- when it came up |
| 10:44 | 4 | to my manager, they didn't say that.  They just said |
| 10:44 | 5 | she left early. |
| 10:44 | 6 | Q.    Okay.  And why is it -- you said you |
| 10:44 | 7 | didn't think the crew chief liked you. |
| 10:44 | 8 | A.    Well, because I'm very, very good at my |
| 10:44 | 9 | work, and they were -- they didn't -- well, how can I |
| 10:44 | 10 | explain it.  They was jealous of that. |
| 10:44 | 11 | Q.    Who was jealous? |
| 10:44 | 12 | A.    My -- my crew chief was jealous.  I was |
| 10:45 | 13 | older than most of the girls that was on my crew, and |
| 10:45 | 14 | they were just jealous of me because I've been in |
| 10:45 | 15 | that field before.  I know exactly what to do and |
| 10:45 | 16 | what I'm doing, and so when -- you know, whenever I |
| 10:45 | 17 | get into this field, into -- I try to succeed in what |
| 10:45 | 18 | I do. |
| 10:45 | 19 | Q.    Okay. |
| 10:45 | 20 | A.    And so they roll eyes and are jealous |
| 10:45 | 21 | of me. |
| 10:45 | 22 | Q.    Okay.  But you had asked to leave early |
| 10:45 | 23 | or you did leave early that day? |
| 10:45 | 24 | A.    Yes.  I did.  I had a very sick child |
| 10:45 | 25 | around that time when I was in and out of the |

25

Case 2:18-cv-09503-AB-JEM   Document 57-2   Filed 01/24/20   Page 13 of 59   Page
ID #:2220
Jayme Tipton (v.I)                    Jayme Tipton v. Airport Terminal Services, Inc.                    1147705

1                    CERTIFICATION OF COURT REPORTER

2                         FEDERAL JURAT

3

               I, the undersigned, a Certified
4    Shorthand Reporter of the State of California do
     hereby certify:

5

6              That the foregoing proceedings were
     taken before me at the time and place herein set
7    forth; that any witnesses in the foregoing
     proceedings, prior to testifying, were placed under
8    oath; that a verbatim record of the proceedings was
     made by me using machine shorthand which was
9    thereafter transcribed under my direction; further,
     that the foregoing is an accurate transcription
10   thereof.

11

               That before completion of the
12   deposition, a review of the transcript [X] was
     [ ] was not requested.

13

14             I further certify that I am neither
     financially interested in the action nor a relative
15   or employee of any attorney of any of the parties.

16

               IN WITNESS WHEREOF, I have this date
17   subscribed my name.

18

               Dated: October 30, 2019

19

20

21

22

23

                    _____
24                  NORMA L. GADDISON, CSR
                    Certificate No. 4214

25



207

# EXHIBIT 2-A

1                          UNITED STATES DISTRICT COURT

2                          CENTRAL DISTRICT OF CALIFORNIA

3

4

5    JAYME TIPTON,                        )
                                          )
6              Plaintiff,                 )
                                          )
7    vs.                                  ) Case No.
                                          ) 2:18-cv-09503
8    AIRPORT TERMINAL SERVICES, INC., ) AB-JEM
     et al.,                              )
9                                         )
               Defendants.                )
10                                        )
     _____)

11

12

13

14                          VOLUME II

15              VIDEOTAPED DEPOSITION OF JAYME TIPTON

16                    Los Angeles, California

17                    Monday, December 2, 2019

18

19

20   Reported by:

21   Norma L. Gaddison, CSR No. 4214,
     Certified Realtime Professional
22

23

24

25

**Kusar** ® Keeping Your Word Is Our Business℠

```
 1                    UNITED STATES DISTRICT COURT

 2                   CENTRAL DISTRICT OF CALIFORNIA

 3

 4

 5   JAYME TIPTON,                    )
                                      )
 6           Plaintiff,               )
                                      )
 7   vs.                              ) Case No.
                                      ) 2:18-cv-09503
 8   AIRPORT TERMINAL SERVICES, INC., ) AB-JEM
     et al.,                          )
 9                                    )
             Defendants.              )
10                                    )
     _____)
11

12

13

14                  Videotaped deposition of JAYME TIPTON,

15   Volume Two, taken on behalf of Defendants, at 601 S.

16   Figueroa Street, Suite 3300, Los Angeles, California,

17   beginning at 10:11 A.M. and ending at 1:46 P.M., on

18   December 2, 2019, before NORMA L. GADDISON, Certified

19   Shorthand Reporter No. 4214.

20

21

22

23

24

25
```

Kusar® Keeping Your Word Is Our Business℠

```
 1   APPEARANCES:

 2   For Plaintiff:

 3              SHEGERIAN & ASSOCIATES
                BY:  AARON GBEWONYO, Esq.
 4              225 Santa Monica Boulevard, Suite 700
                Santa Monica, California 90401
 5              (310) 860-0770
                agbewonyo@shergerianlaw.com
 6


 7
     For Defendants:
 8
                SEYFARTH SHAW
 9              BY:  AARON LUBELEY, Esq.
                601 S. Figueroa Street, Suite 3300
10              Los Angeles, California 90017
                (213) 270-9600
11              alubeley@seyfarth.com


12


13   Also Present:

14              TOM McCARTHY, Videographer

15

16

17

18

19

20

21

22

23

24

25
```

210

**Kusar**® Keeping Your Word Is Our Business℠

Jayme Tipton (v.II)                   Jayme Tipton v. Prime Terminal Services, Inc.                   1149998

| | | |
|---|---|---|
| 10:19 | 1 | A.    Yes. |
| 10:19 | 2 | Q.    During your prior deposition session, |
| 10:19 | 3 | you testified as to the conversation that you had |
| 10:19 | 4 | with Ms. Shonta Henderson. |
| 10:20 | 5 | Do you recall that testimony? |
| 10:20 | 6 | A.    Yes. |
| 10:20 | 7 | Q.    Okay. |
| 10:20 | 8 | MR. GBEWONYO:  Objection, vague as to which |
| 10:20 | 9 | testimony. |
| 10:20 | 10 | BY MR. LUBELEY: |
| 10:20 | 11 | Q.    Do you recall generally the testimony |
| 10:20 | 12 | you gave on that subject? |
| 10:20 | 13 | A.    Yes. |
| 10:20 | 14 | Q.    Okay.  And in the conversation, you |
| 10:20 | 15 | said that Shonta had asked you to resign. |
| 10:20 | 16 | Do you recall that? |
| 10:20 | 17 | A.    Yes. |
| 10:20 | 18 | Q.    Okay.  And you said -- you testified |
| 10:20 | 19 | that you couldn't recall all the details of the |
| 10:20 | 20 | conversation. |
| 10:20 | 21 | Do you recall that when Shonta |
| 10:20 | 22 | discussed with you resignation, do you recall telling |
| 10:20 | 23 | her, "okay" -- |
| 10:20 | 24 | MR. GBEWONYO:  Objection, vague -- |
| | 25 | BY MR. LUBELEY: |

1                    CERTIFICATION OF COURT REPORTER

2                         FEDERAL JURAT

3

4              I, the undersigned, a Certified
   Shorthand Reporter of the State of California do
   hereby certify:

5

6              That the foregoing proceedings were
   taken before me at the time and place herein set

7   forth; that any witnesses in the foregoing
   proceedings, prior to testifying, were placed under

8   oath; that a verbatim record of the proceedings was
   made by me using machine shorthand which was

9   thereafter transcribed under my direction; further,
   that the foregoing is an accurate transcription

10  thereof.

