SEYFARTH SHAW LLP
Aaron R. Lubeley (SBN 199837)
alubeley@seyfarth.com
Simon L. Yang (SBN 260286)
syang@seyfarth.com
Meagan Sue O'Dell (SBN 280086)
modell@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:  (213) 270-9600
Facsimile:    (213) 270-9601

Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYME TIPTON,<br><br>              Plaintiff,<br><br>       v.<br><br>AIRPORT TERMINAL SERVICES, INC., and DOES 1 through 100, inclusive,<br><br>              Defendants. | Case No.  2:18-cv-9503 AB (JEMx)<br><br>*Assigned to Hon. Andre Birotte Jr.*<br><br>**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>[Filed concurrently with Defendant's Reply to Plaintiff's Opposition to Separate Statement, Supplemental Declaration of Meagan O'Dell, Declaration of Daniel Schlosser, Defendant's Reply, and Supplemental Appendix of Evidence]<br><br>Date:            February 7, 2020<br>Time:            10:00 a.m.<br>Courtroom:     7B<br><br>Complaint Filed:      October 4, 2018 |

1   Defendant Airport Terminal Services, Inc. ("ATS"), hereby submits the following

2   objections to the evidence Plaintiff has submitted in support of her Opposition to

3   Defendant's Motion for Summary Judgment, or in the Alternative, Partial Summary

4   Judgment ("Motion").

5   **I.    GENERAL OBJECTIONS TO THE DECLARATION OF DANIEL
         SCHLOSSER**

6       The Court should exclude and/or disregard Mr. Schlosser's Declaration for several

7   reasons.

8       The declaration is riddled with statements that, among other objections, lack

9   foundation and are made without personal knowledge. It is clear that Mr. Schlosser was

10  not provided with all of the needed information, and that Plaintiff's counsel's

11  representations caused incomplete and inaccurate testimony. Further, the declaration does

12  not state its purpose or indicate that Mr. Schlosser has the authority to submit the

13  declaration on JetBlue's behalf.

14      In addition, Mr. Schlosser's supplemental declaration submitted concurrently

15  herewith indicates that he was misled by Plaintiff's counsel both in the reason the

16  declaration was sought and in the information being sought. Mr. Schlosser did not have

17  an understanding of what a "groomer" was, and Plaintiff's counsel refused to provide a

18  definition to him; thus, rendering him unable to properly search for related contracts. In

19  addition, the global contract between ATS and JetBlue that governs the LAX location

20  was not located in the Ariba system, which was the only system Mr. Schlosser accessed

21  before submitting his original declaration. Should Plaintiff's counsel have provided

22  pertinent information regarding the contract and the fact that it pertained to staffing

23  requirements and aircraft cleaning services personnel, Mr. Schlosser would have been

24  able to locate the contract.

25      Moreover, Plaintiff's counsel improperly failed to inform Mr. Schlosser that ATS

26  had submitted objections to the subpoena, and that Plaintiff had agreed to withdraw the

27  subpoena. In fact, Plaintiff's counsel advised on January 7, 2020 at 1:24 p.m. that

28

Plaintiff would withdraw her subpoena to JetBlue. Declaration of Meagan Sue O'Dell, Ex. 13. Despite this representation, Plaintiff proceeded to obtain Mr. Schlosser's Declaration under the guise that it was in response to the subpoena and would fulfill JetBlue's obligations thereunder.

For these reasons, ATS respectfully requests that the Court sustain its objections, and exclude and/or strike as inadmissible the entirety of Mr. Schlosser's Declaration, or each individual part of his declaration as outlined below.  C.D. Cal. Civil L.R. 7-7 ("Declarations shall contain only factual, evidentiary matter and shall conform as far as possible to the requirements of F.R.Civ.P. 56(c)(4)."); *see also United States v. Dibble*, 429 F.2d 598, 601-02 (9th Cir. 1970) (improper declarations are subject to timely objection and may be stricken)). Defendant further respectfully submits that sanctions would be appropriate against Plaintiff's counsel in light of their actions and misrepresentations in obtaining the Declaration of Schlosser. Should the Court be so inclined to hear Defendant's arguments in this regard, Defendant requests time to file an appropriate motion.

