Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Anthony Nguyen, Esq., State Bar No. 259154
ANguyen@Shegerianlaw.com
Mahru Madjidi, Esq., State Bar No. 297906
MMadjidi@Shegerianlaw.com
Bryan Kirsh, Esq., State Bar No. 318238
BKirsh@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
145 S Spring Street, Suite 400
Los Angeles, California 90012
Telephone Number: (310) 860 0770
Facsimile Number:   (310) 860 0771

Attorneys for Plaintiff,
JAYME TIPTON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYME TIPTON, | Case No.: 2:18-cv-09503-AB-JEM |
| Plaintiff, | **The Honorable André Birotte** |
| vs. | **PLAINTIFF JAYME TIPTON'S OBJECTIONS TO APPLICATION TO TAX COSTS AND PROPOSED BILL OF COSTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRYAN KIRSH** |
| AIRPORT TERMINAL SERVICES, INC., and DOES 1 to 100, inclusive, | |
| Defendants. | |
| | Judgment Entered:   April 27, 2020 |
| | Application Filed:   May 7, 2020 |
| | Action Filed:   October 4. 2018 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Jayme Tipton ("Tipton" or "Plaintiff") hereby objects to defendant, Airport Terminal Services, Inc.'s ("ATS" or "Defendant") Application to the Clerk to Tax Costs against Tipton in the amount of $13,480.02 associated with Plaintiff's claims which sounded in violations of the Fair Employment and Housing Act ("FEHA")

This opposition is made pursuant to Local Rule 54-2.2 of the Central District of California, Federal Rules of Civil Procedure Rule 54(d), and 28 U.S.C. § 1920, on the grounds that defendant (1) seeks to recover to costs that are not allowable by law, (2) that were not reasonably necessary to the conduct of litigation and/or are knowingly inflated, (3) and that are not reasonable in amount.

Plaintiff hereby moves to strike all of the costs pursuant to the California Supreme Court's decision in *Williams v. China Valley Ind. Fire District* 61 Cal.4th 97 (2015).

Alternatively, plaintiff hereby objects to defendant's requests costs as follows:

1. $400.00 for Clerk Fees (L.R. 54-3.1)

2. $3,936.79 for Service of Process Fees (L.R. 54-3.2)

3. $3,038.15 in Deposition Fees (L.R. 54-3.5); and

4. $790.95 is Certification, Exemplification, and Document Fees (L.R. 54-3.10)

This objection is based upon this notice, the Memorandum of Points and Authorities, the Declaration of Bryan Kirsh, the papers and pleadings on file herein, and such evidence as may be presented to the Court at the time of the hearing on the motion.

Dated:  May 21, 2020                    SHEGERIAN & ASSOCIATES, INC.

By: _____
Carney R. Shegerian, Esq.

Attorneys for Plaintiff,
JAYME TIPTON

# TABLE OF CONTENTS

**Page**

1. INTRODUCTION .......................................................................................... 1

2. PROCEDURAL HISTORY. ......................................................................... 2

3. ARGUMENT. ............................................................................................... 3

    A. DEFENDANT IS NOT ENTITLED TO RECOVER LITIGATION COSTS. ................................................................................................... 3

        (1) Defendant Is Not Entitled to Costs Under FEHA Unless the Case is Unreasonable, Frivolous, Meritless, or Vexatious, Which It Is Not. ...... 3

        (2) Plaintiff's Claims Are Not Unreasonable, Frivolous, Meritless, or Vexatious. ........................................................................................... 4

        **(3) Plaintiff's Claims Are Intertwined and Cumulative of the FEHA-Based Actions.** ....................................................................................... 6

    B. SHOULD THE COURT DECIDE TO AWARD COSTS (IT SHOULD NOT), THIS COURT SHOULD EXERCISE ITS DISCRETION TO DENY DEFENDANT'S BILL OF COSTS. ............................................... 7

    C. COSTS CLAIMED ARE IMPROPER AND UNSUBSTANTIATED. ....... 7

        (1) Defendant Fails To Show That the Costs Claimed Are Reasonable. ...... 8

        (2) The Following Costs Should Be Reduced. ......................................... 9

    D. ALTERNATIVELY, THIS COURT SHOULD POSTPONE DEFENDANT'S BILL OF COSTS. ................................................................ 11

4. CONCLUSION ............................................................................................ 12

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION

Plaintiff, Jayme Tipton ("Tipton" or "Plaintiff"), hereby moves to strike all of defendant, Airport Terminal Services, Inc.'s ("ATS" or "Defendant") costs claimed in its Memorandum of Costs, in the amount of $13,480.02 associated with Plaintiff's claims for disability discrimination, retaliation, failure to provide reasonable accommodation, failure to engage in the interactive process, and failure to prevent the aforementioned in violation of the Fair Employment and Housing Act ("FEHA"). As this matter is before the Court under diversity grounds, state court cases such as *Williams v. Chino Valley Independent Fire District* (2015) 61 Cal. 4th 97, are instructive and have been adopted by the Ninth Circuit in determining whether a defendant is entitled to an award of costs in FEHA cases. *Rodriguez v. City of Colton*, 631 Fed.Appx. 474, 475 (9th Cir. 2016).

*First*, the California Supreme Court made clear in *Williams*, after analyzing the legislative intent of FEHA on the issue of awarding costs to a defendant, as well as relevant case law, that "Government Code section 12965(b) expressly excepts FEHA actions from Code of Civil Procedure section 1032(b)'s mandate for a cost award to the prevailing party." (*Williams*, 61 Cal.4th at 105.) The California Supreme Court in *Williams* was explicit that the standard for recovering costs is the same as for attorneys' fees; i.e., to recover litigation costs, the prevailing defendant must prove that the case was "objectively without foundation when brought, or the plaintiff continued to litigate after it became so." (*Id.* at 115.) In failing to meet this burden, costs should not and cannot be awarded to defendants. Further, Plaintiff's case was based on FEHA, and, to the extent that defendant will claim costs for the non-FEHA causes of action, defendants cannot show that it incurred any of the claimed costs specifically to defend any of the tangential causes of action. (*See* Dkt. 62 at 17 ["[Tipton's] wrongful termination claim is derivative of her other statutory claims under the FEHA"].)

