1  SEYFARTH SHAW LLP
   Aaron R. Lubeley (SBN 199837)
2  alubeley@seyfarth.com
   Simon L. Yang (SBN 260286)
3  syang@seyfarth.com
   Meagan Sue O'Dell (SBN 280086)
4  modell@seyfarth.com
   601 South Figueroa Street, Suite 3300
5  Los Angeles, California 90017-5793
   Telephone:  (213) 270-9600
6  Facsimile:   (213) 270-9601

7  Attorneys for Defendant
   AIRPORT TERMINAL SERVICES, INC.
8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12 | JAYME TIPTON,                          | Case No. 2:18-cv-9503 AB (JEMx)
13 |         Plaintiff,                     | *Assigned to Hon. Andre Birotte Jr.*
14 |    v.                                  | **DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO APPLICATION TO TAX COSTS**
15 | AIRPORT TERMINAL SERVICES, INC., and DOES 1 through 100, inclusive,
16 |         Defendants.

DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO APPLICATION TO TAX COSTS

**SUMMARY OF RESPONSE**

Rule 54(d)(1)[1] creates a presumption that Defendant, Airport Terminal Services, Inc., should be awarded costs as the prevailing party. Defendant thus applied to tax costs in the amount of $13,480.02.

Plaintiff, Jayme Tipton, objects. Upon discussion with Plaintiff, Defendant has agreed to withdraw its application for $1,388.05 in costs—for deposition-related costs of (i) $351.50 (Dkt. 68-1, Page 15 of 42), (ii) $284.90 (Dkt. 68-1, Page 20 of 42), and $348.00 and $127.65 (Dkt. 68-1, Page 22 of 42), and (iii) $155.25 (Dkt. 68-1, Page 15 of 42) and $120.75 (Dkt. 68-1, Page 20 of 42).

Each of the remaining objections lacks merit:

*First*, Plaintiff says the Court should ignore Rule 54 and deny any award of costs at all absent a finding that her lawsuit was frivolous. Both the Ninth Circuit and courts in this district have rejected the argument on multiple occasions.

*Second*, she says the Court should deny an award of costs, based on its discretion to deny costs to avoid "severe injustice." The Ninth Circuit requires that discretionary denials "explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." Plaintiff fails to do so.

*Third*, she argues specific costs are not recoverable under the federal and local rules. As discussed below, apart from the $1,388.05 in costs Defendant has agreed to withdraw, Plaintiff is wrong.

*Fourth*, she asks the Court to postpone ruling on the application to tax costs. Plaintiff cites no basis for doing so. In any event, the pending appeal weighs in favor of fixing costs, so that any and all district court proceedings for review are completed.

Excluding $1,388.05 in costs that Defendant withdraws, Defendant should be awarded the remaining $12,091.97 as the prevailing party.

---

[1] Unless otherwise noted, "Rule" refers to the Federal Rules of Civil Procedure.

**ARGUMENT**

**I.  Rule 54 Allows Defendant to Seek Costs as the Prevailing Party.**

"Unless a federal statute, these [Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1); *see also* 28 U.S.C. § 1920. "Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party … ." *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

Plaintiff asserts the matter is before the Court under diversity grounds and ignores Rule 54. Instead, she argues that Defendant may not recover costs without establishing that Plaintiff's lawsuit was "unreasonable, frivolous, meritless or vexation." Obj. 4:1-3 (citing *Williams v. Chino Valley Indep. Fire Dist.*, 61 Cal. 4th 97 (2015)). The argument is a non-starter. "An award of standard costs in federal district court is normally governed by Federal Rule of Civil Procedure 54(d), even in diversity cases." *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

