Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Anthony Nguyen, Esq., State Bar No. 259154
ANguyen@Shegerianlaw.com
Mahru Madjidi, Esq., State Bar No. 297906
MMadjidi@Shegerianlaw.com
Bryan Kirsh, Esq., State Bar No. 318238
BKirsh@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
145 S Spring Street, Suite 400
Los Angeles, California 90012
Telephone Number:    (310) 860 0770
Facsimile Number:    (310) 860 0771

Attorneys for Plaintiff,
JAYME TIPTON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYME TIPTON,<br><br>      Plaintiff,<br><br>vs.<br><br>AIRPORT TERMINAL SERVICES, INC., and DOES 1 to 100, inclusive,<br><br>      Defendants. | Case No.: 2:18-cv-09503-AB-JEM<br><br>**The Honorable André Birotte**<br><br>**PLAINTIFF JAYME TIPTON'S SUPPLEMENTAL OBJECTION TO APPLICATION TO TAX COSTS AND PROPOSED BILL OF COSTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JAYME TIPTON**<br><br>Judgment Entered:   April 27, 2020<br>Application Filed:   May 7, 2020<br>Action Filed:   October 4. 2018 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Jayme Tipton ("Tipton" or "Plaintiff") hereby submits this Supplemental Objection to defendant, Airport Terminal Services, Inc.'s ("ATS" or "Defendant") Application to the Clerk to Tax Costs against Tipton in its entirety on the grounds that awarding costs to Defendant would be inequitable under Ninth Circuit law in light of Tipton's limited economic means and financial resources.

Defendant's own response to Tipton's Objections concedes that this Court may deny an award of costs based on Plaintiff's "limited financial resources," (Dkt. No. 70, at 3:1-22), and it is clear such an award would subject Tipton to *financial ruin*.

This objection is based upon this notice, the Memorandum of Points and Authorities, the Declaration of Jayme Tipton, the papers and pleadings on file herein, and such evidence as may be presented to the Court at the time of the hearing on the motion.

Dated:  May 29, 2020	SHEGERIAN & ASSOCIATES, INC.

By: _____
Carney R. Shegerian, Esq.

Attorneys for Plaintiff,
JAYME TIPTON

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Plaintiff Jayme Tipton ("Tipton" or "Plaintiff") hereby this Supplemental Objection to defendant, Airport Terminal Services, Inc.'s ("ATS" or "Defendant") Application to the Clerk to Tax Costs against Tipton in its entirety on the grounds that awarding costs to Defendant would be inequitable under Ninth Circuit law in light of Tipton's limited economic means and financial resources.

To the extent this Court finds that defendants are entitled to costs, **the Court must allow plaintiff the opportunity to provide information regarding her ability to pay, as an award of costs or fees should not subject plaintiff to financial ruin**. In assessing the reasons for denying costs, the Ninth Circuit identifies several factors including (1) the losing party's limited financial resources or the disparity between the parties; and (2) the chilling effect of imposing high costs upon civil rights litigants. *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003) (*citing Mexican-Am. Educators*, 231 F.3d 572); *Young v. Exxon Mobil Corp.*, 168 Cal.App.4th 1467 (2008); *Rosenman v. Christensen, Miller, et al.* (2001) 91 Cal.App.4th 859; *Villanueva v. City of Colton*, 160 Cal.App.4th 1188 (2008). The Ninth Circuit has recognized that "the imposition of . . . costs on losing civil rights plaintiffs of modest means may chill civil rights litigation." *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1080 (9th Cir. 1999). In civil rights cases in particular, a district court abuses its discretion if it does not consider these two factors, the plaintiff's limited financial resources and the chilling effect of imposing costs on future civil rights litigants. *Stanley*, 178 F.3d at 1079.