11

12             That before completion of the
   deposition, a review of the transcript [X] was
   [ ] was not requested.

13

14             I further certify that I am neither
   financially interested in the action nor a relative

15  or employee of any attorney of any of the parties.

16

17             IN WITNESS WHEREOF, I have this date
   subscribed my name.

18

19                    Dated: December 9, 2019

20

21

22

23                    <%signature%>

24                    _____
                      NORMA L. GADDISON, CSR
25                    Certificate No. 4214

368

**Kusar** ® Keeping Your Word Is Our Business℠

# EXHIBIT 8-A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


IN RE MATTER OF:                )
                                )
JAYME TIPTON,                   )
                                )
         Plaintiff,             )
                                )
     vs.                        )  CASE NO.
                                )  2:18-cv-09503-AB-JEM
                                )
AIRPORT TERMINAL SERVICES,      )
INC., and DOES 1 to 100,        )
inclusive,                      )
                                )
         Defendants.            )
_____)


DEPOSITION OF DEON KEITH BROWN

LOS ANGELES, CALIFORNIA

Wednesday, December 18, 2019




Stenographically Reported by:

HEATHER J. BAUTISTA, CSR, CRR, RPR

1            DEPOSITION of DEON KEITH BROWN, taken before

2    Heather J. Bautista, CSR No. 11600, a Certified

3    Shorthand Reporter for the State of California, with

4    principal office in the County of Santa Clara,

5    commencing on Wednesday, December 18, 2019, 10:01 a.m.,

6    at 601 South Figueroa Street, Suite 3300, Los Angeles,

7    California 90017-5793.

8

9

10

11   APPEARANCES OF COUNSEL:

12

13       For the Plaintiff:

14           Shegerian & Associates, Inc.
             BY:  AARON GBEWONYO, ESQ.
15           225 Santa Monica Boulevard
             Suite 700
16           Santa Monica, California 90401
             Phone:  (310) 860-0770 / Fax:  (310) 860-0771
17           agbewonyo@shegerianlaw.com

18

19       For the Defendant:

20           Seyfarth Shaw LLP
             BY:  MEAGAN SUE O'DELL, ESQ.
21           601 South Figueroa Street
             Suite 3300
22           Los Angeles, California 90017-5793
             Phone:  (213) 270-9600 / Fax:  (213) 270-9601
23           modell@seyfarth.com

24

25

Kusar ® Keeping Your Word Is Our Business℠

Deon Keith Brown                    Jayme Tipton vs. Airport Terminal Services, Inc.                    1150037

```
 1                        INDEX OF EXAMINATION

 2                                                         PAGE

 3    DEON KEITH BROWN

 4        EXAMINATION BY MS. O'DELL                        4

 5

 6

 7                          --o0o--

 8

 9

10                        INDEX OF EXHIBITS

11    Exhibit No.  Description                             Page

12    Exhibit 1    Notice of Deposition and Subpoena       7

13    Exhibit 2    Medical note from Tarzana Treatment     29
                   Centers
14
      Exhibit 3    Doctor's note                           33
15
      Exhibit 4    Doctor's note                           35
16
      Exhibit 5    Second Amended Complaint                52
17

18

19

20

21

22

23

24

25
```

**Kusar** *Keeping Your Word Is Our Business℠*

```
 1        Q.   Okay.

 2             Did you attend any doctors' appointments with

 3   Ms. Tipton regarding her shoulder?

 4        A.   Yeah.  Basically, all I did is I just drove her

 5   to the appointments.  I sat in the car.  When she was

 6   done, she came back and that was it.

 7        Q.   You never went into the exam room or met the

 8   doctor or --

 9        A.   No.

10        Q.   Any reason in particular?

11        A.   No.  I just don't like going to the doctors'

12   offices.  That's it.

13        Q.   So that first doctor's appointment that you

14   drove Ms. Tipton to, when she came out and you were

15   waiting in the car, did she tell you what the doctor

16   said?

17        A.   Basically, maybe have to do an MRI or

18   something.  That's about it.

19        Q.   Did Ms. Tipton tell you whether she'd be able

20   to work with the injury?

21        A.   I think the doctor -- she said something about

22   the doctor said she didn't -- that she -- I guess he

23   didn't want her, I guess, doing a lot of, like, heavy

24   lifting and, you know, really putting too much stress on

25   her arm and driving and doing all that stuff.  So,
```



Kusar ® Keeping Your Word Is Our Business℠

Deon Keith Brown                    Jayme Tipton vs. Airport Terminal Services, Inc.                    1150037

 1      Q.   Did the doctor tell her not to work?

 2      A.   The doctor didn't --

 3           MR. GBEWONYO:  Objection.  Calls for

 4    speculation.

 5           THE WITNESS:  The doctor, I guess -- well, I'm

 6    not sure what the doctor said about the working

 7    situation, but I don't know if he told her not to work,

 8    but she could work.  So I'm not really sure about what

 9    they talked about with the working situation.

10      Q.   (By Ms. O'Dell)  Did Ms. Tipton tell you that

11    the doctor informed her she shouldn't work anymore at

12    ATS due to the injury?

13      A.   Say that -- I mean, can you repeat that again.

14      Q.   Yeah.

15           Did Ms. Tipton tell you that the doctor told

16    her that she needed to be placed off work due to the

17    injury?

18      A.   No.

19      Q.   Do you recall if Ms. Tipton went back to work

20    after seeing the doctor for the first time?

21           MR. GBEWONYO:  Objection.  Asked and answered.

22           THE WITNESS:  I'm not sure she went back to

23    work.  I think the doctor placed her off of work for a

24    couple days, and I basically had to go in and give the

25    paperwork to Edgar.



Case 2:19-cv-09503-AB-JEM    Document 57-2    Filed 01/24/20    Page 26 of 59    Page
ID #:2280

Deon Keith Brown          Jayme Tipton vs. Airport Terminal Services, Inc.          1150037

1          I, HEATHER J. BAUTISTA, CSR No. 11600, Certified

2    Shorthand Reporter, certify:

3          That the foregoing  proceedings were taken before

4    me at the time and place therein set forth, at which

5    time the witness declared under penalty of perjury; that

6    the testimony of the witness and all objections made at

7    the time of the examination were recorded

8    stenographically by me and were thereafter transcribed

9    under my direction and supervision;

10          That the foregoing is a full, true, and correct

11    transcript of my shorthand notes so taken and of the

12    testimony so given;

13          (XX) Reading and signing was requested.