## II.    SPECIFIC OBJECTIONS TO THE DECLARATION OF DANIEL SCHLOSSER

| Material Objected To: | Objection: | Ruling: |
|---|---|---|
| 1.    "Any contract with Jet Blue is stored in Ariba."<br><br>Schlosser Decl. at ¶ 3. | Lack of Personal Knowledge (Federal Rule of Evidence 602); Inaccurate and incomplete statement due to Plaintiff's counsel's representations.<br><br>Mr. Schlosser's supplemental declaration clarifies that contracts can exist outside the Ariba system. Declaration of Daniel Schlosser Submitted with Defendant's Reply ("Schlosser Supp. Decl.") at ¶ 12. | _____ Sustained<br><br><br>_____ Overruled |

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE

| | | |
|---|---|---|
| 2.   "There are no contracts entered into between these times nor any active contracts between these dates for the hiring of Groomers with ATS on behalf of Jet Blue at Los Angeles World Airports."<br><br>Schlosser Decl. at ¶ 5. | Relevance Fed. R. Evid. 401 and 402; Lack of Personal Knowledge (Fed. R. Evid. 602).<br><br>Mr. Schlosser's statement is irrelevant, as there is no contention in this matter that a contract exists between ATS and JetBlue solely for the hiring of Groomers. Moreover, Mr. Schlosser's supplemental declaration makes clear that JetBlue does not utilize the term "Groomers," and so he would not expect to find any JetBlue contract containing that term. Schlosser Supp. Decl. at ¶ 5. In fact, Plaintiff's counsel failed to define the term "groomers" or answer Mr. Schlosser's questions related to the term. *Id.* at ¶ 4. | _____ Sustained<br><br><br>_____ Overruled |
| 3.   "The only contracts in existence between Jet Blue and ATS were at Houston Airport, Portland Airport, and Fort Meyer Southwest Florida Airport, however, none of which were for the hiring of Groomers."<br><br>Schlosser Decl. at ¶ 6. | Relevance Fed. R. Evid. 401 and 402; Lack of Personal Knowledge (Fed. R. Evid. 602).<br><br>Mr. Schlosser's statement is vague and ambiguous as to the timeframe this comment is limited to. This statement is irrelevant as it is limited to the Ariba system. Further, his Supplemental Declaration makes clear that at least one other contract existed, a global contract. Schlosser Supp. Decl. ¶¶ at 9-11. Plaintiff's counsel's misrepresentations simply failed to provide the needed information for Mr. Schlosser to provide | _____ Sustained<br><br><br>_____ Overruled |

3

| | | | |
|---|---|---|---|
| | | complete and accurate information. | |
| | 4. | "I am familiar with the contracts that Jet Blue has with ATS regarding staffing. These contracts provide for an hourly rate for which the employee should be hired, required training, and an overview of the respective position. These contracts do not provide for a minimum number of employees that must be maintained throughout the course of the agreement. Agreements between Jet Blue and ATS and other business partners provide that if there is an issue with work force, it is the business or ATS's duty to reassign the work force. The agreement does not mention anything about terminating employees. There is no specific number of employees that must be maintained for a contract between Jet Blue and ATS or its other business partners that would result in the termination of that agreement. However, ATS or any business partner with a contract to hire employees is responsible for providing invoices to Jet Blue, including the number of staff and hours for each position for each day | Relevance (Fed. R. Evid. 401 and 402); Lack of Personal Knowledge (Fed. R. Evid. 602); Lack of Foundation (Fed. R. Evid. 901); Improper lay opinion regarding the contractual requirements (Fed. R. Evid. 701); Best Evidence Rule (Fed. R. Evid. 1002)<br><br>Ms. Schlosser's Declaration does not provide that he has the foundation or knowledge required to opine on the terms of the contract, and the obligations arising therefrom. Further, as his statement is related to contracts generally, without any regard to whether it is applicable to LAX (the location at issue here), it is entirely irrelevant to this action. Plaintiff's counsel's misrepresentations simply failed to provide the needed information for Mr. Schlosser to provide complete and accurate information. | _____ Sustained<br><br><br>_____ Overruled |

4

| | | |
|---|---|---|
| and the worker type for the applicable billing period." Schlosser Decl. at ¶ 7. | | |

## III.   OBJECTIONS TO THE DECLARATION OF CARNEY R. SHEGERIAN

| Material Objected To: | Objection: | Ruling: |
|---|---|---|
| 1.   "Filed concurrently with plaintiff's Appendix of Evidence as Exhibit 1 is a true and correct copy of Defendants' production of the Defendant's Employee Handbook (ATS 000055-ATS 000072)." Declaration of Carney R. Shegerian ("Shegerian Decl.") at ¶ 10. | Lack of Foundation (Federal Rule of Evidence 901). The Shegerian Declaration is largely a list of documents, including documents produced in this litigation.  None of these documents are authenticated or provided with the proper foundation necessary for their introduction as evidence in this matter. Indeed, Mr. Shegerian does not even purport to claim he has personal knowledge of these documents.  *See,* Shegerian Decl., ¶¶ 10-15. Documents must be properly authenticated. *See, e.g., Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777-78 (9th Cir. 2002) (documents are not properly authenticated simply because they were produced in litigation); *Mendonca v. Caliber Home Loans, Inc.*, 2015 WL 1566847, at *3 (C.D. Cal. Apr. 6, 2015) (assertion that documents are "true and correct copies" is insufficient authentication where the declarant lacks personal knowledge of the exhibits at issue).  Consequently, this exhibit lacks foundation as required | _____ Sustained  _____ Overruled |