*Second*, ATS offers no affidavit, declaration, or admissible evidence establishing the amount of compensable costs and expense, or that the requested costs are reasonable.

---

Because neither the Court nor Plaintiff can infer from the documentation whether the costs were actually incurred or if the requested costs are reasonable, the Clerk and/or Court should find that Defendant failed to meet its burden to provide "[a]ppropriate documentation to support each item claimed." *See In Re Ricoh Co., Ltd. Patent Litigation*, 661 F.3d 1361, 1367 (Fed. Cir. 2011); *Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 998 (N.D. Cal. 2009), aff'd, 629 F.3d 1360 (Fed. Cir. 2010)

**Third**, should the Court decide to assess the merits of defendant's bill of costs, it will discover that many of the costs are precluded by 28 U.S.C. § 1920 and should reduce costs by at least **$8,165.89**.

## 2. PROCEDURAL HISTORY.

On October 8, 2018, Tipton filed her Complaint in the Superior Court of California, County of Los Angeles. (Dkt. No. 1.) Shortly thereafter, Defendant removed the action to the United States District Court, Central District of California. (Dkt. No. 2.)

On February 4, 2019, Plaintiff filed her First Amended Complaint ("FAC") and ATS moved to dismiss. (Dkt. Nos. 26, 28.) On April 16, 2019, the Court granted ATS's motion to dismiss Tipton's FAC but provided Tipton with leave to amend. (Dkt. No. 37.)

On May 7, 2019, Tipton filed her Second Amended Complaint and ATS moved to dismiss. (Dkt. No. 40.) On June 25, 2019, the Court granted in part and denied in part ATS's motion. (Dkt. No. 45.) Of the ten claims in Plaintiff's SAC, the Court denied ATS's motion as to five causes of action, **four (4) of which were brought under FEHA**, for disability discrimination, retaliation for complaining of discrimination and/or harassment, failure to accommodate, and failure to engage in the interactive process. (See Dkt. No. 45.) The Court also denied ATS's motion as to Tipton's cause of action for wrongful termination in violation of public policy—**which is either intertwined or cumulative of the FEHA-based actions under the same nucleus of operative facts**.

ATS subsequently filed a motion for summary judgment or in the alternative, partial summary judgment ("MSJ"), (Dkt. No. 50.), which plaintiff opposed. (Dkt. No. 55.) The MSJ was granted and judgment was entered on April 27, 2020. (Dkt. Nos. 62, 65.)

However, at the hearings the Court ***did not*** find that the case was unreasonable, frivolous, meritless, or vexatious. Shortly thereafter, Defendant then served its Application to the Clerk to Tax Costs. (Dkt No. 68.)

On May 19, 2020 and May 21, 2020, the Parties held a telephonic meet and confer regarding the taxable costs claimed in the bill. The parties went through their positions on the legal contentions as well as the requested costs; and were able to come to a resolution on some of the itemized costs. (Declaration of Bryan Kirsh ("Kirsh Decl."), Exhs. 1-2.)

## 3.   ARGUMENT.

### A.   DEFENDANT IS NOT ENTITLED TO RECOVER LITIGATION COSTS.

#### (1)   Defendant Is Not Entitled to Costs Under FEHA Unless the Case is Unreasonable, Frivolous, Meritless, or Vexatious, Which It Is Not.

As this matter is before the Court under diversity grounds, state court cases such as *Williams v. Chino Valley Independent Fire District* (2015) 61 Cal. 4th 97, are instructive and have been adopted by the Ninth Circuit in determining whether a defendant is entitled to an award of costs in FEHA cases. *Rodriguez v. City of Colton*, 631 Fed.Appx. 474, 475 (9th Cir. 2016); *see also Villalobos v. TWC Administration LLC*, No. CV 15-2808-R, 2016 WL 10933076, at *1 (C.D. Cal., June 8, 2016); *Zaman v. Kelly Services, Inc.*, No. 15-CV-04601-HRL, 2017 WL 2335601, at *3 (N.D. Cal., May 30, 2017).

In *Williams*, the California Supreme Court held the standard delineated by the United States Supreme Court in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), applies to discretionary awards of attorneys' fees and costs to prevailing FEHA parties under California Government Code section 12965(b). *Williams, supra*, 61 Cal.4th at 99-100; Cal. Gov't Code § 12965(b) ("In civil actions brought under this section, the court, in its discretion, may award to the prevailing party ... reasonable attorney's fees and costs...."). Thus, a prevailing defendant in a FEHA case "should not be awarded fees and costs unless the court finds the action was objectively without foundation when brought, or the plaintiff continued to litigate after it clearly became so." *Williams, supra*, 61 Cal.

4th at 115 (*citing Christiansburg Garment Co.*, 434 U.S. at 421-22). ***In other words, litigation costs are awarded to a prevailing FEHA defendant where the action brought is found to be unreasonable, frivolous, meritless or vexatious*. (*Id.*)**

In measuring whether the action is said to be frivolous, meritless, or vexatious, the following must be considered:

> "[I]n apply[ing] these criteria, **it is important that a [] court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.** This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit."

*Christiansburg Garment Co., supra,* 434 U.S. at 421-422 (emphasis added).