Indeed, as the Ninth Circuit and courts in this district have explained, "the California Supreme Court did not hold that California law overrides federal procedural law in federal diversity cases, and such an interpretation of *Williams* has since been rejected by courts in the Ninth Circuit." *Rodriguez v. New Hampshire Ball Bearings, Inc.*, 2019 WL 6711685, at *2 (C.D. Cal. Aug. 30, 2019) (citing *Duran v. Stock Bldg. Supply W., LLC*, 672 F. App'x 777, 779 (9th Cir. 2017)); *see also English v. Gen. Dynamics Mission Sys., Inc.*, 2020 WL 974876, at *2 (C.D. Cal. Jan. 2, 2020) ("[S]everal Ninth Circuit courts have since rejected the proposition that *Williams* applies in federal diversity cases.").[2]

Contrary to Plaintiff's argument, costs may be awarded to Defendant pursuant to Rule 54, regardless of whether her lawsuit was frivolous.

---

[2] Plaintiff lacks any contrary authority. She cites *Rodriguez v. City of Colton*, 631 F. App'x 474, 475 (9th Cir. 2016), in which the Ninth Circuit affirmed a district court's conclusion that claims were frivolous and awarded attorneys' fees. The case says nothing about Rule 54 costs.

## II. Plaintiff Fails to Establish Any Basis for a Discretionary Denial of a Cost Award.

Since Rule 54 controls, Plaintiff next says that the Court should exercise its discretion to deny to an award of costs. Obj. 7:9-23. Indeed, while a presumption exists in favor of awarding costs to the prevailing party under Rule 54, a district court may refuse to award costs within its discretion. *Champion Produce, Inc.*, 342 F.3d at 1022.

But the discretion of a district court is not unlimited. The Ninth Circuit has specifically approved the following as appropriate reasons for denying costs: (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing … high costs on future civil rights litigants, as well as (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance. *Champion Produce, Inc.*, 342 F.3d at 1022.

As the Ninth Circuit has explained:

> [A] district court must "specify reasons" for its refusal to award costs. On appeal, we determine whether the reasons that the district court has specified are appropriate and whether, considering those reasons, the court abused its discretion in denying costs.
>
> Federal Rule of Civil Procedure 54(d)(1) establishes that costs are to be awarded as a matter of course in the ordinary case. Our requirement that a district court give reasons for denying costs is, in essence, a requirement that the court explain why a case is not "ordinary" and why, in the circumstances, it would be inappropriate or inequitable to award costs.

*Champion Produce, Inc.*, 342 F.3d at 1022 (quoting *Ass'n of Mexican–American Educators v. California*, 231 F.3d 572, 592 (9th Cir. 2000)).

Here, Plaintiff merely asserts that "severe injustice" will result by an award of costs. Obj. 7:17-18. But she fails to provide any explanation. Unlike the plaintiff in her cited case, Defendant here is not seeking an award of nearly $50,000 in costs. *Stanley v. University of So. Cal.*, 178 F.3d 1069, 1080 (9th Cir. 1999) (considering costs of $46,710.97). Nor has Plaintiff submitted any evidence that she has not yet found employment or that the cost award would render her indigent. *Id.* (addressing actual

3

DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO APPLICATION TO TAX COSTS

evidence submitted for district court's consideration). Instead, Plaintiff seemingly suggests that any litigant filing claims anti-discrimination statutes should be exempted from facing Rule 54 cost awards. The contention is meritless.

In sum, Plaintiff fails to show "why [the] case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." *Champion Produce, Inc.*, 342 F.3d at 1022. There is no basis for a discretionary denial of a presumptive cost award under Rule 54.

## III. Defendant Seeks Costs Properly Recoverable Under Federal and Local Rules.

### A. The Requested Costs Are Supported by Declaration and Self-Explanatory Receipts Establishing the Reasonable Costs Actually Incurred.