## 2. TIPTON'S LIMITED FINANCIAL RESOURCES WARRANTS DENIAL OF AWARDING COSTS TO ATS.

Here, Tipton is impecunious because Defendant wrongfully terminated her employment. Following her termination, Tipton remained under the supervision of her medical provider, as she no longer had a job to return to and focused on her health while she continued to apply to alternative positions. (Declaration of Jayme Tipton ("Tipton

Decl."), ¶ 2.) Tipton From October of 2018 to August of 2019, Tipton worked approximately 16 to 20 hours a week making around $16 per hour. *Id.* at ¶ 3. From October of 2019 through the present, Tipton has worked as a Cashier at Dollar Tree working less than 20 hours per week, earning around $14 per hour. *Id.* at ¶ 4. Since March of 2020, Tipton's hours have been reduced to around 9 hours per week due to the novel coronavirus. *Id.* Other than working at Dollar Tree, Tipton's only other income is unemployment benefits and food stamps. *Id.* at ¶ 5. Tipton, along with her husband who is currently on furlough, support their two children and live out of a rented apartment on section 8 housing. *Id.* Her children are six and eleven years old. *Id.* It is expensive for Tipton to support her two children, and she lives paycheck to paycheck. *Id.*

Tipton is clearly a person of modest means who is meant to be protected from the expense—she would be financially devastated if forced to pay costs requested by Defendant. It would be a severe financial burden on her and her family who cannot afford to pay that and will continue to cause her stress and anxiety. Tipton cannot possibly afford to pay thousands of dollars for costs without extreme hardship. Because "indigency is a factor that the district court may properly consider in deciding whether to award costs." *Stanley*, 178 F.3d at 1079 (*citing National Org. for Women v. Bank of Cal.*, 680 F.2d 1291, 1294 (9th Cir.1982)), the limited financial means of Tipton and her inability to pay the requested costs weigh in favor of denying Defendants' bill of costs.

### 3. AWARDING COSTS AGAINST TIPTON WOULD HAVE A CHILLING EFFECT ON FUTURE CIVIL RIGHTS LITIGANTS.

Awarding costs against Tipton, particularly in light of her limited economic means, would have a significant deterrent effect on future civil rights litigants. Indeed, ATS are likely seeking costs from Tipton precisely to deter future litigants against ATS. This purpose is contrary to Ninth Circuit law. "Without civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation since *Brown v. Board of Educ.*" *Stanley*, 178 F.3d at 1080; *Mexican-Am. Educators*, 231 F.3d at 593 ("[D]ivesting district courts of discretion to limit

or to refuse ... costs in important, close, but ultimately unsuccessful civil rights cases ... might have the regrettable effect of discouraging potential plaintiffs from bringing such cases at all."); *Mansourian v. Bd. of Regents of Univ. of Cal. at Davis*, 566 F. Supp. 2d 1168, 1171 (E.D. Cal. 2008) ("the imposition of the cost bill on plaintiffs would lead to a harsh result that could chill ... litigants from vindicating important civil rights"). Furthermore, the Ninth Circuit has noted that "even modest costs can discourage potential plaintiffs who ... earn low wages." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1249 (9th Cir. 2014).

**4. CONCLUSION.**

To the extent this Court finds that defendants are entitled to costs, Defendants' bill of costs should be denied in its entirety given an award of costs or fees would subject Tipton to financial ruin.

Dated: May 29, 2020        SHEGERIAN & ASSOCIATES, INC.

By: *Carney R. Shegerian*
Carney R. Shegerian, Esq.

Attorneys for Plaintiff,
JAYME TIPTON

**TIPTON v. ATS, et al.**                              **USDC CASE NO.:  2:18-cv-09503-AB-JEM**

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 145 S Spring Street, Suite 400, Los Angeles, California 90012.

On May 29, 2020, I served the foregoing document, described as **"PLAINTIFF JAYME TIPTON'S SUPPLEMENTAL OBJECTION TO APPLICATION TO TAX COSTS AND PROPOSED BILL OF COSTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JAYME TIPTON"** on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

**Aaron R. Lubeley, Esq.**
**Simon L. Yang, Esq.**
**Meagan Sue O'Dell, Esq.**
**SEYFARTH SHAW LLP**
**601 South Figueroa Street, Suite 3300**
**Los Angeles, California 90017-5793**

☒  **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒  **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 29, 2020, at Los Angeles, California.

*Michael Ordonez*
Michael Ordonez