14          (  ) Reading and signing was waived.

15          (  ) Reading and signing was not requested.

16          I further certify that I am not financially

17    interested in the action, and I am not a relative or

18    employee of any attorney of the parties, nor of any of

19    the parties.

20          I declare under penalty of perjury under the laws

21    of California that the foregoing is true and correct.

22          Dated:  December 23, 2019

23

24    _____

25          Heather J. Bautista, CSR, CRR, RPR, CLR

Kusar ® Keeping Your Word Is Our Business℠

# EXHIBIT 11

1   Carney R. Shegerian, Esq., State Bar No. 150461
    CShegerian@Shegerianlaw.com
2   Anthony Nguyen, Esq., State Bar No. 259154
    ANguyen@Shegerianlaw.com
3   Aaron Gbewonyo, Esq, State Bar No. 315889
    AGbewonyo@Shegerianlaw.com
4   SHEGERIAN & ASSOCIATES, INC.
    145 S. Spring Street, Suite 400
5   Los Angeles, CA, 90012
    Telephone Number: (310) 860-0770
6   Facsimile Number:   (310) 860-0771

7
    Attorneys for Plaintiff,
8   JAYME TIPTON

9

10                    UNITED STATES DISTRICT COURT

11          CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13

14  JAYME TIPTON,                          ) Case No. 2:18-cv-09503-AB-JEM
                                           )
15          Plaintiff,                     )
                                           ) **The Honorable Andre Birotte, Jr.**
16  vs.                                    )
                                           ) **PLAINTIFF JAYME TIPTON'S**
17  AIRPORT TERMINAL SERVICES,             ) **AMENDED SUBPOENA AND NOTICE**
    INC., and DOES 1 to 100, inclusive,    ) **OF TAKING DEPOSITION OF PERSON**
18                                         ) **MOST QUALIFIED BY JETBLUE**
            Defendants.                    ) **AIRLINES**
19                                         )
                                           )
20                                         )
                                           )
21                                         ) SAC Filed; May 5, 2019
    _____ ) Dept.: 7B
22

23

24

25

26

27

28

---

PLAINTIFF'S AMENDED SUBPOENA AND NOTICE OF DEPOSITION OF DEFENDANT'S PERSON MOST
KNOWLEDGEABLE

TO ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that plaintiff, Jayme Tipton, will take the deposition of the Person Most Qualified by JetBlue Airlines upon oral examination before a certified shorthand reporter and videographer on **January 10, 2020**, at **10:00 a.m.**, at the offices of plaintiff's counsel, **225 Santa Monica Boulevard, Suite 700, Santa Monica, California 90401.**

PLEASE TAKE FURTHER NOTICE that, if the deposition is not completed on the scheduled date, the taking thereof will be continued from day to day thereafter at the same place, Sundays and holidays excepted, until it is completed. Plaintiff reserves the right to take said deposition by telephone, video conference, or other electronic device. The deposition may also be tape-recorded. Video tapes of the deposition will be used, per Federal Rules of Civil Procedure.

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure, JetBlue Airlines, must designate and produce at the deposition those of its officers, directors, managing agents, employees or agents who are most qualified to testify on its behalf as to those definitions and matters described below. Attached hereto is a copy of the issued subpoena compelling the Deponent's attendance at deposition.

## TOPICS FOR EXAMINATION

1. Any information regarding the contract between JetBlue Airlines and Airport Terminal Services for the hiring of Groomers from 2016 to 2017.

2. Any information regarding the number of Groomers required to be employed by Airport Terminal Services to serve Jet Blue Airlines between October 2016 and April 2017.

3. Any information regarding the commencement of the contract between Airport Terminal Services and Jet Blue Airlines for Airport Terminal Services to hire groomers to provide grooming services for Jet Blue Airlines from 2016 to 2017.

4. Any information relating to the termination of the agreement between Jet Blue

-2-

Airlines and Airport Terminal Services between 2016 and 2017 for failure to maintain an agreed upon number of groomers to service Jet Blue Airlines.

PLEASE ALSO TAKE NOTICE that plaintiff demands, pursuant to Federal Rules of Civil Procedure, that defendant and the deponent produce the following original documents at the deposition as outlined in the attached subpoena.

Dated:  December 30, 2019                SHEGERIAN & ASSOCIATES, INC.

By: _____
Carney R. Shegerian, Esq.

Attorneys for Plaintiff,
JAYME TIPTON

-3-

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| JAYME TIPTON, | ) |
| *Plaintiff* | ) |
| v. | ) |
| AIRPORT TERMINAL SERVICES, INC., | ) |
| *Defendant* | ) |

Civil Action No.   2:18-cv-09503-AB-JEM

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     Jetblue Airways Corporation c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Shegerian & Associates<br>225 Santa Monica Boulevard, Suite 700<br>Santa Monica, California 90401 | Date and Time:<br>01/10/2020 10:00 am |
|---|---|

The deposition will be recorded by this method:     certified shorthand reporter and videographer.

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Continued on Attachment 3.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     12/30/2019

| CLERK OF COURT | | |
|---|---|---|
| | OR | *Carney R. Shegerian* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiffs
Jayme Tipton: Carney R. Shegerian, Esq. _____ , who issues or requests this subpoena, are:
145 S. Spring St., Suite 400, Los Angeles, California 90012; cshegerian@shegerianlaw.com; (310)860-0770

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Attachment 3 to Subpoena -020

*PLT Jayme Tipton vs. DEF Airport Terminal Services*

CASE NO. 2:18-cv-09503-AB-JEM

## DOCUMENT REQUESTS

## REQUESTED CATEGORIES OF DOCUMENTS AND ITEMS

**REQUEST FOR PRODUCTION NO. 1:**

1. All DOCUMENTS relating to the contract relating to the employment of Groomers between Jet Blue and Airport Terminal Services that resulted in plaintiff, JAYME TIPTON being hired in 2016.

[The term the terms "DOCUMENT" or "DOCUMENTS" mean "writings," as defined by Federal Rules of Civil Procedure, and includes any kind of written or graphic matter however produced or reproduced, of any kind of description, whether sent or received or either, including originals, copies, and drafts and both sides thereto and including, but not limited to, papers, books, letters, photographs, posters, objects, tangible things, correspondence, telegrams, cables, telex messages, confirmations, account statements, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or of conferences or other meetings, affidavits, statements, opinions, reports, studies, analyses, evaluations, financial statements, prospectuses, circulars, certificates, press release, annual reports, quarterly reports, magazine articles, newspaper articles, manuals, contracts, agreements, statistical records, journals, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings,

computer printouts, data processing input and output, all records of communications recorded or encoded onto magnetic or computer disks, diskettes, audio and video tapes or any other media, all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, however denominated, and dated, produced, generated or received at any time prior to and including the date of production herein.]