| | | |
|---|---|---|
| | under the Federal Rules of Evidence. | |
| 2.    "Filed concurrently with plaintiff's Appendix of Evidence as **Exhibit 2** is a true and correct copy of Plaintiff's April 11, 2017 doctor's note (JT 000068)."<br><br>Shegerian Decl. at ¶ 11. | Lack of Foundation (Federal Rule of Evidence 901).<br><br>The Shegerian Declaration is largely a list of documents, including documents produced in this litigation.  None of these documents are authenticated or provided with the proper foundation necessary for their introduction as evidence in this matter. Indeed, Mr. Shegerian does not even purport to claim he has personal knowledge of these documents.  *See,* Shegerian Decl., ¶¶ 10-15. Documents must be properly authenticated. *See, e.g., Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777-78 (9th Cir. 2002) (documents are not properly authenticated simply because they were produced in litigation); *Mendonca v. Caliber Home Loans, Inc.*, 2015 WL 1566847, at *3 (C.D. Cal. Apr. 6, 2015) (assertion that documents are "true and correct copies" is insufficient authentication where the declarant lacks personal knowledge of the exhibits at issue).  Consequently, this exhibit lacks foundation as required under the Federal Rules of Evidence. | _____ Sustained<br><br><br>_____ Overruled |
| 3.    "Filed concurrently with plaintiff's Appendix of Evidence as **Exhibit 3** is a true and correct copy of | Lack of Foundation (Federal Rule of Evidence 901). | _____ Sustained<br><br><br>_____ Overruled |

6

| | | |
|---|---|---|
| Plaintiff's May 1, 2017 doctor's note (JT 000069)."<br><br>Shegerian Decl. at ¶ 12. | The Shegerian Declaration is largely a list of documents, including documents produced in this litigation. None of these documents are authenticated or provided with the proper foundation necessary for their introduction as evidence in this matter. Indeed, Mr. Shegerian does not even purport to claim he has personal knowledge of these documents. *See,* Shegerian Decl., ¶¶ 10-15. Documents must be properly authenticated. *See, e.g., Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777-78 (9th Cir. 2002) (documents are not properly authenticated simply because they were produced in litigation); *Mendonca v. Caliber Home Loans, Inc.*, 2015 WL 1566847, at *3 (C.D. Cal. Apr. 6, 2015) (assertion that documents are "true and correct copies" is insufficient authentication where the declarant lacks personal knowledge of the exhibits at issue). Consequently, this exhibit lacks foundation as required under the Federal Rules of Evidence. | |
| 4.    "Filed concurrently with plaintiff's Appendix of Evidence as **Exhibit 4** is a true and correct copy of Plaintiff's May 15, 2017 doctor's note (JT 000070)."<br><br>Shegerian Decl. at ¶ 13. | Lack of Foundation (Federal Rule of Evidence 901).<br><br>The Shegerian Declaration is largely a list of documents, including documents produced in this litigation. None of these documents are authenticated or provided with the proper foundation necessary for their | _____ Sustained<br><br><br>_____ Overruled |

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE

| | | |
|---|---|---|
| | introduction as evidence in this matter. Indeed, Mr. Shegerian does not even purport to claim he has personal knowledge of these documents. *See*, Shegerian Decl., ¶¶ 10-15. Documents must be properly authenticated. *See, e.g., Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777-78 (9th Cir. 2002) (documents are not properly authenticated simply because they were produced in litigation); *Mendonca v. Caliber Home Loans, Inc.*, 2015 WL 1566847, at *3 (C.D. Cal. Apr. 6, 2015) (assertion that documents are "true and correct copies" is insufficient authentication where the declarant lacks personal knowledge of the exhibits at issue). Consequently, this exhibit lacks foundation as required under the Federal Rules of Evidence. | |
| 5.    "Filed concurrently with plaintiff's Appendix of Evidence as **Exhibit 5** is a true and correct copy of an email correspondence to Shonte Henderson notifying her of Plaintiff's disability and leave of absence ATS 000079."<br><br>Shegerian Decl. at ¶ 14. | Lack of Foundation (Federal Rule of Evidence 901).<br><br>The Shegerian Declaration is largely a list of documents, including documents produced in this litigation.  None of these documents are authenticated or provided with the proper foundation necessary for their introduction as evidence in this matter. Indeed, Mr. Shegerian does not even purport to claim he has personal knowledge of these documents. *See*, Shegerian Decl., ¶¶ 10-15. Documents must be properly authenticated. *See, e.g., Orr v. Bank of* | _____ Sustained<br><br>_____ Overruled |