On March 31, 2020, the Court issues its ruling, granting Defendant's MSJ and judgment was entered on April 27, 2020. (Dkt. Nos. 62, 65.) Nevertheless, the Court ***did not*** find that the case was unreasonable, frivolous, meritless, or vexatious. (Dkt. Nos. 62.) Moreover, defendants cannot prove that any of the costs sought were spent only on defending separate issues regarding Plaintiff's claims because they are deeply intertwined and related based on the *same* facts underlying the FEHA claims. The causes of action are all overlapped, and therefore the standard under FEHA should apply to all costs and fees incurred in this case.

### (2)  Plaintiff's Claims Are Not Unreasonable, Frivolous, Meritless, or Vexatious.

Tipton began her employment with ATS, as a "Groomer" on October 24, 2016. (Dkt. No. 45 at 2.) On April 9, 2017, Plaintiff suffered a shoulder injury while reaching for a piece of trash on a JetBlue plane. (*Id.*) On or around April 10, 2017, Plaintiff went to a doctor and was diagnosed with a torn rotator cuff. (*Id.*) Her doctor placed her off work until April 19, 2017 and provided her with a note advising her to avoid lifting heavy objects

and driving. (*Id.*) On April 11, 2017 Plaintiff brought the note to her "crew lead", Ora Beasley, and requested light duties. (Dkt. No. 55-1, Declaration of Jayme Tipton ("Tipton Decl.") at ¶¶ 10, 13; Dkt. No. 55-1, Exhs. 1-2, Deposition of Jayme Tipton ("Tipton Depo.") at 80:24-81:4.) Defendant failed to engage in a timely, good faith interactive process by immediately concluding, during that same conversation, that no modified work was available for Tipton, (*Id.*), **which is a per se violation of FEHA because it permits an employer to avoid the required individualized assessment of the employee's ability to perform the essential functions of the job with or without accommodation.** *McGregor v. National R.R. Passenger Corp.*, 187 F.3d 1113, 1116 (9th Cir. 1999).

On or about May 8, 2017, Guillen had a phone conversation with Tipton to inquire about her status and the date she anticipated returning to work. (Dkt. No. 55-1, Tipton Decl., ¶ 16; Dkt. No. 55-1, Exhs. 1-2, Tipton Depo at 253:22-25, 316:1-318:9.) Tipton informed Guillen she would be ready to work on May 15, 2017, as stated in her doctor's note. (*Id.*) The next day, ATS utterly failed to engage in a timely, good faith interactive process by concluding Tipton would be terminated because ATS "needed to fill her position," (Dkt. No. 62 at 3, 7 n. 2.), despite the fact the doctor's note Defendants relied on released Tipton back to work six days later, on May 15, 2017, (Dkt. No. 55-1, Exh. 4).

The above demonstrates a material dispute of fact as to whether Tipton was ready to return to work on May 15, 2017, and to the extent Tipton "did not know when she would be able to return to work," (Dkt. 62 at 3), ATS further refused to provide a reasonable and effective accommodation by granting Tipton medical leave to visit her doctor and determine whether, how, and when she could return to work without restrictions—even though such accommodation was readily available without undue hardship given Defendants took two months before they even replaced Tipton and there were three other vacant Groomer positions at the time of her termination, (Dkt. No. 55-1, Tipton Decl. ¶¶ 16-17; Dkt. No. 55-1, Declaration of Melissa Celestine, ¶¶ 7-8; Dkt. No. 55-1, Exh. 9,

Deposition of Shone Henderson at 62:10-15).[1]

In addition, even with the shoulder injury, Tipton was able to perform the essential functions of her position but for Defendants' refusal to allow her to use one hand when necessary. (Dkt. No. 55-1, Exhs. 1-2, Tipton Depo at 336:11-339:13; *see Skerski v. Time Warner Cable*, 257 F3d 273, 285 (3rd Cir. 2001) [if the function is capable of being achieved by different means or methods, the particular method (e.g., lifting over ten pounds) is not an essential function of the job].

The above demonstrates, there were several reasons for which Tipton met her claims for disability discrimination, failure to accommodate, failure to engage, wrongful termination, and retaliation for engaging in protected activity. The record shows no facts, and ATS make no argument, that establish an objectively frivolous standard as Tipton vigorously opposed the motion for summary judgment and provided several disputed facts she reasonably believes are material to the present litigation. Furthermore, the question on summary judgment largely boiled down to whether she was a "qualified individual," a question that is far from straightforward. Although ATS prevailed on the motion for summary judgment, Tipton was objectively justified when she brought suit and at all stages of this litigation, believed she would prevail in showing that a discriminatory or retaliatory animus substantially motivated her employer's actions against her. To hold plaintiffs who lose on summary judgment motions liable for defendants' litigation costs would "significantly chill the vindication of employees' civil rights." *Williams*, *supra*, 61 Cal.4th at 114.

### (3)   Plaintiff's Claims Are Intertwined and Cumulative of the FEHA-Based Actions.

The other cause of action for wrongful termination in violation of public policy was

---

[1] When an employee cannot perform the essential functions, a finite leave is a reasonable accommodation provided the leave is likely to be effective in allowing the employee to return to work at its end. *Sanchez v. Swissport, Inc.* 213 Cal.App.4th 1331, 1338 (2013); *Jensen v. Wells Fargo Bank*, 85 Cal.App.4th 245, 263 (2000).

tangential and was not litigated separately in any way. (Dkt. 62 at 17 ["[Tipton's] wrongful termination claim is derivative of her other statutory claims under the FEHA"].) Moreover, ATS cannot prove that any of the costs sought were spent only on defending separate issues regarding the wrongful termination cause of action. Any such argument would lack credibility. The causes of action all overlapped, and therefore the standard under FEHA should apply to all costs and fees incurred in this case. ***Although there were claims pled that were not under FEHA, the crux of plaintiff's case was discrimination and retaliation under FEHA***.