As an initial matter, Plaintiff says that Defendant failed to support its application to tax costs with an "affidavit, declaration, or admissible evidence." Obj. 1:27-2:6. This is incorrect. Defendant submitted a declaration via the Form CV-59:

> **NOTE:** You must attach an itemization and documentation supporting all requested fees and costs. Documentation includes receipts, orders, and stipulations. All receipts must be self-explanatory.
>
> **DECLARATION**
>
> I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this application has been served on all parties by:
>
> [✓] The Court's CM/ECF System
> [ ] Conventional service by first class mail
> [ ] Other _____
>
> /s/ Simon L. Yang                    Simon L. Yang
> Signature                            Print Name

Dkt. 68. In compliance with the Form CV-59 and Local Rules, Defendant also attached itemized documentation and self-explanatory receipts supporting each of the costs to be taxed. Dkt. 68-1.

### B. Plaintiff Objects to Properly Recoverable Costs.

With respect to specific objections, Plaintiff disputes costs that are properly recoverable under the federal and local rules.

### 1. Clerk Fees

Local Rule 54-3.1 permits recovering fees "issued in accordance with 28 U.S.C. § 1914." L.R. 54-3.1.[3] Pursuant to 28 U.S.C. § 1914(a), "the clerk of each district court shall require the parties instituting any civil action," to pay a filing fee, which the Court's rules provide for under Form G-072:

> **Filing Fees:**
> a. Any civil action or proceeding *including civil cases filed under the Prison Litigation Reform Act (PLRA)*. [28 U.S.C. § 1914(a)] .................................................. $350.00
> Administrative Fee for Filing a Civil Action, Suit or Proceeding in a District Court ................. $50.00

Central District of California, Schedule of Fees, available at https://www.cacd.uscourts.gov/sites/default/files/forms/G-072/G-72.pdf; *see also* 28 U.S.C. § 1920 ("A judge or clerk of any court of the United States may tax as costs [] Fees of the clerk … .").

Although there can be no doubt that Defendant paid its mandatory filing fee, the docket confirms as much:

| Date Filed | # | Docket Text |
|---|---|---|
| 11/08/2018 | 1 | NOTICE OF REMOVAL from Los Angeles Superior Court, case number BC724260 Receipt No: 0973-22719605 - Fee: $400, filed by Defendants Edgar Trujillo, Airport Terminal Services, Inc. (Attachments: # 1 Exhibit A-D) (Attorney Aaron Robert Lubeley added to party Airport Terminal Services, Inc (pty:dft), Attorney Aaron Robert Lubeley added to party Edgar Trujillo(pty:dft)) (Lubeley, Aaron) (Entered: 11/08/2018) |

### 2. Service of Process

Plaintiff asserts Defendant seeks $112.00, $121.00, $121.00, $7.10, $8.82, $207.00, and $159.00 as "process service charges" and "messenger fees excluded under the Local Rules." Obj. 9:20-24. Pursuant to Local Rule 54-3.2, "reasonable fees for service of process" are taxable, "including reasonable fees for research, surveillance, wait time, and parking incurred in connection with service." L.R. 54-3.2.

---

[3] The Court's Local Rules limit miscellaneous fees to be awarded under 28 U.S.C. § 1914(b) to those listed in the District Court Miscellaneous Fee Schedule. Filing fees, however, are not "such other fees" under 28 U.S.C. § 1914(b) but a "filing fee" specifically authorized by 28 U.S.C. § 1914(a).

5

Although the Local Rules provide several examples of reasonable fees, it does not exclude the reasonable fees for service of process specifically itemized with Defendant's application to tax costs. In addition to itemized receipts, Defendant submitted a summary of all fees for service of process. Dkt. 68-1, Page 3 of 42. Thus, Plaintiff is mistaken when asserting that Defendant "seeks three charges for $52.20 for service of process fees, it then requests $233.00, $382.00, $233.00, $155.25, $127.50, $185.00, $313.00, $105.00, $328.00 $213.00, $210.50, and $361.62, without making any showing as to why these more expensive fees were reasonably and necessary." Obj. 9:27-10:2. Each of the $52.50 charges were listed as "Deposition Officer Fees," whereas the other fees were listed as "Service Fees," with receipts showing varying locations and numbers of pages for service.[4]

### 3. Depositions

As discussed above, Defendant has withdrawn its request for $1,388.05 in "Real Time Streaming," "Video Recording," and "Expedite" costs. Obj. 10:9-20.[5] But the objection to "Rough Draft Charges" and "Transcript Rates" is meritless.