[The term "YOU" shall mean and refer, hereinafter, to the responding party and his agents, employees, or representatives.]

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:18-cv-09503-AB-JEM

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**TIPTON v. ATS., et al.**                  **Case No.:  2:18-cv-09503-AB-JEM**

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am an employee in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action; my business address is 6205 Lusk Boulevard, Suite 200, San Diego, California 92121.

On December 30, 2019, I served the foregoing document, described as **"PLAINTIFF JAYME TIPTON'S AMENDED SUBPOENA AND NOTICE OF TAKING DEPOSITION OF PERSON MOST QUALIFIED BY JETBLUE AIRLINES"** on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

**Aaron R. Lubeley, Esq.**
**Simon L. Yang, Esq.**
**Meagan Sue O'Dell, Esq.**
**SEYFARTH SHAW LLP**
**601 South Figueroa Street, Suite 3300**
**Los Angeles, California 90017-5793**

[X]    **(BY MAIL)** As follows:

[X]    I placed such envelope, with postage thereon prepaid, in the United States mail at San Diego, California.

[X]    I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at San Diego, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

[ ]    **(BY FED EX)** I placed such envelope in a designated Federal Express pick-up box at San Diego, California.

[ ]    **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the attorney at the offices of the addressee.

[X]    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare, under penalty of perjury under the laws of the United States of America, that the above is true and correct.

Executed on December 30, 2019, at San Diego, California.

Isabella Sobalvarro

# EXHIBIT 12

SEYFARTH SHAW LLP
Aaron R. Lubeley (SBN 199837)
alubeley@seyfarth.com
Simon L. Yang (SBN 260286)
syang@seyfarth.com
Meagan Sue O'Dell (SBN 280086)
modell@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:   (213) 270-9600
Facsimile:   (213) 270-9601

Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYME TIPTON,<br><br>        Plaintiff,<br><br>    v.<br><br>AIRPORT TERMINAL SERVICES, INC.,<br>and DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No. 2:18-cv-09503-AB-JEM<br><br>*Assigned to Hon. André Birotte Jr.*<br><br>**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S AMENDED NOTICE OF DEPOSITION OF PERSON MOST QUALIFIED BY JETBLUE AIRLINES**<br><br>Date:    January 10, 2020<br>Time:    10:00 a.m.<br>Place:   225 Santa Monica Boulevard<br>          Suite 700<br>          Santa Monica, CA 90401 |

Defendant Airport Terminal Services, Inc., by and through its attorneys Seyfarth Shaw LLP, hereby submits its Objections to Plaintiff's Amended Notice of Deposition of PERSON MOST QUALIFIED BY JETBLUE AIRLINES, as follows:

## PRELIMINARY STATEMENT

This response is made solely for purposes of this action. It is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any statements contained herein, if such statements were made by a witness present and testifying at court. All said objections and grounds are expressly reserved and may be interposed at the time of trial.

Defendant's response is based solely on the investigation and discovery conducted in this litigation to date. Defendant's discovery and investigation are ongoing and continuing. Without incurring an obligation to do so, Defendant reserves the right to further supplement these responses and/or present additional evidence relating to these issues at trial.

## GENERAL OBJECTIONS

Defendant makes the following general objections to each category of documents specified in this notice, each of which is incorporated by this reference into each individual response herein. These general objections apply to the entirety of Plaintiff's Amended Notice of Deposition of Person Most Qualified by JetBlue Airlines. The assertion of same, similar, or additional objections to the individual request does not waive any of Defendant's general objections as set forth below.

1.    Defendant objects to Plaintiff's Notice and to each individual topic and request on the grounds that they are overly broad as to the time period and scope of this litigation, and burdensome and oppressive.

2.    Defendant objects to Plaintiff's Notice and to each individual topic and request on the grounds that they seek the production of information and documents which

2

1    are not relevant to the subject matter of this litigation and not reasonably calculated to

2    lead to the discovery of admissible evidence.

3        3.    Defendant has not completed its investigation of this action, has not

4    completed discovery, and has not completed its trial preparation.  The results hereinafter

5    are based on Defendant's knowledge, information and belief at this time, and are made

6    without prejudice to the foregoing objections.  Defendant specifically reserves the right to

7    amend and/or supplement these responses at any time.

8        4.    These responses are made solely for the purpose of this civil action.  Each

9    response is subject to any and all objections as to competency, relevancy, materiality,

10   propriety and admissibility, and to any and all other objections and grounds that would

11   require the exclusion of any statement contained herein if any of said topics or requests

12   were asked of, or any statements contained herein were made by, a witness present and

13   testifying in court, or in a declaration, all of which objections and grounds are hereby

14   expressly reserved and may be interposed later at or before the time of trial.

15       5.    The fact that Defendant has responded to all, or part, of any topic and

16   request is not intended to be, and shall not be construed to be, a waiver of all, or any part,

17   of any objection to any topic or request made herein, nor an admission of any fact stated

18   or assumed in the topic or request.

19       6.    To the extent that any topic or request seeks information or documents

20   which are protected by the attorney-client privilege, and/or attorney work-product

21   doctrine, Defendant objections to the production of such information or documents that

22   would include, without limitation:

23       a.    All information and documents which constitute correspondence or other

24   communications between counsel for Defendant or their respective agents or employees,

25   on one hand, and Defendant or its respective agents or employees, on the other hand; and

26

27

28

3

b.    All information and documents prepared for use in this action, including notes, memoranda, draft pleadings and correspondence prepared by, at the direction of, or for review of counsel for Defendant.

7.    Defendant generally objects to each and every topic and request to the extent that they purport to impose an obligation on Defendant or Person Most Qualified by JetBlue Airlines to provide a response for or on behalf of any other person or entity and/or seeks documents or information not in its/her possession, custody or control.

8.    To the extent that topics or requests seek electronic documents or e-mails, Defendant objects that a generalized e-mail search or document search would be overbroad, burdensome and not likely to lead to the discovery of admissible information. Further, Defendant objects to any topic or request that purports to impose an obligation on Defendant to load or maintain computer system back-up tapes or search or receive documents from any back-up tapes that may exist.  Defendant believes that any attempt to impose such an obligation in this case is overbroad, burdensome, and not likely to lead to the discovery of admissible information.

9.    Defendant objects to each topic and request to the extent that they seek discovery of confidential, trade secret, proprietary, financial, or commercially-sensitive documents or information, the disclosure of which would constitute an invasion of the constitutionally-protected right to privacy or could result in substantial competitive injury to Defendant or breach by Defendant of an obligation to another to maintain such information as confidential.

10.    Defendant objects to the entirety of the Notice of Deposition on the grounds that it is set to occur at a location in violation of the Federal Rules of Civil Procedure.

11.    Defendant objects to the entirety of the Notice of Deposition on the grounds that it does not provide sufficient notice or sufficient time to require responses to Requests for Production under the Federal Rules of Civil Procedure, nor does it provide reasonable notice for the deposition.