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE

| | | |
|---|---|---|
| | *Am., NT & SA*, 285 F.3d 764, 777-78 (9th Cir. 2002) (documents are not properly authenticated simply because they were produced in litigation); *Mendonca v. Caliber Home Loans, Inc.*, 2015 WL 1566847, at *3 (C.D. Cal. Apr. 6, 2015) (assertion that documents are "true and correct copies" is insufficient authentication where the declarant lacks personal knowledge of the exhibits at issue).  Consequently, this exhibit lacks foundation as required under the Federal Rules of Evidence. | |
| 6.     "Filed concurrently with plaintiff's Appendix of Evidence as **Exhibit 6** is a true and correct copy of an email correspondence between Defendant's decision makers regarding Plaintiff's termination ATS 000090 - ATS 000094."<br><br>Shegerian Decl. at ¶ 15. | Lack of Foundation (Federal Rule of Evidence 901); Lack of Personal Knowledge (Fed. R. Evid. 602); Improper lay opinion regarding what constitutes a "decision maker" (Fed. R. Evid. 701).<br><br>The Shegerian Declaration is largely a list of documents, including documents produced in this litigation.  None of these documents are authenticated or provided with the proper foundation necessary for their introduction as evidence in this matter. Indeed, Mr. Shegerian does not even purport to claim he has personal knowledge of these documents. *See*, Shegerian Decl., ¶¶ 10-15. Documents must be properly authenticated. *See, e.g., Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 777-78 (9th Cir. | _____ Sustained<br><br><br>_____ Overruled |

9

| | | |
|---|---|---|
| | 2002) (documents are not properly authenticated simply because they were produced in litigation); *Mendonca v. Caliber Home Loans, Inc.*, 2015 WL 1566847, at *3 (C.D. Cal. Apr. 6, 2015) (assertion that documents are "true and correct copies" is insufficient authentication where the declarant lacks personal knowledge of the exhibits at issue). Consequently, this exhibit lacks foundation as required under the Federal Rules of Evidence.<br><br>Mr. Shegerian lacks personal knowledge regarding the identity of "Defendant's decision makers," and his opinion and categorization of individuals under this title constitutes an improper lay opinion. | |

## IV.    GENERAL OBJECTIONS TO THE DECLARATION OF JAYME TIPTON

Plaintiff's Declaration is generally objectionable because it repeatedly contradicts her prior sworn deposition testimony. *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). Plaintiff's efforts to create a disputed fact through her self-serving declaration are improper and nothing more than a waste of Defendant's and this Court's time and resources.

In addition, a portion of Plaintiff's Declaration is duplicative of her deposition testimony; thus, obviating the need for a declaration.

Furthermore, her Declaration contains irrelevant statements with no factual, evidentiary matter. Federal Rule of Evidence ("Fed. R. Evid.") 401-402; C.D. Cal. Local Rule 7-7 ("Declarations shall contain only factual, evidentiary matter…."). Plaintiff's

Declaration also constitutes inadmissible hearsay, and improper lay opinion testimony. Fed. R. Evid. 701, 801-804.

For these reasons alone, Plaintiff's Declaration should be stricken in its entirety.

## V.    SPECIFIC OBJECTIONS TO THE DECLARATION OF JAYME TIPTON

| Material Objected To: | Objection: | Ruling: |
|---|---|---|
| 1.    "I was excited when I first received employment with ATS because ATS was among the highest paying companies that offered its employees opportunities for growth."<br><br>Declaration of Jayme Tipton ("Plaintiff's Decl.") at ¶ 4. | Relevance (Fed. R. Evid. 401 and 402); Lack of Personal Knowledge (Fed. R. Evid. 602); Improper lay opinion regarding what constitutes the "highest paying compan[y]" (Fed. R. Evid. 701).<br><br>Plaintiff's statement is irrelevant to the resolution of Defendant's Motion for Summary Judgment ("Motion"). Moreover, there is nothing to suggest that Plaintiff has the personal knowledge to provide an opinion on whether or not ATS was among the highest paying companies. This statement is vague and ambiguous as to whether it is related to the workforce as a whole or the airline industry. | _____ Sustained<br><br><br>_____ Overruled |
| 2.    "My grandmother was a groomer who had a long and rewarding career working for airlines. She was a driving force in my decision to pursue a career as a groomer. It was my dream to follow in her footsteps."<br><br>Plaintiff's Decl. at ¶ 4. | Relevance (Fed. R. Evid. 401 and 402); C.D. Cal. Local Rule 7-7 ("Declarations shall contain only factual, evidentiary matter…."<br><br>Plaintiff's statement has no bearing on the resolution of Defendant's Motion, and is irrelevant to this action. Further, the statement does not constitute a factual or evidentiary matter and is improper. | _____ Sustained<br><br><br>_____ Overruled |