## B. SHOULD THE COURT DECIDE TO AWARD COSTS (IT SHOULD NOT), THIS COURT SHOULD EXERCISE ITS DISCRETION TO DENY DEFENDANT'S BILL OF COSTS.

As stated above, there is clear precedent showing in cases where FEHA claims are asserted, such as in this case, costs should be denied. For the sake of argument however, should ATS's application be considered on the merits, this Court should deny it on that basis as well. The Court "has the discretion to deny an award of costs" where "there would be an element of injustice in a presumptive cost award." *Ellis v. Grant Thornton LLP,* 434 Fed.Appx. 232, 235 (4th Cir. 2011). A court may deny an award of costs where "severe injustice" will result. *Stanley v. Univ. of So. Cal.,* 178 F.3d 1069, 1079 (9th Cir. 1999).

A district court should consider whether having a losing plaintiff pay costs may chill further litigation. Without litigants "who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation." *Stanley* at 1080. An award of costs here would have such an effect, as Tipton's lawsuit advanced important public interests that should not be deterred.

## C. COSTS CLAIMED ARE IMPROPER AND UNSUBSTANTIATED.

Although Tipton submits to the Court that all costs should be denied, in the event this Court decides ATS is entitled to costs, such costs must be limited to those enumerated under Fed. R. Civ. P. 54(d), 28 U.S.C. § 1920 and Civil Local Rule 54 and subject to the parameters set forth in  Civil Local Rule 54, which limits recovery to costs that are, among

other things, actually incurred, reasonably necessary to the conduct of the litigation, rather than merely convenient or beneficial to its preparation, and reasonable in amount.

### (1)   Defendant Fails To Show That the Costs Claimed Are Reasonable.

Taxing costs against a losing party involves two inquiries: (1) whether the cost imposed by the losing party is recoverable, and (2) if so, whether the amount assessed for that item was reasonable. *See* 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d). Section 1920 identifies the expenses that a prevailing party may recover as costs in federal courts. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987) (federal court may tax as costs those expenses enumerated in 28 U.S.C. § 1920); *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579 (9th Cir. 2010) ("Section 1920 defines the full extent of a federal court's power to shift litigation costs absent express statutory authority.") (internal quotation marks and citations omitted); *see also United States v. Mink*, 476 F.3d 558, 564 (8th Cir. 2007) ("[F]ederal district courts may tax as costs only those expenses listed in § 1920.") (internal quotation marks omitted).

Defendants bear the burden of showing not only that their claimed costs fall under the expenses enumerated under Section 1920, but also that their costs were reasonably necessary to the litigation of this case. *See In re Williams Securities Litig.-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009) ("A prevailing party bears the burden of establishing the amount of costs to which it is entitled."); *Summit Technology, Inc. v. Nidek Co., Ltd.*, 435 F.3d 1371, 1380-81 (Fed. Cir. 2006) ("[A] bill of costs must represent a calculation that is reasonably accurate under the circumstances ... when challenged, a prevailing party must offer some reliable documentation or other proof that its bill of costs represents the allowable costs that it actually and necessarily incurred during the litigation.")

Here, ATS filed an Application to the Clerk to Tax Cost and offered no additional affidavit, declaration, or admissible evidence establishing the amount of compensable costs and expense, or that the requests cost/expenses are reasonable. *See* Local Rule 54-2.1 ("Failure to include … sufficient documentation to support an item will constitute grounds for not taxing that item). Because neither the Court nor Plaintiff can infer from

the documentation whether the costs were incurred or are reasonable, the Clerk and/or Court should find that Defendant failed to meet its burden to provide "[a]ppropriate documentation" to support its request for costs. *See In re Ricoh*, 661 F.3d at 1367 (Fed. Cir. 2011) ("The burden is on the prevailing party to establish the amount of compensable costs and expenses to which they are entitled." (alteration omitted) (internal quotation marks omitted)); *Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 998 (N.D. Cal. 2009) ("A district court may reduce costs . . . which are not supported by adequate documentation."), aff'd, 629 F.3d 1360 (Fed. Cir. 2010)

### (2)  The Following Costs Should Be Reduced.

Again, defendant's application for costs must be denied in its entirety for the aforementioned reasons.  Still, if the Court takes into consideration defendant's application to tax costs and proposed bill of costs, it should reduce costs by **$8,165.89** for the reasons set forth below:

**Clerk Fees (L.R. 54-3.1).** ATS seeks $400.00 in "advance" filing fees for a notice of removal from the Los Angeles Superior Court, which is not a fee included in the District Court Miscellaneous Fee Schedule. As a result, pursuant to Local Rule 54-3.1, ATS's costs must be reduced by **$400.00**.

**Fees for Service of Process (L.R. 54-3.2):** Of the costs ATS seeks in service of process fees, **$3,936.79** must be stricken as non-recoverable costs.

*First*, ATS's requested costs include $112.00, $121.00, and $121.00 in advance fee charges, (Dkt No. 68-1 [p. 7-8]), and $7.10 and $8.82 in fuel charge fees, (Dkt No. 68-1 [p. 5, 9]), which are messenger fees excluded under the Local Rules.

*Second*, ATS's are claiming $207.00 and $159.00 for the delivery of letters, (Dkt No. 68-1 [p. 5]), which are not allowable process service charges.

*Third*, ATS request fees for additional attempt charges of $177.00 and $177.00, (Dkt No. 68-1 [p. 4, 9]), but make no showing as to why these were reasonably and necessary.

*Fourth*, while ATS seeks three charges for $52.20 for service of process fees, it then requests  $233.00,  $382.00,  $233.00,  $155.25,  $127.50,  $185.00,  $313.00,  $105.00,

$328.00 $213.00, $210.50, and $361.62, without making any showing as to why these more expensive fees were reasonably and necessary. (Dkt No. 68-1 [p. 4-13].)