Local Rule 54-3.5 addresses taxable deposition costs and permits the rough draft charges: "The reasonable cost of one additional copy of the transcript, in any form (including a rough draft), is taxable." L.R. 54-3.5. Moreover, Plaintiff objects to a transcript rate in excess of $3.65 per page, which is the 30-day transcript rate provided by the Judicial Conference. The higher rates, however, do not exceed the maximum rates of up to $6.05 per page listed by the Judicial Conference and are associated with the depositions scheduled to accommodate Plaintiff's requests to reschedule, despite Defendant's prevailing motion for summary judgment deadline, such that the transcript

---

[4] Plaintiff did not meet and confer about two "additional attempt" charges of $177.00 to serve subpoenas to medical providers. *See* Dkt. 69, Exhibit 1. In any event, Plaintiff does not dispute the necessity of initial attempts, and the additional attempt fees are certainly reasonable where an initial attempt did not accomplish service.

[5] The withdrawn costs are for (i) $351.50 (Dkt. 68-1, Page 15 of 42), (ii) $284.90 (Dkt. 68-1, Page 20 of 42), and $348.00 and $127.65 (Dkt. 68-1, Page 22 of 42), and (iii) $155.25 (Dkt. 68-1, Page 15 of 42) and $120.75 (Dkt. 68-1, Page 20 of 42).

rates were both reasonable and necessary. *See* https://www.uscourts.gov/services-forms/federal-court-reporting-program#rates.

### 4. Certification, Exemplification, Reproduction of Documents.

Plaintiff objects to $790.95 in costs, alleging that "[t]here is no indication of what, if any, costs are associated with the aforementioned." In addition to itemized receipts, however, Defendant submitted a summary of all fees for reproduction of documents to be served upon the Court as courtesy copies. Dkt. 68-1, Page 29 of 42. Pursuant to Local Rule 54-3.10, properly taxable costs include "[t]he cost of copies of documents necessarily filed and served, including the cost of copying and delivering Mandatory Chamber Copies required by the Court." L.R. 54-3.10.

## IV. There Is No Basis to Postpone a Determination of Costs.

Plaintiff finally asks the Court to postpone ruling on the application to tax costs. Obj. 11:10-25. She provides no legal authority for the request.[6] The ask—purportedly intended to avoid burdens on judicial resources—also lacks common sense.

What makes sense (and what avoids the potential for additional appeals) is to ensure all district court proceedings are resolved before an appellate determination. Indeed, the Ninth Circuit has held that an order fixing costs "should be considered an inseparable part of the pending appeal." *California Union Ins. Co. v. American Diversified Sav. Bank*, 948 F.2d 556, 567 (9th Cir. 1991) (considering ruling on application to tax costs during pendency of appeal; "We have held that an order fixing costs in the district court, while an appeal was pending, 'should be considered an inseparable part' of the pending appeal.").

In any event, fixing district court costs is relevant now. The Ninth Circuit has scheduled a Telephonic Assessment Conference for June 2, 2020. 9th Cir. Dkt. 6. Plaintiff has been instructed to provide Defendant a settlement demand. Any costs awarded to Defendant would be relevant to the discussions.

---

[6] Plaintiff merely confirms that any order awarding costs could not be enforced pending appeal. Opp. 11:15-17 (citing *Furman v. Cirrito*, 782 F.2d 353, 355 (2d Cir. 1986)).

**CONCLUSION**

As discussed above, Defendant respectfully requests that the Court grant its application to tax costs, subject to $1,388.05 in withdrawn costs, and award it $12,091.97 as the prevailing party.

DATED: May 26, 2020                     SEYFARTH SHAW LLP


By:     */s/ Simon L. Yang*
        Aaron R. Lubeley
        Simon L. Yang
        Meagan Sue O'Dell
Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.