4

Defendant further objects to Plaintiff's Amended Notice of Deposition of Person Most Qualified by JetBlue Airlines as follows:

## OBJECTIONS TO TOPICS FOR EXAMINATION

### TOPIC NO. 1:

Any information regarding the contract between JetBlue Airlines and Airport Terminal Services for the hiring of Groomers from 2016 to 2017.

### RESPONSE TO NO. 1:

Defendant objects to this topic on the grounds that it is overbroad in time and scope, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information which is not relevant to the subject matter of this litigation. Defendant objects to this topic to the extent it seeks confidential, trade secret, proprietary, financial, or commercially-sensitive documents or information, the disclosure of which would constitute an invasion of the constitutionally-protected right to privacy or could result in substantial competitive injury to Defendant or breach by Defendant of an obligation to another to maintain such information as confidential. Defendant objects to this topic on the grounds that it assumes acts not in evidence. Defendant objects to this topic on the grounds that it does not identify the information sought with reasonable particularity; thus, making it unduly burdensome. Defendant objects to this topic to the extent that it seeks information which is protected by the attorney-client privilege, and/or attorney work-product doctrine.

### TOPIC NO. 2:

Any information regarding the number of Groomers required to be employed by Airport Terminal Services to serve Jet Blue Airlines between October 2016 and April 2017.

### RESPONSE TO NO. 2:

Defendant objects to this topic on the grounds that it is overbroad in time and scope, is not reasonably calculated to lead to the discovery of admissible evidence, and

1  seeks information which is not relevant to the subject matter of this litigation.  Defendant

2  objects to this topic to the extent it seeks confidential, trade secret, proprietary, financial,

3  or commercially-sensitive documents or information, the disclosure of which would

4  constitute an invasion of the constitutionally-protected right to privacy or could result in

5  substantial competitive injury to Defendant or breach by Defendant of an obligation to

6  another to maintain such information as confidential.  Defendant objects to this topic on

7  the grounds that it assumes acts not in evidence.  Defendant objects to this topic on the

8  grounds that it does not identify the information sought with reasonable particularity;

9  thus, making it unduly burdensome.  Defendant objects to this topic to the extent that it

10  seeks information which is protected by the attorney-client privilege, and/or attorney

11  work-product doctrine.

12  **TOPIC NO. 3:**

13      Any information regarding the commencement of the contract between Airport

14  Terminal Services and Jet Blue Airlines for Airport Terminal Services to hire groomers

15  to provide grooming services for Jet Blue Airlines from 2016 to 2017.

16  **RESPONSE TO NO. 3:**

17      Defendant objects to this topic on the grounds that it is overbroad in time and

18  scope, is not reasonably calculated to lead to the discovery of admissible evidence, and

19  seeks information which is not relevant to the subject matter of this litigation.  Defendant

20  objects to this topic to the extent it seeks confidential, trade secret, proprietary, financial,

21  or commercially-sensitive documents or information, the disclosure of which would

22  constitute an invasion of the constitutionally-protected right to privacy or could result in

23  substantial competitive injury to Defendant or breach by Defendant of an obligation to

24  another to maintain such information as confidential.  Defendant objects to this topic on

25  the grounds that it assumes acts not in evidence.  Defendant objects to this topic on the

26  grounds that it does not identify the information sought with reasonable particularity;

27  thus, making it unduly burdensome.  Defendant objects to this topic to the extent that it

28

6

1   seeks information which is protected by the attorney-client privilege, and/or attorney
2   work-product doctrine.

3   **TOPIC NO. 4:**

4       Any information relating to the termination of the agreement between Jet Blue
5   Airlines and Airport Terminal Services between 2016 and 2017 for failure to maintain an
6   agreed upon number of groomers to service Jet Blue Airlines.

7   **RESPONSE TO NO. 4:**

8       Defendant objects to this topic on the grounds that it is overbroad in time and
9   scope, is not reasonably calculated to lead to the discovery of admissible evidence, and
10  seeks information which is not relevant to the subject matter of this litigation.  Defendant
11  objects to this topic to the extent it seeks confidential, trade secret, proprietary, financial,
12  or commercially-sensitive documents or information, the disclosure of which would
13  constitute an invasion of the constitutionally-protected right to privacy or could result in
14  substantial competitive injury to Defendant or breach by Defendant of an obligation to
15  another to maintain such information as confidential.  Defendant objects to this topic on
16  the grounds that it assumes acts not in evidence.  Defendant objects to this topic on the
17  grounds that it does not identify the information sought with reasonable particularity;
18  thus, making it unduly burdensome.  Defendant objects to this topic to the extent that it
19  seeks information which is protected by the attorney-client privilege, and/or attorney
20  work-product doctrine.

21   **OBJECTIONS TO REQUESTED DOCUMENTS AND ITEMS**
22   **REQUEST FOR PRODUCTION NO. 1:**

23       All DOCUMENTS relating to the contract relating to the employment of Groomers
24   between Jet Blue and Air Port Terminal Services that resulted in plaintiff, JAYME
25   TIPTON being hired in 2016.

26       [The term the terms "DOCUMENT" or "DOCUMENTS" mean "writings," as
27   defined by California Evidence Code § 250 and includes any kind of written or graphic

28

7

1  matter however produced or reproduced, of any kind of description, whether sent or
2  received or either, including originals, copies, and drafts and both sides thereto and
3  including, but not limited to, papers, books, letters, photographs, posters, objects, tangible
4  things, correspondence, telegrams, cables, telex messages, confirmations, account
5  statements, memoranda, notes, notations, work papers, transcripts, minutes, reports and
6  recordings of telephone or other conversations, or of conferences or other meetings,
7  affidavits, statements, opinions, reports, studies, analyses, evaluations, financial
8  statements, prospectuses, circulars, certificates, press release, annual reports, quarterly
9  reports, magazine articles, newspaper articles, manuals, contracts, agreements, statistical
10  records, journals, desk calendars, appointment books, diaries, lists, tabulations,
11  summaries, sound recordings, computer printouts, data processing input and output, all
12  records of communications recorded or encoded onto magnetic or computer disks,
13  diskettes, audio and video tapes or any other media, all other records kept by electronic,
14  photographic or mechanical means, and things similar to any of the foregoing, however
15  denominated, and dated, produced, generated or received at any time prior to and
16  including the date of production herein.]

17      [The term "YOU" shall mean and refer, hereinafter, to the responding party and his
18  agents, employees, or representatives.]