11

| | | |
|---|---|---|
| 3. | "I had previous experience as a groomer which allowed me to excel. It was my understanding that it was this experience that resulted in me receiving my job with ATS. I was passionate about my role as a groomer and was confident that I would soon become a crew lead."<br><br>Plaintiff's Decl. at ¶ 5. | Relevance (Fed. R. Evid. 401 and 402); Lack of Personal Knowledge (Fed. R. Evid. 602); Improper lay opinion (Fed. R. Evid. 701); C.D. Cal. Local Rule 7-7 ("Declarations shall contain only factual, evidentiary matter…."<br><br>Plaintiff's statement has no bearing on the resolution of Defendant's Motion. Further, the statement does not constitute a factual or evidentiary matter. Plaintiff also lacks personal knowledge of the reason she received her job at ATS, and her contention in this regard, as well as her contention that she "excel[led]" constitutes an improper lay opinion." | _____ Sustained<br><br><br>_____ Overruled |
| 4. | "My job with ATS was perfect because my now husband, then fiancé, Dion Brown ("Brown"), also worked for ATS as a ramp agent. He worked the same general hours as me, which allowed us to carpool to work, as we only had one car. Further, it did not pose a hardship on he or I, as we were able to work while our children were in childcare and make it home in time to pick them up thereafter. In addition to these benefits, it also allowed us to spend quality time bonding on our two-and-a-half-hour commute to Los Angeles World | Relevance (Fed. R. Evid. 401 and 402); C.D. Cal. Local Rule 7-7 ("Declarations shall contain only factual, evidentiary matter…."<br><br>Plaintiff's statement has no bearing on the resolution of Defendant's Motion, or the merits of this matter. Further, the statement does not constitute a factual or evidentiary matter. | _____ Sustained<br><br><br>_____ Overruled |

12

| | | |
|---|---|---|
| Airports from Palmdale."<br><br>Plaintiff's Decl. at ¶ 6. | | |
| 5.    "My doctor advised me that I may have torn my rotator cuff and advised me that I should avoid lifting my children, driving with my right arm, and any other strenuous heavy lifting with my right arm."<br><br>Plaintiff's Decl. at ¶ 9. | *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). Plaintiff cannot dispute her prior sworn deposition testimony with her declaration. As such, this statement is improper and should be stricken.<br><br>Plaintiff previously testified:<br><br>"Q. Okay. So you went in to the doctor on April 11 and he provided you a note taking you off work?<br><br>A. Yes."<br><br>"Q. There's nothing in the note that you provided that said you could perform light duty.<br><br>A. No.<br><br>Q. The note only said that you couldn't perform work.<br><br>A. Yes."<br><br>"Q. All right. Were you able to drive while you were undergoing your shoulder treatment?<br><br>A. No. | _____ Sustained<br><br><br>_____ Overruled |

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE

Q. So that would have made it difficult to get to work --

A. Yes."

"Q. So when you provided a note that said you couldn't perform any work at all, what was your expectation of how the company should properly respond to that note?

MR. GBEWONYO: Objection, incomplete hypothetical.

THE WITNESS: My doctor's note did not say that -- I believe did not say that I could not work at all. It said my doctor had me off for a certain amount of days.

BY MR. LUBELEY: Q. But during those days, you couldn't perform work; correct?

A. Because I wasn't at work, yes."

"Q. He took you off work even though you were able to work?

A. No. My doctor felt that I was not able to work."

Q. And did they also tell you that your doctor restrictions just showed you couldn't work?

MR. GBEWONYO: Objection, misstates witness testimony. The document speaks for itself.

THE WITNESS: It said my -- my doctor took me off

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE

for those days. That's what it said.

MR. LUBELEY: Okay.

Q. And it didn't say that you could perform light duty work; correct?

A. It didn't say anything.

MR. GBEWONYO: Objection, asked and answered. The document speaks for itself.

BY MR. LUBELEY:  Q. Did it say you could perform any kind of work?

A. It didn't say anything."

"Q. No. I understand. But I'm asking when you testified that you couldn't drive because of your medical restrictions, was that truthful or was that false?