**Depositions (L.R. 54-3.5):** Of the costs ATS seeks in deposition fees, **$3,038.15** must be stricken as non-recoverable costs:

- Rough Draft Charges: ATS impermissibly requests two charges of **$332.50** and **$267.75** for a "Rough Draft/ Livenote Draft," (Dkt No. 68-1 [p. 15, 20]), which is not permitted. *Petroliam Nasional Berhad v. GoDaddy.com, Inc.*, No. C 09-5939 PJH, 2012 WL 1610979, at *2 (N.D. Cal. May 8, 2012).

- Expedite: ATS impermissibly sought the non-recoverable cost of **$348.00** for a 3-day expedited transcript. (Dkt No. 68-1 [p. 22]), but agreed to withdraw this request during meet and confer efforts between the parties. (Kirsh Decl., Exh. 2).

- Real Time Streaming: ATS impermissibly requested three charges of **$351.50**, **$284.90**, and **$284.90** for "Realtime Feed / Streaming," (Dkt No. 68-1 [p. 15]), but agreed to withdraw these during informal meet and confer efforts between the parties. (Kirsh Decl., Exh. 2).

- Video Recording: ATS impermissibly requested **$155.25** and **$120.75** for "Video Edit/Videoconference," (Dkt No. 68-1 [p. 15, 20]) but agreed to withdraw these during informal meet and confer efforts between the parties. (Kirsh Decl., Exh. 2).

- Transcript Rates: ATS impermissibly seeks a transcript rate charge of $5.50 (at 235 pages), $5.50 (at 184 pages), and $5.00 (at 87 pages), (Dkt No. 68-1 [p. 15, 20, 22]), all of which is higher than the current transcript rate set by the Judicial Counsel of $3.65. Because ATS fails to provide an explanation of why these higher rates were reasonable under the circumstances pursuant to Local Rule 54-3.5, these charges must be stricken, for a total of **$892.60**.

**Certification, Exemplification, Reproduction of documents (L.R. 54-3.10):** Only costs associated with documents necessarily filed and served, costs related to evidence,

fees for an official certification of proof of the nonexistence of a document or record, notary fees, and fees for certification or exemplification of any document or record necessarily obtained for use in the case are awardable. There is no indication of what, if any, costs are associated with the aforementioned. Nowhere is such information provided, precluding the Court and Huston from assessing what, if any, costs are necessary and covered by L.R. 54-3.10. The costs should be reduced by **$790.95**. *See Fuszek v. Royal King Fisheries, Inc.,* 98 F.3d 514, 518 (9th Cir. 1996) (no abuse of discretion where district court denied copying costs because of party's failure to itemize expenses); *Holmes, supra,* 11 F.3d at 64 (burden on party seeking costs to "offer some proof of the necessity").

## D. ALTERNATIVELY, THIS COURT SHOULD POSTPONE DEFENDANT'S BILL OF COSTS.

In the alternative, should the Court still be inclined to consider awarding costs (which again, it should not), Tipton requests the Court defer ruling, pending final resolution of this case on appeal. (*See* Dkt. No. 64, Notice of Appeal.) Because the appeal in this case is pending, awarding costs is premature. "When a district court judgment is reversed or substantially modified on appeal, any costs awarded to the previously prevailing party are automatically vacated." *Furman v. Cirrito*, 782 F.2d 353, 355 (2d Cir. 1986). The *Furman* court noted in its opinion that it is practical to defer determining the prevailing party until after the appellate process has concluded in order to prevent vacating an award of costs and reassessment of costs "on both the circuit and Supreme Court levels, as well as . . . the district court." *Id*. It would be a burden on judicial resources to enter an order regarding the Bill of Costs prior to the ruling on appeal and would not prejudice ATS to defer on a ruling until the appellate process has concluded. Accordingly, in the interest of judicial economy and this Court's valuable time, the Court should defer ruling on the issue until the appellate process has concluded.

///

///

///

1

### 4. CONCLUSION

2

For all of the foregoing reasons, plaintiff, Jayme Tipton, respectfully requests that

3

the Court issue an order striking all of defendants' costs or.  In the alternative, plaintiff

4

asks the court to defer any ruling on defendant's application to tax costs pending the

5

outcome of the appeal.  Should the Court still be inclined to make a determination on the

6

application for costs and find in favor of the defendant, the Court should at the least,

7

eliminate the amount defendant is seeking by $8,670.89.

8

9

Dated:  May 21, 2020                                  SHEGERIAN & ASSOCIATES, INC.

10

11

                                                 By: _____

12

                                                       Carney R. Shegerian, Esq.

13

                                                       Attorneys for Plaintiff,
                                                       JAYME TIPTON

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION

# DECLARATION OF BRYAN KIRSH

I, Bryan Kirsh, declare as follows:

1.   I am an attorney at law, duly authorized to practice law before all of the courts of the State of California and this honorable Court. I am an associate for the attorneys of record for plaintiff, Jayme Tipton, in this case. I am familiar with the files, pleadings, and facts in this case and could and would competently testify to the following facts on the basis of my own personal knowledge.

2.   On May 19, 2020, Plaintiff sent a meet and confer letter pursuant to Local Rule 54-2.2 of the Central District of California in an effort to resolve disagreement about the taxable costs claimed. Attached as **Exhibit 1** is a true and correct copy of the letter.