19  **RESPONSE TO NO. 1:**

20      Defendant objects to this request on the grounds that it is overbroad in time and
21  scope, is not reasonably calculated to lead to the discovery of admissible evidence, and
22  seeks information which is not relevant to the subject matter of this litigation.  Defendant
23  objects to this request to the extent it seeks confidential, trade secret, proprietary,
24  financial, or commercially-sensitive documents or information, the disclosure of which
25  would constitute an invasion of the constitutionally-protected right to privacy or could
26  result in substantial competitive injury to Defendant or breach by Defendant of an
27  obligation to another to maintain such information as confidential.  Defendant objects to

28

1    this request on the grounds that it assumes acts not in evidence.  Defendant objects to this

2    request on the grounds that it does not identify the documents sought with reasonable

3    particularity; thus, making it unduly burdensome.  Defendant objects to this request to the

4    extent that it seeks information which is protected by the attorney-client privilege, and/or

5    attorney work-product doctrine.

6

7    DATED: January 7, 2020                    Respectfully submitted,

8                                              SEYFARTH SHAW LLP

9

10                                       By: _____

11                                            Aaron R. Lubeley
                                              Simon L. Yang
12                                            Meagan Sue O'Dell
                                              Attorneys for Defendant
13                                            AIRPORT TERMINAL SERVICES,
                                              INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S AMENDED NOTICE OF DEPOSITION OF
PERSON MOST QUALIFIED BY JETBLUE AIRLINES

1

## **PROOF OF SERVICE**

2   STATE OF CALIFORNIA           )
                                  ) SS
3   COUNTY OF LOS ANGELES         )

4        I am a resident of the State of California, over the age of eighteen years, and not a
    party to the within action.  My business address is 601 South Figueroa Street, Suite 3300,
5   Los Angeles, California  90017-5793.  On January 7, 2020, I served the within
    document(s):

6

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S AMENDED NOTICE OF
7   DEPOSITION OF PERSON MOST QUALIFIED BY JETBLUE AIRLINES**

8   ☐  by placing the document(s) listed above in a sealed envelope with postage thereon
       fully prepaid, in the United States mail at Los Angeles, California, addressed as set
9      forth below.

10  ☐  by causing it to be personally delivered by a messenger of Nationwide Legal all the
       document(s) listed above to the person(s) at the address(es) set forth below.
11

12  ☒  by placing the document(s) listed above, together with an unsigned copy of this
       declaration, in a sealed envelope or package provided by an overnight delivery
       carrier with postage paid on account and deposited for collection with the
13     overnight carrier at Los Angeles, California, addressed as set forth below.

14  ☒  by transmitting the document(s) listed above, electronically, via the e-mail
       addresses set forth below.
15

16  Carney R. Shegerian, Esq.              ***Attorneys for Plaintiff***
    Anthony Nguyen, Esq.
17  Aaron Gbewonyo, Esq.
    SHEGERIAN & ASSOCIATES, INC.          Email:  cshegerian@shegerianlaw.com
18  145 S. Spring Street, Suite 400        anguyen@shegerianlaw.com
    Los Angeles, California  90012         agbewonyo@shegerianlaw.com

19

20       I am readily familiar with the firm's practice of collection and processing
    correspondence for mailing.  Under that practice it would be deposited with the U.S.
21  Postal Service on that same day with postage thereon fully prepaid in the ordinary course
    of business.  I am aware that on motion of the party served, service is presumed invalid if
22  postal cancellation date or postage meter date is more than one day after date of deposit
    for mailing in affidavit.

23       I declare that I am employed in the office of a member of the bar of this court at
    whose direction the service was made.  Executed on January 7, 2020, at Los Angeles,
24  California.

25

26

27                                      Blanca Guerra

28

---

PROOF OF SERVICE

60229391v.1

# EXHIBIT 13

**O'Dell, Meagan S.**

| | |
|---|---|
| **From:** | O'Dell, Meagan S. |
| **Sent:** | Tuesday, January 7, 2020 2:22 PM |
| **To:** | Aaron Gbewonyo |
| **Cc:** | Lubeley, Aaron; Yang, Simon; Isabella Sobalvarro; Guerra, Blanca |
| **Subject:** | Re: Tipton v. ATS - Meet and Confer re: MSJ |

Thank you for confirming that Plaintiff withdraws her subpoenas.

Best,


Meagan



On Jan 7, 2020, at 1:24 PM, Aaron Gbewonyo <agbewonyo@shegerianlaw.com> wrote:


**[EXT. Sender]**

Hi Meagan,

Thank you for your email and for providing the separate statement. This email shall confirm that Plaintiff with withdraw the subpoena for Jet Blue in light of your objections.



**Aaron Gbewonyo** | Associate Attorney
225 Santa Monica Blvd, Suite 700 | Santa Monica, CA 90401
Office: (310) 860-0770 | Facsimile: (310) 860-0771
agbewonyo@shegerianlaw.com | shegerianlaw.com [shegerianlaw.com]

Please do not print this e-mail unless absolutely necessary. CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are privileged and confidential and are intended for the sole use of the addressee(s). If you have received this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon it is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the Shegerian Law client privilege as to this communication or otherwise. If you have received this communication in error, please immediately delete it and contact us at privacy@shegerianlaw.com or by telephone at (310) 860-0770. Thank you.

**From:** O'Dell, Meagan S. <modell@seyfarth.com>
**Sent:** Tuesday, January 7, 2020 12:21 PM
**To:** Aaron Gbewonyo <agbewonyo@shegerianlaw.com>
**Cc:** Lubeley, Aaron <ALubeley@seyfarth.com>; Yang, Simon <syang@seyfarth.com>
**Subject:** RE: Tipton v. ATS - Meet and Confer re: MSJ

Aaron,

Please find attached the separate statement.

Also, per our call moments ago, I understand that you will be advising later today if Plaintiff intends to withdraw her subpoenas to JetBlue in light of our objections and the discovery cut-off being January 3.

Best,

Meagan

**Meagan S. O'Dell** | Associate | Seyfarth Shaw LLP
601 South Figueroa Street | Suite 3300 | Los Angeles, California 90017-5793
Direct: +1-213-270-9649 | Fax: +1-310-551-8498
modell@seyfarth.com | http://www.seyfarth.com
<image001.jpg>

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Aaron Gbewonyo <agbewonyo@shegerianlaw.com>
**Sent:** Monday, January 6, 2020 9:40 AM
**To:** O'Dell, Meagan S. <modell@seyfarth.com>
**Cc:** Lubeley, Aaron <ALubeley@seyfarth.com>; Yang, Simon <syang@seyfarth.com>
**Subject:** RE: Tipton v. ATS - Meet and Confer re: MSJ

[EXT. Sender]

Hi Meagan,

Could you please send me a word format of your separate statement? Thank you very much in advance.

Aaron Gbewonyo | Associate Attorney
225 Santa Monica Blvd, Suite 700 | Santa Monica, CA 90401
Office: (310) 860-0770 | Facsimile: (310) 860-0771
agbewonyo@shegerianlaw.com | shegerianlaw.com [shegerianlaw.com]

<image002.png>
[shegerianlaw.com]

<image004.jpg>

Please do not print this e-mail unless absolutely necessary. CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are privileged and confidential and are intended for the sole use of the addressee(s). If you have received this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon it is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the Shegerian Law client privilege as to this communication or otherwise. If you have received this communication in error, please immediately delete it and contact us at privacy@shegerianlaw.com or by telephone at (310) 860-0770. Thank you.