A. I couldn't drive.

MR. GBEWONYO: Objection, argumentative.

BY MR. LUBELEY: Q. What's that?

A. I couldn't drive. I could drive but my doctor's restriction said don't drive.

Q. Okay. So when your attorney asked you if you would have driven in to work, you would have done that against your doctor's orders; correct?

A. Physically, yes, I can. I can drive. My doctor's restriction was don't drive. Don't pick up your kids. Don't pick up heavy things. That's my doctor's

15

| | | |
|---|---|---|
| | restriction. Physically, I could do it." "Q: Were you diagnosed with a tear in your rotator cuff? A: I was not diagnosed with that …" Plaintiff's Deposition ("Plaintiff's Dep.") at 74:22-25; 80:18-23; 179:1-4; Plaintiff's Dep. (Vol. 2) at 239:18-23; 346:8-21; 347:10-13; 348:3-18; 362:8-24. | |
| 6.     "As Beasley was on the phone with Neri, she informed me, "There are no light-duties, give me your note and go home." Plaintiff's Decl. at ¶ 10. | *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). Despite Plaintiff's opportunity to testify to this information during two days of her deposition, she never attributed this precise quote to Beasley. Her effort to do so now constitutes inadmissible hearsay under Fed. R. Evid. 801-804. | _____ Sustained  _____ Overruled |
| 7.     "Further, I was not informed under what circumstances, if any, I could return to work. I also was not informed that I was being placed off because of my doctor's note, or that further information was required | *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). | _____ Sustained  _____ Overruled |

16

| | | |
|---|---|---|
| regarding my medical status." <br><br> Plaintiff's Decl. at ¶ 10. | Plaintiff's statement contradicts her prior sworn testimony stating: <br><br> "Q You don't recall Ora telling you that due to company policy, they can't have you work when you have a work restriction from the doctor? <br><br> A. She said something like that." <br><br> "Q. Okay. Do you see in that policy I was reading from there it said if an injury results in restricted duty, the employee must obtain a doctor's release before being returned to full duty. Do you see that? <br><br> A. Yes." <br><br> **Evidence:** Plaintiff's Dep. (Vol. 2) at 258:1-16; 356:7-12. | |
| 8.      "Each of these tasks were relatively light duties, or otherwise could have been performed with my off hand." <br><br> Plaintiff's Decl. at ¶ 11. | *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). Plaintiff cannot dispute her prior sworn deposition testimony with her declaration. As such, this statement is improper and should be stricken. <br><br> "Q. Due to an injury, you were able -- unable to perform your job at Airport Terminal Services; correct? | _____ Sustained <br><br><br> _____ Overruled |

| | | |
|---|---|---|
| | A. Yes.” | |
| | “Q. What I'm getting at is: You were injured and unable to perform your job -- | |
| | A. Yes. | |
| | Q. -- right?  And why did your injury prevent you from being able to perform your job? | |
| | A. Because I hurt -- I injured my shoulder. | |
| | Q. Okay. And what is it about your job that required you to -- strike that. And why would a shoulder injury prevent you from being able to perform your job? | |
| | A. Well, they have a heavy vacuum that we have to use to vacuum the aircrafts, carrying bags of blankets up on the aircrafts and that will be kind of difficult.” | |
| | “Q. So the injury that you suffered to your shoulder prevented you from being able to perform your job? | |
| | A. Yes.” | |
| | **Evidence:** Plaintiff's Dep. at 39:2-5; 39:14-40:4; 40:25-41:3. | |
| 9. | “It was my understanding per the ATS employee handbook that ATS provides medical leaves to employees who were not eligible for Family Medical Leave or California | *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit | _____ Sustained<br><br>_____ Overruled |

18

| | | |
|---|---|---|
| Family Rights Act leave. It is my understanding that as an employee of ATS, that I was entitled to this time."<br><br>Plaintiff's Decl. at ¶ 12. | contradicting his prior deposition testimony). Plaintiff cannot dispute her prior sworn deposition testimony with her declaration. As such, this statement is improper and should be stricken.<br><br>"Q. But you didn't -- did you look to the policy to see what you were entitled to in terms of leave?<br><br>A. After I got injured, no.<br><br>Q. Why not?<br><br>A. I just didn't."<br><br>**Evidence:** Plaintiff's Dep. at 127:20-25. | |
| 10.    "When my husband returned home that day, I asked him if he had given my doctor's note to Trujillo, and he told me that he had. My husband informed me that in response, Trujillo simply said, "Thank you.""<br><br>Plaintiff's Decl. at ¶ 13. | Inadmissible hearsay (Fed. R. Evid. 801-804).<br><br>Plaintiff's statements regarding what her husband told her, and what Trujillo told her husband, constitute inadmissible hearsay. | _____ Sustained<br><br><br>_____ Overruled |
| 11.    "When my husband returned from work on or around April 27, 2017, my husband advised me that he had provided my doctor's note to Damien Neri, my supervisor."<br><br>Plaintiff's Decl. at ¶ 14. | Inadmissible hearsay (Fed. R. Evid. 801-804). Plaintiff's statements attributing comments to her husband are inadmissible hearsay.<br><br>*Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own | _____ Sustained<br><br><br>_____ Overruled |