3.   On May 21, 2010, the Parties held a telephonic meet and confer regarding the taxable costs claimed in the bill. The parties went through their positions on the legal contentions as well as the requested costs; and were able to come to a resolution on some of the itemized costs. ATS agreed to withdraw seeking the cost of $348.00 for a 3-day expedited transcript. (Dkt No. 68-1 [p. 22]), three charges of $351.50, $284.90, and $284.90 for "Realtime Feed / Streaming," (Dkt No. 68-1 [p. 15]), and two charges of $155.25 and $120.75 for "Deposition with Video Edit / Videoconference," (Dkt No. 68-1 [p. 15, 20]). In addition, Tipton agreed to withdraw her objection to ATS seeking three charges of $35.00, $35.00 and $35.00 for "Transcript on Media/Web," (Dkt No. 68-1 [p. 15. 20, 22]) based on our discussion of L.R. 54-3.5(a) "6. electronic transmission charges for non-expedited electronic delivery of a transcript." Attached as **Exhibit 2** is a true and correct copy of email correspondence between the parties confirming this agreement.

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed on this 21st day of May, 2020, at Santa Monica, California.

_____
Bryan Kirsh, Esq.

EXHIBIT 1

# SHEGERIAN & ASSOCIATES

May 19, 2020

**<u>SENT BY ELECTRONIC MAIL</u>**

Aaron R. Lubeley, Esq.
Simon L. Yang, Esq.
Meagan Sue O'Dell, Esq.
SEYFARTH SHAW LLP
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
alubeley@seyfarth.com
syang@seyfarth.com
modell@seyfarth.com

**Re:** *Jayme Tipton v. Airport Terminal Services, Inc., et al.*

Dear Counsel:

Please accept this letter as Plaintiff's attempt to meet and confer pursuant to Local Rule 54-2.2 of the Central District of California regarding Defendant Airport Terminal Services, Inc.'s Application to the Clerk to Tax Costs filed on May 7, 2020. Based on all the relevant evidence and applicable law below, we believe ATS is not entitled to costs and ask the Application be withdrawn, or at least until pending final resolution since the case is currently pending on appeal. *Rodriguez v. City of Colton* (9th Cir. 2016) 631 Fed.Appx. 474, 475; *Furman v. Cirrito* (2d Cir. 1986) 782 F.2d 353, 355.

If ATS refuses to do so, please let me know your availability to meet and confer telephonically on Wednesday, May 20, 2020 or Thursday, May 21, 2020, to discuss the specific itemized costs ATS is seeking to see if we can resolve some of the matters before the Court pending Tipton's Objection to the Application and Motion to Strike/Re-Tax Costs.

## <u>ATS is Not Entitled to Costs Under FEHA Because Tipton's Case Is Not Frivolous</u>

The California Supreme Court has held that the standard delineated by the United States Supreme Court in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), applies to discretionary awards of attorneys' fees and costs to prevailing FEHA parties under California Government Code section 12965(b). *Williams v. Chino Valley Indep. Fire*

Phone: (310) 860-0770 | Fax: (310) 860-0771 | www.shegerianlaw.com

145 S Spring Street, Suite 400    225 Santa Monica Boulevard, Suite 700    6205 Lusk Boulevard, Suite 200    650 California Street, Suite 4-137    90 Broad Street, Suite 804
Los Angeles California 90012    Santa Mónica, California 90401    San Diego, California 92121    San Francisco, California 94108    New York, NY 10004

Aaron R. Lubeley, Esq. | Simon L. Yang, Esq. | Meagan Sue O'Dell, Esq.
May 19, 2020
Page **2** of **4**

*Dist.*, 61 Cal. 4th 97, 99-100 (2015); Cal. Gov't Code § 12965(b) ("In civil actions brought under this section, the court, in its discretion, may award to the prevailing party ... reasonable attorney's fees and costs...."). Thus, a prevailing defendant in a FEHA case "should not be awarded fees and costs unless the court finds the action was objectively without foundation when brought, or the plaintiff continued to litigate after it clearly became so." *Williams*, 61 Cal. 4th at 115 (*citing Christiansburg Garment Co.*, 434 U.S. at 421-22). In other words, litigation costs are awarded to a prevailing FEHA defendant where the action brought is found to be unreasonable, frivolous, meritless or vexatious. *See Christiansburg Garment Co.*, 434 U.S. at 421. Furthermore, even when sitting in Federal Court, the Ninth Circuit has adopted the rule in *Williams* in determining whether a prevailing FEHA defendant is entitled to an award of costs. *See Rodriguez v. City of Colton*, 631 Fed.Appx. 474, 475 (9th Cir. 2016).

In opposing summary judgment, Plaintiff presented a significant amount of evidence, as well of supporting case law, to support her claims. There is no dispute whether or not Tipton had a disability. Rather, the question boiled down to whether or not she was a "qualified individual" - a question that is far from straightforward. Given the complexities of the legal issue, and the inconsistent findings amongst various courts on the issue, Plaintiff cannot be said to have pursued her claims without a basis in fact or law, such that Defendant would be entitled to costs. For this reason, we request the Application to Tax Costs be withdrawn. If ATS refuses to do so, we will ask the Court to defer on making a ruling pending final resolution since the case is currently pending on appeal. *Furman v. Cirrito* (2d Cir. 1986) 782 F.2d 353, 355)

## ATS Needs to Clarify That Its Costs Are Permissible, Reasonable, and Necessary

Taxing costs against a losing party involves two inquiries: (1) whether the cost imposed by the losing party is recoverable, and (2) if so, whether the amount assessed for that item was reasonable. See 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d). Here, ATS has filed an Application to the Clerk to Tax Cost, using a form application and offering no additional affidavit, declaration, or admissible evidence establishing the amount of compensable costs and expense, or that the requests cost/expenses are reasonable. Because neither the Court nor Plaintiff can infer from the documentation whether the costs were actually incurred or if the requested costs are reasonable. If the Court takes into consideration defendant's application to tax costs and proposed bill of costs, we believe it should reduce costs at least as follows:

***Clerk Fees***. Local Rule 54-3.1 permits the granting of fees "listed in the Judicial Conference Schedule of Fees District Court Miscellaneous Fee Schedule, issued in accordance with 28 U.S.C. § 1914, that are actually paid to the Clerk in connection with a

Aaron R. Lubeley, Esq. | Simon L. Yang, Esq. | Meagan Sue O'Dell, Esq.
May 19, 2020
Page **3** of **4**

case are taxable." However, "fees not included in the District Court Miscellaneous Fee Schedule are not taxable." (*Id.*) Here, Defendants seek $400.00 in "advance" filing fees for a notice of removal from the Los Angeles Superior Court, which is not a fee included in the District Court Miscellaneous Fee Schedule. As a result, defendant's costs should be reduced by $400.00.