**From:** O'Dell, Meagan S. <modell@seyfarth.com>
**Sent:** Monday, December 30, 2019 12:01 PM
**To:** Aaron Gbewonyo <agbewonyo@shegerianlaw.com>
**Cc:** Lubeley, Aaron <ALubeley@seyfarth.com>; Yang, Simon <syang@seyfarth.com>
**Subject:** RE: Tipton v. ATS - Meet and Confer re: MSJ

Aaron,

I haven't heard from you since the 20th, and wanted to circle back to see if Plaintiff was willing to forego any of her claims in light of our intended MSJ and the bases for the same.

Best,

Meagan

**Meagan S. O'Dell** | Associate | Seyfarth Shaw LLP
601 South Figueroa Street | Suite 3300 | Los Angeles, California 90017-5793
Direct: +1-213-270-9649 | Fax: +1-310-551-8498
modell@seyfarth.com | http://www.seyfarth.com
<image006.jpg>

---

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** O'Dell, Meagan S.
**Sent:** Friday, December 20, 2019 12:51 PM
**To:** Aaron Gbewonyo <agbewonyo@shegerianlaw.com>
**Cc:** Lubeley, Aaron <alubeley@seyfarth.com>; Yang, Simon <syang@seyfarth.com>
**Subject:** RE: Tipton v. ATS - Meet and Confer re: MSJ

Thank you, Aaron. Please note that Defendant's MSJ is due to be filed on January 3, so time is of the essence for any potential resolution.

Best,

Meagan

---

**From:** Aaron Gbewonyo <agbewonyo@shegerianlaw.com>
**Sent:** Friday, December 20, 2019 11:29 AM
**To:** O'Dell, Meagan S. <modell@seyfarth.com>
**Cc:** Lubeley, Aaron <ALubeley@seyfarth.com>; Yang, Simon <syang@seyfarth.com>
**Subject:** RE: Tipton v. ATS - Meet and Confer re: MSJ

[EXT. Sender]

Meagan,

To be clear, my proposition to dismiss the claims for wrongful termination and retaliation (which is no indication of our belief in the legitimacy of those claims) was as a compromise to Defendant's agreement to forgo filing a MSJ. I did not have the opportunity to review the case law you provided, however, I would be happy to review and discuss with my client. To the extent that I am able to discuss your position with my client prior to the Holidays, I will aim to have a response to you by next week.

Aaron Gbewonyo | Associate Attorney
225 Santa Monica Blvd, Suite 700 | Santa Monica, CA 90401
Office: (310) 860-0770 | Facsimile: (310) 860-0771
agbewonyo@shegerianlaw.com | shegerianlaw.com [shegerianlaw.com]

<image002.png>
[shegerianlaw.com]

<image007.jpg>

Please do not print this e-mail unless absolutely necessary. CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are privileged and confidential and are intended for the sole use of the addressee(s). If you have received this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon it is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the Shegerian Law client privilege as to this communication or otherwise. If you have received this communication in error, please immediately delete it and contact us at privacy@shegerianlaw.com or by telephone at (310) 860-0770. Thank you.

**From:** O'Dell, Meagan S. <modell@seyfarth.com>
**Sent:** Friday, December 20, 2019 10:55 AM
**To:** Aaron Gbewonyo <agbewonyo@shegerianlaw.com>
**Cc:** Lubeley, Aaron <ALubeley@seyfarth.com>; Yang, Simon <syang@seyfarth.com>
**Subject:** Tipton v. ATS - Meet and Confer re: MSJ

Aaron,

I wanted to see if you had a chance to review the *Shamir* and *Swonke* cases that I provided yesterday in an effort to continue our meet and confer efforts related to Defendants' anticipated MSJ. I understand that Plaintiff is willing to consider dismissal of the retaliation and wrongful termination claims with prejudice; however, we believe there is supportive case law to require the dismissal of all of Plaintiff's claims. Below please find a brief summary of our points as to the remaining claims for disability discrimination, failure to accommodate, and failure to engage in the interactive process, along with the two cases provided yesterday that support our position. Please let me know if you are available to discuss further today, as Defendant's deadline to file its MSJ is fast approaching.

**Disability Discrimination and Failure to Accommodate**

In order to establish a prima facie case, Plaintiff must show that: 1) she suffers from a disability; 2) she is otherwise qualified to do her job; 3) she suffered an adverse employment action; and 4) the employer harbored discriminatory intent.

Here, Plaintiff cannot establish that she was otherwise qualified. Plaintiff's doctor's notes unequivocally place her off work. Plaintiff's deposition testimony states that she was not clear to return to work until approximately June 2018 - over 13 months after first being placed off work (and further admits that she never received a return to work authorization from her doctor). In addition, if Plaintiff concedes that her wrongful termination claim has no merit, I am confused as to what adverse employment action she allegedly suffered.

4

Plaintiff is attempting to make the same arguments that were denied in the *Shamir v. SCCA Store Holdings, Inc.* case (2014 WL 12597151, June 9, 2014, C.D. Cal.). Plaintiff seeks to fault Defendant for not providing accommodations other than leave. Only one accommodation could be read to be consistent with Plaintiff's doctor's note - time off work. Defendant provided this to Plaintiff for approximately one month, but Plaintiff did not qualify for any protected leave and a personal leave could not be granted.

The *Shamir* court evaluated these exact contentions. As the court noted, "to rule in favor of plaintiff on this point would be to hold that the employer should have returned plaintiff to work when the professional medical judgment was that [she] was physically incapacitated." *Id.* at *5; citing *Swonke v. Sprint*, 327 F.Supp.2d 1128, 1133 (N.D. Cal. 2004). The court found that there was no basis to require such action by an employer. As a result, the *Shamir* court held that both Plaintiff's disability discrimination and failure to accommodate claims failed, and the court granted Defendant's MSJ.

The same is true here where ATS reasonably relied on the medical judgment of Plaintiff's doctor.

**<u>Failure to Engage in the Interactive Process</u>**

Both the *Shamir* and *Swonke* courts found no reason to require an employer to engage in a futile interactive process. The courts found that an employer's reliance on a plaintiff's doctors' medical opinions that the plaintiff was not cleared to return to work was sufficient. The employer had no occasion to discuss accommodations because there was nothing the employer could do until it received notice that the plaintiff could return to work. *Shamir*, at *6; *Swonke*, at 1137.

The same is true here. Plaintiff's doctor placed her off work, and Plaintiff's own testimony is that she was unable to return to work until June 2018. It was not only reasonable for ATS to rely on the doctor's notes, but there was simply nothing ATS could do until it received notice that Plaintiff could return to work. ATS never received this notice. Any interactive process would have been futile. ATS was not obligated to engage in the interactive process with Plaintiff to identify accommodations needed upon her return to work because Plaintiff's doctors never authorized her to return to work. *See, Shamir*, at *6.