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE

issue of fact by an affidavit contradicting his prior deposition testimony). Plaintiff cannot dispute her prior sworn deposition testimony with her declaration. As such, this statement is improper and should be stricken.

"Q. Okay. You asked -- you asked your fiance to bring the note. Do you know if he ever did bring the note?

A. Yes.

Q. And how do you know that?

A. Because he told me.

Q. He told you he brought the note, and when did he tell you he brought the note?

A. The same day.

Q. Okay. And so that would have been on -- you think it was on May 1st?

A. Yes.

Q. Okay. And he told you he gave -- and who did he say he gave the note to?

A. Edgar."

"Q: Did you -- do you recall your testimony before was that your fiance had said he'd given the note to Edgar?

A. Yes.

Q. Is that still your testimony?

A. When I talked to my fiance, I know the first note

20

| | | |
|---|---|---|
| | that I gave him to give to the manager, he gave to Edgar.  When I spoke -- when he gave the next note to him, he said he gave it to the manager. So I'm not exactly sure which manager at that time. I never met Moses in person. Q. Okay. A. So I just know he gave it to the manager." **Evidence:** Plaintiff's Dep. at 107:8-22; 114:17-115:25. | |
| 12.   "This text message read, "Jayme right?" Shortly thereafter, I responded, "Yes Jayme Tipton." Gullien then replied, "Okay thank you." Plaintiff's Decl. at ¶ 15. | Inadmissible hearsay (Fed. R. Evid. 801-804). Plaintiff's statements attributing comments to Guillen constitute inadmissible hearsay. Best Evidence Rule (Fed. R. Evid. 1002). Plaintiff's failure to attach the actual text message violates the best evidence rule. | _____ Sustained<br><br>_____ Overruled |
| 13.   "On May 8, 2017, I received a text message from Guillen, this text message read, "Need you to call me asap please." Plaintiff's Decl. at ¶ 16. | Inadmissible hearsay (Fed. R. Evid. 801-804). Plaintiff's statements attributing comments to Guillen constitute inadmissible hearsay. Best Evidence Rule (Fed. R. Evid. 1002). Plaintiff's failure to attach the actual text message violates the best evidence rule. | _____ Sustained<br><br>_____ Overruled |
| 14.   "I explained to her that I was under the oversight of my doctor, but that I anticipated returning | *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d | _____ Sustained<br><br>_____ Overruled |

21

| | | |
|---|---|---|
| to work the following week, May 15, 2017."<br><br>Plaintiff's Decl. at ¶ 17. | Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). Plaintiff cannot dispute her prior sworn deposition testimony with her declaration. As such, this statement is improper and should be stricken.<br><br>"Q. Okay. Did you discuss -- when you had your discussion with Shonta prior to your termination or about your termination or discussion you testified to, did you have -- did you discuss with her when you might be able to return to work?<br>A. No.<br>Q. Okay. And why not?<br>A. She didn't ask me, but I was -- but I told her that I was seeing a doctor for my injury. I didn't know when I can return to work, but I told her I wanted to return to work."<br><br>"Q. Okay. But you recall telling her that you didn't know when you would be able to return to work?<br>MR. GBEWONYO: Objection, misstates witness testimony.<br>MR. LUBELEY: That's what I'm asking. I just wanted to be clear. | |

22

| | | | |
|---|---|---|---|
| | | THE WITNESS: No. I didn't tell her when. I was going off of my doctor's notes, which my doctor said I return to work on the 15th and that's what I was referring to, but I didn't know if my doctor was going to extend it. I didn't know what -- what would happen. So I can't see the future, but I know that I wanted to come back to work. I did not want to lose my job."<br><br>**Evidence:** Plaintiff's Dep. at 102:14-24; 103:4-19. | |
| 15. | "Further, she did not advise me that I could be rehired if I resigned as oppose to being terminated, I could be rehired."<br><br>Plaintiff's Decl. at ¶ 17. | *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). Plaintiff cannot dispute her prior sworn deposition testimony with her declaration. As such, this statement is improper and should be stricken.<br><br>"Q. And do you recall her telling you that you could reapply once you were cleared to return to work? MR. GBEWONYO: Objection. Asked and answered. THE WITNESS: I don't recall. MR. LUBELEY: Okay. Q. Do you have any reason to | _____ Sustained<br><br>_____ Overruled |