   *Fee for Service of Process.* ATS's requested fees include advance fee charges $112.00, $121.00, and $121.00 (p. 7, p. 8, p. 8), and fuel charge fees of $7.10 and $8.82 (p. 5, p. 9). These are all "messenger fees," which are excluded under Local Rule 54-3.2. ATS is also seeking process service charges for $207.00 and $159.00 for the simple delivery of letters, which are not allowable process service charges under L.R. 54-3.2. (Dkt No. 68-1 [p. 5]).

   *Depositions.* *First,* ATS impermissibly requests two additional charges of **$332.50** and **$267.75** for a "Rough Draft/ Livenote Draft" in addition to charges for an original and a certified copy, (Dkt No. 68-1 [p. 15, 20]), which is not permitted under L.R. 54-3.5. ATS impermissibly seeks the non-recoverable cost of **$348.00** for a 3-day expedited transcript. (Dkt No. 68-1 [p. 22]). *Second*, ATS impermissibly requests three charges of $351.50, $284.90, and $284.90 for "Realtime Feed / Streaming," (Dkt No. 68-1 [p. 15]), which is not a cost permitted under L.R. 54-3.5. *Third*, ATS impermissibly requests two charges of **$155.25** and **$120.75** for "Deposition with Video Edit / Videoconference," (Dkt No. 68-1 [p. 15, 20]), and three charges of **$35.00**, **$35.00** and **$35.00** for "Transcript on Media/Web," (Dkt No. 68-1 [p. 15. 20, 22]), which are not permitted. *Fourth*, ATS impermissibly seek costs for a transcript rate charge of $5.50 (at 235 pages), a transcript rate charge is $5.50 (at 184 pages), and a transcript rate charge is $5.00 (at 87 pages), (Dkt No. 68-1 [p. 15, 20, 22]), all of which is higher than the current transcript rate set by the Judicial Counsel of $3.65. Because ATS fails to provide an explanation of why these higher rates were reasonably under the circumstances, the charge must be stricken. *Fifth*, ATS seeks the cost for a non-appearance of third-party witnesses, Alberto Encina, M.D. and Tarzana Treatment Centers.

   *Copy/Delivery Costs for Courtesy Copies to the Court.* ATS has not established that using Nationwide Legal to file courtesy copies was necessary for the litigation, rather than being "merely convenient or beneficial." Using a process server to file a motion is merely to serve the attorney's and their staff's convenience. These are precisely the expenditures the Legislature sought to exclude.

///

///

Aaron R. Lubeley, Esq. | Simon L. Yang, Esq. | Meagan Sue O'Dell, Esq.
May 19, 2020
Page **4** of **4**

-------------------------------------------------------------

     In summary, we ask that ATS withdraw its Application. If ATS refuses to do so, please let me know your availability to meet and confer telephonically on Wednesday, May 20, 2020 or Thursday, May 21, 2020, to discuss the specific itemized costs ATS is seeking to see if we can resolve some of the matters before the Court pending Tipton's Objection to the Application and Motion to Strike/Re-Tax Costs.

     Very truly yours,

**SHEGERIAN & ASSOCIATES**

     Bryan Kirsh, Esq.

# EXHIBIT 2

**Bryan Kirsh**

| | |
|---|---|
| **From:** | Bryan Kirsh |
| **Sent:** | Thursday, May 21, 2020 2:33 PM |
| **To:** | Yang, Simon; O'Dell, Meagan S.; Lubeley, Aaron |
| **Cc:** | Mahru Madjidi |
| **Subject:** | RE: Tipton v. Airport Terminal Services |

Hi Simon,

Thanks for meeting and conferring with me today telephonically. We went through our positions on the legal contentions as well as the requested costs, and were able to come to a resolution on some of the itemized costs.

ATS has agreed to withdraw seeking the cost of $348.00 for a 3-day expedited transcript. (Dkt No. 68-1 [p. 22]), three charges of $351.50, $284.90, and $284.90 for "Realtime Feed / Streaming," (Dkt No. 68-1 [p. 15]), and two charges of $155.25 and $120.75 for "Deposition with Video Edit / Videoconference," (Dkt No. 68-1 [p. 15, 20]).

In addition, Tipton has withdrawn her objection to ATS seeking three charges of $35.00, $35.00 and $35.00 for "Transcript on Media/Web," (Dkt No. 68-1 [p. 15. 20, 22]) based on our discussion of L.R. 54-3.5(a) "6. electronic transmission charges for non-expedited electronic delivery of a transcript."

Please let me know if this appears correct.

Best,
Bryan

---

**From:** Yang, Simon <syang@seyfarth.com>
**Sent:** Wednesday, May 20, 2020 8:49 PM
**To:** Bryan Kirsh <bkirsh@shegerianlaw.com>; O'Dell, Meagan S. <modell@seyfarth.com>; Lubeley, Aaron <ALubeley@seyfarth.com>
**Cc:** Mahru Madjidi <mmadjidi@shegerianlaw.com>
**Subject:** RE: Tipton v. Airport Terminal Services

I'll be available at (213) 270-9664; thanks.

**Simon L. Yang** | Partner | Seyfarth Shaw LLP
601 South Figueroa Street |  Suite 3300 | Los Angeles, California 90017-5793
Direct: +1-213-270-9664 | Fax: +1-310-282-6974
syang@seyfarth.com | www.seyfarth.com




---

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Bryan Kirsh <bkirsh@shegerianlaw.com>
**Sent:** Wednesday, May 20, 2020 4:33 PM
**To:** Yang, Simon <syang@seyfarth.com>; O'Dell, Meagan S. <modell@seyfarth.com>; Lubeley, Aaron
<ALubeley@seyfarth.com>
**Cc:** Mahru Madjidi <mmadjidi@shegerianlaw.com>
**Subject:** RE: Tipton v. Airport Terminal Services

**[EXT. Sender]**

Hi Simon,

Tomorrow at 2pm works perfect. I will call you then. What is the best number to reach you?

Best,
Bryan

**Bryan Kirsh** | Associate Attorney
225 Santa Monica Blvd, Suite 700 | Santa Monica, CA 90401
Office: (310) 860-0770 | Facsimile: (310) 860-0770
bkirsh@shegerianlaw.com | shegerianlaw.com [shegerianlaw.com]

**SHEGERIAN & ASSOCIATES**
▪ PROTECTING YOUR RIGHTS ▪

Please do not print this e-mail unless absolutely necessary. CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are privileged and confidential and are intended for the sole use of the addressee(s). If you have received this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon it is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the Shegerian Law client privilege as to this communication or otherwise. If you have received this communication in error, please immediately delete it and contact us at privacy@shegerianlaw.com or by telephone at (310) 860-0770. Thank you.

**From:** Yang, Simon <syang@seyfarth.com>
**Sent:** Wednesday, May 20, 2020 4:31 PM
**To:** Bryan Kirsh <bkirsh@shegerianlaw.com>; O'Dell, Meagan S. <modell@seyfarth.com>; Lubeley, Aaron
<ALubeley@seyfarth.com>
**Cc:** Mahru Madjidi <mmadjidi@shegerianlaw.com>
**Subject:** RE: Tipton v. Airport Terminal Services

Bryan, are you available tomorrow at 2 pm to discuss? If so, let's discuss then. If not, please propose another time
tomorrow that you would be available. Thank you.
Much appreciated,
Simon

**Simon L. Yang** | Partner | Seyfarth Shaw LLP
601 South Figueroa Street |  Suite 3300 | Los Angeles, California 90017-5793
Direct: +1-213-270-9664 | Fax: +1-310-282-6974
syang@seyfarth.com | www.seyfarth.com





The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Bryan Kirsh <bkirsh@shegerianlaw.com>
**Sent:** Tuesday, May 19, 2020 6:43 PM
**To:** Yang, Simon <syang@seyfarth.com>; O'Dell, Meagan S. <modell@seyfarth.com>; Lubeley, Aaron <ALubeley@seyfarth.com>
**Cc:** Mahru Madjidi <mmadjidi@shegerianlaw.com>
**Subject:** Tipton v. Airport Terminal Services


[EXT. Sender]

Counsel,

Please see the attached correspondence concerning Defendant Airport Terminal Services, Inc.'s Application to the Clerk to Tax Costs filed on May 7, 2020. Should you have any difficulties opening the attached, please let me know.

Best,
Bryan

**Bryan Kirsh** | Associate Attorney
225 Santa Monica Blvd, Suite 700 | Santa Monica, CA 90401
Office: (310) 860-0770 | Facsimile: (310) 860-0770
bkirsh@shegerianlaw.com | shegerianlaw.com [shegerianlaw.com]

**SHEGERIAN & ASSOCIATES**
· PROTECTING YOUR RIGHTS ·

Please do not print this e-mail unless absolutely necessary. CONFIDENTIALITY NOTICE: This communication and any accompanying document(s) are privileged and confidential and are intended for the sole use of the addressee(s). If you have received this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon it is strictly prohibited. Moreover, any such inadvertent disclosure shall not compromise or waive the Shegerian Law client privilege as to this communication or otherwise. If you have received this communication in error, please immediately delete it and contact us at privacy@shegerianlaw.com or by telephone at (310) 860-0770. Thank you.

1  | **TIPTON v. ATS, et al.**                    **USDC CASE NO.:  2:18-cv-09503-AB-JEM**

2  | ### PROOF OF SERVICE

3  | ### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4  |     I am an employee in the County of Los Angeles, State of California.  I am over the
age of 18 and not a party to the within action; my business address is 145 S Spring Street,
5  | Suite 400, Los Angeles, California 90012.

6  |     On May 21, 2020, I served the foregoing document, described as **"PLAINTIFF
JAYME TIPTON'S OBJECTIONS TO APPLICATION TO TAX COSTS AND
7  | PROPOSED BILL OF COSTS; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF BRYAN KIRSH"** on all interested parties in
8  | this action by placing a true copy thereof in a sealed envelope, addressed as follows:

9  | **Aaron R. Lubeley, Esq.**
**Simon L. Yang, Esq.**
10 | **Meagan Sue O'Dell, Esq.**
**SEYFARTH SHAW LLP**
11 | **601 South Figueroa Street, Suite 3300**
**Los Angeles. California 90017-5793**

12 |

13 | ☒    **BY CM/ECF NOTICE OF ELECTRONIC FILING**: I electronically filed the
document(s) with the Clerk of the Court by using the CM/ECF system. Participants
14 | in the case who are registered CM/ECF users will be served by the CM/ECF system.
Participants in the case who are not registered CM/ECF users will be served by mail
15 | or by other means permitted by the court rules.

16 | ☒    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of
this Court at whose direction the service was made..

17 |     Executed on May 21, 2020, at Los Angeles, California.

18 |

19 |                                            *Michael Ordonez*
                                            Michael Ordonez