As such, her claim for failure to engage in the interactive process will also fail.

Please note that as Plaintiff's claims for retaliation and wrongful termination are premised on her disability discrimination claims, they also fail for the same reasons noted above. *See, Shamir*, at *7.

I look forward to hearing from you soon to see if we can resolve the anticipated MSJ without court involvement.

Best,

Meagan

**Meagan S. O'Dell** | Associate | Seyfarth Shaw LLP
601 South Figueroa Street |  Suite 3300 | Los Angeles, California 90017-5793
Direct: +1-213-270-9649 | Fax: +1-310-551-8498
modell@seyfarth.com | http://www.seyfarth.com

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

# Declaration of Daniel Schlosser

1  SEYFARTH SHAW LLP
   Aaron R. Lubeley (SBN 199837)
2  alubeley@seyfarth.com
   Simon L. Yang (SBN 260286)
3  syang@seyfarth.com
   Meagan Sue O'Dell (SBN 280086)
4  modell@seyfarth.com
   601 South Figueroa Street, Suite 3300
5  Los Angeles, California 90017-5793
   Telephone:  (213) 270-9600
6  Facsimile:  (213) 270-9601

7  Attorneys for Defendant
   AIRPORT TERMINAL SERVICES, INC.
8

9                    UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

12

13  JAYME TIPTON,                          Case No.  2:18-cv-9503 AB (JEMx)

14              Plaintiff,                  *Assigned to Hon. Andre Birotte Jr.*

15      v.                                  **DECLARATION OF DANIEL
                                            SCHLOSSER IN SUPPORT OF
16  AIRPORT TERMINAL SERVICES, INC.,        AIRPORT TERMINAL SERVICES,
    and DOES 1 through 100, inclusive,      INC.'S REPLY TO PLAINTIFF'S
17                                          OPPOSITION TO DEFENDANT'S
                Defendants.                 MOTION FOR SUMMARY
18                                          JUDGMENT OR IN THE
                                            ALTERNATIVE, PARTIAL
19                                          SUMMARY JUDGMENT**

20                                          [Filed concurrently with Defendant's
                                            Reply to Plaintiff's Separate Statement,
21                                          Reply in Support of Motion,
                                            Supplemental Declaration of Meagan
22                                          O'Dell, Supplemental Appendix of
                                            Evidence, and Objections to Plaintiff's
23                                          Evidence]

24                                          Date:         February 7, 2020
                                            Time:         10:00 a.m.
25                                          Courtroom:    7B

26                                          Complaint Filed:    October 4, 2018

27

28

                                                      DECLARATION OF DANIEL SCHLOSSER

**DECLARATION OF DANIEL SCHLOSSER**

I, Daniel Schlosser, declare as follows:

1.      I have personal knowledge of the facts set forth in this declaration and could and would testify to them competently under oath if called as a witness to do so.

2.      I am a Litigation and Regulatory Analyst for JetBlue Airways Corporation, and I am authorized by JetBlue to make this declaration on its behalf. I submit this declaration to clarify my prior declaration signed on January 7, 2020. I further submit this declaration in support of Airport Terminal Services, Inc.'s ("ATS") Motion for Summary Judgment. The following is based upon my own personal knowledge, and if called upon to testify, I could and would competently testify thereto.

3.      On January 6, 2020 and January 7, 2020, Aaron Gbewonyo from Shegerian & Associates reached out to me via e-mail and phone. Mr. Gbewonyo represented to me that he sought my declaration in response to a subpoena issued by his office. In reviewing that subpoena and speaking with Mr. Gbewonyo, I understood that the subpoena was seeking contracts between ATS and JetBlue related to the hiring of "groomers." Mr. Gbewonyo specifically asked me to locate a contract between ATS and JetBlue regarding "groomers" during a specified period of time.

4.      I asked Mr. Gbewonyo to clarify what he meant by the term "groomers," but he did not answer my question. Mr. Gbewonyo never provided me the clarity that I sought to understand what position "groomer" was referring to.

5.      I advised him that I did not locate a contract referencing "groomers." I am not familiar with the term "groomer," as it is not a term that JetBlue uses. As this is not a term that JetBlue uses, I would not expect to find a contract referencing "groomers." JetBlue utilizes the term "aircraft cleaning services personnel."

6.      Mr. Gbewonyo then asked me if a contract existed between ATS and JetBlue at all. I conducted a search of the Ariba system and located a few contracts between ATS and JetBlue at airports other than LAX.

7.     Mr. Gbewonyo did not tell me the reason that he sought my declaration was to oppose ATS's Motion for Summary Judgment. I understood that he was reaching out to me as a follow-up to the subpoena issued by his firm. I understood that the information I was providing was in response to and was sufficient to respond to the subpoena, and that no further action was needed on my part. I was unaware that Mr. Gbewonyo's subpoena also sought a deposition.

8.     Mr. Gbewonyo did not inform me that ATS had objected to the subpoena, or that Plaintiff informed ATS's counsel that she agreed to withdraw the subpoena.

9.     There is a global contract that exists between JetBlue and ATS that relates to aircraft cleaning services at LAX. JetBlue entered into a global contract with ATS, with an effective date of September 1, 2016. On September 15, 2016, ATS began to fulfill its statement of work at LAX under this contract. That statement of work is not scheduled to expire until September 14, 2023.

10.     The statement of work for LAX contains a service level agreement that provides that JetBlue requires certain timing for the services, and that the services must meet an expected level. If there are aircraft appearance failures, delays, and the like, JetBlue may be entitled to credits. The statement of work requires that aircraft cleaning services follow JetBlue's appearance standards. The contract requires that ATS staff an adequate number of employees to perform the work, and the statement of work often provides greater detail on what constitutes an adequate number. For example, the 2018 statement of work requires four cleaning personnel per plane for regular service and six cleaning personnel per plane for mint service.

11.     The statement of work also contains a requirement that ATS furnish a report reflecting the total plan number of employees performing the work and their schedules.

12.     The global contract between ATS and JetBlue is not located in the Ariba system, which is why I was unable to locate it during my search.

13.     If Mr. Gbewonyo had told me that he sought a contract related to LAX for aircraft cleaning services, I would have been able to locate the global contract that was

1    not maintained in the Ariba system. If I was unable to locate a contract in the Ariba

2    system, I would have spoken to my colleagues to determine if a global contract existed

3    outside the Ariba system. This would have uncovered the global contract that covers the

4    LAX location and the provision of aircraft cleaning services.

5

6        I declare under penalty of perjury under the laws of the United States of America

7    that the foregoing is true and correct.

8        Executed on this 24th day of January, 2020, at Long Island City, New York.

9

10                                          _____

11                                          Daniel Schlosser

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF DANIEL SCHLOSSER