23

| | | |
|---|---|---|
| | disagree with her account that she did mention that to you? MR. GBEWONYO: Objection, argumentative. MR. LUBELEY: You can answer. THE WITNESS: Can you repeat that, please? BY MR. LUBELEY: Q. Do you have any reason to disagree with her account that she did mention that to you in the call?<br><br>A. No."<br><br>**Evidence:** Plaintiff's Dep. at 58:9-24. | |
| 16.    "I was devastated by the loss of my job."<br><br>Plaintiff's Decl. at ¶ 19. | Relevance Fed. R. Evid. 401 and 402; C.D. Cal. Local Rule 7-7 ("Declarations shall contain only factual, evidentiary matter...."<br><br>This statement is irrelevant to the resolution of Defendant's Motion. | _____ Sustained<br><br>_____ Overruled |

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE

| | | |
|---|---|---|
| 17. "After my termination, I filed for workers' compensation and remained under the supervision of my medical provider, as I no longer had a job to return to and focused on my health while I continued to apply to alternate positions."<br><br>Plaintiff's Decl. at ¶ 20. | *Radobenko v. Automated Equipment Corp.*, 520 F.2d 540, 544 (1975) (citing *Perma Research & Development Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)) (holding that a party cannot create his own issue of fact by an affidavit contradicting his prior deposition testimony). Plaintiff cannot dispute her prior sworn deposition testimony with her declaration. She did not continue to apply for alternate positions after her alleged termination. Instead, she waited until around June 2018. As such, this statement is improper and should be stricken.<br><br>"Q. Okay. When did you first start looking for a new job?<br><br>A. Maybe around June 2018.<br><br>Q. And in around June 2018, were you cleared by then to be able to perform work because -- you know, in other words, was your injury healed enough to allow you to be able to perform work?<br><br>A. Yes."<br><br>"Q. Was it in or around June 2018 when you first began looking for work?<br><br>A. That's where -- that's what I believe, yes."<br><br>**Evidence:** Plaintiff's Dep. at 45:8-15 and 248:18-21. | _____ Sustained<br><br><br>_____ Overruled |

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE

1

2

## VI.  GENERAL OBJECTIONS TO THE DECLARATION OF MELISSA CELESTINE

Ms. Celestine's Declaration fails to provide that she has personal knowledge of any of the contents of the declaration. Without such personal knowledge, the entirety of her declaration is inadmissible. Lack of Personal Knowledge (Federal Rule of Evidence 602).

3

4

5

6

## VII.  SPECIFIC OBJECTIONS TO THE DECLARATION OF MELISSA CELESTINE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

| Material Objected to: | Objection: | Ruling: |
|---|---|---|
| 1.  "After Tipton was terminated, we did not receive additional staff to replace Tipton for approximately two months."<br><br>Declaration of Melissa Celestine ("Celestine Decl.") at ¶ 8. | Relevance (Fed. R. Evid. 401 and 402); Lack of Personal Knowledge (Fed. R. Evid. 602).<br><br>This statement is immaterial to Defendant's Motion, as it does not provide any information about the efforts Defendant was undertaking to fill the position. Henderson testified that there are lengthy background checks and security clearance requirements for all new employees. Even if it took two months to fill Plaintiff's position, this is not dispositive of any relevant issue. Moreover, Celestine does not indicate she possesses the required personal knowledge to opine on this, and as she was not involved in the hiring process, it is unlikely that she possesses the necessary information. | _____ Sustained<br><br>_____ Overruled |

28

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE

| | | |
|---|---|---|
| 2.    "I was never informed as to the reason for Tipton's termination. Neither Moses Gillian, the new manager who replacing Edgar Trujillo while Tipton was on leave, nor anyone in management or human resources was able to provide myself or my co-workers with answers to why our colleague would not be rejoining us."<br><br>Celestine Decl. at ¶ 10. | Relevance (Fed. R. Evid. 401 and 402); C.D. Cal. Local Rule 7-7 ("Declarations shall contain only factual, evidentiary matter….")<br><br>Celestine's statement is immaterial to Defendant's Motion. | _____ Sustained<br><br><br>_____ Overruled |

DATED: January 24, 2020

Respectfully submitted,

SEYFARTH SHAW LLP


By:_____/s/ Meagan S. O'Dell_____

Aaron R. Lubeley
Simon L. Yang
Meagan Sue O'Dell
Attorneys for Defendant
AIRPORT TERMINAL SERVICES,
INC.

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE